IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re 24 HOUR FITNES WORLDWIDE, INC., *et al.*, | : : : | Chapter 11<br>Bankr. Case No. 20-11558-KBO<br>(Jointly Administered) |
| Debtors. | : : | |
| 24 HOUR FITNESS WORLDWIDE, INC., | : : | Adv. Proc. No. 20-51051-KBO |
| Plaintiff, | : : | |
| v. | : : : | |
| CONTINENTAL CASUALTY COMPANY; ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY; STARR SURPLUS LINES INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; BEAZLEY-LLOYD'S SYNDICATES 2623/623; ALLIED WORLD NATIONAL ASSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; AND GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, | : : : : : : : : : : : : : : : | Civ. No. 21-884-LPS |
| Defendants. | : : | |

## **MEMORANDUM ORDER**

Having reviewed the papers submitted in connection with Defendants' motion to withdraw the reference (D.I. 1, 5) ("Motion to Withdraw"), filed with respect to the above-captioned adversary proceeding ("Insurance Action"),[1] and the opposition thereto (D.I. 4) filed by debtor 24 Hour Fitness Worldwide, Inc. ("Plaintiff");

---

[1] The docket of the Insurance Action, *24 Hour Fitness Worldwide, Inc.*, Adv. No. 20-51051-KBO, is cited herein as "Adv. D.I. __." The docket of the chapter 11 cases, captioned *In re 24 Hour Fitness Worldwide, Inc. et al.*, No. 20-11558-KBO, is cited herein as "B.D.I. __." On March 16, 2021, the Bankruptcy Court entered *the Final Decree (I) Closing the Affiliate Cases and (II) Granting Related Relief* (B.D.I. 1782) closing all of the chapter 11 cases, with the exception of RS FIT NW LLC (Case No. 20-11568-KBO).

IT IS ORDERED that the Motion to Withdraw (D.I. 1) is DENIED WITHOUT PREJUDICE, for the reasons that follow:

1. ***Introduction.*** Plaintiff commenced the Insurance Action to obtain a declaration that the policies purchased from Defendants provide coverage for certain of Plaintiff's losses related to the global COVID-19 pandemic. Defendants seek an order withdrawing the reference of the Insurance Action on the basis that it meets the criteria for permissive withdrawal for "cause" under 28 U.S.C. § 157(d). Defendants argue that the reference should be withdrawn because the Insurance Action is a non-core insurance coverage dispute that is completely untethered to Plaintiff's confirmed and now-effective plan of reorganization. Plaintiff counters that Defendants have failed demonstrate "cause" exists to withdraw the reference. The mere fact that a complaint asserts non-core claims is not sufficient reason to withdraw the reference. A right to a jury trial coupled with a jury demand does not require withdrawal of the reference until the case is ready to proceed to trial. Moreover, Plaintiff does not agree that Defendants are entitled to a jury trial on Plaintiff's single claim for declaratory judgment based on contract interpretation.

2. ***Background.*** The above-named Defendants issued insurance policies to Plaintiff, which provided coverage for the period from June 30, 2019 through June 30, 2020 ("2019 Policies"), subject to certain terms, conditions, limitations, and exclusions. Additionally, Defendant Allied World National Assurance Company ("Allied") issued a separate policy providing pollution coverage for the period from September 3, 2017 to September 3, 2020 ("2017 Policy," and together with the 2019 Policies, the "Policies"), also subject to certain terms, conditions, limitations, and exclusions.

On March 16, 2020, Plaintiff and its affiliates closed all of their fitness club locations following the issuance of "stay at home" and similar orders issued by various governmental

authorities to combat the spread of COVID-19. (*See* Adv. D.I. 1 ("Complaint") at ¶ 40) On March 23, 2020, Plaintiff tendered claims to Defendants under the Policies, seeking payment for losses following the closing of Plaintiff's fitness clubs. Thereafter, certain Defendants determined that the Policies did not provide coverage and issued denials of Plaintiff's claims for coverage, while other Defendants issued reservations of rights concerning coverage.

