**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 |
| 24 HOUR FITNESS WORLDWIDE, INC., *et al.*, ) | |
| ) | Case No.: 20-11558 (KBO) |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |
| 24 HOUR FITNESS WORLDWIDE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CONTINENTAL CASUALTY COMPANY; ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY; STARR SURPLUS LINES INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; BEAZLEY-LLOYD'S SYNDICATES 2623/623; ALLIED WORLD NATIONAL ASSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, ) | Adv. Proc. No. 20-51051 (KBO) |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FOURTH *AMENDED* NOTICE OF 30(b)(6) DEPOSITION
TO CONTINENTAL CASUALTY COMPANY**

Pursuant to the Court's Amended Scheduling Order (Dkt. 111), Federal Rule of Civil Procedure 30, made applicable to the above-entitled adversary proceeding by Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure, and Rule 7030-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Plaintiff 24 Hour Fitness Worldwide, Inc. ("Plaintiff"), by and through its attorneys of record, shall take the oral and videotape deposition of Defendant Continental Casualty Company ("Continental") by the person(s) most qualified to testify with respect to the topics described in **Exhibit A** hereto.

The deposition will commence at 9:00 a.m. pacific time on April 14, 2022, or at such other date and time as the parties may agree, and continue from day to day until the deposition is completed.

The deposition will proceed via web-based video conferencing software, and will be recorded by stenographic means. The deposition is to be taken for the purposes of discovery, examination, cross-examination, perpetuation of testimony, and any and all purposes allowed by law. Plaintiff will provide all parties with details regarding how to access the web-based video conferencing software no later than three calendar days before the deposition is set to begin.

Dated:  March 28, 2022

**REED SMITH LLP**

By: __/s/ *Mark W. Eckard*__
Mark W. Eckard (No. 4542)
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 778-7500
Facsimile:  (302) 778-7575
Email:  meckard@reedsmith.com

David E. Weiss (admitted *pro hac vice*)
T. Connor O'Carroll (admitted *pro hac vice*)
101 Second Street, Suite 1800
San Francisco, CA  94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
Email:  dweiss@reedsmith.com
         cocarroll@reedsmith.com
**COUNSEL FOR PLAINTIFF 24 HOUR FITNESS WORLDWIDE, INC.**

### CERTIFICATE OF SERVICE

I certify that I served this document to Defendants' counsel of record on March 28, 2022.

__/s/ *Mark W. Eckard*__
Mark W. Eckard

2

## **EXHIBIT A**

### DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to the terms used in this notice:

1. "Continental," "Defendant," "You," or "Your" means Defendant Continental Casualty Company and your present and former corporate affiliates, divisions, parent companies, subsidiaries, predecessors in interest, successors, assignees, officers, employees, agents, directors, representatives, and counsel.

2. "Policy" means the property insurance policy issued by You to Plaintiff bearing Policy No. 6013789648.

3. "Complaint" refers to the complaint that Plaintiff filed in the above-captioned case on December 21, 2020 (Dkt. 1).

4. "Claim" refers to Plaintiff's claim for insurance coverage under Your Policy arising from COVID-19, as referenced in the allegations in Plaintiff's Complaint.

5. "Communications" means the transmittal or receipt of information, including, but not limited to, telephone conversations, meetings, conferences, text messages, instant messages, Microsoft Lync/Skype for Business messages, Slack communications, meeting invites, written correspondence or other mailings, facsimiles, emails, or other data transmissions of any type or nature, whether oral, electronic, or written.

### TOPICS OF EXAMINATION

The topics upon which the person or persons designated by You are asked to be prepared to testify are:

1. Your handling and investigation of the Claim and Your determination of coverage for the Claim, including the individuals involved and the role and responsibility of each, and the factual bases for Your determination that coverage was not triggered.

2. The basis for Your assertions that:

   i. "COVID-19 does not physically alter or change surfaces or any other property at issue in this action or result in permanent loss or dispossession of Plaintiff's property." (Interrogatory No. 8);

   ii. That certain government orders do "not prohibit access to real or personal property and [were] not issued in connection with or following a peril insured against within five (5) statute miles of an insured premises." (Interrogatory Nos. 9 and 10); and

   iii. "That the insuring provision of Endorsement 2 [Interruption by Communicable Disease Endorsement] has not been met or satisfied [by Plaintiff] in that any expenses incurred were not directly or indirectly caused by or resulting from access being prohibited to a described location or any portion thereof." (Interrogatory No. 16)

3. Your practices and procedures for handling and investigating Plaintiff's Claim, including any computer or other systems utilized, and any written procedures, including manuals, instructions, guidelines, or similar documents provided to or used in handling and investigating this Claim.

4. Any training conducted by You or Your claims handlers, claims adjusters, and other claims representatives regarding the procedures for handling and investigating Plaintiff's Claim, including any on the job training, and including any written materials provided to or used by You in connection with such training.

5. Your practices, processes, procedures, training, and protocols for how You investigated or otherwise determined whether coverage exists for Plaintiff's business interruption losses under the Interruption by Communicable Disease Endorsement in Your Policy.

6. Any determinations or assessments regarding coverage or potential coverage for Plaintiff's Claim, whether written or oral, including those assessments made in CNA-00001404 through CNA-00001405.

7. Your interpretation and understanding of what constitutes an "interest" of the Insured in "real and personal property" as stated in Section 7.A. of Your Policy.

8. Your interpretation and understanding of what constitutes a "risk of direct physical loss or damage to property" as stated in Section 9.A. of Your Policy.

9. Your interpretation and understanding of what constitutes the "actual presence of and spread of communicable diseases" at any of Plaintiff's covered locations, as set forth in the Interruption by Communicable Disease Endorsement in Your Policy.

10. Your processes, procedures, training, and protocols for how You investigated or otherwise determined the "actual presence of and spread of communicable diseases" at any of Plaintiff's covered locations as set forth in the Interruption by Communicable Disease Endorsement in Your Policy.

11. Your interpretation and understanding of what constitutes an interruption of Plaintiff's business "caused by loss, damage, or destruction" covered under Your Policy, as set forth in Section B.1 of Your Policy.

12. Your interpretation and understanding of what constitutes "loss, damage, or destruction" to an "interest" in Plaintiff's real or personal property as covered under Your Policy.

13. Your interpretation and understanding of what constitutes "access to [Plaintiff's] real or personal property [being] prohibited by order or action of civil or military authority issued in connection with or following a peril insured against" pursuant to the Interruption by Civil or Military Authority provision in Your Policy.

14. Your interpretation and understanding of what constitutes an interruption of Plaintiff's business "in connection with, or following a peril insured against, access to or egress

5

from [Plaintiff's] real or personal property is prevented" pursuant to the Ingress/Egress provision in Your Policy.

15. Your interpretation and understanding of what constitutes a "risk of direct physical loss or damage to [Plaintiff's] property" pursuant to the Perils Insured Against provision of Your Policy.

16. Your interpretation and understanding of what constitutes expenses incurred by Plaintiff "for the purpose of reducing any loss under" Your Policy, as set forth in the Expenses to Reduce Loss provision.

17. Your interpretation and understanding of what constitutes expenses incurred by Plaintiff covered under the Sue and Labor provision in Your Policy.

18. Any investigation, assessment, or evaluation that You performed for this Claim to determine whether COVID-19 constitutes a "risk of direct physical loss or damage to property."

19. Any investigation, assessment, or evaluation that You performed for this Claim to determine whether COVID-19 renders indoor business locations unsafe for their intended use.

20. The drafting of the Policy, including all endorsements.

21. Your underwriting, placement, and assessment of the risks associated with the Policy and any predecessor thereof, including the individuals involved and the role and responsibility of each.

22. Your communications with Lockton Insurance Brokers, Inc. regarding the Claim and the underwriting, placement, and assessment of the Policy and any predecessor thereof.

23. Your document retention policies and procedures for how materials relating to the Claim were preserved.