**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>24 HOUR FITNESS WORLDWIDE, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No.: 20-11558 (KBO)<br><br>(Jointly Administered) |
| 24 HOUR FITNESS WORLDWIDE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY; ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY; STARR SURPLUS LINES INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; BEAZLEY-LLOYD'S SYNDICATES 2623/623; ALLIED WORLD NATIONAL ASSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA,<br><br>Defendants. | Adv. Proc. No. 20-51051 (KBO) |

**ALLIED WORLD NATIONAL ASSURANCE COMPANY'S AMENDED
NOTICE OF 30(b)(6) DEPOSITION TO 24 HOUR FITNESS WORLDWIDE, INC.**

Pursuant to the Court's Amended Stipulated Scheduling Order (Dkt. 111), the Court's Second Amended Stipulated Scheduling Order (Dkt. 129), Federal Rule of Civil Procedure 30, made applicable to the above-entitled adversary proceeding by Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure, and Rule 7030-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Defendant Allied World National Assurance Company ("Allied World"), by and though its attorneys of record, shall take the oral and videotape deposition of Plaintiff 24 Hour Fitness Worldwide, Inc. ("Plaintiff"), by

1

one or more officers, directors, managing agents or other persons who consent to testify on its behalf with respect to the topics described in **Exhibit A** hereto.

The deposition will commence at 10:00 a.m. (Eastern Time) on April 28, 2022, or at such other date and time as the parties may agree, and continue from day to day until the deposition is completed.

The deposition will proceed via web-based video conferencing software, and will be recorded by stenographic means. The deposition is to be taken for the purposes of discovery, examination, cross-examination, perpetuation of testimony, and any and all purposes allowed by law. Allied World will provide all parties with details regarding how to access the web-based video conferencing software no later than three calendar days before the deposition is set to begin.

Dated: April 6, 2022

**GELLERT SCALI BUSENKELL & BROWN, LLC**

/s/ *Michael Busenkell*
Michael Busenkell (DE 3933)
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801
Tel: (302) 425-5812
Fax: (302) 425-5814
Email: mbusenkell@gsbblaw.com

**OTTERBOURG P.C**.
Richard G. Haddad (*admitted pro hac vice*)
Andrew S. Halpern
230 Park Avenue
New York, New York 10169
Tel: (212) 661-9100
Fax: (212) 682-6104
E-mail: rhaddad@otterbourg.com

*Attorneys for Defendant Allied World National Assurance Company*

## EXHIBIT A

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to the terms used in this notice:

1. "24 Hour Fitness," "Plaintiff," "You," or "Your" means Plaintiff 24 Hour Fitness Worldwide, Inc. and your present and former corporate affiliates, divisions, parent companies, subsidiaries, predecessors in interest, successors, assignees, officers, employees, agents, directors, representatives, and counsel.

2. "Pollution Policy" means Scheduled Location Pollution Liability Policy Number 0309-1873 issued by Allied World National Assurance Company for the period of September 9, 2017 to September 9, 2020 to 24 Hours Holding I Corp.

3. "Complaint" refers to the complaint that Plaintiff filed in the above-captioned case on December 21, 2020 (Dkt. 1).

4. "COVID-19" means the coronavirus, or the disease it causes, COVID-19.

5. "Scheduled Location" means each location specifically listed in Endorsements 47 and 49 in the Pollution Policy.

6. "Stay at Home Orders" means any act, order, directive, policy, law, or initiative enacted, announced or implemented by a local, state or tribal governmental entity or official in response to COVID-19 in which residents were directed to remain in their homes, subject to certain specified exceptions.

## THE RELEVANT PERIOD

Unless otherwise indicated, the topics below seek information for the time period from January 1, 2020 to September 3, 2020 (the "Relevant Period").

## TOPICS OF EXAMINATION

The topics upon which the person or persons designated by You are asked to be prepared to testify are:

1. Each Scheduled Location which was closed at any time during the Relevant Period due solely to the presence of COVID-19 on, at or under that Scheduled Location.

2. Each Scheduled Location which was closed at any time during the Relevant Period due in whole or in part to any of the Stay at Home Orders.

3. For each Scheduled Location which was closed for any portion of the Relevant Period, the dates the Scheduled Location(s) was closed.

4. Each Scheduled Location at which the presence of COVID-19 was actually detected on, at or under such Scheduled Location at any time during the Relevant Period.

5. For each Scheduled Location at which the presence of COVID-19 was actually detected on, at or under such Scheduled Location at any time during the Relevant Period, the dates the COVID-19 virus was present on, at or under that Scheduled Location, the specific area of the Scheduled Location where COVID-19 was actually detected, the identity of the person(s) who detected the presence of COVID-19, and the procedures utilized to detect the presence of COVID-19, together with any and all records relating to all of the foregoing.

6. For each Scheduled Location at which the presence of COVID-19 was actually detected on, at or under such Scheduled Location at any time during the Relevant Period, the procedures, if any, You implemented to attempt to eradicate the presence of COVID-19.

7. For each Scheduled Location at which the presence of COVID-19 was actually detected on, at or under such Scheduled Location at any time during the Relevant Period, the date(s) of the procedures, if any, You implemented to attempt to eradicate the presence of COVID-19 on, at or under that Scheduled Location.