# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 |
| 24 HOUR FITNESS WORLDWIDE, INC., *et al.*, ) | |
| ) | Case No.: 20-11558 (KBO) |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |
| 24 HOUR FITNESS WORLDWIDE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CONTINENTAL CASUALTY COMPANY; ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY; STARR SURPLUS LINES INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; BEAZLEY-LLOYD'S SYNDICATES 2623/623; ALLIED WORLD NATIONAL ASSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, ) | Adv. Proc. No. 20-51051 (KBO) |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT ALLIED WORLD NATIONAL ASSURANCE COMPANY'S AMENDED NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)**

Plaintiff 24 Hour Fitness Worldwide, Inc. ("24 Hour Fitness") submits the following objections to Defendant Allied World National Assurance Company's ("Allied") April 6, 2022 Notice of Deposition Pursuant Rule 30(b)(6):

## GENERAL OBJECTIONS

1.  24 Hour Fitness objects to all deposition topics to the extent that they seek to impose an obligation to respond that is different from or greater than what is required by the Federal Rules

of Civil Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, or any Order of Court applicable to discovery.

2.    24 Hour Fitness objects to the deposition topics to the extent they call for discovery on subject matter that is privileged or otherwise immune from discovery under the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  24 Hour Fitness does not intend to provide such protected information and any inadvertent disclosure of such information is not to be deemed a waiver of the privilege or work product doctrine.  24 Hour Fitness expressly reserves all rights to object to any use of privileged or work product information that may be inadvertently disclosed.

3.    24 Hour Fitness objects to the deposition topics to the extent that they are vague and ambiguous, overly broad, unduly burdensome, or fail to describe the information sought with the required reasonable particularity.

4.    24 Hour Fitness objects to the deposition topics to the extent they seek information that is neither relevant to any claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

5.    24 Hour Fitness objects to the deposition topics insofar as they call for legal conclusions rather than factual information and are, therefore, inappropriate subject matter for a 30(b)(6) deposition.

6.    24 Hour Fitness objects to the deposition topics to the extent they call for the premature disclosure of expert discovery.  Expert discovery has not yet begun.  24 Hour Fitness' expert information will be provided consistent with the Court's scheduling order and in compliance with the applicable rules of civil procedure.

7.  Importantly, 24 Hour Fitness' agreement to furnish information in response to the deposition topics shall not be deemed to be an admission as to their relevancy, nor to waive the right to challenge the relevance, materiality, or admissibility of the information that is sought or to object to the use of the information at any proceeding related to this action.

## SPECIFIC OBJECTIONS TO 30(b)(6) DEPOSITION TOPICS

**TOPIC 1:**

Each Scheduled Location which was closed at any time during the Relevant Period due solely to the presence of COVID-19 on, at or under that Scheduled Location.

**RESPONSE TO TOPIC 1:**

24 Hour Fitness objects that this Topic is overbroad and unduly burdensome in its use of the phrase "Scheduled Locations." The phrase "Schedule Locations" encompasses over 500 different 24 Hour Fitness clubs spread across several states. It is not possible for 24 Hour Fitness to prepare a witness to testify regarding the particularities of each of its 500 different clubs. *Darbeevision, Inc. v. C&A Mktg.*, 2019 U.S. Dist. Lexis 134914, at *23 (C.D. Cal. Jan. 28, 2019) ("[I]t is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything"); *Richards v. Walden Sec.*, 2021 U.S. Dist. Lexis 155394, at *5 (D. Md. Aug. 17, 2021) ("The topics may not be overbroad or lack limitations on . . . geographic scope"). In addition, the Topic seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because Allied's pollution policy does not require the closure of a Scheduled Location due solely to the presence of COVID-19 on, at or under that Scheduled Location.

Subject to and without waiving its foregoing objections, 24 Hour Fitness will produce a witness(es) to testify in response to Topic 1.

**TOPIC 2:**

Each Scheduled Location which was closed at any time during the Relevant Period due in whole or in part to any of the Stay at Home Orders.

**RESPONSE TO TOPIC 2:**

24 Hour Fitness objects that this Topic is overbroad and unduly burdensome in its use of the phrase "Scheduled Locations." The phrase "Schedule Locations" encompasses over 500 different 24 Hour Fitness clubs spread across several states. It is not possible for 24 Hour Fitness to prepare a witness to testify regarding the particularities of each of its 500 different clubs. *Darbeevision, Inc.*, 2019 U.S. Dist. Lexis 134914, at *23; *Richards*, 2021 U.S. Dist. Lexis 155394, at *5. In addition, this Topic seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because whether a Location was closed due in whole or in part to any of the Stay at Home Orders has no bearing on coverage under Allied's pollution policy.

Subject to and without waiving its foregoing objections, 24 Hour Fitness will produce a witness(es) to testify in response to Topic 2.

**TOPIC 3:**

For each Scheduled Location which was closed for any portion of the Relevant Period, the dates the Scheduled Location(s) was closed.

**RESPONSE TO TOPIC 3:**

24 Hour Fitness objects that this Topic is overbroad and unduly burdensome in its use of the phrase "Scheduled Locations." The phrase "Schedule Locations" encompasses over 500 different 24 Hour Fitness clubs spread across several states. It is not possible for 24 Hour Fitness to prepare a witness to testify regarding the particularities of each of its 500 different clubs.

*Darbeevision, Inc.*, 2019 U.S. Dist. Lexis 134914, at *23; *Richards*, 2021 U.S. Dist. Lexis 155394, at *5.

Subject to and without waiving its foregoing objections, 24 Hour Fitness will produce a witness(es) to testify in response to Topic 3.

**TOPIC 4:**

Each Scheduled Location at which the presence of COVID-19 was actually detected on, at or under such Scheduled Location at any time during the Relevant Period.

**RESPONSE TO TOPIC 4:**

24 Hour Fitness objects that this Topic is overbroad and unduly burdensome in its use of the phrase "Scheduled Locations." The phrase "Schedule Locations" encompasses over 500 different 24 Hour Fitness clubs spread across several states. It is not possible for 24 Hour Fitness to prepare a witness to testify regarding the particularities of each of its 500 different clubs. *Darbeevision, Inc.*, 2019 U.S. Dist. Lexis 134914, at *23; *Richards*, 2021 U.S. Dist. Lexis 155394, at *5. In addition, the undefined terms "actually detected" render this Topic vague and ambiguous. Allied has not produced information establishing how it determines whether a virus or other substance is "present" at an Insured Location.

Subject to and without waiving its foregoing objections, 24 Hour Fitness will produce a witness(es) to testify in response to Topic 4.

**TOPIC 5:**

For each Scheduled Location at which the presence of COVID-19 was actually detected on, at or under such Scheduled Location at any time during the Relevant Period, the dates the COVID-19 virus was present on, at or under that Scheduled Location, the specific area of the Scheduled Location where COVID-19 was actually detected, the identity of the person(s) who

5


detected the presence of COVID-19, and the procedures utilized to detect the presence of COVID-19, together with any and all records relating to all of the foregoing.

**RESPONSE TO TOPIC 5:**

24 Hour Fitness objects that this Topic is overbroad and unduly burdensome in its use of the phrase "Scheduled Locations." The phrase "Schedule Locations" encompasses over 500 different 24 Hour Fitness clubs spread across several states. It is not possible for 24 Hour Fitness to prepare a witness to testify regarding the particularities of each of its 500 different clubs. *Darbeevision, Inc.*, 2019 U.S. Dist. Lexis 134914, at *23; *Richards*, 2021 U.S. Dist. Lexis 155394, at *5. In addition, the undefined terms "actually detected" render this Topic vague and ambiguous. Allied has not produced information establishing how it determines whether a virus or other substance is "present" at an Insured Location.

Subject to and without waiving its foregoing objections, 24 Hour Fitness will produce a witness(es) to testify in response to Topic 5.

**TOPIC 6:**

For each Scheduled Location at which the presence of COVID-19 was actually detected on, at or under such Scheduled Location at any time during the Relevant Period, what procedures, if any, You implemented to attempt to eradicate the presence of COVID-19.

**RESPONSE TO TOPIC 6:**

24 Hour Fitness objects that this Topic is overbroad and unduly burdensome in its use of the phrase "Scheduled Locations." The phrase "Schedule Locations" encompasses over 500 different 24 Hour Fitness clubs spread across several states. It is not possible for 24 Hour Fitness to prepare a witness to testify regarding the particularities of each of its 500 different clubs. *Darbeevision, Inc.*, 2019 U.S. Dist. Lexis 134914, at *23; *Richards*, 2021 U.S. Dist. Lexis 155394,

at *5.  In addition, the undefined terms "actually detected" render this Topic vague and ambiguous. Allied has not produced information establishing how it determines whether a virus or other substance is "present" at an Insured Location.

Subject to and without waiving its foregoing objections, 24 Hour Fitness will produce a witness(es) to testify in response to Topic 6.

**TOPIC 7:**

For each Scheduled Location at which the presence of COVID-19 was actually detected on, at or under such Scheduled Location at any time during the Relevant Period, the date(s) of the procedures, if any, You implemented to attempt to eradicate the presence of COVID-19 on, at or under that Scheduled Location.

**RESPONSE TO TOPIC 7:**

24 Hour Fitness objects that this Topic is overbroad and unduly burdensome in its use of the phrase "Scheduled Locations."  The phrase "Schedule Locations" encompasses over 500 different 24 Hour Fitness clubs spread across several states.  It is not possible for 24 Hour Fitness to prepare a witness to testify regarding the particularities of each of its 500 different clubs. *Darbeevision, Inc.*, 2019 U.S. Dist. Lexis 134914, at *23; *Richards*, 2021 U.S. Dist. Lexis 155394, at *5.  In addition, the undefined terms "actually detected" render this Topic vague and ambiguous. Allied has not produced information establishing how it determines whether a virus or other substance is "present" at an Insured Location.

Subject to and without waiving its foregoing objections, 24 Hour Fitness will produce a witness(es) to testify in response to Topic 7.

Dated:  April 7, 2022

                        **REED SMITH LLP**

By:   /s/ *Mark W. Eckard*
      Mark W. Eckard (No. 4542)
      1201 North Market Street, Suite 1500
      Wilmington, DE 19801
      Telephone:  (302) 778-7500
      Facsimile:  (302) 778-7575
      Email:  meckard@reedsmith.com

      David E. Weiss (admitted *pro hac vice*)
      T. Connor O'Carroll (admitted *pro hac vice*)
      101 Second Street, Suite 1800
      San Francisco, CA  94105
      Telephone: (415) 543-8700
      Facsimile: (415) 391-8269
      Email:  dweiss@reedsmith.com
             cocarroll@reedsmith.com

**COUNSEL FOR PLAINTIFF 24 HOUR FITNESS WORLDWIDE, INC.**

## CERTIFICATE OF SERVICE

I certify that I served this document to all Defendants' counsel of record on April 7, 2022.

          /s/ *Mark W. Eckard*
          Mark W. Eckard