# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RS FIT NW LLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Case No.: 20-11558 (KBO) |
| ) | |
| 24 HOUR FITNESS WORLDWIDE, INC., ) | (Jointly Administered) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CONTINENTAL CASUALTY COMPANY; ) | |
| ENDURANCE AMERICAN SPECIALTY ) | |
| INSURANCE COMPANY; STARR SURPLUS ) | |
| LINES INSURANCE COMPANY; ALLIANZ ) | Adv. Proc. No. 20-51051 (KBO) |
| GLOBAL RISKS US INSURANCE ) | |
| COMPANY; LIBERTY MUTUAL ) | |
| INSURANCE COMPANY; BEAZLEY- ) | |
| LLOYD'S SYNDICATES 2623/623; ALLIED ) | |
| WORLD NATIONAL ASSURANCE ) | |
| COMPANY; QBE SPECIALTY INSURANCE ) | |
| COMPANY; and GENERAL SECURITY ) | |
| INDEMNITY COMPANY OF ARIZONA, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

## PLAINTIFF'S *AMENDED* DEPOSITION NOTICE TO EXPERT WITNESS DR. ALLISON STOCK

PLEASE TAKE NOTICE that, pursuant to the Court's Eighth Amended Scheduling Order (D.I. 223), Federal Rules of Civil Procedure 26 and 30, made applicable to the above-entitled adversary proceeding by Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure, and Rule 7030-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Plaintiff 24 Hour Fitness Worldwide, Inc. ("Plaintiff"), by and through its attorneys of record, shall take the oral and videotape **deposition of Expert Witness Dr. Allison Stock at 9 a.m. pacific**

**time on August 22, 2023**, or at such other date and time as the parties may agree, and continue from day to day until the deposition is completed.

The deposition will take place at the offices of **DLA Piper located at 33 Arch St #26, Boston, MA 02110, United States**. The deposition will also proceed via web-based video conferencing software, and will be recorded by stenographic means. The deposition is to be taken for the purposes of discovery, examination, cross-examination, perpetuation of testimony, and any and all purposes allowed by law. Plaintiff will provide all parties not attending in person with details regarding how to access the web-based video conferencing software no later than three calendar days before the deposition is set to begin.

In addition, Defendants are requested to produce documents at the deposition pursuant to the Requests in **Exhibit A** hereto.

Dated:  July 13, 2023

                                                      **REED SMITH LLP**

By:  \_\_/s/ *Mark W. Eckard*_____
      Mark W. Eckard (No. 4542)
      1201 North Market Street, Suite 1500
      Wilmington, DE 19801
      Telephone:  (302) 778-7500
      Facsimile:  (302) 778-7575
      Email:  meckard@reedsmith.com

      David E. Weiss (admitted *pro hac vice*)
      T. Connor O'Carroll (admitted *pro hac vice*)
      101 Second Street, Suite 1800
      San Francisco, CA  94105
      Telephone: (415) 543-8700
      Facsimile: (415) 391-8269
      Email:  dweiss@reedsmith.com
             cocarroll@reedsmith.com

**COUNSEL FOR PLAINTIFF 24 HOUR FITNESS WORLDWIDE, INC.**

# EXHIBIT A

**PLAINTIFF'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT'S EXPERT WITNESS DR. ALLISON STOCK**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff 24 Hour Fitness Worldwide, Inc. ("Plaintiff") submits the following Requests for Production of Documents ("Requests") on Defendant Continental Casualty Company's ("Continental" or "Defendant") Expert Dr. Allison Stock. Dr. Stock shall produce the requested documents at the offices of Reed Smith LLP, 101 Second Street, Suite 1800, San Francisco, California 94105 within thirty days of these Requests.

**DEFINITIONS**

The following definitions apply to these Requests:

1. "Action" means the above-captioned action.

2. "And" and "or" as used herein mean and/or.

3. "Any," "all," "any and all," "each," "every," and "each and every" are to be construed as synonymous and as bringing within the scope of these Requests all responses that might otherwise be construed to be outside its scope.

4. "Communication(s)" means and include all spoken, written, visual or electronic transmission of information, including but not limited to Documents, conversations, meetings, discussions and telephone calls and any other process by which information is transmitted.

5. "Document" has the broadest possible meaning permitted by the Federal Rules of Civil Procedure including, without limitation, any printed, typewritten, handwritten, tangible, photocopied, or otherwise reproduced items relating to information requested herein, which are in your possession, custody or control or are available to you through the exercise of reasonable diligence, including, but not limited to: communications; letters; memoranda; messages; emails; texts, handwritten notes; diaries, calendars or calendar appointments; agreements; contracts; promissory notes; valuation estimates of any kind; financial data; books of account; accounting ledgers and journals; financial statements; audit reports; cash flow records; financial projections; operating statements; balance sheets; accounts payable and receivable; invoices; sales receipts;

1

charge receipts; expense records; logs; transcripts of interviews or testimony given before any person, officer or tribunal (whether sworn or unsworn) and any written summaries, reports or statements thereof; notes of conversations, meetings, investigations, opinions, interviews and/or testimony; books; pamphlets; brochures; periodicals; catalogs; price lists; prospectuses; charts; graphs; maps; telephone records; audio or video tape recordings; facsimile copies; computer printouts, photographs, other data compilations; and every other device or medium on which or through which information of any type is transmitted, recorded or preserved. The terms "document" and "documents" shall also include each copy that is not identical to the original or to any other produced copy, as well as any preliminary drafts, any document or working paper related thereto, and documents containing hand-written notations.

6. "Dr. Stock" refers to Dr. Allison Stock.

7. "Dr. Stock Expert Opinion" refers to the findings in Dr. Stock's November 23, 2022 Expert Report and to Dr. Stock's expected testimony in the form of expert opinion.

8. The term "You" or "Your" means Dr. Stock, including any agent, employee, insurance company, attorney, accountant, investigator, or consultant of Dr. Stock, or anyone else acting on Dr. Stock's behalf.

9. "Including" shall mean including without limitation.

10. The terms "relating to" or "relates" as used herein means, without limitation, embodying, mentioning, pertaining to, referring to, alluding to, concerning or reflecting, directly or indirectly, the subject matter identified in a specific interrogatory.

11. "Defendant," and "Continental" mean Defendant Continental Casualty Company and its present and former corporate affiliates, divisions, parent companies, subsidiaries, predecessors in interest, successors, assignees, officers, employees, agents, directors, representatives, and counsel.

12. "24-Hour" and "Plaintiff" means Plaintiff 24 Hour Fitness Worldwide, Inc.

## INSTRUCTIONS

1. Documents are to be produced in full and unexpurgated form.

2. Each Document demand seeks the production of all Documents described therein, including all drafts, of whatever date, and all non-identical copies.

3. Each paragraph and subparagraph of this demand shall be construed independently and without limitation by reference to any other paragraph or subparagraph.

4. You are required to produce all non-privileged Documents within Your custody, possession or control, including those within the possession of Your attorneys, accountants, agents, employees, representatives or anyone else acting on their behalf, or within the possession of any partnership, corporation, joint venture or other person which You control or to which they have a right of access as matter of law.

5. If You assert that any request for production is objectionable, state the objection with regard to the particular portion of the request which You deem objectionable. Unless the objection is directed to the entire request, and each and every Document requested therein, please provide all Documents and things responsive to all portions of the request which are not deemed objectionable.

6. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, each document produced pursuant to these Requests shall be produced as it is kept in the usual course of business or shall be organized and labeled to correspond to the categories of documents requested.

7. If Defendant finds the meaning of any term in these Requests is unclear, Defendant shall assume a reasonable meaning, state the assumed meaning, and respond to the Request according to the assumed meaning.

8. With these Requests, Plaintiff seeks the broadest possible discovery permitted by the Federal Rules of Civil Procedure. Accordingly, Plaintiff drafted its Requests broadly. Nevertheless, by serving these Requests, Plaintiff **does not** seek to discover any of Your privileged material. If You consider any document or other information called for in these Requests to be privileged, or otherwise excluded from production or disclosure, with respect to each such

document or other information, it should provide separately the following information on a privilege log:

    (a)    A general description of the document or information;

    (b)    An explanation of the factual and legal bases of the privilege claimed;

    (c)    The identity of the author(s) and all recipients of the document or information;

    (d)    The identity of the present custodian of the document or information.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

All Documents reviewed, considered, utilized, relied upon, and/or prepared by Dr. Stock or at Dr. Stock's direction (including books, articles, papers, course materials, etc.) in connection with the Dr. Stock Expert Opinion. To the extent responsive Documents were produced by the parties in the course of this litigation, a list identifying those records by bates label will be sufficient.

**REQUEST FOR PRODUCTION NO. 2**

All non-privileged Documents relating to the Dr. Stock Expert Opinion, including, without limitation, all non-privileged comments, notes, and Communications.

**REQUEST FOR PRODUCTION NO. 3**

All Documents provided to or obtained by Dr. Stock in connection with the Dr. Stock Expert Opinion. To the extent responsive Documents were produced by the parties in the course of this litigation, a list identifying those records by bates label will be sufficient.

**REQUEST FOR PRODUCTION NO. 4**

All reference works or treatises relied upon by Dr. Stock in the preparation of Dr. Stock's opinions in this action.

**REQUEST FOR PRODUCTION NO. 5**

All expert declarations or reports for any matters in which Dr. Stock has rendered opinions between January 1, 2012 and the present.

**REQUEST FOR PRODUCTION NO. 6**

All non-privileged Documents and/or Communications concerning Dr. Stock's engagement and/or retention as an expert in this action, including any engagement letter, assignment, anticipated work, or Dr. Stock's anticipated testimony in this action.

**REQUEST FOR PRODUCTION NO. 7**

All Documents, papers, articles, or publications that Dr. Stock has authored, in whole or in part, demonstrating Dr. Stock's qualifications as an expert in this action or the services which Dr. Stock is rendering in connection with this action.

**REQUEST FOR PRODUCTION NO. 8**

All deposition transcripts for Dr. Stock's depositions in actions whereby Dr. Stock has rendered opinions between January 1, 2012 and the present.

**REQUEST FOR PRODUCTION NO. 9**

Each and every handwritten note made by Dr. Stock during the course of Dr. Stock's work in this Action.

**REQUEST FOR PRODUCTION NO. 10**

Each and every non-privileged Document prepared by Dr. Stock in connection with this Action.

**REQUEST FOR PRODUCTION NO. 11**

All Documents explaining the amount Dr. Stock has billed for the time Dr. Stock has provided expert services in this case.

**REQUEST FOR PRODUCTION NO. 12**

All Documents setting forth the opinions and/or conclusions Dr. Stock intends to give at trial in this case, including any documents prepared by or at the request of Dr. Stock.

## CERTIFICATE OF SERVICE

I, Mark W. Eckard, Esquire, certify that on the 13th day of July, 2023, a true and correct of **PLAINTIFF'S *AMENDED* DEPOSITION NOTICE TO EXPERT WITNESS DR. ALLISON STOCK WITH REQUESTS FOR PRODUCTION** was electronically filed via the Court's CM/ECF system and thereby served on those parties having to consented to electronic service.

                                                */s/ Mark W. Eckard*
                                                Mark W. Eckard (No. 4542)