## IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| RS FIT NW LLC, | ) | |
| | ) | Case No. 20-11568 (KBO) |
| Debtor. | ) | |
| | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| 24 HOUR FITNESS WORLDWIDE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONTINENTAL CASUALTY COMPANY; | ) | Adv. Pro. No. 20-51051 (KBO) |
| ENDURANCE AMERICAN SPECIALTY | ) | |
| INSURANCE COMPANY; STARR SURPLUS | ) | |
| LINES INSURANCE COMPANY; ALLIANZ | ) | |
| GLOBAL RISKS US INSURANCE COMPANY; | ) | |
| LIBERTY MUTUAL INSURANCE COMPANY; | ) | |
| BEAZLEY-LLOYD'S SYNDICATES 2623/623; | ) | |
| ALLIED WORLD NATIONAL ASSURANCE | ) | |
| COMPANY; QBE SPECIALTY INSURANCE | ) | |
| COMPANY; and GENERAL SECURITY | ) | |
| INDEMNITY COMPANY OF ARIZONA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## PROPERTY INSURER DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

# EXHIBIT A-22

*Plaintiff's Response to Defendants' First Set of Interrogatories*
*(7/14/2021)*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | |
| | ) | Chapter 11 |
| 24 HOUR FITNESS WORLDWIDE, INC., *et al.*, | ) | |
| | ) | Case No.: 20-11558 (KBO) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| ―――――――――――――――――――― | ) | |
| 24 HOUR FITNESS WORLDWIDE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONTINENTAL CASUALTY COMPANY; ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY; STARR SURPLUS LINES INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; BEAZLEY-LLOYD'S SYNDICATES 2623/623; ALLIED WORLD NATIONAL ASSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Adv. Proc. No. 20-51051 (KBO) |
| Defendants. | ) | |
| ―――――――――――――――――――― | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY; STARR SURPLUS LINES INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. WC27C0A190101; ALLIED WORLD NATIONAL ASSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA'S FIRST SET OF INTERROGATORIES**

Plaintiff 24 Hour Fitness Worldwide, Inc. ("Plaintiff") makes the following objections and

responses to Defendants Endurance American Specialty Insurance Company; Starr Surplus Lines

Insurance Company; Allianz Global Risks US Insurance Company; Liberty Mutual Insurance Company; Certain Underwriters at Lloyd's of London Subscribing to Policy No. WC27C0A190101; Allied World National Assurance Company; QBE Specialty Insurance Company and General Security Indemnity Company of Arizona ("Insurers" or "Defendants") First Set of Interrogatories.

## **GENERAL OBJECTIONS**

Plaintiff makes the following General Objections to the Interrogatories:

1.      The following objections apply to each Instruction, Definition, and Interrogatory, and shall have the same force and effect as if set forth in the response to each Interrogatory.

2.      The following responses are based on discovery available as of the date hereof. Discovery is continuing, and these responses are subject to change accordingly.  These responses are given without prejudice to Plaintiff's right to produce or rely on subsequently discovered information, facts, or documents.

3.      Plaintiff objects to the Interrogatories to the extent that they request information which is subject to the attorney-client privilege, common interest privilege, or which may be protected from disclosure by the work product doctrine or any other legal privilege.  In the event that any information or document subject to a privilege is inadvertently produced, such inadvertent production shall not constitute a waiver of the ground(s) for protection of such document and Plaintiff reserves the right to assert a privilege or immunity with respect to any such document.

4.      Plaintiff objects to the Interrogatories to the extent that they are vague, ambiguous, overbroad, or otherwise lack sufficient precision to permit a response.

5.      Plaintiff objects to the Interrogatories to the extent they seek information which is already in Insurers' possession or which is obtainable from some other source that is public, more

A.0740

convenient, less burdensome, or less expensive.

6.      Plaintiff objects to the Interrogatories to the extent they are unlimited as to time. To the extent Plaintiff has indicated its intention to produce information or documents in response to the Interrogatories, Plaintiff will limit its production to the relevant time period in this action.

7.      The following Responses and Objections are made subject to, and without waiver of, these General Objections.  The General Objections are incorporated into and shall apply to the Interrogatories, regardless of whether a General Objection or a Specific Objection is stated.  The making of a Specific Objection to the Interrogatory is not intended to constitute a waiver of any General Objection.

8.      Plaintiff's Responses and Objections to the Interrogatories are not intended to waive Plaintiff's right to challenge the relevance, materiality, or admissibility of the information that is sought or to object to the use of the information at trial or at any other proceeding related to this action.

Subject to and without waiving any of the above General Objections, Plaintiff responds and objects to Insurers' First Set of Interrogatories as follows:

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all Persons who assisted in, or who provided any information used in, responding to these Interrogatories.

**RESPONSE:**

Plaintiff identifies the following individuals who assisted in responding or who provided information used in responding to these Interrogatories:  (1) Plaintiff's undersigned counsel; (2) Matthew Piro; (3) Jeremy Gottlieb; and (4) Dan Larson.

A.0741

**INTERROGATORY NO. 2:**

Identify all Persons having information concerning or relating in any way to any of the Policies, the Claim, and/or the allegations in the Complaint, and, for each Person so identified, state the subject matter of that information.

**RESPONSE:**

Plaintiff objects that this Interrogatory is overbroad in seeking the identity of "all" persons who might have information regarding broad subject matters and in its use of the phrase "having information concerning or relating in any way to" such matters. Subject to and without waiving the foregoing specific and general objections, Plaintiff identifies the following individuals with knowledge concerning the matters at issue: (1) Jeremy Gottlieb, Vice President – Audit and Compliance for Plaintiff; (2) Dan Larson –Environment, Health and Safety Manager for Plaintiff; and (3) Matthew Piro – Director of Club Operations for Plaintiff.

**INTERROGATORY NO. 3:**

Identify each and every Civil Authority Order that You allege adversely impacted your business.

**RESPONSE:**

Plaintiff objects that this Interrogatory is overbroad and vague in its use of the phrase "adversely impacted." State and/or local governmental authorities in each location where Plaintiff conducted operations issued orders in response to the COVID-19 pandemic that affected Plaintiff's business operations. Plaintiff's properties were subject to these state and/or local orders, which are publicly available and can be accessed online. For example, state executive orders can be accessed through the Center for Disease Control's database: https://web.csg.org/covid19/executive-orders/. Local orders also can be accessed online. Plaintiff

A.0742

further objects that Defendants are, or should be, in possession of these orders because they should have obtained them as part of their investigation of this claim and the claims of other policyholders seeking coverage for their losses from the COVID-19 pandemic. Subject to and without waiving the foregoing specific and general objections, Plaintiff has identified several of the orders affecting its properties in its Complaint at paragraphs 23-34. Additionally, Plaintiff has agreed to produce the civil authority orders relevant to its claim in its forthcoming document production, to the extent it has such orders in its possession.

**INTERROGATORY NO. 4:**

State all periods of time in which access to Your Property was prohibited because of a Civil Authority Order from January 1, 2020 to present, and, for each period of time, Identify the specific Civil Authority Order that prohibited access to Your Property.

**RESPONSE:**

Plaintiff objects that this Interrogatory seeks information that is equally available to Defendants as the government orders issued in response to COVID-19 are publicly available and can be accessed online. For example, state executive orders can be accessed through the Center for Disease Control's database: https://web.csg.org/covid19/executive-orders/. Local orders also can be accessed online. Plaintiff further objects that Defendants are, or should be, already in possession of these orders because they should have obtained them as part of their investigation of the claim. Plaintiff further objects that the government orders speak for themselves as to whether they prohibit access to any specific locations. Subject to and without waiving the foregoing specific and general objections, Plaintiff has identified several of the orders affecting its properties in its Complaint at paragraphs 23-34. Plaintiff will produce documents indicating the exact closure and reopening dates for its covered locations in its document production.

**INTERROGATORY NO. 5:**

State whether You allege that COVID-19 was present Your Property, and if so, identify:

a)    Each of Your Properties at which COVID-19 was present;

b)    the dates that COVID-19 was present at Each of Your Properties identified in response to subpart (a) above; and

c)    the factual basis for Your allegations that COVID-19 was present at each of Your Properties identified in response to subpart (a) above.

**RESPONSE:**

Plaintiff objects to the extent that this Interrogatory calls for the production of personal health information protected by The Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  Plaintiff further objects that this Interrogatory prematurely calls for the production of expert discovery.  Plaintiff objects that this Interrogatory is overbroad and evidences a misunderstanding of the properties of COVID-19, especially in its request that Plaintiff identify the specific "dates that COVID-19 was present" at its properties.  Subject to and without waiving the foregoing specific and general objections, Plaintiff responds as follows:

COVID-19 is a severe infectious disease caused by SARS-CoV-2, which causes serious systemic illness and death.  COVID-19 spreads easily from person to person, and person to surface or object.  Research has shown that COVID-19 primarily is spread by small, physical droplets expelled from the nose or mouth when an infected person talks, yells, sings, coughs, or sneezes. A person who sneezes can release a cloud of COVID-19-containing droplets that can span as far as 23 to 27 feet.  The CDC has stated that COVID-19 is most likely to spread when people are within six feet of each other, but has also recognized that COVID-19 may spread from an infected person who is more than six feet away or who has left a given space.  Further, according to the

A.0744

CDC, longer exposure time likely increases exposure risk to COVID-19.  Pre-symptomatic and asymptomatic individuals can also transmit COVID-19.  It is estimated by the World Health Organization (the "WHO"), that at least 44% of all infections occur from people without any symptoms.  Also according to the WHO, the incubation period for COVID-19, *i.e.*, the time between exposure to COVID-19 and symptom onset, can be up to 14 days.  Other studies suggest that the period may be up to 21 days or longer.

COVID-19 is difficult to contain because it can survive in the air and on physical surfaces for long periods of time.  For example, it has the ability to attach to objects and surfaces, such as tables, doorknobs, and handrails through respiratory droplets expelled from infected individuals.  Once expelled from infected individuals, these droplets land on, attach, and adhere to surfaces and objects, which physically change these once-safe surfaces into "fomites."  Fomites are objects, previously safe to touch, that serve as a vehicle for transmissions of diseases like COVID-19.  As a result, it was believed that COVID-19 droplets physically alter previously usable, inert surfaces (*e.g.*, walls, handrails, desks), making them unsafe and potentially deadly.  Moreover, COVID-19 droplets also spread via airborne viral particles and are known to spread into heating and ventilation ("HVAC") systems, leading to transmission of COVID-19 from person to person.  Rectifying these conditions and containing the spread of the disease accordingly required something more than routine cleaning before properties could be made safe for habitable use.  In fact, the WHO's description of fomite transmission of COVID-19 expressly recognized it may physically alter property, stating "respiratory secretions or droplets expelled by infected individuals can contaminate surfaces and objects, *creating* fomites."  *Transmission of SARS-CoV-2: implications for infection prevention precautions*, WHO (July 9, 2020) https://www.who.int/news-room/commentaries/detail/transmission-of-sars-cov-2-implications-

A.0745

for-infection-prevention-precautions (emphasis added).  Moreover, studies suggested these fomites cannot always be eliminated by routine cleaning as studies indicated that COVID-19 is "much more resilient to cleaning than other respiratory viruses so tested."  Nevio Cimolai, *Environmental and decontamination issues for human coronaviruses and their potential surrogates* (June 12, 2020) 92 J. OF MED. VIROLOGY 11, 2498-510; *see also* Joon Young Song et al*., Viral Shedding and Environmental Cleaning in Middle East Respiratory Syndrome Coronavirus Infection* (Dec. 2015) 47 INFECTION & CHEMOTHERAPY 4, 252-5 (finding that coronaviruses have demonstrated viral RNA persistence on objects despite cleaning with 70% alcohol).

Accordingly, due to the pervasive spread and presence of SARS-CoV-2 and COVID-19, both were presumed to be present everywhere during the relevant time period that is the subject of this dispute.  *See, e.g.*, Christopher Ingraham, *At the population level, the coronavirus is almost literally everywhere,* WASH. POST, Apr. 1, 2020, https://www.washingtonpost.com/business/2020/04/01/population-level-coronavirus-is-almost-literally-everywhere/.  As such, there should be no dispute that COVID-19 and SARS-CoV-2 were present at each of Plaintiff's covered locations at various points in time during the policy period, including the period of time prior to and including March 16, 2020 when all of Plaintiff's clubs were first closed.  Furthermore, there should be no dispute that COVID-19 and SARS-CoV-2 were also present at Plaintiff's locations during those interim time periods when Plaintiff's clubs were allowed to reopen and then were subsequently closed again by civil order.  Plaintiff intends to present expert testimony to support such presence of COVID-19 and SARS-CoV-2 at each of Plaintiff's covered locations during the relevant time periods, including evidence demonstrating

the statistical likelihood that individuals with COVID-19 came into contact with Plaintiff's insured business locations.

In addition, specific incidents were reported by Plaintiff to the adjuster for the insurers on May 8, 2020, and Plaintiff will provide updated information regarding additional incidents in its document production.  Nevertheless, the existence and/or presence of the COVID-19 and SARS-CoV-2  is not simply reflected in reported cases or individuals' positive test results.  To date, more than 33 million Americans have been diagnosed with COVID-19, and those numbers are surely underrepresented.  Indeed, it was well reported, for example, that the number of people in the United States infected with COVID-19 was likely to be magnitudes higher than the number of reported cases, and many infected people were asymptomatic.  *See* Ellen Cranley, *40% of People Infected with COVID-19 are Asymptomatice, a New CDC Estimate, Says,* Bus. Insider (July 12, 2020),          https://www.businessinsider.com/cdc-estimate-40-percent-infected-with-covid-19-asymptomatic-2020-7.  In addition, as discussed above, COVID-19 may manifest with a pre-symptomatic incubation period of up to 14 days, during which time infected people could transmit COVID-19 to people, into the air, and onto surfaces without having experienced symptoms and without realizing they were infected.  *Coronavirus disease 2019 (COVID-19) Situation Report – 73*, WHO (Apr. 2, 2020), https://www.who.int/emergencies/diseases/novel-coronavirus-2019/situation-reports; Minghui Yang et al., *SARS-CoV-2 Detected on Environmental Fomites for Both Asymptomatic and Symptomatic Patients with COVID-19*, 203 AM. J. RESPIRATORY & CRITICAL CARE MED. 3 (Dec. 12, 2020), https://doi.org/10.1164/rccm.202006-2136LE. Studies demonstrate that these pre-symptomatic people had even greater ability to transmit COVID-19 than other infected persons because they carried the greatest "viral load."  *See, e.g.,* Xi He et al., *Temporal dynamics in viral shedding and transmissibility of COVID-19,* 26 Nature Med.

9

672, 674 (Apr. 15, 2020), https://www.nature.com/articles/s41591-020-0869-5; LirongZou, M.Sc. *et al., SARS-CoV-2 Viral Load in Upper Respiratory Specimens of Infected Patients,* New Eng. J. of Med. March 19, 2020) https://www.nejm.org/doi/full/10.1056/nejmc2001737.  The National Academy of Sciences concluded that "the majority of [COVID-19] transmission [was] attributable to people who [were] not exhibit[ing] symptoms, either because they [were] still in the pre-symptomatic state or the infection [was] asymptomatic.  Seyed M. Moghadas et al., *The implications of silent transmission for the control of COVID-19 outbreaks*, 117 PNAS 30, 17513-15 (July 28, 2020) https://www.pnas.org/content/117/30/17513.

The introduction of COVID-19 and SARS-CoV-2 into the indoor air at locations such as Plaintiff's fitness clubs, directly and physically changed, altered and transformed the composition and quality of the air such that it would contain a concentration of potentially deadly infectious particles which were not present before, thus physically altering and transforming the indoor air on the property into a transmission mechanism for COVID-19.  The prevalence and incidence of COVID-19 worldwide, and in the regions and localities where Plaintiff's clubs were located, demonstrates that it is certain or virtually certain that COVID-19 and SARS-CoV-2 were in the air and on surfaces at Plaintiff's locations during the relevant time periods.

**INTERROGATORY NO. 6:**

State the date on which You provided notice of loss of Your claim, the manner in which You provided such notice, and the person or entity to whom You provided notice of loss.

**RESPONSE:**

Plaintiff provided notice on March 23, 2020 through its insurance broker, Teresa Cowart at Lockton.

A.0748

**INTERROGATORY NO. 7:**

Set forth the factual basis for the allegation in paragraph 41 of the Complaint that Your Property experienced direct physical loss or damage due to COVID-19.

**RESPONSE:**

Plaintiff objects that this Interrogatory calls for the disclosure of expert discovery prematurely. Given the ongoing and developing nature of the COVID-19 pandemic and the developing understanding of COVID-19, SARS-CoV-2, and its variants, a fuller answer to this Interrogatory may be supplemented with expert evidence in accordance with the Court's Scheduling Order.

Subject to and without waiving the foregoing specific and general objections, Plaintiff incorporates its answer to Interrogatory No. 5. Further, Plaintiff contends that each of its fitness clubs sustained direct physical loss or damage due to the actual presence of COVID-19 and SARS-CoV-2 at and in the immediate vicinity of Plaintiff's properties, which constituted physical loss or damage to Plaintiff's property including by rendering such property unfit or unsafe for its intended purpose and/or normal human occupancy. In addition to constituting physical loss or damage to property under the main insuring agreements of the Defendants' Policies, Plaintiff notes that the Policies provide that "the presence and the spread of communicable disease will be considered direct physical damage." The statistical probability/certainty of the presence of thousands to millions of virions in the air and on the surfaces of Plaintiff's properties rendered such properties unsafe for use in the same way that asbestos particles, ammonia, or radiation would have, causing physical loss or damage to such properties. Moreover, Plaintiff identifies that all its covered locations—which are or were accessible to the public or to employees and subject to regular foot traffic—were physically altered as a result of COVID-19 and SARS-CoV-2 virions. Like other

A.0749

physical substances such as asbestos, bacteria, carbon monoxide, and other toxic gases, radioactive dust, smoke, and soot, SARS-CoV-2 virions physically alter a surface as soon as they land on that surface by transforming the surface from being harmless to being dangerous, and physically alter property and the air inside the property by transforming the property into "fomites," or from being safe to being injurious and potentially lethal.  Because it is statistically probable/certain that SARS-CoV-2 virions were physically present throughout Plaintiff's properties, all of Plaintiff's covered locations suffered physical loss or damage as a result of COVID-19 and SARS-CoV-2 virions.

In addition to the above, Plaintiff further identifies the following examples of the type of physical loss or damage to its properties:  (1) at least several hundred of Plaintiff's employees or members were confirmed or suspected of contracting COVID-19, demonstrating both the certain or virtually certain presence of COVID-19 and/or SARS-CoV-2 in Plaintiff's locations, in the air, and on its surfaces; (2) through state, local, and agency governmental orders, that prevented Plaintiff's use of its properties causing Plaintiff to lose the normal use and function of its properties; (3) through the need to modify physical behaviors through social distancing, avoiding confined indoor spaces, and avoiding congregating in the same physical area as others for the purpose of reducing or minimizing the potential for viral transmission; and (4) through the need to mitigate the threat or actual physical presence of COVID-19 and SARS-CoV-2 at Plaintiff's business locations.

Finally, Plaintiff reiterates that given the ongoing and developing nature of the COVID-19 pandemic and the developing understanding of SARS-CoV-2 and its variants, Plaintiff's response to this Interrogatory may be supplemented with additional information, and the information provided may be supplemented by expert witness evidence in accordance with the Court's Scheduling Order.

**INTERROGATORY NO. 8:**

Identify the specific portion of Your Property which you allege experienced direct physical loss or damage due to COVID-19.

**RESPONSE:**

Plaintiff objects that this Interrogatory is overbroad, vague, and duplicative of other Interrogatories. Subject to and without waiving the foregoing specific and general objections, Plaintiff incorporates its Response to Interrogatory Nos. 5 and 7.

**INTERROGATORY NO. 9:**

For each specific portion of Your Property which you allege experienced direct physical loss or damage due to COVID-19, identify the date of the physical loss or damage to that Property.

**RESPONSE:**

Plaintiff objects that this Interrogatory is overbroad, vague, and duplicative of other Interrogatories. Subject to and without waiving the foregoing specific and general objections, Plaintiff incorporates its Response to Interrogatory Nos. 5 and 7.

**INTERROGATORY NO. 10:**

For each specific portion of Your Property which you allege experienced direct physical loss or damage due to COVID-19, identify the nature and extent of the physical loss or damage to that Property.

**RESPONSE:**

Plaintiff objects that this Interrogatory is overbroad, vague, and duplicative of other Interrogatories. Plaintiff objects that this Interrogatory calls for the disclosure of expert discovery prematurely. Subject to and without waiving the foregoing specific and general objections, Plaintiff incorporates its Response to Interrogatory Nos. 5 and 7.

A.0751

**INTERROGATORY NO. 11:**

Describe how the presence of COVID-19 on Your Property caused direct physical loss or damage to Your Property, including a description of how COVID-19 penetrated, changed, impacted, or damaged the underlying material on Your Property.

**RESPONSE:**

Plaintiff objects that this Interrogatory is overbroad, vague, and duplicative of other Interrogatories.  Plaintiff objects that this Interrogatory calls for the disclosure of expert discovery prematurely.  Plaintiff objects that the policies do not require "penetration, change, or impact" as a precondition to coverage.  Subject to and without waiving the foregoing specific and general objections, Plaintiff incorporates its Response to Interrogatory Nos. 5 and 7.

**INTERROGATORY NO. 12:**

Describe whether any Persons on Your Property ever experienced any changes to the surface of any Property due to COVID-19.

**RESPONSE:**

Plaintiff objects to this request on the ground that it is vague, ambiguous, and unintelligible.

**INTERROGATORY NO. 13:**

Identify all Persons with knowledge, on behalf of 24 Hour Fitness, of any direct physical loss or damage to Your Property due to COVID-19.

**RESPONSE:**

Plaintiff objects that this Interrogatory is overbroad and unduly burdensome as it is not reasonably limited in scope or subject matter.  It is not possible for Plaintiff to identify "all persons" with knowledge of COVID-19 on its properties.  Subject to and without waiving the foregoing objections, Plaintiff identifies Matthew Piro and Dan Larson as individuals with knowledge of

A.0752

incidents or suspected incidents of COVID-19 at Plaintiff's locations.  Discovery is ongoing and it reserves the right to supplement or amend this response as appropriate as new information is discovered.

## INTERROGATORY NO. 14:

If the Property which You allege experienced direct physical loss or damage has been repaired or replaced, identify the specific property or portion of property repaired or replaced, and describe the repair or replacement made.

## RESPONSE:

Plaintiff objects to this request on the ground that it is vague and ambiguous.  Plaintiff further objects that this Interrogatory calls for the disclosure of expert discovery prematurely. Given the ongoing and developing nature of the COVID-19 pandemic and the developing understanding of SARS-CoV-2 and its variants, Plaintiff's response to this Interrogatory may be supplemented with additional information, and the information provided may be supplemented by expert witness evidence in accordance with the Court's Scheduling Order.  Subject to and without waiving the foregoing specific and general objections, Plaintiff responds that it made several changes to its properties and protocols in response to COVID-19.  For example, Plaintiff enacted enhanced cleaning procedures for its facilities and fitness equipment, as well as instituted social distancing procedures.  Plaintiff also instituted stream-lined and contactless check-in procedures for its customers, and, as applicable, installed Plexiglas barriers to protect its staff and customers when they must interact.  Plaintiff memorialized many of these new procedures and protocols in its updated policies and guidelines, which Plaintiff intends to produce.

A.0753

**INTERROGATORY NO. 15:**

If the Property which You allege experienced direct physical loss or damage due to COVID-19 has been repaired or replaced, identify the dates of the repairs or replacements.

**RESPONSE:**

Plaintiff objects that this Interrogatory is overbroad and vague.  Subject to and without waiving the foregoing specific and general objections, Plaintiff responds it intends to produce documents indicating the precise dates of reopening and its new procedures and protocols for operating during the COVID-19 pandemic.

**INTERROGATORY NO. 16:**

If the Property which You allege experienced direct physical loss or damage due to COVID-19 has been repaired or replaced, identify all Persons who performed such repairs or replacements, including contact information for each such Person, and a list of their relevant skills, qualifications, and licenses, if any.

**RESPONSE:**

Plaintiff objects that this Interrogatory is overbroad and burdensome in its requests for the "contact information for each [person who may have repaired Plaintiff's properties], and a list of their relevant skills, qualifications, and licenses, if any."  Subject to and without waiving the foregoing specific and general objections, Plaintiff responds that modifications to Plaintiff's premises and business operations were implemented by Plaintiff's personnel at the direction of management, and that enhanced cleaning activities were performed by Plaintiff's personnel and third-party vendors.  Plaintiff will produce documents sufficient to identify third parties engaged in these activities, if any.

**INTERROGATORY NO. 17:**

If the Property which You allege experienced direct physical loss or damage due to COVID-19 has not been repaired or replaced, but repairs or replacements are planned, identify the specific Property which will be repaired or replaced.

**RESPONSE:**

Plaintiff objects that this Interrogatory is overbroad and burdensome.  Subject to and without waiving the foregoing specific and general objections, Plaintiff responds:  not applicable.

**INTERROGATORY NO. 18:**

If the Property which You allege experienced direct physical loss or damage due to COVID-19 has not been repaired or replaced, but repairs or replacements are planned, identify the dates of the planned repairs or replacements.

**RESPONSE:**

Plaintiff objects that this Interrogatory is overbroad and burdensome.  Subject to and without waiving the foregoing specific and general objections, Plaintiff responds:  not applicable.

**INTERROGATORY NO. 19:**

If the Property which You allege experienced direct physical loss or damage due to COVID-19 has not been repaired or replaced, but repairs or replacements are planned, identify all Persons who will be performing such repairs or replacements, including contact information for each  such person, and a list of their relevant skills, qualifications, and licenses, if any.

**RESPONSE:**

Plaintiff objects that this Interrogatory is overbroad and burdensome in its requests for the "contact information for each [person who may have repaired Plaintiff's properties], and a list of

their relevant skills, qualifications, and licenses, if any."   Subject to and without waiving the foregoing specific and general objections, Plaintiff responds:  not applicable.

**INTERROGATORY NO. 20**:

Identify all Persons with knowledge of any completed or planned repairs or replacements to Your Property.

**RESPONSE**:

Plaintiff objects that this Interrogatory is overbroad and not reasonably limited to repairs in response to COVID-19 or related to Plaintiff's claim.   Subject to and without waiving the foregoing specific and general objections, Plaintiff identifies Dan Larson and Matthew Piro as individuals with information regarding the steps taken by Plaintiff to address COVID-19 at its covered locations.

**INTERROGATORY NO. 21**:

Identify all Persons that You communicated with about any completed or planned repairs or replacements to Your Property.

**RESPONSE**:

Plaintiff objects that this Interrogatory is overbroad and not reasonably limited to repairs in response to COVID-19 or related to Plaintiff's claim.  Plaintiff objects that this Interrogatory is burdensome in its request that Plaintiff "identify all persons" it communicated with about "repairs or replacements."

**INTERROGATORY NO. 22**:

If the Property which You allege experienced direct physical loss or damage due to COVID-19 has not been repaired or replaced, state why repairs or replacements have not been made.

A.0756

**RESPONSE:**

Plaintiff objects that this Interrogatory is overbroad and vague.  Subject to and without waiving the foregoing specific and general objections, Plaintiff responds:  not applicable.

**INTERROGATORY NO. 23:**

Identify whether the air on Your Property or any surfaces on Your Property were ever tested for COVID-19 particles, and if so, identify:

a)    Whether COVID-19 particles were found on Your Property;

b)    If COVID-19 particles were found, whether they were found to be viable;

c)    If viable COVID-19 particles were found, which dates and times they were found;

d)    Who conducted the testing, what their qualifications are, and their contact information;

e)    The method of testing conducted, and whether there are any written reports summarizing the findings of the testing; and

f)    All persons with knowledge of such testing being conducted.

**RESPONSE:**

Plaintiff objects that this Interrogatory is vague in its use of the phrase "found to be viable." Subject to and without waiving the foregoing specific and general objections, Plaintiff responds that it is not aware of any testing of the air or surfaces at its properties for COVID-19.

**INTERROGATORY NO. 24:**

Identify each Person who is believed to have had COVID-19 while on Your Property, or was exposed to COVID-19 while on Your Property, and for each such person:

a)    State whether the Person had a confirmed COVID-19 test;

b)    State the dates the Person is believed to have been present on Your Property;

19

c)      State whether you were notified that the Person had COVID-19;

d)      State the dates that the Person was in quarantine following either exposure or a positive COVID-19 test result;

e)      Identify the areas within Your Property where the Person is believed to have been present while he or she had COVID-19 or was exposed to COVID-19;

f)      State whether any of Your Property could not be accessed or used because this Person had been present there;

g)      State what work, if any, was delayed because the Person was exposed to or had COVID-19;

h)      If the Person did not test positive for COVID-19, explain the basis for the belief that the person was exposed to COVID-19.

**RESPONSE:**

Plaintiff objects that this Interrogatory calls for the production of personal health information protected by The Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  Plaintiff further objects that this Interrogatory prematurely calls for the production of expert discovery.  Plaintiff incorporates its responses to Interrogatory Nos. 5 and 7, but will not respond further to this Interrogatory as written.

**INTERROGATORY NO. 25:**

Identify all Persons with knowledge of Persons testing positive for COVID-19 on Your Property.

A.0758

**RESPONSE**:

Plaintiff objects that this Interrogatory is overbroad and vague in its use of the phrase "with knowledge of persons testing positive for COVID-19."   Subject to and without waiving the foregoing specific and general objections, Plaintiff identifies Dan Larson.

**INTERROGATORY NO. 26**:

Set forth the factual basis for the allegation in paragraph 66 of the Complaint, that "Plaintiff's losses are covered in whole or in part under the business interruption, civil authority, ingress/egress and communicable disease coverage provisions of the Property Policies and there are no exclusions that apply."

**RESPONSE**:

Plaintiff objects that this Interrogatory is overbroad and not reasonably limited in scope. Plaintiff objects that this Interrogatory is compound and seeks a response regarding multiple policy provisions in a single request and, therefore, seeks to avoid the limitations on interrogatories set forth in the Federal Rules of Civil Procedure Rule 33 made applicable to this adversary proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure.

**INTERROGATORY NO. 27**:

Identify all Persons with knowledge of the business interruption losses referenced in Interrogatory No. 26.

**RESPONSE**:

Plaintiff objects that this Interrogatory is overbroad and vague in its use of the phrase "all persons."   Plaintiff further objects that Interrogatory No. 26 was compound and overbroad. Plaintiff objects that this Interrogatory is duplicative.  Subject to and without waiving the foregoing

21

specific and general objections, Plaintiff identifies Dan Larson, Matthew Piro, and Jeremy Gottlieb as having knowledge regarding Plaintiff's losses.

**INTERROGATORY NO. 28:**

Set forth the factual basis for the allegation in paragraph 66 of the Complaint that "Certain expenses also are covered as expenses to reduce loss and sue and labor expenses."

**RESPONSE:**

Plaintiff objects that this Interrogatory calls for the disclosure of loss/damages information prematurely and, as such, this Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The parties have agreed to litigate this action in phases, with phase two concerning Plaintiff's losses and damages. Subject to and without waiving the foregoing specific and general objections, Plaintiff will not respond to the Interrogatory at this time. Plaintiff reserves the right to assert additional objections to this Interrogatory if propounded again in a later phase of this case.

**INTERROGATORY NO. 29:**

Identify all Persons with knowledge of the reasonable and necessary Extra Expenses incurred, as referenced in Interrogatory No. 28.

**RESPONSE:**

Plaintiff objects that this Interrogatory calls for the disclosure of loss/damages information prematurely and, as such, this Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The parties have agreed to litigate this action in phases, with phase two concerning Plaintiff's losses and damages. Subject to and without waiving the foregoing specific and general objections, Plaintiff will not respond to

the Interrogatory at this time.  Plaintiff reserves the right to assert additional objections to this Interrogatory if propounded again in a later phase of this case.

**INTERROGATORY NO. 30:**

Identify all costs, expenses and losses which You incurred to mitigate the spread of COVID-19 on Your Property.

**RESPONSE:**

Plaintiff objects that this Interrogatory calls for the disclosure of loss/damages information prematurely and, as such, this Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The parties have agreed to litigate this action in phases, with phase two concerning Plaintiff's losses and damages.  Subject to and without waiving the foregoing specific and general objections, Plaintiff will not respond to the Interrogatory at this time.  Plaintiff reserves the right to assert additional objections to this Interrogatory if propounded again in a later phase of this case.

**INTERROGATORY NO. 31:**

Identify whether You have sought reimbursement under the CARES Act due to COVID-19.  If You have not sought reimbursement under the CARES Act, state why not.

**RESPONSE:**

Plaintiff objects that this Interrogatory calls for the disclosure of loss/damages information prematurely and, as such, this Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The parties have agreed to litigate this action in phases, with phase two concerning Plaintiff's losses and damages.  Subject to and without waiving the foregoing specific and general objections, Plaintiff will not respond to

the Interrogatory at this time.  Plaintiff reserves the right to assert additional objections to this Interrogatory if propounded again in a later phase of this case.

**INTERROGATORY NO. 32:**

Identify all financial or government assistance applied for or received by You, since May 1, 2020 including, without limitation, under the federal government's paycheck protection program or  the CARES Act or in the form of litigation funding, by describing in detail the assistance program, the terms of assistance, the amount of money received, and with respect to any loans, the amount of money that might have to be repaid to the entity providing the assistance.

**RESPONSE:**

Plaintiff objects that this Interrogatory calls for the disclosure of loss/damages information prematurely and, as such, this Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The parties have agreed to litigate this action in phases, with phase two concerning Plaintiff's losses and damages.  Subject to and without waiving the foregoing specific and general objections, Plaintiff will not respond to the Interrogatory at this time.  Plaintiff reserves the right to assert additional objections to this Interrogatory if propounded again in a later phase of this case.

**INTERROGATORY NO. 33:**

Identify all financial or governmental assistance applied for or received by You from any State, as a result of COVID-19, describing in detail the assistance program, the terms of assistance, the amount of money received, and with respect to any loans, the amount of money that might have to be repaid to the entity providing the assistance.

**RESPONSE**:

Plaintiff objects that this Interrogatory calls for the disclosure of loss/damages information prematurely and, as such, this Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The parties have agreed to litigate this action in phases, with phase two concerning Plaintiff's losses and damages.  Subject to and without waiving the foregoing specific and general objections, Plaintiff will not respond to the Interrogatory at this time.  Plaintiff reserves the right to assert additional objections to this Interrogatory if propounded again in a later phase of this case.

**INTERROGATORY NO. 34:**

Identify all financial or governmental assistance applied for or received by You from any governmental entity, as a result of COVID-19, describing in detail the assistance program, the terms of assistance, the amount of money received, and with respect to any loans, the amount of money that might have to be repaid to the entity providing the assistance.

**RESPONSE**:

Plaintiff objects that this Interrogatory calls for the disclosure of loss/damages information prematurely and, as such, this Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The parties have agreed to litigate this action in phases, with phase two concerning Plaintiff's losses and damages.  Subject to and without waiving the foregoing specific and general objections, Plaintiff will not respond to the Interrogatory at this time.  Plaintiff reserves the right to assert additional objections to this Interrogatory if propounded again in a later phase of this case.

A.0763

**INTERROGATORY NO. 35:**

Identify whether, since March 22, 2020, You have received any monies from any source other than payment for services rendered, as a result of COVID-19.

**RESPONSE:**

Plaintiff objects that this Interrogatory calls for the disclosure of loss/damages information prematurely and, as such, this Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The parties have agreed to litigate this action in phases, with phase two concerning Plaintiff's losses and damages.  Subject to and without waiving the foregoing specific and general objections, Plaintiff will not respond to the Interrogatory at this time.  Plaintiff reserves the right to assert additional objections to this Interrogatory if propounded again in a later phase of this case.

**INTERROGATORY NO. 36:**

Identify whether You sought or seek recovery for damages which were not caused in whole or in part by COVID-19.

**RESPONSE:**

Plaintiff objects that this Interrogatory calls for the disclosure of loss/damages information prematurely and, as such, this Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The parties have agreed to litigate this action in phases, with phase two concerning Plaintiff's losses and damages.  Subject to and without waiving the foregoing specific and general objections, Plaintiff will not respond to the Interrogatory at this time.  Plaintiff reserves the right to assert additional objections to this Interrogatory if propounded again in a later phase of this case.

A.0764

**INTERROGATORY NO. 37:**

Identify all Persons with knowledge of any recovery sought or obtained by You as a result of COVID-19.

**RESPONSE:**

Plaintiff objects that this Interrogatory calls for the disclosure of loss/damages information prematurely and, as such, this Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The parties have agreed to litigate this action in phases, with phase two concerning Plaintiff's losses and damages. Subject to and without waiving the foregoing specific and general objections, Plaintiff will not respond to the Interrogatory at this time. Plaintiff reserves the right to assert additional objections to this Interrogatory if propounded again in a later phase of this case.

**INTERROGATORY NO. 38:**

Provide an itemized list of damages claimed by You.

**RESPONSE:**

Plaintiff objects that this Interrogatory calls for the disclosure of loss/damages information prematurely and, as such, this Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The parties have agreed to litigate this action in phases, with phase two concerning Plaintiff's losses and damages. Subject to and without waiving the foregoing specific and general objections, Plaintiff will not respond to the Interrogatory at this time. Plaintiff reserves the right to assert additional objections to this Interrogatory if propounded again in a later phase of this case.

A.0765

**INTERROGATORY NO. 39:**

Set forth the factual basis for the allegation in paragraph 41 of the Complaint that "[t]he presence of individuals who contracted or suffered from COVID-19, coupled with the prevalence of the disease in the community, caused physical loss of or damage to Plaintiff's business location."

**RESPONSE:**

Plaintiff objects that this Interrogatory is overbroad, vague, and duplicative of other Interrogatories.  Subject to and without waiving the foregoing specific and general objections, Plaintiff incorporates its Response to Interrogatory Nos. 5 and 7.

**INTERROGATORY NO. 40:**

Set forth the factual basis for the allegation in paragraph 42 of the Complaint, that "[d]ue to [the physical loss or damage alleged in paragraph 41], Plaintiff's operations were suspended."

**RESPONSE:**

Plaintiff objects that this Interrogatory is overbroad, vague, and duplicative of other Interrogatories.  Subject to and without waiving the foregoing specific and general objections, Plaintiff incorporates its Response to Interrogatory Nos. 5 and 7.

**INTERROGATORY NO. 41:**

Set forth the factual basis for the allegation in paragraph 65 of the Complaint, that "[t]he expenses incurred by 24 Hour Fitness in connection with the closure of its properties, in addition to being done to address ongoing physical loss or damage, were also for the purpose of preserving the property from further loss."

A.0766

**RESPONSE**:

Plaintiff objects that this Interrogatory calls for the disclosure of loss/damages information prematurely and, as such, this Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The parties have agreed to litigate this action in phases, with phase two concerning Plaintiff's losses and damages.  Subject to and without waiving the foregoing specific and general objections, Plaintiff will not respond to the Interrogatory at this time.  Plaintiff reserves the right to assert additional objections to this Interrogatory if propounded again in a later phase of this case.

**INTERROGATORY NO. 42:**

State whether You allege that you incurred expenses to clean up, remove and dispose of communicable diseases from insure property and restore the premises. If Your answer is in the affirmative, list all affected properties by name and address and state the following for each property:

(a)   Were these actions taken to satisfy the minimum requirements of any law or ordinance regulating communicable diseases?

(b)   If so, identify the law or ordinance.

(c)   Identify the amounts of the expenses and the name and business addresses of the individuals or entities to whom those expenses were paid.

(d)   Were these actions taken as a direct result of access being prohibited to an insured location or any portion thereof due to the actual presence of and spread of communicable diseases at the property? If Your answer is in the affirmative, describe the basis for that answer.

(e)   Were these actions taken as a direct result of a declaration by a civil authority

29

enforcing any law or ordinance regulating communicable diseases? If Your answer is in the affirmative, describe the basis for that answer.

**RESPONSE:**

Plaintiff objects that this Interrogatory calls for the disclosure of loss/damages information prematurely and, as such, this Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The parties have agreed to litigate this action in phases, with phase two concerning Plaintiff's losses and damages.  Subject to and without waiving the foregoing specific and general objections, plaintiff will not respond to the interrogatory at this time.  Plaintiff reserves the right to assert additional objections to this interrogatory if propounded again in a later phase of this case.

**INTERROGATORY NO. 43:**

Set forth the factual basis for the allegation in paragraph 49 of the Complaint that "[a] property can suffer a 'loss' without there being any physical alteration to the structure of the property."

**RESPONSE:**

Plaintiff objects that this Interrogatory is overbroad, vague, and duplicative of other Interrogatories.  Subject to and without waiving the foregoing specific and general objections, Plaintiff incorporates its Response to Interrogatory Nos. 5 and 7.

**INTERROGATORY NO. 44:**

State whether You allege that access to Your real or personal property was prohibited by order or action of Civil Authority issued in connection with or following a peril insured against under the Policies. If Your answer is in the affirmative, list all affected properties by name and address and identify the following for each property:

    (a)    the orders or actions of Civil Authority which prohibited such access;

    (b)    the peril(s) which such orders or actions were issued in connection with or following;

    (c)    the location of such peril(s) by name and address; and

    (d)    the start and end dates for the time that access was prohibited.

**RESPONSE:**

Plaintiff objects that this Interrogatory is duplicative of Interrogatories 3, 4, 5, and 7. Plaintiff refers Defendants to its responses to such Interrogatories.

**INTERROGATORY NO. 45:**

State whether You allege that access to or egress from Your real or personal property was prevented in connection with or following a peril insured against under the Policies. If Your answer is in the affirmative, list all affected properties by name and address and identify the following for each property:

    (a)    the peril(s) in connection with or following access to or egress from property was prevented;

    (b)    the location of such peril(s) by name and address; and

    (c)    the start and end dates for the time that access or egress was prevented.

**RESPONSE:**

Plaintiff objects that this Interrogatory is duplicative of Interrogatories 3, 4, 5, and 7. Plaintiff refers Defendants to its responses to such Interrogatories.  Plaintiff further responds that it intends to produce documents showing the addresses of all of Plaintiff's covered locations and the dates where such locations were closed.

A.0769

**INTERROGATORY NO. 46:**

Identify each property involved in the claim submitted under the Policies that is the subject of this lawsuit.

**RESPONSE:**

Plaintiff will produce documents showing the addresses of all of Plaintiff's covered locations that are involved in its Claim.

**INTERROGATORY NO. 47:**

Identify all costs, expenses and losses which You claim to have incurred to defend, safeguard or recover property covered by the Policies due to actual or imminent loss or damage.

**RESPONSE:**

Plaintiff objects that this Interrogatory calls for the disclosure of loss/damages information prematurely and, as such, this Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The parties have agreed to litigate this action in phases, with phase two concerning Plaintiff's losses and damages. Subject to and without waiving the foregoing specific and general objections, Plaintiff will not respond to the Interrogatory at this time. Plaintiff reserves the right to assert additional objections to this Interrogatory if propounded again in a later phase of this case.


Dated: July 14, 2021

Respectfully submitted,

**REED SMITH LLP**

By: ___/s/ *Mark W. Eckard*_____
    Mark W. Eckard (No. 4542)
    1201 North Market Street, Suite 1500
    Wilmington, DE 19801
    Telephone:  (302) 778-7500
    Facsimile:  (302) 778-7575

Email:  meckard@reedsmith.com

David E. Weiss (admitted *pro hac vice*)
T. Connor O'Carroll (admitted *pro hac vice*)
101 Second Street, Suite 1800
San Francisco, CA  94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
Email:  dweiss@reedsmith.com
        cocarroll@reedsmith.com
**COUNSEL FOR PLAINTIFF 24 HOUR
FITNESS WORLDWIDE, INC.**

## CERTIFICATE OF SERVICE

I certify that I caused this document to be served on Defendant by email to Defendant's counsels of record on July 14, 2021.

    /s/ *Mark W. Eckard*

Mark W. Eckard

A.0771

**VERIFICATION**

I, Jeremy Gottlieb, am the Vice President – Audit and Compliance for 24 Hour Fitness USA, LLC.  I am duly authorized on behalf of Plaintiff 24 Hour Fitness Worldwide, Inc. ("Plaintiff") to verify Plaintiff's Responses to Defendants Endurance American Specialty Insurance Company; Starr Surplus Lines Insurance Company; Allianz Global Risks Us Insurance Company; Liberty Mutual Insurance Company; Certain Underwriters At Lloyd's of London Subscribing to Policy No. WC27C0A190101; Allied World National Assurance Company; QBE Specialty Insurance Company; and General Security Indemnity Company of Arizona's First Set of Interrogatories, and hereby do so.

The facts and matters stated in Plaintiff's Responses are not necessarily within my personal knowledge, or the personal knowledge any one specific individual.  Rather, the facts stated in these Responses have been assembled on behalf of Plaintiff by authorized individuals with knowledge of the subject matters of the particular Response.  Subject to the terms of this verification, Plaintiff declares under penalty of perjury that the foregoing Responses are true and correct to the best of its knowledge and belief.

Signed on this 13th day of July 2021.


_____
Jeremy Gottlieb