**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| RS FIT NW LLC, | ) | |
| | ) | Case No. 20-11568 (KBO) |
| Debtor. | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| 24 HOUR FITNESS WORLDWIDE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONTINENTAL CASUALTY COMPANY; | ) | Adv. Pro. No. 20-51051 (TMH) |
| ENDURANCE AMERICAN SPECIALTY | ) | |
| INSURANCE COMPANY; STARR SURPLUS | ) | |
| LINES INSURANCE COMPANY; ALLIANZ | ) | |
| GLOBAL RISKS US INSURANCE COMPANY; | ) | |
| LIBERTY MUTUAL INSURANCE COMPANY; | ) | |
| BEAZLEY-LLOYD'S SYNDICATES 2623/623; | ) | |
| ALLIED WORLD NATIONAL ASSURANCE | ) | |
| COMPANY; QBE SPECIALTY INSURANCE | ) | |
| COMPANY; and GENERAL SECURITY | ) | |
| INDEMNITY COMPANY OF ARIZONA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT ALLIANZ GLOBAL RISKS US INSURANCE COMPANY'S AND ALLIED WORLD ASSURANCE COMPANY'S SUPPLEMENTAL MOTION FOR PARTIAL SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

# TABLE OF CONTENTS

                                                                                                    **Page**

TABLE OF CONTENTS ..................................................................................................................II

TABLE OF AUTHORITIES ......................................................................................................... III

I.      STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ......................... 1

II.     SUMMARY OF ARGUMENT ............................................................................................ 1

III.    STATEMENT OF FACTS .................................................................................................. 1

A.   The Allianz Policy ............................................................................................................. 2
   1.   Allianz's Pollution and Contamination Exclusion Endorsement ....................................... 2

B.   The Allied World Policy .................................................................................................... 3
   1.   Allied World Contamination Exclusion ............................................................................ 3

IV.   ARGUMENT ....................................................................................................................... 5

A.   Standard of Review and Applicable Law .......................................................................... 5

B.   The Contamination Exclusions Bar Coverage for Any COVID-Related Losses outside of the ICD Endorsement ............................................................................................................. 5

V.     CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

                                                                                                                    **Page(s)**

**Cases**

*AECOM v. Zurich Am. Ins. Co.*,
   2023 WL 1281675 (9th Cir. 2023) ...................................................................................... 7

*Boscov's Dept. Store, Inc. v. American Guar. and Liab. Ins. Co.*,
   546 F.Supp.3d 354 (E.D. Pa. 2021) ..................................................................................... 7

*Cordish Companies, Inc. v. Affiliated FM Ins. Co.*,
   573 F.Supp.3d 977 (D. Md. 2021) ....................................................................................... 7

*Discount Electronics, Inc. v. Wesco Ins. Co.*,
   2023 WL 2009935 (9th Cir. 2023) ...................................................................................... 7

*In-n-Out Burgers v. Zurich Am. Ins. Co.*,
   2023 WL 2445681 (9th Cir. 2023) ...................................................................................... 7

*JRK Property Holdings, Inc. v. Colony Ins. Co.*,
   313 Cal.Rptr.3d 895 (Cal. App. 2023) ............................................................................ 7, 8

*Northwell Health, Inc. v. Lexington Ins. Co.*,
   550 F.Supp.3d 108 (S.D.N.Y. 2021) ................................................................................... 8

*Out West Restaurant Group, Inc. v. Affiliated FM Insurance Co.*,
   2022 WL 4007998 (9th Cir. 2022) ...................................................................................... 7

*Starr Surplus Lines Ins. Co. v. Eighth Judicial District v. JGB Vegas Retail Lessee*,
   535 P.3d 254 (Nev. 2023) .................................................................................................... 8

*TP Racing LLP v. Am. Home Assur. Co.*,
   2023 WL 3750395 (9th Cir. June 1, 2023) .......................................................................... 7

**Rules**

Federal Rules of Bankruptcy Procedure Rule 7056 .................................................................. 1

Federal Rules of Civil Procedure Rule 56 ................................................................................. 1

**Other Authorities**

Allianz Policy's "Pollution and Contamination Exclusion Endorsement" ................................ 5

Allied World Policy's "Pollution, Contamination, Debris Removal Exclusion" ...................... 5

Allied World Commerical Property Insurance Policy No. 0311-9178-1N ................................ 4

Property Policies' "Perils Insured Against"........................................................................................9

Defendant Allianz Global Risks US Insurance Company ("Allianz") and Allied World Assurance Company ("Allied World"), subscribe to, follow and incorporate herein, the separate Motion for Summary Judgment filed by Property Insurers in this matter. Allianz and Allied World offer this supplemental motion for summary judgment based solely upon language that is unique to their respective policies. (See, Adv. DE at 232 and 233). In addition to relief they have requested as Property Insurers in the principal Motion for Summary Judgment With Respect to the Property Policy ("Property Insurers' Principal Summary Judgment Motion"),[1] then, Allianz and Allied World, hereby move the Court to enter partial summary judgment in their favor, pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure and Rule 56 of the Federal Rules of Civil Procedure, showing the Court as follows:

## I. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

In the interest of brevity, this Motion incorporates in full the Statement of the Nature and Stage of the Proceeding from the Property Insurers' Principal Summary Judgment Motion.

## II. SUMMARY OF ARGUMENT

In this Motion, Allianz and Allied World move for summary judgment on the basis that the Contamination Exclusions in their respective policies bar coverage for any claims caused by the virus causing COVID-19 other than those that might otherwise be covered under the Interruption by Communicable Disease Endorsement ("ICD Endorsement") in their policies.

## III. STATEMENT OF FACTS

In the interest of brevity, this Motion incorporates in those portions of Statement of Facts, other than those related specifically to policy wording, from the Property Insurers' Principal Summary Judgment Motion.

---

[1] Allied World has also submitted a separate motion for summary judgment specific to the separate Pollution Liability Policy it issued.

1

Key to this motion is the undisputed fact that all of 24 Hour's claims relate to losses purportedly caused by COVID-19 and/or the virus causing it, SARS-CoV-2.

A.      **The Allianz Policy**

Allianz issued USP000783190 (the "Allianz Policy") to 24 Hour Holdings I Corp. for the period June 30, 2019 to June 30, 2020 (the Allianz Policy"). (See Allianz Policy attached hereto as Exhibit 1). In addition to the policy language cited from Allianz's Policy in the Property Insurers' Principal Summary Judgment Motion, Allianz's Policy additionally contains the relevant policy language set forth below.

1.      **Allianz's Pollution and Contamination Exclusion Endorsement**

The Allianz Policy includes the following endorsement:

**POLLUTION AND CONTAMINATION EXCLUSION ENDORSEMENT**

This endorsement modifies insurance provided under the following: 24 Hour Holdings I Corp. Manuscript Property Form

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**Words that appear in quotation marks in this endorsement have special meaning. Refer to Section B - DEFINITION.**

A. Notwithstanding any other provision, this policy, including its endorsements, does not cover:

1. Expenses, fines, penalties or costs incurred or sustained by the Insured or imposed on the Insured at the order of any government agency, court or other authority, in connection with any kind or description of environmental impairment including seepage or "pollution" or "contamination" from any cause whatsoever.

2. Loss, damage, costs or expenses in connection with any kind of description of seepage and/or "pollution" and/or "contamination", direct or indirect, arising from any cause whatsoever.

Nevertheless, if fire is not excluded from this policy and a fire arises directly or indirectly from seepage and/or "pollution" and/or "contamination", any loss or

    damage insured under this policy arising directly from that fire shall (subject to the terms, exclusions, limits and conditions of this policy) be covered.

    However, if the insured property is the subject of direct physical loss or damage for which the Company has paid or agreed to pay, then this policy (subject to its terms, exclusions, limits and conditions) insures against direct physical loss or damage to the insured property caused by resulting seepage and/or "pollution" and/or "contamination"; provided that nothing in the foregoing shall be construed to mean that this policy covers the cost of decontamination or removal or restoration or replacement of water, soil, or any other substance on or under the premises at any location covered hereunder.

    The Insured shall give notice to the Company of intent to claim no later than twelve (12) months after the date of the original physical loss or damage.

B. DEFINITION

    "Pollution" and/or "Contamination"

    The terms "pollution" and/or "contamination" shall mean the presence of any material which after its release or discharge can cause or threaten damage to human health and/or human welfare, or causes or threatens damage, deterioration, loss of value, marketability and/or loss of use to insured property, including, but not limited to, bacteria, virus, or hazardous substances as listed in the Federal Water Pollution Control Act, Clean Air Act, Resource Conservation and Recovery Act of 1976, and/or Toxic Substances Control Act, or as designated by the US Environmental Protection Agency.

    Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, or limitations of the policy to which this endorsement is attached other than as above stated.

Exhibit 1, Allianz Policy, Pollution and Contamination Endorsement, AGR-CP 5103 (02-05).

    B.    **The Allied World Policy**

Allied World issued Commercial Property Insurance Policy No. 0311-9178-1N to 24 Hour Holdings Fitness Worldwide, Inc. for the period June 30, 2019 to June 30, 2020. ("Allied World Policy") (See Allied World Policy attached hereto as Exhibit 2).

    1.    **Allied World Contamination Exclusion**

The Allied World Policy also contains a Pollution, Contamination, Debris Removal Exclusion that defines "CONTAMINANTS OR POLLUTANTS" to include virus:

3

**POLLUTION, CONTAMINATION, DEBRIS REMOVAL EXCLUSION ENDORSEMENT**

\*\*\*

2. Pollution and Contamination Exclusion.

This policy does not cover loss or damage caused by, resulting from, contributed to or made worse by actual, alleged or threatened release, discharge, escape or dispersal of CONTAMINANTS or POLLUTANTS, all whether direct or indirect, proximate or remote or in whole or in part caused by, contributed to or aggravated by any physical damage insured by this policy.

Nevertheless, if fire is not excluded from this policy and a fire arises directly or indirectly from seepage or contamination or pollution, any loss or damage insured under this policy arising directly from that fire is insured, subject to the provisions of this policy.

CONTAMINANTS OR POLLUTANTS means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste, which after its release can cause or threaten damage to human health or human welfare or causes or threatens damage, deterioration, loss of value, marketability or loss of use to property insured hereunder, including, but not limited to, bacteria, fungi, virus, or hazardous substances as listed in the Federal Water, Pollution Control Act, Clean Air Act, Resource Conservation and Recovery Act of 1976, and Toxic Substances Control Act or as designated by the U.S. Environmental Protection Agency. Waste includes materials to be recycled, reconditioned or reclaimed.

This exclusion shall not apply when loss or damage is directly caused by fire, lightning, aircraft Impact, explosion, riot, civil commotion, smoke, vehicle impact, windstorm, hail, vandalism, malicious mischief. This exclusion shall also not apply when loss or damage is directly caused by leakage or accidental discharge from automatic fire protective systems.

\*\*\*

5. Authorities Exclusion

Notwithstanding any of the provisions of this policy, the Company shall not be liable for loss, damage, costs, expenses, fines or penalties incurred or sustained by or imposed on the Insured at the order of any Government Agency, Court or other Authority arising from any cause whatsoever.

Exhibit 2, Allied World Policy, Pollution, Contamination, Debris Removal Exclusion Endorsement PEN 0014 99 0609.

4

IV. **ARGUMENT**

A. **Standard of Review and Applicable Law**

In the interest of brevity, Allianz and Allied World incorporate fully the "Standard of Review," "Applicable Law" and "Argument" sections of the Property Insurers' Principal Summary Judgment Motion.

B. **The Contamination Exclusions Bar Coverage for Any COVID-Related Losses outside of the ICD Endorsement**

As set forth in Property Insurers' Principal Summary Judgment Motion, 24 Hour has not demonstrated that it is entitled to coverage under the ICD Endorsement or under the other Time Element provisions in their Policies. But, even assuming that 24 Hour could demonstrate that it has met the requirements for time element coverage under the property policies for the losses it alleges were caused by the COVID-19 virus, the Allianz Policy's "Pollution and Contamination Exclusion Endorsement" and the Allied World Policy's "Pollution, Contamination, Debris Removal Exclusion" (collectively, "Contamination Exclusions") bar coverage for all COVID-19 related losses other than those that might be proven under the ICD Endorsement.

The Allianz Pollution and Contamination Exclusion Endorsement provides, in pertinent part, that the Allianz Policy does not cover "[e]xpenses, fines, penalties or costs incurred or sustained by" 24 Hour "in connection with any kind or description of environmental impairment including . . . 'contamination' from any cause whatsoever." The Allied World Pollution, Contamination, Debris Removal Exclusion Endorsement provides that the Allied World Policy does not cover "loss or damage caused by, resulting from, contributed to or made worse by actual, alleged or threatened release, discharge, escape or dispersal of CONTAMINANTS or POLLUTANTS, all whether direct or indirect, proximate or remote, or in whole or in part caused by, contributed to or aggravated by any physical damage insured by this policy." Exhibit 2, Allied

5

World Policy, Pollution, Contamination, Debris Removal Exclusion Endorsement PEN 0014 99 0609. In turn, both the Allied World and Allianz Policies expressly define "CONTAMINANTS or POLLUTANTS" and "contamination," respectively, to include "virus," without any limitations. (*Id*. and Exhibit 1, Allianz Policy, Pollution and Contamination Endorsement, AGR-CP 5103 (02-05).

Specifically, the term "CONTAMINANTS OR POLLUTANTS" is defined in the Allied World Policy to include "any solid, liquid, gaseous or thermal irritant or contaminant…which after its release can cause or threaten damage to human health or human welfare or causes or threatens damage, deterioration, loss of value, marketability or loss of use to property insured hereunder, including, but not limited to, … virus." (Exhibit 2, Allied World Policy, Pollution, Contamination, Debris Removal Exclusion Endorsement PEN 0014 99 0609.) The term "contamination" is similarly defined in the Allianz Policy to mean "the presence of any material which after its release or discharge can cause or threaten damage to human health and/or human welfare, or causes or threatens damage, deterioration, loss of value, marketability and/or loss of use to insured property, including . . . virus . . . ." (Exhibit 1, Allianz Policy, Pollution and Contamination Endorsement, AGR-CP 5103 (02-05)).

Courts in California and other jurisdictions have interpreted similar or identical contamination exclusions to bar cover for COVID-19 related losses under commercial property policies. *In-n-Out Burgers v. Zurich Am. Ins. Co.*, 2023 WL 2445681 at *1 (9th Cir. 2023) (applying CA law); *AECOM v. Zurich Am. Ins. Co.*, 2023 WL 1281675 at *1 (9th Cir. 2023) (applying CA law); *Out West Restaurant Group, Inc. v. Affiliated FM Insurance Co.*, 2022 WL 4007998 at *2 (9th Cir. 2022) (applying CA law); *Cordish Companies, Inc. v. Affiliated FM Ins. Co.*, 573

F.Supp.3d 977, 1005 (D. Md. 2021); *Boscov's Dept. Store, Inc. v. American Guar. and Liab. Ins. Co.*, 546 F.Supp.3d 354, 369 (E.D. Pa. 2021).[2]

Here, there is no genuine dispute that COVID-19 is caused by a virus. Nor is there a dispute that all of 24 Hour's losses are alleged to have been caused by COVID-19. There also is no dispute that both the Allianz and Allied World Policies expressly include "virus" in the definition of "contamination" and "Contaminants or Pollutants," respectively. 24 Hour Fitness cannot escape the fact that, with the potential limited exception of losses asserted on the ICD Endorsement, the Contamination Exclusions preclude coverage for all of its claimed losses.[3]

24 Hour may seek to rely upon *JRK Property Holdings, Inc. v. Colony Ins. Co.*, 313 Cal.Rptr.3d 895 (Cal. App. 2023) for the proposition that a reasonable policyholder would not consider the dispersal of COVID virus to be "pollution," and, hence, the exclusion does not apply. Allianz and Allied World respectfully submit that *JRK* is a distinct outlier in terms of this finding and that its approach impermissibly reads the terms "contamination" and "virus" out of the exclusion and converts it, in effect, into a standard pollution exclusion. The Court should decline to follow the divergent approach adopted in *JRK* and should apply the exclusion as written. To hold otherwise would render the express inclusion of "virus" as a contaminant meaningless.

---

[2] Allianz and Allied World acknowledge that the Ninth Circuit has certified to the California Supreme Court the question of whether the mere presence of COVID virus can constitute physical loss or damage. The Ninth Circuit has subsequently recognized, however, that resolution of this question is not determinative in a case in which a virus exclusion bars coverage. *Discount Electronics, Inc. v. Wesco Ins. Co.*, 2023 WL 2009935 at *2 (9th Cir. 2023); *see also TP Racing LLP v. Am. Home Assur. Co.*, 2023 WL 3750395 (9th Cir. June 1, 2023) (applying Arizona law) (citing *AECOM* and holding that a contamination exclusion that precluded coverage for, among other things, "dispersal" of a "virus," unambiguously precluded coverage for a claim seeking to recover for the alleged physical presence of virus particles that purportedly caused physical loss or damage).

[3] The ICD Endorsement serves as a limited exception to the Contamination Exclusions and the provisions therefore do not conflict. If 24 Hour was able to establish that it has met the requirements for coverage under the ICD Endorsement (which, again, Property Insurers, including Allianz and Allied World, maintain it cannot), the Contamination Exclusions would not bar coverage for losses under the ICD Endorsement. *See Out West* 2022 WL 4007998 at *2 (explaining the interaction between communicable disease cover and a contamination exclusion).

Courts in other jurisdictions that have traditionally limited application of contamination exclusions to an environmental context have declined to do so where the words in the exclusion demonstrated an intent for the exclusion to apply outside the context such as by expressly referring to the term "virus." *See, e.g., Northwell Health, Inc. v. Lexington Ins. Co.*, 550 F.Supp.3d 108 (S.D.N.Y. 2021) (holding that New York precedent limiting contamination exclusions to traditional environmental context did not apply where the exclusion specifically included the term "virus" and noting that "grouping viruses with environmental and industrial pollutants may be unorthodox," but there was "no controlling cases construing 'contamination' not to include one of the terms in its contractual definition" and to hold otherwise would result in a part of the contract being meaningless); *see also*, *Starr Surplus Lines Ins. Co. v. Eighth Judicial District v. JGB Vegas Retail Lessee*, 535 P.3d 254, (Nev. 2023) (rejecting insured's contention that contamination exclusion applied only to traditional environmental pollution notwithstanding reference therein to "virus").

As such, there is no genuine issue as to any material fact and Allied World and Allianz are entitled to summary judgment in their favor dismissing all of 24 Hour's claims other than those submitted under the ICD Endorsement, which, as set forth in Property Insurers' Principal Summary Judgment Motion should also be dismissed.

## V.     CONCLUSION

For the foregoing reasons, Allied World and Allianz respectfully request that the Court grant their Motion for Summary Judgment in its entirety and any other relief to which they may be entitled.

Dated: November 10, 2023					Respectfully submitted,

/s/Garvan F. McDaniel
Garvan F. McDaniel (DE No. 4167)
HOGAN McDANIEL
1311 Delaware Avenue
Wilmington, DE 19806
Telephone: (302) 656-7596
Facsimile: (302) 656-7599
gfmcdaniel@dkhogan.com

– and –

Benjamin W. Loveland (admitted pro hac vice)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6641
benjamin.loveland@wilmerhale.com

Lauren R. Lifland (admitted pro hac vice)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
lauren.lifland@wilmerhale.com

Marlie McDonnell (admitted pro hac vice)
CLYDE & CO US LLP
271 17th Street NW, Suite 1720
Atlanta, Georgia 30363
Telephone: (404) 410-3150
marlie.mcdonnell@clydeco.us

*Counsel to Allianz Global Risks US Insurance Company*

Richard G. Haddad (admitted *pro hac vice*)
**OTTERBOURG, P.C.**
230 Park Avenue
New York, NY 10169-0075
Telephone: (212) 661-9100
rhaddad@ottergourg.com

Michael Busenkell
**GELLERT SCALI BUSENKELL & BROWN, LLC**
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5812
mbusenkell@gsbblaw.com

Deanna M. Manzo (admitted pro hac vice)
MOUND COTTON WOLLAN & GREENGRASS, LLP
One New York Plaza
New York, NY 10004
Telephone: (212) 804-4200
dmanzo@moundcotton.com

*Counsel to Allied World National Assurance Company*