# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| RS FIT NW LLC, | ) | |
| | ) | Case No. 20-11568 (TMH) |
| Debtor. | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| 24 HOUR FITNESS WORLDWIDE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONTINENTAL CASUALTY COMPANY; ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY; STARR SURPLUS LINES INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; BEAZLEY-LLOYD'S SYNDICATES 2623/623; ALLIED WORLD NATIONAL ASSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, | ) | Adv. Pro. No. 20-51051 (TMH) |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF ANDREW S. HALPERN IN SUPPORT OF ALLIED WORLD NATIONAL ASSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT REGARDING THE POLLUTION POLICY**

I, Andrew S. Halpern, declare as follows:

1. I am an attorney duly admitted to practice law in the State of New York. I have been admitted *pro hac vice* to practice in this Court in connection with the above-entitled adversary proceeding.

**AW0001**

2. I am associated with the law firm of Otterbourg PC, attorneys of record for defendant Allied World National Assurance Company ("Allied World"). I offer this declaration in support of Allied World's motion for summary judgment dismissing the Complaint in this adversary proceeding in its entirety to the extent it purports to assert a claim against Allied World based upon Scheduled Location Pollution Liability Policy No. 0309-1873, effective September 3, 2017, through September 3, 2020, issued by Allied World to 24 Hour Holdings I Corp. (the "Pollution Policy"). The statements made herein are based on my personal knowledge.

3. Attached hereto as **Exhibit 1** is a true and correct copy of pages 1-6 and 75-76 of the transcript of the deposition of Glenn Serrano, Allied World's 30(b)(6) witness with respect to certain topics noticed by defendant 24 Hour Fitness Worldwide, Inc. ("24 Hour") relating to 24 Hour's claim against Allied World under the Pollution Policy, taken on September 15, 2022.

4. Attached hereto as **Exhibit 2** is a true and correct copy of the portion of the Pollution Policy that was marked by counsel for defendant 24 Hour Fitness Worldwide, Inc. ("24 Hour") as Exhibit 2 at Mr. Serrano's 30(b)(6) deposition (the "Serrano Pollution Policy Deposition Exhibit").

5. Attached hereto as **Exhibit 3** is a true and correct copy of certain endorsements which are part of the Pollution Policy, but which are not included in the Serrano Pollution Policy Deposition Exhibit.

6. Attached hereto as **Exhibit 4** is a true and correct copy of pages 1-7, 65, 77-79 and 92 of the transcript of the deposition of 24 Hour's 30(b)(6) witness with respect to 24 Hour's claim under the Pollution Policy, Dan Larson, taken on April 28, 2022.

7703181.1

AW0002

7. Attached hereto as **Exhibit 5** is a true and correct copy of pages 1-5, 24, 63 and 95-97 of the transcript of the deposition of 24 Hour's expert witness, Dr. Mercedes Carnethon, taken on August 16, 2023, including the errata sheet.

8. Attached hereto as **Exhibit 6** is a true and correct copy of the transcript of the hearing held on September 7, 2021, on Allied World's Motion for Judgment on the Pleadings.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in November 10, 2023, at New York, New York.



                                                                          /s/ Andrew S. Halpern
                                                                             Andrew S. Halpern