# EXHIBIT 34

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br>24 HOUR FITNESS WORLDWIDE, INC., *et al.*,<br>　　　　　Debtors. | Chapter 11<br>Case No.: 20-11558 (KBO)<br>(Jointly Administered) |
| 24 HOUR FITNESS WORLDWIDE, INC.,<br>　　　　　Plaintiff,<br>v.<br>CONTINENTAL CASUALTY COMPANY; ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY; STARR SURPLUS LINES INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; BEAZLEY-LLOYD'S SYNDICATES 2623/623; ALLIED WORLD NATIONAL ASSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA,<br>　　　　　Defendants. | Adv. Proc. No. 20-51051 (KBO) |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES

Defendant, STARR SURPLUS INSURANCE COMPANY ("Defendant"), by and through its attorneys, Hinshaw & Culbertson LLP, hereby serves the following Objections and Responses to Plaintiff's Interrogatories:

### GENERAL OBJECTIONS

Discovery is continuing and will continue as long as permitted by rule, statute, court order or stipulation of the parties. Defendant's responses and objections to the Interrogatories

1034876\309499450.v1

as set forth below are based on the documents and information known or reasonably available to Defendant at the time of these responses and objections. Without assuming the duty to do so, Defendant reserves the right to amend or supplement its objections and answers if it learns of new information through discovery or otherwise. The following answers are, therefore, provided without prejudice to Defendant's rights to rely on facts or documents that may subsequently be discovered or recalled in the future, and to raise contentions and arguments based thereon. No answer contained herein shall be deemed to constitute an agreement or concession that the subject matter thereof is relevant to this action, and all answers are provided without waiving, or intending to waive, any objection as to relevance, privilege or admissibility.

Defendant makes the following General Objections to the Interrogatories. These General Objections are part of the answers to each and every Interrogatory, as if set forth in full therein. The assertion of the same, similar, or additional objections in the individual objections to these Interrogatories, or the failure to assert any additional objections, does not waive any of Defendant's General Objections as set forth below.

1. Defendant's answers herein represent a good faith effort to comply with Plaintiff's Interrogatories. Defendant responds to the Interrogatories based upon its present knowledge.

2. Defendant objects to the Interrogatories to the extent that they are inconsistent with, or seek to impose obligations or burdens upon Defendant beyond those required and/or permitted by, the applicable provisions of the Fed. R. Civ. P. 26 and 33, made applicable to this adversary proceeding by Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court for the District of Delaware, and/or any order of this Court.

1034876\309499450.v1

Exhibit 34 to Plaintiff's Appendix of Evidence    Page 690 of 1418
in support of Plaintiff's Motion for Partial Summary Judgment

3. Defendant objects to the Interrogatories to the extent they seek information that is not relevant or material to the subject matter of this action, or necessary or proportional to the needs of the case.

4. Defendant objects to the Interrogatories to the extent they are overly broad, oppressive, or would require an undue burden or expense to respond, which would greatly exceed the value of the information in the context of this litigation.

5. Defendant objects to the Interrogatories to the extent they lack geographic and temporal limitations and/or seek information pertaining to a time period other than a period reasonably related to the alleged business income losses Plaintiff incurred from COVID-19, because such discovery is overly broad, unduly burdensome, irrelevant, and not necessary or proportional to the needs of the case.

5. Defendant objects to the Interrogatories to the extent they seek information that was prepared, generated, or received in anticipation of or after the commencement of this litigation, and to the extent they seek information that is subject to the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, legal protection, or rule of confidentiality.

6. Defendant objects to the Interrogatories to the extent they seek information regarding trade or business secrets or other confidential, proprietary, or sensitive business information.

6. Defendant objects to the "Definitions" contained in the Interrogatories to the extent they seek to impose obligations greater than those imposed by the applicable provisions of the Fed. R. Civ. P. 26 and 33, made applicable to this adversary proceeding by Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules for

the United States Bankruptcy Court for the District of Delaware, and/or any order of this Court.

7. In answering the Interrogatories, Defendant does not in any way waive or intend to waive, but rather reserves and intends to reserve, the following:

(a) All objections as to competency, relevancy, materiality and admissibility;

(b) All rights to object on any ground to the use of any of the responses herein and documents in any subsequent proceeding, including trial of any other action;

(c) All objections as to vagueness and ambiguity; and

(d) All rights to object on any ground to any further discovery requests involving or relating to these Interrogatories.

8. Defendant objects to the Interrogatories to the extent that they call for the disclosure of information or documents protected by the attorney-client privilege, work product doctrine, or any other privilege or rule of confidentiality. Defendant further objects to the Interrogatories insofar as they seek information related to mental impressions, legal conclusions, opinions, or theories of any attorney or other representative of Defendant. Privileged and/or confidential documents or information will not be produced.

9. Defendant objects to the Interrogatories to the extent they seek confidential, proprietary or otherwise protected business or commercial information, including but not limited to information relating to reinsurance and/or reserves, which is not relevant to any claims or defenses, is privileged and confidential, contains trade or business secrets or other confidential, proprietary, or sensitive business information, and is not necessary or proportional to the needs of the case.

1034876\309499450.v1

10. Defendant objects to the Interrogatories to the extent they seek information about policyholders other than Plaintiff. Such information is confidential; is not relevant to any issue in this case; is not proportional to the needs of the case; may be subject to a protective order, confidentiality agreement or other prohibition against disclosure; and would create an undue burden on Defendant to identify, locate, and provide.

11. All answers and objections are based on information currently available to Defendant and Defendant reserves the right to amend or supplement these responses as discovery is ongoing.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:** IDENTIFY each PERSON, employed or retained by YOU or on YOUR behalf, who was involved in any way with reviewing or handling PLAINTIFF's CLAIM for insurance coverage under the POLICY.

**RESPONSE:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 1 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Interrogatory as overly broad and unduly burdensome.

Subject to and without waiving any objections, Defendant states that Dolores R. Varela of Defendant and Mike Allen of McLarens have knowledge of the investigation conducted on behalf of Defendant following Plaintiff's notice of loss. In answering further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 2:** IDENTIFY each PERSON who was involved in any way with any investigation conducted by YOU or on YOUR behalf in connection with PLAINTIFF's CLAIM for insurance coverage under the POLICY.

1034876\309499450.v1

**RESPONSE:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 2 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Interrogatory as overly broad and unduly burdensome.

Subject to and without waiving any objections, Defendant states that Dolores R. Varela of Defendant and Mike Allen of McLarens have knowledge of the investigation conducted on behalf of Defendant following Plaintiff's notice of loss. In answering further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 3:** IDENTIFY each PERSON, employed by YOU or on YOUR behalf, who participated in making a coverage decision relating to PLAINTIFF's CLAIM for insurance coverage under the POLICY.

**RESPONSE:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 3 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Interrogatory as overly broad and unduly burdensome. In answering further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 4:** IDENTIFY each PERSON, employed by YOU or on YOUR behalf, who reviewed or analyzed YOUR coverage decisions concerning PLAINTIFF's CLAIM.

**RESPONSE:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 4 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Interrogatory as overly broad and unduly burdensome. In answering further,

pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 5:** IDENTIFY any and all third parties, including but not limited to investigators, consultants, scientists, researchers, doctors, or experts, who are likely to have knowledge of PLAINTIFF's CLAIM, including those YOU have hired, retained, or otherwise directed with respect to PLAINTIFF's CLAIM.

**RESPONSE:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 5 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Interrogatory as overly broad and unduly burdensome.

Subject to and without waiving any objections, Defendant states Mike Allen of McLarens has knowledge of the investigation conducted on behalf of Defendant following Plaintiff's notice of loss. In answering further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 6:** If YOU contend that any POLICY exclusion(s) applies to bar coverage of PLAINTIFF's CLAIM, IDENTIFY all such exclusion(s).

**RESPONSE:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 6 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving any objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests

for Production of Documents, along with Defendant's Answer filed in this action and the Policy, which is the best evidence of its terms, conditions, provisions, exclusions, and limitations.

Subject to and without waiving any objections, Defendant affirmatively states that, as neither the Policy's insuring provision nor the conditions of coverage contained in Endorsement 2 have been triggered, no exclusions are necessary to preclude coverage for Plaintiff's Claim. Subject to and without waiving any objections, to the extent the insuring provisions of the Policy or conditions of coverage within Endorsement 2 have been met – which is disputed - Defendant states that the following exclusion may be applicable to portions of Plaintiff's Claim:

**10. PERILS EXCLUDED**

This policy does not insure:

\* \* \*

N. loss of Market Share

\* \* \*

(2) Special Exclusions: This section of the policy does not insure against any increase of loss which may be occasioned by the suspension, lapse, or cancellation of any lease, license, contract, or order; nor for any increase of loss due to interference at the Insured's premises by strikers or other persons with rebuilding, repairing, or replacing the property damaged or destroyed, or with the resumption or continuation of business, or with the reoccupancy of the premises.

**INTERROGATORY NO. 7:** For any POLICY exclusion(s) that YOU IDENTIFIED in response to Interrogatory No. 6, state all facts supporting YOUR contention that such exclusion(s) applies to bar coverage for PLAINTIFF's CLAIM.

**RESPONSE:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 7 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving any objections, Defendant affirmatively states that, as neither the Policy's insuring provision nor the conditions of coverage contained in Endorsement 2 have been triggered, no exclusions are necessary to preclude coverage for Plaintiff's Claim. Subject to and without waiving any objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents, along with Defendant's Answer filed in this action and the Policy, which is the best evidence of its terms, conditions, provisions, exclusions, and limitations.

**INTERROGATORY NO. 8:** If YOU contend that COVID-19 does not constitute a risk of direct physical loss or damage to property under the POLICY, state all facts that support YOUR contention.

**RESPONSE:**

Defendant objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Defendant to assess coverage. Defendant further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Defendant to fully assess its claim. Defendant further objects to the request to "state all facts that support" as overly broad, unduly burdensome, and premature. Defendant also objects to this Interrogatory to the extent that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, and any other applicable privilege.

Subject to and without waiving the above general and specific objections, Defendant states that, based on the limited information provided by Plaintiff regarding its claim, COVID-19 does not present a risk of direct physical loss or damage to its property. Defendant further states that COVID-19 presents a risk to the health of persons, not a risk of physical loss or damage to Plaintiff's property. Defendant further states that COVID-19 does not physically alter or change surfaces or any other property at issue in this action or result in permanent loss or dispossession of Plaintiff's property.

**INTERROGATORY NO. 9:** If YOU contend that Executive Order N-33-20, issued by the Governor of California on or about March 19, 2020 does not constitute an

order by a civil authority that prohibited access to real or personal property issued in connection with or following a peril insured against within five (5) statute miles of an insured premises, as set forth in the POLICY, state all facts that support YOUR contention.

**RESPONSE:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 9 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant further objects that Interrogatory 9 improperly seeks a legal conclusion.

Subject to and without waiving any objections, Defendant states that Executive Order N-33-20 does not prohibit access to real or personal property and was not issued in connection with or following a peril insured against within five (5) statute miles of an insured premises. Further, the Order does not prohibit access to any specific location or address within the parameters identified by the Policy.

**INTERROGATORY NO. 10:** If YOU contend that the March 16, 2020 Order of the Health Officer of the County of Alameda directing all individuals living in the county to shelter at their places of residence and all businesses and governmental agencies to cease non-essential operations at physical locations in the county, does not constitute an order by a civil authority that prohibited access to real or personal property issued in connection with or following a peril insured against within five (5) statute miles of an insured premises, as set forth in the POLICY, state all facts that support YOUR contention.

**RESPONSE:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 10 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant further objects that Interrogatory 10 improperly seeks a legal conclusion.

Subject to and without waiving any objections, Defendant states that the referenced order does not prohibit access to real or personal property and was not issued in connection with or following a peril insured against within five (5) statute miles of an insured premises. Further, the Order does not prohibit access to any specific location or address within the parameters identified by the Policy.

**INTERROGATORY NO. 11:** If YOU contend that COVID-19 does not constitute a "communicable disease" as that term is used in the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY, state all facts that support YOUR contention.

**RESPONSE:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 11 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant does not refute that COVID-19/SARS-CoV-2 is a communicable disease, but affirmatively states that Endorsement 2 requires that any coverage under the endorsement " must be directly resulting from access being prohibited to a described location or any portion thereof: (a) Due to the actual presence of and the spread of communicable diseases at that described location; and (b) As a direct result of a declaration by a civil authority enforcing any law or ordinance regulating communicable diseases." As the coverage conditions set forth in Endorsement 2 has not been met, there is no coverage under the Policy.

**INTERROGATORY NO. 12:** Describe in detail what evidence YOU contend is required to establish the "actual presence of and spread of communicable diseases" at a described location as set forth in the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY.

**RESPONSE:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 12 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

The extrinsic information sought in this Interrogatory is not relevant to interpret the provisions of the policy, which have not been found to be ambiguous. Subject to and without

waiving any objections, Defendant states that the burden is on Plaintiff, not the Defendant, to establish and prove that its claim falls within the insuring agreement of the Policy. Defendant will not speculate about theoretical evidence that Plaintiff has failed to provide the Defendant to set forth a *prima facie* claim. Subject to and without waiving any objections, Defendant refers Plaintiff to the Policy, which is the best evidence of its terms, conditions, provisions, exclusions, and limitations. Defendant further affirmatively states that the conditions of coverage of Endorsement 2, from which the quoted language is taken, necessitate "access being prohibited to a described location or any portion thereof." As this coverage condition has not been met, the inquiry as to any alleged "actual presence of and spread of communicable diseases" is not reached.

**INTERROGATORY NO. 13:** Describe in detail all instances where YOU confirmed the "actual presence of and spread of" COVID-19 at a location insured under any of YOUR policies, including how YOU confirmed such "actual presence of and spread of" COVID-19.

**RESPONSE:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 13 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to the extent this Interrogatory seeks information and documents about claims by other insureds or claimants that are not at issue in this action, and which may contain or reflect their private, personal, confidential, and/or proprietary information. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections, Defendant maintains that the Policy only provides coverage where there has been a prohibition of access "to a described location or any portion thereof: a) Due to the actual presence of and the spread of communicable diseases at the described location; and b) As a direct result of a declaration by a civil authority enforcing any law or ordinance regulating communicable disease." As these terms have not been met, Defendant maintains that there is no coverage for Plaintiff's claim.

**INTERROGATORY NO. 14:** Describe in detail all instances where YOU tested for the "actual presence of and spread of" COVID-19 at a location insured under any of YOUR policies, including the nature of the testing YOU performed.

**RESPONSE:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 14 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to the extent this Interrogatory seeks information and documents about claims by other insureds or claimants that are not at issue in this action, and which may contain or reflect their private, personal, confidential, and/or proprietary information. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections, Defendant maintains that the Policy only provides coverage where there has been a prohibition of access "to a described location or any portion thereof: a) Due to the actual presence of and the spread of communicable diseases at the described location; and b) As a direct result of a declaration by a civil authority enforcing any law or ordinance regulating communicable disease." As these terms have not been met, Defendant maintains that there is no coverage for Plaintiff's claim.

**INTERROGATORY NO. 15:** If YOU contend that, prior to June 30, 2020, there was testing available to detect the "actual presence of and spread of" COVID-19 at a described location as set forth in the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY, state all facts that support YOUR contention, including the IDENTIFICATION of every test YOU contend was available, and when such test became available.

**RESPONSE:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 15 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant contends that the terms of Endorsement 2 have not been met or satisfied in that any expenses incurred were not directly or indirectly caused by or resulting from access being prohibited to a described location or any portion thereof.

1034876\309499450.v1

Exhibit 34 to Plaintiff's Appendix of Evidence    Page 701 of 1418
in support of Plaintiff's Motion for Partial Summary Judgment

**INTERROGATORY NO. 16:** If YOU contend that there can be no coverage under the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY based on the "actual presence of and spread of" COVID-19, in the absence of an available test for COVID-19 at a given time, state all facts that support YOUR contention.

**RESPONSE:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 16 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant contends that the insuring provision of Endorsement 2 has not been met or satisfied in that any expenses incurred were not directly or indirectly caused by or resulting from access being prohibited to a described location or any portion thereof.

**INTERROGATORY NO. 17:** IDENTIFY all policies, procedures, guidance, or training materials that concern the method, scope, or analysis to be used for administering coverage claims relating to COVID-19 that YOU have provided to YOUR EMPLOYEES or any PERSON reviewing or handling claims under the POLICY or insurance policies that YOU have issued.

**RESPONSE:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 17 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Dated: December 22, 2021

/s/Garvan F. McDaniel

Garvan F. McDaniel (DE No. 4167)
**HOGAN McDANIEL**
1311 Delaware Avenue
Wilmington, DE 19806
Telephone: (302) 656-7596
Facsimile: (302) 656-7599
gfmcdaniel@dkhogan.com

Courtney E. Murphy
Kyle M. Medley
Adam S. Cohen
**HINSHAW & CULBERTSON LLP**
800 Third Avenue, 13th Floor
New York, NY 10022
Telephone:  (212) 471-6200
cmurphy@hinshawlaw.com

*Counsel to Starr Surplus Lines Insurance Company and Certain Underwriters at Lloyd's of London subscribing to Policy No. W27C0A190101, incorrectly sued as "Beazley-Lloyd's Syndicates 2623/623"*

1034876\309499450.v1