# EXHIBIT 36

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| 24 HOUR FITNESS WORLDWIDE, INC., *et al.* | Case No. 20-11558 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| 24 HOUR FITNESS WORLDWIDE, INC. | |
| Plaintiff, | |
| v. | |
| CONTINENTAL CASUALTY COMPANY; ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY; STARR SURPLUS LINES INSURANCE COMPANY; ALIANZ GLOBAL RISKS US INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; BEAZLEY-LLOYD'S SYNDICATES 2623/623; ALLIED WORLD NATIONAL ASSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, | Adv. Proc. No. 20-51051 (KBO) |
| Defendants. | |

## **GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA'S ANSWERS TO PLAINTIFFS' INTERROGATORIES, SET ONE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are 24 Hour Holdings II LLC (N/A); 24 Hour Fitness Worldwide, Inc. (5690); 24 Hour Fitness United States, Inc. (8376); 24 Hour Fitness USA, Inc. (9899); 24 Hour Fitness Holdings LLC (8902); 24 San Francisco LLC (3542); 24 New York LLC (7033); 24 Denver LLC (6644); RS FIT Holdings LLC (3064); RS FIT CA LLC (7007); and RS FIT NW LLC (9372); The Debtors' corporate headquarters and service address is 12647 Alcosta Blvd., Suite 500, San Ramon, CA 94583.

1

Pursuant to Federal Rule of Civil Procedure 33, Defendant General Security Indemnity Company of Arizona ("GSINDA") hereby objects to and responds to Plaintiffs' First Set of Interrogatories, Set One ("Interrogatories").

## **GENERAL OBJECTIONS**

Discovery is continuing and will continue as long as permitted by rule, statute, court order or stipulation of the parties. Defendant's responses and objections to the Interrogatories as set forth below are based on the documents and information known or reasonably available to Defendant at the time of these responses and objections. Without assuming the duty to do so, Defendant reserves the right to amend or supplement its objections and answers if it learns of new information through discovery or otherwise. The following answers are, therefore, provided without prejudice to Defendant's rights to rely on facts or documents that may subsequently be discovered or recalled in the future, and to raise contentions and arguments based thereon. No answer contained herein shall be deemed to constitute an agreement or concession that the subject matter thereof is relevant to this action, and all answers are provided without waiving, or intending to waive, any objection as to relevance, privilege or admissibility.

Defendant makes the following General Objections to the Interrogatories. These General Objections are part of the answers to each and every Interrogatory, as if set forth in full therein. The assertion of the same, similar, or additional objections in the individual objections to these Interrogatories, or the failure to assert any additional objections, does not waive any of Defendant's General Objections as set forth below.

2

Exhibit 36 to Plaintiff's Appendix of Evidence
in support of Plaintiff's Motion for Partial Summary Judgment
Page 722 of 1418

1. GSINDA objects to these Interrogatories to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the rules of this Court, or any other applicable rules or law.

2. GSINDA objects to the Interrogatories to the extent that Plaintiff purports to ascribe a particular meaning to them. GSINDA will respond as it reasonably understands and interprets them.

3. GSINDA objects to these Interrogatories to the extent they seek to discover documents or information outside the possession, custody or control of GSINDA. Such discovery is overly broad and unduly burdensome.

4. GSINDA objects to the Interrogatories insofar as they seek information already in Plaintiff's knowledge, possession, custody and/or control, or information to which Plaintiff has or had equal access, including information publicly available to Plaintiff, because such discovery is unduly burdensome and oppressive. Plaintiff has reasonable access to such information in the absence of responses by GSINDA.

5. GSINDA objects to any Interrogatory to the extent it calls for information and/or documents protected by the attorney-client privilege, the work product doctrine, joint defense privilege, and/or any other applicable privilege, protection or rule of confidentiality. No privileged information, communication or document will be provided in response to Plaintiff's Interrogatories. By responding to any particular Interrogatory, GSINDA does not intend to waive, nor does it waive, any applicable privilege that it may have, and GSINDA specifically intends to assert the same.

6. These objections are based upon information now known by GSINDA. GSINDA has not yet completed discovery or preparation for trial in this action and therefore reserve the right to supplement or modify any and all of their objections.

7. GSINDA objects to the "Definitions" and "Instructions" sections of the Interrogatories to the extent such definitions and instructions are overly broad, vague and ambiguous and to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the rules of this Court, or any other applicable rules or law.

8. GSINDA specifically objects to Plaintiff's definitions of "you," "your," and "yours" on the grounds that those definitions are overly broad and vague as it appears to include third-party "representatives" and "any other Person acting on behalf of the Insurer, including any business owned or controlled, in whole or in part, by the Insurer." GSINDA further objects to these definitions on the grounds that they seek information protected by the attorney-client privilege and the work product doctrine as they include "attorneys."

9. GSINDA objects to any Request that seeks information that is not proportional to the needs of the case.

Each general objection is hereby expressly incorporated by reference into each of the following specific objections, answers and responses.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1**: IDENTIFY each PERSON, employed or retained by YOU or on YOUR behalf, who was involved in any way with reviewing or handling

4

Exhibit 36 to Plaintiff's Appendix of Evidence                    Page 724 of 1418
in support of Plaintiff's Motion for Partial Summary Judgment

PLAINTIFF's CLAIM for insurance coverage under the POLICY.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 1 to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant objects to this Interrogatory as overly broad and unduly burdensome.

Subject to and without waiving any objections, Defendant states that Mike Allen of McLarens has knowledge of the investigation conducted on behalf of the market of Insurers following Plaintiff's notice of loss. Defendant further states that Timothy Gardner of Defendant has knowledge of Defendant's handling of the Claim. In answering further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 2**: IDENTIFY each PERSON who was involved in any way with any investigation conducted by YOU or on YOUR behalf in connection with PLAINTIFF's CLAIM for insurance coverage under the POLICY.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 2 to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant objects to this Interrogatory as overly broad and unduly burdensome.

Subject to and without waiving any objections, Defendant states that Mike Allen of McLarens has knowledge of the investigation conducted on behalf of the market of Insurers following Plaintiff's notice of loss. Defendant further states that Timothy Gardner of Defendant has knowledge of Defendant's handling of the Claim. In answering further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 3**: IDENTIFY each PERSON, employed by YOU or on YOUR behalf, who participated in making a coverage decision relating to PLAINTIFF's CLAIM for insurance coverage under the POLICY.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 3 to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant objects to this Interrogatory as overly broad and unduly burdensome. In answering further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 4**: IDENTIFY each PERSON, employed by YOU or on YOUR behalf, who reviewed or analyzed YOUR coverage decisions concerning PLAINTIFF's CLAIM.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 4 to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant objects to this Interrogatory as overly broad and unduly burdensome. In answering further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 5**: IDENTIFY any and all third parties, including but not limited to investigators, consultants, scientists, researchers, doctors, or experts, who are likely to have knowledge of PLAINTIFF's CLAIM, including those YOU have

hired, retained, or otherwise directed with respect to PLAINTIFF's CLAIM.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 5 to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant objects to this Interrogatory as overly broad and unduly burdensome.

Subject to and without waiving any objections, Defendant states that Mike Allen of McLarens has knowledge of the investigation conducted on behalf of the market of Insurers following Plaintiff's notice of loss. Defendant further states that Timothy Gardner of Defendant has knowledge of Defendant's handling of the Claim. In answering further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 6**: If YOU contend that any POLICY exclusion(s) applies to bar coverage of PLAINTIFF's CLAIM, IDENTIFY all such exclusion(s).

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 6 to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents.

Subject to and without waiving any objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents, along with Defendant's Answer filed in this action and the Policy, which is the best evidence of its terms, conditions, provisions, exclusions, and limitations.

Subject to and without waiving any objections, Defendant affirmatively states that, as neither the Policy's insuring provision nor the conditions of coverage contained in Endorsement 2 have been triggered, no exclusions are necessary to preclude coverage for Plaintiff's Claim. Subject to and without waiving any objections, to the extent the

7

Exhibit 36 to Plaintiff's Appendix of Evidence    Page 727 of 1418
in support of Plaintiff's Motion for Partial Summary Judgment

insuring provisions of the Policy or conditions of coverage within Endorsement 2 have been met – which is disputed - Defendant states that the following exclusion may be applicable to portions of Plaintiff's Claim:

**10. PERILS EXCLUDED**

This policy does not insure:

\*\*\*

N. loss of Market Share

\*\*\*

**NUCLEAR, BIOLOGICAL, CHEMICAL AND RADIOLOGICAL HAZARDS EXCLUSION**

Notwithstanding any provision to the contrary within the Policy of which tee Endorsement forms part ( or within any other Endorsement which forms part of this policy).

I. This Policy does not insure any loss, damage, cost or expense, whether real or alleged, that is caused, results from, is exacerbated by or otherwise impacted by, either directly or indirectly, any of the following:

\*\*\*

2) **Biological Hazard** – including, but not limited to, any biological and/or poisonous or pathogenic agent, material, product or substance, whether engineered or naturally occurring, that induces or is capable of inducing physical distress, illness, or disease;

\*\*\*

All other terms and conditions of this policy remain unchanged.

**INTERROGATORY NO. 7**: For any POLICY exclusion(s) that YOU IDENTIFIED in response to Interrogatory No. 6, state all facts supporting YOUR

8

Exhibit 36 to Plaintiff's Appendix of Evidence
in support of Plaintiff's Motion for Partial Summary Judgment
Page 728 of 1418

contention that such exclusion(s) applies to bar coverage for PLAINTIFF's CLAIM.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 7 to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents.

Subject to and without waiving any objections, Defendant affirmatively states that, as neither the Policy's insuring provision nor the conditions of coverage contained in Endorsement 2 have been triggered, no exclusions are necessary to preclude coverage for Plaintiff's Claim. Subject to and without waiving any objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents, along with Defendant's Answer filed in this action and the Policy, which is the best evidence of its terms, conditions, provisions, exclusions, and limitations.

**INTERROGATORY NO. 8**: If YOU contend that COVID-19 does not constitute a risk of direct physical loss or damage to property under the POLICY, state all facts that support YOUR contention.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 8 to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant further objects that Interrogatory 8 improperly seeks a legal conclusion. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above general and specific objections, Defendant states that, based on the limited information provided by Plaintiff regarding its claim, COVID-19 does not present a risk of direct physical loss or damage to its property. Defendant further states that COVID-19 presents a risk to the health of persons, not a risk of physical loss or damage to Plaintiff's property. Defendant further states that COVID-

9

19 does not physically alter or change surfaces or any other property at issue in this action or result in permanent loss or dispossession of Plaintiff's property.

**INTERROGATORY NO. 9**: If YOU contend that Executive Order N-33-20, issued by the Governor of California on or about March 19, 2020, does not constitute an order by a civil authority that prohibited access to real or personal property issued in connection with or following a peril insured against within five (5) statute miles of an insured premises, as set forth in the POLICY, state all facts that support YOUR contention.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 9 to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant further objects that Interrogatory 9 improperly seeks a legal conclusion.

Subject to and without waiving any objections, Defendant states that Executive Order N-33-20 does not prohibit access to real or personal property and was not issued in connection with or following a peril insured against within five (5) statute miles of an insured premises. Further, the Order does not prohibit access to any specific location or address within the parameters identified by the Policy.

**INTERROGATORY NO. 10**: If YOU contend that the March 16, 2020 Order of the Health Officer of the County of Alameda directing all individuals living in the county to shelter at their places of residence and all businesses and governmental agencies to cease non-essential operations at physical locations in the county, does not constitute an order by a civil authority that prohibited access to real or personal property issued in connection with or following a peril insured against within five (5) statute miles of an insured premises, as set forth in the POLICY, state all facts that support YOUR

10

Exhibit 36 to Plaintiff's Appendix of Evidence
in support of Plaintiff's Motion for Partial Summary Judgment
Page 730 of 1418

contention.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 10 to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant further objects that Interrogatory 10 improperly seeks a legal conclusion.

Subject to and without waiving any objections, Defendant states that the referenced order does not prohibit access to real or personal property and was not issued in connection with or following a peril insured against within five (5) statute miles of an insured premises. Further, the Order does not prohibit access to any specific location or address within the parameters identified by the Policy.

**INTERROGATORY NO. 11**: If YOU contend that COVID-19 does not constitute a "communicable disease" as that term is used in the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY, state all facts that support YOUR contention.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 11 to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant does not refute that COVID-19/SARS-CoV-2 is a communicable disease, but affirmatively states that Endorsement 2 requires that any coverage under the endorsement " must be directly resulting from access being prohibited to a described location or any portion thereof: (a) Due to the actual presence of and the spread of communicable diseases at that described location; and (b) As a direct result of a declaration by a civil authority enforcing any law or ordinance regulating communicable diseases." As the

11

coverage conditions set forth in Endorsement 2 has not been met, there is no coverage under the Policy.

**INTERROGATORY NO. 12**: Describe in detail what evidence YOU contend is required to establish the "actual presence of and spread of communicable diseases" at a described location as set forth in the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 12 to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects as the extrinsic information sought in this Interrogatory is not relevant to interpret the provisions of the Property Policy, which have not been found to be ambiguous.

Subject to and without waiving any objections, Defendant states that the burden is on Plaintiff, not the Defendant, to establish and prove that its claim falls within the insuring agreement of the Property Policy. To date, Plaintiff has failed to establish or prove that its claim falls within the insuring agreement of the Property Policy. Defendant will not speculate about theoretical evidence that Plaintiff has failed to provide the Defendant to set forth a prima facie claim. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

More specifically, Defendant refers Plaintiff to the Property Policy, which is the best evidence of its terms, conditions, provisions, exclusions, and limitations. Defendant further affirmatively states that the conditions of coverage of Endorsement 2, from which the quoted language is taken, necessitate "access being prohibited to a described location or any portion thereof." As this coverage condition has not been met, the inquiry as to any alleged "actual presence of and spread of communicable diseases" is not reached.

**INTERROGATORY NO. 13**: Describe in detail all instances where YOU

confirmed the "actual presence of and spread of" COVID-19 at a location insured under any of YOUR policies, including how YOU confirmed such "actual presence of and spread of" COVID-19.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 13 to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant also objects to the Interrogatory on the grounds that is overly broad, unduly burdensome, vague, and ambiguous. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this Interrogatory seeks information and documents about claims by other insureds or claimants that are not at issue in this action, and which may contain or reflect their private, personal, confidential, and/or proprietary information.

Subject to and without waiving any objections, Defendant further states that it maintains that the Property Policy provides coverage only where there has been a prohibition of access "to a described location or any portion thereof: a) Due to the actual presence of and the spread of communicable diseases at the described location; and b) As a direct result of a declaration by a civil authority enforcing any law or ordinance regulating communicable disease." As these terms have not been met, Defendant maintains that there is no coverage for Plaintiff's claim under the Property Policy.

**INTERROGATORY NO. 14**: Describe in detail all instances where YOU tested for the "actual presence of and spread of" COVID-19 at a location insured under any of YOUR policies, including the nature of the testing YOU performed.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 14 to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its

attorneys and/or their agents. Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to the extent this Interrogatory seeks information and documents about claims by other insureds or claimants that are not at issue in this action, and which may contain or reflect their private, personal, confidential, and/or proprietary information. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections, Defendant maintains that the Policy only provides coverage where there has been a prohibition of access "to a described location or any portion thereof: a) Due to the actual presence of and the spread of communicable diseases at the described location; and b) As a direct result of a declaration by a civil authority enforcing any law or ordinance regulating communicable disease." As these terms have not been met, Defendant maintains that there is no coverage for Plaintiff's claim.

**INTERROGATORY NO. 15**: If YOU contend that, prior to June 30, 2020, there was testing available to detect the "actual presence of and spread of" COVID-19 at a described location as set forth in the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY, state all facts that support YOUR contention, including the IDENTIFICATION of every test YOU contend was available, and when such test became available.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 15 to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant contends that the terms of Endorsement 2 have not been met or satisfied in that any expenses incurred were not directly or indirectly caused by or resulting from access being prohibited to a described location or any portion thereof.

14

Exhibit 36 to Plaintiff's Appendix of Evidence          Page 734 of 1418
in support of Plaintiff's Motion for Partial Summary Judgment

**INTERROGATORY NO. 16**: If YOU contend that there can be no coverage under the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY based on the "actual presence of and spread of" COVID-19, in the absence of an available test for COVID-19 at a given time, state all facts that support YOUR contention.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 16 to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant contends that the insuring provision of Endorsement 2 has not been met or satisfied in that any expenses incurred were not directly or indirectly caused by or resulting from access being prohibited to a described location or any portion thereof.

**INTERROGATORY NO. 17**: IDENTIFY all policies, procedures, guidance, or training materials that concern the method, scope, or analysis to be used for administering coverage claims relating to COVID-19 that YOU have provided to YOUR EMPLOYEES or any PERSON reviewing or handling claims under the POLICY or insurance policies that YOU have issued.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to Interrogatory 17 to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant objects to this Interrogatory as overly broad and

unduly burdensome. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

                Respectfully submitted,

Dated: December 22, 2021        **HOGAN♦McDANIEL**
*/s/ Garvan F. McDaniel*
Garvan F. McDaniel (Del. Bar. No. 4167)
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302-656-7540
gmcdaniel@dkhogan.com

-and-

**WILMER CUTLER PICKERING HALE AND DORR LLP**

Benjamin W. Loveland
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
Benjamin.Loveland@wilmerhale.com

-and-

Lauren R. Lifland
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 295-6305
lauren.lifland@wilmerhale.com

-and-

**ZELLE LLP**

Elizabeth V. Kniffen
500 Washington Avenue South

16

Exhibit 36 to Plaintiff's Appendix of Evidence
in support of Plaintiff's Motion for Partial Summary Judgment
Page 736 of 1418

Suite 4000
Minneapolis, MN 55415
Telephone: 612-339-2020
ekniffen@zelle.com
***ATTORNEYS FOR GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA***