**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| RS FIT NW LLC, | ) | |
| | ) | Case No. 20-11568 (TMH) |
| Debtor. | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| 24 HOUR FITNESS WORLDWIDE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONTINENTAL CASUALTY COMPANY; | ) | Adv. Pro. No. 20-51051 (TMH) |
| ENDURANCE AMERICAN SPECIALTY | ) | |
| INSURANCE COMPANY; STARR SURPLUS | ) | |
| LINES INSURANCE COMPANY; ALLIANZ | ) | |
| GLOBAL RISKS US INSURANCE COMPANY; | ) | |
| LIBERTY MUTUAL INSURANCE COMPANY; | ) | |
| BEAZLEY-LLOYD'S SYNDICATES 2623/623; | ) | |
| ALLIED WORLD NATIONAL ASSURANCE | ) | |
| COMPANY; QBE SPECIALTY INSURANCE | ) | |
| COMPANY; and GENERAL SECURITY | ) | |
| INDEMNITY COMPANY OF ARIZONA, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS ALLIANZ GLOBAL'S AND ALLIED WORLD'S SUPPLEMENTAL MOTION FOR PARTIAL SUMMARY JUDGMENT**

David E. Weiss (admitted *pro hac vice*)
T. Connor O'Carroll (admitted *pro hac vice*)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: (415) 543-8700
E-mail: dweiss@reedsmith.com
E-mail: cocarroll@reedsmith.com

Mark W. Eckard (No. 4542)
REED SMITH LLP
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
E-mail: meckard@reedsmith.com

Counsel for Plaintiff 24 HOUR FITNESS WORLDWIDE, INC.

**TABLE OF CONTENTS**

                                                                                                **Page**

I.     NATURE OF THE PROCEEDING ................................................................................. 1

II.    SUMMARY OF ARGUMENT ...................................................................................... 1

III.   STATEMENT OF FACTS ............................................................................................. 2

IV.   ARGUMENT ................................................................................................................. 4

        A.     Under California Law, Allianz-Allied's "Pollution and Contamination" Exclusions Apply Only to Commonly Understood Environmental Pollution and Contamination, not the Presence of COVID-19 in a Business ........................ 5

        B.     Allianz-Allied's Policies Specifically Cover "Communicable Diseases" and the "Pollution and Contamination" Exclusions Cannot Be Read to Eliminate Such Coverage by Using the Term "Virus" ............................................................. 8

V.    CONCLUSION ............................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aecom v. Zurich Am. Ins. Co.*,
  2023 U.S. App. Lexis 2434 (9th Cir. Jan. 31, 2023) ...............................................................11

*Castro v. Fireman's Fund Am. Life Ins. Co.*,
  206 Cal. App. 3d 1114 (1988) ................................................................................................10

*In-N-Out Burgers v. Zurich Am. Ins. Co.*,
  2023 U.S. App. Lexis 5728 (9th Cir. Mar. 10, 2023) .............................................................11

*JRK Prop. Holdings, Inc. v. Colony Ins. Co.*,
  96 Cal. App. 5th 1 (2023) ................................................................................................6, 7, 8

*MacKinnon v. Truck Ins. Exch.*,
  31 Cal. 4th 635 (2003) ..................................................................................................... *passim*

*Martinez v. Cot'n Wash, Inc.*,
  81 Cal. App. 5th 1026 (2022) ...................................................................................................8

*Out West Rest. Grp., Inc. v. Affiliated FM Ins. Co.*,
  2022 U.S. App. Lexis 24921 (9th Cir. Sep. 2, 2022) ..............................................................10

*Reg'l Steel Corp. v. Liberty Surplus Ins. Corp.*,
  226 Cal. App. 4th 1377 (2014) .................................................................................................9

**Statutes**

42 U.S.C. § 7401 ...............................................................................................................................5

42 U.S.C. § 9601 ...............................................................................................................................5

Plaintiff 24 Hour Fitness Worldwide Inc. ("24 Hour") incorporates herein its separate Opposition to the Property Insurers' Motion for Summary Judgment in this matter, which it files concurrently herewith.[1] Additionally, 24 Hour submits this Opposition in response to Defendants Allianz Global Risks US Insurance Company's ("Allianz") and Allied World National Assurance Company's ("Allied") (collectively "Allianz-Allied") Supplemental Motion for Partial Summary Judgment ("Motion") concerning the applicability of their respective Pollution and Contamination Exclusions.

## I.    NATURE OF THE PROCEEDING

In the interest of brevity, this Opposition incorporates in full the Statement concerning the Nature of the Proceeding from 24 Hour's Opposition to the Property Insurers' Summary Judgment Motion.

## II.    SUMMARY OF ARGUMENT

There is no dispute that Allianz-Allied issued insurance policies to 24 Hour that provide coverage for, among other things, business interruption losses caused by a "communicable disease," which is defined broadly in their identical policy endorsements titled "Interruption by Communicable Disease" ("Communicable Disease Endorsement") as a "disease" that "may be transmitted directly or indirectly by one person or other life form to another." Appx, Ex. 5 at 277; Appx, Ex. 8 at 469. Allianz-Allied admit that COVID-19 is a communicable disease under their policies, and acknowledge, as they must, that their Pollution and Contamination exclusions *do not* apply to coverage under the Communicable Disease Endorsement. See Motion, fn. 3.

---

[1]    "Property Insurers" refers to Defendants Continental Casualty Company; Starr Surplus Lines Insurance Company; Allianz Global Risks US Insurance Company; Liberty Mutual Fire Insurance Company; Certain Underwriters at Lloyd's, London; Allied World National Assurance Company; QBE Specialty Insurance Company; and General Security Indemnity of Arizona.

1

Notwithstanding that their policies clearly distinguish between covered communicable disease losses and excluded environmental contamination losses (including those from a "virus"), Allianz-Allied argue that 24 Hour's losses from COVID-19 are excluded by their policies' Pollution and Contamination exclusions, except to the extent such losses fall under the Communicable Disease Endorsement. Setting aside this paradox, Allianz-Allied's arguments should be rejected by this Court in full for at least two independent reasons.

1.     The California Supreme Court has held in *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635 (2003) that pollution exclusions, like those at issue here, apply only to traditional environmental contamination, and this holding has been extended to COVID-19 claims. Thus, Allianz-Allied's Pollution and Contamination exclusions do not apply to 24 Hour's COVID-19 claims as a matter of law.

2.     Even if this Court finds that the Pollution and Contamination exclusions could somehow apply to COVID-19, there is no basis to apply such exclusions here because Allianz-Allied's policies use the terms "communicable disease" and "virus" separately, which at least creates ambiguity as to whether the term "virus" in the Pollution and Contamination exclusions can be read to include a "communicable disease" like COVID-19, especially when the exclusions must be read narrowly against Allianz-Allied, and all ambiguity must be resolved in 24 Hour's favor.

### III.     STATEMENT OF FACTS[2]

In the interest of brevity, this Opposition to Allianz-Allied's Supplemental Motion for Partial Summary Judgment ("Motion") incorporates 24 Hour's Statement of Facts from its Opposition to the Property Insurers' Principal Summary Judgment Motion. Also, to the extent

---

[2]    24 Hour objects to Allianz-Allied's incorporated statement of facts as it contains improper arguments contrary to Local Rule 7007-2(b)(i)(E).

2

the Allianz-Allied rely on any facts stated in the Property Insurers' Principal Summary Judgment Motion or Allied's Motion for Summary Judgment concerning its pollution policy, 24 Hour incorporates its objections to such facts, which it files concurrently herewith.

Specific to this Opposition, Allianz-Allied's arguments in support of their Motion rest entirely upon this Court's application of their respective Pollution and Contamination exclusions, which purport to bar coverage for "expenses, fines, penalties, or costs" or "loss or damage" caused by a "Contaminant" or "Pollutant." Appx, Ex. 5 at 296; Appx, Ex. 8 at 475.

With respect to Allied, its exclusion bars coverage for, in relevant part:

> loss or damage caused by, resulting from, contributed to or made worse by actual, alleged or threatened release, discharge, escape or dispersal of CONTAMINANTS or POLLUTANTS, all whether direct or indirect, proximate or remote or in whole or in part caused by, contributed to or aggravated by any physical damage insured by this policy.

Appx, Ex. 8 at 475.

With respect to Allianz, its exclusion bars coverage for, in relevant part:

> Loss, damage, costs or expenses in connection with any kind or description of seepage and/or "pollution" and/or "contamination," direct or indirect, arising from any cause whatsoever.

Appx, Ex. 5 at 296.

Notably, both Allianz and Allied use similar definitions for "Contaminants" and "Pollutants," which focus on commonly understood contaminants, like smoke, soot, acids, chemicals, or waste that may threaten the environment. For example, Allied defines a "Contaminant" and "Pollutant" as:

> any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste, which after its release can cause or threaten damage to human health or human welfare or causes or threatens damage, deterioration, loss of value, marketability or loss of use to property insured hereunder, including, but not limited to, bacteria, fungi, virus, or hazardous substances as listed in the Federal Water Pollution Control Act, Clean Air Act, Resource Conservation and Recovery Act of 1976, and Toxic Substances Control

3

> Act or as designated by the U.S. Environmental Protection Agency. Waste includes materials to be recycled, reconditioned or reclaimed.

Appx, Ex. 8 at 475.

Similarly, Allianz defines a "Contaminant" and "Pollutant" as:

> the presence of any material which after its release or discharge can cause or threaten damage to human health and/or human welfare, or causes or threatens damage, deterioration, loss of value, marketability and/or loss of use to insured property, including, but not limited to, bacteria, virus, or hazardous substances as listed in the Federal Water Pollution Control Act, Clean Air Act, Resource Conservation and Recovery Act of 1976, and/or Toxic Substances Control Act, or as designated by the US Environmental Protection Agency.

Appx, Ex. 5 at 296.

Allianz-Allied also define "Contaminant" and "Pollutant" in reference to well-known environmental protection statutes (the Federal Water Pollution Control Act, Clean Air Act, RCRA and the Toxic Substance Control Act) and the Environmental Protection Agency, which makes clear that the focus of these exclusions is traditional environmental contamination.

As relevant here, included in these definitions of "Pollutant" and "Contaminant" is the word "virus," which Allianz-Allied contend should be broadly applied to bar coverage for 24 Hour's alleged COVID-19 losses—other than such losses that fall under the Communicable Disease Endorsement—because, according to Allianz-Allied, COVID-19 is a "virus" within the meaning of the "Contaminant" and "Pollutant" definitions.

Allianz-Allied are simply wrong in asserting that exclusions for traditional environmental contamination claims bar coverage for the spread of COVID-19 within business locations, and their arguments should be rejected in full for the reasons discussed below.

## IV.    ARGUMENT

Allianz-Allied contend that 24 Hour's losses from COVID-19 may be both *excluded* under their policies' Pollution and Contamination exclusions and simultaneously *covered* under their

4

policies' Communicable Disease Endorsements. As demonstrated below, Allianz-Allied's contentions are paradoxical, and their Motion should be denied in full.

A. **Under California Law, Allianz-Allied's "Pollution and Contamination" Exclusions Apply Only to Commonly Understood Environmental Pollution and Contamination, not the Presence of COVID-19 in a Business**

The Court should deny Allianz-Allied's Motion in its entirety as California law is clear that Pollution and Contamination exclusions in insurance policies, like those at issue here, apply only to exclude commonly understood environmental pollution, not the presence of an infectious disease like COVID-19. *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 655 (2003) ("limiting" such contamination or pollution exclusions to what is "'commonly thought of as pollution'").

In *MacKinnon*, the California Supreme Court addressed whether a standard pollution exclusion could be expanded to apply beyond traditional environmental contamination claims. The Supreme Court considered whether the exclusion applied to a landlord's negligent spraying of pesticides inside a building, which ultimately caused the death of a tenant. *Id.* at 649. The exclusion barred coverage for bodily injury or property damage resulting from the "'actual, alleged, or threatened discharge, dispersal, release or escape of pollutants: (a) at or from the insured location.'" *Id.* at 639. The policy defined "'Pollution or Pollutants'" as "'any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste materials.'" *Id.*

In deciding this issue, the Supreme Court reviewed the historical background of the pollution exclusion and noted that the exclusion was incorporated into insurance policies in response to the expansion of federal environmental laws, including the Clean Air Act (42 U.S.C. § 7401 et seq.), and later, the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA; 42 U.S.C. § 9601 et seq.), which required increased environmental remediation that placed greater economic burdens on insurance underwriters. *Id.*

5

at 643–645.  The Supreme Court further observed that "[e]ven commentators who represent the insurance industry recognize that the broadening of the pollution exclusion was intended primarily to only exclude ***traditional environmental pollution*** rather than all injuries from toxic substances." *Id.* at 644 (emphasis added).

Applying these principles, the Supreme Court rejected the insurer's contention that the pesticides that caused the injury were "irritants" or "pollutants" *within the meaning of the exclusion*.  *Id.* at 649.  The Supreme Court also rejected the argument that the spraying of the pesticides was a "discharge" or "dispersal" *within the meaning of the exclusion*, describing as a "basic fallacy" that the dictionary definition of a single term, such as "irritant" or "discharge," could show how a layperson would reasonably interpret the exclusion. *Id.* The Supreme Court further explained that "'the drafters' utilization of environmental law terms of art ("discharge," "dispersal," … "release," or "escape" of pollutants) reflects the exclusion's historical objective— avoidance of liability for environmental catastrophes related to intentional industrial pollution.'" *Id.* at 653.  The Supreme Court concluded that, "while pesticides may be pollutants under some circumstances, it is unlikely a reasonable policyholder would think of the act of spraying pesticides under these circumstances as an act of pollution." *Id.* at 654.  Thus, the Supreme Court ruled that "the interpretation of the pollution exclusion as limited to conventional environmental pollution" was reasonable and refused to apply it outside that context.  *Id.* at 655.

Following the reasoning of *MacKinnon,* a California appellate court recently addressed whether such pollution or contamination exclusions, which also listed the term "virus" among several other "pollutants" or "contaminants," may apply to COVID-19.  *JRK Prop. Holdings, Inc. v. Colony Ins. Co.*, 96 Cal. App. 5th 1, 13 (2023).  In *JRK*, just like Allianz-Allied here, the insurer argued that a pollution exclusion barred coverage for a COVID-19 claim.  *Id.*  In rejecting the

6

insurer's arguments, the court stated that there "was no question that COVID-19 is a virus" just like there was "no question the pesticide in *MacKinnon* could be considered an 'irritant' or a 'contaminant'" under the exclusions. *Id.* at 313. Still, the *JRK* court refused to apply the pollution exclusion to COVID-19 because "a reasonable policyholder would not consider the dispersal of the COVID-19 virus from natural human activity to be pollution" under the policy. *Id.*

Here, applying these California Supreme Court principles, which directly contradict Allianz-Allied's positions, this Court should deny Allianz-Allied's arguments in full. As the court held in *JRK*, a reasonable policyholder, like 24 Hour, would not consider the presence or dispersal of COVID-19 to be pollution under the Pollution and Contamination exclusions, which must be read narrowly. *JRK Prop. Holdings, Inc.*, 96 Cal. App. 5th at 11 ("clauses setting forth specific exclusions from coverage are interpreted narrowly against the insurer"). And because California law limits the application of these exclusions to "irritants and contaminants commonly thought of as pollution," which is "limited to conventional environmental pollution," these exclusions cannot apply to the spread of COVID-19 among individuals, as COVID-19 is not commonly thought of as environmental pollution. *MacKinnon*, 31 Cal. 4th at 655. Thus, the Court's inquiry should end here, and Allianz-Allied's Motion should be denied.

Notwithstanding the foregoing, Allianz-Allied incorrectly argue that the word "virus" in their exclusions would be rendered meaningless should this Court adopt the reasoning outlined in *JRK*. As the *JRK* court explained in addressing and rejecting similar arguments, the "dispersal of a virus would fall within the pollution exclusion," if, for example, an environmental disaster caused "the release of virus-laden sewage into the surrounding area." *JRK Prop. Holdings, Inc.*, 96 Cal. App. 5th at 18. In this context, "the spread of the virus would likely fall within the exclusion as 'pollution' caused by the discharge, dispersal, or release of a 'pollutant or

7

contaminant,'" which is consistent with how a policyholder would commonly understand how this exclusion should be applied and why "virus" is listed among other environmental contaminants. *Id.*; *see also Martinez v. Cot'n Wash, Inc.*, 81 Cal. App. 5th 1026, 1046 (2022) (stating that "a word is known by the company it keeps and should not be given a meaning so broad that it is inconsistent with its accompanying words."). But here, 24 Hour's claims have nothing to do with any "irritants and contaminants" that are "commonly thought of as pollution." *MacKinnon*, 31 Cal. 4th at 652. Instead, 24 Hour's claims arise from the presence and spread of communicable diseases, like COVID-19, from person to person inside fitness clubs, not contamination of the environment.[3] For these additional reasons, the Court should find that Allianz-Allied's exclusions do not apply.

**B.    Allianz-Allied's Policies Specifically Cover "Communicable Diseases" and the "Pollution and Contamination" Exclusions Cannot Be Read to Eliminate Such Coverage by Using the Term "Virus"**

This Court should deny Allianz-Allied's Motion as California law is clear that the Pollution and Contamination exclusions do not apply to COVID-19 because COVID-19 is not a commonly understood pollutant, and 24 Hour's claims do not involve environmental contamination. *MacKinnon*, 31 Cal. 4th at 652. The Court's inquiry should end there.

Even assuming, *arguendo,* the Court determines that these exclusions *could* apply to COVID-19, Allianz-Allied's Motion still fails as Allianz-Allied's interpretation of their

---

[3]    This is to be distinguished from the broad coverage provided under the Allied World Pollution Policy, which is subject to Allied World's separate Motion for Summary Judgment. [Doc. 239]. As discussed in 24 Hour's Opposition to that Motion, which 24 Hour files concurrently with this Opposition, Allied's Pollution Policy broadly covers business interruption losses from the presence of a virus "within buildings or structures." Appx, Ex. 8 at 469. Thus, the coverage under Allied's Pollution Policy is not limited to traditional environmental pollution like the exclusion here, which is found in Allied's Property policy. Moreover, Allied's Pollution Policy does not distinguish between a "communicable disease" and a "virus" like Property policies here.

8

exclusions is unreasonable, or at least creates ambiguity in the context of the policies as a whole, and such ambiguity must be resolved in 24 Hour's favor.

To begin, Allianz and Allied's respective policies contain a Communicable Disease Endorsement, which provides coverage for losses from the presence and spread of a communicable disease. Appx, Ex. 5 at 277; Appx, Ex. 8 at 469. A communicable disease is defined as a "disease" that "may be transmitted directly or indirectly by one person or other life form to another." *Id.* Allianz-Allied do not dispute that COVID-19 constitutes a communicable disease under this definition but argue that the term "virus" also encompasses a communicable disease under the Pollution and Contamination exclusions such that coverage is excluded for any communicable disease claims unless they fall within the Communicable Disease Endorsement. (Motion, at n. 3). In other words, Allianz-Allied argue that COVID-19 should be considered, simultaneously, and under the same policy, both an **excluded** "virus" and a **covered** "communicable disease." This interpretation is paradoxical, which clearly demonstrates ambiguity, and is at odds with well-settled California law.

California law is clear that the burden is on the insurer to establish that an exclusion precludes coverage, and to meet this burden, the insurer "must establish its interpretation of the policy is the only reasonable one." *Reg'l Steel Corp. v. Liberty Surplus Ins. Corp.*, 226 Cal. App. 4th 1377, 1390 (2014). Importantly, even if the insurer sets forth a reasonable interpretation, the court must still "interpret the policy in the insured's favor if any other reasonable interpretation would permit coverage for the claim." *Id.* And when assessing these burdens, courts must interpret exclusions "narrowly against the insurer." *MacKinnon*, 31 Cal. 4th at 648. In sum, an insurer "cannot escape its basic duty to insure by means of an exclusionary clause that is unclear" and courts should not accept strained interpretations that lead to absurd results. *Id.*; *see also*

9

*Castro v. Fireman's Fund Am. Life Ins. Co.*, 206 Cal. App. 3d 1114, 1119 (1988) (stating that "strained interpretation of the policy language" should be rejected).

Here, applying these principles, **which Allianz-Allied fails to address**, this Court should deny Allianz-Allied's Motion because it fails to show that their interpretation of the Pollution and Contamination exclusions is reasonable, especially given their policies' explicit coverage for communicable diseases. Allianz-Allied offer no credible explanation for how COVID-19 losses can be both covered as a "communicable disease" and simultaneously excluded as a "virus" under different parts of the same policy.

At most, Allianz-Allied seek to resolve this glaring conflict by relying on *Out West Rest. Grp., Inc. v. Affiliated FM Ins. Co.*, 2022 U.S. App. Lexis 24921, at *7 (9th Cir. Sep. 2, 2022), which applied a contamination exclusion covering "viruses" to COVID-19 losses. When read fairly, *Out West* is inapposite because it concerned an entirely different contamination exclusion from the exclusions at issue here. The exclusion in *Out West* was not limited in scope to traditional environmental pollution and specifically included disease causing agents, as it defined contamination as "any condition of property due to the actual or suspected presence of any foreign substance . . . pathogen or pathogenic organism, bacteria, virus, ***disease causing or illness causing agent***, fungus, mold or mildew," and thus at least arguably applied to indoor viruses that cause illness. *Out West,* at *4 (emphasis added). Relying on this distinct language, the *Out West* court applied the exclusion to COVID-19, but such language is absent from Allianz-Allied's policies, which renders *Out West* distinguishable.

Allianz-Allied's other cited authorities are similarly unhelpful to their position. While Allianz-Allied argue that other courts applying California law have interpreted similar exclusions to bar coverage for COVID-19 losses, Allianz-Allied overlook that most of their cited authorities

10

did not concern policies with communicable disease coverages. *See Aecom v. Zurich Am. Ins. Co.*, 2023 U.S. App. Lexis 2434, at *2 (9th Cir. Jan. 31, 2023) (applying contamination exclusion to COVID-19 absent coverage for communicable diseases); *In-N-Out Burgers v. Zurich Am. Ins. Co.*, 2023 U.S. App. Lexis 5728, at *2 (9th Cir. Mar. 10, 2023) (same). In contrast, 24 Hour's policies do provide coverage for communicable diseases, which renders these authorities inapposite. These authorities are also inapplicable because they do not discuss or consider *MacKinnon*, which is the leading precedential authority for the California Supreme Court for these pollution exclusion issues.

Finally, the flaw in Allianz-Allied's argument that their Pollution and Contamination exclusions are intended to exclude communicable disease coverage is further confirmed by the fact that Endurance, a separate 24 Hour insurer, actually included a specific exclusion to eliminate coverage for communicable disease claims. In June 2019, months before COVID-19 began spreading, 24 Hour's insurer, Endurance American ("Endurance"), added a specific "Communicable or Infectious Disease Exclusion" to its policy, which eliminated all coverage for communicable diseases claims, including coverage provided by the Communicable Disease Endorsement. Appx, Ex. 3 at 155. In discovery, Endurance explained that it included this exclusion "to eliminate and exclude any obligation to provide insurance coverage for and/or to cover any alleged losses . . . arising out of or related in any way to communicable or infectious diseases (which would include COVID-19) . . . ." Appx, Ex. 163 at 2370.

Allianz-Allied should have been aware of Endurance's "Communicable or Infectious Disease" exclusion yet they chose not to include the same or similar exclusion in their policies to address communicable diseases directly. Allianz-Allied also, as discussed above, failed to use language like the insurer used in *Out West* to accomplish what they now say they intended to

accomplish with the Pollution and Contamination exclusions. Allianz-Allied should not be permitted to repurpose these inapplicable Pollution and Contamination exclusions to bar coverage for any communicable disease losses, including losses arising from COVID-19, which are explicitly covered under their policies. As such, this Court should not apply the Pollution and Contamination exclusions to bar coverage for any aspect of 24 Hour's claims.

## V.  CONCLUSION

For the foregoing reasons, Allianz-Allied's Motion should be denied in its entirety.

Dated: January 12, 2024

Respectfully submitted,

**REED SMITH LLP**

*/s/ Mark W. Eckard*
Mark W. Eckard (No. 4542)
1201 North Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500
(302) 778-7575 (Fax)
meckard@reedsmith.com

David E. Weiss (admitted *pro hac vice*)
T. Connor O'Carroll (admitted *pro hac vice*)
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
(415) 543-8700
(415) 391-8269 (Fax)
dweiss@reedsmith.com
cocarroll@reedsmith.com

*Counsel for Plaintiff 24 HOUR FITNESS WORLDWIDE, INC.*