**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RS FIT NW LLC, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | Case No.: 20-11558 (TMH) |
| 24 HOUR FITNESS WORLDWIDE, INC., | ) | |
| | ) | (Jointly Administered) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CONTINENTAL CASUALTY COMPANY; | ) | |
| ENDURANCE AMERICAN SPECIALTY | ) | |
| INSURANCE COMPANY; STARR SURPLUS | ) | |
| LINES INSURANCE COMPANY; ALLIANZ | ) | Adv. Proc. No. 20-51051 (TMH) |
| GLOBAL RISKS US INSURANCE | ) | |
| COMPANY; LIBERTY MUTUAL | ) | |
| INSURANCE COMPANY; BEAZLEY - | ) | |
| LLOYD'S SYNDICATES 2623/623; ALLIED | ) | |
| WORLD NATIONAL ASSURANCE | ) | |
| COMPANY; QBE SPECIALTY INSURANCE | ) | |
| COMPANY; and GENERAL SECURITY | ) | |
| INDEMNITY COMPANY OF ARIZONA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S
OPPOSITIONS TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

David E. Weiss (admitted *pro hac vice*)
T. Connor O'Carroll (admitted *pro hac vice*)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: (415) 543-8700
E-mail:  dweiss@reedsmith.com
E-mail:  cocarroll@reedsmith.com

Mark W. Eckard (No. 4542)
REED SMITH LLP
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
E-mail:  meckard@reedsmith.com

Counsel for Plaintiff 24 HOUR FITNESS
WORLDWIDE, INC.

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITIONS TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Plaintiff respectfully requests that the Court take judicial notice of the material discussed below in support of *Plaintiff's Motion for Partial Summary Judgment,* filed contemporaneously herewith. Specifically, Plaintiff requests that the Court take judicial notice of the following documents:

1. A copy of U.S. Census data from 2022 published by the government agency, available at https://www.census.gov/quickfacts/fact/table/losangelescountycalifornia, CA/PST040222. This information attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 120**.

2. A copy of air traffic data for Los Angeles International Airport published by *Los Angeles World Airports*, available at https://www.lawa.org/lawa-investor-relations/statistics-for-lax/volume-of-air-traffic. This information attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 121**.

3. A copy of visitor traffic data for Long Beach Airport published by *Visit Anaheim*, available at https://www.visitanaheim.org/plan-your-trip/getting-here/long-beach-airport/. This information attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 122**.

4. A copy of visitor traffic data for Hollywood Burbank Airport published by *Hollywood Burbank Airport*, available at https://www.hollywoodburbankairport.com/about-us/airport-statistics/. This information attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 123**.

5. A copy of visitor traffic data for Dallas/Fort Worth International Airport published by *Dallas/Fort worth International Airport*, available at

https://www.dfwairport.com/business/about/stats/. This information attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 124**.

6.     A copy of visitor traffic data for Denver International Airport published by *Fly Denver*, available at https://www.flydenver.com/about-den/governance/reports-and-financials/?yearValue=2020. This information attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 125**.

7.     A copy of visitor traffic data for John F. Kennedy International Airport published by *Port Authority of New York and New Jersey*, available at https://www.panynj.gov/airports/en/statistics-general-info/Monthly_Airport_Activities.html. This information attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 126**.

8.     A copy of visitor traffic data for Newark Liberty International Airport published by *Port Authority of New York and New Jersey*, available at https://www.panynj.gov/airports/en/statistics-general-info/Monthly_Airport_Activities.html. This information attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 127**.

9.     A copy of visitor traffic data for LaGuardia Airport published by *Port Authority of New York and New Jersey*, available at https://www.panynj.gov/airports/en/statistics-general-info/Monthly_Airport_Activities.html. This information attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 128**.

10.    A copy of visitor traffic data for Seattle-Tacoma International Airport published by *Port of Seattle*, available at https://www.portseattle.org/page/airport-statistics#. This information

attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 129**.

11.     A copy of the United States Securities and Exchange Commission's Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for CNA Financial Corporation, published by the Securities and Exchange Commission, available at https://www.sec.gov/Archives/edgar/data/21175/000002117519000022/cna2018q4.htm#sD41E4 8F7E3DF5CF5BF8354A1E9502A55. This information attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 130**.

12.     A copy of data collected by the National Association of Insurance Commissioners regarding Business Interruption/Businessowner's Policies, updated on August 25, 2023, published by the *National Association of Insurance Commissioners*, available at https://content.naic.org/cipr-topics/business-interruptionbusinessowners-policies-bop. This information attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 131**.

13.     The definition of "pandemic" published by the Columbia University Mallman School of Public Health, available at https://www.publichealth.columbia.edu/public-health-now/news/ epidemic-endemic-pandemic-what-are-differences. This information attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 132**.

14.     A report detailing the first cases of coronavirus in the United States published by *Worldometer*, available at https://www.worldometers.info/coronavirus/ country/us/#first-cases. This information attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 133**.

15.    An article entitled *"U.S. Surgeon General Says Coronavirus Outbreak 'To Get Bad' This Week"* published by *Reuters*, available at https://www.reuters.com/article/health-coronavirus-usa-idINKBN21A290. This information attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 134**.

16.    An article entitled *"America Isn't Testing for the Most Alarming Coronavirus Cases"* published by *The Atlantic*, available at https://www.theatlantic.com/science/archive/2020/03/who-gets-tested-coronavirus/607999/. This information attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 38**.

17.    A collection of State and/or County Government Orders in the locations where 24 Hour operated in 2020. The Government Orders were all collected from the various State and County government websites. These orders are attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibits 41–119**.

18.    Motion for Judgment on the Pleadings and its supporting filings in the case *JRK Property Holdings, Inc. v. Colony Insurance Company, et al.*, Case No. 21STCV19983 in the Superior Court of the State of California in the County of Los Angeles, filed on January 21, 2022. These filings are attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibits 135–137**.

19.    Opposition to Motion for Judgment on the Pleadings in the case *JRK Property Holdings, Inc. v. Colony Insurance Company, et al.*, Case No. 21STCV19983 in the Superior Court of the State of California in the County of Los Angeles, filed on February 22, 2022. This filing is attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibits 138**.

20.     Reply to Opposition to Motion for Judgment on the Pleadings and its supporting filings in the case *JRK Property Holdings, Inc. v. Colony Insurance Company, et al.*, Case No. 21STCV19983 in the Superior Court of the State of California in the County of Los Angeles, filed on March 23, 2022. These filings are attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibits 139–140**.

21.     Minute Order regarding Hearing on Motion for Judgment on the Pleadings and its supporting filings in the case *JRK Property Holdings, Inc. v. Colony Insurance Company, et al.*, Case No. 21STCV19983 in the Superior Court of the State of California in the County of Los Angeles, filed on April 6, 2022. This Minute Order is attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 141**.

22.     Plaintiff's Response to Supplemental Authority Cited in Oral Argument on Motion for Judgment on the Pleadings and its supporting filings in the case *JRK Property Holdings, Inc. v. Colony Insurance Company, et al.*, Case No. 21STCV19983 in the Superior Court of the State of California in the County of Los Angeles, filed on April 7, 2022. This filing is attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 142**.

23.     Reply to Plaintiff's Response to Supplemental Authority Cited in Oral Argument on Motion for Judgment on the Pleadings and its supporting filings in the case *JRK Property Holdings, Inc. v. Colony Insurance Company, et al.*, Case No. 21STCV19983 in the Superior Court of the State of California in the County of Los Angeles, filed on April 11, 2022. This filing is attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 143**.

24.    Orders regarding the Motion for Judgment on the Pleadings in the case *JRK Property Holdings, Inc. v. Colony Insurance Company, et al.*, Case No. 21STCV19983 in the Superior Court of the State of California in the County of Los Angeles, filed on April 18, 2022. These orders are attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibits 144–145**.

25.    Motion for Reconsideration in the case *Urban Edge Properties, et al. v. Allied World Assur. Co. (U.S.) Inc., et al.*, Superior Ct. of New Jersey Law Div.: Bergen County, Docket No.: BER-L-007987-20 in the Superior Court of the State of New Jersey in the County of Bergen, filed on January 30, 2023. This filing is attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 146**.

26.    Opposition to the Motion for Reconsideration in the case *Urban Edge Properties, et al. v. Allied World Assur. Co. (U.S.) Inc., et al.*, Superior Ct. of New Jersey Law Div.: Bergen County, Docket No.: BER-L-007987-20 in the Superior Court of the State of New Jersey in the County of Bergen, filed on February 9, 2023. This filing is attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 147**.

27.    Reply Letter in support of the Motion for Reconsideration in the case *Urban Edge Properties, et al. v. Allied World Assur. Co. (U.S.) Inc., et al.*, Superior Ct. of New Jersey Law Div.: Bergen County, Docket No.: BER-L-007987-20 in the Superior Court of the State of New Jersey in the County of Bergen, filed on February 13, 2023. This filing is attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 148**.

28.    Order denying the Motion for Reconsideration in the case *Urban Edge Properties, et al. v. Allied World Assur. Co. (U.S.) Inc., et al.*, Superior Ct. of New Jersey Law Div.: Bergen

County, Docket No.: BER-L-007987-20 in the Superior Court of the State of New Jersey in the County of Bergen, filed on February 17, 2023. This Order is attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 149**.

29.    Hearing Transcript on the Motion for Reconsideration in the case *Urban Edge Properties, et al. v. Allied World Assur. Co. (U.S.) Inc., et al.*, Superior Ct. of New Jersey Law Div.: Bergen County, Docket No.: BER-L-007987-20 in the Superior Court of the State of New Jersey in the County of Bergen, dated February 17, 2023. These filings are attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 150**.

30.    Hearing Transcript in the case *New York Botanical Garden v. Allied World Assur. Co.*, New York Supreme Ct., No. 16127 Index No. 803872/21E Case No. 2021-04319, Docket No. 32, from July 20, 2021. This hearing transcript is attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 151**.

31.    Order granting partial summary judgment in the case *Urban Edge Properties, et al. v. Allied World Assur. Co. (U.S.) Inc., et al.*, Superior Ct. of New Jersey Law Div.: Bergen County, Docket No.: BER-L-007987-20 in the Superior Court of the State of New Jersey in the County of Bergen, filed on January 10, 2023. This Order is attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 152**.

32.    Governor Sisolak Updates Public on State Action and Guidance Regarding COVID-19, from State of Nevada Government's website, published on March 15, 2020. This Government Update is attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 191**.

33.     Governor Cuomo Accepts Recommendation of State Health Commissioner for New Emergency Measures to Contain Novel Coronavirus Cluster in New Rochelle, from State of New York Government's website, published on March 10, 2020. This Government Update is attached to Plaintiff's Appendix in support of its Oppositions to Defendants' Motions for Summary Judgment at **Exhibit 192**.

## LEGAL STANDARD

34.     Under Federal Rule of Evidence 201(b), as made applicable by Federal Rule of Bankruptcy Procedure 9017, the Court may take judicial notice of a fact that "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

35.     The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). The Court may take judicial notice of any fact that is "not subject to reasonable dispute" because it: (1) is generally known within the Court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; *see also Feingold v. Graff*, 516 F. App'x 223, 225 (3d Cir. 2013).

36.     A fact may be judicially noticed when it is a matter of public record. *Indus. Enters. of Am. v. Tabor Acad. (In re Pitt Penn Holding Co)*, 2011 Bankr. LEXIS 3554, *42 n. 17 (Bankr. D. Del. Sept. 16, 2011). Additionally, courts may judicially notice documents that establish information available to the public rather than the truth of the matter asserted therein. *See Benak ex rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (judicial notice is appropriate for facts that "serve only to indicate what was in the public realm at the time, not whether [those facts] are true"). Finally, courts may take judicial notice of public

records, including judicial proceedings. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426–27 (3d Cir. 1999); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988).

**EXHIBITS 41–133; 135–152; 191–192**
**PUBLIC RECORDS AND DATA**

37.     **Exhibits 41–133** and **191–192** are all official government orders and government announcements from official government websites. These are all subject to judicial notice. Matters of public record may be judicially noticed. *Indus. Enters. of Am. v. Tabor Acad. (In re Pitt Penn Holding Co)*, 2011 Bankr. LEXIS 3554, at *42 n.17. Further, a court may take judicial notice of information published on government websites, such as the Centers for Disease Control and Prevention ("CDC"). *See Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) (taking judicial notice of information that is publicly available on government websites); *Watkins v. Harlem Ctr. for Nursing & Rehab., LLC*, 2021 U.S. Dist. LEXIS 185713, at *2 n. 1 (S.D.N.Y. Sept. 28, 2021) (citing *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) (finding that it was "clearly proper to take judicial notice" of "documents retrieved from official government websites")).

38.     Here, **Exhibit 120** contains census data from the United States Census Bureau and **Exhibit 130** is an annual report that Continental Casualty Insurance Company ("CNA") filed with the Securities and Exchange Commission.  Both publicly-available exhibits are subject to judicial notice because the facts asserted therein are the result of processes "subject to strict regulation"— the census data is specially curated through a strict process by the government and the SEC filing is subject to strict legal requirements by the federal agency.  *Youkelsone v. Wash. Mut., Inc. (In re Wash. Mut., Inc.)*, 2010 Bankr. LEXIS 2453, *37-38 (3d Cir. 2010) (taking judicial notice of public SEC filings); *see Vanderklok*, 868 F.3d at 205 n.16 (taking judicial notice of information that is

publicly available on government websites); *Collins & Aikman Corp v. Stockman*, 2009 U.S. Dist. LEXIS 43472 (D. Del. May 20, 2009) (quoting *Kramer v. Time Warner Inc.,* 937 F.2d 767, 774 (2d Cir. 1991) ("[A] district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (internal quotation marks omitted)).

39.     **Exhibits 121–129, and 131** reflect data gathered by regulated industries (insurance and air travel) and then reported to the public.  **Exhibits 121–129** reflect data and information from public airports' websites reporting information about the number of flights and passengers at those airports.  **Exhibit 131** reflects data and information from the National Association of Insurance Commissioners, which is an organization created and governed by the chief insurance regulators from the 50 states. Judicial notice of these exhibits is proper because these regulated industries must accurately compile and report this information to the government.  *See O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (reversing district court for failing to take judicial notice of online data and noting that "[i]t is not uncommon for courts to take judicial notice of factual information found on the world wide web."); *Kurschinske v. Meadville Forging Co.*, 2008 U.S. Dist. LEXIS 76281, *13 (W.D. Pa. Sept. 30, 2008) (a district court can take judicial notice of the travel information based on internet mapping services); *Grimes v. Navigant Consulting, Inc.*, 185 F. Supp. 2d 906, 913 (N.D. Ill. 2002) (taking judicial notice of published stock prices found on the Internet).  As such, there is no reason to question the authenticity of the data and information contained in these exhibits. Similarly, the reports published directly by federal government agencies eliminates reasonable dispute as to the

authenticity of the facts therein. *See In re Wash. Mut., Inc.,* 2010 Bankr. LEXIS 2453 at \*37-38 (taking judicial notice of public SEC filings).

40.     **Exhibit 132** is a publication by Columbia University Mallman School of Public Health ("Columbia") compiling definitions by the CDC and the World Health Organization for Epidemic, Endemic, and Pandemic. This information is subject to judicial notice because the information is publicly available on government websites.  Fed. R. Evid. 201; *See Vanderklok*, 868 F.3d at 205 n.16 (taking judicial notice of information that is publicly available on government websites).

41.     **Exhibit 133** contains an accumulation of public data collected by the CDC, which is the proper subject of judicial notice. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (approving district court's decision to take judicial notice of stock price data compiled by Dow Jones News service).

42.     **Exhibits 135–145** are all filings in a public court case in the California Superior Court of Los Angeles. **Exhibits 146–149 and 152** are all filings in a public court case in the New Jersey Superior Court of Bergen County. The Third Circuit has found that the record and filings in a court case are all subject to judicial notice. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426–27 (3d Cir. 1999) (finding that court may take judicial notice of public records including judicial proceeding and dispositions); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

43.     **Exhibit 150** is the Hearing Transcript on the Motion for Reconsideration in the case *Urban Edge Properties, et al. v. Allied World Assur. Co. (U.S.) Inc., et al.*, Superior Ct. of New Jersey Law Div.: Bergen County, Docket No.: BER-L-007987-20. This hearing transcript is

subject to judicial notice because this transcript is from a related case, an insurance dispute of COVID-19 coverage with the same defendant as in this case, and the issues there relate to issues presented in this case, because Allied World makes the same arguments that failed before the New Jersey Superior Court. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) (concluding that judicial notice of a transcript of a preliminary hearing was proper because it was a public document and had a bearing on the controversy); *Bonfilio v. United States*, No. 15-1015, 2016 U.S. Dist. LEXIS 145142, at *14 n.6 (W.D. Pa. Oct. 20, 2016) ("It is well established that courts are permitted to consider matters of which they may take judicial notice, including transcripts from judicial proceedings in related or underlying cases which have a direct relation to the matters at issue") (cleaned up). Moreover, Judicial Notice is appropriate because this court transcript is not being offered for truth of matter asserted but rather for the fact that the court made this ruling and provided reasoning for denying Allied World's Motion for Reconsideration. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (a court "may take judicial notice of another court's opinion--not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity").

44.    The same is true for **Exhibit 151**, a Hearing Transcript in the case *New York Botanical Garden v. Allied World Assur. Co.*, New York Supreme Ct., No. 16127 Index No. 803872/21E Case No. 2021-04319, Docket No. 32, from July 20, 2021.  This hearing transcript is also subject to judicial notice because the case was a similar COVID-19 insurance case, where Allied World argues about the presence of COVID-19 throughout the United States—an important issue in this case. *Sands*, 502 F.3d at 268; *Bonfilio*, No. 15-1015, 2016 U.S. Dist. LEXIS 145142, at *14 n.6. Judicial Notice is also appropriate because this court transcript is not being offered for

truth of matter asserted but rather for the fact that Allied World commented that COVID-19 was present everywhere throughout the country. *S. Cross Overseas Agencies, Inc.*, 181 F.3d at 426.

**EXHIBITS 38 and 134**
**NEWS ARTICLES**

45.     Courts may judicially notice documents that establish information available to the public rather than the truth of the matter asserted therein. *See Benak ex rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P.*, 435 F.3d at 401 n.15  (judicial notice is appropriate for facts that "serve only to indicate what was in the public realm at the time, not whether [those facts] are true").

46.     The Third Circuit has regularly approved of taking judicial notice from reputable news sources to show what information was available at the time of the news article was published. *See e.g.*, *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 301 n.7 (3d Cir. 2016) (taking judicial notice of news media that's authenticity has not been challenged); *In re Briscoe*, 448 F.3d 201, 221 (3d Cir. 2006) (approving of district court's judicial notice of "media-generated publicity" to determine whether plaintiffs were aware of certain facts); *Ieradi v. Mylan Labs., Inc.*, 230 F.3d 594, 598 n.2 (3d Cir. 2000) (taking judicial notice of *New York Times* article to show what "the public learned"); *Peters v. Del. River Port Auth. of Pa. and N.J.*, 16 F.3d 1346, 1357 (3d Cir. 1994) (taking judicial notice of "newspaper accounts" regarding the defendant's political controversies).

47.     Here, **Exhibits 134 and 38** are news article from reputable outlets: *Reuters* and *The Atlantic*. Exhibit 134 is offered not for its truth, but only to show what the U.S. Surgeon General said about COVID-19 at that time, specifically that the spread of the novel virus was "going to get bad."  These news articles are an appropriate subject of judicial notice.  *Ieradi*, 230 F.3d at 598 n.2 (Third Circuit taking judicial notice of *New York Times* article to show what "the public learned.")

Exhibit 38 is likewise not offered for its truth, but to show that people in the United States believed that COVID-19 testing was unavailable even for individuals with the most severe symptoms. *Id*.

Dated: January 12, 2024

Respectfully submitted,

**REED SMITH LLP**

*/s/ Mark W. Eckard*
Mark W. Eckard (No. 4542)
1201 North Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500
(302) 778-7575 (Fax)
meckard@reedsmith.com

David E. Weiss (admitted *pro hac vice*)
T. Connor O'Carroll (admitted *pro hac vice*)
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
(415) 543-8700
(415) 391-8269 (Fax)
dweiss@reedsmith.com
cocarroll@reedsmith.com

*Counsel for Plaintiff 24 HOUR FITNESS WORLDWIDE, INC.*