EXHIBIT 9

# TO ARROWHEAD PRODUCER:

Policy #'s:

AHAR11191-00        QBE Specialty Insurance Company
TR00202191601284   General Security Indemnity Company of Arizona

Attached please find a copy of the policy issued to:

24 HOUR HOLDINGS

Please be advised that Arrowhead Risk Managers, LLC has binding and policy issuance authority on behalf of the above referenced company(ies). This policy replaces the binder, and it is the broker's responsibility to review for accuracy. The broker has no binding authority on behalf of Arrowhead or these companies.

By copy of this letter Arrowhead Risk Managers, LLC is authorizing you to deliver this policy to the named insured or their authorized representative.

Please be advised that we do not review Certificates of Insurance or Evidences of Commercial Property Insurance issued by you, or by any party, relating to this policy of insurance either for content or accuracy. Accordingly, we request that you do not provide copies of certificates or evidences to us for review or for our records. Authority is granted to you for the limited purpose of issuing unmodified ACORD Certificates (ACORD 25-S for Casualty and ACORD 24 for Property and Inland Marine) and unmodified Evidence of Commercial Property Insurance (ACORD 27 and 28) only. It is your responsibility to see that any Certificate or Evidence provides an accurate representation of the coverage form and endorsements applicable to this policy at the time the Certificates or Evidences is issued. Any modification of the approved ACORD forms specifically set forth above, or the issuance of a non-approved Certificates of Insurance ACORD or other is prohibited. Certificates of Insurance or Evidence of Commercial Property Insurance may only be issued as a matter of information. You have no authority by virtue of a Certificate, Evidence, or otherwise, to amend, extend or otherwise alter coverage afforded under this policy. Certificates of Insurance or Evidences of Commercial Property Insurance are never recognized as endorsements or policy change requests. You must submit a separate written request if an endorsement or policy change (including but not limited to adding additional insureds, loss payees and mortgagees and/or alteration of notice requirements for cancellation) is requested. In the event a policy change is requested , the underwriter will advise if the request is acceptable to the Company(ies).

Surplus Lines Information:

Surplus Lines License Holder Name (Agency or Individual): AmWINS Brokerage of FL

Surplus Lines License Holder Address, City, State, Zip:
302 Knights Run Ave. Suite 1240
Tampa, FL 33602

Surplus Lines License Number: 0F41738

Surplus Lines License Holder Statecode: CA

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 483 of 2921**

CONFIDENTIAL

# U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL ("OFAC") ADVISORY NOTICE TO POLICYHOLDERS

No coverage is provided by this Policyholder Notice nor can it be construed to replace any provisions of your policy. You should read your policy and review your Declarations page for complete information on the coverages you are provided.

This Notice provides information concerning possible impact on your insurance coverage due to directives issued by OFAC. **Please read this Notice carefully.**

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous:

- Foreign agents;
- Front organizations;
- Terrorists;
- Terrorist organizations; and
- Narcotics traffickers;

as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's web site – http//www.treas.gov/ofac.

In accordance with OFAC regulations, if it is determined that you or any other insured, or any person or entity claiming the benefits of this insurance has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, this insurance will be considered a blocked or frozen contract and all provisions of this insurance are immediately subject to OFAC. When an insurance policy is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments also apply.

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 484 of 2921**

CONFIDENTIAL

GSINDA 0000044

# NOTIFICATION OF CLAIMS:

This notification of claims is hereby made part of this policy for all of the following:

    AHAR11191-00      QBE Specialty Insurance Company
    TR00202191601284  General Security Indemnity Company of Arizona

Claims should be reported to:

    AMERICAN CLAIMS MANAGEMENT

    CLAIMS REPORTING
    Claims Department Mailing Address:
    PO Box 9060
    Carlsbad, CA 92018-9060
    Toll Free:
    888-799-2919
    General Fax:
    619-744-5094

    ACM Website:
    www.ACMclaims.com
    Reporting a Claim by Email:
    NewLosses@ACMclaims.com

Each Company reserves the right to elect to use its own adjusters or consultants at its own expense.

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 485 of 2921**

CONFIDENTIAL

GSINDA 0000045

## CALIFORNIA SURPLUS LINES NOTICE

**NOTICE:**

**1.    THE INSURANCE POLICY THAT YOU HAVE PURCHASED IS BEING ISSUED BY AN INSURER THAT IS NOT LICENSED BY THE STATE OF CALIFORNIA.  THESE COMPANIES ARE CALLED "NONADMITTED" OR "SURPLUS LINE" INSURERS.**

**2.    THE INSURER IS NOT SUBJECT TO THE FINANCIAL SOLVENCY REGULATION AND ENFORCEMENT THAT APPLY TO CALIFORNIA LICENSED INSURERS.**

**3.    THE INSURER DOES NOT PARTICIPATE IN ANY OF THE INSURANCE GUARANTEE FUNDS CREATED BY CALIFORNIA LAW.  THEREFORE, THESE FUNDS WILL NOT PAY YOUR CLAIMS OR PROTECT YOUR ASSETS IF THE INSURER BECOMES INSOLVENT AND IS UNABLE TO MAKE PAYMENTS AS PROMISED.**

**4.    THE INSURER SHOULD BE LICENSED EITHER AS A FOREIGN INSURER IN ANOTHER STATE IN THE UNITED STATES OR AS A NON-UNITED STATES (ALIEN) INSURER. YOU SHOULD ASK QUESTIONS OF YOUR INSURANCE AGENT, BROKER, OR "SURPLUS LINE" BROKER OR CONTACT THE CALIFORNIA DEPARTMENT OF INSURANCE AT THE FOLLOWING TOLL-FREE TELEPHONE NUMBER 1-800-927-4357.  ASK WHETHER OR NOT THE INSURER IS LICENSED AS A FOREIGN OR NON-UNITED STATES (ALIEN) INSURER AND FOR ADDITIONAL INFORMATION ABOUT THE INSURER.  YOU MAY ALSO CONTACT THE NAIC'S INTERNET WEBSITE AT WWW.NAIC.ORG .**

**5.    FOREIGN INSURERS SHOULD BE LICENSED BY A STATE IN THE UNITED STATES AND YOU MAY CONTACT THAT STATE'S DEPARTMENT OF INSURANCE TO OBTAIN MORE INFORMATION ABOUT THAT INSURER.**

**6.    FOR NON-UNITED STATES (ALIEN) INSURERS, THE INSURER SHOULD BE LICENSED BY A COUNTRY OUTSIDE OF THE UNITED STATES AND SHOULD BE ON THE NAIC'S INTERNATIONAL INSURERS DEPARTMENT (IID) LISTING OF APPROVED NONADMITTED NON-UNITED STATES INSURERS.  ASK YOUR AGENT, BROKER, OR "SURPLUS LINE" BROKER TO OBTAIN MORE INFORMATION ABOUT THAT INSURER.**

**7.    CALIFORNIA MAINTAINS A LIST OF APPROVED SURPLUS LINE INSURERS.  ASK YOUR AGENT OR BROKER IF THE INSURER IS ON THAT LIST, OR VIEW THAT LIST AT THE INTERNET WEB SITE OF THE CALIFORNIA DEPARTMENT OF INSURANCE: WWW.INSURANCE.CA.GOV .**

**8.    IF YOU, AS THE APPLICANT, REQUIRED THAT THE INSURANCE POLICY YOU HAVE PURCHASED BE BOUND IMMEDIATELY, EITHER BECAUSE EXISTING COVERAGE WAS GOING TO LAPSE WITHIN TWO BUSINESS DAYS OR BECAUSE YOU WERE REQUIRED TO HAVE COVERAGE WITHIN TWO BUSINESS DAYS, AND YOU DID NOT RECEIVE THIS DISCLOSURE FORM AND A REQUEST FOR YOUR SIGNATURE UNTIL AFTER COVERAGE BECAME EFFECTIVE, YOU HAVE THE RIGHT TO CANCEL THIS POLICY WITHIN FIVE DAYS OF RECEIVING THIS DISCLOSURE. IF YOU CANCEL COVERAGE, THE PREMIUM WILL BE PRORATED AND ANY BROKER'S FEE CHARGED FOR THIS INSURANCE WILL BE RETURNED TO YOU.**

LMA9098
01 December 2014

Page 4
of 83

CONFIDENTIAL   GSINDA 0000046

**CALIFORNIA SURPLUS LINES NOTICE 2**

This insurance is issued pursuant to the California Insurance Code, Sections 1760 through 1780, and is placed in an
insurer or insurers not holding a Certificate of Authority from or regulated by the California Insurance Commissioner.

LMA9030
01 September 2013

```
Page 5
of 83
```

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 487 of 2921**

CONFIDENTIAL

GSINDA 0000047

## Commercial Property Policy
## DECLARATIONS

| | | | |
|---|---|---|---|
| Account No. | 1063712 | Renewal of Number: | 1046857 |
| | | Policy Issue Date: | September 12 2019 |
| | | Producer No.: | 720358 |
| | | Customer No: | 1063712 |

Item 1.    Named **Insured** and Mailing Address:    Program Administrators Name and Mailing Address:
24 HOUR HOLDINGS                      Arrowhead Risk Managers, LLC
12647 ALCOSTA BLVD SUITE 300, SAN      925 Northpoint Parkway, Ste 440B
RAMON, CA 94583                        Alpharetta, GA 30005
                                       License #174269

Licensed Surplus Lines Producer:
AmWINS Brokerage of FL
302 Knights Run Ave. Suite 1240 Tampa, FL 33602
0F41738

Named **Insured** is: ☐ Individual, ☐ Partnership, ☐ Corporation, ☐ Joint Venture, ☒ Other
Business of the Named Insured is:

Item 2.    Policy Period: FROM 06/30/2019 TO 06/30/2020 12:01 AM; Standard time at your mailing address shown above

Item 3.    Premium: $31,050
Terrorism Premium $ Declined
Catastrophe Analysis Fee: $200
Inspection Fee: $ 0

Item 4.    Minimum Earned Premium $ 11,068

Item 5.    Limits of Insurance:    See ARROWPARTICDEC 0916

Item 6.    Perils:    All risk of direct physical loss or damage including Flood (excluding A&V Zones), Earthquake (Excluding California), Equipment Breakdown, and as more fully defined in the manuscript coverage form.

Item 7.    Coinsurance:    NIL

Item 8.    Coverage:    Real Property, Business Personal Property, Business Income

Item 9.    Valuation:    Property Damage - RC
Time Element including Extra Expense - ALS

Item 10.    Forms and Endorsements: As attached

Item 11.    Deductible(s):    As attached

**IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, INSURANCE IS PROVIDED TO THE ABOVE NAMED INSURED BY THE COMPANY(IES) LISTED ON THE ATTACHED PARTICIPATION PAGE.**

**THESE DECLARATIONS, TOGETHER WITH THE ATTACHED FORMS AND ENDORSEMENTS, AND ANY FORMS AND ENDORSEMENTS THAT MAY LATER BE ATTACHED TO REFLECT CHANGES, MAKE UP AND COMPLETE THE ABOVE NUMBERED POLICY.**

ARROW CP DEC 01 09 16 Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
Page 1 of 1
Page 488 of 2921

CONFIDENTIAL                                                        GSINDA 0000048

## Property Declarations - Participating

| This Declaration Page is attached to and forms part of Certificate provisions. |
|---|

Previous No. _____1046857_____    Account No.  1063712

    QBE Specialty Insurance Company    Policy No.  AHAR11191-00

    General Security Indemnity Company of Arizona    Policy No.  _TR00202191601284_

Name and address    24 HOUR HOLDINGS
of the Insured    12647 ALCOSTA BLVD SUITE 300
    SAN RAMON, CA 94583

Policy Period    Effective From:    06/30/2019   to    06/30/2020    12:01 AM; Standard time at your mailing address shown above

Insurance is effective with: Insurer(s) as stated on Form ARROWPARTICIPENDT 09 16 Participation Endorsement

**THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED - THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.**

Limits of Liability: $ 12,937,500  Per occurrence

| COMMERCIAL PROPERTY COVERAGE PART | | | Premium |
|---|---|---|---|
| QBE Specialty Insurance Company | Property | $ | 23,287.50 |
| | TRIA | $ | Declined |
| General Security Indemnity Company of Arizona | Property | $ | 7,762.50 |
| | TRIA | $ | Declined |
| **Total Advance Premium** | | $ | 31,050.00 |

Minimum Earned Premium 35.0%, and subject to Hurricane Minimum Earned Premium if attached

Dated 9/12/2019 By Arrowhead Risk Managers, LLC    Address    925 Northpoint Parkway, Ste 440B
              Agent/Program Manager for the Company    Alpharetta, GA 30005

State stamp if applicable

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL    GSINDA 0000049

# Participation Endorsement

In consideration of the premium charged, the subscribers hereto, hereinafter referred to as the Underwriter(s) and/or Company(ies), do severally, but not jointly, agree to indemnify the Insured for the amount recoverable in accordance with the terms and conditions of the Policy.

Provided that:

1. The collective liability of Insurers shall not exceed the Limit of Liability or any appropriate Sublimit of Liability or any Annual Aggregate limit.

2. The liability of each of the Insurers shall not exceed the Participation Limit set against its name with the exception of loss adjustment expense which cost shall be 100% assumed by the Insurers on each applicable layer of insurance.

The subscribing insurers' obligations under contracts of insurance to which they subscribe are several and not joint and are limited solely to the extent of their individual subscriptions.  The subscribing insurers are not responsible for the subscription of any co-subscribing insurer who for any reason does not satisfy all or part of its obligations.

Nothing herein shall be held to vary, alter, waive or change any of the terms, limits or conditions of the policy except as herein above set forth.

| Insurer | Policy # | Participation (excess of deductibles per primary layer) | TRIA Coverage |
|---------|----------|----------------------------------------------------------|---------------|
| QBE Specialty Insurance Company | AHAR11191-00 | $9,703,125 Part of $30,000,000 excess of $20,000,000 | Declined |
| General Security Indemnity Company of Arizona | TR00202191601284 | $3,234,375 Part of $30,000,000 excess of $20,000,000 | Declined |

**ARROW PARTICIPENDT 636** **Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**    **Page 490 of 2921**

CONFIDENTIAL    GSINDA 0000050

**POLICY NUMBER: PER DECLARATIONS**                                     **ALL RISK**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## SCHEDULE OF POLICY FORMS AND ENDORSEMENTS

**This endorsement modifies insurance provided under the following:**

**ALL RISK**
**COMMERCIAL EXCESS PROPERTY POLICY**

The following is a schedule of Forms and Endorsements issued with the policy at inception:

ARROW CP DEC 01 09 16 - COMMERCIAL PROPERTY POLICY DECLARATIONS
ARROWPARTIC DEC 0916 - PROPERTY DECLARATIONS - PARTICIPATING
ARROW PARTICIPENDT 0916 - PARTICIPATION ENDORSEMENT
ARM0400 - SCHEDULE OF POLICY FORMS AND ENDORSEMENTS
AMWINS0100 - BROKER FORM
ARM0630A - ASBESTOS EXCLUSION
ARM0631A - POLLUTION EXCLUSION
ARM0632 - MOLD EXCLUSION
ARM0633B - ELECTRONIC DATA AND COMPUTER SYSTEMS EXCLUSION
ARM0634 - NUCLEAR, BIOLOGICAL, CHEMICAL AND RADIOLOGICAL HAZARDS EXCLUSION
ARM0635 - WAR AND MILITARY ACTION EXCLUSION
ARM0636 - TERRITORY COVERAGE LIMITATION
ARM0637 - EXCLUSION OF CERTIFIED ACTS OF TERRORISM
ARM0639 - SPECIFIC JURISDICTIONS
ARM0705 - OCCURRENCE LIMIT OF LIABILITY ENDORSEMENT
ARM0706 - PRE-EXISTING DAMAGE EXCLUSION
ARM0707 - HURRICANE MINIMUM EARNED PREMIUM ENDORSEMENT
ARM0713 - EIFS/DRYVIT EXCLUSION
ARM0714 - CALIFORNIA EARTHQUAKE EXCLUSION
ARM0715 - HAWAII EARTHQUAKE EXCLUSION
ARM0716 - ALASKA EARTHQUAKE EXCLUSION
ARM0718 - JURISDICTIONAL INSPECTIONS (B&M)
ARM0721 - EXCLUSION OF FLOOD ZONES A & V
ARM0724 - SUBLIMIT ENDORSEMENT
ARM0725 - EROSION OF UNDERLYING POLICY
ARM0726 - NO ADDITIONS WITHOUT PRIOR APPROVAL
ARM0731 - RIGHT TO ENGAGE ITS OWN ADJUSTERS
ARM0760 - COURSE OF CONSTRUCTION EXCLUSION
ARM0999 - ENDORSEMENT
ARM QBE Amendatory - QBE AMENDATORY ENDORSEMENT
ARM Gen. Sec. Amendatory - GENERAL SECURITY AMENDATORY ENDORSEMENT

ARM0400 (12/16)

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

Page 1 of 1

CONFIDENTIAL                                                    GSINDA 0000051

**Manuscript form attached to and included with this cover sheet. Wherever in this policy reference is made to the attached manuscript form, it shall be referred to as form AMWINS0100**

AMWINS0100

Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

CONFIDENTIAL

GSINDA 0000052

24 Hour Holdings I Corp.                                    2019 - 2020 Property Policy

## PARTICIPATION PAGE

In consideration of the premium charged, the subscribers hereto, hereinafter referred to as the Insurer(s) and/or Company(ies), do severally, but not jointly, agree to indemnify the Insured for the amount recoverable in accordance with the terms and conditions of the Policy, pages 1 –35 (including Appendix A).

Provided that:

1.     The collective liability of Insurers shall not exceed the Limit of Liability or any appropriate Sublimit of Liability or any Annual Aggregate limit.
2.     The liability of each of the Insurers shall not exceed the Participation Limit set against its name with the exception of loss adjustment and professional fees which cost shall be 100% assumed by the Insurers on each applicable layer of insurance.

Insured:     **24 Hour Holdings I Corp.**

Policy Period:     June 30, 2019 – June 30, 2020

Nothing herein contained shall be held to vary, alter, waive or change any of the terms, limits or conditions of the policy except as herein above set forth.

| Insurer | Policy Number | Participation (Excess of Deductibles) | Authorized Signature |
|---------|---------------|----------------------------------------|----------------------|
| 75% QBE Specialty Insurance Company AND 25% General Security Indemnity Company of Arizona | QBE: AHAR11191-00 AND General Security: TR00202191601284 | 43.125% or $12,937,500 part of $30,000,000 excess of Primary $20,000,000 | |

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL                                    GSINDA 0000053

## TABLE OF CONTENTS
### (Order In Which They Appear)

**Page**

1. NAMED INSURED AND MAILING ADDRESS ..................................................4
2. TERM OF INSURANCE ..................................................................4
3. LIMITS OF LIABILITY ................................................................4
4. PRIMARY DEDUCTIBLES .................................................................6
5. LOSS PAYABLE .......................................................................8
6. TERRITORY ..........................................................................8
7. COVERAGE ...........................................................................8
   A.  Real and Personal Property .....................................................8
   B.  Business Interruption ..........................................................9
   C.  Extra Expense .................................................................10
   D.  Rental Value ..................................................................10
   E.  Royalties .....................................................................10
   F.  Time Element Extensions .......................................................11
   G.  Provisions Applicable to Business Interruption, Extra Expense, Rental Value and Royalties Coverages ......................................................................11
   H.  Transit .......................................................................12
   I.  Accounts Receivable ...........................................................13
   J.  Leasehold Interest ............................................................14
   K.  Service Interruption ..........................................................15
8. COVERAGE EXTENSIONS ................................................................15
   A.  Demolition and Increased Cost of Construction .................................15
   B.  Debris Removal ................................................................16
   C.  Expediting Expense ............................................................16
   D.  Professional Fees .............................................................16
   E.  Fire Brigade Charges and Extinguishing Expenses ..............................16
   F.  Defense Costs .................................................................16
   G.  Consequential Loss ............................................................17
   H.  Control of Damaged Merchandise ................................................17
   I.  Brands or Trademarks ..........................................................17
   J.  Automatic Coverage (Newly Acquired) ...........................................17
   K.  Machinery Breakdown Extensions ................................................17
9. PERILS INSURED AGAINST .............................................................18
10. PERILS EXCLUDED ...................................................................19
11. PROPERTY EXCLUDED .................................................................20
12. VALUATION .........................................................................21
13. EARTHQUAKE AND FLOOD ..............................................................23
14. ACCIDENT ..........................................................................23
15. CONTRIBUTING INSURANCE ............................................................24
16. EXCESS INSURANCE ..................................................................24
17. UNDERLYING INSURANCE ..............................................................25
18. OTHER INSURANCE ...................................................................25
19. SUBROGATION .......................................................................25
20. SALVAGE AND RECOVERIES ............................................................26
21. MACHINERY .........................................................................26
22. ERRORS OR OMISSIONS ...............................................................26
23. NOTICE OF LOSS ....................................................................26

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

24 Hour Holdings I Corp.                                          2019 - 2020 Property Policy

24. PROOF OF LOSS ................................................................................................26
25. PARTIAL PAYMENT OF LOSS ..........................................................................26
26. ASSIGNED ADJUSTER .......................................................................................26
27. APPRAISAL ...........................................................................................................27
28. PAIR AND SET ......................................................................................................27
29. ASSISTANCE AND COOPERATION OF THE INSURED ................................27
30. SUE AND LABOR .................................................................................................27
31. PAYMENT OF LOSS .............................................................................................28
32. REINSTATEMENT .................................................................................................28
33. SUIT AGAINST THE COMPANY ........................................................................28
34. CERTIFICATES OF INSURANCE .......................................................................28
35. MORTGAGE CLAUSE ..........................................................................................29
36. CANCELLATION ...................................................................................................29
37. VACANCY ..............................................................................................................30
38. JOINT LOSS AGREEMENT (AS APPLICABLE) ..............................................30
39. VALUES .................................................................................................................31
40. CONSTRUCTION SOFT COSTS .........................................................................31
41. TITLES OF PARAGRAPHS ..................................................................................31
42. CONFORMANCE ..................................................................................................31
ENDORSEMENT 1....................................................................................................32
ENDORSEMENT 2....................................................................................................33
ENDORSEMENT 3....................................................................................................34
APPENDIX A ............................................................................................................35

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL                                                              GSINDA 0000055

1.    **NAMED INSURED AND MAILING ADDRESS**

   **24 Hour Holdings I Corp.**

24 Hour Holdings I Corp. and any and all subsidiary or affiliated companies, corporations, firms, organizations, partnerships or joint ventures and/or any owned, whether wholly or partially, or controlled company(ies) where the Insured maintains interest, or as now or hereafter constituted or acquired, as their respective interests may appear or interests of others which the Insured is required by contract or other agreement to insure.

   Herein after referred to as "The Insured"

   Mailing Address:          12647 Alcosta Blvd
                             Suite 300
                             San Ramon, CA 94583

2.    **TERM OF INSURANCE**

   This policy attaches and covers for a period of 12 Months from June 30, 2019 to June 30, 2020, beginning and ending at 12:01 A.M., standard time, at the location of the property involved.

   The actual effective time of attachment of this insurance on the above date shall be the same time as the actual effective time of cancellation or expiration of policy(ies) replaced or renewed by this policy.

3.    **LIMITS OF LIABILITY**

   The Company(ies) shall not be liable for more than its proportion of the following limits for any one occurrence, applicable separately to each limit, irrespective of the sequence of occurrences, whether or not proximate or ensuing as respects loss or damage arising out of all coverages insured against under this policy:

   A.    $50,000,000, except that the Company(ies) liability shall not exceed any of the specific sublimits of liability for any one occurrence designated in Clause B below;

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000056

B.    Sublimits:

The liability of the Company(ies) resulting from loss or damage insured against shall not exceed more than its proportion of:

1)  $10,000,000        Accounts Receivable;

2)  45 Days            Civil Authority;

3)  $25,000,000        Course of Construction including erection, installation & assembly;

4)  $5,000,000         Contingent Time Element and Contingent Extra Expense;

5)  $10,000,000        Electronic Data Processing Equipment and Media;

6)  $10,000,000        Extra Expense;

7)  $2,500,000         Fine Arts;

8)  45 Days            Ingress/Egress;

9)  $2,500,000         Interruption by Communicable Disease;

10) $2,500,000         Leader Properties;

11) $1,000,000         Per conveyance as respects property in transit; each railroad car or trailer shall be considered a separate conveyance;

12) $15,000,000        Miscellaneous Unnamed Locations;

13) $10,000,000        Expediting Expenses;

14) $15,000,000        Errors and Omissions;

15) $2,500,000         Personal Property of Insured's officials, employees, and representatives while on insured's premises;

16) $1,000,000         Professional Fees;

17) $10,000,000        Service Interruption Property Damage and Service Interruption Time Element combined;

18) $1,000,000         Soft Cost;

19) $5,000,000         Valuable Papers and Records;

20) $500,000           Exhibition, Exposition, Fair or Trade Show;

21) $50,000,000        Machinery Breakdown;

22) $5,000,000         Mold;

C.    With respect to the peril of Flood, the Company(ies) shall not be liable, per occurrence and in any one policy year, for more than its proportion of $50,000,000 which shall apply to the peril of Flood.  Even if the peril of Flood is the predominant cause of loss or damage, any ensuing loss or damage not otherwise excluded herein shall not be subject to any sublimits or aggregates specified in this Clause C.;

D.    With respect to the peril of Flood to locations within Special Flood Hazard Areas (SFHA), areas of 100-year flooding, as defined by the Federal Emergency Management Agency, the Company(ies) shall not be liable, per occurrence and in any one policy year, for more than its proportion of $15,000,000 which shall apply to the peril of Flood.  Even if the peril of Flood is

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000057

the predominant cause of loss or damage, any ensuing loss or damage not otherwise excluded herein shall not be subject to any sublimits or aggregates specified in this Clause D.;

E.    With respect to the peril of Earthquake in Hawaii, Alaska, New Madrid Earthquake Counties, and Pacific Northwest Earthquake Counties, as defined in Appendix A, the Company(ies) shall not be liable, per occurrence and in any one policy year, for more than its proportion of $50,000,000 which shall apply to the peril of Earthquake.  Even if the peril of Earthquake is the predominant cause of loss or damage, any ensuing loss or damage not otherwise excluded herein shall not be subject to any sublimits or aggregates specified in this Clause E.;

F.    With respect to the peril of Earthquake in the State of California, the Company(ies) shall not be liable, per Occurrence and in any one policy year, for more than its proportion of $20,000,000 which shall apply to the peril of Earthquake.  Even if the peril of Earthquake is the predominant cause of loss or damage, any ensuing loss or damage not otherwise excluded herein shall not be subject to any sublimits or aggregates specified in this Clause F.;

G.    With respect to the peril of Earthquake not described above in Clauses E and F  the Company(ies) shall not be liable, per Occurrence and in any one policy year, for more than its proportion of $50,000,000 which shall apply to the peril of Earthquake.  Even if the peril of Earthquake is the predominant cause of loss or damage, any ensuing loss or damage not otherwise excluded herein shall not be subject to any sublimits or aggregates specified in this Clause G.;

H.    With respect to the peril of Named Storm Wind in Tier 1 Counties as defined in Appendix A, the Company(ies) shall not be liable, per occurrence, for more than its proportion of $50,000,000 which shall apply to the peril of Named Storm Wind.  Even if the peril of Named Storm Wind is the predominant cause of loss or damage, any ensuing loss or damage not otherwise excluded herein shall not be subject to any sublimits specified in this Clause H.;

I.    Debris Removal Expenses:  $5,000,000 or 25% of the amount of Property Damage and Time Element loss incurred, whichever is greater, for loss or damage arising out of one occurrence.

J.    Pollutant Cleanup and Removal Expenses:  $2,000,000 for loss arising out of one Occurrence and in any one policy year.

## 4.    PRIMARY DEDUCTIBLES

All losses, damages or expenses arising out of any one occurrence shall be adjusted as one loss, and from the amount of such adjusted loss shall be deducted $250,000 except:

A.    For the peril of Flood, in any one occurrence:
   1) With respect to locations within Special Flood Hazard Areas (SFHA), areas of 100-year flooding, as defined by the Federal Emergency Management Agency (if these locations are not excluded elsewhere in this policy with respect to the peril of Flood), the deductible shall be $500,000 per building per occurrence for Real Property, $500,000 per building per occurrence for Personal Property, and $100,000 per building per occurrence for Time Element.  However, this deductible shall not apply to ensuing loss or damage not otherwise excluded herein.

   2) With respect to any other flood loss, the deductible shall be $250,000 for any one occurrence.

In the event that the Insured maintains underlying insurance through the National Flood Insurance Program, it is agreed that this policy excludes the peril of flood to the extent of recovery under such National Flood Insurance Policy(s).  Should the amount of loss payable under such National Flood Insurance Policy(s) exceed the applicable flood deductible under this policy,

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

24 Hour Holdings I Corp.                                    2019 - 2020 Property Policy

then no deductible shall apply hereunder.  However, if the amount to be paid under such National Flood Insurance Policy(s) is less than the applicable flood deductible under this policy, then the amount to be deducted hereunder shall not exceed the difference between the amount to be paid under the Insured's National Flood Insurance Policy(s) and the applicable flood deductible under this policy. Insurance maintained through the National Flood Insurance Program shall be considered Underlying Insurance.

B.    For the peril of Earthquake, in any one occurrence:

    1) 5% of the total values at the time of loss at each location where the insured files a claim within the state of California for the peril of Earthquake, subject to a minimum of $250,000 per location for any one occurrence. However, this deductible shall not apply to ensuing loss or damage not otherwise excluded herein.

    2) 2% of the total values at the time of loss at each location where the insured files a claim when such loss occurs at locations within the entire state of Hawaii, Alaska, New Madrid Earthquake Counties, and Pacific Northwest Earthquake Counties as defined in Appendix A, for the peril of Earthquake subject to a minimum of $250,000 per occurrence.  However, this deductible shall not apply to ensuing loss or damage not otherwise excluded herein.

    3) $250,000 for loss from the peril of Earthquake for all other locations per occurrence.

C.    For the peril of Named Storm Wind, in any one Occurrence

    1)  5% of the total values at the time of loss at each location where the insured files a claim when such loss occurs at locations within Florida, Hawaii, or Harris County, Texas, subject to a minimum of $250,000 for any one occurrence.

    2)  2% of the total values at the time of loss at each location where the insured files a claim when such loss occurs at locations within Tier 1 areas as defined in Appendix A (except for Florida, Hawaii and Harris County, Texas), subject to a minimum of $250,000 for any one occurrence.

    3)  With respect to all other locations, all loss, damage, and/or expense arising out of any one occurrence shall be adjusted as one loss, and from the amount of each such adjusted loss shall be deducted the sum of $250,000 ;

    All reference herein to "Tier One", "Tier 1 Windstorm" or similar "Tier 1" references, shall be defined as all locations situated within Tier 1 Counties as defined in Appendix A.

    NAMED STORM OCCURRENCE:

    All loss or damage occurring during a period of 120 consecutive hours which is caused by or results from a storm or weather disturbance which is named by the National Weather Service. Storm or weather disturbance includes all weather phenomenon associated with or occurring in conjunction with the storm or weather disturbance, including, but not limited to flood, storm surge, wind, hail, sleet, tornadoes, hurricane or lightning.

D.    Service Interruption: With respect to any Service Interruption, "the duration of such interruption" referred to in the policy must be in excess of 24 hours.

E.    Transit: $10,000

F.    Machinery Breakdown: $10,000

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

24 Hour Holdings I Corp.                                    2019 - 2020 Property Policy

If two or more deductible amounts in this policy apply to a single occurrence, the total to be deducted shall not exceed the largest deductible.

In any occurrence where loss or damage is caused by more than one peril insured against under this policy, the Insured shall have the right to separate the loss amount by peril for the purposes of application of the deductible(s) specified in this section, notwithstanding the above reference to two or more deductibles and the policy limits.

As respects theft, the term Occurrence as referred to elsewhere within the policy means the sum total of all losses of covered property resulting from one or more concealed acts committed by one person or more than one person acting in unison to the extent such loss is not otherwise excluded under this policy.

The deductible amounts specified above shall not apply to general average contributions, salvage charges and sue and labor expenses.

**5.    LOSS PAYABLE**

Loss, if any, shall be adjusted with and payable to 24 Hour Holdings I Corp., or order whose receipt shall constitute a release in full of all liability under this policy with respect to such loss.

**6.    TERRITORY**

This policy covers loss occurring anywhere within the 50 states comprising the United States of America including the District of Columbia.

**7.    COVERAGE**

Except as hereinafter excluded, this policy covers;

**A.    Real and Personal Property**

1)    The interest of the Insured in all real and personal property including but not limited to property owned, used, leased or intended for use by the Insured, or hereafter constructed, erected, installed, or acquired, including while in course of construction, erection, installation, and assembly.  In the event of loss or damage, the Company(ies) agrees to accept and consider the Insured as sole and unconditional owner of improvements and betterments, notwithstanding any contract or leases to the contrary.

2)    The interest of the Insured in real and personal property of others in the Insured's care, custody, or control.

3)    Real and personal property which the Insured is responsible for or has agreed to insure.

4)    At the option of the Insured, personal property of the Insured's officials, employees and representatives while on the premises of the Insured.  This insurance shall then act as primary insurance, except as respects employees' automobiles.

5)    Contractors' and vendors' interest in property covered to the extent of the Insured's liability imposed by law or assumed by contract, whether written or oral.

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000060

B.   **Business Interruption**

1)   Loss resulting from necessary interruption of business conducted by the Insured, whether total or partial, and caused by loss, damage, or destruction covered herein during the term of this policy to real and personal property as described in Clause 7.A.

2)   If such loss occurs during the term of this policy, it shall be adjusted on the basis of ACTUAL LOSS SUSTAINED by the Insured, consisting of the net profit which is thereby prevented from being earned and of all charges and expenses only to the extent that these must necessarily continue during the interruption of business excluding Ordinary Payroll and only to the extent such charges and expenses would have been earned had no loss occurred.

"Ordinary payroll" is defined to be the entire payroll expense for all employees of the Insured except officers, executives, department managers, employees under contract, and other important employees as determined by the Insured.

3)   In the event of loss, damage, or destruction covered herein to property as described in Clause 7.A, which results in an interruption of research and development activities which in themselves would not have produced income during the indemnity period, this policy shall cover the actual loss sustained of the continuing fixed charges and expenses, including Ordinary Payroll directly attributable to such research and development activities.

4)   However, the Company(ies) shall not be liable under this Clause B. for any loss resulting from damage to or destruction of finished stock nor for the time required to reproduce said finished stock.  Finished stock shall mean stock manufactured by the Insured which in the ordinary course of the Insured's business is ready for packing, shipment, or sale.

5)   Resumption of Operations:  If the Insured, by reasonable means within its control, could reduce the loss resulting from the interruption of business:

   (a)   by a complete or partial resumption of operation of the property insured, whether damaged or not; or

   (b)   by making use of available stock, merchandise, or other property;  such reduction shall be taken into account in arriving at the amount of loss hereunder.

6)   Experience of the Business:

   (a)   In determining the amount of net profit, charges and expenses covered hereunder for the purpose of ascertaining the amount of loss sustained, due consideration shall be given to the experience of the business before the date of damage or destruction and to the probable experience thereafter had no loss occurred to real or personal property as described in Clause 7.A.

   (b)   With respect to alterations, additions, and property while in the course of construction, erection, installation, or assembly, due consideration shall be given to the available experience of the business after completion of the construction, erection, installation, or assembly.

   (c)   With respect to property under course of construction, delay in opening caused by an insured peril, loss shall be deemed an insured loss for business interruption purposes if the business operations fail to begin on the scheduled completion date existing at the time of insured loss, all other issues being equal. The loss

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

amount shall be determined by evaluating the actual income experienced after actual reopening and applying said levels of income experienced for the time delay period. The time delay period is equal to the difference between the actual opening date of operation and the scheduled completion date existing at the time of the insured loss.

**C.    Extra Expense**

(1)    Extra Expense incurred resulting from physical loss, damage, or destruction covered herein during the term of this policy to real or personal property as described in Clause 7.A.

**D.    Rental Value**

(1)    Rental Value loss sustained by the Insured resulting directly from the necessary untenantability, during the period of restoration caused by loss, damage, or destruction covered herein during the term of this policy to real and personal property as described in Clause 7.A. but not exceeding the reduction in rental value less charges and expenses which do not necessarily continue during the period of untenantability.

(2)    "Rental Value" is defined as the sum of:

(a)    the total anticipated gross rental income from tenant occupancy of the described property as furnished and equipped by the Insured; and

(b)    the amount of all charges which are the legal obligation of the tenant(s) and which, because of loss, would otherwise be obligations of the Insured; and

(c)    the fair rental value of any portion of said property which is occupied by the Insured.

(3)    Experience of the Business:

(a)    In determining the amount of rental value covered hereunder for the purposes of ascertaining the amount of loss sustained, due consideration shall be given to the rental experience before the date of damage or destruction and to the probable experience thereafter had no loss occurred to real and personal property as described in Clause 7.A.

(b)    With respect to alterations, additions, and property while in the course of construction, erection, installation, or assembly, due consideration shall be given to the available rental experience of the business after completion of the construction, erection, installation, or assembly.

**E.    Royalties**

(1)    Loss of income to the Insured under royalty, licensing fees, management fees and/or commission agreements between the Insured and another party which is not realizable due to loss, damage, or destruction by any of the perils covered herein during the term of this policy to property of the other party.

(2)    If such loss occurs during the term of this policy, it shall be adjusted on the basis of ACTUAL LOSS SUSTAINED of such income referred to in paragraph 1 above, which would have been earned had no loss occurred.

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

(3)    Resumption of Operations:  The Insured shall influence, to the extent reasonably possible, the party with whom the agreement described in paragraph 1 above has been made to use any other machinery, supplies or locations in order to resume business so as to reduce the amount of loss hereunder, and the Insured shall cooperate with that party in every reasonable way to effect this, but not financially unless such expenditures shall be authorized and paid by the Company(ies).

(4)    Experience of the Business:  In determining the amount of income derived from the agreement(s) described in paragraph 1 above for the purpose of ascertaining the amount of loss sustained, due consideration shall be given to the amount of income derived from such agreement(s) before the date of damage or destruction and to the probable amount of income thereafter had no loss occurred to real and personal property of the type insured under this policy of such other party.

F.    **Time Element Extensions**

(1)    This policy, subject to all provisions and without increasing the limits of this policy, also insures against loss resulting from damage to or destruction by causes of loss insured against, to:

   (a)    Contingent Time Element and Contingent Extra Expense:  property that wholly or partially prevents any direct supplier of goods and/or services to the Insured from rendering their goods and/or services, or property that wholly or partially prevents any direct receiver of goods and/or services from the Insured from accepting the Insured's goods and/or services, such supplier or receiver to be located anywhere within the 50 states comprising the United States of America including the District of Columbia.

   There is no liability for any loss resulting from Contingent Time Element and Contingent Extra Expense that is insured under subparagraph identified as Service Interruption (Clause 7.K).

   (b)    Impounded Water:  dams, reservoirs, or equipment connected therewith when water, used as a raw material or used for power or for other purposes, stored behind such dams or reservoirs is released from storage and causes an interruption of business, not to exceed 30 consecutive days, as a result of lack of water supply from such sources;

   (c)    Leader Property:  property not owned or operated by the Insured, located within (5) statute miles of the Insured premises, which attracts business to the Insured.

(2)    Interruption by Civil or Military Authority:  This policy is extended to cover the loss sustained during the period of time when access to real or personal property is prohibited by order or action of civil or military authority issued in connection with or following a peril insured against within five (5) statute miles of the insured premises and for a period not to exceed thirty (30) days.

(3)    Ingress/Egress:  This policy is extended to cover the loss sustained during the period of time when, in connection with or following a peril insured against, access to or egress from real or personal property is prevented within five (5) statute miles of the insured premises and for a period not to exceed thirty (30) days.

G.    **Provisions Applicable to Business Interruption, Extra Expense, Rental Value and Royalties Coverages**

Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

CONFIDENTIAL                                                GSINDA 0000063

24 Hour Holdings I Corp.                                    2019 - 2020 Property Policy

(1)    Period of Recovery:  The length of time for which loss may be claimed:

    (a)  shall not exceed such length of time as would be required:

        (i.)  with the exercise of due diligence and dispatch to rebuild, repair, or replace such part of the property as has been destroyed or damaged;

        (ii.)  to restore the interrupted services to the premises and the premises made ready for normal operations when such interruption is caused by an accidental occurrence;

    (b)  and, such additional length of time to restore the Insured's business to the condition that would have existed had no loss occurred, commencing with the later of the following dates:

        (i.)  the date on which the liability of the Company(ies) for loss or damage would otherwise terminate; or

        (ii.)  the date on which repair, replacement, or rebuilding of the property that has been damaged is actually completed;

        but in no event for more than 365 consecutive calendar days from said later commencement date;

    (c)  with respect to alterations, additions and property while in the course of construction, erection, installation, or assembly shall be determined as provided in subparagraph (a) above, but such determined length of time shall be applied to the experience of the business after the business has reached its planned level of production or level of business operations;

    (d)  shall commence with the date of such loss or damage and shall not be limited by the date of expiration of this policy or cancellation date.

(2)    Special Exclusions:  This section of the policy does not insure against any increase of loss which may be occasioned by the suspension, lapse, or cancellation of any lease, license, contract, or order; nor for any increase of loss due to interference at the Insured's premises by strikers or other persons with rebuilding, repairing, or replacing the property damaged or destroyed, or with the resumption or continuation of business, or with the reoccupancy of the premises.

(3)    Expense to Reduce Loss:  This policy also covers such expenses incurred for the purpose of reducing any loss under this policy, even though such expenses may exceed the amount by which the loss under this policy is thereby reduced.

H.    **Transit**

(1)    Property in transit within and between the territorial limits of this policy, including the coastal waters thereof, by any means of conveyance, from the time the property is moved for purpose of loading and continuously thereafter while awaiting and during loading and unloading and in temporary storage, including temporary storage on any conveyance intended for use for any outbound or used for inbound shipment, including during deviation and delay, until safely delivered and accepted into place of final destination.

(2)    This insurance is extended to cover loss or damage to property:

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL                                            GSINDA 0000064

24 Hour Holdings I Corp.                                    2019 - 2020 Property Policy

(a)  sold and shipped by the Insured under terms of F.O.B. point of origin or other terms usually regarded as terminating the shipper's responsibility short of points of delivery;

(b)  arising out of any unauthorized person(s) representing themselves to be the proper party(ies) to receive goods for shipment or to accept goods for delivery;

(c)  occasioned by the acceptance by the Insured, by its agents, or by its customers of fraudulent bills of lading, shipping and delivery orders, or similar documents;

(d)  at the Insured's option, which is incoming to the Insured.

(3)  (a)  The Insured may waive right(s) of recovery against private, contract, and common carriers and accept bills of lading or receipts from carriers, bailees, warehousemen, or processors limiting their liability, but this transit insurance shall not inure to the benefit of any carrier, bailee, warehouseman, or processor.

(b)  With respect to shipments made under subparagraphs 2(a) and 2(d) above, the Company(ies) agrees to waive its rights of subrogation against consignees at the option of the Insured.

(4)  The Insured is not to be prejudiced by any agreements exempting lightermen from liability.

(5)  Seaworthiness of any vessel or watercraft and airworthiness of any aircraft are admitted between the Company(ies) and the Insured.

I.  **Accounts Receivable**

(1)  All sums due the Insured from customers, provided the Insured is unable to effect collection thereof as the direct result of loss of or damage to records of accounts receivable;

(2)  Interest charges on any loan to offset impaired collections pending repayment of such sums made uncollectible by such loss or damage;

(3)  Collection expense in excess of normal collection cost and made necessary by such loss or damage;

(4)  Other expenses, when reasonably incurred by the Insured in reestablishing records of accounts receivable following such loss or damage.

For the purpose of this insurance, credit card company charge media shall be deemed to represent sums due the Insured from customers, until such charge media is delivered to the credit card company.

When there is proof that a loss of records of accounts receivable has occurred but the Insured cannot more accurately establish the total amount of accounts receivable outstanding as of the date of such loss, such amount shall be computed as follows:

(1)  The monthly average of accounts receivable during the last available twelve months shall be adjusted in accordance with the percentage increase or decrease in the twelve months average of monthly gross revenues which may have occurred in the interim.

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

(2)  The monthly amount of accounts receivable thus established shall be further adjusted in accordance with any demonstrable variance from the average for the particular month in which the loss occurred, due consideration being given to the normal fluctuations in the amount of accounts receivable within the fiscal month involved.

There shall be deducted from the total amount of accounts receivable, however established, the amount of such accounts evidenced by records not lost or damaged, or otherwise established or collected by the Insured, and an amount to allow for probable bad debts which would normally have been uncollectible by the Insured.

J.  **Leasehold Interest**

(1)  Pro rata proportion from the date of loss to expiration date of the lease (to be paid without discount) on the Insured's interest in:

(a)  the amount of bonus paid by the Insured for the acquisition of the lease not recoverable under the terms of the lease;

(b)  improvements and betterments to real property which are not covered under any other section of this policy;

(c)  the amount of advance rental paid by the Insured and not recoverable under the terms of the lease;

when property is rendered wholly or partially untenantable by any covered loss during the term of this policy and the lease is canceled by the party not the Named Insured by this policy in accordance with the conditions of the lease or by statutory requirements of the appropriate jurisdiction in which the damaged or destroyed property is located; and

(2)  (a)  "The Interest of the Insured as Lessee or Lessor" when property is rendered wholly or partially untenantable by any covered loss during the term of this policy and the lease is canceled by the party not the Named Insured under this policy in accordance with the conditions of the lease or by statutory requirements of the appropriate jurisdiction in which the damaged or destroyed property is located.

(b)  "The Interest of the Insured as Lessee or Lessor" as referred to herein shall be paid for the first three months succeeding the date of the loss and the "Net Lease Interest" shall be paid for the remaining months of the unexpired lease.

(3)  Definitions:

The following terms, wherever used in this section shall mean::

(a)  "The Interest of the Insured as Lessee" is defined as:

(i)  the excess of the rental value of similar premises over the actual rental payable by the lessee (including any maintenance or operating charges paid by the lessee) during the unexpired term of the lease; and

(ii)  the rental income earned by the Insured from sublease agreements, to the extent not covered under any other section of this policy, over and above the rental expenses specified in the lease between the Insured and the lessor.

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

(b) "The Interest of the Insured as Lessor" is defined as the difference between the rents payable to the lessor under the terms of the lease in effect at the time of loss and the actual rent collectible by the lessor during the unexpired term of the lease provided the lease is canceled by the lessee, to the extent not covered under any other section of this policy.

(c) "Net Lease Interest" is defined as that sum, which placed at 6% interest compounded annually will be equivalent to the "The Interest of the Insured as Lessee or Lessor."

(4) The Company(ies) shall not be liable for any increase of loss which may be occasioned by the suspension, lapse or cancellation of any license or by the Named Insured exercising any option to cancel the lease. Furthermore, the Named Insured shall use due diligence including all things reasonably practicable to diminish loss under this clause.

## K.    Service Interruption

This policy is extended to cover physical loss or damage to Insured Property and/or Time Element Coverage arising from a Covered Cause of Loss to: (1) incoming electrical, gas, water, or telecommunications equipment or outgoing sewer or (2) electrical, telecommunications, fuel, water, steam, refrigeration, or other service transmission lines, all situated outside the Insured Locations.

There shall be no loss payable under this additional coverage unless the interruption exceeds the qualifying period shown. In such case, the loss shall be measured from date and time of the loss. With respect to any Time Element Coverage provided herein, the Period of Interruption ends when: (1) incoming electrical, gas, water, or telecommunications equipment or outgoing sewer or (2) electrical, telecommunications, fuel, water, steam, refrigeration, or other service transmission lines is restored. The sublimit set forth applies to all loss or damage to Insured Property and Time Element Coverage combined arising out of one Service Interruption.

The Company(ies) will not be liable if the interruption of such utility or service is caused directly or indirectly by the failure of the Insured to comply with the terms and conditions of any contracts the Insured has for the supply of such specified utilities or services.

The Insured will immediately notify the suppliers of utilities or services of any interruption of such services.

There is no liability for any loss resulting from the interruption of the business that is insured under subparagraph identified as Contingent Time Element.

Definition: Wherever used in this policy, the term "Time Element" means any one or all of the following coverages: Business Interruption, Extra Expense, Rental Value, Leasehold Interest, Royalties and Time Element Extensions described herein.

## 8.    COVERAGE EXTENSIONS

### A. Demolition and Increased Cost of Construction

In the event of loss or damage under this policy that causes the enforcement of any law, ordinance, governmental directive or standard regulating the construction, repair, use, or occupancy of property, the Company(ies) shall be liable for:

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000067

1) the cost of demolishing the undamaged property including the cost of clearing the site;

2) the proportion that the value of the undamaged part of the property bore to the value of the entire property prior to loss;

3) increased cost of repair or reconstruction of the damaged and undamaged property on the same or another site, limited to the cost that would have been incurred in order to comply with the minimum requirements of such law or ordinance regulating the repair or reconstruction of the damaged property on the same site. However, the Company(ies) shall not be liable for any increased cost of construction loss unless the damaged property is actually rebuilt or replaced;

4) any increase in the business interruption, extra expense, rental value or royalties loss arising out of the additional time required to comply with said law or ordinance.

B.   **Debris Removal**

This policy covers the following expenses resulting from a covered loss:

(1)   the cost of removal of debris of property covered hereunder;

(2)   the cost of removal of debris of property not covered hereunder from the premises of the Insured;

C.   **Expediting Expense**

This policy covers the extra cost of temporary repair and/or replacement and of expediting the repair and/or replacement of damaged property insured hereunder, including, but not limited to, overtime and express freight or other rapid means of transportation.

D.   **Professional Fees**

This Policy is extended to include reasonable and necessary expenses incurred by the Insured for preparing and certifying particulars or details of the insured's business in order to determine the amount of loss payable under this policy.   There shall be no coverage under this policy for expenses incurred by the Insured in utilizing the services of Attorneys, Public Adjusters, Insurance Agents or Brokers, or any of their subsidiary, related or associated entities.  This Policy also excludes any fees or costs for consultation on coverage or negotiation of claims, and the costs or expenses of overhead or operating expenses of any Insured, including salaries of such Insured's employees.

E.   **Fire Brigade Charges and Extinguishing Expenses**

This policy covers the following expenses resulting from a covered loss:

(1)   fire brigade charges and any extinguishing expenses which the Insured incurs;

(2)   loss and disposal of fire extinguishing materials expended.

F.   **Defense Costs**

This policy, subject to all of its provisions, also insures the costs and fees to defend any claim or suit against the Insured and/or its directors, officers and/or employees alleging physical loss

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

or damage as insured against to property of others in the care, custody or control of the Insured to the extent of the Insured's liability therefore, even if such claim or suit is groundless, false or fraudulent; but the Company(ies) may without prejudice make such investigation, negotiation or settlement of any such claim or suit as it deems expedient.

G.   **Consequential Loss**

(1)   In the event of loss or damage not otherwise excluded to property, and such damage, without the intervention of any other independent excluded cause, results in a sequence of events which causes physical damage to insured property, then there shall be liability under the policy for the resulting loss.

(2)   This policy also insures against consequential loss to the property insured caused by but not limited to change of temperature or humidity or by interruption of power, heat, air conditioning, or refrigeration resulting from loss or damage not otherwise excluded.

(3)   This policy also insures the reduction in value to the remaining part or parts of any lot of merchandise usually sold by lots or sizes, color ranges, or other classifications due to damage to or destruction of a part of such lots or other classifications due to a cause of loss not otherwise excluded.

H.   **Control of Damaged Merchandise**

The Insured, exercising a reasonable discretion, shall be the sole judge as to whether the goods involved in any loss under this policy are fit for normal intended use or consumption. No goods so deemed by the Insured to be unfit for consumption shall be sold or otherwise disposed of except by the Insured or with the Insured's consent, but the Insured shall allow the Company(ies) any salvage obtained by the Insured on any sale or other disposition of such goods.  The Insured shall have full right to the possession of all goods involved in any loss under this policy.

I.   **Brands or Trademarks**

In case of damage insured against to property bearing a brand or trademark or which in any way carries or implies the guarantee or the responsibility of the manufacturer or Insured, the salvage value of such damaged property shall be determined after removal at the Company's(ies) expense in the customary manner of all such brands or trademarks or other identifying characteristics.

J.   **Automatic Coverage (Newly Acquired)**

This Policy covers all property at any location rented, leased or purchased by the Insured after the inception date of this policy. This coverage applies from the date of rental, lease or purchase. Newly acquired locations should be reported to the Company within 180 days of acquisition.

K.   **Machinery Breakdown Extensions**

(1)   Spoilage

The Company(ies) will pay for the spoilage damage to raw materials, property in process or finished products, provided all of the following conditions are met:

a)   The raw materials, property in process or finished products must be in storage or in

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000069

24 Hour Holdings I Corp.                                        2019 - 2020 Property Policy

the course of being manufactured;

b) The Insured must own or be legally liable under written contract for the raw materials, property in process or finished products; and

c) The spoilage damage must be due to the lack or excess of power, light, heat, steam or refrigeration.

The Company (ies) will also pay any necessary expenses the Insured incurs to reduce the amount of loss under this coverage.  The Company(ies) will pay such expenses to the extent that they do not exceed the amount of loss that otherwise would have been payable under this coverage form.

(2)  Hazardous Substance

The Company(ies) will pay any additional expenses incurred by the Insured for the clean-up, repair or replacement or disposal of Real and Personal Property that is damaged, contaminated or polluted by a Hazardous Substance caused by an Accident.

As used here, additional expenses mean the additional cost incurred over and above the amount that the Company(ies) would have paid had no Hazardous Substance been involved with the loss.

Hazardous Substance means any substance other than ammonia that has been declared to be hazardous to health by a government agency.

Ammonia is not considered to be a Hazardous Substance as respects this limitation.

(3)  Ammonia Contamination

The Company(ies) will pay the spoilage to covered property contaminated by ammonia, including any salvage expense caused by an Accident.

(4)  CFC Refrigerants

The Company(ies) will pay for the additional cost to repair or replace Real and Personal Property because of the use or presence of a refrigerant containing CFC (chlorinated fluorocarbon) substances if the loss is caused by an Accident.  This means the additional expense to do the least expensive of the following:

a)  Repair the damaged property and replace any lost CFC refrigerant;

b)  Repair the damaged property, retrofit the system to accept a non-CFC refrigerant and charge the system with a non-CFC refrigerant; or

c)  Replace the system with one using a non-CFC refrigerant.

## 9.   PERILS INSURED AGAINST

This policy insures against:

A.   All risk of direct physical loss or damage to property described herein including general average, salvage and all other charges on shipments covered hereunder, except as hereinafter excluded.

B.   Service Interruption as set forth under Clause 7. K.

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

24 Hour Holdings I Corp. 2019 - 2020 Property Policy

## 10.  PERILS EXCLUDED

This policy does not insure:

A.  against any fraudulent or dishonest act or acts committed by the Insured or any of the Insured's employees meaning only dishonest or fraudulent acts committed by the Insured or the Insured's employees with the manifest intent to:

    (1)  cause the Insured to sustain such loss, and

    (2)  obtain financial benefit for the Insured, Insured's employee, or for any other person or organization intended by the Insured or the employee to receive such benefit, other than salaries, commissions, fees, bonuses, promotions, awards, profit sharing, pensions, or other employee benefits earned in the normal course of employment.

This exclusion does not apply to acts of damage or destruction by employees, but theft by employees is not covered.

B.  against the cost of making goods defective design or specifications, faulty material, or faulty workmanship; however, this exclusion shall not apply to loss or damage resulting from such defective design or specifications, faulty material, or faulty workmanship;

C.  against errors in processing or manufacture of the Insured's product unless loss or damage not otherwise excluded ensues and then this policy shall cover for such ensuing loss or damage;

D.  against ordinary wear and tear, or gradual deterioration unless loss or damage not otherwise excluded ensues and then this policy shall cover for such ensuing loss or damage;

E.  against normal settling or normal shrinkage of walls, floors, or ceilings unless loss or damage not otherwise excluded ensues and then this policy shall cover for such ensuing loss or damage;

F.  against nuclear reaction, or nuclear radiation, or radioactive contamination, all whether controlled or uncontrolled, and whether such loss be direct or indirect, proximate or remote; except:

    (1)  if fire ensues, liability is specifically assumed for direct loss by such ensuing fire but not including any loss due to nuclear reaction, nuclear radiation, or radioactive contamination;

    (2)  the Company(ies) shall be liable for loss or damage caused by sudden and accidental radioactive contamination including resultant radiation damage for each occurrence from material used or stored or from processes conducted on an insured premises provided at the time of loss there is neither a nuclear reactor capable of sustaining a nuclear fission in a self-supporting chain reaction nor any new or used nuclear fuel on the insured premises;

G.  (1)  against warlike action in time of peace or war, including action in hindering, combating, or defending against an actual, impending, or expected attack:

        (a)  by any government or sovereign power (de jure or de facto) or by any authority maintaining or using military, naval, or air forces;

        (b)  or by military, naval, or air forces;

        (c)  or by an agent of any such government, power, authority, or forces;

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000071

(2)    against any weapon employing atomic fission or fusion;

(3)    against rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating, or defending against such occurrence;

(4)    against seizure or destruction by order of public authority, except destruction by order of public authority to prevent the spread of, or to otherwise contain, control or minimize loss, damage or destruction not otherwise excluded under this policy;

(5)    against risks of contraband or illegal trade.

Notwithstanding the above provisions, G. (1), (3), (4), and (5), this insurance shall cover loss or damage directly caused by acts committed by an agent of any government, party, or faction engaged in war, hostilities, or warlike operations, provided such agent is acting secretly and not in connection with any operation of armed forces (whether military, naval, or air forces) in the country where the property is situated.  Nothing in the foregoing shall be construed to include any loss, damage or expense caused by or resulting from any of the risks or perils excluded above, excepting only the acts of certain agents expressly covered herein, but in no event shall this insurance include any loss, damage, or expense caused by or resulting from any weapon of war employing atomic fission or fusion whether in time of peace or war;

H.    against mysterious disappearance, loss or shortage disclosed upon taking inventory, or any unexplained loss;

I.    against any loss from the voluntary parting with title or possession of property if induced by any fraudulent act or by false pretense;

J.    against insect, animal, or vermin damage;

K.    against changes in temperature damage (except to machinery and equipment); or changes in relative humidity damage, all whether atmospheric or not;

L.    Acts, Errors or Omissions exclusion shall apply only if a cause of loss otherwise excluded by this policy contributes to the loss or is a cause of the loss. Notwithstanding any of the terms of this policy that might be construed otherwise, this policy does not insure against loss or damage cause by any act, error or omission (whether by the Insured or others) in:

(1)    planning, zoning, surveying, sitting or developing property;

(2)    establishing or enforcing building codes or standards for construction or materials;

M.    against underground mines, caverns or any property contained therein.

N.    loss of Market Share

Exclusions B, C, and E do not apply to property in transit.

Exclusion C does not apply to alterations, additions, and property while in the course of construction, erection, installation, or assembly.

Exclusions A through E do not apply to Service Interruption (as set forth in Clause 7. K.)

## 11.  PROPERTY EXCLUDED

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

This policy does not cover loss or damage to:

A.   Land; however, this exclusion shall not apply to the cost of reclaiming, restoring or repairing land improvements.  Land improvements are defined as any alteration to the natural condition of the land by grading, man-made landscaping, earthen dikes or dams,  and additions to land such as pavements, roadways, or similar works;

B.   Water, except water which is normally contained within any type of tank, piping system or other process equipment;

C.   Money and securities, precious metals and jewelry;

D.   Growing crops, standing timber which is grown or maintained specifically for purposes of conversion to lumber, and animals except for research;

E.   Watercraft, aircraft, or motor vehicles licensed for highway use, but this exclusion shall not apply to contractor's equipment;

F.   Waterborne shipments via the Panama Canal, and to and from Puerto Rico, the Virgin Islands, Hawaii, and Alaska;

G.   Export shipments after loading on board an overseas vessel or watercraft or after ocean marine insurance attaches, whichever occurs first; and import shipments prior to discharge from the overseas vessel or watercraft or until the ocean marine insurance terminates, whichever occurs last.

H.   Offshore property which is seaward beyond the line of normal tidal low water along coastal land except that structures and their contents extending from land or shore, floating docks permanently moored to dock, river bank or shore are not to be considered as offshore.

I.   As respects property damage only, transmission and distribution lines of every type and description; except when located on the Insured's premises or within one-thousand (1,000) feet thereof.

## 12.   VALUATION

In case of loss, the basis of adjustment shall be as follows:

### A.   Stock

(1)   Raw Stock (materials and supplies in the state in which the Insured received them for conversion by the Insured into finished stock, including supplies consumed in such conversion or in the service rendered by the Insured) shall be valued at replacement cost at the time and place of loss.

(2)   Stock in process (raw stock which has undergone any aging, seasoning, or other processing by the Insured but which has not become finished stock) shall be valued at the Insured's selling price of finished stock at the time of loss, less any manufacturing expense not incurred by the Insured and less any discounts, rebates, and unincurred expenses to which the sales price would have been subject.

(3)   Finished stock (stock which in the ordinary course of the Insured's business is ready for packing, shipment or sale) and merchandise shall be valued at the Insured's selling price at the time of loss, less all discounts, rebates, and unincurred expenses to which such sales price would have been subject.

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

24 Hour Holdings I Corp.                              2019 - 2020 Property Policy

### B.    Real and Personal Property

(1)    Buildings, structures, furniture and fixtures, machinery, equipment, improvements and betterments, shall be valued at the replacement cost new on the same premises, as of the date of replacement.

(2)    Electronic Data Processing or control equipment and production machinery and equipment or any part thereof shall be valued at the cost to repair or replace new on the same premises as of the time of replacement except, that with respect to items for which replacement with identical property is impossible, the replacement cost shall be the cost of items similar to the destroyed property and intended to perform the same function but which may include technological advances.

(3)    Valuable papers and records shall be valued at the cost to reproduce the property as of the date of reproduction including the cost of gathering and/or assembling information;

"Valuable papers and records" are defined as written, printed, or otherwise inscribed documents and records, including but not limited to books, maps, films, drawings, abstracts, deeds, mortgages, micro-inscribed documents, manuscripts, and media and the data recorded thereon, but not including money and/or securities.

"Media" is defined as materials upon which data is recorded including, but not limited to, paper tapes, cards, electronic memory circuits, and magnetic or optical storage devices.  "Data" is defined as facts, concepts, or instructions in a form usable for communications, interpretation, or processing by automatic means.  It includes computer programs.

The term "securities" shall mean all negotiable and non-negotiable instruments or contracts representing either money or other property, and includes revenue and other stamps in current use, tokens and tickets but does not include money.

(4)    Property of others which the Insured is required to insure to a stipulated value shall be valued at the replacement cost new as of the date of replacement, if replaced at the Insured's option; otherwise at the stipulated value.

(5)    Fine Arts shall be valued at the appraised value; or, if there is no appraisal, at the greater of the original acquisition cost or the market value at the time of the loss.

(6)    Other property not otherwise provided for, at replacement cost new on the same premises as of the date of replacement.

(7)    Permission is granted for the Insured to replace the damaged property with any property at the same site and/or at another site and/or new site within the territorial limits of this policy, but recovery is limited to what it would cost to replace on same site.  If property damaged or destroyed is not repaired, rebuilt or replaced within a reasonable period after the loss or damage, this company shall not be liable for more that actual cash value at the time of loss (ascertained with proper deduction for depreciation) of the property damaged or destroyed. However, limitations imposed by federal, state or municipal building codes shall not result in actual cash valuation.

a)    The Insured may elect not to repair or replace the insured real and/or personal property lost, damaged or destroyed.  Loss settlement may be elected on the lesser of repair or replacement cost basis if the proceeds of such loss settlement

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000074

are expended on other capital expenditures related to the Insured's operations within two years from the date of loss. As a condition of collecting under this item, such expenditure must be unplanned as of the date of loss and be made at an Insured Location under this policy.

(8)   For property in Transit the amount of recovery shall be the value stated on the invoice, including prepaid or advance freight, if any, plus the profit or commission of the named insured as selling agent, and such other cost and charges as may have been accrued and become legally due thereon since shipment, In the absence of an invoice, the measure of loss shall be actual cash value at the point of shipment after taking into account all allowances for depreciation.

## 13.   EARTHQUAKE AND FLOOD

A.   Each loss by earthquake or flood shall constitute a single occurrence hereunder if:

(1)   more than one earthquake shock occurs within any period of 168 hours during the term of this policy, the beginning of which 168 hour period may be determined by the Insured; or

(2)   any flood occurs within a period of the continued rising or overflow of any river(s) or stream(s) and the subsidence of same within the banks of such river(s) or stream(s); or

(3)   any flood results from any tidal wave or series of tidal waves caused by any one disturbance.

Earthquake is defined as a shaking or trembling of the earth that is tectonic in origin including resulting tsunami.

Flood is defined as a rising and overflowing of a body of water onto normally dry land.

B.   Should any time period referred to in Clause A. above commence prior to expiration or cancellation date of this policy, the Company(ies) shall pay all such Earthquake or flood losses occurring during such period as if such period fell entirely within the term of this policy.

C.   The Company(ies) shall not be liable, however, for any loss caused by any Earthquake or flood commencing before the effective date and time or commencing after the expiration date and time of this policy.

## 14.   ACCIDENT

The term "accident" is defined solely for the determination of the limits of liability and/or deductible(s) and application of the Sue and Labor and Suspension section only. The term "accident" shall not limit or define the perils or coverages provided elsewhere in this policy.

A.   The term "accident" shall mean:

(1)   Any condition or occurrence within boilers or fired or unfired vessels owned by, operated by, or under the control of the Insured and subject to pressure or vacuum including piping or apparatus attached to and forming a part thereof, except that the words "any condition or occurrence" shall not include explosion, other than explosion of the parts of a steam boiler containing steam or water, steam piping, steam turbines, or steam engines;

(2)   mechanical breakdown of any machine or apparatus arising out of any condition or occurrence within such machine or apparatus;

Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

CONFIDENTIAL

(3)   electrical injury or disturbance to electrical appliances, devices, fixtures, wiring, or other electrical or electronic equipment caused by electrical currents artificially generated.

However, the term "accident" does not include:

(1)   loss or damage from fire or from the use of water or other means to extinguish fire; and

(2)   the normal operation of any safety or protective device;

B.   The term "accident" shall not apply to the following property:

(1)   property in transit;

(2)   property while in the course of construction, erection, installation, or assembly;

(3)   electronic data processing systems used for administrative, statistical, or accounting purposes;

(4)   any sewer piping, any piping forming a part of a fire protective system, or any water piping other than:

(a)   boiler feed water piping;

(b)   boiler condensate return piping;

(c)   water piping used in a heat transfer system for cooling, humidifying, or space heating purposes;

(5)   any vehicle, aircraft, or self-propelled equipment or floating vessel;

(6)   any elevator, crane, ladle or bucket, hoist, power shovel, drag line, excavator, scale, or conveyor, but not excluding any pressure vessel, gears, engines or electrical equipment used with a machine.

## 15.   CONTRIBUTING INSURANCE

Contributing insurance is insurance written upon the same plan, terms, conditions, and provisions as those contained in this policy. This insurance shall contribute in accordance with the conditions of this policy only with other contributing insurance as defined.

## 16.   EXCESS INSURANCE

Excess insurance is insurance over the limit of liability set forth in this Policy. The existence of such excess insurance shall not prejudice the coverage provided under this Policy nor will it reduce any liability hereunder.

### Step Down / Drop Down / Priority of Payments

A.   Primary

Any recoveries made under the primary shall first apply to loss or damage not insured against by the excess policy(ies). Upon exhaustion of the primary limit, the excess policy(ies) shall step down and be liable for loss in the excess of the amount attributed to

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000076

such policy as respects loss or damage insured thereunder subject to the excess policy(ies) limits.

B.     Excess

The amount of loss from any one occurrence, for which this policy is excess, shall be determined by combining the loss, damage or expense as insured under the primary policy.

In the event of loss or damage involving more than one coverage or peril, the Limits of Liability of the underlying policies shall first apply to the coverage(s) or peril(s) not insured by this policy, and the remainder, if any, to the coverage(s) or peril(s) as provided hereunder. Upon erosion or exhaustion of the Limits of Liability of underlying policy(ies), this policy shall then be liable for the loss uncollected from the coverage(s) or peril(s) insured hereunder, subject to the Limit of Liability specified herein.

In the event of reduction or exhaustion of the aggregate limit(s) in respect of flood and/or earthquake designated in the underlying policy(ies), it is hereby understood and agreed that such insurance as afforded by this policy shall apply in excess of the reduced or exhausted underlying limits.

Nothing herein contained shall be held to vary, alter, waive or change any of the terms, limits or conditions of the policy except as herein above set forth.

## 17.  UNDERLYING INSURANCE

A.     Underlying insurance is insurance on all or any part of the deductible and against all or any of the causes of loss covered by this policy including declarations of value to the carrier for hire. The existence of such underlying insurance shall not prejudice or affect any recovery otherwise payable under this policy.

B.     If the limits of such underlying insurance exceed the deductible amount, which would apply in the event of loss under this policy, then that portion which exceeds such a deductible amount shall be considered other insurance, as defined in the Other Insurance clause.

## 18.  OTHER INSURANCE

Except for insurance described by the contributing insurance clause, the excess insurance clause, or the underlying insurance clause, this policy shall not cover to the extent of any other collectible insurance, whether directly or indirectly covering the same property against the same causes of loss. The Company(ies) shall be liable for loss or damage only to the extent of that amount in excess of the amount recoverable from such other collectible insurance. As used herein, "other collectible insurance" does not include self-insurance, deductibles, self-insured retentions or fronting policies.

## 19.  SUBROGATION

A.     Any release from liability entered into by the Insured prior to loss hereunder shall not affect this policy or the right of the Insured to recover hereunder. The right of subrogation against the Insured, affiliated, subsidiary, and associated companies or corporations, the Insured's officers, directors, and employees, or any other corporations or companies associated with the Insured through ownership or management, or between contractors, subcontractors, sub-subcontractors, and at the option of the Insured against a tenant, vendor, supplier, guest, or customer of the Insured, is waived.

B.     In the event of any payment under this policy, the Company(ies) shall be subrogated to the extent of such payment to all the Insured's rights of recovery therefore. The Insured shall execute all papers required and shall do anything that may be reasonably necessary at the

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000077

expense of the Company(ies) to secure such right.  The Company(ies) will act in concert with all other interests concerned, i.e., the Insured and any other Company(ies) participating in the payment of any loss as primary or excess insurers, in the exercise of such rights of recovery.

If any amount is recovered as a result of such proceedings, the net amount recovered after deducting the cost of recovery shall be divided between the interests concerned in the proportion of their respective interests.  If there should be no recovery, the expense of proceedings shall be borne by the insurers instituting the proceedings.

## 20.    SALVAGE AND RECOVERIES

All salvages, recoveries and payments, excluding proceeds from subrogation and underlying insurance, recovered or received prior to a loss settlement under this policy, shall reduce the loss accordingly.  If recovered or received subsequent to a loss settlement under this policy, such net amounts recovered shall be divided between the interests concerned, i.e. the Insured and any other Company(ies) participating in the payment of any loss, in the proportion of their respective interests.

## 21.    MACHINERY

In case of loss or damage insured against to any part of a machine or unit consisting of two or more parts when complete for use, the liability of the Company(ies) shall be limited to the value of the part or parts lost or damaged or, at the Insured's option, to the cost and expense of replacing or duplicating the lost or damaged part or parts or of repairing the machine or unit.

## 22.    ERRORS OR OMISSIONS

Any unintentional error or omission made by the Insured shall not void or impair the insurance hereunder provided the Insured reports such error or omission as soon as reasonably possible after discovery by the Insured's home office insurance department.

## 23.    NOTICE OF LOSS

As soon as practicable after any loss or damage occurring under this policy is known to the Insured's Home Office Insurance Department, the Insured shall report such loss or damage to Jodi Jennings, Lockton Inc., 4725 Piedmont Row Dr., Suite 510, Charlotte, NC 28210 for transmission to the Assigned Adjuster.  Any delay by the Insured in providing notice shall not affect the Insured's right to coverage under this policy, except if and to the extent that the Company(ies) proves that it actually and substantially was prejudiced by any unreasonable delay in notice.

## 24.    PROOF OF LOSS

The Insured, at the request of the Company(ies), will render a signed and sworn proof of loss to the Company(ies) or its appointed representative stating: the place, time, cause of the loss, damage, or expense; the interest of the Insured and of all others; the value of the property involved in the loss; and the amount of loss, damage, or expense.

## 25.    PARTIAL PAYMENT OF LOSS

In the event of a loss covered by this policy, it is understood and agreed that the Company(ies) will issue partial payment(s) of claim subject to the policy provisions, and shall not be less than the undisputed estimate of loss or damage between the Insured and the Company(ies).

## 26.    ASSIGNED ADJUSTER

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL                                                      GSINDA 0000078

It is agreed that at the Insured's option, the Company will use:
Michael R. Allen
McLarens
180 Montgomery Street, Suite 2100
San Francisco, CA 94104

for the adjustment of all claims made against this policy. This assignment may be changed by mutual consent of the Insured and the Company(ies). Copies of routine monthly/quarterly reports including reserve amounts to be copied to the Attention of Jodi Jennings, Lockton Inc., 4725 Piedmont Row Dr., Suite 510, Charlotte, NC 28210.

## 27. APPRAISAL

If the Insured and the Company(ies) fail to agree on the amount of the loss, each, upon written demand of either the Insured or the Company(ies) made within 60 days after receipt of proof of loss by the Company(ies), shall select a competent and disinterested appraiser. The appraisers shall then select a competent and disinterested umpire. If they should fail for 15 days to agree upon such umpire, then upon the request of the Insured or of the Company(ies), such umpire shall be selected by a judge of a court of record in the county and state in which such appraisal is pending. Then, at a reasonable time and place, the appraisers shall appraise the loss, stating separately the value at the time of loss and the amount of loss. If the appraisers fail to agree, they shall submit their differences to the umpire. An award in writing by any two shall determine the amount of loss and shall be paid by the Company(ies) within 30 days thereafter. The Insured and the Company(ies) shall each pay his or its chosen appraiser and shall bear equally the other expenses of the appraisal and of the umpire. However, if the award is greater than the amount offered by the Company(ies) in payment of the loss at any time before the award is rendered, then the Company(ies) shall pay 100% of the fees and expenses for each appraiser and the umpire and for the appraisal.

## 28. PAIR AND SET

Except as provided under the Machinery clause and paragraph (3) of the Consequential Loss clause, in the event of loss or damage insured against to any article or articles which are a part of a pair or set, the measure of loss or damage to such article or articles shall be, at the Insured's option:

A.      the reasonable and fair proportion of the total value of the pair or set, giving consideration to the importance of said article or articles, but in no event shall such loss or damage be construed to mean total loss of the pair or set; or

B.      the full value of the pair or set provided that the Insured surrenders the remaining article or articles of the pair or set to the Company(ies).

## 29. ASSISTANCE AND COOPERATION OF THE INSURED

The Insured shall reasonably cooperate with the Company(ies), and, at the Company's reasonable request and expense, shall attend hearings and trials and shall assist in effecting settlements, in securing and giving evidence, in obtaining the attendance of witnesses and in conducting suits.

## 30. SUE AND LABOR

In case of actual or imminent loss or damage covered by this policy except imminent loss or damage as respects an "accident", it shall, without prejudice to this insurance, be lawful and necessary for the Insured, their factors, servants, or assigns to sue, labor and travel for, in and about the defense, the safeguard, and the recovery of property or any part of the property insured hereunder; nor, in the event of loss or damage, shall the acts of the Insured or of the Company(ies) in recovering, saving,

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL                                                                                                    GSINDA 0000079

and preserving the insured property be considered a waiver or an acceptance of abandonment.  The Company(ies) shall pay the expenses so incurred.

## 31.  PAYMENT OF LOSS

All adjusted claims shall be due and payable to 24 Hour Holdings I Corp. no later than 30 days after presentation and acceptance of proofs of loss by the Company(ies) or its appointed representative.

## 32.  REINSTATEMENT

With the exception of loss caused by perils which are subject to annual aggregate limits as noted in Section 3, no loss hereunder shall reduce the amount of this policy.

## 33.  SUIT AGAINST THE COMPANY

No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the Insured shall have fully complied with all the requirements of this policy; however, if there is any dispute between the Insured and the as to whether the Insured has fully complied with all the requirements of this policy, such a dispute may be resolved in a suit or action on the policy for recovery of any claim.  The Company(ies) agrees that any action or proceedings against it for recovery of any loss under this policy shall not be barred if commenced within two years and one day after the Insured provides notice to the Company(ies) in accordance with clause 23 above, which period shall be tolled from the date of notice until the date that the Insured receives the Company's final coverage decision (this two year and one day period is referred to as the "limitations period").  However, the limitations period shall not apply if by the laws of the State of the address of the Insured such a limitation is invalid or if the laws of the state in which any such action is brought permit a longer period of time within which to commence such a suit. Furthermore, any tolling of the limitations period shall not preclude the Insured from bringing a suit or any other proceeding regarding recovery for any loss or of any claim hereunder during the period of tolling or at any other time.  Prosecution of a suit by the Insured shall not be barred due to the failure of the Company(ies) to timely advise and notify the Insured of the expiration of any applicable dates to file and commence said suit.

It is agreed that in the event of the failure of the Company(ies) to pay any amount claimed to be due hereunder or in the event of any other dispute relating to this policy, the Company(ies), at the request of the Insured, will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all of the requirements necessary to give such court jurisdiction and all matters hereunder shall be determined in accordance with the law and practice of such court, not including the court's law regarding choice of law.  The Company(ies) shall not transfer, change venue, or remove, or seek to transfer, change venue, or remove any lawsuit filed by the Insured in any such court.

## 34.  CERTIFICATES OF INSURANCE

Any certificate of insurance issued in connection with this policy shall be issued solely as a matter of convenience or information for the addressee(s) or holder(s) of said certificate of insurance, except where any Additional Insured(s), Mortgagee(s) or Loss Payee(s) are named pursuant to the Special Provisions of said certificate of insurance.  In the event any Additional Insured(s), Mortgagee(s) or Loss Payee(s) are so named, this policy shall be deemed to have been endorsed accordingly, subject to all other terms, conditions and exclusions stated herein.

The Company(ies) hereby authorizes Lockton Companies, LLC to issue certificates of insurance including any Mortgagee, Loss Payee and Additional Insured clauses.

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000080

## 35.   MORTGAGE CLAUSE

Loss or damage, if any, under this policy, shall be payable to any mortgagee, (or trustee) as designated herein by endorsement or certificate of insurance, as interest may appear, under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee (or trustee), in order of precedence of said mortgages, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title of ownership of the property (provided the insured has an insurable interest in property), nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.

Provided, also, that the mortgagee (or trustee) shall notify the Company(ies) of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void.

The Company(ies) reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for 10 days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and the Company(ies) shall have the right, on like notice, to cancel this agreement.

Whenever the Company(ies) shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefore existed, the Company(ies) shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage, with interest accrued thereon to the date of such payments, and shall receive a full assignment and transfer of the mortgage and of all such other securities; but not subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of said mortgagee's (or trustee's) claim.

## 36.   CANCELLATION

A.   This policy may be canceled at any time at the request of the Insured or it may be canceled by the Company(ies) by mailing to the Insured at 12647 Alcosta Blvd., Suite 300, San Ramon, CA 94583, written notice stating when, not less than 90 days thereafter, such cancellation shall be effective.  However, if such request by the Insured or the Company(ies) occur(s), all Additional Insured(s), Mortgagee(s) and Loss Payee(s) indicated on the certificates of insurance issued during the term of this policy shall receive written notice by mailing to the address(es) noted on the certificates, stating when, not less than 30 days thereafter, such cancellation shall be effective. The earned premium shall be computed on a pro rata basis if cancelled by the Insurer and on a short rate basis if the entire policy is cancelled by the Insured.

B.   The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period.  Delivery of such written notice either by the Insured or by the Company(ies) shall be equivalent to mailing.

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000081

24 Hour Holdings I Corp.                                              2019 - 2020 Property Policy

C.  Cancellation shall not affect coverage on any shipment in transit on the date of cancellation. Coverage will continue in full force until such property is safely delivered and accepted at place of final destination.

D.  In the event of non-payment of premium this policy may be canceled by the Company(ies) by mailing to the Insured at the address shown in A. above stating when, not less than 10 days thereafter, such cancellation shall be effective.

E.  Lockton Inc. will maintain and provide a list of all of the Additional Insured(s), Mortgagee(s) and Loss Payee(s) (including all necessary contact information) to the Company(ies) within 30 days of cancellation.

## 37.  VACANCY

Permission is granted to cease operations or remain vacant and/or unoccupied without limit of time, and such vacancy and/or unoccupancy shall not affect the insurance provided under this policy provided that any existing protective safeguards (including but not limited to security, automatic sprinkler protection) are maintained. For purposes of this coverage, locations are considered "vacant" and/or "unoccupied" if sixty nine percent (69%) or more of the total building area is vacant or unoccupied.

## 38.  JOINT LOSS AGREEMENT (AS APPLICABLE)

With respect to insurance provided by this policy, it is agreed that:

A.  If at the time of loss, there is in existence a policy(ies) issued by a boiler and machinery insurance Company(ies) and/or excess Difference in Conditions (DIC) insurance Company(ies) which may cover the same property or cover the location at which the property subject to loss is situated; and

B.  if there is a disagreement between the companies under this policy and such other contract either as to:

(1)  whether such damage or destruction is insured against by this policy or by an accident insured against by such boiler and machinery insurance policy and/or excess DIC insurance Company(ies); or

(2)  the extent of participation of this policy and of such boiler and machinery insurance policy and/or excess DIC insurance Company(ies) in a loss which is insured against, partially or wholly, by any one or all of said policies;
the Company(ies) shall, upon written request of the Insured, pay to the Insured one-half of the amount of the loss which is in disagreement, but in no event more than the Company(ies) would have paid if there had been no boiler and machinery insurance policy and/or excess DIC insurance policy in effect, subject to the following conditions:

(1)  the amount of the loss which is in disagreement, after making provisions for any undisputed claims payable under the said policies and after the amount of the loss is agreed upon by the Insured and the companies is limited to the minimum amount remaining payable under either the boiler and machinery and/or excess DIC or this policy(ies);

(2)  the boiler and machinery insurance Company(ies) and/or excess DIC insurance Company(ies) shall simultaneously pay to the Insured at least one half of said amount which is in disagreement;

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000082

24 Hour Holdings I Corp.                                    2019 - 2020 Property Policy

(3)    the payments by the companies hereunder and acceptance of the same by the Insured signify the agreement of the companies to submit to and proceed with arbitration within ninety days of such payments;

The arbitrators shall be three in number, one of whom shall be appointed by the boiler and machinery insurance Company(ies) and/or excess DIC insurance Company(ies), one of whom shall be appointed by the Company(ies), and the third of whom shall be appointed by consent of the other two; the decision by the arbitrators shall be binding on the companies and that judgment upon such award may be entered in any court of competent jurisdiction;

(4)    the Insured agrees to cooperate in connection with such arbitration but not to intervene therein;

(5)    the provisions shall not apply unless such other policy issued by the boiler and machinery insurance Company(ies) and/or excess DIC insurance Company(ies) is similarly endorsed;

(6)    acceptance by the Insured of sums paid pursuant to the provisions, including an arbitration award, shall not operate to alter, waive, surrender or in any way affect the rights of the Insured against any of the companies.

## 39.  VALUES

The values and schedule of property declared to the Company(ies) at the inception of the policy are for premium purposes only and shall not limit the coverages provided by this policy.

## 40.  CONSTRUCTION SOFT COSTS

"Construction soft costs" are defined to include cost of interest, additional cost of interest, loan points, marketing and promotional cost, taxes, insurance, security, contingency costs, advertising, broker fees, search costs and appraisal, and leasing commissions.

## 41.  TITLES OF PARAGRAPHS

The titles of paragraphs of this form and of endorsements and supplemental contracts, if any, now or hereafter attached hereto are inserted solely for convenience of reference and shall not be deemed in any way to limit or affect the provisions to which they relate.

## 42.  CONFORMANCE

The terms of this policy which are in conflict with the applicable statutes of the state wherein this policy is issued are hereby amended to conform to such statutes, unless the statutes narrow or limit the coverage afforded by this policy and do not bar a policy from providing broader coverage.

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000083

24 Hour Holdings I Corp.                                          2019 - 2020 Property Policy

## ENDORSEMENT 1

**INSURED:  24 Hour Holding I Corp.**

**EFFECTIVE DATE:**      June 30, 2019

### The following provisions are hereby attached to and made part of this Policy:

Policy Language Applicable to the Individual Company(ies) Noted

In addition to each Company(ies)'s Declaration's Page (excluding any pre-printed terms and conditions), Price, Renewal Date, Premium Credits, Premium Payment Conditions, State Statue Amendatory Endorsements and Producer Compensation Notices/Disclosures, if applicable; the following Company(ies)'s endorsements, forms, exclusions, etc... are added and apply only towards the individual Company(ies)'s to which such is noted.  No other Company(ies) may claim such wording as their own, whether more or less restrictive, in the event of loss to apply against all recovery.

The terms and conditions contained within this policy shall supersede those of any General Policy Conditions, General Property Conditions; terms and conditions within a Policy Jacket; Fire Policy Form; terms and conditions of the Declarations Page which conflict with the policy; and any other endorsements or conditions added by the Company(ies) upon policy's issuance or thereafter which are not noted in the above paragraph or listed below or have not been previously advised and agreed to by the Insured.

Engineering fees, loss prevention fees, object certificates fees, plan reviews and subsequent services / products, surplus lines taxes and fees, US FET Taxes and various state and local taxes and fees such as the Florida Fire College Trust Fund and Florida Emergency Management, Preparedness & Assist Fund Trust for the State of Florida and/or other statement assessments should be viewed as unequal as charged on an individual Company basis separately from premium.

**QBE Specialty Insurance Company**
**General Security Indemnity Company of Arizona**

- ARROW CP DEC 01 09 16 - COMMERCIAL PROPERTY POLICY DECLARATIONS
- ARROWPARTIC DEC 0916 - PROPERTY DECLARATIONS - PARTICIPATING
- ARROW PARTICIPENDT 0916 - PARTICIPATION ENDORSEMENT
- CP812411 13 - FOLLOWING FORM
- ARM0400 - SCHEDULE OF POLICY FORMS AND ENDORSEMENTS
- ARM0630A - ASBESTOS EXCLUSION
- ARM0631A - POLLUTION EXCLUSION
- ARM0632 - MOLD EXCLUSION
- ARM0633B - ELECTRONIC DATA AND COMPUTER SYSTEMS EXCLUSION
- ARM0634 - NUCLEAR, BIOLOGICAL, CHEMICAL AND RADIOLOGICAL HAZARDS EXCLUSION
- ARM0635 - WAR AND MILITARY ACTION EXCLUSION
- ARM0636 - TERRITORY COVERAGE LIMITATION
- ARM0637 - EXCLUSION OF CERTIFIED ACTS OF TERRORISM
- ARM0639 - SPECIFIC JURISDICTIONS
- ARM0705 - OCCURRENCE LIMIT OF LIABILITY ENDORSEMENT
- ARM0706 - PRE-EXISTING DAMAGE EXCLUSION
- ARM0707 - HURRICANE MINIMUM EARNED PREMIUM ENDORSEMENT
- ARM0713 - EIFS/DRYVIT EXCLUSION
- ARM0714 - CALIFORNIA EARTHQUAKE EXCLUSION
- ARM0715 - HAWAII EARTHQUAKE EXCLUSION
- ARM0716 - ALASKA EARTHQUAKE EXCLUSION
- ARM0718 - JURISDICTIONAL INSPECTIONS (B&M)

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its**
**Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL                                                          GSINDA 0000084

24 Hour Holdings I Corp.                                          2019 - 2020 Property Policy

- ARM0721 - EXCLUSION OF FLOOD ZONES A & V
- ARM0724 - SUBLIMIT ENDORSEMENT
- ARM0725 - EROSION OF UNDERLYING POLICY
- ARM0726 - NO ADDITIONS WITHOUT PRIOR APPROVAL
- ARM0731 - RIGHT TO ENGAGE ITS OWN ADJUSTERS
- ARM0760 - COURSE OF CONSTRUCTION EXCLUSION
- ARM QBE Amendatory - QBE AMENDATORY ENDORSEMENT
- ARM Gen. Sec. Amendatory - GENERAL SECURITY AMENDATORY ENDORSEMENT
- ARM0999 - ENDORSEMENT

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL                                                      GSINDA 0000085

24 Hour Holdings I Corp.                                          2019 - 2020 Property Policy

**ENDORSEMENT 2**

**INSURED:  24 Hour Holding I Corp.**

**EFFECTIVE DATE:**          June 30, 2019

**The following provisions are hereby attached to and made part of this Policy:**

**Interruption by Communicable Disease:**

This policy is extended to cover the reasonable and necessary expenses incurred by the Insured to:

    a)  Clean up, remove, and dispose of communicable diseases from insured property at a described location; and
    b)  Restore the premises;

In a manner to satisfy the minimum requirements of any law or ordinance regulating communicable diseases.  This policy is also extended to cover business interruption (if provided) loss directly resulting from items a) and b) above.

All coverage above must be directly resulting from access being prohibited to a described location or any portion thereof:
    a)  Due to the actual presence of and the spread of communicable diseases at that described location; and
    b)  b) As a direct result of a declaration by a civil authority enforcing any law or ordinance regulating communicable diseases.

For the purpose of this extension, the presence of and the spread of communicable diseases will be considered direct physical damage and the expenses listed in items a) and b) above will be considered expenses to repair such damage. There will be no coverage to comply with any law or ordinance with which the Insured was required to comply had the direct physical damage not occurred.


Communicable disease means a disease that:
  A. May be transmitted directly or indirectly by one person or other life form to another and;
  B. Is due to:
      1.  An infectious agent; or
      2.  A toxic product produced by such infectious agent.

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL                                          GSINDA 0000086

**ENDORSEMENT 3**

**INSURED:  24 Hour Holding I Corp.**

**EFFECTIVE DATE:** June 30, 2019

The following is hereby added to the policy:

**Company Reimbursement for Certificate or Loss Payable Deductibles Provision**

In situations where it shall be necessary to adjust a loss hereunder for the benefit of a party other than the Insured, with application of a lower deductible provision indicated on a certificate of insurance or loss payable endorsement, other than that stipulated under this policy, it is agreed that the loss shall be payable subject to this other deductible provision.

It is further agreed that the Insured shall promptly pay the *Company*, after the payment of loss, for the difference between the deductible amount which would have been applicable under this policy and the deductible amount necessary to satisfy the claim with the other party.  Further, with respect to loss(es) or portion(s) thereof below the policy deductible, the Insured shall reimburse the *Company* for any additional expenses incurred in the adjustment/investigation of said losses within this wording.

Such reimbursement shall be made within 15 business days, payable and forwarded to the *Company*.

This Endorsement applies to the following premises:

| Address | Deductibles |
|---|---|
| 10616 Research Blvd, Austin TX 78759 | $10,000 AOP; $25,000 Earthquake and Flood |
| 10707 Westheimer Rd., Houston, TX 77042 | $10,000 AOP; $25,000 Earthquake and Flood |
| 11798 E Oswego St., Englewood, CO 80112 (Midwest HQ) | $10,000 AOP; $25,000 Earthquake and Flood |
| 11798 E Oswego St., Englewood, CO 80112 (Club 350) | $10,000 AOP; $25,000 Earthquake and Flood |
| 2100 Plaza Pkwy, Bedford, TX 76021 | $10,000 AOP; $25,000 Earthquake and Flood |
| 13395 Beach Boulevard, La Mirada, CA 90638 | $10,000 AOP |
| 6633 Auburn Boulevard, Citrus Heights, CA 95621 | $25,000 AOP |
| 601 South Rainbow Blvd, Las Vegas, NV 89128 | $50,000 AOP |
| 1335 W. Renaissance Parkway, Rialto, CA  92376 | $125,000 AOP |
| 641 S. Rancho Santa Fe Rd, San Marcos, CA 92069 | $25,000 AOP; $25,000 Earthquake and Flood |

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

24 Hour Holdings I Corp.                                    2019 - 2020 Property Policy

**Appendix A**

**Tier One (1) Counties**

**Designated Named Windstorm Areas**

(States and Applicable Counties/Parishes)

| State | Tier I Counties |
|---|---|
| **Alabama** | Baldwin, Mobile |
| **Florida** | Entire State |
| **Georgia** | Bryan, Camden, Chatham, Glynn, Liberty, McIntosh |
| **Hawaii** | Entire State |
| **Louisiana** | Calcasieu, Cameron, Iberia, Jefferson, Lafourche, Livingston, Orleans, Plaquemines, St. Mary, St. Bernanrd, St. Charles, St. James, St. Tammany, St. John the Baptist, Tangipahoa, Terrebonne, Vermilion |
| **Mississippi** | Hancock, Harrison, Jackson |
| **North Carolina** | Beaufort, Bertie, Brunswick, Camden, Carteret, Chowan, Columbus, Craven, Currituck, Dare, Hyde, Jones, New Hanover, Onslow, Pamlico, Pasquotank, Pender, Perquimans, Tyrell, Washington |
| **South Carolina** | Beaufort, Berkley, Charleston, Colleton, Georgetown, Horry, Jasper |
| **Texas** | Aransas, Brazoria, Calhoun, Cameron, Chambers, Galveston, Harris, Jackson, Jefferson, Kenedy, Kleberg, Matagorda, Newton, Nueces, Orange, Refugio, San Patricio, Victoria, Willacy |
| **Virginia** | Accomack, Chesapeake City, Gloucester, Hampton City, Isle of Wight, James City, Lancaster, Mathews, Middlesex, Newport news, Norfolk City, Northampton, Northumberland, Poquoson City, Portsmouth City, Surry, Virginia Beach City, Westmoreland, Williamsburg City, York |

**New Madrid Earthquake Counties**

(States and Applicable Counties/Parishes)

| State | Counties |
|---|---|
| Arkansas | Clay, Craighead, Crittenden, Cross, Greene, Jackson, Lawrence, Randolph,  Sharp, Mississippi, Poinsett |
| Illinois | Alexander, Bond, Clinton, Franklin, Hardin, Jackson, Jefferson, Johnson, Madison, Massac, Monroe,  Perry, Pope, Pulaski, Randolph, Saline, St. Clair, Union, Washington, Williamson |
| Indiana | Gibson, Pike, Posey, Vanderburgh, Warrick |
| Kentucky | Ballard, Calloway, Carlisle, Fulton, Graves, Hickman, Livingston, Marshall, McCracken, |
| Mississippi | Bolivar, Coahoma, De Soto, Marshall, Tate, Tunica, |
| Missouri | Bollinger, Butler, Cape Girardeau, Dunklin, Franklin, Iron, Jefferson, Madison, Mississippi, New Madrid, Pemiscot, Perry, Reynolds, , Scott, St. Charles, St. Francois, St. Louis, Ste. Genevieve, Stoddard, Warren, Washington, Wayne |
| Tennessee | Crockett, Dyer, Fayette, Gibson, Hardeman, Haywood, Lake, Lauderdale, Madison, Obion, Shelby, Tipton. |

**Pacific Northwest Earthquake Counties**
(States and Applicable Counties/Parishes)

| State | Counties |
|---|---|
| Washington | Callum, Jefferson, King, Kitsap, Mason, Pierce, San Juan, Skagit, Shohomish, Thurston, Watcom |

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

24 Hour Holdings I Corp.                                        2019 - 2020 Property Policy

Page 47
of 83

CONFIDENTIAL

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

GSINDA 0000089

ALL RISK
COMMERCIAL PROPERTY

**POLICY NUMBER: PER DECLARATIONS**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## ASBESTOS EXCLUSION

Notwithstanding any provision to the contrary within the Policy of which the Endorsement forms part ( or within any other Endorsement which forms part of this policy).

This policy does not insure against any loss or increase in loss caused by or resulting from:

(1)     Asbestos, dioxin, or polychlorinated biphenols removal, encapsulation, covering, or any manner of control or abatement from any goods, products, or structure;

(2)     Demolition, increased cost of construction, repair, debris removal or loss of use necessitated by the enforcement of any law or ordinance regulating asbestos, dioxins, or polychlorinated biphenols;

(3)     Any governmental direction or request declaring that asbestos material present in or part of or utilized on any undamaged portion of the insured's property can no longer be used for the purpose for which it was intended or installed and must be removed or modified; or

(4)     The presence of asbestos in any building or structure as defined in the policy form.

CONFIDENTIAL                                                  GSINDA 0000090

**POLICY NUMBER: PER DECLARATIONS**

**ALL RISK**
**COMMERCIAL PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## SEEPAGE AND/OR POLLUTION AND/OR CONTAMINATION EXCLUSION

Notwithstanding any provision to the contrary within the Policy of which this Endorsement forms part (or within any other Endorsement which forms part of this Policy), this Policy does not insure:

(a)  any loss, damage, cost or expense, or

(b)  any increase in insured loss, damage, cost or expense, or

(c)  any loss, damage, cost, expense, fine or penalty, which is incurred, sustained or imposed by order, direction, instruction or request of, or by any agreement with, any court, government agency or any public, civil or military authority, or threat thereof, (and whether or not as a result of public or private litigation),

which arises from any kind of seepage or any kind of pollution and/or contamination, or threat thereof, whether or not caused by or resulting from a peril insured, or from steps or measures taken in connection with the avoidance, prevention, abatement, mitigation, remediation, clean-up or removal of such seepage or pollution and/or contamination or threat thereof.

The term "any kind of seepage or any kind of pollution and/or contamination" as used in this Endorsement includes (but is not limited to):

(a)  seepage of, or pollution and/or contamination by, anything, including but not limited to, any material designated as a "hazardous substance" by the United States Environmental Protection Agency or as a "hazardous material" by the United States Department of Transportation, or defined as a "toxic substance" by the Canadian Environmental Protection Act for the purposes of Part II of that Act, or any substance designated or defined as toxic, dangerous, hazardous or deleterious to persons or the environment under any other Federal, State, Provincial, Municipal or other law, ordinance or regulation; and

(b)  the presence, existence, or release of anything which endangers or threatens to endanger the health, safety or welfare of persons or the environment.

**24/11/88**
**NMA2340 Amended**

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its**
**Oppositions to Defendants' Motions for Summary Judgment**

**Page 531 of 2921**

CONFIDENTIAL                                                                                                      GSINDA 0000091

**POLICY NUMBER: PER DECLARATIONS**

**ALL RISK**
**COMMERCIAL PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## MOLD EXCLUSION

Notwithstanding any provision to the contrary within the Policy of which the Endorsement forms part ( or within any other Endorsement which forms part of this policy).

This Policy does not insure any loss, damage, claim, cost, expense or other sum directly or indirectly arising out of or relating to:

> mold, mildew, fungus, spores or other microorganism of any type, nature, or description, including but not limited to any substance whose presence poses an actual or potential threat to human health.

This Exclusion applies regardless whether there is (i) any physical loss or damage to insured property; (ii) any insured peril or cause, whether or not contributing concurrently or in any sequence; (iii) any loss of use, occupancy, or functionality; or (iv) any action required, including but not limited to repair, replacement, removal, cleanup, abatement, disposal, relocation, or steps taken to address medical or legal concerns.
This Exclusion replaces and supersedes any provision in the Policy that provides insurance, in whole or in part, for these matters.

**14/09/2005**
**LMA5018**

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 532 of 2921**

CONFIDENTIAL

GSINDA 0000092

**POLICY NUMBER: PER DECLARATIONS**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## ELECTRONIC DATA AND COMPUTER SYSTEMS EXCLUSION

**1.  Electronic Data Exclusion**

Notwithstanding any provision to the contrary within the Policy or any endorsement thereto, it is understood and agreed as follows:

(a)  This Policy does not insure loss, damage, destruction, distortion, erasure, corruption or alteration of ELECTRONIC DATA from any cause whatsoever (including but not limited to COMPUTER VIRUS) or loss of use, reduction in functionality, cost, expense of whatsoever nature resulting therefrom, regardless of any other cause or event contributing concurrently or in any other sequence to the loss.

ELECTRONIC DATA means facts, concepts and information converted to a form useable for communications, interpretation or processing by electronic and electromechanical data processing or electronically controlled equipment and includes programmes, software and other coded instructions for the processing and manipulation of data or the direction and manipulation of such equipment.

COMPUTER VIRUS means a set of corrupting, harmful or otherwise unauthorised instructions or code including a set of maliciously introduced unauthorised instructions or code, programmatic or otherwise, that propagate themselves through a computer system or network of whatsoever nature. COMPUTER VIRUS includes but is not limited to 'Trojan Horses', 'worms' and 'time or logic bombs'.

(b)  However, in the event that a peril listed below results from any of the matters described in paragraph (a) above, this Policy, subject to all its terms, conditions and exclusions, will cover physical damage occurring during the Policy period to property insured by this Policy directly caused by such listed peril.

> Listed Perils
> Fire
> Explosion

**2.  Electronic Data Processing Media Valuation**

Notwithstanding any provision to the contrary within the Policy or any endorsement thereto, it is understood and agreed as follows:

Should electronic data processing media insured by this Policy suffer physical loss or damage insured by this Policy, then the basis of valuation shall be the cost of the blank media plus the costs of copying the ELECTRONIC DATA from back-up or from originals of a previous generation. These costs will not include research and engineering nor any costs of recreating, gathering or assembling such ELECTRONIC DATA. If the media is not repaired, replaced or restored the basis of valuation shall be the cost of the blank media. However this Policy does not insure any amount pertaining to the value of such ELECTRONIC DATA to the Assured or any other party, even if such ELECTRONIC DATA cannot be recreated, gathered or assembled.

**25/01/01**
**NMA2915**

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

**POLICY NUMBER: PER DECLARATIONS**

**ALL RISK**
**COMMERCIAL PROPERTY**

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# NUCLEAR, BIOLOGICAL, CHEMICAL AND RADIOLOGICAL HAZARDS EXCLUSION

Notwithstanding any provision to the contrary within the Policy of which the Endorsement forms part ( or within any other Endorsement which forms part of this policy).

**I.**   This Policy does not insure any loss, damage, cost or expense, whether real or alleged, that is caused, results from, is exacerbated by or otherwise impacted by, either directly or indirectly, any of the following:

   **1)**   **Nuclear Hazard** – including, but not limited to, nuclear reaction, nuclear detonation, nuclear radiation, radioactive contamination and all agents, materials, products or substances, whether engineered or naturally occurring, involved therein or released thereby;

   **2)**   **Biological Hazard** – including, but not limited to, any biological and/or poisonous or pathogenic agent, material, product or substance, whether engineered or naturally occurring, that induces or is capable of inducing physical distress, illness, or disease;

   **3)**   **Chemical Hazard** – including, but not limited to, any chemical agent, material, product or substance;

   **4)**   **Radioactive Hazard** – including, but not limited to, any electromagnetic, optical, or ionizing radiation or energy, including all generators and emitters thereof, whether engineered or naturally occurring.

**II.**   The provisions of subparagraphs **I. 2)** and **I. 3)** will not apply where the agent, material, product or substance at issue is utilized in the course of business by an insured.

**III.**   Only if and to the extent required by state law, the following exception to the exclusion in paragraph **I.** applies:

   If a hazard excluded under paragraph **I.** results in fire, we will pay for the loss, damage, cost or expense caused by that fire, subject to all applicable policy provisions including the Limit of Insurance on the affected property.  Such coverage for fire applies only to direct loss or damage by fire to Covered Property. This coverage does not apply to insurance provided under Business Income, Rental Value or Extra Expense coverage forms or endorsements that apply to those coverage forms.

All other terms and conditions of this policy remain unchanged.

**ARM0634 (01-17)**

**Page 1 of 1**

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

**POLICY NUMBER: PER DECLARATIONS**

**ALL RISK
COMMERCIAL PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# WAR AND MILITARY ACTION EXCLUSION

Notwithstanding any provision to the contrary within this insurance or any endorsement thereto it is agreed that this insurance excludes loss, damage, cost or expense of whatsoever nature directly or indirectly caused by, resulting from or in connection with any of the following regardless of any other cause or event contributing concurrently or in any other sequence to the loss;

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents;

**c.** Any weapon of war employing atomic fission or radioactive force whether in time of peace or war;

**d.** Insurrection, rebellion, revolution, civil war, usurped power or action taken by governmental authority in hindering, combating or defending against any such **Occurrence**, seizure or destruction under quarantine or customs regulation, confiscation by order of any government or public authority, or risks of contraband or illegal transportation or trade.

All other terms and conditions of this Policy remain unchanged.

Page 53
of 83

**ARM0635 (01-17)**

**Page 1 of 1**

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

**POLICY NUMBER: PER DECLARATIONS**

**ALL RISK
COMMERCIAL PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# TERRITORY COVERAGE LIMITATION

This endorsement modifies insurance provided under the following:

**COMMERCIAL PROPERTY COVERAGE PART**

It is agreed that the Coverage Territory under this Policy is limited to the United States (excluding its territories and possessions).

All other terms and conditions of this Policy remain unchanged.

Page 54
of 83

**ARM0636 (01-17)**

**Page 1 of 1**

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 536 of 2921**

CONFIDENTIAL

GSINDA 0000096

**POLICY NUMBER: PER DECLARATIONS**

**ALL RISK**
**COMMERCIAL PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION OF CERTIFIED ACTS OF TERRORISM

Notwithstanding any provision to the contrary within this insurance or any endorsement thereto it is agreed that this insurance excludes loss, damage, cost or expense of whatsoever nature directly or indirectly caused by, resulting from or in connection with any of the following regardless of any other cause or event contributing concurrently or in any other sequence to the loss;

SCHEDULE*
The exception relating to certain fire losses applies to property located in the following state(s), if covered by this insurance:
State(s):

|  |  |
|---|---|
|  |  |
|  |  |
|  |  |

*Information required to complete the Schedule, if not shown above, will be shown in the Declarations.

A. Exclusion of Certified Acts of Terrorism

The companies will not pay for loss or damage caused directly or indirectly by a "certified act of terrorism", including action in hindering or defending against an actual or expected "certified act of terrorism". Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

B. Exception Relating to Fire Losses Applicable to Property Located in Certain States

If the "certified act of terrorism" results in fire, we will pay for the direct physical loss or damage to Covered Property caused by that fire. This exception does not apply to any other loss or damage including but not limited to business income, extra expense, any additional coverage and any coverage extension.

C. Definition

"Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in accordance with the provisions of the federal Terrorism Risk Insurance Act ("TRIA"), to be an act of terrorism. The Terrorism Risk Insurance Act provides that the Secretary of Treasury shall certify an act of terrorism:

1. To be an act of terrorism;

2. To be a violent act or an act that is dangerous to human life, property or infrastructure;

3. To have resulted in damage within the United States, or outside of the United States in the case of an air carrier (as defined in section 40102 of Title 49, United States Code) or a United States flag vessel (or a vessel based principally in the United States, on which United States income tax is paid and whose insurance coverage is subject to regulation in the United States), or the premises of a United States mission; and

4. To have been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

No act may be certified as an act of terrorism if the act is committed as part of the course of a war declared by Congress (except for workers' compensation) or if losses resulting from the act, in the aggregate for insurance subject to TRIA, do not exceed $5,000,000.

D. Application of Other Exclusions

**ARM0637 (01-17)**

**Page 1 of 2**

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

The terms and limitations of a terrorism exclusion or any other exclusion, or the inapplicability or omission of a terrorism exclusion or any other exclusion, do not serve to create coverage which would otherwise be excluded, limited or restricted under this policy.

E. Cap on Losses From Certified Acts of Terrorism

If aggregate insured losses attributable to one or more "certified acts of terrorism" exceed $100 billion in a calendar year (January 1 through December 31) and the companies have met their insurer deductible under the Terrorism Risk Insurance Act, they shall not be liable for the payment of any portion of the amount of such losses that exceeds $100 billion, and in such case insured losses up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of Treasury.

**Includes copyrighted material of Insurance Services Office, Inc., with its permission.**

All other terms and conditions of this Policy remain unchanged.

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 538 of 2921**

CONFIDENTIAL

GSINDA 0000098

**POLICY NUMBER: PER DECLARATIONS**

**ALL RISK**
**COMMERCIAL PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## SPECIFIC JURISDICTIONS

**This endorsement modifies insurance provided under the following:**

**ALL RISK COVERAGE FORM**
**COMMERCIAL PROPERTY INSURANCE FORM**

This policy is amended as follows:

If the provisions of this Policy conflict with the laws of any jurisdictions within the United States in which this Policy applies, and if certain provisions are required by law to be stated in this Policy, this Policy will read so as to eliminate such conflict or deemed to include such provisions for Insured Locations within such jurisdictions.

All other terms and conditions of this policy remain unchanged.

Page 57
of 83

ARM0639 (01/17)

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000099

POLICY NUMBER: PER DECLARATIONS

**ALL RISK
EXCESS PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# OCCURRENCE LIMIT OF LIABILITY ENDORSEMENT

Notwithstanding any provision to the contrary within the Policy of which the Endorsement forms part (or within any other Endorsement which forms part of this policy), this policy is amended as follows:

It is understood and agreed that the following Special Terms and Conditions shall apply to this Policy:

1. The Limit of Insurance shown on the Declarations Page of this Policy, or endorsed onto this Policy, is the Total Limit of the Company's Liability applicable to each **occurrence from perils insured in this Policy**. Notwithstanding any other Terms and Conditions of this Policy, in no event shall the Liability of the Company exceed the Limit of Insurance shown on the Declarations Page, irrespective of the number of locations involved.

The term "**occurrence**" shall mean any one loss, disaster or casualty or series of losses, disasters or casualties, arising out of one event. When the term "**occurrence**" applies to a loss or a series of losses from the perils of tornado, cyclone, hurricane, windstorm, hail, flood, earthquake or fire ensuing therefrom, volcanic eruption, riot, riot attending a strike, civil commotion, or vandalism and malicious mischief, one event shall be construed to include all losses arising during a continuous period of 72 hours.

The period of time for a **Named Storm** shall begin when the NHS or CPHC issues a watch or warning and ends 72 hours after the termination of the watch or warning

2. The premium for this Policy is based upon the Statement of Values on file with the Company, or attached to this Policy. In the event of a loss hereunder, the Liability of the Company, subject to the Terms of Paragraph 1. above, shall be limited to the lesser of the following:

a. The actual adjusted amount of the loss, less applicable deductible(s); or

b. 100% of the individually stated value for each scheduled item of property insured as shown on the latest Statement of Values on file with the Company, or attached to this Policy, less applicable deduction(s); or

c. The Limit of Insurance shown on the Declarations Page of this Policy or endorsed onto this Policy.

All other terms and conditions remain unchanged

Includes copyrighted material of Insurance Services Office, Inc., with its permission

ARM0705 (12/16)

Page 1 of 1

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 540 of 2921**

CONFIDENTIAL

GSINDA 0000100

**POLICY NUMBER:**

**ALL RISK**
**EXCESS PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# Pre-Existing Damage Exclusion

Notwithstanding any provision to the contrary within the Policy of which the Endorsement forms part (or within any other Endorsement which forms part of this policy), this policy is amended as follows:

This policy excludes any loss or damage caused by, contributed by, or resulting from any pre-existing damage or loss to property insured under this policy.

All other terms and conditions of this policy remain unchanged.

Page 59
of 83

ARM0706 (12/16)

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 541 of 2921**

CONFIDENTIAL

GSINDA 0000101

POLICY NUMBER: PER DECLARATIONS

**ALL RISK**
**EXCESS PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# HURRICANE MINIMUM EARNED PREMIUM ENDORSEMENT

Notwithstanding any provision to the contrary within the Policy of which the Endorsement forms part (or within any other Endorsement which forms part of this policy), this policy is amended as follows:

1. If you cancel this policy, remove a location or reduce the amount of insurance on a location that is within 100 miles of the Atlantic Ocean and/or the Gulf of Mexico and/or the Hawaii Islands, and coverage existed any time during the period of June 1st to November 30th the amount of premium we will return will be the Unearned Premium for the location. The Unearned Premium is the annual premium for the policy (or for the location removed or coverage reduced, as applicable) multiplied by the Unearned Factor noted below. The location premium is the 100% annual rate multiplied by the location value as scheduled in the most current Statement of Values on file with the Company.

1 Year Policy

| Days Policy In Force | Unearned Factor |
|---|---|
| 1 - 180 | 20.00% |
| 181 - 210 | 15.00% |
| 211-240 | 10.00% |
| 241-270 | 7.50% |
| 271-300 | 5.00% |
| 301-330 | 2.50% |
| 331-365 | 0.00% |

2. If a Location that is within 100 miles of the Atlantic Ocean and/or the Gulf of Mexico and/or the Hawaii Islands is added during the term of the policy and coverage exists at any time during the period of June 1st to November 30th, the rate will be calculated as 100% of the annual rate, less the Unearned Factor as calculated in No. 1 above based upon the number of days remaining in the policy term.

3. The provisions of this endorsement replace any short rate provisions stipulated in this policy for all locations that are within 100 miles of the Atlantic Ocean and/or the Gulf of Mexico and/or the Hawaii Islands and coverage existed any time during the period of June 1st to November 30th.

4. Nothing herein will act to provide coverage outside the automatic acquisition clause, if any, that is located elsewhere in the policy.

All other terms and conditions remain unchanged.

ARM0707 (08/16)

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 542 of 2921**

CONFIDENTIAL

GSINDA 0000102

**ALL RISK**
**EXCESS PROPERTY**

**POLICY NUMBER: PER DECLARATIONS**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EIFS/Dryvit Exclusion

Notwithstanding any provision to the contrary within the Policy of which the Endorsement forms part (or within any other Endorsement which forms part of this policy), this policy is amended as follows:

This insurance does not apply to loss or damage caused by or resulting from a Water Damage or Windstorm or Hail loss if such loss or damage occurs to covered property with Exterior Insulation and Finish System (EIFS) and the loss or damage is increased in whole or in part by such EIFS.

Exterior Insulation and Finish Systems (EIFS) means a non-load bearing, exterior wall cladding system that consists of an insulation board attached either adhesively or mechanically, or both, to the substrate; an integrally reinforced base coat; and a textured protective finish coat.

All other terms and conditions of this policy remain unchanged.

ARM0713 (12/16)

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000103

**POLICY NUMBER:**

**ALL RISK**
**EXCESS PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# California Earthquake Exclusion

Notwithstanding any provision to the contrary within the Policy of which the Endorsement forms part (or within any other Endorsement which forms part of this policy), this policy is amended as follows:

As respects to locations in the state of California this Policy does not cover liability for direct loss or damage to covered property caused by or resulting from the peril of Earthquake and Volcanic Eruption.

 All other terms and conditions of this policy remain unchanged.

Page 62
of 83

ARM0714 (12/16)

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 544 of 2921**

CONFIDENTIAL

GSINDA 0000104

**POLICY NUMBER:  PER DECLARATIONS**

**ALL RISK
EXCESS PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# Hawaii Earthquake Exclusion

Notwithstanding any provision to the contrary within the Policy of which the Endorsement forms part (or within any other Endorsement which forms part of this policy), this policy is amended as follows:

As respects to locations in the state of Hawaii this Policy does not cover liability for direct loss or damage to covered property caused by or resulting from the peril of Earthquake and Volcanic Eruption.

All other terms and conditions of this policy remain unchanged.

Page 63
of 83

ARM0715 (12/16)

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 545 of 2921**

CONFIDENTIAL

GSINDA 0000105

**POLICY NUMBER:  PER DECLARATIONS**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# Alaska Earthquake Exclusion

Notwithstanding any provision to the contrary within the Policy of which the Endorsement forms part (or within any other Endorsement which forms part of this policy), this policy is amended as follows:

As respects to locations in the state of Alaska this Policy does not cover liability for direct loss or damage to covered property caused by or resulting from the peril of Earthquake and Volcanic Eruption.

 All other terms and conditions of this policy remain unchanged.

ARM0716 (12/16)

CONFIDENTIAL

GSINDA 0000106

**POLICY NUMBER: PER DECLARATIONS**

**ALL RISK
EXCESS PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# Jurisdictional Inspections (B&M)

Notwithstanding any provision to the contrary within the Policy of which the Endorsement forms part (or within any other Endorsement which forms part of this policy), this policy is amended as follows:

This policy is not responsible for Jurisdictional Inspections.

All other terms and conditions of this policy remain unchanged.

Page 65
of 83

ARM0718 (12/16)

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 547 of 2921**

CONFIDENTIAL

GSINDA 0000107

**POLICY NUMBER:  PER DECLARATIONS**

**ALL RISK
EXCESS PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# Exclusion of Flood Zones A & V

Notwithstanding any provision to the contrary within the Policy of which the Endorsement forms part (or within any other Endorsement which forms part of this policy), this policy is amended as follows:

The peril of Flood is excluded as respects locations:

Wholly or partially within Special Flood Hazard Areas, areas of 100-year flooding as defined by the Federal Emergency Management Agency (FEMA) and shall only include those Flood Zones that are prefixed A or V.

All other terms and conditions of this policy remain unchanged.

ARM0721 (12/16)

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000108

**POLICY NUMBER: PER DECLARATIONS**

**ALL RISK
EXCESS PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SUBLIMIT ENDORSEMENT

Notwithstanding any provision to the contrary within the Policy of which the Endorsement forms part (or within any other Endorsement which forms part of this policy), this policy is amended as follows:

**APPLICABLE TO LOCATION(S):**

| ☑ | Per schedule on file with Company dated 06/26/2018 |
|---|---|
| ☐ | Location Schedule: |

The most that the Company will pay for all covered loss and damage in any one Occurrence is the per Occurrence Limit of Liability shown in the Declarations regardless of the number of Coverages, Insureds or Insured Locations.

The SUB-LIMITS OF LIABILITY shown in the Schedule below are included within , and are not in addition to, the Occurrence Limit. Sub-limits of Liability do not increase the Occurrence Limit, or any other Sub-Limit of Liability.

Unless otherwise stated in the Schedule below, all Sub-limits of Liability apply on a "Per Occurrence" basis, which is the most that the Company will pay for all covered loss and damage for the type of Coverage or peril to which the sub-limit applies in any one Occurrence , regardless of the number of Coverages , Insureds or Insured Locations.

If it is stated in the Schedule below that a Sub-Limit of Liability applies on an "Annual Aggregate" basis, then that sub-limit is the most the Company will pay in any one 12 month period for the type of Coverage or peril to which the sub-limit applies, regardless of the number of Occurrences, Coverages , Insureds, or Insured Locations. Sub-limits of liability that apply on an "Annual Aggregate basis apply to all covered loss and damage under Property Damage and Time Element, combined.

**SCHEDULE:**

| COVERAGE | Sublimit of Insurance |
|---|---|
| Earth Quake - Per Occurrence and Annual Aggregate | 30,000,000 |
| Flood - Non-Critical Zones - Per Occurrence and Annual Aggregate | 30,000,000 |

All other terms and conditions remain unchanged

ARM0724 (12/16)
Page 1 of 1

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 549 of 2921**

CONFIDENTIAL

GSINDA 0000109

**POLICY NUMBER: PER DECLARATIONS**

**ALL RISK
EXCESS PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# Erosion of Underlying Policy

Notwithstanding any provision to the contrary within the Policy of which the Endorsement forms part (or within any other Endorsement which forms part of this policy), this policy is amended as follows:

Loss or damage to locations not covered under this policy shall not contribute to erosion of underlying policy.

 All other terms and conditions of this policy remain unchanged.

Page 68
of 83

ARM0725 (12/16)

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 550 of 2921**

CONFIDENTIAL

GSINDA 0000110

**POLICY NUMBER:PER DECLARATIONS**

**ALL RISK
EXCESS PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# No Additions Without Prior Approval

Notwithstanding any provision to the contrary within the Policy of which the Endorsement forms part (or within any other Endorsement which forms part of this policy), this policy is amended as follows:

No additions are permitted without prior approval. (New locations are subject to separate rating and/or may require a higher attachment point).

All other terms and conditions of this policy remain unchanged.

Page 69
of 83

ARM0726 (12/16)

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 551 of 2921**

CONFIDENTIAL

GSINDA 0000111

**POLICY NUMBER: PER DECLARATIONS**

**ALL RISK
EXCESS PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# Right to Engage its Own Adjusters

Notwithstanding any provision to the contrary within the Policy of which the Endorsement forms part (or within any other Endorsement which forms part of this policy), this policy is amended as follows:

The Company reserves the right to engage its own adjusters, investigators, and experts at its sole discretion and expense.

All other terms and conditions of this policy remain unchanged.

Page 70
of 83

ARM0731 (12/16)

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000112

**POLICY NUMBER: PER DECLARATIONS**

**ALL RISK
EXCESS PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# Course of Construction Exclusion

Notwithstanding any provision to the contrary within the Policy of which the Endorsement forms part (or within any other Endorsement which forms part of this policy), this policy is amended as follows:

This policy excludes loss or damage to locations which are in course of construction, including alterations and additions to completed buildings and structures

 All other terms and conditions of this policy remain unchanged.

Page 71
of 83

ARM0760 (19/05)

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 553 of 2921**

CONFIDENTIAL

GSINDA 0000113

**POLICY NUMBER: PER DECLARATIONS**

**ALL RISK**
**EXCESS PROPERTY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GENERAL CHANGE ENDORSEMENT

This endorsement modifies insurance provided under the following:

**ALL RISK COVERAGE FORM**
**EXCESS PROPERTY INSURANCE FORM**

Notwithstanding any provision to the contrary within the Policy of which the Endorsement forms part (or within any other Endorsement which forms part of this policy), this policy is amended as follows:

- Item 2b of the Occurrence Limit of Liability Endorsement is hereby deleted.

- Any reference in the manuscript coverage form to Full Waiver, Waiver and Policy Authors Clauses are hereby deleted in their entirety.

- Overhead transmission and distribution lines, except those on or within 1,000 feet of insured premises, are hereby excluded.

All other terms and conditions of this Policy remain unchanged.

Page 72
of 83

**Page 1 of 1**

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**ARM0999 (06-17)**
**Page 554 of 2921**

CONFIDENTIAL

GSINDA 0000114

ARM - QBE Amendatory Ed1809

Policy terms specific to various supporting insurers to this policy: QBE

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## IN WITNESS CLAUSE

**QBE Specialty Insurance Company**

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative.

Russell Johnston
President

Jose Ramon Gonzalez, Jr.
Secretary

## SERVICE OF PROCESS ENDORSEMENT

When a cause of action arises in any of the states listed below, service of process applies as shown below for that state. As used in this endorsement, "the Company" shall mean QBE Specialty Insurance Company.

### ALABAMA Service of Process Clause
The Company hereby designates the Commissioner of Insurance of the State of Alabama as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary hereunder arising out of this contract of insurance.  The Company further designates CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104 as the person to whom the Commissioner shall mail process.

### ALASKA Service of Process Clause
Upon any cause of action arising in Alaska under this contract, the Company may be sued. The Company appoints the Director of Insurance for the State of Alaska as its attorney for acceptance of service of all legal process issued in this state in any action or proceeding arising out of this policy.  Service of process upon the Director, or his successors in office, shall be lawful service upon the Company. The Company further designates CT Corporation System, 9360 Glacier Highway, Suite 202, Juneau, AK 99801 as the person to whom the Director is authorized to mail such process or a true copy thereof.

### ARIZONA Service of Process Clause
Upon any cause of action arising in Arizona under this contract, the Company may be sued in the circuit court of the county in which the cause of action arose.  Service of process against the Company may be made in such action by service upon the Director of Insurance of the State of Arizona by the clerk of the court in which the action is brought. The

**ARM QBE Amendatory ed1809**                                                                                      **Page 1 of 8**

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**                     **Page 555 of 2921**

CONFIDENTIAL                                                                                         GSINDA 0000115

Company further designates CT Corporation System, 3800 North Central Avenue, Suite 460, Phoenix, AZ 85012, as the person to whom the Director shall mail process.

### ARKANSAS Service of Process Clause

Upon any cause of action arising in Arkansas under this contract, the Company may be sued in the court of the county in which the cause of action arose. Service of process against the Company may be made in such action by service upon the Commissioner of Insurance of the State of Arkansas and his successors in office by the clerk of the court in which the action is brought. The Company further designates The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201 as the person to whom the Commissioner shall mail process.

### CALIFORNIA Service of Suit Clause

The Company hereby designates CT Corporation System, 818 West 7th Street, Suite 930, Los Angeles, California, 90017 as its true and lawful attorney in and for the State of California, upon whom all lawful process may be served in any action, suit or proceeding instituted in California by or on behalf of any insured or beneficiary against the Company arising out of this insurance policy, provided a copy of any process, suit, complaint or summons is sent by certified or registered mail to: 55 Water Street, 19th Floor, New York, NY 10041.

### COLORADO Service of Process Clause

Upon any cause of action under this policy, the Company may be sued in the district court of the county in which the cause of action arose. The Company appoints the Commissioner of Insurance for the State of Colorado as its attorney for acceptance of service of all legal process issued in this state in any action or proceeding arising out of this policy. Service of process upon the Commissioner shall be lawful service upon the Company. The Company further designates The Corporation Company, 7700 East Arapahoe Road, Suite 220, Centennial, CO 80112 as the person to whom the Commissioner is authorized to mail such process or a true copy thereof.

### CONNECTICUT Service of Process Clause

Upon any cause of action under this policy, the Company may be sued in the district court of the county in which the cause of action arose. The Company appoints the Commissioner of Insurance for the State of Connecticut as its attorney for acceptance of service of all legal process issued in this state in any action or proceeding arising out of this policy. Service of process upon the Commissioner shall be lawful service upon the Company. The Company further designates CT Corporation System, 67 Burnside Avenue, East Hartford, CT 06108 as the person to whom the Commissioner is authorized to mail such process or a true copy thereof.

### DELAWARE Service of Process Clause

The Company hereby designates the Commissioner of Insurance of the State of Delaware as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary arising out of this contract of insurance. The Company further designates The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as the person to whom the Commissioner shall mail process.

### DISTRICT OF COLUMBIA Service of Process Clause

The Company hereby designates the Commissioner of Insurance of the District of Columbia as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary arising out of this contract of insurance. The Company further designates CT Corporation System, 1015 15th Street, NW, Suite 1000, Washington, DC 20005 as the person to whom the Commissioner shall mail process.

### FLORIDA Service of Process Clause

The Company hereby designates the Chief Financial Officer of the Department of Financial Services as its agent upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary hereunder arising out of this contract of insurance. The Company further designates CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324 as the person to whom the Chief Financial Officer shall mail process.

### GEORGIA Service of Process

Upon any cause of action under this policy, the Company may be sued in the superior court of the county in which the cause of action arose. The Company appoints the Georgia Commissioner of Insurance as its attorney for acceptance of service of all legal process issued in this state in any action or proceeding arising out of this policy. Service of process upon the Commissioner shall be lawful service upon the Company. The Company further designates CT Corporation System, 289 South Culver Street, Lawrenceville, GA 30046 as the person to whom the Commissioner is authorized to mail such process or a true copy thereof.

### HAWAII Service of Process Clause

**ARM QBE Amendatory ed1809**                                                                 Page 2 of 8

---

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL                                                                 GSINDA 0000116

Upon any cause of action under this policy, the Company may be sued in the district court of the county in which the cause of action arose. The Company appoints the Commissioner of Insurance for the State of Hawaii as its attorney for acceptance of service of all legal process issued in this state in any action or proceeding arising out of this policy. Service of process upon the Commissioner shall be lawful service upon the Company. The Company further designates The Corporation Company, Inc., 1136 Union Mall, Suite 301, Honolulu, HI 96813 as the person to whom the Commissioner is authorized to mail such process or a true copy thereof.

### IDAHO Service of Process Clause

Upon any cause of action arising in Idaho under this contract, the Company may be sued in the district court of the county in which the cause of action arose. Service of process against the Company may be made in such action by service upon the Director of the Department of Insurance of the State of Idaho. The Company further designates CT Corporation System, 921 S. Orchard Street, Suite G, Boise, ID 83705 as the person to whom the Director shall mail process.

### ILLINOIS Service of Process Clause

The Company hereby designates the Director of the Illinois Department of Insurance and his successor or successors in office as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary hereunder arising out of this contract of insurance. The Company further designates CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, IL 60604 as the person to whom the Director shall mail process.

### INDIANA Service of Process Clause

Upon any cause of action arising in Indiana under this contract, the Company may be sued in the court of the county in which the cause of action arose. Service of process against the Company may be made in such action by service upon the Commissioner of Insurance of the State of Indiana by the clerk of the court in which the action is brought. The Company further designates CT Corporation System, 150 West Market Street, Suite 800, Indianapolis, IN 46204 as the person to whom the Commissioner shall mail process.

### IOWA Service of Process Clause

The Company hereby designates the Commissioner of Insurance of the State of Iowa as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary arising out of this contract of insurance. The Company further designates CT Corporation System, 400 East Court Avenue, Suite 110, Des Moines, Iowa 50309 as the person to whom the Commissioner shall mail process.

### KANSAS Service of Process Clause

Upon any cause of action arising in Kansas under this policy, the Company may be sued in the court of the county in which the cause of action arose. Service of process against the Company may be made in such action by service upon the Commissioner of Insurance of the State of Kansas and his successor or successors in office. The Company further designates The Corporation Company, Inc., 112 S.W. Seventh Street, Suite 3C, Topeka, KS 66603 as the person to whom the Commissioner shall mail process.

### KENTUCKY Service of Process Clause

Upon any cause of action arising in Kentucky under this contract, the Company may be sued in the circuit court of the county in which the cause of action arose. Service of process against the Company may be made in such action by service upon the Kentucky Secretary of State by the clerk of the court in which the action is brought. The Company further designates CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601 as the person to whom the Secretary of State shall mail process.

### LOUISIANA Service of Process Clause

Upon any cause of action arising in Louisiana under this contract, the Company may be sued in the district court of the parish in which the cause of action arose. Service of process against the Company may be made in such action by service upon the Louisiana Secretary of State. The Company further designates CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816 as the person to whom the Secretary of State shall mail process.

### MAINE Service of Process Clause

Upon any cause of action arising in this State under this policy, the Company may be sued in the Superior Court. Service of legal process against the Company may be made in any such action by service of two copies upon the designated agent. The Company further designates CT Corporation System, 128 State Street, #3, Augusta, ME 04330 as the agent.

### MARYLAND Service of Process Clause

Upon any cause of action arising in Maryland under this contract, the Company may be sued in the court of the county in which the cause of action arose. Service of process against the Company may be made in such action by service upon

**ARM QBE Amendatory ed1809**                                                                                 **Page 3 of 8**

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

the Insurance Commissioner of the State of Maryland by the clerk of the court in which the action is brought. The Company further designates The Corporation Trust Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, MD 21093 as the person to whom the Commissioner shall mail process.

### MASSACHUSETTS Service of Process Clause

The Company hereby designates the Commissioner of Insurance of the State of Massachusetts as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary arising out of this contract of insurance. The Company further designates CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110 as the person to whom the Commissioner shall mail process.

### MICHIGAN Service of Process Clause

Upon any cause of action arising in Michigan under this contract, the Company may be sued in the court of the county in which the cause of action arose. Service of process against the Company may be made in such action by service upon the Director of Insurance, c/o Resident Agent, of the State of Michigan by the clerk of the court in which the action is brought. The Company further designates The Corporation Company, 40600 Ann Arbor Road East, Suite 201, Plymouth, MI 48170 as the person to whom the Commissioner shall mail process.

### MINNESOTA Service of Process Clause

Upon any cause of action arising in Minnesota under this contract, the Company may be sued in the court of the county in which the cause of action arose. Service of process against the Company may be made in such action by service upon the Commissioner of Commerce of the State of Minnesota by the clerk of the court in which the action is brought. The Company further designates CT Corporation System, Inc., 1010 Dale Street North, Saint Paul, MN 55117 as the person to whom the Commissioner shall mail process.

### MISSISSIPPI Service of Process Clause

The Company hereby designates the Commissioner of Insurance of the State of Mississippi as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary arising out of this contract of insurance. The Company further designates CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232 as the person to whom the Commissioner shall mail process.

### MISSOURI Service of Process Clause

Upon any cause of action arising in Missouri under this contract, the Company may be sued in the court of the county in which the cause of action arose. Service of process against the Company may be made in such action by service upon the Director of Insurance of the State of Missouri and his successors in office by the clerk of the court in which the action is brought. The Company further designates CT Corporation System, 120 South Central Avenue, Clayton, MO 63105 as the person to whom the Director shall mail process.

### MONTANA Service of Process Clause

Upon any cause of action under this policy, the Company may be sued in the district court of the county in which the cause of action arose. The Company appoints the Commissioner of Insurance of the State of Montana as its attorney for acceptance of the service of all legal process issued in this state in any action or proceeding arising out of this policy. Service of process upon the Commissioner shall be lawful service upon the Company. The Company further designates CT Corporation System, 3011 American Way, Missoula, MT 59808 as the person to whom the Commissioner is authorized to mail such process or a true copy thereof.

### NEBRASKA Service of Process Clause

Upon any cause of action arising in Nebraska under this policy, the Company may be sued in the court of the county in which the cause of action arose. Service of process against the Company may be made in such action by service upon the Director of Insurance of the State of Nebraska. The Company further designates CT Corporation System, 5601 South 59th Street, Suite C, Lincoln, NE 68516 as the person to whom the Director shall mail process.

### NEVADA Service of Process Clause

Upon any cause of action arising in Nevada under this contract, the Company may be sued in a district court of Nevada. Service of process against the Company may be made in such action by service upon the Commissioner of Insurance of the State of Nevada or the Commissioner's authorized representative. The Company further designates The Corporation Trust Company of Nevada, 701 South Carson Street, Suite 200, Carson City, NV 89701 as the person to whom the Commissioner shall mail process.

### NEW HAMPSHIRE Service of Process Clause

Upon any cause of action arising in New Hampshire under this contract, the Company may be sued in the court of the county in which the cause of action arose. Service of process against the Company may be made in such action by

**ARM QBE Amendatory ed1809**                                                    **Page 4 of 8**

---

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 558 of 2921**

CONFIDENTIAL

GSINDA 0000118

service upon the Commissioner of Insurance of the State of New Hampshire by the clerk of the court in which the action is brought. The Company further designates CT Corporation System, 2½ Beacon Street, Concord, NH 03301-4447 as the person to whom the Commissioner shall mail process.

### NEW JERSEY Service of Process Clause

The Company hereby designates the Commissioner of Insurance of the State of New Jersey as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary arising out of this contract of insurance. The Company further designates The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, NJ 08628 as the person to whom the Commissioner shall mail process.

### NEW MEXICO Service of Process Clause

Upon any cause of action arising in New Mexico under this contract, the Company may be sued in the district court of the county in which the cause of action arose. Service of process against the Company may be made in such action by service upon the Superintendent of Insurance of the State of New Mexico by the clerk of the court in which the action is brought. The Company further designates CT Corporation System, 206 South Coronado Avenue, Espanola, NM 87532 as the person to whom the Superintendent shall mail process.

### NEW YORK Service of Process Clause

The Company hereby designates the Superintendent of Financial Services of the State of New York, and his successors in office, as its true and lawful attorney upon whom all lawful process may be served in any action, suit, or proceeding instituted in this State by or on behalf of the insured or any beneficiary against the Company arising out of this policy of insurance. The Company further designates CT Corporation System, 111 Eighth Avenue, 13th Floor, New York, NY 10011 as the person to whom the Superintendent shall mail process.

### NORTH CAROLINA Service of Process Clause

The Company hereby designates the Commissioner of Insurance of the State of North Carolina, and his successor(s) in office, as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary arising out of this contract of insurance. The Company further designates CT Corporation System, 160 Mine Lake Court, Suite 200, Raleigh, NC 27615 as the person to whom the Commissioner shall mail process.

### NORTH DAKOTA Service of Process Clause

The Company hereby designates the Commissioner of Insurance of the State of North Dakota as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary arising out of this contract of insurance. The Company further designates CT Corporation System, 120 West Sweet Avenue, Bismarck, ND 58504 as the person to whom the Commissioner shall mail process.

### OHIO Service of Process Clause

Upon any cause of action arising in Ohio under this contract, the Company may be sued in the court of the county in which the cause of action arose. Service of process against the Company may be made in such action by service upon the Superintendent of Insurance of the State of Ohio by the clerk of the court in which the action is brought. The Company further designates CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, OH 43219 as the person to whom the Superintendent shall mail process.

### OKLAHOMA Service of Process Clause

Upon any cause of action arising in Oklahoma under this contract, the Company may be sued in the court of the county in which the cause of action arose. Service of process against the Company may be made in such action by service upon the Commissioner of Insurance of the State of Oklahoma by the clerk of the court in which the action is brought. The Company further designates The Corporation Company, 1833 South Morgan Road, Oklahoma City, OK 73128 as the person to whom the Commissioner shall mail process.

### OREGON Service of Process Clause

Upon any cause of action arising in Oregon under this contract, the Company may be sued in the circuit court of the county in which the cause of action arose. The Company further designates CT Corporation System, 780 Commercial Street SE, Suite 100, Salem, OR 97301 as the person to whom the process shall be mailed.

### PENNSYLVANIA Service of Process Clause

ARM QBE Amendatory ed1809                                                                 Page 5 of 8

CONFIDENTIAL                                                                            GSINDA 0000119

Upon any cause of action arising in Pennsylvania under this contract, the Company may be sued in the court of the county in which the cause of action arose. The Company hereby designates the Commissioner of Insurance of the Commonwealth of Pennsylvania as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary arising out of this contract of insurance. Service of process shall be made pursuant to the procedures provided by 42 Pa.C.S. Ch. 53 Subch. B (relating to interstate and international procedure). The Company further designates CT Corporation System, 600 North Second Street, Suite 401, Harrisburg, PA 17101 as the person to whom the Commissioner shall mail process.

### RHODE ISLAND Service of Process Clause

Upon any cause of action arising in Rhode Island under this policy, the Company may be sued in the court of the county in which the cause of action arose. Service of process against the Company may be made in such action by service upon the Commissioner of Insurance of the State of Rhode Island by the clerk of the court in which the action is brought. The Company further designates CT Corporation System, 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914 as the person to whom the Commissioner shall mail process.

### SOUTH CAROLINA Service of Process Clause

The Company hereby designates the Director of Insurance of the State of South Carolina as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary arising out of this contract of insurance. The Company further designates CT Corporation System, 2 Office Park Court, Suite 103, Columbia, SC 29223 as the person to whom the Director shall mail process.

### SOUTH DAKOTA Service of Process Clause

Any cause of action against the Company arising in South Dakota under this policy shall be brought in the circuit court for the county in which the cause of action arose. Service of legal process against the Company may be made in any such action by service upon the Director of Insurance of the State of South Dakota and his successors in office. The Company further designates CT Corporation System, 319 South Coteau Street, Pierre, SD 57501 as the person to whom the Director shall mail a copy of the process.

### TENNESSEE Service of Process Clause

The Company hereby designates the Commissioner of Commerce and Insurance of the State of Tennessee as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary arising out of this contract of insurance. The Company further designates CT Corporation System, 300 Montvue Road, Knoxville, TN 37919 as the person to whom the Commissioner shall mail process.

### TEXAS Service of Process Clause

The Company hereby designates the Commissioner of Insurance of the State of Texas as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary hereunder arising out of this contract of insurance. The Company further designates CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201 as the person to whom the Commissioner shall mail process.

### UTAH Service of Process Clause

The Company hereby designates the Commissioner of Insurance of the State of Utah as its agent upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary hereunder arising out of this contract of insurance. The Company further designates CT Corporation System, 1108 East South Union Avenue, Midvale, UT 84047 as the person to whom the Commissioner shall mail process.

### VERMONT Service of Process Clause

The Company hereby designates the Secretary of State of Vermont as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary arising out of this contract of insurance. The Company further designates CT Corporation System, 17 G W Tatro Drive, Jeffersonville, VT 05464 as the person to whom the Secretary of State shall mail process.

### VIRGINIA Service of Process Clause

The Company hereby designates the Clerk of the Virginia State Corporation Commission as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary hereunder arising out of this contract of insurance. The Company further designates CT Corporation

**ARM QBE Amendatory ed1809**                                      **Page 6 of 8**

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000120

System, 4701 Cox Road, Suite 285, Glen Allen, VA 23060 as the person to whom the Clerk of the Commission shall mail process.

### WASHINGTON Service of Process Clause

Upon any cause of action arising in Washington under this contract, the Company may be sued in the court of the county in which the cause of action arose. Service of process against the Company may be made in such action by service upon the Commissioner of Insurance of the State of Washington by the clerk of the court in which the action is brought. The Company further designates CT Corporation System, 711 Capitol Way South, Suite 204, Olympia, WA 98501 as the person to whom the Commissioner shall mail process.

### WEST VIRGINIA Service of Process Clause

Upon any cause of action arising in West Virginia under this policy, the Company may be sued in the court of the county in which the cause of action arose. Service of process against the Company may be made in such action by service upon the Secretary of State of West Virginia by the clerk of the court in which the action is brought. The Company further designates CT Corporation System, 1627 Quarrier Street, Charleston, WV 25311-2124 as the person to whom the Secretary of State shall mail process.

### WISCONSIN Service of Process Clause

Upon any cause of action arising in Wisconsin under this policy the Company may be sued in the court of the county in which the cause of action arose. Service of process against the Company may be made in such action by service upon the Commissioner of Insurance of the State of Wisconsin. The Company further designates CT Corporation System, 301 South Bedford Street, Suite 1, Madison, WI 53703 as the person to whom the Commissioner shall mail process.

### WYOMING Service of Process Clause

Upon any cause of action under this policy, the Company may be sued in the district court of the county in which the cause of action arose. The Company appoints the Commissioner of Insurance of the State of Wyoming as its attorney for acceptance of the service of all legal process issued in this state in any action or proceeding arising out of this policy. Service of process upon the Commissioner shall be lawful service upon the Company. The Company further designates CT Corporation System, 1908 Thomas Avenue, Cheyenne, WY 82001 as the person to whom the Commissioner is authorized to mail such process or a true copy thereof.

All other terms and conditions of this policy remain unchanged.

**ARM QBE Amendatory ed1809**                                    **Page 7 of 8**

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000121



**Notice to Policyholders**

# U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL ("OFAC")

NO COVERAGE IS PROVIDED BY THIS POLICYHOLDER NOTICE NOR CAN IT BE CONSTRUED TO REPLACE ANY PROVISIONS OF YOUR POLICY. YOU SHOULD READ YOUR POLICY AND REVIEW YOUR DECLARATIONS PAGE FOR COMPLETE INFORMATION ON THE COVERAGES YOU ARE PROVIDED.

**THIS NOTICE PROVIDES INFORMATION CONCERNING POSSIBLE IMPACT ON YOUR INSURANCE COVERAGE DUE TO DIRECTIVES ISSUED BY OFAC.**

## PLEASE READ THIS NOTICE CAREFULLY

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous:

Foreign agents;
Front organizations;
Terrorists;
Terrorist organizations; and
Narcotics traffickers;

As "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's web site - http//www.treas.gov/ofac.

In accordance with OFAC regulations, if it is determined that you or any other insured, or any person or entity claiming the benefits of this insurance has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, this insurance will be considered a blocked or frozen contract and all provisions of this insurance are immediately subject to OFAC. When an insurance policy is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments also apply.

Includes copyrighted material of Insurance Services Office, Inc., with its permission

Page 80
of 83

**ARM QBE Amendatory ed1809**                                                                 **Page 8 of 8**

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

ARM – General Security Indemnity of Arizona Amendatory (ed 2-18)

Policy terms specific to various supporting insurers to this policy:  General Security Indemnity Company of Arizona

# General Security Indemnity Company of Arizona
## (THE "COMPANY")

**HOME OFFICES**
2338 W. ROYAL PALM ROAD,
SUITE J
Phoenix, AZ 85021

**ADMINISTRATIVE OFFICES**
One Seaport Plaza
199 Water Street, 21st Floor
New York, New York 10038-3526
Telephone No: +(1) 212-480-1900
U.S. Toll-Free (outside NY) 800-326-3299

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### Sanction Limitation and Exclusion Clause

No (re)insurer shall be deemed to provide cover and no (re)insurer shall be liable to pay any claim or provide any benefit hereunder to the extent that the provision of such cover, payment of such claim or provision of such benefit would expose that (re)insurer to any sanctions, prohibition or restriction under United Nations resolutions or the trade or economic sanctions, laws or regulations of the European Union, United Kingdom or United States of America.

ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED.

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

GSINDA 0000123

## SERVICE OF SUIT

In the event an action or proceeding arises under the contract, it is agreed that the Company, at your request, will submit to the jurisdiction of a court of competent jurisdiction within the United States. Nothing in this condition constitutes or should be understood to constitute a waiver or limitation of the right to arbitration as set forth herein or to commence an action in any court of competent jurisdiction in the United States to remove an action to a United States District Court or to seek a transfer of a case to another court as permitted by the laws of the United States or any state in the United States. It is further agreed that service of process in such suit may be  made upon *General Security Indemnity Company of Arizona, General Counsel, One Seaport Plaza, 199 Water Street, Suite 2100, New York, NY 10038-3526, United States.* In any suit instituted against the Company upon this policy, the Company will abide by the final decision of such court or of any appellate court in the event of an appeal.

Further, pursuant to any statute of any state, territory, or district of the United States which  makes provision therefore, the Company hereby designates the Superintendent, Commissioner or Director of Insurance, other officer specified for that purpose in the statute, or his successors in office as its true and lawful attorney upon whom may be served any lawful process in any action, suite, or proceeding instituted by or on behalf of the Insured or any beneficiary hereunder arising out of this policy of insurance and hereby designates the above named General Security Indemnity Company of Arizona as the entity to whom the said officer is authorized to mail such process or a true copy thereof.

GSICA-SOS                                                                                                   (11/1)

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

CONFIDENTIAL

# General Security Indemnity Company of Arizona
## (THE "COMPANY")

**HOME OFFICES**
2338 W. ROYAL PALM ROAD,
SUITE J
Phoenix, AZ 85021

**ADMINISTRATIVE OFFICES**
One Seaport Plaza
199 Water Street, 21st Floor
New York, New York 10038-3526
Telephone No: +(1) 212-480-1900
U.S. Toll-Free (outside NY) 800-326-3299

## SIGNATURE CLAUSE

The Company has caused this policy to be signed by its President and Secretary, but this policy shall not be valid unless countersigned by an authorized representative of the Company, where required.

General Security Indemnity Company of Arizona

Maxine H. Verne, Secretary

Jean-Paul Conoscente, President

**Exhibit 9 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 565 of 2921**

CONFIDENTIAL

GSINDA 0000125