# EXHIBIT 15

180 Montgomery Street, Suite 2100     www.mclarens.com
San Francisco, CA 94104-4231 USA     san.francisco@mclarens.com

Tel    +1 415 392 6034
Fax    +1 415 392 0213

License #2607078

Michael R. Allen
Vice President
Direct Dial +1 415 228 6405
Email: mike.allen@mclarens.com



May 15, 2020

THE INTERESTED INSURERS

## COVID-19 PANDEMIC

Re:  Report No.              :    4 - Supplemental
     **Assured**             :    **24-Hour Fitness Worldwide, Inc.**
     **Policy No.**          :    **Per Schedule**
     Policy Term             :    June 30, 2019/2020
     Date of Loss            :    March 21, 2020 – First Notice
     Assured's Broker        :    Lockton Companies, LLC
     Date of First Notice    :    March 23, 2020
     Date First Contact      :    March 23, 2020
     **Claim No.**           :    **Per Schedule**
     **McLarens File No.**   :    **002.051949.MI.A**

Ladies and Gentlemen:

Our supplemental report is as follows:

**COVERAGE:**                      All risk coverage is provided on all Real and Personal
                                   Property, Business Interruption and Extra Expense,
                                   subject to a $50M Primary limit of liability.

                                   There is a $2.5M sublimit for Interruption by
                                   Communicable Disease.

                                   There is a $1M sublimit for Professional Fees.

                                   There is a $250,000 deductible per occurrence.

**DATE OF LOSS:**                  March 21, 2020 – First Notice

**LOCATION INVOLVED:**             Multiple - Nationwide

**PROPERTY INVOLVED:**             Tenant Improvements, Business Personal Property and
                                   Business Interruption

**NATURE OF LOSS:**                                Corona Virus Communicable Disease

**ESTIMATE OF LOSS:**                          Undetermined

**DEDUCTIBLE:**                                      $250,000.00

**COMMUNICABLE DISEASE SUBLIMIT:**   $2,500,000.00

**SALVAGE:**                                          None

**OTHER INSURANCE:**                          None

**SUBROGATION:**

**CONSULTANTS:**                                None

**COMMENTS:**

In our last report of April 27, 2020, we provided copies of the insured's responses to various questions we submitted relative to the insured's COVID-19 claim.  In the responses the insured indicated further information would be following.  On May 8, 2020, we sent a follow-up email to the insured.  Two specific questions were asked and a third requesting any additional information the insured would like to provide at this time.

The first question related to specific confirmed cases of COVID-19 occurring at insured locations.  In response, the insured cited 24 cases where a member, guest or employee tested positive for the virus. With that question, we also asked for copies of any costs incurred for decontamination/cleanup and Business Interruption.  The insured responded:

> "At present we have nothing to report with respect to any decontamination/cleanup costs."

**Exhibit 15 to Plaintiff's Omnibus Appendix of Evidence in support of its**   MCL000074
**Oppositions to Defendants' Motions for Summary Judgment**                  **Page 592 of 2921**

McLarens

The second question related to Ingress/Egress issues.  In our first set of questions, we asked if Ingress/Egress to any of the clubs *"had been physically prevented, fully or partially."*  The insured indicated they were still investigating this item and would respond after their investigation was complete.  The insured's more recent answer was as follows:

> "If the question seeks to ascertain whether access to or from our clubs was physically blocked by some object, then we are not aware of that at this time.  However, as a result of the presence of individuals with or presumed to have COVID-19 at our locations (including our members and employees), the social distancing guidelines enacted by government agencies indicating it would be unsafe to operate given the prevalence of individuals in the community with the COVID-19 disease (including our members and employees), and the various stay-at-home and similar orders requiring closure of our business, access to our clubs has been prohibited.
>
> **It should be noted that government orders confirm the fact that the virus causes contamination of property.  For instance, the City of New York's Order dated March 16, 2020, states that the 'Virus physically is causing property loss and damage.'  Orders issued in various other locations contain similar language, including Los Angeles and San Francisco.  Even without specific language in an Order, it is clear that physical loss or damage from the disease was at least a substantial factor in causing these Orders to be issued.  *See also Friends of Danny DeVito, et al v. Tom Wolf, Governor,* Case No. 68 MM 2020, a p. 8, fn. 3 (Pa. Supreme Ct., April 14, 2020) ("because this pandemic spreads primarily through person-to-person contact, as many as 25% of those infected are asymptomatic, and the virus has an incubation period of up to 14 days. The virus can remain on surfaces 4 days and can spread through the air within confined areas and structures")."**

In ending our email, we also asked the insured if they had any additional information they would like to have the Carriers review or consider as part of their claim.  Here, the insured addressed coverage under the Communicable Disease Endorsement stating:

> **"We note that the only potentially relevant exclusion that has been cited is the exclusion endorsement (Endorsement 4) purportedly attached to the Endurance Policy entitled 'Communicable or Infectious Disease Exclusion.'  We do not concede that this Exclusion applies to the Endurance Policy.  For instance, the Exclusion is attached to a policy**

**Exhibit 15 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

McLarens

MCL000075
Page 593 of 2921

> form issued by Endurance which also contains explicit coverage by the
> way of another Endorsement for certain claims arising from
> Communicable Disease (Endorsement 2). This at least creates an
> ambiguity as to whether the Exclusion was intended to imply to preclude
> such coverage. Nevertheless, if the other subscribing insurers had
> intended to exclude claims relating to "Communicable or Infectious
> Disease" they could have attempted to include an Exclusion in their
> policies, but they did not. This makes clear that the losses suffered by
> 24-Hour Fitness were explicitly intended to be covered."

We provide a copy of the insured's responses for your review and comment. After you have had a
chance to review the insured's comments, we would welcome your reply/instructions. As the insured
provides additional information on its claim we will keep you advised.

We look forward to your reply.

Very truly yours,

Michael R. Allen
Vice President

MRA/vt

**ENCLOSURE:**
- Email from Jeremy Gottlieb, May 12, 2020

**Exhibit 15 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

McLarens

MCL000076
**Page 594 of 2921**

**Schedule of Insurance**
Policy Period: June 30, 2019/2020

Assured: 24-Hour Fitness
Location: Multiple
Nature of Loss: COVID-19
Date of Loss: March 21, 2020 – First Notice
McLarens File: 002.051949.MI.A

# Primary $20M

| COMPANY | POLICY NO. | CLAIM NO. | PERCENT |
|---|---|---|---|
| **Continental Casualty Company**<br>c/o CNA Insurance<br>801 Warrenville Road, Suite 700<br>Lisle, IL 60532<br>**Attn: Odell Bradley**<br>Email: odell.bradley@cna.com<br>Ph: 469-992-5220 (mobile) | 6013789648 | **E3872600** | 25% |
| **Endurance American Specialty Insurance Company**<br>c/o Sompo Global Risk Solutions<br>12222 Merit Drive, Suite 950<br>Dallas, TX 75251<br>**Attn: Kimberly James**<br>Email: kjames@sompo-intl.com<br>cc: grspropertyclaiims@sompo-intl.com<br>Ph: 469-872-7126 (direct)<br>469-203-0821 (cell) | GPR10009447903 | **10266658** | 22.5% |
| **Starr Surplus Lines Insurance Company**<br>c/o Starr Technical Risk Agency, Inc.<br>5151 San Felipe, Suite 200<br>Houston, TX 77056<br>**Attn: Dolores R. Varela**<br>Email: dolores.varela@starrcompanies.com<br>Ph: 713-470-1496 | SLSTPTY11203219 | **STP 16526** | 17.5% |
| **Allianz Global Corporate & Specialty**<br>Property, Engineering & Energy Claims<br>North America<br>2350 Empire Avenue<br>Burbank, CA 91504<br>**Attn: Lourdes Reyes, AIC**<br>Email: lourdes.reyes.@agcs.allianz.com<br>Ph: 818-260-7182 (direct)<br>818-468-9043 (mobile) | USP000783190 | **SF-USPR03322120** | 13.75% |

**Exhibit 15 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment** MCL000077 **Page 595 of 2921**

## Schedule of Insurance

Policy Period: June 30, 2019/2020

Assured: 24-Hour Fitness
Location: Multiple
Nature of Loss: COVID-19
Date of Loss: March 21, 2020 – First Notice
McLarens File: 002.051949.MI.A

| COMPANY | POLICY NO. | CLAIM NO. | PERCENT |
|---|---|---|---|
| **Primary $20M (continued)** | | | |
| | | | |
| **Liberty Mutual Fire Insurance Company** | MJ2-L9L-433817-029 | **472207300** | 8.75% |
| GRS Shared and Layered Property Claims | | | |
| Wausau, WI | | | |
| **Attn: Cynthia Sarver AIC, AIS** | | | |
| Email: cynthia.sarver@libertymutual.com | | | |
| Ph: 715-870-6805 | | | |
| | | | |
| **Certain Underwriters at Lloyd's London** | W27C0A190101 | **BEAZL1000050416557** | 7.5% |
| c/o Beazley Group | | | |
| Property Group | | | |
| 101 California Street, Suite 1850 | | | |
| San Francisco, CA 94111 | | | |
| **Attn: Andrea Matott, CPCU, AIC, AU, AIS, SCLA** | | | |
| Email: andrea.matott@beazley.com | | | |
| Ph: 617-239-2634 (direct) | | | |
| 617-239-2600 (office) | | | |
| | | | |
| **Allied World Assurance Company, LTD** | 0311-9178-1N | **2020006268** | 5% |
| 199 Water Street, 23rd Floor | | | |
| New York, NY 10038 | | | |
| **Attn: Ronald Keleman** | | | |
| Email: ronald.keleman@awac.com | | | |
| Ph: 646-794-0540 (direct) | | | |
| 347-607-8488 (cell) | | | |

**Total**                                                                                                     **100%**

cc:



**Exhibit 15 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**   MCL000078
**Page 596 of 2921**

## Schedule of Insurance
Policy Period:  June 30, 2019/2020

Assured:  24-Hour Fitness
Location:  Multiple
Nature of Loss:  COVID-19
Date of Loss:  March 21, 2020 – First Notice
McLarens File:  002.051949.MI.A

| COMPANY | POLICY NO. | CLAIM NO. | PERCENT |
|---|---|---|---|
| **Excess $40M-$20M** | | | |
| **ARROWHEAD** <br> **(QBE/General Security)** | TR00202191601284 <br> AHAR11191-00 | | 43.125% |
| **Starr Surplus Lines Insurance Company** <br> c/o Starr Technical Risk Agency, Inc. <br> 5151 San Felipe, Suite 200 <br> Houston, TX 77056 <br> **Attn:  Dolores R. Varela** <br> Email: dolores.varela@starrcompanies.com <br> Ph:  713-470-1496 | SLSTPTY11203219 | | 43.125% |
| **Allianz Global Corporate & Specialty** <br> Property, Engineering & Energy Claims <br> North America <br> 2350 Empire Avenue <br> Burbank, CA 91504 <br> **Attn:  Lourdes Reyes, AIC** <br> Email: lourdes.reyes.@agcs.allianz.com <br> Ph:  818-260-7182 (direct) <br> 818-468-9043 (mobile) | USP000783190 | | 13.75% |

Total                                                                                                                                      100%

**Exhibit 15 to Plaintiff's Omnibus Appendix of Evidence in support of its** MCL000079 <br> **Oppositions to Defendants' Motions for Summary Judgment**                        **Page 597 of 2921**

## Violeta Tuufuli

**Subject:**          FW: 24 Hour Fitness - Covid-19 Claim 51494

**From:** Jeremy Gottlieb <JGottlieb@24hourfit.com>
**Sent:** Tuesday, May 12, 2020 1:14 PM
**To:** Mike Allen <mike.allen@mclarens.com>
**Cc:** Cowart, Teresa <TCowart@lockton.com>; Jennings, Jodi (Charlotte) <JLJennings@lockton.com>
**Subject:** 24 Hour Fitness - Covid-19 Claim

Mike - please see below for responses to questions raised in your 5/8/20 email.   Please advise if you/insurers have any questions.  Thanks.

**From:** Mike Allen <mike.allen@mclarens.com>
**Sent:** Friday, May 8, 2020 3:35 PM
**To:** Jeremy Gottlieb <JGottlieb@24hourfit.com>
**Cc:** Cowart, Teresa <TCowart@lockton.com>; Karen Schaffner <kschaffner@24hourfit.com>; Jennings, Jodi (Charlotte) <JLJennings@lockton.com>; Mike Allen <mike.allen@mclarens.com>
**Subject:** RE: 24 Hour Fitness - Covid-19 Claim

**CAUTION:** This email originated outside 24 Hour Fitness. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Jeremy:

Thanks for the reply.  It looks like things are easing up a bit.  We'll see how this works out.

I have forward your responses to the carriers for the their review.  In the meantime I have a few follow-up questions to help clarify the claim for the carriers.

1. I note your response to #2 below that all clubs were closed due to the presumed presence of the virus.  That said you also indicated there were confirmed cases of Covid-19 at certain locations and you will provide general information regarding those "incidents" shortly.  When convenient please send the information on those incidents and copies of any costs incurred for decontamination / clean-up and business interruption.

   **The following incidents regarding Covid-19 at our locations had been identified to us at around the time of the closing of our facilities on March 16, 2020 (of course we assume that there were many other incidents that were not reported, particularly incidents related to members or other visitors to our clubs).  At present we have nothing to report with respect to any decontamination / clean up costs.**

   - **On or about March 8, 2020 an individual was in our Whippany, who tested positive for COVID-19 on March 11, 2020**

   - **On or about March 10, 2010 we learned that a member of our Madison Square Park location in New York and her boyfriend were ill and had been in contact with another person who had tested positive for Covid-19**

   - **On or about March 11, 2020 we learned that an employee was ill and self-quarantined after learning her boyfriend may have COVID-19.  He was awaiting testing at the time; she worked at our La Costa, CA location after being in contact with her boyfriend**

1

- On or about March 12, 2020 we learned that a customer in our Ramsey, NJ location had tested positive for COVID-19.  He was at our location just prior to his positive test

- On or about March 12, 2020 we were informed that one of our members in the Bingle, TX location had tested positive for COVID-19

- On or about March 12, 2020, we were informed that a member at a Boulder, CO location had tested positive for COVID-19

- On or about March 13, 2020 a personal trainer at our Sugarhouse, UT location was notified that her client had been exposed to coronavirus

- On or about March 13, 2020 a personal trainer at a Vancouver, WA location was informed that her client had been exposed to coronavirus

- On or about March 13, 2020 we were informed that a club member at our Ocean Avenue, San Francisco, CA location had been exposed to COVID-19

- On or about March 13, 2020 we were informed that an employee in our Portland, OR location was getting tested for COVID-19

- On or about March 13, 2020 we learned that a personal trainer at our Hollywood, OR location was in quarantine as three people he worked with had tested positive for COVID-19

- On or about March 13, 2020 we learned that an employee in our Aurora, CO location was ill and we later learned that 4 members of his immediate family were sick as well as some extended family.  His mother is an RN and tested positive for COVID-19 and the whole family was assumed to have the disease

- On or about March 14, 2020 we were informed that two employees at our Frisco, TX location had symptoms of COVID-19 and were told to self-quarantine

- On or about March 14, 2020 we became aware that 2 employees in our Aurora, CO location were ill, that their mom tested positive for COVID-19 and that the whole household was presumed positive

- On or about March 14, 2020 we were told that a member of a location in Katy, TX was in quarantine due to exposure to coronavirus

- On or about March 15, 2020 we were informed that a member in our San Clemente, CA location may have been diagnosed with COVID-19

- On or about March 15, 2020 a member at our Sutter-Montgomery location in San Francisco, CA informed us that they were in quarantine for COVID-19 and that they had been working out in the club

- On or about March 15, 2020 we became aware that an employee at our downtown Portland, OR location was ill and may have COVID-19

- On or about March 16, 2020 we were informed that a member in our Scarsdale, NY location had tested positive for COVID-19

2

- **On or about March 16, 2020 we became aware that a member's son was in the hospital and it was likely the member also had COVID-19**

- **On or about March 16, 2020 we were informed that around 6 people in the building housing our N. Richland Hills location in Texas had tested positive for COVID-19**

- **On or about March 16, 2020, a member of our Madison Square Park, NY location informed her personal trainer that she had contracted COVID-19**

- **On or about March 17, 2020 we were informed that a member at our Gladstone, OR location was being tested for COVID-19**

- **On or about March 20, 2020 a member at our Beaverton, OR location informed us that he had been exposed to a confirmed positive COVID-19 case**

2. We note you are still investigating items outlined in #'s 8 and 9 below.  If your investigation confirms there were ingress / egress issues please provide the details for each Club affected.

   **If the question seeks to ascertain whether access to or from our clubs was physically blocked by some object, then we are not aware of that at this time.  However, as a result of the presence of individuals with or presumed to have COVID-19 at our locations (including our members and employees), the social distancing guidelines enacted by government agencies indicating it would be unsafe to operate given the prevalence of individuals in the community with the COVID-19 disease (including our members and employees), and the various stay-at-home and similar orders requiring closure of our business, access to our clubs has been prohibited.**

   **It should be noted that governmental orders confirm the fact that the virus causes contamination of property.  For instance, the City of New York's order dated March 16, 2020 states that the "virus physically is causing property loss and damage."  Orders issued in various other locations contain similar language, including Los Angeles and San Francisco.  Even without specific language in an order, it is clear that physical loss or damage from the disease was at least a substantial factor in causing these orders to be issued.  *See also Friends of Danny DeVito, et al. v. Tom Wolf, Governor,* Case No. 68 MM 2020, a p. 8, fn. 3 (Pa. Supreme Ct., April 14, 2020) ("because this pandemic spreads primarily through person to person contact, as many as 25% of those infected are asymptomatic, and the virus has an incubation period of up to fourteen days.  The virus can remain on surfaces for days and can spread through the air within confined areas and structures").**

3. Please provide any additional information you would like to have the carriers review and consider as part of your claim.

   **We note that the only potentially relevant exclusion that has been cited is the exclusion endorsement (Endorsement 4) purportedly attached to the Endurance policy entitled "Communicable or Infectious Disease Exclusion."  We do not concede that this exclusion applies to the Endurance policy.  For instance, the exclusion is attached to a policy form issued by Endurance which also contains explicit coverage by way of another endorsement for certain claims arising from Communicable Disease (Endorsement 2).  This at least creates an ambiguity as to whether the exclusion was intended to apply to preclude such coverage.  Nevertheless, if the other subscribing insurers had intended to exclude claims relating to "Communicable or Infectious Disease" they could have attempted to include an exclusion in their policies, but they did not.  This makes clear that the losses suffered by 24 Hour Fitness were explicitly intended to be covered.**

3

Exhibit 15 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment          MCL000082
Page 600 of 2921

As we receive your additional information we will forward it to the insurers for their review.   As noted previously we have no authority with respect to coverage.   All coverage determinations are reserved exclusively to the insurers.

Let me know if you have any questions.   Stay out of harm's way and enjoy the weekend.

Thanks
Mike

**Mike Allen** | McLarens
Executive General Adjuster
mike.allen@mclarens.com

180 Montgomery Street, Suite 2100
San Francisco, CA 94104 USA
**+1 415.228.6405** | office
**+1 415.595.6279** | mobile
www.mclarens.com

---

**From:** Jeremy Gottlieb <JGottlieb@24hourfit.com>
**Sent:** Monday, April 27, 2020 7:33 AM
**To:** Mike Allen <mike.allen@mclarens.com>
**Cc:** Cowart, Teresa <TCowart@lockton.com>; Karen Schaffner <kschaffner@24hourfit.com>; Jennings, Jodi (Charlotte) <JLJennings@lockton.com>
**Subject:** 24 Hour Fitness - Covid-19 Claim

Dear Mike –
I hope you and your family are safe and healthy.  I have set out below our initial responses to the questions you have asked.  Please be advised that our own analysis of this loss is ongoing, and there are a lot of things that remain in flux throughout the country.  As such, we reserve the right to amend or supplement any responses we provide.  We also continue to reserve all rights under the policy and at law.
Regards,
Jeremy

---

**From:** Mike Allen <mike.allen@mclarens.com>
**Sent:** Thursday, April 16, 2020 10:39 AM
**To:** Jeremy Gottlieb <JGottlieb@24hourfit.com>
**Cc:** Cowart, Teresa <TCowart@lockton.com>; Mike Allen <mike.allen@mclarens.com>; Karen Schaffner <kschaffner@24hourfit.com>
**Subject:** FW: 24 Hour Fitness - Covid-19 Claim

**CAUTION:** This email originated outside 24 Hour Fitness. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Jeremy:

Hope your staying out of harms way during this virus situation.

As a follow-up to our emails this morning as you know we have been requested by your property insurers to investigate the circumstances of the claim reported by 24 Hour Fitness related to the Covid-19 virus.  In my conversation with Karen

**Exhibit 15 to Plaintiff's Omnibus Appendix of Evidence in support of its**   MCL000083
**Oppositions to Defendants' Motions for Summary Judgment**

she indicated you had an incident of exposure in one of your Portland locations and shortly thereafter it was decided to close all the locations.  Below are a number of questions the answers to which will help the carriers better understand your claim.  Please answer the best you can at this point.  I know this situation will be continuing for a while.

1- I have a copy of the Statement of Values.  Are all the clubs currently closed?  If, not please confirm which locations you are claiming losses.

All clubs currently are closed and have been since March 16, 2020.  We will consider reopening clubs on a case-by-case basis when allowed by applicable authorities, and where opening such clubs can be done in compliance with any restrictions and guidelines that are enacted and when doing so would be safe for our employees and members.

2- Please specify whether you are claiming any direct physical loss or damage to the real property, personal property, stock, supplies and/or merchandise?

We believe that the inability to use our clubs and all of the property therein for their intended purpose due to the COVID-19 disease and hazards associated with groups of people gathering in locations such as our clubs, plus the fact that it should be presumed that individuals infected with COVID-19 were present at all of our locations, constitutes "direct physical loss or damage."

3- If there has been physical loss or damage please explain the nature of the damage.

See above.

4- Has there been any confirmed cases of Covid-19 at any of the properties?  If so please provide the details of the incidents and when the person was on the property.

There have been confirmed cases of individuals with COVID-19, including members and employees, at certain locations.  Information regarding the identities of these individuals is private information, and we are not sure if we can disclose that information.  We will provide general information regarding these "incidents" shortly, but please keep in mind that our claim is not dependent on any identified case of COVID-19 on our premises.  Given the nature of the disease and its presence within the community, we believe it must be presumed that all of our locations were impacted by the presence of individuals with COVID-19.

5- Have the property(s) been tested for the presence of Covid-19 Virus?  If so please confirm which ones, what was tested, by whom and the results.  Please provide copies of any reports issued on the test results.  If there were positive test results have you done any type of special cleaning?  What costs were incurred?

We are not aware of any ability to test a property for the presence of the COVID-19 virus, and all of our locations were mandated to close until further notice effective March 16, 2020.

6- Which clubs have been closed as a result of an order by civil authority.  What dates did they close?  Please provide a copy of the governmental order that effected each of the locations.

You have the list of all of our locations, and all of the civil authority orders are publicly available.  We assume that you have already compiled all such orders.  If there are any orders that you feel you are missing, please let us know and we would be happy to try and locate them for you.

7- Please confirm what would be required to resume full or partial operations.

5

It is not possible to answer this question at this time. Even in those areas where civil authority and social distancing requirements may be lifted or relaxed, it is not clear what conditions will be imposed on 24 Hour Fitness or other businesses before they can be reopened.

8- Has ingress or egress to any of the clubs been physically prevented, fully or partially. If so please provide an explanation as to how and why.

We are still investigating this item and will respond after our investigation is completed.

9- Have any suppliers been prevented from providing or receiving goods, services or information as a result of Covid-19. If so please explain.

We are still investigating this item and will respond after our investigation is completed.

10- At this point do you have an estimate of your loss for both physical damage and/or business interruption?

Our loss is ongoing, but we will provide estimates to you as soon as practicable.

11- Please provide any additional information relative to your claim.

At this time, we have no further information to provide, but we will advise on such as soon as practicable.

Jeremy, if you have any questions please let me know. The above request is not intended to be all inclusive as the need for additional information and further clarification may be necessary during the course of the claim. Note, McLarens is assisting the property insurers with investigation of the claim. All coverage determinations rest exclusively with the insurers.

Thanks for your help.

**Mike Allen** | McLarens
Executive General Adjuster
mike.allen@mclarens.com

180 Montgomery Street, Suite 2100
San Francisco, CA 94104 USA
**+1 415.228.6405** | office
**+1 415.595.6279** | mobile
www.mclarens.com

PRIVACY STATEMENT: We are required to capture and process personal information supplied to us in the fulfilment of our services. Our obligations vary depending on the jurisdiction involved. For further details as to how this information is used, kept secure and your rights, please see the relevant Privacy Statement on our website
– https://www.mclarens.com/privacy-policy/