# EXHIBIT 43



County of Sonoma
Emergency Readiness, Response and Recovery



Emergency

Home » Order of the Health Officer of the County of Sonoma C19-03

March 17, 2020 4:11 PM

# Order of the Health Officer of the County of Sonoma C19-03

Exhibit 43 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 756 of 2921

> This Sonoma County Health Order is no longer in effect. This content is provided for historical reference only.
>
> « Return to list of archived Health Orders [https://socoemergency.org/emergency/novel-coronavirus/coronavirus-health-orders-guidance-archive/] | See list of Health Orders currently in effect » [https://socoemergency.org/emergency/novel-coronavirus/health-orders/]

En español » [https://socoemergency.org/albergarse-en-su-lugar-de-residencia/]

Related video » [#video]

Read the full press release » [https://sonomacounty.ca.gov/CAO/Press-Releases/Health-Officer-Orders-County-Residents-Shelter-in-Place/]



Directing all individuals living in the County to shelter at their place of residence, except that they may leave to provide or receive certain essential services or engage in certain essential activities and work for essential businesses and governmental services; exempting individuals experiencing homelessness from the shelter in place order but urging them to find shelter and government agencies to provide it; directing all businesses and

Exhibit 43 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 757 of 2921

governmental agencies to cease non-essential operations at physical locations in the County; prohibiting all non-essential gatherings of any number of individual; and ordering cessation of all non essential travel.

DATE OF ORDER: MARCH 17, 2020

Please read this Order carefully. Violation of or failure to comply with this Order is a misdemeanor punishable by fine, imprisonment, or both. (California Health and Safety Code§ 120275, et seq.)

UNDER THE AUTHORITY OF CALIFORNIA HEALTH AND SAFETY CODE SECTIONS 101040, 101085, AND 120175, THE HEALTH OFFICER OF THE COUNTY OF SONOMA ("HEALTH OFFICER") ORDERS:

1. The intent of this Order is to ensure that the maximum number of people self-isolate in their places of residence to the maximum extent feasible, while enabling essential services to continue, to slow the spread of COVID-19 to the maximum extent possible. When people need to leave their places of residence, whether to obtain or perform vital services, or to otherwise facilitate authorized activities necessary for continuity of social and commercial life, they should at all times as reasonably possible comply with Social Distancing Requirements as defined in Section 10 below. All provisions of this Order should be interpreted to effectuate this intent. Failure to comply with any of the provisions of this Order constitutes an imminent threat to public health.

2. All individuals currently living within Sonoma County (the "County") are ordered to shelter at their place of residence. To the extent

Exhibit 43 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 758 of 2921

individuals are using shared or outdoor spaces, they must at all times as reasonably possible maintain social distancing of at least six feet from any other person when they are outside their residence. All persons may leave their residences only for Essential Activities, Essential Governmental Functions, or to operate Essential Businesses, all as defined in Section 10. Individuals experiencing homelessness are exempt from this Section, but are strongly urged to obtain shelter, and governmental and other entities are strongly urged to make such shelter available as soon as possible and to the maximum extent practicable (and to utilize Social Distancing Requirements in their operation).

3. All businesses with a facility in the County, except Essential Businesses as defined below in Section 10, are required to cease all activities at facilities located within the County except Minimum Basic Operations, as defined in Section 10. For clarity, businesses may also continue operations consisting exclusively of employees or contractors performing activities at their own residences (i.e., working from home). All Essential Businesses are strongly encouraged to remain open. To the greatest extent feasible, Essential Businesses shall comply with Social Distancing Requirements as defined in Section 10 below, including, but not limited to, when any customers are standing in line.

4. All public and private gatherings of any number of people occurring outside a household or living unit are prohibited, except for the limited purposes as expressly permitted in Section 10. Nothing in this Order prohibits the gathering of members of a household or living

Exhibit 43 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 759 of 2921

5. All travel, except Essential Travel and Essential Activities as defined below in Section 10, is prohibited. People must use public transit only for purposes of performing Essential Activities or to travel to and from work to operate Essential Businesses or maintain Essential Governmental People riding on public transit must comply with Social Distancing Requirements as defined in Section 10 below, to the greatest extent feasible. This Order allows travel into or out of the County to perform Essential Activities, operate Essential Businesses, or maintain Essential Governmental Functions.

6. This Order is issued based on evidence of increasing occurrence of COVID-19 within the County and throughout the Bay Area, scientific evidence and best practices regarding the most effective approaches to slow the transmission of communicable diseases generally and COVID-19 specifically, and evidence that the age, condition, and health of a significant portion of the population of the County places it at risk for serious health complications, including death, from COVID-19. Due to the outbreak of the COVID-19 virus in the general public, which is now a pandemic according to the World Health Organization, there is a public health emergency throughout the County. Making the problem worse, some individuals who contract the COVID-19 virus have no symptoms or have mild symptoms, which means they may not be aware they carry the virus. Because even people without symptoms can transmit the disease, and because evidence shows the disease is easily spread, gatherings can result in preventable transmission of the virus. The scientific evidence shows that at this stage of the emergency, it is essential to slow virus transmission as much as possible to protect the most vulnerable and to prevent the health care system from being overwhelmed. One proven way to slow

Exhibit 43 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 760 of 2921

the transmission is to limit interactions among people to the greatest extent practicable. By reducing the spread of the COVID-19 virus, this Order helps preserve critical and limited healthcare capacity in the County.

7. This Order also is issued in light of the existence of 6 cases of COVID-19 in the County, as of March 17, 2020, including a significant and increasing number of suspected cases of community transmission and likely further significant increases in transmission.  Widespread testing for COVID-19 is not yet available but is expected to increase in the coming days.  This Order is necessary to slow the rate of spread and the Health Officer will re-evaluate it as further data becomes available.

8. This Order is issued in accordance with, and incorporates by reference, the March 13, 2020 Order of the Health Officer No. C19-02; the March 4, 2020 Proclamation of a State of Emergency issued by Governor Gavin Newsom; the March 2, 2020 Proclamation of Local Emergency for the County of Sonoma issued by the Director of Emergency Services Declaring the Existence of a Local Emergency in the County Regarding Novel Coronavirus 2019 (COVID-19); the Declaration of Local Health Emergency Regarding Novel Coronavirus 2019 (COVID-19) issued by the Health Officer; the March 4, 2020 Resolution of the Board of Supervisors of the County of Sonoma Ratifying and Extending the Declaration of a Local Health Emergency, and the March 4, 2020 Resolution of the Board of Supervisors of the County of Sonoma Ratifying and Extending the Proclamation of a Local Emergency.

Exhibit 43 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 761 of 2921

9. This Order comes after the release of substantial guidance from the County Health Officer, the Centers for Disease Control and Prevention, the California Department of Public Health, and other public health officials throughout the United States and around the world, including a variety of prior orders to combat the spread and harms of COVID-19. The Health Officer will continue to assess the quickly evolving situation and may modify or extend this Order, or issue additional Orders, related to COVID-19.

0. Definitions and Exemptions.
    a. For purposes of this Order, individuals may leave their residence only to perform any of the following "Essential Activities." But people at high risk of severe illness from COVID-19 and people who are sick are urged to stay in their residence to the extent possible except as necessary to seek medical care. For purposes of this Order, "people at high risk of severe illness from COVID-19" are people who meet the CDC definition of higher risk. https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/high-risk-complications.html
        i. To engage in activities or perform tasks essential to their health and safety, or to the health and safety of their family or household members (including, but not limited to, pets), such as, by way of example only and without limitation, obtaining medical supplies or medication, visiting a health care professional, or obtaining supplies they need to work from home.
        ii. To obtain necessary services or supplies for themselves and their family, household members, and pets, or to deliver those

Exhibit 43 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 762 of 2921

      services or supplies to others, such as, by way of example only and without limitation, canned food, dry goods, fresh fruits and vegetables, pet food and supply, fresh meats, fish, and poultry, and any other household consumer products, and products necessary to maintain the safety, sanitation, and essential operation of residences.

  iii. To engage in outdoor activity, provided the individuals comply with Social Distancing Requirements as defined in this Section, such as, by way of example and without limitation, walking, hiking, biking, or running.

  iv. To perform work providing essential products and services at an Essential Business or to otherwise carry out activities specifically permitted in this Order, including Minimum Basic Operations.

  v. To care for a family member or pet in another household.

b. For purposes of this Order, individuals may leave their residence to work for or obtain services at any "Healthcare Operations" including hospitals, clinics, dentists, pharmacies, licensed cannabis businesses, pharmaceutical and biotechnology companies, other healthcare facilities, healthcare suppliers, home healthcare services providers, mental health providers, or any related and/or ancillary healthcare services. "Healthcare Operations" also includes veterinary care and all healthcare services provided to animals. This exemption shall be construed broadly to avoid any impacts to the delivery of healthcare, broadly defined. "Healthcare Operations" does not include fitness and exercise gyms and similar. Licensed cannabis retail facilities/dispensaries shall

operate only for the purpose of providing medical cannabis, and only via curbside pickup or delivery.

c. For purposes of this Order, individuals may leave their residence to provide any services or perform any work necessary to the operations and maintenance of "Essential Infrastructure," including, but not limited to, public works construction, construction of housing (in particular affordable housing or housing for individuals experiencing homelessness), airport operations, water, sewer, gas, electrical, oil refining, roads and highways, public transportation , solid waste collection and removal, internet, and telecommunications systems (including the provision of essential global, national, and local infrastructure for computing services, business infrastructure, communications, and web-based services), provided that they can carry out those services or that work in compliance with Social Distancing Requirements as defined this Section, to the extent possible.

d. For purposes of this Order, all first responders, emergency management personnel, emergency dispatchers, court personnel, and law enforcement personnel, and others who need to perform essential services are categorically exempt from this Order. Further, nothing in this Order shall prohibit any individual from performing or accessing "Essential Governmental Functions," as determined by the governmental entity performing those functions. Each governmental entity shall identify and designate appropriate employees or contractors to continue providing and carrying out any Essential Governmental Functions. All Essential Governmental Functions shall be performed in compliance with

Exhibit 43 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 764 of 2921

Social Distancing Requirements as defined in this Section, to the extent possible.

e. For the purposes of this Order, covered businesses include any for-profit, non profit, or educational entities, regardless of the nature of the service, the function they perform, or its corporate or entity structure.

f. For the purposes of this Order, "Essential Businesses" means:

　i. Healthcare Operations and Essential Infrastructure;

　ii. Grocery stores, certified farmers' markets, farm and produce stands, supermarkets, food banks, convenience stores, and other establishments engaged in the retail sale of canned food, dry goods, fresh fruits and vegetables, pet food and supply, fresh meats, fish, and poultry, and any other household consumer products (such as cleaning and personal care products). This includes stores that sell groceries and also sell other non grocery products, and products necessary to maintaining the safety, sanitation, and essential operation of residences. Farmer's markets shall comply with CDPH Guidance regarding Retail Food, Beverage, and Other Related Service Venues issued March 16, 2020;

　iii. Agriculture, food, and beverage cultivation, processing, and distribution, including but not limited to, farming, ranching, fishing, dairies, creameries, wineries and breweries in order to preserve inventory and production (not for retail business);

　iv. Businesses that are necessary to supply agriculture, food, and beverage cultivation, processing, and distribution;

Exhibit 43 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 765 of 2921

- v. Businesses that provide food, shelter, and social services, and other necessities of life for economically disadvantaged or otherwise needy individuals;
- vi. Newspapers, television, radio, and other media services;
- vii. Gas stations and auto-supply, auto-repair, and related facilities;
- viii. Banks and related financial institutions;
- ix. Hardware stores;
- x. Plumbers, electricians, exterminators, and other service providers who provide services that are necessary to maintaining the safety, sanitation, and essential operation of residences, Essential Activities, and Essential Businesses;
- xi. Businesses providing mailing and shipping services, including post office boxes;
- xii. Educational institutions – including public and private K-12 schools, colleges, and universities-for purposes of facilitating distance learning or performing essential functions, provided that social distancing of six-feet per person is maintained to the greatest extent possible;
- xiii. Laundromats, dry cleaners, and laundry service providers;
- xiv. Restaurants and other facilities that prepare and serve food, but only for drive-thru, delivery, or carry out. Schools and other entities that typically provide free food services to students or members of the public may continue to do so under this Order on the condition that the food is provided to students or members of the public on a pick-up and take-away

Exhibit 43 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 766 of 2921

basis only. Schools and other entities that provide food services under this exemption shall not permit the food to be eaten at the site where it is provided, or at any other gathering site. Food trucks shall comply with CDPH Guidance regarding Retail Food, Beverage, and Other Related Service Venues issued March 16, 2020;

xv. Businesses that supply products needed for people to work from home;

xvi. Businesses that supply other essential businesses with the support or supplies necessary to operate;

xvii. Businesses that ship or deliver groceries, food, goods or services directly to residences;

xviii. Airlines, taxis, and other private transportation providers providing transportation services necessary for Essential Activities and other purposes expressly authorized in this Order;

xix. Home-based care for seniors, adults, or children;

xx. Residential facilities and shelters for seniors, adults, and children;

xxi. Professional services, such as legal or accounting services, when necessary to assist in compliance with legally mandated activities;

xxii. Childcare facilities providing services that enable employees exempted in this Order to work as permitted. Childcare facilities must operate under the following mandatory conditions:

Exhibit 43 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 767 of 2921

   a. Childcare must be carried out in stable groups of 12 or fewer ("stable" means that the same 12 or fewer children are in the same group each day).

   b. Children shall not change from one group to another.

   c. If more than one group of children is cared for at one facility, each group shall be in a separate room. Groups shall not mix with each other.

   d. Childcare providers shall remain solely with one group of children.

g. For the purposes of this Order, "Minimum Basic Operations" include the following, provided that employees comply with Social Distancing Requirements as defined in this Section, to the extent possible, while carrying out such operations:

   i. The minimum necessary activities to maintain the value of the business's inventory, ensure security, process payroll and employee benefits, or for related functions.

   ii. The minimum necessary activities to facilitate employees of the business being able to continue to work remotely from their residences.

h. For the purposes of this Order, "Essential Travel" includes travel for any of the following purposes. Individuals engaged in any Essential Travel must comply with all Social Distancing Requirements as defined in this Section

   i. Any travel related to the provision of or access to Essential Activities, Essential Governmental Functions, Essential Businesses, or Minimum Basic Operations.

Exhibit 43 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 768 of 2921

    ii. Travel to care for elderly, minors, dependents, persons with disabilities, or other vulnerable persons.

    iii. Travel to or from educational institutions for purposes of receiving materials for distance learning, for receiving meals, and any other related services.

    iv. Travel to return to a place of residence from outside the jurisdiction.

    v. Travel required by law enforcement or court order

    vi. Travel required for non-residents to return to their place of residence outside the County. Individuals are strongly encouraged to verify that their transportation out of the County remains available and functional prior to commencing such travel.

i. For purposes of this Order, residences include hotels, motels, shared rental units, shelters, and similar facilities.

j. For purposes of this Order, "Social Distancing Requirements" includes maintaining at least six-foot social distancing from other individuals, washing hands with soap and water for at least twenty seconds as frequently as possible or using hand sanitizer, covering coughs or sneezes (into the sleeve or elbow, not hands), regularly cleaning high-touch surfaces, and not shaking hands.

k. To the extent the Sheriff or any chief of police has any questions regarding the definitions under this Order, the Health Officer hereby delegates authority to the County Counsel to answer such questions in writing.

Exhibit 43 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 769 of 2921

1. Pursuant to Government Code sections 26602 and 41601 and Health and Safety Code section 101029, the Health Officer requests that the Sheriff and all chiefs of police in the County ensure compliance with and enforce this Order. The violation of any provision of this Order constitutes an imminent threat to public health.

2. The County is ordered to establish an Emergency Operations Center, implement all emergency protective orders, implement all health officer orders, and implement the County's pandemic response.

3. This Order shall become effective at 12:00 a.m. on March 18, 2020 and will continue to be in effect until 11:59 p.m. on April 7, 2020, or until it is extended, rescinded, superseded, or amended in writing by the Health Officer.

4. This Order revokes and replaces the Order of the Health Officer (Cl9-01) originally issued on March 13, 2020. That order is no longer in effect as of the effective date and time of this Order per section 13 above.

5. Copies of this Order shall promptly be: (1) made available at the County Administration Center at 575 Administration Drive, Santa Rosa CA 95403; (2) posted on the County Public Health Department website (https://sonomacounty.ca.gov/Health/Public-Health/); and (3) provided to any member of the public requesting a copy of this Order.

6. If any provision of this Order to the application thereof to any person or circumstance is held to be invalid, the remainder of the Order, including the application of such part or provision to other persons or circumstances, shall not be affected and shall continue in full force and effect. To this end, the provisions of this Order are severable.

Exhibit 43 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 770 of 2921

It is so ordered:

Signed by Dr. Sundari R. Mase MD MPH, Health Officer of Sonoma County
Dated: March 17, 2020

# Video

March 18, 2020 – Sonoma County Interim Health Officer Dr. Sundari Mase speaks on the "shelter-in-place" order issued by the County in order to prevent the spread of the coronavirus.

COVID 19 Shelter in Place 3 18 2020



Exhibit 43 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 771 of 2921