# EXHIBIT 67



# "STAY AT HOME" PUBLIC HEALTH ORDER

March 25, 2020

Pursuant to Colo. Rev. Stat. §§25-1-506, 508, 509, and 516, the Tri-County Health Department ("TCHD") hereby issues this Public Health Order setting forth guidance and requirements for all persons and entities within its jurisdiction so as to control and slow the spread of the SARS-CoV-2 virus ("coronavirus") and to mitigate the effects of the disease resulting therefrom (the coronavirus and the disease resulting therefrom shall be referred to herein as "COVID-19"). The ultimate goal of this Order shall be to control and reduce the spread of COVID-19, so as to maintain consistent healthcare capacity in TCHD jurisdiction to adequately treat patients suffering from the disease.

## I. DECLARATIONS

Whereas, TCHD has public health jurisdiction over Adams, Arapahoe, and Douglas Counties. In furtherance of its jurisdiction, TCHD has the power and duty to investigate and control the causes of epidemic or communicable diseases and conditions affecting the public health within its jurisdiction, as well as the power and duty to close schools and public places and to prohibit gatherings of people when necessary to protect public health, and to establish, maintain, and enforce isolation and quarantine, and in pursuance thereof, to exercise physical control over property and over persons with TCHD's jurisdiction as it may find necessary for the protection of public health.

Whereas, on March 10, 2020, the Governor of Colorado ("Governor") declared a State of Emergency related to the presence of COVID-19 in the State of Colorado. The Colorado Department of Public Health and Environment ("CDPHE") and TCHD have confirmed that COVID-19 continues to spread throughout the State of Colorado, including Adams, Arapahoe, and Douglas Counties.

Whereas, on March 12, 2020, Adams County declared a State of Emergency related to COVID-19. On March 13, 2020, Arapahoe County declared a State of Emergency related to COVID-19. On March 13, 2020, Douglas County declared a State of Emergency related to COVID-19.

Whereas, on March 13, 2020, the President of the United States declared a National State of Emergency related to COVID-19.

Serving Adams, Arapahoe and Douglas Counties ▼ John M. Douglas, Jr., M.D., Executive Director ▼
www.tchd.org 6162 South Willow Drive, Suite 100 ▼ Greenwood Village, CO 80111-5114 ▼ 303-220-9200

Exhibit 67 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

Page 987 of 2921

Whereas, during the month of March 2020, the Governor has issued a series of Executive Orders in an effort to control and slow the spread of COVID-19 and to mitigate the effects of the virus, including Executive Order Nos. D-2020-003, D-2020-004, D-2020-006, D-2020-007, D-2020-009, D-2020-011, and D-2020-013.

Whereas, during the month of March 2020, the CDPHE has issued a series of Public Health Orders in an effort to control and slow the spread of COVID-19 and to mitigate the effects of the virus, including Public Health Order Nos. 20-20, 20-22, 20-22 (Amended), 20-22 (Updated), 20-23, 20-23 (Amended), and 20-24.

Whereas, the age, condition, and health of a significant portion of the population in TCHD's jurisdiction places them at risk of serious health complications, including death, from COVID-19.  Although most individuals who contract COVID-19 do not become seriously ill, persons with mild symptoms and asymptomatic persons with COVID-19 may place other vulnerable members of the public at significant risk.  A large surge in the number of persons with serious infections can compromise the ability of the healthcare system to deliver consistent and necessary healthcare to the public.  Colorado is experiencing a rapid increase in COVID-19 transmission and it is threatening the health of residents and threatening to overwhelm the healthcare system in the State of Colorado, including within TCHD's jurisdiction.

Whereas, the guidance and requirements set forth in this Order will serve to decrease the risk of COVID-19 transmission to our most vulnerable populations, and is especially important for people who are over 60 years of age and those with chronic health conditions due to their higher risk of severe illness and death from COVID-19. This Order will reduce the likelihood that many individuals will be exposed to COVID-19 and will therefore help slow the spread of COVID-19 in our communities.

Whereas, immediate issuance of this Order is necessary for the preservation of public health, safety, and welfare and to prevent the spread of COVID-19.  This Order shall apply to all areas within TCHD's jurisdiction.

## II.  NECESSITY OF THIS ORDER

This Order is issued based on evidence of increasing occurrence of COVID-19 within TCHD's jurisdiction, scientific evidence and best practices regarding the most effective approaches to slow the transmission of communicable diseases generally and COVID-19 specifically, and evidence that the age, condition, and health of a significant portion of the population within TCHD's jurisdiction places said population at risk for serious health complications, including death, from COVID-19.  Due to the outbreak of COVID-19 in the general public, which is now a pandemic according to the World Health Organization, there is a public health emergency throughout the State of Colorado, including the areas within TCHD's jurisdiction.

The dangers of COVID-19 are exacerbated because some individuals who contract the virus have no symptoms or have mild symptoms, which means they may not be aware they carry the virus.  Because even people without symptoms can transmit the disease, and because evidence shows the disease is easily spread, gatherings can result in preventable transmission of the virus.

Serving Adams, Arapahoe and Douglas Counties ▼ John M. Douglas, Jr., M.D., Executive Director ▼ www.tchd.org
6162 South Willow Drive, Suite 100 ▼ Greenwood Village, CO 80111-5114 ▼ 303-220-9200

Exhibit 67 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 988 of 2921

Page 3

The scientific evidence shows that at this stage of the emergency, it is essential to slow virus transmission as much as possible to protect the most vulnerable and to prevent the health care system from being overwhelmed. One proven way to slow the transmission is to limit interactions among people to the greatest extent practicable. By reducing the rate of potential transmission of COVID-19, this Order helps preserve critical and limited healthcare capacity in TCHD's jurisdiction.

This Order also is issued in light of the existence of 150 confirmed cases of COVID-19 in TCHD's jurisdiction and at least zero deaths resulting from the virus, as well as at least 912 confirmed cases and at least 11 deaths in the State of Colorado as of March 24, 2020, including a significant and increasing number of suspected cases of community transmission and likely further significant increases in transmission. Widespread testing for COVID-19 is not yet available but is expected to increase in the coming weeks. This Order is necessary to slow the rate of potential transmission of COVID-19, and the Executive Director of TCHD, in collaboration with the TCHD Board of Health, will re-evaluate this Order as further data becomes available.

### III. INTENT

The intent of this Order is to ensure that the maximum number of people self-isolate in their places of residence to the maximum extent feasible to slow the rate of potential transmission of COVID-19 to the greatest extent possible, while enabling the continuation of essential services, businesses and travel necessary to protect public health and safety, and for the continuity of social and commercial life.

When people need to leave their places of residence, whether to obtain or perform vital services, or to otherwise facilitate authorized activities necessary for continuity of social and commercial life, they should at all times reasonably comply with Social Distancing Requirements as defined below. All provisions of this Order should be interpreted to effectuate this intent. Failure to comply with any of the provisions of this Order constitutes an imminent threat to the public health, safety, and welfare of the population residing, working or traveling in Adams, Arapahoe and/or Douglas counties.

### IV. ORDER

Hereby finding it is essential that the COVID-19 virus be slowed to protect the ability of public and private health care providers to handle the influx of new patients and safeguard public health, and because the risk of the rapid spread necessitates immediate action to protect all members of the community, especially including our members most vulnerable to COVID-19 and also health care providers, this Order requires all individuals anywhere within TCHD's jurisdiction to <u>stay at home</u> – except for certain essential activities and work to provide essential business and government services or perform essential public infrastructure construction, including housing.

Consistent with the statements in Sections I, II, and III above, with guidance from the US Centers for Disease Control and the CDPHE, and pursuant to the statutory authority granted the Executive Director of TCHD, the following is ordered:
1. All individuals currently living within the Counties of Adams, Arapahoe and Douglas ("TCHD jurisdiction") are ordered to <u>stay at their place of residence</u>. To the extent

Serving Adams, Arapahoe and Douglas Counties ▼ John M. Douglas, Jr., M.D., Executive Director ▼ www.tchd.org
6162 South Willow Drive, Suite 100 ▼ Greenwood Village, CO 80111-5114 ▼ 303-220-9200

Exhibit 67 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 989 of 2921

Page 4

individuals are using shared or outdoor spaces, they must at all times, as reasonably possible, maintain social distancing of at least six feet from any other person when they are outside their residence. All persons may leave their residences only for Essential Activities, Essential Governmental Functions, or to operate Essential Businesses, all as defined in Paragraph 5 below. Individuals experiencing homelessness are exempt from this section, but are strongly urged to obtain shelter, and governmental and other entities are strongly urged to make such shelter available as soon as possible and to the maximum extent practicable (and to use COVID-19 risk mitigation practices in their operation).

2. <u>All businesses with a facility in the TCHD jurisdiction</u>, except Essential Businesses as defined below in Paragraph 5, <u>are required to cease all activities</u> at facilities located within TCHD jurisdiction, except <u>Minimum Basic Operations</u>, as defined in Paragraph 5. For clarity, businesses may also continue operations consisting exclusively of employees or contractors performing activities at their own residences (e.g., working from home). <u>All Essential Businesses are asked to remain open</u>. To the greatest extent feasible, Essential Businesses shall comply with Social Distancing Requirements as defined in Paragraph 5 below, including the maintainance of six-foot social distancing for both employees and members of the public, including, but not limited to, when any customer is standing in line.

3. All <u>public and private gatherings of any number of people</u> occurring outside a single household or living unit are prohibited, except for the limited purposes as expressly permitted in Paragraph 5. Nothing in this Order prohibits the gathering of members of a household or living unit.

4. <u>All travel</u>, including but not limited to, travel on scooter, motorcycle, automobile, public transit, or any other public or private mode of travel, except Essential Travel and Essential Activities as defined below in Paragraph 5, is prohibited. Persons may use public transit only for purposes of performing Essential Activities or to travel to and from work to operate Essential Businesses, perform Minimum Basic Operations, or maintain Essential Governmental Functions. People riding on public transit must comply with Social Distancing Requirements as defined in Paragraph 5 below, to the greatest extent feasible. This Order allows travel into or out of TCHD's jurisdiction to perform Essential Activities, operate Essential Businesses, or maintain Essential Governmental Functions.

5. <u>Definitions and Exemptions</u>.

    a. **Essential Activities.** For purposes of this Order, individuals may leave their residence only to perform any of the following "Essential Activities." However, persons at high risk of severe illness from COVID-19 and people who are sick are urged to stay in their residence to the extent possible except as necessary to seek medical care. Essential Activities means:

    i.    To engage in activities or perform tasks essential to a person's health and safety, or to the health and safety of their family or household members (including, but not limited to, pets), such as, by way of example only and without limitation,

Serving Adams, Arapahoe and Douglas Counties ▼ John M. Douglas, Jr., M.D., Executive Director ▼ www.tchd.org
6162 South Willow Drive, Suite 100 ▼ Greenwood Village, CO 80111-5114 ▼ 303-220-9200

Exhibit 67 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 990 of 2921

      obtaining medical supplies or medication, visiting a health care professional, or obtaining supplies they need to work from home.

      ii.      To obtain necessary services or supplies for persons and their family or household members, or to deliver those services or supplies to others, such as, by way of example only and without limitation, canned food, dry goods, fresh fruits and vegetables, pet supply, fresh meats, fish, and poultry, and any other household consumer products, and products necessary to maintain the safety, sanitation, and essential operation of residences.

      iii.      To engage in outdoor activity individually or in groups of no more than 4 persons, provided each individual complies with Social Distancing Requirements as defined in this Paragraph 5, such as, by way of example and without limitation, walking, hiking, biking or running. Social distanicng requirements for outdoor activity apply to those people from different households. For purposes of outdoor activity, public parks within TCHD's jurisdiction should remain open to the public to engage in walking, hiking, biking, running, and similar outdoor activities but all playgrounds, golf courses, tennis courts, basketball courts, picnic areas, and other similar areas conducive to public gathering shall be closed.

      iv.      To perform work providing essential products and services at the site of an Essential Business or to otherwise carry out activities specifically permitted in this Order, including Minimum Basic Operations.

      v.      To care for a family member, friend, or pet in another household.

      vi.      To relocate a household from one residence to another.

b. **<u>Healthcare Operations.</u>**  For purposes of this Order, individuals may leave their residence to work for or obtain services at any "Healthcare Operations" including, but not limited to:

      i.      Hospitals, clinics, and walk-in health facilities
      ii.      Medical and dental care, including dentists and ambulatory providers
      iii.      Research and laboratory services
      iv.      Medical wholesale and distribution
      v.      Home health care companies, workers, and aides
      vi.      Pharmacies
      vii.      Pharmaceutical and biotechnology companies
      viii.      Behavioral health care providers
      ix.      Nursing homes, residential health care, or congregate care facilities
      x.      Medical supplies and equipment manufacturers and providers, or any related and/or ancillary healthcare services
      xi.      Veterinary care, livestock services, and all healthcare services provided to animals
      xii.      Animal shelters and pet boarding services

Serving Adams, Arapahoe and Douglas Counties ▼ John M. Douglas, Jr., M.D., Executive Director ▼ www.tchd.org
6162 South Willow Drive, Suite 100 ▼ Greenwood Village, CO 80111-5114 ▼ 303-220-9200

Exhibit 67 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 991 of 2921

    xiii.    This exemption shall be construed broadly to avoid any impacts to the delivery of healthcare

    xiv.    "Healthcare Operations" does not include health clubs, fitness and exercise gyms, and similar facilities

c. **Essential Infrastructure.** For purposes of this Order, individuals may leave their residence to provide any services or perform any work necessary to the operations and maintenance of "Essential Infrastructure," including, but not limited to:

    i.    Utilities, including power generation, fuel supply, and transmission
    ii.    Water, sewer, gas, and electrical services
    iii.    Public works construction
    iv.    Contruction operations and projects, including commercial and residential construction (especially affordable housing or housing for individuals experiencing homelessness), construction for public infrastructure and facilities, and renovation or restoration construction services
    v.    Construction necessary to support or maintain the operation of any Essential Business operations or Essential Government Functions
    vi.    Skilled trades such as electricians and plumbers
    vii.    Other related firms and professionals who provide services, including janitorial services and private security services, necessary to maintain the safety, sanitation, and essential operation of residences and commercial or public buildings, Healthcare Operations, Essential Infrastructure, Essential Government Functions, and Essential Businesses
    viii.    Airport operations (including passenger and cargo operations and services)
    ix.    Oil refining, oil and gas operations
    x.    Roads and highways
    xi.    Public transportation
    xii.    Solid waste collection and removal, including recycling and composting
    xiii.    Internet and telecommunications systems, including the provision of essential global, national, and local infrastructure for computing services, business infrastructure, communications, cable and web-based services

d. **Essential Governmental Functions.** For purposes of this Order, personnel working for or to support Essential Businesses are categorically exempt from this Order and nothing in this Order shall prohibit any individual from performing or accessing "Essential Governmental Functions," which means all services needed to ensure the continuing operation of the government agencies and departments, and/or provide for the health, safety, transportation, and welfare of the public. Therefore, individuals may leave their residence to provide, operate, and support "Essential Governmental Functions," including, but not limited to:

    i.    Public safety personnel
    ii.    Law enforcement
    iii.    Human Services
    iv.    Fire prevention and response
    v.    Building code enforcement

Serving Adams, Arapahoe and Douglas Counties ▼ John M. Douglas, Jr., M.D., Executive Director ▼ www.tchd.org
6162 South Willow Drive, Suite 100 ▼ Greenwood Village, CO 80111-5114 ▼ 303-220-9200

Exhibit 67 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 992 of 2921

Page 7

      vi. Security personnel
      vii. Emergency management and response
      viii. Emergency dispatchers
      ix. Court personnel
      x. Military personnel
      xi. Colorado State Legislature
      xii. Colorado state, county, and municipal courts
      xiii. City Councils and Boards of County Commissioners
      xiv. City and County Attorneys Office, District Attorneys Office
      xv. Other governmental boards, commissions, and quasi-judicial proceedings
      xvi. Public health personnel including state and local public health agencies, Boards of Health, and its contractors and legal counsel
      xvii. All Essential Governmental Functions shall be performed in compliance with Social Distancing Requirements as defined this Paragraph, to the extent possible.

e. For the purposes of this Order, covered businesses include any for-profit, non-profit, or educational entities, regardless of the nature of the service, the function they perform, or its corporate or entity structure.

f. **Essential Businesses.** For the purposes of this Order, individuals may leave their residence to work for or obtain services at any "Essential Businesses," which for purposes of this Order means:

      i. Healthcare Operations and Essential Infrastructure;
      ii. Grocery stores, certified farmers' markets, farm and produce stands, supermarkets, food banks, convenience stores, licensed liquor stores, licensed marijuana dispensaries (both medical and recreational), and other establishments engaged in the retail sale of canned food, dry goods, fresh fruits and vegetables, pet supply, fresh meats, fish, and poultry, and any other household consumer products (such as cleaning and personal care products).  This includes stores that sell groceries and also sell other non-grocery products, and products necessary to maintaining the safety, sanitation, and essential operation of residences. Business exempt under this provision are urged to implement delivery or curb side sales to minimize in store gatherings;
      iii. Food and plant cultivation, including farming, livestock, and fishing;
      iv. Businesses that provide food, shelter, and social services, and other necessities of life for economically disadvantaged or otherwise needy individuals;
      v. Newspapers, television, radio, and other media services;
      vi. Gas stations and auto-supply, auto-repair, bicycle supply, bicycle repair, and related facilities;
      vii. Banks and related financial institutions;
      viii. Hardware stores;
      ix. Licensed gun and ammunition retailers;

Serving Adams, Arapahoe and Douglas Counties ▼ John M. Douglas, Jr., M.D., Executive Director ▼ www.tchd.org
6162 South Willow Drive, Suite 100 ▼ Greenwood Village, CO 80111-5114 ▼ 303-220-9200
Exhibit 67 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 993 of 2921

- x. Plumbers, electricians, exterminators, landscapers, and other service providers who provide services that are necessary to maintaining the safety, sanitation, and essential operation of residences, Healthcare Operations, Essential Infrastructure, Essential Government Functions, and Essential Businesses;
- xi. Businesses providing mailing and shipping services, including post office boxes;
- xii. Educational institutions—including public and private K-12 schools, colleges, and universities—for purposes of facilitating distance learning or performing essential functions, provided that social distancing of six-feet per person is maintained to the greatest extent possible;
- xiii. Laundromats, dry cleaners, and laundry service providers;
- xiv. Licensed restaurants and other facilities that prepare and serve food, but only for delivery, take out or drive thru as specified in the CDPHE Public Health Order No. 20-22, as amended and updated. Schools and other entities that typically provide free food services to students or members of the public may continue to do so under this Order on the condition that the food is provided to students or members of the public on a pick-up and take-away basis only. Restaurants and other facilities that prepare and serve food or beverages at airports may provide on-site dining, but must comply with Social Distancing Requirements. Except for employees and volunteers who must eat meals during their work shift, schools and other entities that provide food services under this exemption shall not permit the food to be eaten at the site where it is provided, or at any other gathering site;
- xv. Businesses that supply products needed for people to work and learn from home, including technology suppliers providing hardware or software essential for communication or connectedness.
- xvi. Businesses that supply other essential businesses, essential infrastructure or essential government operations with the support or supplies necessary to operate;
- xvii. Businesses that ship or deliver groceries, food, goods or services directly to consumers;
- xviii. Airlines, taxis, other private transportation providers, and transportation support providing transportation services necessary for Essential Activities and other purposes expressly authorized in this Order;
- xix. Home-based care for seniors, adults, or children. Nanny and babysitting services shall not be permitted under this Order unless the nanny or babysitter (1) resides in the home of the senior, adult, or children for whom they care providing care, (2) provides medical care to the senior, adult, or children, or (3) is providing care in order to allow parents or guardians of a senior, adult or children to work;
- xx. Mortuaries;
- xxi. Residential facilities and shelters for seniors, adults, and children, including hotels, motels, and short-term rentals;
- xxii. Professional services, such as legal, insurance, title companies, or accounting services, real estate appraisals and transactions;

Serving Adams, Arapahoe and Douglas Counties ▼ John M. Douglas, Jr., M.D., Executive Director ▼ www.tchd.org
6162 South Willow Drive, Suite 100 ▼ Greenwood Village, CO 80111-5114 ▼ 303-220-9200

Exhibit 67 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 994 of 2921

    xxiii. Indoor/outdoor malls are closed except to the extent that they must remain open to allow operation of and access to Essential businesses;

    xxiv. Faith-based establishments and houses of worship, including but not limited to, churches, synagogues, chapels, and mosques; however, these institutions are allowed no more than 10 persons at a time and must maintain the Social Distancing requirements set forth in paragraph 5 (j) below. These institutions are strongly encouraged to implement an electronic platform for services;

    xxv. Childcare facilities providing services that enable employees exempted in this Order to work as permitted. To the extent possible, and in accordance with existing law, childcare facilities must operate under the following mandatory conditions:

        1. Childcare must be carried out in stable groups of 10 or fewer ("stable" means that the same 10 or fewer children are in the same group each day).
        2. Children shall not change from one group to another.
        3. If more than one group of children is cared for at one facility, each group shall be in a separate room. Groups shall not mix with each other.
        4. Childcare providers shall remain solely with one group of children.

    xxvi. Businesses identified as essential critical infrustructure workforce by the federal government and or the department of homeland security.

g. **Minimum Basic Operations.** For the purposes of this Order, "Minimum Basic Operations" include the following activities, so long as employees comply with Social Distancing Requirements as defined this Section, to the extent possible, while carrying out such operations:

    i. The minimum necessary activities to maintain the value of the business's inventory, ensure security, sanitation, process payroll and employee benefits, or for related functions.

    ii. The minimum necessary activities to facilitate employees of the business being able to continue to work remotely from their residences.

    iii. The minimum necessary activities to facilitate employees of the business being able to continue filling online product orders and to process customer orders remotely.

h. **Essential Travel.** For the purposes of this Order, "Essential Travel" includes travel for any of the following purposes. Individuals engaged in any Essential Travel must comply with all Social Distancing Requirements as defined in this Section.

    i. Any travel related to the provision of or access to Essential Activities, Essential Governmental Functions, Essential Businesses, or Minimum Basic Operations.

    ii. Travel to care for elderly, minors, dependents, persons with disabilities, or other vulnerable persons.

Serving Adams, Arapahoe and Douglas Counties ▼ John M. Douglas, Jr., M.D., Executive Director ▼ www.tchd.org
6162 South Willow Drive, Suite 100 ▼ Greenwood Village, CO 80111-5114 ▼ 303-220-9200
Exhibit 67 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 995 of 2921

      iii.    Travel to or from educational institutions for purposes of receiving materials for distance learning, for receiving meals, and any other related services.

      iv.    Travel to return to a place of residence from outside the TCHD Jurisdiction.

      v.    Travel required by law enforcement or court order.

      vi.    Travel required for non-residents to return to their place of residence outside TCHD's Jurisdicton. Individuals are strongly encouraged to verify that their transportation out of the jurisdiction remains available and functional prior to commencing such travel.

i. **Residence.** For purposes of this Order, residences include hotels, motels, shared rental units, and similar facilities.

j. **Social Distancing Requirements.** For purposes of this Order, Social Distancing Requirements includes all of the following: (1) Maintaining at least six-foot social distancing from other individuals; (2) washing hands with soap and water for at least twenty seconds as frequently as possible or using hand sanitizer when hand-sinks are not available; (3) covering coughs or sneezes (into the sleeve or elbow, not hands); (4) regularly cleaning high-touch surfaces; and (5) not shaking hands.

## V. GENERAL INFORMATION FOR ALL PERSONS AFFECTED BY THIS ORDER

If you have questions regarding this Order, please contact the TCHD Call Center at 303-220-9200 or view the COVID-19 information on TCHD's website at www.tchd.org.

It is unlawful for any person to willfully violate, disobey, or disregard this Order. Any person who does so may be guilty of a class 1 misdemeanor and, upon conviction thereof, may be punished by a fine of up to $5,000.00 and imprisonment in a county jail for up to eighteen months, per Colo. Rev. Stat. §§25-1-516 and 18-1.3-501. In addition, if you do not follow this Order, TCHD may seek a court order in Colorado state district court to enforce this Order and/or to restrain or enjoin any violation of this Order. If you do not comply with this Order pending the district court's decision, you may be subject to arrest and involuntary compliance.

Any person aggrieved or affected by this Order is entitled to Colorado state district court judicial review of this Order pursuant to and in accordance with Colo. Rev. Stat. §25-1-515. However, the aggrieved person must continue to obey the terms of this Order while his, her, or their request for judicial review is pending. If judicial review is sought, the aggrieved or affected person has the right to be represented by counsel and, upon request and qualification therefor, counsel shall be provided to the person. Such judicial proceedings shall be closed to the public and confidential.

**This Order is in effect at 8:00 a.m. MST on March 26, 2020 and shall expire at 11:59 p.m. MST on April 17, 2020, unless TCHD determines it is in the interest of public health for this Order to be extended, rescinded, superseded, or amended.**

Serving Adams, Arapahoe and Douglas Counties ▼ John M. Douglas, Jr., M.D., Executive Director ▼ www.tchd.org
6162 South Willow Drive, Suite 100 ▼ Greenwood Village, CO 80111-5114 ▼ 303-220-9200

Exhibit 67 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 996 of 2921

**DONE AND SIGNED**, as the official Order of the Medical Director and Public Health Officer ("Executive Director"), of the Tri-County Health Department on this <u>25th</u> day of March, 2020, at the authorization and direction of the TCHD Board of Health.

          TRI-COUNTY HEALTH DEPARTMENT

By:    John M. Douglas, Jr., M.D.,
        Executive Director
        Tri-County Health Department

By: *Jennifer L. Ludwig*
      Jennifer Ludwig, M.S.
      Deputy Director
      Tri-County Health Department
      On behalf of and with the approval
      of the Executive Director

Serving Adams, Arapahoe and Douglas Counties ▼ John M. Douglas, Jr., M.D., Executive Director ▼ www.tchd.org
6162 South Willow Drive, Suite 100 ▼ Greenwood Village, CO 80111-5114 ▼ 303-220-9200

Exhibit 67 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 997 of 2921