# EXHIBIT 68

PUBLIC HEALTH ORDER REQUIRING SOCIAL DISTANCING AND ENCOURAGING ALL BROOMFIELD RESIDENTS TO STAY AT HOME

ORDER NO. 2020-01

The City and County of Broomfield is working to stop the spread of coronavirus 2019 (COVID-19).  Pursuant to Colo. Rev. Stat. §§ 25-1-506, 508, 509, 516, and section 8-16-020 of the Broomfield Municipal Code, and other applicable authority, this Order sets forth guidance and requirements for social distancing and staying at home when possible as well as limitations on group gatherings to slow the spread of COVID-19.

## I. DECLARATIONS

On March 10, 2020, Governor Jared Polis declared a state of emergency in response to the presence of COVID-19 and the number of presumptive positive cases in Colorado has rapidly increased.

On March 11, 2020, the World Health Organization declared the outbreak of COVID-19 a pandemic.

On March 11, 2020, the Governor of the State of Colorado issued Executive Order D2020-003 declaring a state of disaster emergency due to the risk of spread of the novel coronavirus, now designated COVID-19 ("EO D2020-003").

On March 15, 2020, the Center for Disease Control ("CDC") recommended that all large events and mass gatherings of 50 persons or more be canceled or postponed for eight weeks to minimize the spread of COVID-19.

On March 16, 2020, the City and County Manager issued a Declaration of Local Disaster Emergency, which was extended by the Broomfield City Council until April 16, 2020.

On March 16, 2020, the Executive Director of the Colorado Department of Public Health and Environment, pursuant to Colorado Revised Statute §§ 25-1.5-101(1)(a) and 25-1.5-102(1)(a)(I), closed bars, restaurants, theaters, gymnasiums and casinos by Notice of Public Health Order 20-22, which order was amended on March 17, March 18, and March 19, 2020 ("March 16 CDPHE Establishment Closure Order").

On March 18, 2020, the Governor of the State of Colorado issued Executive Order D2020-007 ordering the suspension of normal in-person instruction at all public and private elementary and secondary schools in the State of Colorado due to the presence of COVID-19 ("March 18 Governor School Closure EO").

On March 18, 2020, the Executive Director of the Colorado Department of Public Health

1

Exhibit 68 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 998 of 2921

and Environment, pursuant to Colorado Revised Statute §§ 25-1.5-101(1)(a) and 25-1.5-102(1)(a)(I), issued an order implementing social distancing measures, which limits gatherings of individuals to no more than (10) people to slow the spread of the COVID-19 virus ("March 18 CDPHE Social Distancing Order").

On March 18, 2020, the Executive Director of the Colorado Department of Public Health and Environment, pursuant to Colorado Revised Statute §§ 25-1.5-101(1)(a) and 25-1.5-102(1)(a)(I), amended the March 16 CDPHE Establishment Closure Order to also include nonessential personal service facilities and racetrack and off-track pari-mutuel wagering facilities, exempt institutions of higher education in the services of meals, clarify that hotel dining services are not exempted other than in room dining services, add a definition of gymnasium, and extend the March 16 CDPHE Establishment Closure Order through April 30, 2020 ("March 18 CDPHE Amended Establishment Closure Order").

On March 20, 2020, the Executive Director of the Colorado Department of Public Health and Environment, pursuant to Colorado Revised Statute §§ 25-1.5-101(1)(a) and 25-1.5-102(1)(a)(I), amended the March 18 CDPHE Social Distancing Order to further clarify those activities and functions that are exempted from its social distancing order ("March 20 CDPHE Amended Social Distancing Order").

On March 22, 2020, the Governor of the State of Colorado issued Executive Order D2020-013 ordering non-critical workplaces to reduce their in-person workforce by 50% and to implement telework capabilities to the greatest extent possible due to the presence of COVID-19 in the state ("March 22 Reduced Workforce EO").

On March 22, 2020, the Executive Director of the Colorado Department of Public Health and Environment, pursuant to Colorado Revised Statute §§ 25-1.5-101(1)(a) and 25-1.5-102(1)(a)(I), also issued an order defining critical businesses and critical government functions that are exempt from the directives of EO D2020-013 ("March 22 CDPHE Reduced Workforce Order").

## II. NECESSITY OF THE ORDER

This Order is issued based on evidence of increasing occurrence of COVID-19 within the City and County of Broomfield, scientific evidence and best practices regarding the most effective approaches to slow the transmission of communicable diseases generally and COVID-19 specifically, and evidence that the age, condition, and health of a significant portion of the population of the City and County of Broomfield places it at risk for serious health complications, including death, from COVID-19. Due to the outbreak of the COVID-19 virus in the general public, which is now a pandemic according to the World Health Organization, there is a public health emergency throughout the City and County of Broomfield and the State of Colorado.

2

Exhibit 68 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 999 of 2921

Making the problem worse, some individuals who contract the COVID-19 virus have no symptoms or have mild symptoms, which means they may not be aware they carry the virus. Because even people without symptoms can transmit the disease, and because evidence shows the disease is easily spread, gatherings can result in preventable transmission of the virus. The scientific evidence shows that at this stage of the emergency, it is essential to slow virus transmission as much as possible to protect the most vulnerable and to prevent the health care system from being overwhelmed. One proven way to slow the transmission is to limit interactions among people to the greatest extent practicable. By reducing the spread of the COVID-19 virus, this Order helps preserve critical and limited healthcare capacity in the City and County of Broomfield.

This Order also is issued in light of the existence of six confirmed cases of COVID-19 in City and County of Broomfield, as well as at least 912 confirmed cases and at least eleven deaths in the State of Colorado as of 4:00 p.m. on Tuesday, March 24, 2020, including a significant and increasing number of suspected cases of community transmission and likely further significant increases in transmission. Widespread testing for COVID-19 is not yet available but is expected to increase in the coming weeks. This Order is necessary to slow the rate of spread and the Broomfield Public Health Director, in collaboration with the City and County of Broomfield Board of Health, will re-evaluate it as further data becomes available.

### III. INTENT

The intent of this Order is to ensure that the maximum number of people self-isolate in their places of residence to the maximum extent feasible to slow the spread of COVID-19 to the greatest extent possible, while enabling the continuation of essential services, businesses and travel necessary to protect public health and safety, and for the continuity of social and commercial life.

When people need to leave their places of residence, whether to obtain or perform vital services, or to otherwise facilitate authorized activities necessary for continuity of social and commercial life, they should comply with Social Distancing Requirements as defined in Section 6, below. All provisions of this Order should be interpreted to effectuate this intent. Failure to comply with the provisions of this Order constitutes an imminent threat to public health.

### IV. ORDER

Hereby finding it is essential that the COVID-19 virus be slowed to protect the ability of public and private health care providers to handle the influx of new patients and safeguard public health, and because the risk of the rapid spread necessitates quick action to protect all members of the community, especially including our members most vulnerable to COVID-19 and also health care providers, this ORDER encourages all individuals anywhere in the City and County of Broomfield, to <u>stay at home</u> whenever feasible.

3

Exhibit 68 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1000 of 2921

This Order hereby adopts all CDPHE Orders related to COVID-19. Consistent with the Governor's Executive Order declaring a state of disaster emergency, the declaration of local disaster emergency made by the City and County of Broomfield, CDC's guidance, and pursuant to the authority granted to the Director of Public Health for the City and County of Broomfield in section 25-1-509, Colorado Revised Statutes and section 8-16-020 of the Broomfield Municipal Code, **the following is ORDERED:**

1. All individuals currently living within the City and County of Broomfield ("Broomfield") must comply with all orders issued by the Governor and the Colorado Department of Public Health and Environment ("Public Health Orders").

2. All individuals currently living within Broomfield are strongly encouraged to stay <u>at their place of residence</u>. To the extent individuals are using shared or outdoor spaces, they should at all times, as reasonably possible, maintain social distancing of at least six feet from any other person when they are outside their residence; however, social distancing of at least six feet does not apply to members of a household or living unit.

3. All public and private gatherings of any number of people occurring outside a single household or living unit are prohibited, except for essential activities as recognized in the Public Health Orders. Nothing in this Order prohibits the gathering of members of a household or living unit.

4. Individuals (including household or living units) may engage in outdoor activity, provided they comply with Social Distancing Requirements as defined in Section 6, such as, by way of example and without limitation, walking, hiking, biking or running. For purposes of outdoor activity, City and County of Broomfield parks, open space, and trails will remain open to the public to engage in walking, hiking, biking, running, and similar outdoor activities. The following are closed: all playgrounds, golf courses (including disc golf), bike parks, athletic courts (including tennis, basketball, and pickleball), sports fields (including football, baseball, and soccer), picnic areas, and other similar areas conducive to public gathering. Additionally, the outdoor activities permitted in this Order do not include activities that would violate the Social Distancing Requirements as defined in Section 6, below.

5. Retail stores located within Broomfield that remain open should comply with Social Distancing Requirements, including interaction between its employees and customers.

6. <u>Social Distancing Requirements</u>. For purposes of this Order, Social Distancing Requirements includes all of the following: (1) Maintaining at least six-foot social distancing from other individuals; (2) washing hands with soap and water for at least twenty seconds as frequently as possible or using hand sanitizer when hand-sinks are not available, covering coughs or sneezes (into the sleeve or elbow, not hands); (3) regularly cleaning high-touch surfaces; and (4) not shaking hands.

4

Exhibit 68 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1001 of 2921

7. This Order shall become effective at 8:00 a.m. on March 26, 2020, and will continue until April 17, 2020, or until it is extended, rescinded, superseded, or amended in writing by the Broomfield Public Health Director.

8. Questions regarding this Order may be directed to the Broomfield Public Health Department at publicheath@broomfield.org or 720.887.2220.

Issued by:

_____
Jason Vahling
Public Health Director, City and County of Broomfield

Issued - March 25, 2020

5

Exhibit 68 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1002 of 2921