EXHIBIT 71

 

**Public Health**
Executive Director Dr. Mark Johnson
303.232.6301 | jeffco.us
public_health_info@jeffco.us

March 25, 2020

## NOTICE OF JEFFERSON COUNTY PUBLIC HEALTH ORDER 20-002 REQUIRING ALL INDIVIDUALS IN JEFFERSON COUNTY TO STAY AT HOME, INCLUDING DEFINITIONS AND EXEMPTIONS

The Jefferson County Public Health (JCPH) is working to stop the spread of coronavirus 2019 (COVID-19). To support this effort, I find it necessary to implement emergency measures to require all individuals in Jefferson County, Colorado, to stay at home in an effort to protect and preserve the public health.

### I.    FINDINGS

COVID-19 was first detected in Wuhan, China in late 2019, and since then has spread to over 60 countries, including the United States. COVID-19 is a respiratory illness transmitted like other respiratory illness through person-to-person contact or by contact with surfaces contaminated with the virus. Persons infected with COVID-19 may become symptomatic anywhere from two to fourteen days after exposure. Symptoms include fever, cough or shortness of breath or difficulty breathing. Individuals with serious chronic health conditions and older adults are most at risk for becoming very ill with this disease.

On March 10, 2020, the Governor of Colorado declared a State of Emergency relating to the presence of COVID-19.

On March 13, 2020, the Chairman of the Jefferson County Board of County Commissioners declared a COVID-19 Local Disaster Emergency, which was extended by the full Board of County Commissioners through Resolution CC20-055 on March 16, 2020, until April 16, 2020, unless sooner amended, extended, or rescinded by the Board.

On March 13, 2020, the President of the United States declared a National Emergency due to COVID-19.

On March 15, 2020, the Center for Disease Control ("CDC") recommended that all large events and mass gatherings of 50 persons or more be canceled or postponed for eight weeks to minimize the spread of COVID-19.

On March 16, 2020, the Executive Director of the Colorado Department of Public Health and Environment ("CDPHE"), pursuant to Colorado Revised Statute §§ 25-1.5-101(1)(a) and 25-1.5-102(1)(a)(I), closed bars, restaurants, theaters, gymnasiums and casinos by Notice of Public Health Order 20-22, which order was amended on March 17, March 18, and March 19, 2020 ("March 16 CDPHE Order").

**Exhibit 71 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

JCPH Order 20-002
March 25, 2020
Page 2

On March 18, 2020, the Governor of the State of Colorado issued an Executive Order ordering the suspension of normal in-person instruction at all public and private elementary and secondary schools in the State of Colorado due to the presence of COVID-19 ("March 18 Governor EO").

On March 18, 2020, the Executive Director of CDPHE, pursuant to Colorado Revised Statute §§ 25-1.5-101(1)(a) and 25-1.5-102(1)(a)(I), issued an order implementing social distancing measures, which limits gatherings of individuals to no more than (10) people to slow the spread of the COVID-19 virus ("March 18 CDPHE Order").

On March 18, 2020, the Executive Director of JCPH, pursuant to Colorado Revised Statutes §§ 25-1-506(3)(b) and 25-1-509(1)(c), adopted the March 18 Governor EO and incorporated any future modifications as well as any additional public health orders issued by CDPHE or the Governor of Colorado relating to COVID-19, adopted CDC's guidelines relating to social distancing and limitations on large events, and closed to the public County owned and operated buildings with limited exceptions. ("March 18 JCPH Order").

On March 19, 2020, the Executive Director of CDPHE, pursuant to Colorado Revised Statute §§ 25-1.5-101(1)(a) and 25-1.5-102(1)(a)(I), amended the March 16 CDPHE Order to also include nonessential personal service facilities and racetrack and off-track pari-mutuel wagering facilities, exempt institutions of higher education in the services of meals, clarify that hotel dining services are not exempted other than in room dining services, add a definition of gymnasium, and extend the March 16 CDPHE Order through April 30, 2020 ("March 19 CDPHE Order").

On March 21, 2020, the Executive Director of CDPHE, pursuant to Colorado Revised Statute §§ 25-1.5-101(1)(a) and 25-1.5-102(1)(a)(I), amended the March 18 CDPHE Order to further clarify those activities and functions that are exempted from its social distancing order ("March 21 CDPHE Order").

On March 22, 2020, the Governor of the State of Colorado issued an Executive Order D2020-013 ordering non-critical workplaces to reduce their in-person workforce by 50% and to implement tele-work capabilities to the great extent possible due to the presence of COVID-19 in the state ("EO D2020-013").

On March 22, 2020, the Executive Director of CDPHE, pursuant to Colorado Revised Statute §§ 25-1.5-101(1)(a) and 25-1.5-102(1)(a)(I), also issued an order defining critical emergency personnel, infrastructure, government functions, and other activities that are exempt from the directives of EO D2020-013 ("March 22 CDPHE Order").

645 Parfet Street, Lakewood, Colorado 80215
**Exhibit 71 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**                    **Page 1010 of 2921**

## II.    NECESSITY OF THE ORDER

This Order is issued based on evidence of increasing occurrence of COVID-19 within Jefferson County, scientific evidence and best practices regarding the most effective approaches to slow the transmission of communicable diseases generally and COVID-19 specifically, and evidence that the age, condition, and health of a significant portion of the population of Jefferson County places it at risk for serious health complications, including death, from COVID-19.  Due to the outbreak of the COVID-19 virus in the general public, which is now a pandemic according to the World Health Organization, there is a public health emergency throughout Jefferson County and the State of Colorado.

Making the problem worse, some individuals who contract the COVID-19 virus have no symptoms or have mild symptoms, which means they may not be aware they carry the virus.  Because even people without symptoms can transmit the disease, and because evidence shows the disease is easily spread, gatherings can result in preventable transmission of the virus.  The scientific evidence shows that at this stage of the emergency, it is essential to slow virus transmission as much as possible to protect the most vulnerable and to prevent the health care system from being overwhelmed.  One proven way to slow the transmission is to limit interactions among people to the greatest extent practicable.  By reducing the spread of the COVID-19 virus, this Order helps preserve critical and limited healthcare capacity in Jefferson County.

This Order also is issued in light of the existence of 73 confirmed cases of COVID-19 in Jefferson County, as well as at least 720 confirmed cases and at least seven deaths in the State of Colorado as of 4:00 p.m. on Monday, March 23, 2020, including a significant and increasing number of suspected cases of community transmission and likely further significant increases in transmission.  Widespread testing for COVID-19 is not yet available but is expected to increase in the coming weeks.  This Order is necessary to slow the rate of spread, and the JCPH Executive Director, in collaboration with the JCPH Board of Health and the Jefferson County Board of County Commissioners, will re-evaluate it as further data becomes available.

## III.    INTENT

The intent of this Order is to ensure that the maximum number of people self-isolate in their places of residence to the maximum extent feasible to slow the spread of COVID-19 to the greatest extent possible, while enabling the continuation of essential services, businesses and travel necessary to protect public health and safety, and for the continuity of social and commercial life.

When people need to leave their places of residence, whether to obtain or perform vital services, or to otherwise facilitate authorized activities necessary for continuity of social and commercial life, they should at all times reasonably possible comply with Social Distancing Requirements as defined in **Section 5**, below.  All provisions of this Order

Exhibit 71 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

JCPH Order 20-002
March 25, 2020
Page 4

should be interpreted to effectuate this intent.  Failure to comply with any of the provisions of this Order constitutes an imminent threat and creates an immediate menace to public health.

## IV.   ORDER

Hereby finding it is essential that the COVID-19 virus be slowed to protect the ability of public and private health care providers to handle the influx of new patients and safeguard public health, and because the risk of the rapid spread necessitates quick action to protect all members of the community, especially including our members most vulnerable to COVID-19 and also health care providers, this **STAY AT HOME** ("Order") requires all individuals anywhere in Jefferson County to **stay at home** – except for certain essential activities and work to provide essential business and government services or perform essential public infrastructure construction, including housing.

Consistent with the declarations in Sections I, II, and III above, and pursuant to the authority granted the Executive Director of JCPH in C.R.S. §§ 25-1-506(3)(b) and 25-1-509(1)(c), the following is ordered:[1]

1.  All individuals currently living in Jefferson County are ordered to stay at their place of residence.  To the extent individuals are using shared or outdoor spaces, they must at all times, as reasonably possible, maintain social distancing of at least six feet from any other person when they are outside their residence.  All persons may leave their residences only for Essential Activities, Essential Governmental Functions, or to operate Essential Businesses, all as defined in Paragraph 5 below. Individuals experiencing homelessness are exempt from this section, but are strongly urged to obtain shelter, and governmental and other entities are strongly urged to make such shelter available as soon as possible and to the maximum extent practicable (and to use COVID-19 risk mitigation practices in their operation).

2.  All businesses with a facility in Jefferson County, except Essential Businesses as defined below in Paragraph 5, are required to cease all activities at facilities located within Jefferson County, except Minimum Basic Operations, as defined in Paragraph 5.  For clarity, businesses may also continue operations consisting exclusively of employees or contractors performing activities at their own residences (e.g., working from home).  All Essential Businesses are asked to remain open.  To the greatest extent feasible, Essential Businesses shall comply with Social Distancing Requirements as defined in Paragraph 5 below, including the maintenance of six-foot social distancing for both employees and members of the public, including, but not limited to, when any customer is standing in line.

---

[1] This Order is in addition to all Executive Orders issued by the Governor of Colorado and all public health orders issued by CDPHE.  If there is conflict between this Order and any Executive Order or CDPHE Order, the most restrictive order applies.

**Exhibit 71 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

3. All <u>public and private gatherings of any number of people</u> occurring outside a single household or living unit are prohibited, except for the limited purposes as expressly permitted in Paragraph 5. Nothing in this Order prohibits the gathering of members of a household or living unit.

4. <u>All travel</u>, including but not limited to, travel on scooter, motorcycle, automobile, public transit, or any other public or private mode of travel, except Essential Travel and Essential Activities as defined below in Paragraph 5, is prohibited. Persons may use public transit only for purposes of performing Essential Activities or to travel to and from work to operate Essential Businesses, perform Minimum Basic Operations, or maintain Essential Governmental Functions. People riding on public transit must comply with Social Distancing Requirements as defined in Paragraph 5 below, to the greatest extent feasible. This Order allows travel into or out of Jefferson County to perform Essential Activities, operate Essential Businesses, or maintain Essential Governmental Functions.

5. <u>Definitions and Exemptions</u>.

   a. **<u>Essential Activities</u>.** For purposes of this Order, individuals may leave their residence only to perform any of the following "Essential Activities." However, persons at high risk of severe illness from COVID-19 and people who are sick are urged to stay in their residence to the extent possible except as necessary to seek medical care. Essential Activities means:

   i.      To engage in activities or perform tasks essential to a person's health and safety, or to the health and safety of their family or household members (including, but not limited to, pets), such as, by way of example only and without limitation, obtaining medical supplies or medication, visiting a health care professional, or obtaining supplies they need to work from home;

   ii.      To obtain necessary services or supplies for persons and their family or household members, or to deliver those services or supplies to others, such as, by way of example only and without limitation, canned food, dry goods, fresh fruits and vegetables, pet supply, fresh meats, fish, and poultry, and any other household consumer products, and products necessary to maintain the safety, sanitation, and essential operation of residences.

   iii.      To engage in outdoor activity individually or in groups of no more than 4 persons, provided each individual complies with Social Distancing Requirements as defined in this Paragraph 5, such as, by way of example and without limitation, walking, hiking, biking or running. Social Distancing Requirements for outdoor activity apply to people from different households. For purposes of outdoor activity, public parks within Jefferson County

Exhibit 71 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

should remain open to the public to engage in walking, hiking, biking, running, and similar outdoor activities, but all playgrounds, golf courses, tennis courts, basketball courts, picnic areas, and other similar areas conducive to public gathering shall be closed.

iv.     To perform work providing essential products and services at the site of an Essential Business or to otherwise carry out activities specifically permitted in this Order, including Minimum Basic Operations.

v.      To care for a family member, friend, or pet in another household.

vi.     To relocate a household from one residence to another.

b. **Healthcare Operations.** For purposes of this Order, individuals may leave their residence to work for or obtain services at any "Healthcare Operations" including, but not limited to:

   i.     Hospitals, clinics, and walk-in health facilities

   ii.    Medical and dental care, including dentists and ambulatory providers

   iii.   Research and laboratory services

   iv.    Medical wholesale and distribution

   v.     Home health care companies, workers, and aides

   vi.    Pharmacies,

   vii.   Pharmaceutical and biotechnology companies

   viii.  Behavioral health care providers

   ix.    Nursing homes, residential health care, or congregate care facilities

   x.     Medical supplies and equipment manufacturers and providers, or any related and/or ancillary healthcare services

   xi.    Veterinary care, livestock services, and all healthcare services provided to animals

   xii.   Animal shelters and pet boarding services

   xiii.  This exemption shall be construed broadly to avoid any impacts to the delivery of healthcare.

   xiv.   "Healthcare Operations" does not include health clubs, fitness and exercise gyms, and similar facilities.

c. **Essential Infrastructure.** For purposes of this Order, individuals may leave their residence to provide any services or perform any work necessary to the operations and maintenance of "Essential Infrastructure," including, but not limited to:

**Exhibit 71 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

    i.      Utilities, including power generation, fuel supply, and transmission

    ii.     Water, sewer, gas, and electrical services

    iii.    Public works construction

    iv.    Construction operations and projects, including commercial and residential construction (especially affordable housing or housing for individuals experiencing homelessness), construction for public infrastructure and facilities, and renovation or restoration construction services

    v.     Government construction for public infrastructure and facilities

    vi.    Construction necessary to support or maintain the operation of any Essential Business operations or Essential Government Functions,

    vii.   Skilled trades such as electricians and plumbers

    viii.  Other related firms and professionals who provide services, including janitorial services and private security services, necessary to maintain the safety, sanitation, and essential operation of residences and commercial or public buildings, Healthcare Operations, Essential Infrastructure, Essential Government Functions, and Essential Businesses

    ix.    Airport operations (including passenger and cargo operations and services)

    x.     Oil refining, oil and gas operations

    xi.    Roads and highways

    xii.   Public transportation

    xiii.  Solid waste collection and removal, including recycling and composting

    xiv.  Internet and telecommunications systems, including the provision of essential global, national, and local infrastructure for computing services, business infrastructure, communications, cable and web-based services

d.  **Essential Governmental Functions.** For purposes of this Order, personnel working for or to support Essential Businesses are categorically exempt from this Order and nothing in this Order shall prohibit any individual from performing or accessing "Essential Governmental Functions," which means all services needed to ensure the continuing operation of the government agencies and departments, and/or provide for the health, safety, transportation, and welfare of the public. Therefore, individuals may leave their residence to provide, operate, and support "Essential Governmental Functions," including, but not limited to:

Exhibit 71 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

    i.      Public safety personnel

    ii.     Law enforcement

    iii.    Human Services

    iv.    Fire prevention and response

    v.     Building code enforcement

    vi.    Security personnel

    vii.   Emergency management and response

    viii.  Emergency dispatchers

    ix.   Court personnel

    x.     Military personnel

    xi.   Colorado State Legislature

    xii.  Colorado state, county, and municipal courts

    xiii. City Councils and Boards of County Commissioners

    xiv. City and County Attorney's Office, District Attorney's Office

    xv.  Other governmental boards, commissions, and quasi-judicial proceedings

    xvi. Public health personnel including state and local public health agencies, Boards of Health, and its contractors and legal counsel

    xvii. All Essential Governmental Functions shall be performed in compliance with Social Distancing Requirements as defined this Paragraph, to the extent possible.

e. For the purposes of this Order, covered businesses include any for-profit, non-profit, or educational entities, regardless of the nature of the service, the function they perform, or its corporate or entity structure.

f. **Essential Businesses.** For the purposes of this Order, individuals may leave their residence to work for or obtain services at any "Essential Businesses," which for purposes of this Order means:

    i.      Healthcare Operations and Essential Infrastructure;

    ii.     Grocery stores, certified farmers' markets, farm and produce stands, supermarkets, food banks, convenience stores, licensed liquor stores, licensed marijuana dispensaries (both medical and recreational), and other establishments engaged in the retail sale of canned food, dry goods, fresh fruits and vegetables, pet supply, fresh meats, fish, and poultry, and any other household consumer products (such as cleaning and personal care products). This includes stores that sell groceries and also sell other non-grocery

Exhibit 71 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

products, and products necessary to maintaining the safety, sanitation, and essential operation of residences. Business exempt under this provision are urged to implement delivery or curb side sales to minimize in store gatherings;

iii. Food and plant cultivation, including farming, livestock, and fishing;

iv. Businesses that provide food, shelter, and social services, and other necessities of life for economically disadvantaged or otherwise needy individuals;

v. Newspapers, television, radio, and other media services;

vi. Gas stations and auto-supply, auto-repair, bicycle supply, bicycle repair, and related facilities;

vii. Banks and related financial institutions;

viii. Hardware stores;

ix. Licensed gun and ammunition retailers;

x. Plumbers, electricians, exterminators, landscapers, and other service providers who provide services that are necessary to maintaining the safety, sanitation, and essential operation of residences, Healthcare Operations, Essential Infrastructure, Essential Government Functions, and Essential Businesses;

xi. Businesses providing mailing and shipping services, including post office boxes;

xii. Educational institutions—including public and private K-12 schools, colleges, and universities—for purposes of facilitating distance learning or performing essential functions, provided that social distancing of six-feet per person is maintained to the greatest extent possible;

xiii. Laundromats, dry cleaners, and laundry service providers;

xiv. Licensed restaurants and other facilities that prepare and serve food, but only for delivery, take out or drive thru as specified in the CDPHE Public Health Order No. 20-22, as amended and updated.  Schools and other entities that typically provide free food services to students or members of the public may continue to do so under this Order on the condition that the food is provided to students or members of the public on a pick-up and take-away basis only.  Restaurants and other facilities that prepare and serve food or beverages at airports may provide on-site dining, but must comply with Social Distancing Requirements.  Except for employees and volunteers who must eat meals during their work shift, schools and other entities that provide food services under this exemption shall not permit the food to be eaten at the site where it is provided, or at any other gathering site;

Exhibit 71 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

xv. Businesses that supply products needed for people to work and learn from home, including technology suppliers providing hardware or software essential for communication or connectedness;

xvi. Businesses that supply other essential businesses, essential infrastructure or essential government operations with the support or supplies necessary to operate;

xvii. Businesses that ship or deliver groceries, food, goods or services directly to consumers;

xviii. Airlines, taxis, other private transportation providers, and transportation support providing transportation services necessary for Essential Activities and other purposes expressly authorized in this Order;

xix. Home-based care for seniors, adults, or children.  Nanny and babysitting services shall not be permitted under this Order unless the nanny or babysitter (1) resides in the home of the senior, adult, or children for whom they care providing care, (2) provides medical care to the senior, adult, or children, or (3) is providing care in order to allow parents or guardians of a senior, adult or children to work;

xx. Mortuaries;

xxi. Residential facilities and shelters for seniors, adults, and children, including hotels, motels, and short-term rentals;

xxii. Professional services, such as legal, insurance, title companies, or accounting services, real estate appraisals and transactions;

xxiii. Indoor/outdoor malls are closed except to the extent that they must remain open to allow operation of and access to Essential businesses;

xxiv. Faith-based establishments and houses of worship, including but not limited to, churches, synagogues, chapels, and mosques; however, these institutions are allowed no more than 10 persons at a time and must maintain the Social Distancing requirements set forth in paragraph 5 (j) below. These institutions are strongly encouraged to implement an electronic platform for services;

xxv. Childcare facilities providing services that enable employees exempted in this Order to work as permitted. To the extent possible, and in accordance with existing law, childcare facilities must operate under the following mandatory conditions:

1. Childcare must be carried out in stable groups of 10 or fewer ("stable" means that the same 10 or fewer children are in the same group each day).

2. Children shall not change from one group to another.

Exhibit 71 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

      3.    If more than one group of children is cared for at one facility, each group shall be in a separate room. Groups shall not mix with each other.

      4.    Childcare providers shall remain solely with one group of children.

xxvi.    Businesses identified as essential critical infrustructure workforce by the federal government and or the department of homeland security.

g.  **Minimum Basic Operations.** For the purposes of this Order, "Minimum Basic Operations" include the following activities, so long as employees comply with Social Distancing Requirements as defined this Section, to the extent possible, while carrying out such operations:

i.    The minimum necessary activities to maintain the value of the business's inventory, ensure security, sanitation, process payroll and employee benefits, or for related functions.

ii.    The minimum necessary activities to facilitate employees of the business being able to continue to work remotely from their residences.

iii.    The minimum necessary activities to facilitate employees of the business being able to continue filling online product orders and to process customer orders remotely.

h.  **Essential Travel.** For the purposes of this Order, "Essential Travel" includes travel for any of the following purposes.  Individuals engaged in any Essential Travel must comply with all Social Distancing Requirements as defined in this Section.

i.    Any travel related to the provision of or access to Essential Activities, Essential Governmental Functions, Essential Businesses,  or Minimum Basic Operations.

ii.    Travel to care for elderly, minors, dependents, persons with disabilities, or other vulnerable persons.

iii.    Travel to or from educational institutions for purposes of receiving materials for distance learning, for receiving meals, and any other related services.

iv.    Travel to return to a place of residence from outside Jefferson County.

v.    Travel required by law enforcement or court order.

JCPH Order 20-002
March 25, 2020
Page 12

      vi.    Travel required for non-residents to return to their place of residence outside Jefferson County.  Individuals are strongly encouraged to verify that their transportation out of the jurisdiction remains available and functional prior to commencing such travel.

    i.    **Residence.** For purposes of this Order, residences include hotels, motels, shared rental units, and similar facilities.

    j.    **Social Distancing Requirements.** For purposes of this Order, Social Distancing Requirements includes all of the following: (1) Maintaining at least six-foot social distancing from other individuals; (2) washing hands with soap and water for at least twenty seconds as frequently as possible or using hand sanitizer when hand-sinks are not available; (3) covering coughs or sneezes (into the sleeve or elbow, not hands); (4) regularly cleaning high-touch surfaces; and (5) not shaking hands.

6. Pursuant to C.R.S. §§ 25-1-114.1 and 25-1-516, it is unlawful for any person to fail to comply with this Order. Any person who fails to comply with this Order may be subject to a fine of up to five thousand dollars ($5,000.00) per violation and imprisonment in the county jail for up to eighteen months. C.R.S. § and 18-1.3-501.

7. **This Order shall be become effective at 8:00 a.m. on March 26, 2020, and will continue until 5:00 p.m. on April 17, 2020, or until it is extended, rescinded, superseded, or amended in writing by the Executive Director of JCPH.**

8. If any provision of this Order, or its application to any person or circumstance, is held to be invalid, then the remainder of the Order, including the application of such part or provision to other persons or circumstances, shall not be affected and shall continue in full force and effect. To this end, the provisions of this Order are severable.

**Issued by:**

Mark B. Johnson, MD, MPH
**Executive Director**
**Jefferson County Public Health**

<u>**March 25, 2020**</u>
**Date**

**Exhibit 71 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**