# EXHIBIT 77

Order Number
2020-002



# EMERGENCY ORDER NUMBER 2
# PALM BEACH COUNTY COVID-19

**WHEREAS**, COVID-19, a respiratory illness caused by a virus that spreads rapidly from person to person and may result in serious illness or death, constitutes a clear and present threat to the lives, health, welfare, and safety of the people of Palm Beach County;

**WHEREAS**, on March 1, 2020, Governor Ron DeSantis, issued Executive Order 20-51 directing the Florida Department of Health to issue a Public Health Emergency; and

**WHEREAS**, on March 9, 2020, Governor Ron DeSantis issued Executive Order 20-52 declaring a state of emergency for the State of Florida as a result of COVID-19, and

**WHEREAS,** on March 24, 2020 Governor Ron DeSantis, issued Executive Order 20-83 directing the State Surgeon General and the State Health Officer to issue a public health advisory to advise senior persons, and persons that have a serious underlying medical condition that places them at a high risk of severe illness from COVID-19 to stay at home. Such conditions include, but not limited to, chronic lung disease or moderate to severe asthma; serious heart conditions; immunocompromised status, including those in cancer treatment; and severe obesity; and

Exhibit 77 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1075 of 2921

Order Number
2020-002

**WHEREAS**, on March 11, 2020, the World Health Organization declared the spread of COVID-19 to be a global pandemic; and

**WHEREAS**, on March 13, 2020, pursuant Section 252.38(3)(a)(5), Florida Statutes, Palm Beach County declared a local State of Emergency due to the Coronavirus pandemic, which has since been extended in accordance with applicable law; and

**WHEREAS**, there is no vaccine or drug currently available to combat COVID-19; and

**WHEREAS**, to reduce the spread of COVID-19, the United States Centers for Disease Control and Prevention ("CDC") and the Florida State Department of Health ("FDOH") recommend implementation of community mitigation strategies to increase containment of the virus, including cancellation of large gatherings and social distancing between persons in smaller gatherings;

**WHEREAS**, limitations on gatherings and the use of social distancing to prevent transmission of COVID-19 are especially important for people who are sixty (60) years old and older, and to people with chronic health conditions because those populations are at a higher risk of severe illness, hospitalization and death from COVID-19. However, it appears that everyone, regardless of age or health condition, is threatened by COVID-19 and could be spreading the COVID-19 virus even if not displaying symptoms; and

**WHEREAS,** the number of COVID-19 cases continues to rise and the goal of the CDC and FDOH is to slow the spread of the COVID-19 virus by requiring and mandating social distancing requirements and encouraging all seniors age 60 and older, and persons with chronic health conditions to stay at home and by encouraging and recommending that persons of all ages avoid groups of persons and stay at home unless serving critical purposes to the community; and

Exhibit 77 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1076 of 2921

Order Number<br>2020-002

**WHEREAS**, the tri-county area of South Florida, comprised of Miami-Dade County, Broward County, and Palm Beach County, is a contiguous community with both commercial and cultural continuities, and both Broward County and Miami-Dade County have seen steady increases in the number of COVID-19 cases resulting in increased concern from public health authorities concerning the importance of maintaining social distancing, keeping the elder population at home, washing hands and practicing good hygiene and following the mitigation strategies advanced by the CDC;

**WHEREAS**, on March 22, 2020, Palm Beach County issued its COVID-19 Public Safety Order No. 1 whereby, among other things, pursuant to subsection two (2) Palm Beach County closed all boat docks, ramps, marinas, and any other venues used for launching any recreational vessels; and

**WHEREAS**, Palm Beach County issued its COVID-19 Order No. 2020-1a amending and clarifying the March 22, 2020 Order to close all boat docks, ramps, marinas and other venues utilized for launching any vessels to be used for recreational purposes in order to mitigate avoidance of the social distancing mandates; and

**WHEREAS**, this Emergency Order is necessary because of the propensity of the virus to spread person to person and also because the virus is attaching to surfaces for prolonged periods of time;

**WHEREAS**, the continuing operation of critical businesses is necessary to provide goods and services to the public, to keep the public healthy and to ensure availability of supplies; and

**WHEREAS**, this Emergency Order is necessary to protect the lives, health, welfare, and safety of the County's residents from the devastating impacts of this pandemic,

Exhibit 77 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1077 of 2921

Order Number
2020-002

**NOW, THEREFORE, IT IS HEREBY ORDERED** pursuant to Palm Beach County Code Article II, Section 9-35, as well as the authorities granted to me by the Declaration of Emergency issued by Governor DeSantis in Executive Order 20-52, by Chapter 252, Florida Statutes, by the Board of County Commissioners, and by the Palm Beach County Comprehensive Emergency Management Plan, hereby order as follows:

Section 1. This Emergency Order is supplemental and in addition to the Executive Orders issued by Governor DeSantis, including, but not limited to, Executive Orders 20-70, 20-71, 20-72 and 20-83 and any additional Executive Orders that may be issued by Governor DeSantis or the President that may be applicable to Palm Beach County.

Section 2. This Emergency Order applies to incorporated and unincorporated areas within Palm Beach County, but has no application outside of Palm Beach County.

Section 3. All noncritical retail and commercial business locations (meaning all that are not expressly deemed critical as stated in Section 4 below) are ordered closed except to the extent necessary to perform Minimum Basic Operations. "Minimum Basic Operations" means the minimum activities necessary to maintain the value of inventory, preserve plant and equipment condition, engage in on-line shipping of goods without having customers in the business location, ensure security, process payroll and employee benefits, and facilitate employees working remotely, provided such Minimum Basic Operations shall practice, and ensure employees and persons interacting with and within such businesses practice, social distancing and all other measures as advised by the CDC and FDOH.

Section 4. The following retail and commercial businesses are deemed critical and existing retail and commercial business locations of these businesses may remain open, but are responsible for and shall ensure employees and all persons interacting with and within such businesses practice social distancing, and all other measures as advised by the CDC and FDOH and that special care and attention is given to safeguarding all persons aged 60 and over that may come in contract with the business or work in the business; and

Exhibit 77 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1078 of 2921

Order Number
2020-002

a. Except to the extent precluded by the Governor's Executive Order 20-70, 20-71, 20-72, 20-83 or any previous or subsequently issed Executive Order, or order of the President, healthcare providers and public health operations, including but not limited to: hospitals; doctors' and dentists' offices; urgent care centers, clinics, and rehabilitation facilities; physical therapists; mental health professionals; psychiatrists; therapists; research and laboratory services; blood banks, medical cannabis facilities; medical equipment, devices, and other healthcare manufacturers and suppliers; reproductive health care providers; eye care centers; home healthcare services providers; substance abuse providers; medical transport services; and pharmacies;

b. Grocery stores, farmers' markets, farm and produce stands, supermarkets, food banks, convenience stores, and other establishments primarily engaged in the retail sale of canned food, dry goods, fresh fruits and vegetables, baby products, pet supply, liquor, fresh or frozen meats, fish, and poultry, and any other household consumer products (such as cleaning and personal care products). This authorization to remain open includes stores that sell groceries and also sell other non-grocery products, and products necessary to maintaining the safety, sanitation, and critical operations of residences and other structures;

c. Businesses engaged in food cultivation, including farming, livestock, and fishing;

d. Businesses that provide food, shelter, social services, and other necessities of life for economically disadvantaged or otherwise needy individuals;

e. Newspapers, television, radio, and other media services;

f. Gas stations, new and used automobile dealerships, and auto-supply, auto-repair, and related facilities;

g. Banks and related financial institutions, including insurance firms, and including pawn shops;

h. Hardware, gardening, and building material stores;

Exhibit 77 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1079 of 2921

Order Number
2020-002

    i. Contractors and other tradesmen, building management and maintenance (including janitorial companies servicing commercial businesses), home security firms, fire and water damage restoration, public adjusters, appliance repair personnel, exterminators, and other service providers who provide services that are necessary to maintaining the safety, sanitation, and critical operation of residences and other structures;

    j. Businesses primarily providing mailing, logistics, pick-up, and shipping services, including post office boxes;

    k. Private colleges, trade schools, and technical colleges, but only as needed to facilitate online or distance learning, perform critical research, or perform critical functions, and university, college, or technical college residence halls, but only to the extent needed to accommodate students who cannot return to their homes;

    l. Laundromats, dry cleaners, and laundry service providers;

    m. Restaurants and other facilities that prepare and serve food, but subject to the limitations and requirements of the Governor's Executive Orders now existing or subsequently issued, including but not limited to Executive Orders 20-68, 20-70, 20-71, and 20-83. Schools and other entities that typically provide free food services to students or members of the public may continue to do so on the condition that the food is provided to students or members of the public on a pick-up and takeaway basis only. Schools and other entities that provide food services under this exemption shall not permit the food to be eaten at the site where it is provided, or at any other gathering site under their control;

    n. Businesses that primarily supply office products needed for people to work from home (but not including businesses that primarily sell or lease furniture unless the business is operating on-line service only);

    o. Businesses that primarily supply other critical businesses, as stated in this Emergency Order, with the support or supplies necessary to operate, and which do not

Exhibit 77 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1080 of 2921

Order Number
2020-002

interact with the general public, including cybersecurity firms (but not including businesses that primarily sell or lease furniture unless the business is providing on-line service only);

p. Businesses that primarily ship or deliver groceries, food, goods, or services directly to residents;

q. Airlines, taxis, and other private transportation providers providing transportation services via automobile, truck, boat, bus, or train;

r. Businesses engaged in providing home-based care for seniors, adults, or children;

s. Assisted living facilities, nursing homes, adult day care centers, and home-based and residential settings for adults, seniors, children, and/or people with disabilities or mental illness, providing however, that such business is responsible for and must ensure compliance with all CDC and FDOH guidelines and has implemented education of employees, contractors and visitors as to CDC and FDOH requirements; and

t. Businesses providing professional services, such as legal or accounting services, to the extent those services are provided in accordance to CDC and FDOH guidelines by maintaining social distancing requirements for employees and customers and not allowing congregating of groups of clients or employees;

u. Landscape and pool care businesses, including residential landscape and pool care services, provided however, all employees must be educated on CDC and FDOH guidelines including social distancing and such businesses are responsible for ensuring compliance with such guidelines and in particular, with regard to interactions with customers age 60 or over;

v. Childcare facilities providing services that enable employees exempted in this Emergency Order to work as permitted. To the extent possible, childcare facilities should operate under the following conditions: Childcare must be carried out in stable groups of

Page 7 of 12

Exhibit 77 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1081 of 2921

Order Number
2020-002

10 or fewer (inclusive of childcare providers for the group); children and child care providers shall not change from one group to another; if more than one group of children is cared for at one facility, each group shall be in a separate room. Groups shall not mix or interact with each other. All play equipment used by one group of children must be cleaned and sanitized before use by another group of children. Any child exhibiting symptoms consistent with COVID-19 illness shall not be allowed to stay in the childcare facility;

w. Businesses operating at any airport, seaport, or other government facility, except as provided in the Governor's Executive Order 20-71, which requires all restaurants and food establishments licensed under Chapters 500 and 509 to suspend on-premises food and alcohol consumption, and except as to businesses operating from Palm Beach County facilities as to which separate directives have or will be issued;

x. Logistics providers, including warehouses, trucking, consolidators, fumigators, and handlers;

y. Telecommunications providers, including sales of computer or telecommunications devices and the provision of home;

z. Businesses engaged in the provision of propane or natural gas;

aa. Businesses engaged in the provision of office space and administrative support necessary to perform any of the above-listed activities;

bb. Open construction sites, irrespective of the type of building;

cc. Businesses providing architectural, engineering, or land surveying services, but only with regard to ongoing construction projects in which construction has already commenced and provided that such businesses operate in full compliance with all measures advised by the CDC and FDOH regarding social distancing;

Exhibit 77 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1082 of 2921

dd. Factories, warehouses, manufacturing facilities, bottling plants, or other industrial distribution and supply chain facilities used for critical products and industries for the U.S. domestic market;

ee. Waste management services, including business engaged primarily in the collection and disposal of waste;

ff. Hotels, motels, other commercial lodging establishments, and temporary vacation rentals, subject to the limitations stated in the Governor's Executive Order 20-70. Hotels, motels, and other commercial lodging establishments shall not accept new reservations for persons other than Critical Lodgers. "Critical Lodgers" are defined as: (1) healthcare professionals; (2) first responders; (3) National Guard members; (4) law enforcement; (5) state or federal government employees; (6) airline crewmembers; (7) patients; (8) patients' families; (9) journalists; (10) others providing direct services in response to COVID-19; (11) displaced residents or visitors; (12) persons utilizing hotels as transitional living arrangements; (13) persons sheltering in hotels due to domestic violence; (14) hotel employees, service providers, and contractors; or (15) individuals who, for any reason, are temporarily unable to reside in their home due to exigent circumstances;

gg. Veterinarians and pet boarding facilities;

hh. Mortuaries, funeral homes, crematories, and cemeteries including funeral and cremation services and suppliers of funeral products to funeral service providers, and related services such as body transport or disposal services, and organ donation related service providers and services;

ii. Firearm and ammunition supply stores:

jj. Businesses providing services to any local, state, or federal government, pursuant to a contract or order with such government and provided such services relate directly to a governmental response to the COVID-19 crisis;

Page 9 of 12

Exhibit 77 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1083 of 2921

Order Number
2020-002

kk. Any business that employs five (5) or fewer persons, including management/ownership, where the employees do not come in regular contact with the general public in the regular course of business and the business can conduct its business in a manner that complies with the recommended social distancing and other requirements of previous executive orders, except to the extent inconsistent with any Executive Order or regulation issued by the Governor of Florida, the state, or any federal authority;

ll. Electrical production and distribution services; and

mm. Moving, storage, and relocation services.

nn. Personal grooming services such as hair salons and nail salons who are able to provide personal service with personal protective equipment by individual appointment and fully comply with the CDC and FDOH guidelines.

Section 4. Notwithstanding the foregoing and in addition to any permitted Minimum Basic Operations, all retail and commercial businesses may perform remote work so that a business's employees may interact with each other and/or with customers solely through electronic or telephonic means, and deliver services or products via only electronic means or mailing, shipping, or delivery services. This includes realtors who will not conduct any open houses, but may remain open to the extent that business can be conducted remotely and electronically and as may be done in compliance with CDC and FDOH requirements to close and finalize existing in process transactions.

Section 5. This order does not affect or limit the operations of Palm Beach County, any municipality, the Palm Beach County School District, or any other local government entity in Palm Beach County, or any State or Federal office, or facility.

Section 6. This order does not limit the number of persons who may be physically present and performing services on-site related to the operations of a critical business except as expressly set forth herein, or otherwise governed by any State or Federal order

Exhibit 77 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1084 of 2921

or regulation. All such persons are required to the full extent practicable to operate in full compliance with all measures advised by the CDC and FDOH including practicing social distancing and limiting group size to less than ten (10) people.

Section 7. This order does not apply to natural gas, water, electric utilities and cable service providers. This includes any truck or shipping company that any of such utility companies have contracted with to deliver their products and services.

This order does not limit religious services at any location, but all persons performing or attending religious services are urged to fully comply with all measures advised by the CDC and FDOH, including limiting gatherings to no more than ten (10) people and practicing social distancing of at least six (6) feet between persons.

Section 8. Applicability.

This Emergency Order shall apply to retail and commercial businesses based upon their regular course of their business as of March 26, 2020; any change to an entity's scope of business after March 26, 2020, shall not modify the characterization of the entity as critical or nonessential.

Section 9. Severability.

Any provision(s) within this Emergency Order that conflict(s) with any state or federal law or constitutional provision, or conflict(s) with or are superseded by a current or subsequently-issued Executive Order of the Governor or the President of the United States, shall be deemed inapplicable and deemed to be severed from this Emergency Order, with the remainder of the Emergency Order remaining intact and in full force and effect. To the extent application of some or all the provisions of this Emergency Order is prohibited on the sovereign land of a federally or state recognized sovereign or Indian tribe, such application is expressly excluded from this Emergency Order.

Section 10. Effective Date; Duration.

Page 11 of 12

Exhibit 77 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1085 of 2921

Order Number
2020-002

This order shall be effective as of  5:00  p.m. on  March 26, 2020. This order shall expire upon the expiration of the existing State of Local Emergency, as same may be extended by subsequent order or declaration, unless earlier terminated by subsequent Emergency Order.

PALM BEACH COUNTY, FLORIDA

By: /s/ Verdenia Baker
VERDENIA BAKER, COUNTY ADMINISTRATOR

LEGAL SUFFICIENCY

By: /s/
County Attorney

RECEIVED AND FILED
CLERK AND COMPTROLLER
/s/ Shaun R. Back

Exhibit 77 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1086 of 2921