# EXHIBIT 80

# BROWARD COUNTY ADMINISTRATOR'S
# EMERGENCY ORDER 20-03
### Directing Shelter-in-Place: Safer at Home Policy

**WHEREAS**, COVID-19, a respiratory illness caused by a virus that spreads rapidly from person to person and may result in serious illness or death, constitutes a clear and present threat to the lives, health, welfare, and safety of the people of Broward County;

**WHEREAS**, on March 1, 2020, Governor DeSantis declared a Public Health Emergency as a result of COVID-19;

**WHEREAS**, on March 9, 2020, Governor DeSantis issued Executive Order 20-52, declaring a State of Emergency as a result of COVID-19;

**WHEREAS**, on March 10, 2020, I declared a Local State of Emergency; on March 11, 2020, the Mayor of Miami-Dade County declared a Local State of Emergency; and on March 13, 2020, the Mayor of Palm Beach County declared a Local State of Emergency;

**WHEREAS**, on March 11, 2020, the World Health Organization declared the spread of COVID-19 to be a global pandemic;

**WHEREAS**, on March 13, 2020, President Trump declared a national emergency concerning COVID-19;

**WHEREAS**, there is no vaccine or drug currently available to combat COVID-19;

**WHEREAS**, to reduce the spread of COVID-19, the United States Centers for Disease Control and Prevention ("CDC") and the Florida State Department of Health recommend implementation of community mitigation strategies to increase containment of the virus, including cancellation of large gatherings and social distancing of at least six (6) feet between persons in smaller gatherings;

**WHEREAS**, the tri-county area of South Florida, comprised of Miami-Dade County, Broward County, and Palm Beach County, is a contiguous community with both

1

Exhibit 80 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1105 of 2921

commercial and cultural continuities, and both Broward County and Miami-Dade County have emerged as clusters of positive COVID-19 cases;

**WHEREAS**, on March 10, 2020, the Broward County Board of County Commissioners authorized me to take any appropriate and necessary action to protect the health and safety of Broward County residents and visitors in connection with COVID-19;

**WHEREAS**, on March 24, 2020, the World Health Organization indicated that the United States has the potential to become the center of the COVID-19 pandemic;

**WHEREAS**, this Emergency Order is necessary because of the propensity of the virus to spread person to person and also because the virus is physically causing property damage due to its proclivity to attach to surfaces for prolonged periods of time;

**WHEREAS**, this Emergency Order is necessary to protect the lives, health, welfare, and safety of the County's residents from the devastating impacts of this pandemic,

**WHEREAS**, certain additional clarifications, exclusions, and inclusions are necessary to support effective enforcement of the restrictions of Emergency Order 20-01;

**NOW, THEREFORE**, I, Bertha Henry, the Broward County Administrator, pursuant to my emergency authority under Section 8-53 of the Broward County Code of Ordinances, as well as the authority granted to me by the Declaration of Emergency issued by Governor DeSantis in Executive Order 20-52, by Chapter 252, Florida Statutes, by the Board of County Commissioners, and by the Broward County Comprehensive Emergency Management Plan, hereby order as follows:

<u>Section 1</u>.    This Emergency Order is supplemental and in addition to the Executive Orders issued by Governor DeSantis, including Executive Orders 20-70 and 20-71. Emergency Order 20-01, as amended, is hereby further amended and restated as provided herein, with strikethrough text indicating deletions and underlined text indicating additions. Except as expressly amended herein, Emergency Order 20-01, as

2

Exhibit 80 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1106 of 2921

amended, remains in full force and effect. This Emergency Order applies to incorporated and unincorporated areas within Broward County, but has no application outside of Broward County.

<u>Section 1A.</u> <u>Individuals are strongly urged to remain home other than to engage in essential activities, which are the minimum activities necessary to conduct Minimum Business Operations (as defined in Section 2 below) or to engage in or patronize Essential Businesses (as defined in Section 3 below), unless otherwise expressly exempted from the limitations of Broward County Administrator's Emergency Order 20-01 as set forth in Section 4 and Section 6 below. Individual daily outdoor exercise that complies with CDC social distancing guidelines is permitted. Individuals outside their homes shall comply with all requirements of the Executive Orders issued by the Governor of the State of Florida and all Broward County Emergency Orders, and must adhere to all measures advised by the CDC regarding social distancing.</u>

<u>Section 2.</u> All nonessential retail, nonprofit, and commercial business locations (meaning all that are not expressly deemed essential as stated in Section 3 below) are ordered closed except to the extent necessary to perform Minimum Basic Operations. "Minimum Basic Operations" means the minimum activities necessary to maintain the value of inventory, preserve plant and equipment condition, ensure security, process payroll and employee benefits, and facilitate employees working remotely, provided such businesses shall practice, and ensure persons interacting with and within such businesses practice, social distancing and all other measures as advised by the CDC.

<u>Section 3.</u> The following retail, nonprofit, and commercial businesses are deemed essential (<u>"Essential Businesses"</u>) and existing retail and commercial business locations of these businesses may remain open, but shall practice, and ensure persons interacting with and within such businesses practice, social distancing and all other measures as advised by the CDC:

3

Exhibit 80 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1107 of 2921

a. Except to the extent precluded by the Governor's Executive Order 20-72 or any subsequent Executive Order, healthcare providers and public health operations, including but not limited to: hospitals; doctors' and dentists' offices; urgent care centers, clinics, and rehabilitation facilities; physical therapists; mental health professionals; psychiatrists; therapists; research and laboratory services; blood banks, medical cannabis facilities; medical equipment, devices, and other healthcare manufacturers and suppliers; reproductive health care providers; eye care centers; home healthcare services providers; substance abuse <u>treatment</u> providers; medical transport services; and pharmacies;

b. Grocery stores, farmers' markets, farm and produce stands, supermarkets, food banks, convenience stores, and other establishments primarily engaged in the ~~retail~~ sale of canned food, dry goods, fresh fruits and vegetables, baby products, pet supply, liquor, fresh or frozen meats, fish, and poultry, and any other household consumer products (such as cleaning and personal care products). This authorization to remain open includes stores that sell <u>both</u> groceries and ~~also sell other~~ non-grocery products~~,~~ ~~and~~ <u>or</u> products necessary to maintaining the safety, sanitation, and essential operations of residences and other structures;

c. Businesses engaged in food cultivation, including farming, livestock, and fishing;

d. Businesses that provide food, shelter, social services, and other necessities of life for economically disadvantaged or otherwise needy individuals;

e. Newspapers, television, radio, and other media services;

f. Gas stations, <u>marine fueling stations,</u> new and used automobile dealerships, and auto-supply, auto-repair, <u>motorcycle, scooter, and motorcycle or scooter repair shops, bicycle and bicycle repair shops,</u> and related facilities;

g. Banks and related financial institutions, including insurance firms and pawn shops;

4

Exhibit 80 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1108 of 2921

    h.    Hardware, gardening, and building material stores;

    i.    Contractors and other tradesmen, building management and maintenance (including janitorial companies servicing commercial businesses), home security firms, fire and water damage restoration, public adjusters, appliance repair personnel, exterminators, and other service providers who provide services that are necessary to maintaining the safety, sanitation, and essential operation of residences and other structures;

    j.    Businesses primarily providing mailing, ~~logistics,~~ pick-up, and shipping services, including post office boxes;

    k.    Private colleges, trade schools, and technical colleges, but only as needed to facilitate online or distance learning, perform critical research, or perform essential functions, and university, college, or technical college residence halls, but only to the extent needed to accommodate students who cannot return to their homes;

    l.    Laundromats, dry cleaners, and laundry service providers;

    m.    Restaurants and other facilities that prepare and serve food<u>, including food trucks</u>, but subject to the limitations and requirements of the Governor's Executive Orders 20-68, 20-70, and 20-71<u>, and further subject to the following requirements: no more than ten (10) people may utilize or congregate at or near any such restaurant, facility, or food truck at any time, and any person in line must adhere to all measures advised by the CDC regarding social distancing; if more than ten (10) people congregate around multiple food trucks, the food trucks must be separated by at least fifty (50) yards</u>.  Schools and other entities that typically provide free food services to students or members of the public may continue to do so on the condition that the food is provided to students or members of the public on a pick-up and takeaway basis only. Schools and other entities that provide food services under this exemption shall not permit the food to be eaten at the site where it is provided, or at any other gathering site under their control;

5

Exhibit 80 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1109 of 2921

n.   Businesses that primarily supply office products needed for people to work from home (but not including businesses that primarily sell or lease furniture);

o.   Businesses that primarily supply other essential businesses, as stated in this Emergency Order, with the support or supplies necessary to operate, and which do not interact with the general public, including cybersecurity firms (but not including businesses that primarily sell or lease furniture), provided that such businesses operate in full compliance with all measures advised by the CDC regarding social distancing;

p.   Businesses that primarily ship or deliver groceries, food, or goods, or services directly to residents;

q.   Airlines, taxis, and other private transportation providers providing transportation services via automobile, truck, boat, bus, or train;

r.   Businesses engaged in providing home-based care for seniors, adults, or children;

s.   Assisted living facilities, nursing homes, adult day care centers, and home-based and residential settings for adults, seniors, children, and/or people with disabilities or mental illness;

t.   Businesses providing professional services, such as legal or accounting services, to the extent those services are necessary to respond to legally mandated activities comply with state or local laws or regulations during the declared Broward County emergency and only if such services cannot be performed as permitted in Section 4 below;

u.   Landscape and pool care businesses, including residential landscape and pool care services;

v.   Childcare facilities providing services that enable employees exempted in this Emergency Order to work as permitted. To the extent possible, childcare facilities should operate under the following conditions: Childcare must be carried out in stable groups of 10 or fewer (inclusive of childcare providers for the group); children and child

6

Exhibit 80 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1110 of 2921

care providers shall not change from one group to another; if more than one group of children is cared for at one facility, each group shall be in a separate room. Groups shall not mix or interact with each other. All play equipment used by one group of children must be cleaned and sanitized before use by another group of children. Any child exhibiting symptoms consistent with COVID-19 illness shall not be allowed to stay in the childcare facility;

w. Businesses operating at any airport, seaport, or other government facility, except as provided in the Governor's Executive Order 20-71, which requires all restaurants and food establishments licensed under Chapters 500 and 509 to suspend on-premises food and alcohol consumption, and except as to businesses operating from Broward County facilities as to which separate directives have or will be issued;

x. Logistics providers, including warehouses, trucking, consolidators, fumigators, and handlers;

y. Telecommunications providers, including sales of computer or telecommunications devices and the provision of home telecommunications;

z. Businesses <u>primarily</u> engaged in the provision of propane or natural gas;

aa. Businesses engaged in the provision of office space ~~and~~ <u>or</u> administrative support necessary ~~to perform~~ <u>for the operation of</u> any ~~of the above listed activities~~ <u>essential business listed in Executive Order 20-01 (as amended)</u>;

bb. Open construction sites, irrespective of the type of building <u>or project</u>;

cc. Businesses providing architectural, engineering, or land surveying services, but only with regard to ongoing construction projects in which construction has already commenced and provided that such businesses operate in full compliance with all measures advised by the CDC regarding social distancing;

dd. Factories, warehouses, manufacturing facilities, bottling plants, or ~~other~~ industrial distribution and supply chain facilities ~~used for essential products and industries for the U.S. domestic market~~ <u>to the extent the entity supplies goods or products necessary</u>

7

Exhibit 80 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1111 of 2921

<u>for the continued operation of essential businesses listed in Executive Order 20-01 (as amended)</u>;

ee.     Waste management services, ~~including~~ <u>so long as the</u> business <u>is</u> engaged primarily in the collection ~~and~~<u>, transfer, or</u> disposal of waste;

ff.     Marinas and boat launches, docking, fueling, marine supply, and other marina services (not including piers), but only to the extent necessary to support the following limited operations;

(i)     to allow any person with a commercial saltwater license issued by the Florida Fish and Wildlife Conservation Commission to enter and use ~~Broward County~~ <u>owned or operated marinas for commercial fishing purposes only</u> <u>a marina or boat launch for commercial fishing purposes only</u>;

(ii)    to support patrol, enforcement, and rescue activity by federal, state, or local government agencies~~;~~<u>;</u>

(iii)   to accommodate boats<u>,</u> ~~or~~ ferries<u>, or other vessels</u> in support of Port Everglades operations;

(iv)    to accommodate persons living aboard their vessels;

(v)     <u>to</u> accommodate persons returning to the United States from international voyages; ~~or~~

(vi)    to authorize <u>entry by</u> persons needing to remove their vessel<u>s</u> from the water ~~or~~<u>;</u>

<u>(vii)</u>   to perform emergency maintenance on a vessel, marina~~s~~, <u>or</u> fueling station~~s, and~~<u>; or</u>

<u>(viii)</u>  <u>to perform</u> marine supply services;

gg.     Hotels, motels, other commercial lodging establishments, and temporary vacation rentals, subject to the limitations stated in the Governor's Executive Order 20-70. Hotels, motels, and other commercial lodging establishments shall not accept new reservations <u>for occupancy periods that would commence prior to May 8, 2020 (the date</u>

8

Exhibit 80 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1112 of 2921

<u>the Governor's Executive Order 20-52 is currently scheduled to expire)</u> for persons other than Essential Lodgers. "Essential Lodgers" are defined as: (1) healthcare professionals; (2) first responders; (3) National Guard members; (4) law enforcement; (5) state or federal government employees; (6) airline crewmembers; (7) patients; (8) patients' families; (9) journalists; (10) others providing direct services in response to COVID-19; (11) displaced residents or visitors <u>dislodged from local lodging due to the COVID-19 crisis</u>; (12) persons utilizing hotels as transitional living arrangements; (13) persons sheltering in hotels due to domestic violence; (14) hotel employees, service providers, and contractors; or (15) ~~individuals~~ <u>Broward County residents</u> who, for any reason, are temporarily unable to reside in their home due to exigent circumstances;

    hh.    Veterinarian~~s~~ <u>clinics, pet hospitals,</u> and pet boarding facilities;

    ii.    Mortuaries, funeral homes, and cemeteries including funeral and cremation services;

    jj.    Firearm and ammunition supply stores;

    kk.    Businesses providing <u>goods or</u> services to any local, state, or federal government pursuant to a contract with such government ~~and provided~~<u>, but only if</u> such <u>goods or</u> services relate directly to a governmental response to the COVID-19 crisis<u>, or relate to a governmental public works construction project within Broward County</u>;

    ll.    Any business that employs five (5) or fewer persons, including management/ownership, where the employees do not come in regular contact with the general public in the regular course of business and the business can conduct its business in a manner that complies with the recommended social distancing and other requirements of previous executive orders, except to the extent inconsistent with any Executive Order or regulation issued by the Governor of Florida, the state, or any federal authority;

    mm.    Electrical production and distribution services; ~~and~~

    nn.    Moving, storage, and relocation services; <u>and</u>

oo. <u>Real estate sales and real property title services, provided such services are performed only electronically or remotely as permitted in Section 4.</u>

Section 4. Notwithstanding the foregoing and in addition to any permitted Minimum Basic Operations, all retail<u>, nonprofit,</u> a̶n̶d̶ commercial businesses may perform remote work so that a business's employees may interact with each other and/or with customers solely through electronic or telephonic means, and deliver services or products via only electronic means or mailing, shipping, or delivery services<s>;</s><u>.</u>

This order does not affect or limit the operations of Broward County, any public utility, any municipality, the Broward County School District, the North Broward Hospital District, the South Broward Hospital District, any other local government entity in Broward County, or any State or Federal office or facility.

<u>Essential employees are categorically exempt from any travel, curfew, or other restrictions relating to COVID-19 that are issued by Broward County or any other local governmental entity to the extent the activities at issue are required in order to comply with the employee's duties as an essential employee of Broward County or any other governmental entity. The following persons are designated as essential employees: first responders; gang and crisis intervention workers; public health workers; emergency management personnel; emergency dispatchers; law enforcement personnel and related contractors; persons working for emergency services providers; and governmental employees performing work in the course and scope of their employment. The Broward County Administrator or designee may designate additional persons and entities as essential employees by written directive without the need for amendment of this Emergency Order.</u>

Section 5. This order does not limit the number of persons who may be physically present and performing services on-site related to the operations of an e<u>E</u>ssential b<u>B</u>usiness except as expressly set forth herein or otherwise governed by any State or Federal order or regulation. All such persons are required to the full extent

practicable to operate in full compliance with all measures advised by the CDC including practicing social distancing such as keeping six (6) feet between persons and limiting group size to less than ten (10) people.

Section 6.  This order does not limit religious services at any location, but all persons performing or attending religious services are urged to fully comply with all measures advised by the CDC including limiting gatherings to no more than ten (10) people and practicing social distancing of at least six (6) feet between persons.

Section 7.    Applicability.

The provisions of this Emergency Order shall serve as minimum standards, and in no way modify any power possessed by municipalities within Broward County to impose more stringent standards within their jurisdictions.  This Emergency Order shall apply to retail and commercial businesses based upon their regular course of their business as of March 21, 2020; any change to an entity's scope of business after March 21, 2020, shall not modify the characterization of the entity as essential or nonessential.

Section 8.    Severability.

Any provision(s) within this Emergency Order that conflict(s) with any state or federal law or constitutional provision, or conflict(s) with or are superseded by a current or subsequently-issued Executive Order of the Governor or the President of the United States, shall be deemed inapplicable and deemed to be severed from this Emergency Order, with the remainder of the Emergency Order remaining intact and in full force and effect.  To the extent application of some or all of the provisions of this Emergency Order is prohibited on the sovereign land of a federally or state recognized sovereign Indian tribe, such application is expressly excluded from this Emergency Order.

Section 9.    Effective Date; Duration.

This order shall be effective as of 12:01 a.m. on Friday, March 27, 2020.  This order shall expire upon the expiration of the existing State of Local Emergency, as same

11

Exhibit 80 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1115 of 2921

may be extended by subsequent order or declaration, unless earlier terminated by subsequent Emergency Order.

BROWARD COUNTY, FLORIDA

By: *[signature]*
Bertha Henry
County Administrator

RECEIVED AND FILED in the Records, Taxes and Treasury Division on this ___ day of March, 2020, at 1:30 p.m.

12

Exhibit 80 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1116 of 2921