# EXHIBIT 81

## BROWARD COUNTY ADMINISTRATOR'S
## EMERGENCY ORDER 20-05

**WHEREAS**, COVID-19, a respiratory illness caused by a virus that spreads rapidly from person to person and may result in serious illness or death, constitutes a clear and present threat to the lives, health, welfare, and safety of the people of Broward County;

**WHEREAS**, on March 1, 2020, Governor DeSantis declared a Public Health Emergency as a result of COVID-19, and on March 9, 2020, Governor DeSantis issued Executive Order 20-52, declaring a State of Emergency as a result of COVID-19;

**WHEREAS**, on March 10, 2020, I declared a Local State of Emergency;

**WHEREAS**, on March 11, 2020, the World Health Organization declared the spread of COVID-19 to be a global pandemic;

**WHEREAS**, on March 13, 2020, President Trump declared a national emergency concerning COVID-19;

**WHEREAS**, there is no vaccine or drug that has been specifically developed and is currently available to prevent or combat COVID-19;

**WHEREAS**, to reduce the spread of COVID-19, the United States Centers for Disease Control and Prevention ("CDC") and the Florida State Department of Health recommend implementation of community mitigation strategies to increase containment of the virus, including cancellation of large gatherings and social distancing of at least six (6) feet between persons in smaller gatherings;

**WHEREAS**, on March 10, 2020, the Broward County Board of County Commissioners authorized me to take any appropriate and necessary action to protect the health and safety of Broward County residents and visitors in connection with

1

Exhibit 81 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1117 of 2921

COVID-19, and other emergency powers, including under the state-approved emergency management plan, had previously been delegated to me (as further outlined below);

**WHEREAS**, on April 1, 2020, Governor DeSantis issued Executive Order 20-91 directing individuals in Florida to remain at home except to obtain or provide essential services or conduct essential activities as specified in the order;

**WHEREAS**, Executive Order 20-91, as amended, supersedes any local government orders to the extent they are inconsistent with Executive Order 20-91, as amended, but permits the County to institute additional precautions to prevent the spread of COVID-19 not in conflict with the Governor's orders;

**WHEREAS**, Broward County wishes to take additional steps to minimize the spread of COVID-19 and avoid harm to the South Florida community;

**NOW, THEREFORE**, I, Bertha Henry, the Broward County Administrator, pursuant to my emergency authority under Sections 8-53 and 8-56 of the Broward County Code of Ordinances, as well as the authority granted to me by the Declaration of Emergency issued by Governor DeSantis in Executive Order 20-52, by Chapter 252, Florida Statutes, by the Board of County Commissioners, and by the Broward County Comprehensive Emergency Management Plan, hereby order as follows:

Section 1.   Establishments that are identified as essential services under Executive Order 20-91, as amended, shall use reasonable efforts to ensure that all persons on site maintain appropriate social distancing, as recommended by the current CDC guidance, particularly in checkout, pickup, or take-out areas, and also in employee breakrooms and common use areas.  Reasonable efforts may include, but are not limited

Exhibit 81 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1118 of 2921

to, marking floors at appropriate intervals or providing other visible systems to encourage persons to maintain proper social distancing.

Section 2. All pools, pool decks, party rooms, hot tubs, golf courses, tennis courts, basketball courts, fitness centers, gymnasiums, and community rooms (collectively, "Recreational Amenities"), whether of a commercial or noncommercial nature, are closed for all purposes except as expressly excluded by this section. This section does not apply to Recreational Amenities that are: (a) required for the conduct of an essential service, as defined by the Governor's Executive Order 20-91, as amended; or (b) located on a single family residential lot, a single townhouse unit, or any part of a duplex lot, so long as the Recreational Amenity is utilized only by the inhabitants of that lot or unit.

Section 3. Applicability; Severability.

This Emergency Order applies to incorporated and unincorporated areas within Broward County, but has no application outside of Broward County. Any provision(s) within this Emergency Order that conflict(s) with any state or federal law or constitutional provision, or conflict(s) with or are superseded by a current or subsequently-issued Executive Order of the Governor or the President of the United States, shall be deemed inapplicable and deemed to be severed from this Emergency Order, with the remainder of the Emergency Order remaining intact and in full force and effect. To the extent application of some or all of the provisions of this Emergency Order is prohibited on the sovereign land of a federally or state recognized sovereign Indian tribe, such application is expressly excluded from this Emergency Order.

3

Exhibit 81 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1119 of 2921

Section 4.    Effective Date; Duration.

This order shall be effective as of 12:01 a.m. on Saturday, April 4, 2020. This Emergency Order shall expire upon the expiration of the existing State of Local Emergency, as same may be extended by subsequent order or declaration, unless earlier terminated by subsequent Emergency Order.

BROWARD COUNTY, FLORIDA

By: _____
Bertha Henry
County Administrator

RECEIVED AND FILED in the Records, Taxes and Treasury Division on this _3_ day of April, 2020, at _2:30 p_.m.



4

Exhibit 81 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 1120 of 2921