# EXHIBIT 87



# PRINCE GEORGE'S COUNTY GOVERNMENT
## Office of the County Executive

**Angela D. Alsobrooks**
**County Executive**

## EXECUTIVE ORDER
### No. __6__- 2020

March 16, 2020

## DECLARATION OF A LOCAL STATE OF EMERGENCY FOR PRINCE GEORGE'S COUNTY, MARYLAND

**WHEREAS,** Section 14-111 of the Public Safety Article of the Annotated Code of Maryland provides for the declaration of a Local State of Emergency; and

**WHEREAS,** Section 6-134, et seq., of the Prince George's County Code provides for the declaration of a Local State of Emergency; and

**WHEREAS,** on March 5, 2020, the Governor of the State of Maryland declared a state of emergency and a catastrophic health emergency for the State of Maryland to prevent the control and spread of COVID-19; and

**WHEREAS,** the President of the United States proclaimed that the COVID-19 outbreak in the United States constituted a national emergency beginning March 1, 2020; and

**WHEREAS,** the World Health Organization, on March 11, 2020, announced that the COVID-19 outbreak can be characterized as a pandemic; and

**WHEREAS,** Prince George's County, Maryland has been and continues to be impacted by the COVID-19 outbreak; now, therefore

**IT IS HEREBY ORDERED,** on this 16th day of March, 2020, that I, Angela D. Alsobrooks, County Executive for Prince George 's County, Maryland, hereby proclaim that a Local State of Emergency exists in Prince George's County, Maryland, and all County personnel, buildings, materials or resources, of any nature, shall be utilized by the County Government per my direction or the direction of the Director of the Office of Emergency Management, to any extent and in any lawful manner deemed necessary to protect human life and preserve property and in accordance with Subtitle 6 of the County Code.

Wayne K. Curry Administration Building
1301 McCormick Drive, Largo, MD 20774
(301) 952-4131 • www.princegeorgescountymd.gov

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 1154 of 2921**

**IT IS FURTHER ORDERED,**

1. All public offices and employees of Prince George's County are hereby directed to exercise the utmost diligence in the discharge of duties required of them for the duration of the emergency and in execution of federal, state and local emergency laws, regulations, and directives.
2. All citizens are called upon and directed to comply with necessary emergency measures, to cooperate with public officials and emergency management forces in executing emergency operations plans, and to obey and comply with the lawful directions of properly identified officers.
3. All operating agencies will direct their communications and requests for assistance and operations directly to the Prince George's County Emergency Operations Center.

**IT IS FURTHER ORDERED** that the Prince George's County Emergency Operations Plan is implemented and in full force and effect until further notice.

**IT IS FURTHER ORDERED** that this declaration of a Local State of Emergency shall terminate automatically 30 days from this date unless terminated sooner or unless it is further extended.

Angela D. Alsobrooks
County Executive

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 1155 of 2921**



# PRINCE GEORGE'S COUNTY GOVERNMENT
## OFFICE OF THE COUNTY EXECUTIVE

Angela D. Alsobrooks
County Executive

**EXECUTIVE ORDER**
**No.  7 – 2020**
**April 13, 2020**

### CONTINUED DECLARATION OF A LOCAL STATE OF
### EMERGENCY FOR PRINCE GEORGE'S COUNTY, MARYLAND

**WHEREAS,** Section 14-111 of the Public Safety Article of the Annotated Code of Maryland provides for the declaration of a Local State of Emergency; and

**WHEREAS,** Section 6-134, et seq., of the Prince George's County Code provides for the declaration of a Local State of Emergency; and

**WHEREAS,** the President of the United States proclaimed that the COVID-19 outbreak in the United States constituted a national emergency beginning March 1, 2020; and

**WHEREAS,** on March 5, 2020, the Governor of the State of Maryland declared a state of emergency and a catastrophic health emergency for the State of Maryland to control and prevent the spread of COVID-19; and

**WHEREAS,** the World Health Organization, on March 11, 2020, announced that the COVID-19 outbreak can be characterized as a pandemic; and

**WHEREAS,** Prince George's County, Maryland issued its first local declaration of emergency because of the COVID-19 pandemic, Executive Order Number 6-2020, on March 16, 2020;

**WHEREAS,** Prince George's County, Maryland, with currently over 2100 cases, has the highest number of COVID-19 positive cases in the State of Maryland; and

Wayne K. Curry Administration Building • 1301 McCormick Drive, Largo, MD 20774
(301) 952-4131 • www.princegeorgescountymd.gov

**WHEREAS**, unemployment in Prince George's County, Maryland is currently at approximately fifteen percent and many of the jobs created in the County over the last five years have been lost due to economic downturn caused by the current health crisis; and

**WHEREAS**, Prince George's County, Maryland imminently anticipates experiencing a surge of County residents becoming ill with the virus and placing stress on the standard method of providing medical care;

**WHEREAS**, Prince George' s County, Maryland has been and continues to be impacted by the COVID-19 outbreak; now, therefore

**IT IS HEREBY ORDERED,** on this 13th day of April, 2020, that I, Angela D. Alsobrooks, County Executive for Prince George's County, Maryland, hereby proclaim that a Local State of Emergency continues to exist in Prince George's County, Maryland.  To protect the public safety and welfare of all Prince Georgians during this pandemic, by controlling and preventing the further spread of COVID-19, the following orders are issued:

**Effective April 15, 2020**:
1. All patrons shopping in County grocery stores, pharmacies and large chain retail establishments are required to wear masks or face coverings to enter.
2. All individuals who ride "The Bus", Prince George's County's bus transit system, are required to wear masks or face coverings onboard.
3. Grocery stores, pharmacies and large chain retail establishments are required to promote social distancing inside and even outside of these establishments while customers wait to enter the premises.

**IT IS FURTHER ORDERED**, that a task force committee be established to provide professional, technical and strategic assistance to the County in successfully combatting this health emergency and such assistance is needed for the continued protection of life and property.  Members of the task force will be appointed by the County Executive and may include members of the County government, County, state and federal elected officials or their designees, representative from Prince George's County Public Schools, business and civic leaders, educational institutions, faith organizations, and non-profit leaders.

Wayne K. Curry Administration Building • 1301 McCormick Drive, Largo, MD 20774
(301) 952-4131 • www.princegeorgescountymd.gov

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**IT IS FURTHER ORDERED** that all mandates in Executive Order Number 6-2020 remain in full force and effect until further notice,

**IT IS FURTHER ORDERED** that this continued declaration of a Local State of Emergency shall terminate 30 days from April 13, 2020 unless terminated sooner or unless it is further extended.

Angela D. Alsobrooks
County Executive

Wayne K. Curry Administration Building • 1301 McCormick Drive, Largo, MD 20774
(301) 952-4131 • www.princegeorgescountymd.gov

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**          **Page 1158 of 2921**



Angela D. Alsobrooks
County Executive

# PRINCE GEORGE'S COUNTY GOVERNMENT
## OFFICE OF THE COUNTY EXECUTIVE

### EXECUTIVE ORDER
### No. 8-2020

### May 14, 2020

### CONTINUED DECLARATION OF A LOCAL STATE OF EMERGENCY FOR PRINCE GEORGE'S COUNTY, MARYLAND

**WHEREAS,** Section 14-111 of the Public Safety Article of the Annotated Code of Maryland provides for the declaration of a Local State of Emergency; and

**WHEREAS,** Section 6-134, et seq., of the Prince George's County Code provides for the declaration of a Local State of Emergency; and

**WHEREAS,** the President of the United States proclaimed that the COVID- 19 outbreak in the United States constituted a national emergency beginning March 1, 2020; and

**WHEREAS,** on March 5, 2020, the Governor of the State of Maryland declared a state of emergency and a catastrophic health emergency for the State of Maryland to control and prevent the spread of COVID-19 and these emergency declarations continue; and

**WHEREAS,** the World Health Organization, on March 11, 2020, announced that the COVID-19 outbreak can be characterized as a pandemic; and

**WHEREAS,** Prince George's County, Maryland previously issued the following emergency declarations: Executive Order Number 6-2020 dated March 16, 2020; Executive Order Number 7-2020 dated April 13, 2020; and CR-31-2020 adopted May 11, 2020; and

**WHEREAS,** Prince George's County, Maryland, with more than 10,400 confirmed positive cases of COVID-19, has the highest number of confirmed cases in the State of Maryland; and,

**WHEREAS,** Prince George's County, Maryland has more than 1,900 COVID-19 related hospitalizations and more than 350 deaths; and

**WHEREAS,** Prince George's County, Maryland is still experiencing a surge of County residents becoming ill with the virus and placing stress on the standard method of providing medical care;

**WHEREAS,** unemployment in Prince George's County, Maryland is currently at approximately fifteen percent and all the jobs created in the County over the last five years have been lost due to economic downturn caused by the current health crisis; and

**WHEREAS,** Prince George' s County, Maryland has been and continues to be severely impacted by the COVID-19 outbreak; and

**WHEREAS,** the Order of the Governor of the State of Maryland Number 20-05-13-01, issued May 13, 2020, specifically authorized political subdivisions to issue more restrictive orders than issued by the Governor including requiring any businesses, organizations, establishments, or

Wayne K. Curry Administration Building • 1301 McCormick Drive, Largo, MD 20774
(301) 952-4131 • www.princegeorgescountymd.gov

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 1159 of 2921**

facilities to close or modify their operations; and/or requiring individuals to remain indoors or to refrain from congregating; and

**WHEREAS,** the Prince George's County Maryland's available data does not show sufficient downward trend in the number of positive cases, hospitalizations, and deaths, or sufficient increase in necessary testing capacity, to support a re-opening or restart of certain businesses and activities; and

**WHEREAS CR-31-2020** authorizes the County Executive to amend the County's emergency declaration; now, therefore

**IT IS HEREBY ORDERED,** on this 14TH day of May, 2020, that I, Angela D. Alsobrooks, County Executive for Prince George's County, Maryland, hereby proclaim that a Local State of Emergency continues to exist in Prince George's County, Maryland. It is necessary and reasonable to save lives and to protect the public safety and welfare of all Prince Georgians during this pandemic, by controlling and preventing the further spread of COVID- 19, to issue the following orders:

**Effective May 15, 2020, beginning 5:00 p.m.:**

I.  Stay-at-Home Order

    A. All persons living in Prince George's County, Maryland are hereby ordered, effective as of 5:00 p.m. on May 15, 2020, to stay in their homes or places of residences ("Homes") except:

        1. To conduct or participate in Essential Activities (defined below) or Permitted Outdoor Activities (defined below):

        2. Staff and owners of businesses and organizations that are not required to close may travel:

            a. Between their Homes and those businesses and organizations; and

            b. To and from customers for the purpose of delivering goods or performing services; and

        3. staff and owners of Non-Essential Businesses (defined below) may travel:

            a. Between their Homes and those Non-Essential Businesses for the purpose of engaging in Minimal Operations; and

            b. To and from customers for the purpose of delivering goods.

    B. As used herein, "Essential Activities" means:

        1. Obtaining necessary supplies or services for one's self, family, household members, pets, or livestock, including, without limitation: groceries, supplies for household consumption or use, supplies and equipment needed to work from home, laundry, and products needed to maintain safety, sanitation, and essential maintenance of the home or residence;

        2. Engaging in activities essential for the health and safety of one's self, family, household members, pets, or livestock, including such things as seeking medical or behavior health or emergency services, and obtaining medication or medical supplies;

        3. Caring for a family member, friend, pet, or livestock in another household or location, including, without limitation, transporting a family member, friend, pet, or livestock animal for essential health and safety activities;

        4. Traveling to and from an educational institution for purposes of receiving meals or instructional materials for distance learning;

        5. Travel required by a law enforcement officer or court order; or

Wayne K. Curry Administration Building • 1301 McCormick Drive, Largo, MD 20774
(301) 952-4131 • www.princegeorgescountymd.gov

      6. Traveling to and from a Federal, State, or local government building for a necessary purpose.

C. As used herein, "Permitted Outdoor Activities" means the following, done in compliance with applicable Maryland State Secretary of Health's Directives, Health Officer Directives, and social distancing guidance published by the Centers for Disease Control and the Maryland Department of Health:

      1. Outdoor exercise activities, such as walking, hiking, running, biking, or individual and small group sports such as golfing, tennis, and similar activities;

      2. Outdoor fitness instruction;

      3. Recreational fishing, hunting, shooting, and archery;

      4. Recreational boating;

      5. Horseback riding; and

      6. Visiting cemeteries

D. Except as set forth in Paragraph I.E. of this Order, Non-Essential Businesses (as defined below) shall remain closed to the public.

E. Staff and owners may continue to be on-site at Non-Essential Businesses for only the following purposes:

      1. Facilitating remote working (a/k/a/ telework) by other staff;

      2. Maintaining essential property;

      3. Preventing loss of, or damage to property, including without limitation, preventing spoilage of perishable inventory;

      4. Performing essential administrative functions, including without limitation, picking up mail and processing payroll; and

      5. Caring for live animals.

F. Non-Essential Businesses are defined as all businesses, organizations, establishments, and facilities that are not part of the critical infrastructure sectors identified by the U.S. Department of Homeland Security, Cybersecurity and Infrastructure Security Agency (currently described at https://www.cisa.gov/identifying-critical-infrastructure-during-covid-19 (collectively, "Non-Essential Businesses")

II. Closure of Certain Specific Businesses, Organizations and Facilities

A. <u>Senior Centers</u>

      1. All senior citizen activities centers (as defined in Section 10- 501 (i) of the Human Services Article of the Maryland Code) shall remain closed.

B. <u>Restaurants and Bars</u>

      1. Restaurants, bars, and other similar establishments that sell food or beverages for consumption on-premises in Prince George's County, Maryland ("Restaurants and Bars") shall remain closed to the general public, except that, in accordance with any social-distancing recommendations of Maryland Department of Health or Prince George's County Health Department, food and beverages may be:

        a. Sold if such food or beverages are promptly taken from the premises, i.e., on a carry-out or drive-through basis; or

        b. Delivered to customers off the premises.

      2. This Order does not apply to food or beverage services in health care facilities, which are expressly excluded from the definition of "Restaurants and Bars."

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

C. Fitness Centers

   1. This Executive Order controls the occupancy and use of fitness centers, health clubs, health spas, gyms, aquatic centers, and self-defense schools in Prince George's County, Maryland ("Fitness Centers").

   2. All Fitness Centers shall remain closed to the general public, except that the portion of any Fitness Center that is licensed or otherwise permitted by applicable law, regulation, or order to provide child care services may remain open to the general public for the purpose of continuing to provide such child care services.

D. Theaters

   1. Theatres in Prince George's County, Maryland at which live performances occur or motion pictures are shown shall remain closed to the general public.

E. Malls

   1. This Executive Order controls the occupancy and use of shopping centers in Prince George's County, Maryland that have one or more enclosed pedestrian concourses ("Enclosed Malls").

   2. Except as set forth in paragraphs II.E.3 and II.E.4 of this Order, the following portions of Enclosed Malls shall remain closed to the general public:

      a. Pedestrian concourses and other interior common areas open to the general public, including without limitation, food courts; and

      b. Retail establishments only accessible to the general public from enclosed pedestrian concourses or other interior areas.

   3. Retail establishments attached to Enclosed Malls that are directly accessible from the outside are not required to close.

   4. Access to the general public to the following portions of Enclosed Malls is not prohibited:

      a. That primarily sell groceries or pharmacy products, or

      b. At which licensed professionals provide health care services; and

      c. Pedestrian concourses and other interior common areas, but solely to the extent necessary for the general public to access the retail establishments described in this sub-paragraph.

F. Other Recreational Establishments

   1. Except for those activities allowed as Permitted Outdoor Activities as defined in paragraph I.C of this Order, "Recreational Establishments" includes:

      a. Bingo halls;

      b. Bowling alleys;

      c. Pool halls;

      d. Amusement parks;

      e. Roller- and ice-skating rinks;

      f. Social and fraternal clubs, including without limitation, American Legion posts, VFW posts, and Elks Clubs;

      g. Campgrounds; and

Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

       h. Any other establishment not listed above that is subject to the admission and amusement tax under Title 4 of the Tax-General Article of the Maryland Code.

    2. All Recreational Establishments are hereby closed to the general public (including members, in the case of private clubs).

   G. <u>Other Miscellaneous Establishments</u>

    1. The following establishments shall remain closed to the general public:

       a. Tattoo parlors;

       b. Tanning salons;

       c. Barbershops; and

       d. Beauty salons and all other establishments that provide esthetic services, provide hair services, or provide nail services (as described in Title 5 of the Business Occupations Article of the Maryland Code).

III. Unless specifically allowed pursuant to this Executive Order, social, community, spiritual, religious, recreational, leisure, and sporting gatherings and events ("large gatherings and events") of more than 10 people are hereby prohibited at all locations and venues, including but not limited to parades, festivals, conventions, and fundraisers. Planned large gatherings and events must be canceled or postponed.

IV. Grocery stores, pharmacies and large chain retail establishments are required to promote social distancing inside and even outside of these establishments while customers wait to enter the premises.

V. For avoidance of doubt, this Order does not require the closure of, or prohibit the movement of any staff or volunteer traveling to, from, or in connection with their duties at any:

   A. Federal, State, or local government unit, building, or facility;

   B. Newspaper, television, radio, or other media service; or

   C. Non-profit organization or facility providing essential services to low-income persons, including, without limitation, homeless shelters, food banks, and soup kitchens.

VI. Unless terminated, extended or amended, Section I of this Executive Order ("Stay at Home"), shall continue through June 1, 2020.

VII. The remainder of this Executive Order shall remain in effect through June 10, 2020, unless amended or terminated earlier.

VIII. This Executive Order will be enforced by the Prince George's County Health Department with the assistance of Prince George's County law enforcement as needed.

IX. If any provision of this Executive Order or its application to any person, entity, or circumstance is held invalid by any court of competent jurisdiction, all other provisions or applications of the Order shall remain in effect to the extent possible without the invalid provision or application. To achieve this purpose, the provisions of this Executive Order are severable.

Angela D. Alsobrooks
County Executive

Wayne K. Curry Administration Building • 1301 McCormick Drive, Largo, MD 20774
(301) 952-4131 • www.princegeorgescountymd.gov



Angela D. Alsobrooks
County Executive

# PRINCE GEORGE'S COUNTY GOVERNMENT
## OFFICE OF THE COUNTY EXECUTIVE

**EXECUTIVE ORDER**
**No. 10-2020**

**May 28, 2020**

**MAY 28, 2020 CONTINUED DECLARATION OF A LOCAL STATE OF EMERGENCY FOR PRINCE GEORGE'S COUNTY, MARYLAND**

**WHEREAS,** Section 14-111 of the Public Safety Article of the Annotated Code of Maryland provides for the declaration of a Local State of Emergency; and

**WHEREAS,** Section 6-134, et seq., of the Prince George's County Code provides for the declaration of a Local State of Emergency; and

**WHEREAS,** the President of the United States proclaimed that the COVID- 19 outbreak in the United States constituted a national emergency beginning March 1, 2020; and

**WHEREAS,** on March 5, 2020, the Governor of the State of Maryland declared a state of emergency and a catastrophic health emergency for the State of Maryland to control and prevent the spread of COVID-19 and these emergency declarations continue; and

**WHEREAS,** the World Health Organization, on March 11, 2020, announced that the COVID-19 outbreak can be characterized as a pandemic; and

**WHEREAS,** Prince George's County, Maryland previously issued the following emergency declarations: Executive Order Number 6-2020 dated March 16, 2020; Executive Order Number 7-2020 dated April 13, 2020; CR-31-2020 adopted May 11, 2020; and Executive Order Number 8-2020 dated May 14, 2020; and

**WHEREAS,** Prince George's County, Maryland, with more than 14,000 confirmed positive cases of COVID-19 continues to have the highest number of confirmed cases in the State of Maryland; and

**WHEREAS,** Prince George' s County, Maryland has been and continues to be severely impacted by the COVID-19 outbreak; and

**WHEREAS,** the Order of the Governor of the State of Maryland Number 20-05-27-01, issued May 27, 2020, specifically authorized political subdivisions to issue more restrictive orders than issued by the Governor including requiring any businesses, organizations, establishments, or facilities to close or modify their operations; and/or requiring individuals to remain indoors or to refrain from congregating; and

**WHEREAS,** Prince George's County Maryland's has begun to show a downward trend in the number of positive cases, hospitalizations, and deaths; and there continues to be an increase in Prince George's County, Maryland's testing capacity, contact tracing and supply of personal

---

Wayne K. Curry Administration Building • 1301 McCormick Drive, Largo, MD 20774
(301) 952-4131 • www.princegeorgescountymd.gov

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 1164 of 2921**

protective equipment to support moving towards a modified re-opening or restart of certain businesses and activities; and

**WHEREAS,** consistent with Governor Larry Hogan's Roadmap to Recovery plan, the following are essential pillars in assessing the efforts to combat COVID-19: expanded testing, improved contact tracing, increased hospital surge capacity, and increased supply of personal protective equipment; and

**WHEREAS,** Prince George's County Maryland has experienced a two week decline in the number of new cases, as well as a two week decline in our number of deaths; and

**WHEREAS,** the number of average deaths per day and hospitalizations in Prince George's County Maryland due to sickness from COVID-19 is trending downward;

**WHEREAS, CR-31-2020** authorizes the County Executive to amend the County's emergency declaration; now, therefore

**IT IS HEREBY ORDERED,** on this 28th day of May 2020, that I, Angela D. Alsobrooks, County Executive for Prince George's County, Maryland, hereby proclaim that a Local State of Emergency continues to exist in Prince George's County, Maryland. It is necessary and reasonable to save lives and to protect the public safety and welfare of all Prince Georgians during this pandemic, by controlling and preventing the further spread of COVID- 19, to issue the following orders:

I.    Stay-at-Home Order – Rescinded
The Stay-at-Home Order, as set forth in Executive Order No. 8-2020, is rescinded effective June 1, 2020 at 5:00 p.m., unless specifically stated otherwise in this Order.  However, all residents are encouraged to stay in their homes or places of residences as much as possible, continue to practice appropriate personal hygiene like regular hand-washing and exercising appropriate social distancing when coming into contact with persons outside their home or place or residence.

II.   Except as otherwise provided in this Order, non-essential businesses shall remain closed to the general public.  Non-essential businesses are defined as businesses, establishments, organizations and facilities that are not part of the critical infrastructure sectors identified by the U.S. Department of Homeland Security's Cybersecurity and Infrastructure Security Agency (currently described at https://www.cisa.gov/identifying-critical-infrastructure-during-covid-19)

III.  Closure of Certain Specific Businesses, Organizations and Facilities

A.   *Senior Centers.* All senior citizen activities centers (as defined in Section 10-501 (i) of the Human Services Article of the Maryland Code) shall remain closed.

B.   *Restaurants and Bars*
1.   Restaurants, bars, and other similar establishments that sell food or beverages for consumption on premises in Prince George's County, Maryland ("Restaurants and Bars") shall remain closed to the general public, except that, in accordance with any social-distancing recommendations of the Centers for Disease Control and Prevention ("CDC") and the Maryland Department of Health ("MDH"), food and beverages may be:

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**          **Page 1165 of 2921**

      a. Sold if such food or beverages are promptly taken from the premises, i.e., on a carry-out or drive-through basis; or

      b. Delivered to customers off the premises; and

      c. Outdoor dining at Restaurants and Bars will be permitted as allowed by the Governor of the State of Maryland.

2. This Order does not apply to food or beverage services in health care facilities, which are expressly excluded from the definition of "Restaurants and Bars."

C. *Fitness Centers*

1. This Executive Order controls the occupancy and use of fitness centers, health clubs, health spas, gyms, aquatic centers, and self-defense schools in Prince George's County, Maryland ("Fitness Centers").

2. All Fitness Centers shalt remain closed to the general public, except that the portion of any Fitness Center that is licensed or otherwise permitted by applicable law, regulation, or order to provide child care services may remain open to the general public for the purpose of continuing to provide such child care services.

D. *Theaters*

Theatres in Prince George's County, Maryland at which live performances occur or motion pictures are shown shall remain closed to the general public, including drive-in theaters.

E. *Malls*

1. This Executive Order controls the occupancy and use of shopping centers in Prince George's County, Maryland that have one or more enclosed pedestrian concourses ("Enclosed Malls").

2. Except as set forth in paragraphs III.E.3 through III.E.5 of this Order, the following portions of Enclosed Malls shall remain closed to the general public:

      a. Pedestrian concourses and other interior common areas open to the general public, including without limitation, food courts; and

      b. Retail establishments only accessible to the general public from enclosed pedestrian concourses or other interior areas.

3. Retail establishments attached to Enclosed Malls that are directly accessible from the outside are not required to close.

4. Retail establishment may open for curbside service where the customer can order and pay for items online or over the telephone and arrive at the premises of the retail establishment with the items delivered to the customer's car. There must be no direct contact between the establishment's employee and customer and the employee and customer must wear appropriate face covering.

5. Access to the general public to the following portions of Enclosed Malls is not prohibited:

      a. That primarily sell groceries or pharmacy products, or

      b. At which licensed professionals provide health care services; and

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 1166 of 2921**

       c.  Pedestrian concourses and other interior common areas, but solely to the extent necessary for the general public to access the retail establishments described in this sub-paragraph.

F. *Other Recreational Establishments*

    1.  "Recreational Establishments" includes:

       a.  Bingo halls;

       b.  Bowling alleys;

       c.  Pool halls;

       d.  Amusement parks;

       e.  Roller- and ice-skating rinks;

       f.  Marinas and watercraft rental businesses;

       g.  Swimming pools;

       h.  Day camps;

       i.  Playgrounds;

       j.  Youth sports;

       k.  Tour boats;

       l.  Social and fraternal clubs, including without limitation, American Legion posts, VFW posts, and Elks Clubs;

       m.  Campgrounds; and

       n.  Any other establishment not listed above that is subject to the admission and amusement tax under Title 4 of the Tax-General Article of the Maryland Code.

    2.  All Recreational Establishments are hereby closed to the general public (including members, in the case of private clubs).

G. *Other Miscellaneous Establishments*

The following establishments shall remain closed to the general public:

    1.  Tattoo parlors;

    2.  Tanning salons; and

    3.  Massage parlors. "Massage parlors" does not include licensed massage therapists providing massage therapy in health care settings, as defined in Title 6 of the Health Occupations Article of the Maryland Code.

IV.    Businesses, Organizations, Establishment and Facilities That May Open

A. *Retail Establishments*, except as provided in Paragraph III. E of this Order. The following rules must be adhered to:

    1.  Maintain physical distancing (greater than 6'), wherever possible, between employees and customers at curbside and in-store operations;

    2.  Employees and customers are required to wear face coverings that fully cover a person's mouth and nose;

    3.  Physical distancing markers for staff and customers required;

    4.  High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and Environment Protection Agency ("EPA") approved disinfectant at least every 2 hours;

    5.  All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working;

    6.  Online shopping and payment via digital platforms should be encouraged as much as possible.

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**    **Page 1167 of 2921**

B. *Manufacturing*. The following rules must be adhered to:

1. Maintain physical distancing (greater than 6'), wherever possible;
2. Use of appropriate personal protective equipment ("PPE"), including face coverings, by all staff;
3. Physical distancing markers for staff;
4. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA- approved disinfectant at least every 2 hours;
5. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working.

C. *Farmers Markets* will be able to open for carryout only. Maintaining proper social distancing (greater than 6') is required, wherever possible. Face coverings are required for vendors and customers and CDC and EPA guidelines for cleaning high use surfaces must be followed.

D. *Childcare Facilities* can open for dependents of Essential persons (as defined below) and persons returning to work due to the Modified Phase 1 Opening reflected in this Order. The following rules must be adhered to:

1. Maintain physical distancing (greater than 6'), wherever possible;
2. Use of PPE, including face coverings, by all employees;
3. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA- approved disinfectant at least every 2 hours;
4. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working;
5. Daily symptom screenings for employees and children;
6. Staggered drop-offs and pick-ups;
7. Temporary exclusion for employees and children, following CDC and MDH guidelines, in the event of positive cases;
8. All applicable State and local regulations for the operation of a childcare facility must be followed.
9. "Essential persons" is defined as:
   a. Providers of health, long-term, or acute inpatient care, emergency medical, or pharmacy services;
   b. Public health employees;
   c. Law enforcement personnel;
   d. Correctional services employees;
   e. Firefighters and other first responders;
   f. Government employees required to work during the state of emergency or catastrophic health emergency;
   g. Employees and representatives of insurance carriers, and those authorized by the Maryland Insurance Agency to engage in the business of insurance;
   h. National Guard personnel called to active duty;
   i. Staff and providers of child care or education services, including custodial staff and food service providers;
   j. Food distributors and suppliers, including food and supply services or distribution personnel;
   k. Transportation and delivery services personnel;

   l. Gasoline service station operators and automobile repair mechanics;
   m. Critical infrastructure employees, including emergency support personnel for gas and electric utility operations, public works, water treatment, and waste management;

E. *Fully Automatic Car Washes*.  Customers must be able to remain in their cars while obtaining service.  There should be no physical contact between car wash employees and vehicle occupants. The interior of the vehicle may not be cleaned by car wash employees, but the outside of the vehicle may be wiped down by these employees so long as there is adherence to the no physical contact mandate.

F. *Barbershops and Beauty Salons* (the latter limited to only providing hair services and—blow drying, as described in Title 5 of the Business Occupations Article of the Maryland Code.)  Customers must be served via appointment only; customers are not allowed to congregate in common sitting area waiting to be served. The following rules must also be adhered to:
   1. Maintain physical distancing (greater than 6'), wherever possible;
   2. Use of PPE, including face coverings, by all employees;
   3. Physical distancing markers for staff;
   4. Service is limited to 1 customer for every 200 square feet of service delivery space;
   5. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA- approved disinfectant at least every 2 hours;
   6. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working.

G. Guidance is provided in the following sources: CDC Business and Workplace Toolkit; CDC COVID-19 FAQ for Businesses; CDC Guidance for Manufacturing Workers and Employers; CDC COVID-19 Guidance for Childcare Providers; MSDE COVID-19 FAQ for Child Care Settings

V. For avoidance of doubt, the following activities are specifically allowed when done in compliance with applicable CDC and MDH social distancing guidance:
   A. Outdoor exercise activities, such as walking, hiking, running, biking, or individual and small group sports such as golfing (except miniature golf), tennis, and similar activities;
   B. Outdoor fitness instruction;
   C. Recreational fishing, hunting, shooting, and archery;
   D. Recreational boating;
   E. Horseback riding; and
   F. Visiting cemeteries.

VI. Unless specifically allowed pursuant to this Executive Order, social, community, spiritual, religious, recreational, leisure, and sporting gatherings and events ("large gatherings and events") of more than 10 people are hereby prohibited at all locations and venues, including but not limited to parades, festivals, conventions, and fundraisers. Planned large gatherings and events must be canceled or postponed.

VII.    Grocery stores, pharmacies and large chain retail establishments are required to promote social distancing inside and outside of these establishments while customers wait to enter the premises.

VIII.   For avoidance of doubt, this Order does not require the closure of, or prohibit the movement of any staff or volunteer traveling to, from, or in connection with their duties at any:
    A. Federal, State, or local government unit, building, or facility;
    B. Newspaper, television, radio, or other media service; or
    C. Non-profit organization or facility providing essential services to low-income persons, including, without limitation, homeless shelters, food banks, and soup kitchens.

IX.     This Executive Order shall remain in effect through June 10, 2020, unless amended or terminated earlier.

X.      This Executive Order will be enforced by the Prince George's County Health Department with the assistance of Prince George's County law enforcement as needed.

XI.     This Executive Order supersedes any inconsistent provision from a prior Executive Order or CR-31-2020.

XII.    If any provision of this Executive Order or its application to any person, entity, or circumstance is held invalid by any court of competent jurisdiction, all other provisions or applications of the Order shall remain in effect to the extent possible without the invalid provision or application. To achieve this purpose, the provisions of this Executive Order are severable.

Angela D. Alsobrooks
County Executive

Wayne K. Curry Administration Building • 1301 McCormick Drive, Largo, MD 20774
(301) 952-4131 • www.princegeorgescountymd.gov



Angela D. Alsobrooks
*County Executive*

# PRINCE GEORGE'S COUNTY GOVERNMENT
## OFFICE OF THE COUNTY EXECUTIVE

### EXECUTIVE ORDER
### No. 13-2020

### June 12, 2020

### JUNE 15, 2020 CONTINUED DECLARATION OF A LOCAL STATE OF EMERGENCY FOR PRINCE GEORGE'S COUNTY, MARYLAND

**WHEREAS,** Section 14-111 of the Public Safety Article of the Annotated Code of Maryland provides for the declaration of a Local State of Emergency; and

**WHEREAS,** Section 6-134, et seq., of the Prince George's County Code provides for the declaration of a Local State of Emergency; and

**WHEREAS,** the President of the United States proclaimed that the COVID-19 outbreak in the United States constituted a national emergency beginning March 1, 2020; and

**WHEREAS,** on March 5, 2020, the Governor of the State of Maryland declared a state of emergency and a catastrophic health emergency for the State of Maryland to control and prevent the spread of COVID-19 and these emergency declarations continue; and

**WHEREAS,** the World Health Organization, on March 11, 2020, announced that the COVID-19 outbreak can be characterized as a pandemic; and

**WHEREAS,** Prince George's County, Maryland previously issued the following emergency declarations: Executive Order Number 6-2020 dated March 16, 2020; Executive Order Number 7-2020 dated April 13, 2020; CR-31-2020 adopted May 11, 2020; Executive Order Number 8-2020 dated May 14, 2020; and CR-51-2020 adopted June 9, 2020.

**WHEREAS,** Prince George's County, Maryland, with more than 17,300 confirmed positive cases of COVID-19 continues to have the highest number of confirmed cases in the State of Maryland; and

**WHEREAS,** Prince George' s County, Maryland has been and continues to be severely impacted by the COVID-19 outbreak; and

**WHEREAS,** the Order of the Governor of the State of Maryland Number 20-06-10-01, issued June 10, 2020, specifically authorized political subdivisions to issue more restrictive orders than issued by the Governor including requiring any businesses, organizations, establishments, or facilities to close or modify their operations; and/or requiring individuals to remain indoors or to refrain from congregating; and

**WHEREAS,** Prince George's County, Maryland's has continued to show a downward trend in the number of new positive cases and thus decreasing the positivity rate, the number of COVID-19 related hospitalizations and deaths; and there continues to be an increase in Prince George's County, Maryland's testing capacity, contact tracing and supply of personal protective equipment to support moving towards Phase 2 of reopening; and

Wayne K. Curry Administration Building • 1301 McCormick Drive, Largo, MD 20774
(301) 952-4131 • www.princegeorgescountymd.gov

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 1171 of 2921**

**WHEREAS,** consistent with Governor Larry Hogan's Roadmap to Recovery plan, the following are essential pillars in assessing the efforts to combat COVID-19: expanded testing, improved contact tracing, increased hospital surge capacity, and increased supply of personal protective equipment; and

**WHEREAS,** the number of average deaths per day and hospitalizations in Prince George's County Maryland due to sickness from COVID-19 is trending downward;

**WHEREAS, CR-51-2020** authorizes the County Executive to amend the County's emergency declaration; now, therefore

**IT IS HEREBY ORDERED,** on this 12th day of June, 2020, that I, Angela D. Alsobrooks, County Executive for Prince George's County, Maryland, hereby proclaim that a Local State of Emergency continues to exist in Prince George's County, Maryland. It is necessary and reasonable to save lives and to protect the public safety and welfare of all Prince Georgians during this pandemic, by controlling and preventing the further spread of COVID- 19, to issue the following orders, which shall take effect **June 15, 2020 at 5:00 p.m.:**

I.   Stay-at-Home Order remains rescinded, unless specifically stated otherwise in this Order. However, all residents are still encouraged to stay in their homes or place of residences as much as possible, continue to practice appropriate personal hygiene like regular hand-washing and exercising appropriate social distancing when coming into contact with persons outside their home or place or residence.

II.  Face Covering. "Face Covering" means a covering that fully covers a person's nose and mouth. The term "Face Covering" includes, without limitation, scarves and bandanas. The following rules apply to Face Coverings:

    A. All riders and operators on "The Bus", Prince George's County's bus transit system, are required to wear;

    B. All customers in the enclosed area of a retail or restaurant establishment over the age of nine are required to wear; however, adult customers accompanying children age two through nine shall use reasonable efforts to cause those children to wear Face Coverings while inside the enclosed area of any retail or restaurant;

    C. All retail establishments shall require staff to wear, and those staff shall wear, Face Coverings while working in areas open to the general public and areas in which interactions with other staff are likely; and

    D. All restaurants shall require staff who interact with customers (including, without limitation, delivery personnel) to wear, and those staff shall wear, Face Coverings while working.

    E. Single-use Face Coverings shall be properly discarded in trash receptacles. It is recommended that all reusable Face Coverings be cleaned frequently (at least once per day).

III. Except as otherwise provided in this Order, non-essential businesses shall remain closed to the general public.  Non-essential businesses are defined as businesses, establishments, organizations and facilities that are <u>not</u> part of the critical infrastructure sectors identified by the U.S. Department of Homeland Security's Cybersecurity and Infrastructure Security Agency (current described at https://www.cisa.gov/identifying-critical-infrastructure-during-covid-19).

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

IV.  Closure of Certain Specific Businesses, Organizations and Facilities

A.  <u>Senior Centers</u>
   All senior citizen activities centers (as defined in Section 10- 501 (i) of the Human Services Article of the Maryland Code) shall remain closed.

B.  <u>Fitness Centers</u>
   1. This Executive Order controls the occupancy and use of fitness centers, health clubs, gyms, aquatic centers, and self-defense schools in Prince George's County, Maryland ("Fitness Centers").
   2. All Fitness Centers shall remain closed to the general public, except that the portion of any Fitness Center that is licensed or otherwise permitted by applicable law, regulation, or order to provide child care services may remain open to the general public for the purpose of continuing to provide such child care services.

C.  <u>Theaters</u>
   Theatres in Prince George's County, Maryland at which live performances occur or motion pictures are shown shall remain closed to the general public, including drive-in theaters.

D.  <u>Other Recreational Establishments</u>
   1. "Recreational Establishments" includes:
      a. Bingo halls;
      b. Bowling alleys;
      c. Pool halls;
      d. Amusement parks;
      e. Roller- and ice-skating rinks;
      f. Marinas and watercraft rental businesses;
      g. Indoor swimming pools;
      h. Tour boats;
      i. Social and Fraternal clubs, including without limitation, American Legion posts, VFW posts, and Elks Clubs;
      j. Campgrounds; and
      k. Any other establishment not listed above that is subject to the admission and amusement tax under Title 4 of the Tax-General Article of the Maryland Code.
   2. Except as otherwise provided in this Order, all Recreational Establishments are hereby closed to the general public (including members, in the case of private clubs).

V.  Businesses, Organizations, Establishment and Facilities That May Open

A.  <u>Retail Establishments</u> may open with the following safeguards and capacity limits:
   1. Maximum of 5 persons per 1,000 square feet will be allowed in the establishment, not to exceed 50% maximum capacity as defined by the State of Maryland.
   2. Maintain physical distancing (greater than 6'), wherever possible, between employees and customers at curbside and in-store operations;
   3. Adherence to Face Covering provision in Section II of this Order;
   4. Physical distancing markers for staff and customers required;

Wayne K. Curry Administration Building • 1301 McCormick Drive, Largo, MD 20774
(301) 952-4131 • www.princegeorgescountymd.gov

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**    **Page 1173 of 2921**

5. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and Environment Protection Agency ("EPA") approved disinfectant at least every 2 hours;

6. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working;

7. Online shopping and payment via digital platforms should be encouraged as much as possible.

B. <u>Restaurants and Bars</u>

Restaurants, bars, and other similar establishments that sell food or beverages for consumption in Prince George's County, Maryland ("Restaurants and Bars") may open to the general public, in accordance with any social-distancing recommendations of the Centers for Disease Control and Prevention ("CDC") and the Maryland Department of Health ("MDH"), and subject to the following conditions:

1. Food or beverages are promptly taken from the premises, i.e., on a carry-out or drive-through basis; or

2. Delivered to customers off the premises; or

3. Outdoor dining at Restaurants and Bars will be permitted if there is adherence the following rules:

    a. Establishment has current approval for outdoor dining or receives a Restaurant Temporary Outdoor Seating Area permit;

    b. Adherence to Face Covering provision in Section II of this Order, except that customers, while eating or drinking during outdoor dining, may remove face covering;

    c. Ensure tables are seated at least six feet away from each other, except for households seated together;

    d. Not allow groups larger than six persons to be seated together, except members of the same household;

    e. Maximum of 50 patrons will be allowed at any outdoor dining regardless of space;

    f. All employees must receive health screenings prior to their shifts;

    g. Customers, while eating or drinking at outdoor dining, may remove face covering;

    h. No food service in a buffet format; and

    i. Clean and disinfect each table between each seating in accordance with CDC and MDH guidelines, using cleaning products that meet the criteria of the U.S. Environmental Protection Agency for use against COVID-19.

    j. Hand sanitizer and appropriate hand washing facilities must be available;

    k. Any other applicable laws or regulations.

4. Indoor dining permissible at 50% maximum capacity (as allowed by the State of Maryland) and adherence to the regulations that apply to outdoor dining (with the exception of the maximum of 50 patrons). Social and fraternal clubs, permissible via applicable laws or regulations, may offer indoor dining in accordance with Sections V.B.3 and V.B.4 of this Order.

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**                    **Page 1174 of 2921**

C. <u>Manufacturing</u>. The following rules must be adhered to:

1. Maintain physical distancing (greater than 6'), wherever possible;
2. Use of appropriate personal protective equipment ("PPE"), including face coverings, by all staff;
3. Physical distancing markers for staff;
4. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA- approved disinfectant at least every 2 hours;
5. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working.

D. <u>Farmers Markets</u> will be able to open for carryout only. Maintaining proper social distancing (greater than 6') is required, wherever possible. Face coverings are required for vendors and customers and CDC and EPA guidelines for cleaning high use surfaces must be followed.

E. <u>Childcare Facilities</u> can open for dependents of Essential persons (as defined below) and persons returning to during Phase 1 and Phase 2 of Prince George's County Reopening Plan. The following rules must be adhered to:

1. Maintain physical distancing (greater than 6'), wherever possible;
2. Use of PPE, including face coverings and gloves, by all employees;
3. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA approved disinfectant at least every 2 hours;
4. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working;
5. Daily symptom screenings for employees and children;
6. Staggered drop-offs and pick-ups;
7. Temporary exclusion for employees and children, following CDC and MDH guidelines, in the event of positive cases;
8. All applicable State and local regulations for the operation of a childcare facility must be followed.
9. "Essential persons" is defined as:

    a. Providers of health, long-term, or acute inpatient care, emergency medical, or pharmacy services;
    b. Public health employees;
    c. Law enforcement personnel;
    d. Correctional services employees;
    e. Firefighters and other first responders;
    f. Government employees required to work during the state of emergency or catastrophic health emergency;
    g. Employees and representatives of insurance carriers, and those authorized by the Maryland Insurance Agency to engage in the business of insurance;
    h. National Guard personnel called to active duty;
    i. Staff and providers of child care or education services, including custodial staff and food service providers;
    j. Food distributors and suppliers, including food and supply services or distribution personnel;
    k. Transportation and delivery services personnel;

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

      l. Gasoline service station operators and automobile repair mechanics;

      m. Critical infrastructure employees, including emergency support personnel for gas and electric utility operations, public works, water treatment, and waste management.

F. <u>Fully Automatic Car Washes</u>. Customers must be able to remain in their cars while obtaining service. There should be no physical contact between car wash employees and vehicle occupants. The interior of the vehicle may not be cleaned by car wash employees, but the outside of the vehicle may be wiped down by these employees so long as there is adherence to the no physical contact mandate and face coverings and gloves are worn.

G. <u>Self-Service Car Washing</u> establishments may open. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA approved disinfectant at least every 2 hours. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working. Adherence to Face Covering provision in Section II of this Order is required.

H. <u>Barbershops and Beauty Salons</u>. The following rules must also be adhered to:

    1. Customers must be served via appointment only;

    2. Customers are not allowed to congregate in common sitting area waiting to be served;

    3. Adherence to Face Covering provision in Section II of this Order, except that all customers over the age of 2 must wear face coverings unless doing so makes it impossible to provide service;

    4. Maintain physical distancing (greater than 6'), wherever possible;

    5. Use of PPE, including face coverings and gloves, by all employees;

    6. Physical distancing markers to create adequate social distancing;

    7. Service is limited to 50% maximum capacity for the service delivery space;

    8. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA approved disinfectant at least every 2 hours;

    9. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working.

I. <u>Other Personal Services</u>:

    1. Massages, hot tub and sauna services are NOT allowed.

    2. Esthetic and nail services may be performed under the following rules:

      a. Customers must be served via appointment only;

      b. Only 1 customer per 200 square feet of service delivery space;

      c. Customers must adhere to Face Covering provision in Section II of this Order;

      d. Use of PPE, including face coverings and gloves, by all employees. Gloves must be changed between each customer and paper/plastic coverings over tables/service chairs must be changed between each customer.

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**    **Page 1176 of 2921**

      e.  High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA approved disinfectant at least every 2 hours;

      f.  All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working;

      g.  Digital payment methods should be encouraged.

J.  <u>Places of Worship</u>: The following rules apply:

  1.  May open for gatherings that do not exceed 25% maximum capacity as defined by the State of Maryland:

      a.  Maintain physical distancing (greater than 6');

      b.  High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA approved disinfectant at least every 2 hours;

      c.  Hand sanitizers OR hand washing facilities must be available and frequent use should be encouraged.

      d.  There must be adherence to Section II, Face Coverings, of this Order.

  2.  May maintain online and drive-in services

  3.  May have outdoor services of 250 persons or less, if maintain appropriate social distancing and have access to hand washing/hand sanitizers.  Frequent use encouraged.

K.  Guidance is provided in the following sources: <u>CDC Business and Workplace Toolkit; CDC COVID-19 FAQ for Businesses; CDC Guidance for Manufacturing Workers and Employers; CDC COVID-19 Guidance for Childcare Providers; MSDE COVID-19 FAQ for Child Care Settings</u>

VI.  For avoidance of doubt, the following activities are specifically allowed when done in compliance with applicable CDC and MDH social distancing guidance:

A.  Outdoor exercise activities, such as walking, hiking, running, biking, or individual and small group sports such as golfing (except miniature golf), tennis, and similar activities;

B.  Outdoor fitness instruction;

C.  Parks are open for personal fitness and fitness classes.  This includes all parks, fields, tennis courts, tracks and golf courses. Low contact sports are also allowed;

D.  Summer/day camps: Open for 10 or fewer participants (including leaders) with capacity constraints of 10 people per room for indoor activities and up to 50 for outdoors activities;

E.  Playgrounds can open;

F.  Outdoor community pools, both public and private, up to a maximum of capacity of 25%;

G.  Youth sports may resume in small groups, no more than 9 children and 1 coach-maximum of 50 people in any area.

H.  Recreational fishing, hunting, shooting, and archery;

I.  Recreational boating;

J.  Horseback riding; and

K.  Visiting cemeteries.

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

VII.    Unless specifically allowed pursuant to this Executive Order, social, community, spiritual, religious, recreational, leisure, and sporting gatherings and events ("large gatherings and events") of more than 10 people are hereby prohibited at all locations and venues, including but not limited to parades, festivals, conventions, and fundraisers. Planned large gatherings and events must be canceled or postponed.

VIII.    All retail and restaurant establishments allowed to open are required to promote social distancing inside and outside of these establishments while customers wait to enter the premises.

IX.    For avoidance of doubt, this Order does not require the closure of, or prohibit the movement of any staff or volunteer traveling to, from, or in connection with their duties at any:

    A. Federal, State, or local government unit, building, or facility;
    B. Newspaper, television, radio, or other media service; or
    C. Non-profit organization or facility providing essential services to low-income persons, including, without limitation, homeless shelters, food banks, and soup kitchens.

X.    This Executive Order shall remain in effect through July 9, 2020, unless amended or terminated earlier.

XI.    This Executive Order will be enforced by the Prince George's County Health Department with the assistance of Prince George's County law enforcement as needed.

XII.    This Executive Order supersedes any inconsistent provision of CR-51-2020.

XIII.    If any provision of this Executive Order or its application to any person, entity, or circumstance is held invalid by any court of competent jurisdiction, all other provisions or applications of the Order shall remain in effect to the extent possible without the invalid provision or application. To achieve this purpose, the provisions of this Executive Order are severable.

Angela D. Alsobrooks
County Executive

Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment



Angela D. Alsobrooks
County Executive

# PRINCE GEORGE'S COUNTY GOVERNMENT
## OFFICE OF THE COUNTY EXECUTIVE

**EXECUTIVE ORDER**
**No. 15-2020**
**June 25, 2020**

### JUNE 29, 2020 CONTINUED DECLARATION OF A LOCAL STATE OF EMERGENCY FOR PRINCE GEORGE'S COUNTY, MARYLAND

WHEREAS, Section 14-111 of the Public Safety Article of the Annotated Code of Maryland provides for the declaration of a Local State of Emergency; and

WHEREAS, Section 6-134, et seq., of the Prince George's County Code provides for the declaration of a Local State of Emergency; and

WHEREAS, the President of the United States proclaimed that the COVID-19 outbreak in the United States constituted a national emergency beginning March 1, 2020; and

WHEREAS, on March 5, 2020, the Governor of the State of Maryland declared a state of emergency and a catastrophic health emergency for the State of Maryland to control and prevent the spread of COVID-19 and these emergency declarations continue; and

WHEREAS, the World Health Organization, on March 11, 2020, announced that the COVID-19 outbreak can be characterized as a pandemic; and

WHEREAS, Prince George's County, Maryland previously issued the following emergency declarations: Executive Order Number 6-2020 dated March 16, 2020; Executive Order Number 7-2020 dated April 13, 2020; CR-31-2020 adopted May 11, 2020; Executive Order Number 8-2020 dated May 14, 2020; Executive Order Number 10-2020 dated May 28, 2020; CR-51-2020 adopted June 9, 2020 and Executive Order Number 13-2020 dated June 12, 2020.

WHEREAS, Prince George's County, Maryland, with more than 18,640 confirmed positive cases of COVID-19 continues to have the highest number of confirmed cases in the State of Maryland; and

WHEREAS, Prince George' s County, Maryland has been and continues to be severely impacted by the COVID-19 outbreak; and

WHEREAS, the Order of the Governor of the State of Maryland Number 20-06-10-01, issued June 10, 2020, specifically authorized political subdivisions to issue more restrictive orders than issued by the Governor including requiring any businesses, organizations, establishments, or facilities to close or modify their operations; and/or requiring individuals to remain indoors or to refrain from congregating; and

WHEREAS, Prince George's County Maryland's has continued to show a downward trend in the number of new positive cases (thus decreasing the positivity rate), the number of COVID-19 related hospitalizations and deaths and there continues to be an increase in Prince George's County, Maryland's testing capacity, contact tracing and supply of personal protective equipment to support moving to a full Phase 2 reopening; and

Wayne K. Curry Administration Building • 1301 McCormick Drive, Largo, MD 20774
(301) 952-4131 • www.princegeorgescountymd.gov

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 1179 of 2921**

WHEREAS, consistent with Governor Larry Hogan's Roadmap to Recovery plan, the following are essential pillars in assessing the efforts to combat COVID-19: expanded testing, improved contact tracing, increased hospital surge capacity, and increased supply of personal protective equipment; and

WHEREAS CR-51-2020 authorizes the County Executive to amend the County's emergency declaration; now, therefore

IT IS HEREBY ORDERED, on this 25th day of June, 2020, that I, Angela D. Alsobrooks, County Executive for Prince George's County, Maryland, hereby proclaim that a Local State of Emergency continues to exist in Prince George's County, Maryland. It is necessary and reasonable to save lives and to protect the public safety and welfare of all Prince Georgians during this pandemic, by controlling and preventing the further spread of COVID- 19, to issue the following orders, which shall take effect June 29, 2020 at 5:00 p.m.:

I.  Stay-at-Home Order remains rescinded, unless specifically stated otherwise in this Order. However, all residents are still encouraged to stay in their homes or place of residences as much as possible, continue to practice appropriate personal hygiene like regular hand-washing and exercising appropriate social distancing when coming into contact with persons outside their home or residence.

II. Face Covering. "Face Covering" means a covering that fully covers a person's nose and mouth. The term "Face Covering" includes, without limitation, scarves and bandanas. The following rules apply to Face Coverings:

A. All riders and operators on "The Bus", Prince George's County's bus transit system, are required to wear;
B. All customers in the enclosed area of a retail or restaurant establishment over the age of nine are required to wear; however, adult customers accompanying children age two through nine shall use reasonable efforts to cause those children to wear Face Coverings while inside the enclosed area of any retail or restaurant;
C. All retail establishments shall require staff to wear, and those staff shall wear, Face Coverings while working in areas open to the general public and areas in which interactions with other staff are likely; and
D. All restaurants shall require staff who interact with customers (including, without limitation, delivery personnel) to wear, and those staff shall wear, Face Coverings while working.
E. Single-use Face Coverings shall be properly discarded in trash receptacles. It is recommended that all reusable Face Coverings be cleaned frequently (at least once per day).
F. Face Coverings are required by persons while inside County owned and operated buildings.
G. Additional specific rules may apply as further set forth in this Executive Order.

III. Except as otherwise provided in this Order, Non-essential businesses shall remain closed to the general public. Non-essential businesses are defined as businesses, establishments, organizations and facilities that are not part of the critical infrastructure sectors identified by the U.S. Department of Homeland Security's Cybersecurity and Infrastructure Security Agency (current described at https://www.cisa.gov/identifying-critical-infrastructure-during-covid-19).

Wayne K. Curry Administration Building • 1301 McCormick Drive, Largo, MD 20774
(301) 952-4131 • www.princegeorgescountymd.gov

IV.   Closure of Certain Specific Businesses, Organizations and Facilities

   A. Senior Centers. All senior citizen activities centers (as defined in Section 10- 501
      (i) of the Human Services Article of the Maryland Code) shall remain closed.
   B. Theaters
      Theaters in Prince George's County, Maryland at which live performances occur
      or motion pictures are shown, shall remain closed to the general public, however,
      live-streaming or broadcasting is allowed. (See below for drive-in movie theaters).
   C. Establishments may not resume nightclub or adult entertainment functions.
   D. Concert Venues: Remain closed to the general public.

V.   Businesses, Organizations, Establishment and Facilities That May Open

   A. Retail Establishments (including shopping malls) may open with the following
      safeguards and capacity limits: maximum of 1 person per 100 square feet of sales
      space, not to exceed 50% maximum capacity as defined by the State of Maryland.
      1. Maintain physical distancing (greater than 6'), wherever possible, between
         employees and customers at curbside and in-store operations
      2. Use of appropriate personal protective equipment by all employees
      3. Adherence to Face Covering provision in Section II of this Order for
         employees and customers
      4. Physical distancing markers for staff and customers required
      5. High contact surfaces (those with hourly or greater contact frequency) will
         be cleaned with Centers for Disease Control and Prevention ("CDC") and
         Environment Protection Agency ("EPA") approved disinfectant at least
         every 2 hours
      6. All employees must receive training on CDC COVID-19 guidance
         appropriate to their workplace prior to working
      7. Online shopping and payment via digital platforms should be encouraged
         as much as possible.

   B. Restaurants
      Restaurants and other similar establishments that sell food or beverages for
      consumption in Prince George's County, Maryland ("Restaurants") may open to the
      general public, in accordance with any social-distancing recommendations of the
      CDC and the Maryland Department of Health ("MDH"), and subject to the
      following conditions:
      1. Food or beverages are promptly taken from the premises, i.e., on a carry-
         out or drive-through basis; or
      2. Delivered to customers off the premises; or
      3. Outdoor dining at Restaurants and Bars will be permitted if there is
         adherence the following rules:
         a. Establishment has current approval for outdoor dining or receives a
            Restaurant Temporary Outdoor Seating Area permit;
         b. Adherence to Face Covering provision in Section II of this Order,
            except that customers, while eating or drinking during outdoor
            dining, may remove face covering;
         c. Ensure tables are seated at least six feet away from each other,
            except for households seated together;
         d. Not allow groups larger than six persons to be seated together,
            except members of the same household;

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**                    **Page 1181 of 2921**

    e. Maximum of 50 patrons will be allowed at any outdoor dining regardless of space;

    f. All employees must receive health screenings prior to their shifts;

    g. Customers, while eating or drinking at outdoor dining, may remove face covering;

    h. No food service in a buffet format;

    i. Clean and disinfect each tables and chairs between each seating in accordance with CDC and MDH guidelines, using cleaning products that meet the criteria of the EPA guidelines for use against COVID-19;

    j. Hand sanitizer and appropriate hand washing facilities must be available;

    k. Use of single-use disposable paper menus or sanitize reusable menus between each seating;

    l. Payment via digital platforms should be encouraged; and

    m. Any other applicable laws or regulations.

4. Indoor dining permissible at 50% maximum capacity (as allowed by the State of Maryland) and adherence to the regulations that apply to outdoor dining (with the exception of the maximum of 50 patrons). Social and fraternal clubs, permissible via applicable laws or regulations, may offer indoor dining in accordance with Sections V.B.3 and V.B.4 of this Order.

C. Manufacturing. The following rules must be adhered to:

1. Maintain physical distancing (greater than 6'), wherever possible

2. Use of appropriate personal protective equipment ("PPE"), including face coverings, by all staff

3. Physical distancing markers for staff

4. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA- approved disinfectant at least every 2 hours

5. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working

6. Guidance: CDC Guidance for Manufacturing Workers and Employers

D. Fitness Centers

1. This Executive Order controls the occupancy and use of fitness centers, health clubs, gyms, outdoor aquatic centers, and self-defense schools in Prince George's County, Maryland ("Fitness Centers").

2. Fitness Centers are limited to 1 patron per 200 square feet of fitness space, not to exceed 50% maximum capacity.

3. Maintain physical distancing (greater than 6'), wherever possible

4. Use of appropriate personal protective equipment ("PPE"), including face coverings, by all staff

5. Physical distancing markers for staff

6. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA- approved disinfectant at least every 2 hours

7. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

E. Farmers Markets will be able to open. Maintaining proper social distancing (greater than 6') is required, wherever possible. Face coverings are required for vendors and customers and CDC and EPA guidelines for cleaning high use surfaces must be followed.

F. Childcare Programs.  All licensed and authorized childcare programs are allowed to open per the following rules:

   1. Capacity limits will follow State regulations
   2. Maintain physical distancing (greater than 6'), wherever possible
   3. Use of PPE, including face coverings and gloves, by all employees
   4. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA- approved disinfectant at least every 2 hours
   5. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working
   6. Daily symptom screenings for employees and children
   7. Staggered drop-offs and pick-ups of children
   8. Temporary exclusion for employees and children, following CDC and MDH guidelines, in the event of positive cases
   9. All other applicable State and local regulations for operation of a must be followed.
   10. Rules and other guidance can be found in following sources: MSDE COVID-19 FAQ for Child Care Settings; Maryland Family Network COVID-19 Guidance for Childcare Providers; CDC COVID-19 Guidance for Childcare Providers

G. Fully Automatic Car Washes will remain allowed to open.
   1. Customers must be able to remain in their cars while obtaining service, except when establishment employees are cleaning interior of the vehicle. Employees must wear face coverings and gloves.  There should be no physical contact between employees and customer.
   2. Customers must wear face coverings that cover mouth and nose.
   3. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working.

H. Self-Service Car Washing will remain allowed to open.
   1. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA- approved disinfectant at least every 2 hours.
   2. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working.
   3. Employees and customers must wear face coverings that cover the nose and mouth.

I. Barbershops and Beauty Salons. The following rules must also be adhered to:
   1. Customers must be served via appointment only
   2. Customers are not allowed to congregate in common sitting area waiting to be served
   3. Adherence to Face Covering provision in Section II of this Order, except that all customers over the age of two (2) must wear face coverings unless doing so makes it impossible to provide service.
   4. Maintain physical distancing (greater than 6'), wherever possible

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**            **Page 1183 of 2921**

     5. Use of PPE, including face coverings and gloves, by all employees
     6. Physical distancing markers to create adequate social distancing
     7. Service is limited to 50% maximum capacity for the service delivery space
     8. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA- approved disinfectant at least every 2 hours
     9. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working
    10. Digital payment methods should be encouraged
    11. Restroom sanitation on a frequent schedule

J. Other Personal Services
    1. Other personal services allowed including esthetic and nail services, tattoo services, massages, hot tub and sauna services.
    2. The following rules apply:
       a. Customers must be served via appointment only
       b. Limited to 1 person per 200 square feet of service area, up to 50% of maximum capacity
       c. Maintain physical distancing (greater than 6 feet) wherever possible
       d. Physical distancing markers for staff and customers required
       e. Customers must wear face coverings, unless face coverings make it impossible to provide service
       f. Use of PPE, including face coverings and gloves, by all employees. Gloves must be changed between each customer and paper/plastic coverings over tables/service chairs must be changed between each customer
       g. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA- approved disinfectant at least every 2 hours
       h. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working
       i. Digital payment methods should be encouraged
       j. Restroom sanitation on a frequent schedule
       k. Guidance: MD Best Practices for Reopening Personal Services

K. Recreational or Entertainment Establishment of a Commercial Nature
    1. Amusement Parks
       a. May open at 40% of maximum capacity
       b. Must follow all requirements given by the County Office of Emergency Management and/or Health Department
       c. For establishments with one amusement ride, may open at 50% of maximum capacity
       d. Guidance: Industry Guidance
    2. Bingo Halls
       a. May open at 50% of maximum capacity
       b. Must also follow rules set forth in Section V.J.2 of this Order ("Other Personal Services")
    3. Bowling Alleys
       a. May open at 50% of maximum capacity
       b. Must also follow rules set forth in Section V.J.2 of this Order ("Other Personal Services")

Wayne K. Curry Administration Building • 1301 McCormick Drive, Largo, MD 20774
(301) 952-4131 • www.princegeorgescountymd.gov

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**    **Page 1184 of 2921**

4. Pool Halls
    a. May open at 50% of maximum capacity
    b. Must also follow rules set forth in Section V.J.2 of this Order ("Other personal services")

5. Gaming facilities and casinos such as MGM National Harbor and simulcast betting facilities (outside of horse racing establishments) may operate at 50% of maximum capacity. Use of appropriate personal protective equipment, including face coverings, by employees and patrons. Maintain physical distancing (greater than 6'), wherever possible. Adherence to other State directives is required, unless further amended by the County Health Officer and/or County Office of Emergency Management.

6. Tour Boats
    a. May resume at 50% of maximum capacity.
    b. Must follow all applicable rules while operating in the County.
    c. Staff and patrons upon disembarking the vessel, must wear face coverings, maintain social distance and follow other applicable rules.

7. Horse racing establishments and any other establishment not listed above that is subject to the admission and amusement tax under Title 4 of the Tax-General Article of the Maryland Code **will remain closed to the general public** (including members, in the case of private clubs).

L. Social and fraternal clubs, including without limitation, American Legion posts, VFW posts, and Elks Clubs may re-open for indoor recreation up to 50% of maximum capacity. Adherence to MDH and CDC guidelines is required unless further amended by County Health Officer.

M. <u>Places of Worship</u>: The following rules apply:
1. May open for gatherings that do not exceed 50% of maximum capacity
    a. Maintain physical distancing (greater than 6'), wherever possible
    b. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA- approved disinfectant at least every 2 hours
    c. Hand sanitizers OR hand washing facilities must be available and frequent use should be encouraged
    d. Face Coverings are required
    e. No live vocals unless via remote or streaming service
    f. Avoid physical contact
2. May maintain online and drive-in services
3. May have outdoor services of 250 persons or less, if maintain appropriate social distancing and have access to hand washing/hand sanitizers. Frequent use encouraged.
4. Guidance is also provided in the following sources: CDC Business and Workplace Toolkit; CDC COVID-19 FAQ for Businesses

N. <u>Maximum Occupancy</u>. For purposes of this Order, Maximum Occupancy means the maximum occupancy load under the applicable fire code, as set forth on the certificate issued for the establishment by a local fire code official. If no such certificate has been issued, the maximum occupancy is as determined by applicable laws, regulations and permits.

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**    **Page 1185 of 2921**

VI.   The following activities are specifically allowed when done in compliance with applicable CDC and MDH social distancing guidance and other applicable directives issued by the State Secretary of Health or County Health Officer:

A. Outdoor exercise activities, such as walking, hiking, running, biking, or individual and small group sports such as golfing, tennis, and similar activities

B. Miniature golf establishment are allowed to open up to 50% of maximum capacity

C. Outdoor fitness instruction

D. Parks are open for personal fitness and fitness classes.  This includes all parks, fields, tennis courts, tracks and golf courses. Low contact sports are also allowed.

E. Summer/day camps: Open for 10 or fewer participants (including leaders) with capacity constraints of 10 people per room for indoor activities; maximum of 50 persons indoors if maximum of 10 per group is maintained.  Outdoor activities may have a maximum of 100 persons, if maximum of 10 per group is maintained.

F. Playgrounds can open.

G. Outdoor swimming pools, both public and private, up to a maximum capacity of 50%.  Guidance is provided in MD Directive & Order for Swimming Pools and MD Guidance & Best Practices for Swimming Pools. Indoor pools (both public and private) remain closed.

H. Indoor Skating Rinks (roller and ice skating) may open. Limited to 50% of maximum capacity.

I. Recreational facilities may open up to 50% of maximum capacity.

J. Youth Sports
1. Only low-contact sports allowed at this time.
2. May resume in small groups, no more than 9 children and 1 coach—maximum of 100 people in any area while maintaining small group size. Allowed if facility can accommodate group size and spacing requirements.
3. Limited, low-contact sports, indoor and outdoor practices, focused on individual skill building versus competition.
4. Limited touching of shared equipment and gear.
5. There must be physical distancing for players while not actively engaged in play.
6. There must also be physical distancing of spectators.
7. To the extent possible, individuals engaged in the sport and spectators at the venue shall wear a face covering, especially when social distancing is not feasible. *Face coverings are not recommended when outside on very hot days due to the risk of heat injury.*

K. Other Recreational Establishments: The following may open at 50% maximum capacity:
1. Recreational fishing
2. Recreational hunting
3. Shooting ranges
4. Outdoor archery
5. Recreational boating
6. Horse boarding and riding facilities
7. Marinas and watercraft rental businesses
8. Campgrounds

L. Visiting Cemeteries

Wayne K. Curry Administration Building • 1301 McCormick Drive, Largo, MD 20774
(301) 952-4131 • www.princegeorgescountymd.gov

VII.   Unless specifically otherwise stated in this Executive Order, social, community, spiritual, religious, recreational, leisure, and sporting gatherings and events ("large gatherings and events") are limited to <u>one person/family unit per 200 square feet, or a maximum of 100 persons—whichever is lower</u>- at all locations and venues, including but not limited to parades, festivals, conventions, and fundraisers. Planned larger gatherings and events must be canceled or postponed. CDC and MDH social distancing protocols must be followed.

VIII.   All retail and restaurant establishments allowed to open are required to promote social distancing inside and outside of these establishments while customers wait to enter the premises.

IX.   For avoidance of doubt, this Order does not require the closure of, or prohibit the movement of any staff or volunteer traveling to, from, or in connection with their duties at any:
   A. Federal, State, or local government unit, building, or facility
   B. Newspaper, television, radio, or other media service; or
   C. Non-profit organization or facility providing essential services to low-income persons, including, without limitation, homeless shelters, food banks, and soup kitchens.

X.   This Executive Order shall remain in effect through July 9, 2020, unless amended or terminated earlier.

XI.   This Executive Order will be enforced by the Prince George's County Health Department with the assistance of Prince George's County law enforcement as needed.

XII.   This Executive Order supersedes any inconsistent provision of CR-51-2020.

XIII.   If any provision of this Executive Order or its application to any person, entity, or circumstance is held invalid by any court of competent jurisdiction, all other provisions or applications of the Order shall remain in effect to the extent possible without the invalid provision or application. To achieve this purpose, the provisions of this Executive Order are severable.

Angela D. Alsobrooks
County Executive

Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment          Page 1187 of 2921



Angela D. Alsobrooks
County Executive

# PRINCE GEORGE'S COUNTY GOVERNMENT
## OFFICE OF THE COUNTY EXECUTIVE

**EXECUTIVE ORDER**
**No. 20- 2020**
**September 3, 2020**

### SEPTEMBER 3, 2020 CONTINUED DECLARATION OF A LOCAL STATE OF EMERGENCY FOR PRINCE GEORGE'S COUNTY, MARYLAND

WHEREAS, Section 14-111 of the Public Safety Article of the Annotated Code of Maryland provides for the declaration of a Local State of Emergency; and

WHEREAS, Section 6-134, et seq., of the Prince George's County Code provides for the declaration of a Local State of Emergency; and

WHEREAS, the President of the United States proclaimed that the COVID- 19 outbreak in the United States constituted a national emergency beginning March 1, 2020; and

WHEREAS, on March 5, 2020, the Governor of the State of Maryland declared a state of emergency and a catastrophic health emergency for the State of Maryland to control and prevent the spread of COVID-19 and these emergency declarations continue; and

WHEREAS, the World Health Organization, on March 11, 2020, announced that the COVID-19 outbreak can be characterized as a pandemic; and

WHEREAS, Prince George's County, Maryland previously issued the following emergency declarations: Executive Order Number 6-2020 dated March 16, 2020; Executive Order Number 7-2020 dated April 13, 2020; CR-31-2020 adopted May 11, 2020; Executive Order Number 8-2020 dated May 14, 2020; Executive Order Number 10-2020 dated May 28, 2020; CR-51-2020 adopted June 9, 2020; Executive Order Number 13-2020 dated June 12, 2020; Executive Order Number 15-2020 dated June 25, 2020 and CR-64-2020 adopted  July 7, 2020.

WHEREAS, Prince George's County, Maryland, with more than 26,700 confirmed positive cases of COVID-19 continues to have the highest number of confirmed cases in the State of Maryland; and

WHEREAS, Prince George' s County, Maryland has been and continues to be severely impacted by the COVID-19 outbreak; and

WHEREAS, the Order of the Governor of the State of Maryland Number 20-09-01-01, issued September 1, 2020, specifically authorized political subdivisions to issue more restrictive orders than issued by the Governor including requiring any businesses, organizations, establishments, or facilities (except schools) to close or modify their operations; and/or requiring individuals to remain indoors or to refrain from congregating; and

WHEREAS, while Prince George's County Maryland's has continued to show a slow downward trend in the number of new positive cases, positivity rate, the number of COVID-19 related hospitalizations and deaths, the County currently sits right at the cusp between being classified in the moderate and low risk exposure range; and

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**          **Page 1188 of 2921**

WHEREAS, the County is currently experiencing a new daily case rate of 11.4 new cases per 100,000 people; which is above the State's new daily case rate of 8.7 per 100,000 people; and

WHEREAS, the County is just beginning to see a decline from the uptick in cases that were identified around the July 4th holiday, and caution must be taken as we move into the Labor Day holiday and the upcoming influenza season to ensure that the County maintains a downward decline in the number of cases, positivity rate, infection rate and COVID-19 related hospitalizations; and

WHEREAS, the County will remain in full Phase 2 re-opening and not move to Phase 3 at this time; and

WHEREAS CR-64-2020 authorizes the County Executive to amend the County's emergency declaration; now, therefore

IT IS HEREBY ORDERED, on this 3rd day of September, 2020, that I, Angela D. Alsobrooks, County Executive for Prince George's County, Maryland, hereby proclaim that a Local State of Emergency continues to exist in Prince George's County, Maryland. It is necessary and reasonable to save lives and to protect the public safety and welfare of all Prince Georgians during this pandemic, by controlling and preventing the further spread of COVID- 19, to issue the following orders, which essentially continue the rules set forth in CR-64-2020 and the County's Health Officer Directive dated August 4, 2020.  The following rules shall take effect September 3, 2020 at 5:00 p.m.:

I.     Stay-at-Home Order remains rescinded, unless specifically stated otherwise in this Order.  However, all residents are still encouraged to stay in their homes or place of residences as much as possible, continue to practice appropriate personal hygiene like regular hand-washing and exercising appropriate social.

II.    Face Covering.  "Face Covering" means a covering that fully covers a person's nose and mouth. The term "Face Covering" includes, without limitation, scarves and bandanas. The term specifically excludes medical grade face masks such as N95 or other masks that should be reserved for healthcare workers or other medical first responders. The following rules apply to Face Coverings:

   A.   Required for all riders and operators on "The Bus", Prince George's County's bus transit system;
   B.   Required indoor at any location where members of the public are generally permitted, including retail, restaurant or business establishment for all persons over the age of five; however, adult customers accompanying children age two through four shall use reasonable efforts to cause those children to wear Face Coverings while inside an indoor location described in this paragraph;
   C.   All retail, restaurant and business establishments shall require staff to wear, and those staff shall wear, Face Coverings while working;
   D.   Required when outdoors and unable to consistently maintain at least six feet of distance from individuals who are not members of their household;
   E.   Single-use Face Coverings shall be properly discarded in trash receptacles. It is recommended that all reusable Face Coverings be cleaned frequently (at least once per day);
   F.   Required by persons while inside County owned and operated buildings;
   G.   Retail, restaurant and business establishments must take all steps necessary to ensure that customers and employees comply with this Order including signs

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**          **Page 1189 of 2921**

directing persons through the establishment, signs on entrance doors requiring Face Coverings to be worn and frequent announcements that people must wear a Face Covering.

H. Additional specific rules may apply as further set forth in this Order.

I. **EXCEPTIONS**. This Order does not require a person to wear a Face Covering in an establishment that is operating consistent with all state and County laws and regulations, one of the below categories applies to that person:

    a. Due to a bona fide disability or medical condition, it would be unsafe for the person to do so;

    b. To the extent wearing a Face Covering would impede communication by or with persons who have a hearing impairment or other disability, where the ability to see the mouth is essential for communication;

    c. If wearing a Face Covering would subject the person to an unsafe working condition, as determined by federal, state, or local occupational safety regulators or workplace safety guidelines;

    d. To the extent wearing a Face Covering would make it impossible to receive medical or personal services requiring access to the face, mouth, or head, including without limitation, dental or medical care;

    e. While seated at a table at an establishment and consuming food or beverages;

    f. While in the water at a swimming pool;

    g. Any person age five (5) years old or younger.

III. Except as otherwise provided in this Order, Non-essential businesses shall remain closed to the general public. Non-essential businesses are defined as businesses, establishments, organizations and facilities that are not part of the critical infrastructure sectors identified by the U.S. Department of Homeland Security's Cybersecurity and Infrastructure Security Agency (current described at https://www.cisa.gov/identifying-critical-infrastructure-during-covid-19).

IV. Unless specifically otherwise stated in this Executive Order, social, community, spiritual, religious, recreational, leisure, and sporting gatherings and events ("large gatherings and events") are limited to one person/family unit per 200 square feet, or a maximum of 50 persons—whichever is lower- at all locations and venues, including but not limited to: private residences, parades, festivals, conventions, and fundraisers. Planned larger gatherings and events must be canceled or postponed. CDC and MDH social distancing protocols must be followed.

V. Closure of Certain Specific Businesses, Organizations and Facilities

A. Senior Centers. All senior citizen activities centers (as defined in Section 10- 501 (i) of the Human Services Article of the Maryland Code) shall remain closed.

B. Theaters in Prince George's County, Maryland at which live performances occur or motion pictures are shown, including drive-in movie theaters, shall remain closed to the general public; however, live-streaming or broadcasting is allowed.

C. Establishments may not resume nightclub or adult entertainment functions.

D. Concert Venues: Remain closed to the general public.

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

VI.    Businesses, Organizations, Establishment and Facilities That May Open

    A. Retail Establishments (including shopping malls) may open with the following safeguards and capacity limits: maximum of 1 person per 100 square feet of sales space, not to exceed 50% maximum capacity as defined by the State of Maryland.

        1. Maintain physical distancing (greater than 6'), wherever possible, between employees and customers at curbside and in-store operations

        2. Use of appropriate personal protective equipment by all employees

        3. Adherence to Face Covering provision in Section II of this Order for employees and customers

        4. Physical distancing markers for staff and customers required

        5. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with Centers for Disease Control and Prevention ("CDC") and Environment Protection Agency ("EPA") approved disinfectant at least every 2 hours

        6. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working

        7. Online shopping and payment via digital platforms should be encouraged as much as possible.

    B. Restaurants.  Restaurants and other similar establishments that sell food or beverages for consumption in Prince George's County, Maryland ("Restaurants") may open to the general public, in accordance with any social-distancing recommendations of the CDC and the Maryland Department of Health ("MDH"), and subject to the following conditions:

        1. Food or beverages are promptly taken from the premises, i.e., on a carry-out or drive-through basis; or

        2. Delivered to customers off the premises; or

        3. Outdoor dining at Restaurants and Bars will be permitted if there is adherence the following rules:

            a. Establishment has current approval for outdoor dining or receives a Restaurant Temporary Outdoor Seating Area permit;

            b. Adherence to Face Covering provision in Section II of this Order, except that customers, while eating or drinking during outdoor dining, may remove face covering;

            c. Ensure tables are seated at least six feet away from each other, except for households seated together;

            d. Not allow groups larger than six persons to be seated together, except members of the same household;

            e. Maximum of 50 patrons will be allowed at any outdoor dining regardless of space;

            f. All employees must receive health screenings prior to their shifts;

            g. Customers, while eating or drinking at outdoor dining, may remove face covering;

            h. No food service in a buffet format;

            i. Clean and disinfect each tables and chairs between each seating in accordance with CDC and MDH guidelines, using cleaning products that meet the criteria of the EPA guidelines for use against COVID-19;

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**    **Page 1191 of 2921**

      j.  Hand sanitizer and appropriate hand washing facilities must be available;

      k.  Use of single-use disposable paper menus or sanitize reusable menus between each seating;

      l.  Payment via digital platforms should be encouraged; and

      m.  Any other applicable laws or regulations.

4. Indoor dining permissible at 50% maximum capacity and adherence to the regulations that apply to outdoor dining (except for the maximum of 50 patrons).

5. Social and fraternal clubs, permissible via applicable laws or regulations, may offer indoor dining in accordance with Sections VI.B.3 and VI.B.4 of this Order.

C. Manufacturing. The following rules must be adhered to:

1. Maintain physical distancing (greater than 6'), wherever possible

2. Use of appropriate personal protective equipment ("PPE"), including adherence to Face Covering provision in Section II of this Order for employees by all staff

3. Physical distancing markers for staff

4. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA- approved disinfectant at least every 2 hours

5. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working

6. Guidance: CDC Guidance for Manufacturing Workers and Employers

D. Fitness Centers

1. This Executive Order controls the occupancy and use of fitness centers, health clubs, gyms, outdoor aquatic centers, and self-defense schools in Prince George's County, Maryland ("Fitness Centers").

2. Fitness Centers are limited to 1 patron per 200 square feet of fitness space, not to exceed 50% maximum capacity.

3. Maintain physical distancing (greater than 6'), wherever possible

4. Adherence to Section II of this Order by employees and customers

5. Physical distancing markers for staff and employees

6. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA- approved disinfectant at least every 2 hours

7. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working

E. Farmers Markets will be able to open. Maintaining proper social distancing (greater than 6 feet) is required, wherever possible. Adherence to Face Covering provision in Section II of this Order for vendors and customers. CDC and EPA guidelines for cleaning high use surfaces must be followed.

F. Childcare Programs. All licensed and authorized childcare programs are allowed to open per the following rules:

1. Capacity limits will follow State regulations

2. Maintain physical distancing (greater than 6 feet), wherever possible

3. Use of PPE, including face coverings and gloves, by all employees

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**    **Page 1192 of 2921**

    4. Adherence to Section II of this Order by all children and other persons present in facility or establishment

    5. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA- approved disinfectant at least every 2 hours

    6. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working

    7. Daily symptom screenings for employees and children

    8. Staggered drop-offs and pick-ups of children

    9. Temporary exclusion for employees and children, following CDC and MDH guidelines, in the event of positive cases

    10. All other applicable State and local regulations for operation of a must be followed.

    11. Rules and other guidance can be found in following sources: MSDE COVID-19 FAQ for Child Care Settings; Maryland Family Network COVID-19 Guidance for Childcare Providers; CDC COVID-19 Guidance for Childcare Providers

G. Fully Automatic Car Washes will remain allowed to open.

    1. Customers must be able to remain in their cars while obtaining service, except when establishment employees are cleaning interior of the vehicle. Employees must wear face coverings and gloves.  There should be no physical contact between employees and customer.

    2. Customers must adherence to Face Covering provision in Section II of this Order.

    3. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working.

H. Self-Service Car Washing will remain allowed to open.

    1. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA- approved disinfectant at least every 2 hours.

    2. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working.

    3. Adherence to Face Covering provision in Section II of this Order for employees and customers

I. Barbershops and Beauty Salons. The following rules must also be adhered to:

    1. Customers must be served via appointment only

    2. Customers are not allowed to congregate in common sitting area waiting to be served

    3. Adherence to Face Covering provision in Section II of this Order, except that all customers over the age of two (2) must wear face coverings unless doing so makes it impossible to provide service.

    4. Maintain physical distancing (greater than 6'), wherever possible

    5. Use of PPE, including face coverings and gloves, by all employees

    6. Physical distancing markers to create adequate social distancing

    7. Service is limited to 50% maximum capacity for the service delivery space

    8. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA- approved disinfectant at least every 2 hours

    9. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 1193 of 2921**

        10. Digital payment methods should be encouraged
        11. Restroom sanitation on a frequent schedule

J. Other Personal Services
1. Other personal services allowed including esthetic and nail services, tattoo services, massages, hot tub and sauna services.
2. The following rules apply:
   a. Customers must be served via appointment only
   b. Limited to 1 person per 200 square feet of service area, up to 50% of maximum capacity
   c. Maintain physical distancing (greater than 6 feet) wherever possible
   d. Physical distancing markers for staff and customers required
   e. Adherence to Face Covering provision in Section II of this Order for employees and customers, unless face coverings for customers make it impossible to provide service
   f. Use of PPE, including face coverings and gloves, by all employees. Gloves must be changed between each customer and paper/plastic coverings over tables/service chairs must be changed between each customer
   g. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA- approved disinfectant at least every 2 hours
   h. All employees must receive training on CDC COVID-19 guidance appropriate to their workplace prior to working
   i. Digital payment methods should be encouraged
   j. Restroom sanitation on a frequent schedule
   k. Guidance: MD Best Practices for Reopening Personal Services

K. Recreational or Entertainment Establishment of a Commercial Nature
1. Amusement Parks
   a. May open at 40% of maximum capacity
   b. Must follow all requirements given by the County Office of Emergency Management and/or Health Department
   c. For establishments with one amusement ride, may open at 50% of maximum capacity
   d. Guidance: Industry Guidance
2. Bingo Halls
   a. May open at 50% of maximum capacity
   b. Must also follow rules set forth in Section V.J.2 of this Order ("Other Personal Services")
3. Bowling Alleys
   a. May open at 50% of maximum capacity
   b. Must also follow rules set forth in Section V.J.2 of this Order ("Other Personal Services")
4. Pool Halls
   a. May open at 50% of maximum capacity
   b. Must also follow rules set forth in Section V.J.2 of this Order ("Other personal services")

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**    **Page 1194 of 2921**

5. Gaming facilities and casinos such as MGM National Harbor and simulcast betting facilities (outside of horse racing establishments) may operate at 50% of maximum capacity. Use of appropriate personal protective equipment, including face coverings, by employees and patrons. Maintain physical distancing (greater than 6'), wherever possible. Adherence to other State directives is required, unless further amended by the County Health Officer and/or County Office of Emergency Management.

6. Tour Boats
   a. May resume at 50% of maximum capacity.
   b. Must follow all applicable rules while operating in the County.
   c. Staff and patrons upon disembarking the vessel, must wear face coverings, maintain social distance and follow other applicable rules.

7. Horse racing establishments and any other establishment not listed above that is subject to the admission and amusement tax under Title 4 of the Tax-General Article of the Maryland Code **will remain closed to the general public** (including members, in the case of private clubs).

L. Social and fraternal clubs, including without limitation, American Legion posts, VFW posts, and Elks Clubs may re-open for indoor recreation up to 50% of maximum capacity. Adherence to MDH and CDC guidelines is required unless further amended by County Health Officer.

M. Places of Worship: The following rules apply:
   1. May open for gatherings that do not exceed 50% of maximum capacity
      a. Maintain physical distancing (greater than 6 feet), wherever possible
      b. High contact surfaces (those with hourly or greater contact frequency) will be cleaned with CDC and EPA- approved disinfectant at least every 2 hours
      c. Hand sanitizers OR hand washing facilities must be available and frequent use should be encouraged
      d. Face Coverings are required
      e. No live vocals unless via remote or streaming service
      f. Avoid physical contact
   2. May maintain online and drive-in services
   3. May have outdoor services of 250 persons or less, if maintain appropriate social distancing and have access to hand washing/hand sanitizers. Frequent hand washing/hand sanitizing encouraged.
   4. Guidance is also provided in the following sources: CDC Business and Workplace Toolkit; CDC COVID-19 FAQ for Businesses

N. Maximum Occupancy. For purposes of this Order, Maximum Occupancy means the maximum occupancy load under the applicable fire code, as set forth on the certificate issued for the establishment by a local fire code official. If no such certificate has been issued, the maximum occupancy is as determined by applicable laws, regulations and permits.

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**        **Page 1195 of 2921**

VII.  The following activities are specifically allowed when done in compliance with this Order, applicable CDC and MDH social distancing guidance and other applicable directives issued by the State Secretary of Health or County Health Officer:

    A.  Outdoor exercise activities, such as walking, hiking, running, biking, or individual and small group sports such as golfing, tennis, and similar activities

    B.  Miniature golf establishment are allowed to open up to 50% of maximum capacity

    C.  Outdoor fitness instruction

    D.  Parks are open for personal fitness and fitness classes.  This includes all parks, fields, tennis courts, tracks and golf courses. Low contact sports are also allowed.

    E.  Summer/day camps: Open for 10 or fewer participants (including leaders) with capacity constraints of 10 people per room for indoor activities; maximum of 50 persons indoors if maximum of 10 per group is maintained.  Outdoor activities may have a maximum of 100 persons, if maximum of 10 per group is maintained.

    F.  Playgrounds can open

    G.  Outdoor swimming pools, both public and private, up to a maximum capacity of 50%.  Guidance is provided in MD Directive & Order for Swimming Pools and MD Guidance & Best Practices for Swimming Pools. Indoor pools (both public and private) remain closed.

    H.  Indoor Skating Rinks (roller and ice skating) may open. Limited to 50% of maximum capacity.

    I.  Recreational facilities may open up to 50% of maximum capacity.

    J.  Youth Sports

        1.  Only low-contact sports allowed at this time

        2.  May resume in small groups, no more than 9 children and 1 coach— maximum of 100 people in any area while maintaining small group size. Allowed if facility can accommodate group size and spacing requirements.

        3.  Limited, low-contact sports, indoor and outdoor practices, focused on individual skill building versus competition.

        4.  Limited touching of shared equipment and gear.

        5.  There must be physical distancing for players while not actively engaged in play.

        6.  There must also be physical distancing of spectators.

        7.  To the extent possible, individuals engaged in the sport and spectators at the venue shall wear a face covering, especially when social distancing is not feasible. *Face coverings are not recommended when outside on very hot days due to the risk of heat injury.*

    K.  Other Recreational Establishments: The following may open at 50% maximum capacity:

        1.  Recreational fishing

        2.  Recreational hunting

        3.  Shooting ranges

        4.  Outdoor archery

        5.  Recreational boating

        6.  Horse boarding and riding facilities

        7.  Marinas and watercraft rental businesses, and

        8.  Campgrounds

    L.  Visiting Cemeteries

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

VIII.    All retail and restaurant establishments allowed to open are required to promote social distancing inside and outside of these establishments while customers wait to enter the premises.

IX.    For avoidance of doubt, this Order does not require the closure of, or prohibit the movement of any staff or volunteer traveling to, from, or in connection with their duties at any:

     A.   Federal, State, or local government unit, building, or facility

     B.   Newspaper, television, radio, or other media service; or

     C.   Non-profit organization or facility providing essential services to low-income persons, including, without limitation, homeless shelters, food banks, and soup kitchens.

X.    This Executive Order shall remain in effect through September 16, 2020 at 5:00 p.m., unless amended or terminated earlier.

XI.    This Executive Order will be enforced by the Prince George's County Health Department with the assistance of Prince George's County law enforcement as needed.

XII.    This Executive Order supersedes any inconsistent provision of CR-64-2020 or the Health Directive dated August 4, 2020.

XIII.    The County will conduct scheduled and unscheduled inspections of retail, restaurant and business establishments to check for compliance with this Order. Non-compliance with this Order may subject the owner and/or operator to a fine not exceeding $1,000 pursuant to the Prince George's County Code, may subject the establishments to closure pursuant to the legal authority of the Health Officer and/or other legal authority.

XIV.    A person who knowingly and willfully violates this Directive and Order is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding one year or a fine not exceeding $5,000 or both.

XV.    If any provision of this Executive Order or its application to any person, entity, or circumstance is held invalid by any court of competent jurisdiction, all other provisions or applications of the Order shall remain in effect to the extent possible without the invalid provision or application. To achieve this purpose, the provisions of this Executive Order are severable.

*Angela Alsobrooks*

Angela D. Alsobrooks
County Executive

**Exhibit 87 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**