# EXHIBIT 90

**EXECUTIVE ORDER NO. 104**

WHEREAS, through Executive Order No. 102, which I signed on February 3, 2020, I created the State's Coronavirus Task Force, chaired by the Commissioner of the New Jersey Department of Health ("DOH"), in order to coordinate the State's efforts to appropriately prepare for and respond to the public health hazard posed by Coronavirus disease 2019 ("COVID-19"); and

WHEREAS, in light of the dangers posed by COVID-19, I issued Executive Order No. 103 (2020) on March 9, 2020, the facts and circumstances of which are adopted by reference herein, which declared both a Public Health Emergency and State of Emergency; and

WHEREAS, in accordance with N.J.S.A. App. A:9-34 and -51, I reserved the right to utilize and employ all available resources of State government to protect against the emergency created by COVID-19; and

WHEREAS, in accordance with N.J.S.A App. A:9-40, I declared that, due to the State of Emergency, no municipality, county, or any agency or political subdivision of this State shall enact or enforce any order, rule, regulation, ordinance, or resolution which will or might in any way conflict with any of the provisions of my Executive Orders, or which will in any way interfere with or impede their achievement; and

WHEREAS, on March 11, 2020, COVID-19 was declared to be a global pandemic by the World Health Organization; and

WHEREAS, on March 13, 2020, the President of the United States declared a national emergency pursuant to his constitutional and statutory powers, including those granted by Sections 201 and 301 of the National Emergencies Act (50 U.S.C. § 1601, *et seq.*) and consistent with Section 1135 of the Social Security Act, as amended (42 U.S.C. § 1320b-5); and

2

WHEREAS, the President of the United States also determined on March 13, 2020, that the COVID-19 pandemic was of sufficient severity and magnitude to warrant an emergency determination under Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5121-5207; and

WHEREAS, as of March 16, 2020, according to the Centers for Disease Control and Prevention ("CDC"), there were more than 130,000 confirmed cases of COVID-19 worldwide, with over 6,500 of those cases having resulted in death; and

WHEREAS, as of March 16, 2020, there were more than 4,900 confirmed cases of COVID-19 in the United States, with 67 of those cases having resulted in death; and

WHEREAS, as of March 16, 2020, there were 178 positive cases of COVID-19 in New Jersey, spread across numerous counties; and

WHEREAS, social mitigation strategies for combatting COVID-19 requires every effort to reduce the rate of community spread of the disease; and

WHEREAS, as of March 15, 2020, the CDC recommends that for the next eight weeks, gatherings of 50 or more people be canceled or postponed throughout the United States; and

WHEREAS, public and private preschool programs, elementary and secondary schools, and institutions of higher education are locations where significant numbers of students, educators, and support staff gather, often in close proximity in classrooms, hallways, cafeterias, and gymnasiums; and

WHEREAS, suspending in-person preschool programs, K-12 education, and in-person instruction at institutions of higher education are part of the State's mitigation strategy to combat COVID-19 and reduce the rate of community spread; and

3

WHEREAS, my Administration is committed to ensuring that all students will continue to have access to a quality education, in addition to school meals that are provided or subsidized for students from low-income families; and

WHEREAS, casinos, racetracks, gyms, fitness centers, movie theaters, performing arts centers, other concert venues, nightclubs, and other entertainment centers, which are vital to the economic health of the State, are also locations where large numbers of individuals gather in close proximity; and

WHEREAS, many individuals also come into contact with common surfaces at gyms, fitness centers, and other entertainment centers; and

WHEREAS, suspending operations at these businesses is part of the State's mitigation strategy to combat COVID-19 and reduce the rate of community spread; and

WHEREAS, even on casino floors, where slot machines or other casino games may be several feet apart, many individuals come into contact with common surfaces; and

WHEREAS, in contrast to gaming at brick-and-mortar facilities, online gaming provides a safe mode of entertainment during a time when physical proximity to other individuals can be dangerous; and

WHEREAS, the CDC has advised that COVID-19 spreads most frequently through person-to-person contact when individuals are within six feet or less of one another; and

WHEREAS, as a result, the CDC has recommended that individuals practice "social distancing" to prevent community spread of the virus; and

WHEREAS, the CDC has defined social distancing as the practice of "remaining out of congregate settings, avoiding mass gatherings, and maintaining distance (approximately 6 feet or 2 meters) from others when possible"; and

4

WHEREAS, bars and restaurants are locations where significant numbers of individuals gather in close proximity, making adherence to social distancing protocols impossible or impracticable; and

WHEREAS, to mitigate community spread of COVID-19, it is necessary to limit the unnecessary movement of individuals in and around their communities and person-to-person interactions in accordance with CDC and DOH guidance; and

WHEREAS, on March 15, 2020, the Director of the National Institute of Allergy and Infectious Diseases, Dr. Anthony Fauci, called for "a dramatic diminution of the personal interaction that we see in restaurants and in bars," and recommended pursuing "[w]hatever it takes to do that"; and

WHEREAS, the provision of take-out and delivery services do not pose the same danger of widespread person-to-person contact while still preserving necessary food delivery services for New Jersey residents; and

WHEREAS, narrowing scope of service or hours of operation for restaurants and certain retail establishments permits individuals to access food, clothing, and other essential materials while also limiting unnecessary person-to-person contact; and

WHEREAS, it is critical to ensure that law enforcement resources, particularly those that might otherwise be required to respond to late-night incidents, not be unnecessarily diverted from responding to COVID-19 related issues and maintaining public safety; and

WHEREAS, the Constitution and statutes of the State of New Jersey, particularly the provisions of N.J.S.A. 26:13-1 et seq., N.J.S.A. App. A: 9-33 et seq., N.J.S.A. 38A:3-6.1, and N.J.S.A. 38A:2-4 and all amendments and supplements thereto, confer upon the Governor of the State of New Jersey certain emergency powers, which I have invoked;

**Exhibit 90 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**          **Page 1218 of 2922**

5

NOW, THEREFORE, I, PHILIP D. MURPHY, Governor of the State of New Jersey, by virtue of the authority vested in me by the Constitution and by the Statutes of this State, do hereby ORDER and DIRECT:

1.    All gatherings of persons in the State of New Jersey shall be limited to 50 persons or fewer, excluding normal operations at airports, bus and train stations, medical facilities, office environments, factories, assemblages for the purpose of industrial or manufacturing work, construction sites, mass transit, or the purchase of groceries or consumer goods.

2.    All public, private, and parochial preschool program premises, and elementary and secondary schools, including charter and renaissance schools, shall be closed to students beginning on Wednesday, March 18, 2020, and shall remain closed as long as this Order remains in effect.

3.    All institutions of higher education shall cease in-person instruction beginning on Wednesday, March 18, 2020, and shall cease such in-person instruction as long as this Order remains in effect. The Secretary of the Office of Higher Education shall have the authority to grant a waiver to allow in-person instruction to students on a case-by-case basis where a compelling rationale to allow such access exists. The Secretary of the Office of Higher Education shall coordinate with institutions of higher education to determine appropriate student housing conditions for those students who reside in on-campus housing as their primary residence.

4.    The Commissioner of the Department of Education ("DOE"), in consultation with the Commissioner of DOH, shall be authorized to permit schools to remain open on a limited basis for the provision of food or other essential, non-educational services, or for educational or child care services if needed in emergency situations after consultation with the Commissioner of DOH. The Commissioner of DOE shall also have the authority to close any other career or

**Exhibit 90 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**                    **Page 1219 of 2922**

6

training facilities over which he has oversight, after consultation with the Commissioner of DOH.

5.    The Commissioner of DOE shall continue working with each public school district, and private and parochial schools as appropriate, to ensure that students are able to continue their educations during this time period through appropriate home instruction.    Local school districts, charter schools, and renaissance schools, in consultation with the Commissioner of DOE, shall have the authority and discretion to determine home instruction arrangements as appropriate on a case-by-case basis to ensure all students are provided with appropriate home instruction, taking into account all relevant constitutional and statutory obligations.

6.    The Secretary of the Department of Agriculture, in conjunction with the Commissioner of DOE, shall take all necessary actions to ensure that all students eligible for free or reduced meals shall continue to receive the services or supports necessary to meet nutritional needs during closures.

7.    The following facilities are ordered closed to members of the public, effective 8:00 p.m. on Monday, March 16, 2020.    These facilities are to remain closed to the public for as long as this Order remains in effect.    The State Director of Emergency Management, who is the Superintendent of State Police, shall have the discretion to make additions, amendments, clarifications, exceptions, and exclusions to this list:

a.    Casino gaming floors, including retail sports wagering lounges, and casino concert and entertainment venues.    Online and mobile sports and casino gaming services may continue to be offered notwithstanding the closure of the physical facility.

b.    Racetracks, including stabling facilities and retail sports wagering lounges.    Mobile sports wagering

7

services may continue to be offered notwithstanding the closure of the physical facility.

c.    Gyms and fitness centers and classes.

d.    Entertainment centers, including but not limited to, movie theaters, performing arts centers, other concert venues, and nightclubs.

8.    Other non-essential retail, recreational, and entertainment businesses must cease daily operations from 8:00 p.m. until 5:00 a.m.. From 5:00 a.m. until 8:00 p.m., these businesses may remain open if they limit their occupancy to no more than 50 persons and adhere to social distancing guidelines. Examples of essential businesses excluded from this directive include: grocery/food stores, pharmacies, medical supply stores, gas stations, healthcare facilities and ancillary stores within healthcare facilities. The State Director of Emergency Management, who is the Superintendent of State Police, shall have the discretion to make additions, amendments, clarifications, exceptions, and exclusions to the list of essential businesses and to the timelines applicable to operating hours.

9.    All restaurants, dining establishments, and food courts, with or without a liquor license, all bars, and all other holders of a liquor license with retail consumption privileges, are permitted to operate their normal business hours, but are limited to offering only food delivery and/or take-out services. If alcoholic beverages are to be sold from a restaurant, dining establishment or bar with a liquor license, such sales shall be limited to original containers sold from the principal public barroom. All retail sales of alcoholic beverages by limited brewery licensees, restricted brewery licensees, plenary and farm winery licensees (and associated salesrooms), craft distillery licensees and cidery and meadery licensees must be in original containers and must be delivered by licensed entities and/or by customer pick up.

8

10.   In accordance with N.J.S.A. App. A:9-33, et seq., as supplemented and amended, the State Director of Emergency Management, who is the Superintendent of State Police, through the police agencies under his control, to determine and control the direction of the flow of vehicular traffic on any State or interstate highway, municipal or county road, and any access road, including the right to detour, reroute, or divert any or all traffic and to prevent ingress or egress from any area that, in the State Director's discretion, is deemed necessary for the protection of the health, safety, and welfare of the public, and to remove parked or abandoned vehicles from such roadways as conditions warrant.

11.   The Attorney General, pursuant to the provisions of N.J.S.A. 39:4-213, shall act through the Superintendent of State Police, to determine and control the direction of the flow of vehicular traffic on any State or interstate highway, municipal or county road, and any access road, including the right to detour, reroute, or divert any or all traffic, to prevent ingress or egress, and to determine the type of vehicle or vehicles to be operated on such roadways. I further authorize all law enforcement officers to enforce any such order of the Attorney General or Superintendent of State Police within their respective municipalities.

12.   No municipality, county, or any other agency or political subdivision of this State shall enact or enforce any order, rule, regulation, ordinance, or resolution which will or might in any way conflict with any of the provisions of this Executive Order, or which will in any way interfere with or impede its achievement.

13.   It shall be the duty of every person or entity in this State or doing business in this State and of the members of the governing body and every official, employee, or agent of every political subdivision in this State and of each member of all other governmental bodies, agencies, and authorities in this State of any

9

nature whatsoever, to cooperate fully in all matters concerning this Executive Order.

14.   Penalties for violations of this Executive Order may be imposed under, among other statutes, N.J.S.A. App. A:9-49 and -50.

15.   This Order shall take effect immediately and shall remain in effect until revoked or modified by the Governor, who shall consult with the Commissioner of DOH as appropriate.

> GIVEN, under my hand and seal this 16th day of March, Two Thousand and Twenty, and of the Independence of the United States, the Two Hundred and Forty-Fourth.

[seal]                              /s/ Philip D. Murphy

                                    Governor

Attest:

/s/ Matthew J. Platkin

Chief Counsel to the Governor

**Exhibit 90 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**