On June 15, 2020, Plaintiff and its affiliates (collectively, "Reorganized Debtors") each commenced the above-captioned chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On December 22, 2020, the Bankruptcy Court confirmed the Reorganized Debtors' First Amended Joint Chapter 11 Plan of Reorganization of 24 Hour Fitness Worldwide, Inc. and its Affiliated Debtors. (B.D.I. 1478) ("Plan") The Plan encompasses a restructuring of the Reorganized Debtors, with creditors receiving either cash recoveries or equity in the Reorganized Debtors as of the Plan's effective date. Plaintiff's causes of action, including the Insurance Action, were retained by the Reorganized Debtors.

On December 21, 2020, Plaintiff filed the Complaint commencing the Insurance Action. The Complaint contains a single count seeking a declaratory judgment with respect to Plaintiff and Defendants' respective rights and obligations under the Policies, which Plaintiff alleges are governed by California law. Plaintiff argues that each of the Policies contains a provision stating that each of the Defendants, respectively, must adhere to the insured's (Plaintiff's) choice of venue and "shall not transfer, change venue, or remove, or seek to transfer, change venue, or remove any lawsuit filed by the Insured in any such court." (Complaint at ¶ 16 (citing Master Policy at ¶ 33)) Defendants have asserted affirmative defenses and have not consented to the Bankruptcy Court's entry of final orders in the Insurance Action. Defendants have also demanded a jury trial.

3

The Plan's effective date occurred on December 29, 2020. On March 16, 2021, the Bankruptcy Court entered a final decree (B.D.I. 1782) closing all of the Reorganized Debtors' chapter 11 cases, with the exception of Debtor RS FIT NW LLC. In the final decree, the Bankruptcy Court specifically retained jurisdiction over the Insurance Action and stated that "such adversary proceeding is unaffected by entry of this Final Decree."

On February 18, 2021, Defendants filed their Motion for Determination that Proceeding is Non-Core (Adv. D.I. 57), requesting a determination from the Bankruptcy Court that the Insurance Action is not a "core" proceeding within the meaning of 28 U.S.C. § 157(b). Plaintiff filed a response, acknowledging: "Upon reflection, the Debtors believe that the [Insurance] Action may constitute a non-core proceeding. Accordingly, subject to the Court's concurrence with Defendants that this [Insurance] Action is non-core, the Debtors do not object to treatment of the [Insurance] Action as a 'non-core' matter." (Adv. D.I. 63 at 2) On March 19, 2021, the Bankruptcy Court entered an Order (Adv. D.I. 68) determining that the Insurance Action constitutes a non-core proceeding.

In accordance with a prior scheduling order entered in the Insurance Action (Adv. D.I. 66), the parties had until April 29, 2022 to file a motion to withdraw the reference. Defendants filed the Motion to Withdraw on June 21, 2021. In the meantime, on May 13, 2021, Defendant Allied filed its Motion for Judgment on the Pleadings in the Bankruptcy Court (Adv. D.I. 75), and, following a hearing held on September 7, 2021 (Adv. D.I. 108) ("9/7/21 Hearing"), the Bankruptcy Court issued an order (Adv. D.I. 106) denying the Motion for Judgment on the Pleadings for the reasons stated on the record (*see* 9/7/21 Hearing at 35-41).

The docket of the Insurance Action reflects that the parties are currently engaged in extensive fact discovery. (Adv. D.I. 77-79, 94-103, 109, 113-14) On October 12, 2021, the Bankruptcy Court approved an amended scheduling order (Adv. D.I. 111), pursuant to which

4

fact discovery ends on March 25, 2022, expert discovery ends on June 30, 2022, and dispositive motions must be filed no later than 30 days following the close of expert discovery (currently July 14, 2022).

3. *Applicable standards.* Pursuant to 28 U.S.C. § 157(a), this Court refers all cases arising under title 11 of the United States Code to the Bankruptcy Court. *See Am. Standing Order of Reference* (dated February 29, 2012). The Court may withdraw the reference of a particular case or proceeding "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "For permissive withdrawal, '[t]he 'cause shown' requirement in section 157(d) creates a presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy.'" *JLL Consultants, Inc. v. Goldman Kurland & Mohidin, LLP (In re AgFeed USA, LLC)*, 565 B.R. 556, 561-62 (D. Del. 2016) (quoting *Hatzel & Buehler, Inc. v. Cent. Hudson Gas & Elec. Corp.*, 106 B.R. 367, 371 (D. Del. 1989)). "To overcome that presumption, the moving party has the burden to prove that cause exists to withdraw the reference." *Id.* at 562 (citing *In re NDEP Corp.*, 203 B.R. 905, 907 (D. Del. 1996)). As noted by the Third Circuit, "'cause' to withdraw the reference "will be present in only a narrow set of circumstances.'" *Superior Contracting Group, Inc. v. Rachmale (In re LTC Holdings, Inc.)*, 2019 WL 4643801, at *4 (D. Del. Sept. 24, 2019) (citing *In re Pruitt*, 910 F.2d 1160, 1171 (3d Cir. 1990)).

4. *Analysis.* Defendants argue that withdrawing the reference now best serves judicial economy. The adversary proceeding involves only one claim, which the Bankruptcy Court has determined to be a non-core claim on which it cannot enter a final order, and a jury trial has been requested. Defendants argue that the Insurance Action was filed just prior to Plan confirmation, and even if the Reorganized Debtor succeeds on the merits of the Insurance

5

Action, any recoveries will flow only to the Reorganized Debtors – not to creditors or the bankruptcy estate – so there is no reason for the Bankruptcy Court to continue oversight.

Defendants devote much of their argument to the fact that Plaintiff's claim is non-core. Defendants cite a New York case, *Roman Catholic Diocese of Rockville Ctr. v. Arrowood Indem. Co.*, 2021 U.S. Dist. LEXIS 94233 (Bankr. S.D.N.Y. May 17, 2021), involving similar circumstances. In that case, the Roman Catholic Diocese of Rockville filed for bankruptcy to deal with the "financial repercussions" of sexual abuse claims. 2021 U.S. Dist. LEXIS 94233, at *4. On the same day the Diocese filed for bankruptcy relief, it also filed an adversary proceeding against its insurers, seeking a declaratory judgment outlining the parties' rights under certain insurance policies, as well as asserting a breach of contract claim for the insurers' failure to defend or indemnify the Diocese on such claims. *See id.* The *Rockville* Court applied the so-called "Orion factors" – which largely mirror the *Pruitt* factors applied in this Circuit – to determine whether the reference to the bankruptcy court should be withdrawn. Concluding that it should, the court stated: "The claims at issue in this matter are non-core. The Diocese's case against [the insurers] concerns who bears financial responsibility for certain tort claims; it does not concern the validity of the underlying claims." *Id.* at *11. The *Rockville* court found compelling the fact that resolution of the matter required contract interpretation of pre-petition insurance policies that existed independent of the bankruptcy. *See id.* at *11-12.

The *Rockville* decision, while instructive, essentially assumes that once it is determined that a proceeding is non-core, withdrawal of the reference is almost always appropriate, because the bankruptcy court cannot enter final orders on non-core matters or conduct a jury trial. *See id.* at *21 ("Because the Bankruptcy Court lacks final adjudicative authority over these claims, were the Court to deny [the withdrawal] motion, the Bankruptcy Court would be limited to submitting proposing findings of fact and conclusions of law for de novo review by a district court. In such

6

circumstances, it is generally inefficient to allow the proceedings to go forward, knowing that they will have to be substantially repeated.") (internal quotations omitted). That view, while entirely reasonable, differs from this Court's general practice of withdrawing the reference at such time as the matter is ready for trial, so that the Bankruptcy Court, which is already familiar with the parties and issues, may oversee discovery and pre-trial matters, and narrow the issues for trial. This practice has promoted judicial economy in this Court and the undersigned Judge sees no reason to depart from it under the circumstances presented by the instant case.

The fact that Plaintiff's claim is non-core is not dispositive and does not alter the Court's conclusion. The "mere fact" that a complaint "asserts non-core claims does not mandate withdrawal." *AgFeed USA*, 565 B.R. at 564 ("Proceedings should not be withdrawn for the sole reason that they are non-core.") (internal quotation marks omitted).

> In non-core proceedings, the bankruptcy court is given the power to submit proposed findings of fact and conclusions of law to the district court. Indeed, permitting the Bankruptcy Court to oversee pretrial matters . . . , and withdrawing it only when it is ripe for a jury trial, promotes judicial economy and a timely resolution of [a] case.

*LTC Holdings*, 2019 WL 4643801, at *5 (internal quotation marks omitted).

Similarly, although a right to a jury trial is one of the factors a court considers in weighing whether to withdraw the reference, it is not "itself sufficient cause for discretionary withdrawal." *LTC Holdings*, 2019 WL 4643801, at *6 (internal quotation marks omitted). Even assuming Defendants have a right to a jury trial,[2] this, too, would not be dispositive. As this and

---

[2] Plaintiff disputes that Defendants even have a right to a jury trial, contending the case turns on contractual interpretation. (*See* D.I. 4 at 5); *see also In re Ramex Intern., Inc.*, 91 B.R. 313, 316 (E.D. Pa. 1988) (denying motion to withdraw reference where adversary proceeding for declaratory judgment seeking determination of coverage would not require jury trial, as "[i]t is well established that 'the interpretation of an insurance policy when the facts are not in dispute is a question of law for the court'") (quoting *Contrans, Inc. v. Ryder Trust Rental, Inc.*, 836 F.2d 163, 166 (3d Cir. 1987)).

other courts have stated: "'Even when a district court must ultimately preside over a trial by jury, there is no reason why the Bankruptcy Court may not preside over an adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial.'" *LTC Holdings,* 2019 WL 4643801, at *6 (quoting *General Elec. Capital Corp. v. Teo,* 2001 WL 1715777, at *4 (D.N.J. Dec. 14, 2001)). In analyzing a motion to withdraw the reference based on a jury demand, "courts consider (1) whether the case is likely to reach trial; (2) whether protracted discovery with court oversight will be required; and (3) whether the bankruptcy court is familiar with the issues presented." *LTC Holdings*, 2019 WL 4643801, at *6 (internal quotation marks omitted). Where, as here, a case involves "unresolved pre-trial matters, including discovery, one can only speculate when it will proceed to trial, if at all." *Id.* (internal quotation marks omitted). Fact discovery is ongoing, expert discovery has not yet commenced, and the parties are not due to file dispositive motions until July 14, 2022. It is unclear whether – and, if so, when – this case will be ready to proceed to trial.

Application of the *Pruitt* factors further supports the Court's conclusion. In *In re Pruitt*, the Third Circuit set out five factors to be considered when analyzing a motion to withdraw the reference for cause: "(1) uniformity in bankruptcy administration, (2) reducing forum shopping and confusion, (3) fostering the economical use of the debtors' and creditors' resources, (4) expediting the bankruptcy process, and (5) the timing of the request for withdrawal." *AgFeed USA*, 565 B.R. at 563 (citing *In re Pruitt*, 910 F.2d at 1171).

In analyzing the first *Pruitt* factor, the fact that the Bankruptcy Court can only issue proposed findings of fact and conclusions of law as to non-core matters "does not . . . undermine[] judicial uniformity." *In re Liberty State Benefits of Delaware, Inc.*, 2015 WL 1137591, at *3 (D. Del. March 12, 2015). As to the second factor – reducing forum shopping and confusion – Plaintiff relies on the policy provision requiring Defendants to adhere to

Plaintiff's choice of venue. (*See* D.I. 4 at 7) Based on the current record, the Court is not persuaded that this factor weighs strongly for or against withdrawal, as Plaintiff has conceded the sole claim is a non-core claim on which the Bankruptcy Court cannot enter a final order and withdrawal may be appropriate in the future. The third and fourth factors – fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process – are mostly neutral with respect to withdrawing the reference at the present time, as the Plan has already gone effective, but weigh slightly in favor of denial, as "permitting the Bankruptcy Court to oversee pretrial matters . . . , and withdrawing it only when it is ripe for a jury trial, promotes judicial economy and a timely resolution of [a] case." *LTC Holdings*, 2019 WL 4643801, at *5 (internal quotation marks omitted). For the same reasons, the fifth *Pruitt* factor (timing of the request for withdrawal) favors Plaintiff. Defendants filed the Motion to Withdraw at a time when it was (and now remains) speculative as to whether they have a right to a jury trial and whether (and when) this case will go to trial. "[T]here is no reason why the Bankruptcy Court may not preside over [this case] and adjudicate discovery disputes and motions only until such time as the case is ready for trial." *LTC Holdings*, 2019 WL 4643801, at *6 (internal quotation marks omitted).

5. ***Conclusion.*** For the reasons explained above, the Court will deny the Motion to Withdraw without prejudice.

January 4, 2022
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE