EXHIBIT 136

Electronically FILED by Superior Court of California, County of Los Angeles on 01/21/2022 10:37 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Lara,Deputy Clerk

1   ROBINS KAPLAN LLP
    Amy Churan (SBN 216932)
2   AChuran@RobinsKaplan.com
    2049 Century Park East, Suite 3400
3   Los Angeles, CA 90067
    Telephone:    310 552 0130
4   Facsimile:    310 229 5800

5   Melissa D'Alelio (admitted *pro hac vice*)
    MDAlelio@RobinsKaplan.com
6   800 Boylston Street, Suite 2500
    Boston, MA 02199
7   Telephone:    617 267 2300
    Facsimile:    617 267 8288

8
9   Attorneys for Defendants Ironshore Specialty Insurance
    Company; Certain Underwriters at Lloyd's, London and
    London market companies Subscribing to Policy No.
10  (UMR) B0180PG1902606; Certain Underwriters at
    Lloyd's, London and London market companies
11  Subscribing to Policy No. (UMR) B0180PG1902611;
    Certain Underwriters at Lloyd's, London Subscribing to
12  Policy No. (UMR) B0180PG1902610; Certain
    Underwriters at Lloyd's, London Subscribing to Policy
13  No. (UMR) B0180PG1903066; Certain Underwriters at
    Lloyd's, London Subscribing to Policy No. (UMR)
14  B0180PG1902622; Ategrity Specialty Insurance
    Company; and RSUI Indemnity Company
15
16  (Additional counsel listed on following page)

17              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                        **COUNTY OF LOS ANGELES**

18  JRK PROPERTY HOLDINGS, INC.,          Case No. 21STCV19983

19                  Plaintiff,            MEMORANDUM OF POINTS AND AUTHORITIES
                                          IN SUPPORT OF DEFENDANTS' MOTION FOR
20          v.                            JUDGMENT ON THE PLEADINGS

21  COLONY INSURANCE                      Notice of Motion and Motion, Declaration of Amy M.
    COMPANY, et al.                       Churan, other papers referenced in the Motion, and
22                                        [Proposed] Order filed concurrently herewith
                    Defendants.
23                                        RESERVATION NO. 280833900024
                                          Date:  April 6, 2022
24                                        Time: 8:30 a.m.

25                                        Complaint Filed: May 27, 2021
                                          Trial Date: August 9, 2022
26                                        Judge: Hon. Daniel S. Murphy
                                          Department: 32
27

28

*Sidebar (left margin):* ROBINS KAPLAN LLP — ATTORNEYS AT LAW — LOS ANGELES

**ADDITIONAL DEFENDANTS' COUNSEL**

| Counsel | Defendants |
|---|---|
| DENTONS US LLP<br>Julia M. Beckley (SBN 247493)<br>2000 McKinney Avenue, Suite 1900<br>Dallas, Texas 75201<br>Tel (214) 259-1854<br>Fax (214) 259-0910<br>julia.beckley@dentons.com<br><br>G. Richard Dodge , Jr. (*pro hac vice* application pending)<br>1900 K Street NW<br>Washington, DC 20006<br>Tel (202)496-7500<br>Fax (202) 496-7756<br>rich.dodge@dentons.com<br><br>Keith Moskowitz (*pro hac vice* application pending)<br>233 South Wacker Drive, Suite 5900<br>Chicago, IL 60606-6361<br>Tel (312) 876-8220<br>Fax (312) 876 7934<br>keith.moskowitz@dentons.com | Attorneys for Defendant American International Group UK Limited as Subscriber to Policy No. (UMR) BO180PG1902606 |
| CUMMINS & WHITE, LLP<br>Larry M. Arnold (SBN 060459)<br>Margaret R. Miglietta (SBN 116026)<br>Noura K. Rizzuto (SBN 291455)<br>2424 S.E. Bristol Street, Suite 300<br>Newport Beach, CA 92660-0757<br>Tel (949) 852-1800<br>Fax (949) 852-8510<br>larnold@cwlawyers.com<br>mmiglietta@cwlawyers.com<br>nrizzuto@cwlawyers.com<br><br>STEWART SMITH<br>William F. Stewart (admitted *pro hac vice*)<br>300 Four Falls Corporate Center<br>300 Conshohocken Road, Suite 670<br>West Conshohocken, PA 19428<br>Tel (484) 344-5296<br>Fax (484) 534-9470<br>WStewart@stewartsmithlaw.com | Attorneys for Defendant Colony Insurance Company |

Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

| Counsel | Defendants |
|---|---|
| **KENNEDYS CMK LLP**<br>Susan Frances Dent (SBN 292900)<br>101 California Street, Suite 1225<br>San Francisco, CA 94111<br>Tel (415) 323-4460<br>Fax (415) 323-4445<br>Susan.Dent@kennedyslaw.com<br><br>Gary S. Kull (*pro hac vice* application pending)<br>120 Mountain View Boulevard<br>Basking Ridge, NJ 07920<br>Tel (908) 848-6300<br>Fax (908) 647-8390<br>Gary.Kull@kennedyslaw.corn | Attorneys for Defendant<br>Crum & Forster Specialty Insurance Company |
| **CLYDE & CO US LLP**<br>Susan Koehler Sullivan (SBN 156418)<br>Brett Charles Safford  (SBN 292048)<br>355 S. Grand Avenue, Suite 1400<br>Los Angeles, CA 90071<br>Telephone: (213) 358-7600<br>Facsimile: (213) 358-7650<br>susan.sullivan@clydeco.us<br>brett.safford@clydeco.us | Attorneys for Defendants<br>Endurance American Specialty Insurance Company; and Maxum Indemnity Company |
| **DICKINSON WRIGHT RLLP**<br>Bennett Evan Cooper (SBN 128544)<br>800 W. California Avenue, Suite 110<br>Sunnyvale, California 94086<br>Tel: (602) 285-5044<br>Fax: (844) 670-6009<br>bcooper@dickinsonwright.com | Attorneys for Defendant<br>Evanston Insurance Company |
| **MUSICK, PEELER & GARRETT LLP**<br>David A. Tartaglio (SBN 117232)<br>624 South Grand Avenue, Suite 2000<br>Los Angeles, CA 90017-3383<br>Tel (213) 629-7600<br>Fax (213) 624-1376<br>d.tartaglio@musickpeeler.com<br><br>WILEY REIN LLP<br>Benjamin C. Eggert (*pro hac vice* forthcoming)<br>Joseph W. Gross (*pro hac vice* forthcoming)<br>2050 M Street NW<br>Washington, DC  20036<br>Tel (202) 719-7000<br>Fax (202) 719-7049<br>BEggert@wiley.law<br>JGross@wiley.law | Attorneys for Defendant<br>General Star Indemnity Company |

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

Page 1709 of 2921

| Counsel | Defendants |
|---|---|
| AKERMAN, LLP<br>Michael R. Weiss (SBN 180946)<br>601 West Fifth Street, Suite 300<br>Los Angeles, CA 90071<br>Tel (213) 688-9500<br>Fax (213) 627-6342<br>Michael.Weiss@akerman.com<br><br>Bryan G. Scott (*pro hac vice* forthcoming)<br>100 North Main Street, Suite 2425<br>Winston-Salem, NC 27101<br>Tel (336) 296-7104<br>Fax (336) 296-7010<br>Bryan.Scott@akerman.com<br><br>LEWIS BRISBOIS BISGAARD<br>& SMITH LLP<br>Seth I. Weinstein (*pro hac vice* forthcoming)<br>77 Water Street, 21st Floor<br>New York, NY 10005<br>Tel (212) 232-1300<br>Fax (212) 232-1399<br>Seth.Weinstein@lewisbrisbois.com | Attorneys for Defendants<br>Homeland Insurance Company; and<br>Hallmark Specialty Insurance<br>Company |
| FAEGRE DRINKER BIDDLE & REATH LLP<br>Kristopher S. Davis (SBN 193452)<br>1800 Century Park East Suite 1500<br>Los Angeles, CA 90067-1517<br>Tel (310) 203-4000<br>Fax (310) 229-1285<br>kristopher.davis@faegredrinker.com<br><br>RIKER DANZIG SCHERER HYLAND<br>& PERRETTI LLP<br>Brian E. O'Donnell (*pro hac vice* application pending)<br>Maura C. Smith (*pro hac vice* application pending)<br>Headquarters Plaza<br>One Speedwell Avenue<br>Morristown, NJ 07962-1981<br>Tel (973) 538-0800<br>Fax (973) 538-1984<br>bodonnell@riker.com<br>msmith@RIKER.com | Attorneys for Defendant<br>Mitsui Sumitomo Insurance<br>Company of America |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 1710 of 2921**

| Counsel | Defendants |
|---|---|
| PHELPS DUNBAR LLP<br>Jay R. Sever  (SBN 165859)<br>365 Canal Street, Suite 2000<br>New Orleans, LA 70130-6534<br>Tel (504) 566-1311<br>Fax (504) 568-9130<br>jay.sever@phelps.com<br><br>SELMAN BREITMAN LLP<br>Meka Moore  (SBN 180017)<br>Damian L. Palombi (SBN 311252)<br>11766 Wilshire Boulevard, 6th Floor<br>Los Angeles, CA 90025-6538<br>Tel (310) 445-0800<br>Fax (310) 473-2525<br>mmoore@selmanlaw.com<br>dpalombi@selmanlaw.com | Attorneys for Defendant<br>Scottsdale Insurance Company |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

Page 1711 of 2921

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ............................................................................................... 1

II.   PROCEDURAL HISTORY AND ALLEGED FACTS ....................................... 3

   A.    This Lawsuit ............................................................................................ 3

   B.    Policy Provisions at Issue ...................................................................... 4

III.  APPLICABLE LAW ........................................................................................... 5

   A.    Standard of Review ................................................................................ 5

   B.    Rules of Contract Interpretation ............................................................ 5

IV.  ARGUMENT ...................................................................................................... 6

   A.    JRK fails to meet its burden of alleging facts sufficient to establish the "direct physical loss or damage" required for coverage ........................................................................... 6

       1.    Under California law, "direct physical loss or damage" requires some distinct, demonstrable, physical alteration or permanent dispossession. ................................ 6

       2.    JRK fails to allege facts showing a distinct, demonstrable, physical alteration to, or permanent dispossession of, its property and therefore fails to meet its burden of establishing "direct physical loss or damage." .................................................. 7

       3.    Temporary loss of use does not constitute "direct physical loss or damage" under California law. .................................................................................. 9

       4.    Other policy provisions confirm JRK's pandemic-related business income losses are not covered. ................................................................................. 11

   B.    JRK further fails to meet its burden of alleging facts sufficient to establish coverage under the Policies' Civil Authority, Ingress/Egress, and Communicable Disease provisions because JRK's access to its property was not "impaired." ........................................... 13

   C.    The Policies Preclude Coverage for Losses Caused By any Virus ................................ 15

       1.    JRK's losses, which it alleges were caused by the COVID-19 virus, fall squarely within the Policies' Pollutants-or-Contaminants Exclusion. ............................... 16

       2.    The Pathogens Exclusions in the Policies issued by defendants Evanston and RSUI bar JRK's claims against them. ...................................................... 17

   D.    Dismissal With Prejudice is Proper Because JRK Cannot State a Claim for Either of Its Causes of Action. ................................................................................... 18

V.   CONCLUSION ................................................................................................... 18

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its Opposition to Defendants' Motions for Summary Judgment**

**Page 1712 of 2921**

## <u>TABLE OF AUTHORITIES</u>

**Cases:**

*10012 Holdings, Inc. v. Sentinel Ins. Co.*,
   --- F.4th ----, No. 21-0080, 2021 WL 6109961 (2d Cir. Dec. 28, 2021) .............................. 2, 17

*10E, LLC v. Travelers Indem. Co. of Conn.*,
   483 F. Supp. 3d 828 (C.D. Cal. 2020) ..................................................................... 6

*644 Broadway LLC v. Falls Lake Fire & Cas. Co.*,
   No. 20-cv-8421-JST, 2021 WL 3008309 (N.D. Cal. May 21, 2021) ......................... 14

*Accents of Sterling, Inc. v. Ohio Sec. Ins. Co.*,
   No. 20-CV-11005-DJC, 2021 WL 2117180 (D. Mass. May 25, 2021)...................... 13

*Aggie Investments, L.L.C. v. Cont'l Casualty Co.*,
   No. 21-40382, 2022 WL 67333 (5th Cir. Jan. 6, 2022) ............................................ 2

*Akopyan v. Wells Fargo Home Mortg., Inc.*,
   215 Cal. App. 4th 120 (2013) ................................................................................... 7

*Ascent Hospitality Mgmt., LLC v. Employers Ins. Co. of Wausau*,
   No. 21-11924, 2022 WL 130722 (11th Cir. Jan. 14, 2022) ................................... 2, 8

*Ballas Nails & Spa, LLC v. Travelers Cas. Ins. Co. of Am.*,
   511 F. Supp. 3d 978 (E.D. Mo. 2021)..................................................................... 13

*Biltrite Furniture, Inc. v. Ohio Sec. Ins. Co.*,
   No. 20-CV-656-JPS-JPS, 2021 WL 3056191 (E.D. Wis. July 20, 2021)................ 13

*Boxed Foods Co., LLC v. California Capital Ins. Co.*,
   2020 WL 6271021 (N.D. Cal. Oct. 26, 2020)......................................................... 18

*Bradley Hotel Corp. v. Aspen Specialty Ins. Co.*,
   19 F.4th 1002 (7th Cir. 2021) ................................................................................... 2

*Bridal Expressions LLC v. Owners Ins. Co.*,
   No. 21-3381, 2021 WL 5575753 (6th Cir. Nov. 30, 2021) ........................................ 2

*Caribe Restaurant & Nightclub, Inc. v. Topa Ins. Co.*,
   533 F. Supp. 3d 938 (C.D. Cal. 2021) ............................................................. 10, 11

*Chattanooga Prof'l Baseball LLC v. Nat'l Cas. Co.*,
   No. 20-17422, 2021 WL 4493920 (9th Cir. Oct. 1, 2021)......................................... 2

*Cibus LLC v. Cap. Ins. Grp.*,
   2021 WL 1100376 (D. Ariz. Mar. 23, 2021) .......................................................... 18

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 1713 of 2921**

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

*Circus Circus LV, LP v. AIG Specialty Ins. Co.*,
   525 F. Supp. 3d 1269 (D. Nev. 2021) ........................................................ 17

*Crescent Plaza Hotel Owner L.P. v. Zurich Am. Ins. Co.*,
   20 F.4th 303 (7th Cir. 2021) ...................................................................... 2

*Dakota Girls, LLC v. Philadelphia Indem. Ins. Co.*,
   17 F.4th 645 (6th Cir. 2021) ............................................................. 2, 9, 10

*Dondlinger v. L.A. Cty. Reg'l Park & Open Space Dist.*,
   31 Cal. App. 5th 994 (2019) .................................................................. 5, 8

*Estes v. Cincinnati Ins. Co.*,
   --- F.4th ----, No. 21-5587, 2022 WL 108606 (6th Cir. Jan. 12, 2022) ......... 2

*Franklin EWC, Inc. v. Hartford Fin. Servs. Grp., Inc.*,
   488 F. Supp. 3d 904 (N.D. Cal. 2020) ...................................................... 16

*Gentry v. eBay, Inc.*,
   99 Cal. App. 4th 816 (2002) ...................................................................... 5

*Gilreath Fam. & Cosm. Dentistry, Inc. v. Cincinnati Ins. Co.*,
   No. 21-11046, 2021 WL 3870697 (11th Cir. Aug. 31, 2021) ..................... 2, 9

*Glynn Hosp. Grp., Inc. v. RSUI Indem. Co.*,
   2021 WL 5281616 (D. Mass. Nov. 12, 2021) ............................................ 18

*Goodwill Industries of Central Oklahoma, Inc.*,
   --- F.4th ----, No. 21-6045, 2021 WL 6048858 (10th Cir. Dec. 21, 2021) ...... 2

*Graspa Consulting, Inc. v. United Nat'l Ins. Co.*,
   2021 WL 1540907 (S.D. Fla. Apr. 16, 2021) ............................................. 18

*Hair Perfect Int'l, Inc. v. Sentinel Ins. Co.*,
   No. 20-cv-3729-JAK, 2021 WL 2143459 (C.D. Cal. May 20, 2021) ............ 11

*Inns by the Sea v. California Mut. Ins. Co.*,
   71 Cal. App. 5th 688 (2021) ............................................................. *passim*

*L&L Logistics and Warehousing Inc. v. Evanston Ins. Co.*,
   2021 WL 1396280 (E.D. Va. Apr. 13, 2021) .............................................. 17

*L.A. Cty. Museum of Nat. Hist. Found. v. Travelers Indem. Co. of Conn.*,
   No. 21-cv-1497-SVW, 2021 WL 1851028 (C.D. Cal. Apr. 15, 2021) ........... 18

*L.A. Lakers, Inc. v. Fed. Ins. Co.*,
   No. 21-cv-2281-TJH, 2021 WL 4488591 (C.D. Cal. Aug. 11, 2021) ............. 8

*LDWB #2 LLC v. FCCI Ins. Co.*,
   No. 20-cv-425-LY, 2021 WL 2744568 (W.D. Tex. July 1, 2021) ................. 13

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
iii

Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment          Page 1714 of 2921

*Lopez v. Smith*,
   203 F.3d 1122 (9th Cir. 2000) ................................................................. 18

*MacKinnon v. Truck Ins. Exch.*,
   31 Cal. 4th 635 (2003) ............................................................................ 5

*Manti v. Gunari*,
   5 Cal. App. 3d 442 (1970) .................................................................. 5, 15

*Mashallah, Inc. v. W. Bend Mut. Ins. Co.*,
   20 F.4th 313 (7th Cir. 2021) .................................................................. 2

*Menominee Indian Tribe of Wis. v. Lexington Ins. Co.*,
   No. 21-cv-231-WHO, 2021 WL 3727070 (N.D. Cal. Aug. 23, 2021) ...................... 14

*MGA Ent., Inc. v. Affiliated FM Ins. Co.*,
   No. 20-cv-10499-MWF, 2021 WL 2840456 (C.D. Cal. July 2, 2021) ..................... 10

*Mortar & Pestle Corp. v. Atain Specialty Ins. Co.*,
   508 F. Supp. 3d 575 (N.D. Cal. 2020) ...................................................... 8

*MRI Healthcare Ctr. of Glendale, Inc. v. State Farm Gen. Ins. Co.*,
   187 Cal. App. 4th 766 (2010) ........................................................ 6, 7, 9, 10

*Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*,
   15 F.4th 885 (9th Cir. 2021) ......................................................... *passim*

*Nguyen v. Travelers Cas. Ins. Co. of Am.*,
   No. 20-cv-597, 2021 WL 2184878 (W.D. Wash. May 28, 2021) ........................... 9

*Oral Surgeons, P.C. v. Cincinnati Ins. Co.*,
   2 F.4th 1141 (8th Cir. 2021) ............................................................. 2, 10

*Out W. Rest. Grp. Inc. v. Affiliated FM Ins. Co.*,
   527 F. Supp. 3d 1142 (N.D. Cal. 2021) ..................................................... 8

*Palmer v. Truck Ins. Exch.*,
   21 Cal. 4th 1109 (1999) ..................................................................... 5

*Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*,
   487 F. Supp. 3d 937 (S.D. Cal. 2020) ...................................................... 8

*Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*,
   491 F. Supp. 3d 738 (S.D. Cal. 2020) ..................................................... 14

*Protégé Rest. Partners LLC v. Sentinel Ins. Co.*,
   517 F. Supp. 3d 981 (N.D. Cal. 2021) ...................................................... 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its**
**Oppositions to Defendants' Motions for Summary Judgment**

**Page 1715 of 2921**

*Rye Ridge Corp. v. Cincinnati Ins. Co.*, No. 21-1323-CV,
2022 WL 120782 (2d Cir. Jan. 13, 2022) ................................................................. 2

*Safeco Ins. Co. v. Gilstrap*,
141 Cal. App. 3d 524 (1983) ...................................................................................... 5

*Sandy Point Dental, P.C. v. Cincinnati Ins. Co.*,
20 F.4th 327 (7th Cir. 2021) ............................................................................... 2, 10

*Santo's Italian Café LLC v. Acuity Ins. Co.*,
15 F.4th 398 (6th Cir. 2021) .................................................................... 2, 3, 9, 10

*Savage City Strength, LLC v. Covington Specialty Ins. Co.*,
No. SOM-L-831-20, Hr'g Tr. (N.J. Super. Apr. 8, 2021) .................................... 18

*Selane Prods., Inc. v. Cont'l Cas. Co.*,
No. 21-55123, 2021 WL 4496471 (9th Cir. Oct. 1, 2021) ............................... 2, 12

*Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*,
--- F.4th ----, No. 21-50078, 2022 WL 43170 (5th Cir. Jan. 5, 2022) .................. 2

*Total Intermodal Servs. Inc. v. Travelers Prop. Cas. Co. of Am.*,
No. 17-cv-4908-AB, 2018 WL 3829767 (KSX) (C.D. Cal. July 11, 2018) ............. 7

*Tralom, Inc. v. Beazley USA Servs., Inc.*,
No. 20-cv-8344-JFW, 2020 WL 8620224 (C.D. Cal. Dec. 29, 2020) .......... 6, 8, 9, 10

*Travelers Cas. Ins. Co. of Am. v. Geragos & Geragos*,
495 F. Supp. 3d 848 (C.D. Cal. 2020) ................................................................... 16

*Unmasked Mgmt., Inc. v. Century-Nat'l Ins. Co.*,
514 F. Supp. 3d 1217 (S.D. Cal. 2021) ................................................................... 8

*Vita Coffee LLC v. Fireman's Fund Ins. Co.*,
No. 2:20-CV-01079-BJR, 2021 WL 3077922 (W.D. Wash. July 21, 2021) ............ 9

*W. Coast Hotel Mgmt., LLC v. Berkshire Hathaway Guard Ins. Cos.*,
498 F. Supp. 3d 1233 (C.D. Cal. 2020) ........................................................... 12, 16

*Waller v. Truck Ins. Exch., Inc.*,
11 Cal. 4th 1 (1995) .................................................................................................... 5

*Wellness Eatery La Jolla LLC v. Hanover Ins. Grp.*,
517 F. Supp. 3d 1096 (S.D. Cal. 2021) ................................................................... 7

*Westside Head & Neck v. Hartford Fin. Servs. Grp., Inc.*,
526 F. Supp. 3d 727 (C.D. Cal. 2021) ................................................................... 14

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

*Zwillo V, Corp. v. Lexington Ins. Co.*,
     504 F. Supp. 3d 1034 (W.D. Mo. 2020) ...................................................................... 16

### Rules

Code Civ. Proc., § 438(c)(1)(B)(ii) ............................................................................... 5

Code Civ. Proc., § 438(d) ............................................................................................. 5

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

Page 1717 of 2921

I.    **INTRODUCTION**

According to its website, JRK Property Holdings, Inc. ("JRK") is a privately owned real estate investment company headquartered in Los Angeles, and it owns and operates apartment and hotel properties spanning 30 states and 80,000 units, valued at more than $15 billion. JRK seeks coverage for losses from the COVID-19 pandemic under a program of property insurance policies ("Policies") provided by the Defendant Moving Insurers ("Insurers").[1] With one exception, all the coverage provisions JRK invokes require JRK to show "direct physical loss or damage" to insured property as a prerequisite to recovery. However, dozens of courts—including the California Court of Appeal and the Ninth Circuit—have held that neither the alleged presence of the novel coronavirus that causes COVID-19,[2] nor the loss of use of an insured's property as a result of the pandemic, are sufficient to constitute "direct physical loss or damage" to property under California law.[3] The single coverage provision (present in some policies) that does not require direct physical loss or damage is a sub-limited Interruption by Communicable Disease coverage, but it applies only where access to the properties is prohibited "as a result of" "[a]n order of an authorized governmental agency regulating the actual not suspected presence of communicable disease," which JRK concedes does not apply here.

Additionally, the Policies preclude coverage for JRK's claimed pandemic-related economic losses. For all coverages that require direct physical loss or damage to property, the Pollutants or Contaminants Exclusion bars coverage for "[p]ollution caused directly or indirectly by the release, discharge, dispersal, seepage, migration, or escape of Pollutants or Contaminants," and the Policies define "Pollutants or Contaminants" to include "any . . . virus." The Policies also include "Loss of

---

[1]   The Motion for Judgment on the Pleadings is brought by all the defendants; they are listed in Appendix A to this Memorandum of Law as the "Moving Insurers."

[2]   For purposes of the Motion for Judgment on the Pleadings, Insurers refer to "coronavirus," "COVID-19," and the COVID-19 virus" interchangeably.

[3]   Appendix B to this Memorandum of Law contains a list of COVID-19 business-interruption decisions issued by California courts dismissing similar claims under California law, either for lack of direct physical loss or damage or because coverage was barred by a virus or other exclusion— or both.

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 1718 of 2921**

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

Market" and "Loss of Use" exclusions that bar coverage for JRK's economic losses arising from government restrictions and JRK's attendant inability to make full use of its premises.

The only California appellate court to address the issue has concluded there is no coverage for economic losses from the COVID-19 pandemic. *Inns by the Sea v. California Mut. Ins. Co.*, 71 Cal. App. 5th 688 (2021). Every federal appellate court, including the Ninth Circuit, has held likewise. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885 (9th Cir. 2021); *Chattanooga Prof'l Baseball LLC v. Nat'l Cas. Co.*, No. 20-17422, 2021 WL 4493920 (9th Cir. Oct. 1, 2021); *Selane Prods., Inc. v. Cont'l Cas. Co.*, No. 21-55123, 2021 WL 4496471 (9th Cir. Oct. 1, 2021); *Rye Ridge Corp. v. Cincinnati Ins. Co.*, No. 21-1323-CV, 2022 WL 120782 (2d Cir. Jan. 13, 2022); *10012 Holdings, Inc. v. Sentinel Ins. Co.*, --- F.4th ----, No. 21-0080, 2021 WL 6109961 (2d Cir. Dec. 28, 2021); *Aggie Investments, L.L.C. v. Cont'l Casualty Co.*, No. 21-40382, 2022 WL 67333 (5th Cir. Jan. 6, 2022); *Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, --- F.4th ----, No. 21-50078, 2022 WL 43170 (5th Cir. Jan. 5, 2022); *Estes v. Cincinnati Ins. Co.*, --- F.4th ----, No. 21-5587, 2022 WL 108606 (6th Cir. Jan. 12, 2022); *Bridal Expressions LLC v. Owners Ins. Co.*, No. 21-3381, 2021 WL 5575753 (6th Cir. Nov. 30, 2021); *Dakota Girls, LLC v. Philadelphia Indem. Ins. Co.*, 17 F.4th 645 (6th Cir. 2021); *Santo's Italian Café LLC v. Acuity Ins. Co.*, 15 F.4th 398 (6th Cir. 2021); *Bradley Hotel Corp. v. Aspen Specialty Ins. Co.*, 19 F.4th 1002 (7th Cir. 2021); *Crescent Plaza Hotel Owner L.P. v. Zurich Am. Ins. Co.*, 20 F.4th 303 (7th Cir. 2021); *Mashallah, Inc. v. W. Bend Mut. Ins. Co.*, 20 F.4th 313 (7th Cir. 2021); *Sandy Point Dental, P.C. v. Cincinnati Ins. Co.*, 20 F.4th 327 (7th Cir. 2021); *Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, 2 F.4th 1141 (8th Cir. 2021); *Goodwill Industries of Central Oklahoma, Inc.*, --- F.4th ----, No. 21-6045, 2021 WL 6048858 (10th Cir. Dec. 21, 2021); *Ascent Hospitality Mgmt., LLC v. Employers Ins. Co. of Wausau*, No. 21-11924, 2022 WL 130722 (11th Cir. Jan. 14, 2022); *Gilreath Fam. & Cosm. Dentistry, Inc. v. Cincinnati Ins. Co.*, No. 21-11046, 2021 WL 3870697 (11th Cir. Aug. 31, 2021). These appellate opinions join the more than 700 trial court opinions dismissing pandemic-related coverage claims nationwide. The near-national consensus is rooted in "a hard reality about insurance":

Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment                    **Page 1719 of 2921**

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

It is not a general safety net for all dangers. . . . Fair pricing of insurance turns on correctly accounting for the likelihood of the occurrence of each defined peril and the cost of covering it.  Efforts to push coverage beyond its terms creates a mismatch, an insurance product that covers something no one paid for and, worse, runs the risk of leaving insufficient funds to pay for perils that insureds did pay for. That is why courts must honor the coverage the parties did—and did not—provide for in their written contracts of insurance.

*Santo's Italian Café*, 15 F.4th at 407.

Likewise, the Insurers' Policies here do not cover JRK's claimed losses. JRK's conclusory allegations that its economic losses result from direct physical loss or damage to property fail to state a claim against the Insurers. JRK's suit must be dismissed as an effort to extract coverage that it did not pay for and that the Insurers did not agree to provide.  The Insurers respectfully request that the Court grant judgment on the pleadings with prejudice as to the entire Complaint.

## II.    PROCEDURAL HISTORY AND ALLEGED FACTS

### A.    This Lawsuit

JRK brings claims for breach of contract and declaratory judgment based on its allegations that the Insurers have refused to provide coverage that is owed for JRK's business losses arising from the COVID-19 pandemic. *See* Compl. ¶ 1. JRK broadly alleges that "there has been direct physical loss or damage to property, including, but not necessarily limited to, the actual presence of the virus in JRK's properties; the threatened presence of the virus in the JRK properties due to its ubiquity; and the loss of function and purpose of the JRK properties—all caused by the virus, the resulting disease, the pandemic, or the Orders." *Id.* ¶ 109.

JRK contends that the virus has been present at many of its hotel and apartment properties by virtue of the presence of tenants and employees who tested positive, and that it is "statistically certain" to have been present at all of JRK's properties in light of the "countless" people entering and inhabiting its properties. *Id.* ¶¶ 52, 73. JRK alleges that the virus remains in the air for hours or days, attaches to property for days, and cannot be removed through cleaning. *Id.* ¶¶ 53, 55-56, 58. JRK contends that the presence of the virus has caused physical loss and damage to its properties and has rendered JRK's properties unusable for their intended purpose. *Id.* ¶¶ 55, 70.

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

JRK also alleges that in response to the COVID-19 pandemic, many state and local governments began issuing orders in March 2020 "imposing sweeping restrictions on residents' daily lives and property to protect them," and "suspending or severely curtailing the operations of all non-essential or high-risk businesses." *Id.* ¶¶ 62-63. JRK asserts that these orders caused it financial losses by reducing travel and limiting access to JRK's hotels; caused the loss of jobs, which led to apartment tenants failing to pay market rents or terminating their leases; and imposed prohibitions on evictions, late fees, and rent increases for apartment tenants. *Id.* ¶¶ 66, 76-78.

### B.    Policy Provisions at Issue

The Insurers provided their respective Policies to the Named Insured, JRK Property Holdings, Inc., for the policy term of June 1, 2019 to June 1, 2020. *See* Joint Stipulation Regarding Briefing Schedule and Citations to Policy Provisions, dated January 14, 2022, and adopted by the Court on January 18, 2022 ("Joint Stipulation"), Exhibit 1, at GENERALSTAR00000001.[4]

The Policies include the following general coverage provision: "This Policy insures against all risks of ***direct physical loss or damage*** to Insured Property, except as excluded."[5] *Id.* at GENERALSTAR00000075 (emphasis added). The Policies also include extensions of coverage for Business Interruption, Extra Expense, Rental Value/Rental Income, Contingent Time Element, Interruption by Civil or Military Authority, Ingress/Egress, Interruption by Communicable Disease, Building Ordinance Law, Decontamination Costs, Professional Fees, and Tenant Relocation and Move Back Expense. *Id.* at GENERALSTAR00000058-69. With the lone exception of Interruption by Communicable Disease, ***direct physical loss or damage*** to property is a prerequisite for each of these coverage extensions. *See id.* The Policies also contain two exclusions that are particularly relevant here. First, the Policies exclude coverage for losses caused directly or indirectly by the release of Pollutants or Contaminants, and define "Pollutants or Contaminants" to include "any . . . contaminant, . . . which . . . can cause or threaten damage to human health or

---

[4] Except as otherwise noted, the Policies contain the same relevant coverage provisions as the General Star Indemnity Company policy, a copy of which JRK attached as Exhibit A to its Complaint. The same policy, bearing bates numbers GENERALSTAR00000001 – GENERALSTAR00000104, is attached as Exhibit 1 to the Joint Stipulation.

[5] For the convenience of the Court, excerpts of the Insurers' Policies cited or quoted in this Memorandum of Law are reproduced in Appendix C.

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1   human welfare, . . . including . . . virus." *Id.* at GENERALSTAR00000076-77, 81.  And second,

2   the Policies exclude coverage for "Delay, Loss or Market, [and] Loss of Use."  *Id.* at

3   GENERALSTAR00000076, 78.

### III.    APPLICABLE LAW

#### A.    Standard of Review

6       A motion for judgment on the pleadings should be granted if the pleading does not state

7   facts sufficient to constitute a cause of action against the moving defendant. Code Civ. Proc.,

8   § 438(c)(1)(B)(ii). In ruling on a motion for judgment on the pleadings, the court may consider the

9   face of the pleadings and any matter subject to judicial notice. Code Civ. Proc., § 438(d).  "The

10  trial court must accept as true all material facts properly pleaded, but does not consider conclusions

11  of law or fact, opinions, speculation, or allegations contrary to law or facts that are judicially

12  noticed." *Dondlinger v. L.A. Cty. Reg'l Park & Open Space Dist.*, 31 Cal. App. 5th 994, 997-98

13  (2019), *review denied* (Apr. 17, 2019). A plaintiff may plead inconsistent theories, but not

14  inconsistent facts. *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 827-28 (2002). When a plaintiff

15  pleads inconsistent facts, it will be held to the factual allegations most prejudicial to it. *Manti v.*

16  *Gunari*, 5 Cal. App. 3d 442, 450 (1970).

#### B.    Rules of Contract Interpretation

18      In California, the "interpretation of an insurance policy is a question of law" for the court.

19  *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995), *as modified on denial of reh'g*, (Oct. 26,

20  1995). Courts interpreting policy provisions must give terms their "ordinary and popular sense,

21  unless used by the parties in a technical sense or a special meaning is given to them by usage."

22  *Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115 (1999) (internal quotation marks and citations

23  omitted). Courts must neither "strain to create an ambiguity where none exists," *Waller*, 11 Cal.

24  4th at 18-19, nor "rewrite a policy to bind the insurer to a risk that it did not contemplate and for

25  which it has not been paid," *Safeco Ins. Co. v. Gilstrap*, 141 Cal. App. 3d 524, 533 (1983).

26      "The burden is on the insured to establish that the claim is within the basic scope of coverage

27  and on the insurer to establish that the claim is specifically excluded." *MacKinnon v. Truck Ins.*

28  *Exch.*, 31 Cal. 4th 635, 648 (2003), *as modified on denial of reh'g*, (Sept. 17, 2003). Because the

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

Page 1722 of 2921

1    "physical loss or damage" requirement is part of the insuring clause, the insured has the burden of

2    proving "physical loss or damage."  *See, e.g.*, *MRI Healthcare Ctr. of Glendale, Inc. v. State Farm*

3    *Gen. Ins. Co.*, 187 Cal. App. 4th 766, 778 (2010).

4    **IV.    ARGUMENT**

5        **A.    JRK fails to meet its burden of alleging facts sufficient to establish the "direct**
         **physical loss or damage" required for coverage.**

6

7    JRK contends that the Policies cover its business interruption losses. Except for the

8    Interruption by Communicable Disease provision, all coverages under the Policies require "direct

9    physical loss or damage" to property. JRK fails to allege *facts* that would satisfy this requirement.

10   Its conclusory allegations do not suffice. Accordingly, JRK's claims for coverage under the

11   Policies' Business Interruption, Extra Expense, Rental Value/Rental Income, Contingent Time

12   Element, Civil or Military Authority, Ingress/Egress, Building Ordinance Law, Decontamination

13   Costs, and Tenant Relocation and Move Back Expense provisions should be dismissed for failure

14   to state a claim. JRK's claim for coverage under the Policies' Professional Fees provision requires

15   "a  loss  which  is  payable  under  this  policy."  Joint  Stipulation,  Exhibit  1,  at

16   GENERALSTAR00000067.  It should be dismissed for the same reason.

17       **1.    Under California law, "direct physical loss or damage" requires some**
         **distinct, demonstrable, physical alteration or permanent dispossession.**

18   California courts hold that "physical loss or damage" requires a "distinct, demonstrable,

19   physical alteration" to the insured property. *MRI Healthcare*, 187 Cal. App. 4th at 779 (internal

20   quotation marks and citation omitted); *Inns by the Sea*, 71 Cal. App. 5th at 706; *Mudpie, Inc.,* 15

21   F.4th at 891. A loss of use is not physical loss or damage.  "Under California law, losses from

22   inability to use property do not amount to 'direct physical loss of or damage to property' within the

23   ordinary and popular meaning of that phrase." *10E, LLC v. Travelers Indem. Co. of Conn.*, 483 F.

24   Supp. 3d 828, 835-36 (C.D. Cal. 2020); *accord MRI Healthcare*, 187 Cal. App. 4th at 779 (loss of

25   use is not physical loss or damage).  "California courts have carefully distinguished 'intangible,'

26   'incorporeal,' and 'economic' losses from 'physical' ones." *Mudpie, Inc.*, 15 F.4th at 892; *Tralom,*

27   *Inc. v. Beazley USA Servs., Inc.*, No. 20-cv-8344-JFW, 2020 WL 8620224, at *3 (C.D. Cal. Dec.

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

Page 1723 of 2921

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

29, 2020) ("'Detrimental economic impact' will not suffice.") (quoting *MRI Healthcare*, 187 Cal. App. 4th at 779).[6] Property is considered physically lost only if the dispossession is permanent. *Protégé Rest. Partners LLC v. Sentinel Ins. Co.*, 517 F. Supp. 3d 981, 987 (N.D. Cal. 2021), *dismissed with prejudice*, 2021 WL 4442652 (N.D. Cal. Sept. 28, 2021); *Total Intermodal Servs. Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 17-cv-4908-AB, 2018 WL 3829767 (KSX), at *4 (C.D. Cal. July 11, 2018).

> **2.     JRK fails to allege facts showing a distinct, demonstrable, physical alteration to, or permanent dispossession of, its property and therefore fails to meet its burden of establishing "direct physical loss or damage."**

JRK fails to allege any *facts* showing either a distinct, demonstrable, physical alteration to, or a permanent dispossession of, its property. JRK generically contends that "coronavirus particles" "physically alter[] and transform[] [surfaces] into disease-transmitting fomites." Compl. ¶ 60. JRK also contends that the coronavirus "compromises the physical integrity of the structures it permeates and poses an imminent risk of physical damage to all other structures." Compl. ¶ 55. But it fails to allege any *facts* showing that the virus has "physically alter[ed]" or "compromise[d] "physical integrity of the structures" of its properties, or that any of those structures have sustained "an imminent risk of physical damage."[7]

Not surprisingly, courts applying California law have repeatedly held that in the absence of factual support showing how the COVID-19 virus causes "direct physical loss or damage" to *property*, conclusory assertions about the presence of the virus on property, or about the virus's effect on property, are not sufficient to meet the burden of establishing coverage. *Inns by the Sea*, 71 Cal. App. 5th at 699-700 (rejecting as conclusory plaintiff's contention that "the presence of COVID-19 clearly constitutes the requisite 'damage,' as that undefined term is reasonably understood, because its physical presence transforms property, specifically indoor air and surfaces,

---

[6] "Unpublished federal district court decisions are citable and may be persuasive authority." *Akopyan v. Wells Fargo Home Mortg., Inc.*, 215 Cal. App. 4th 120, 142 (2013).

[7] JRK appears to recognize that, when present, the coronavirus is in the air or on surfaces temporarily—for hours or days, at most, Compl. ¶¶ 55-56, and that the real risk of coronavirus is not damage to property, but damage to human health. *E.g.*, *id.* ¶ 56 ("Between contagious surfaces and invisible particles suspended in the air, the coronavirus turned JRK's properties into a gauntlet of deadly particles."); *accord Wellness Eatery La Jolla LLC v. Hanover Ins. Grp.*, 517 F. Supp. 3d 1096, 1106 (S.D. Cal. 2021) ("[T]he virus harms human beings, not property.").

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**                    **Page 1724 of 2921**

from a safe condition to a dangerous and potentially deadly condition unsafe and unfit for its intended purpose"); *see also Unmasked Mgmt., Inc. v. Century-Nat'l Ins. Co.*, 514 F. Supp. 3d 1217, 1225 (S.D. Cal. 2021) (concluding that even if allegations that it was "medically certain" that the virus was present on the insured's property demonstrated the presence of COVID-19, such allegations did not demonstrate a physical alteration to the insured's property); *Mortar & Pestle Corp. v. Atain Specialty Ins. Co.*, 508 F. Supp. 3d 575, 581 (N.D. Cal. 2020) ("Although Mortar and Pestle has added allegations such as COVID-19 has 'intruded upon the property' and 'damaged the property,' those conclusory assertions are insufficient to state a claim based thereon.") (record citations omitted).

So too here.  JRK's contentions that the presence of coronavirus causes physical loss or damage to property are "conclusions of law or fact" that this Court need not—and should not—accept as true. *Dondlinger*, 31 Cal. App. 5th at 997-98; *accord L.A. Lakers, Inc. v. Fed. Ins. Co.*, No. 21-cv-2281-TJH, 2021 WL 4488591, at *2 (C.D. Cal. Aug. 11, 2021) ("[T]he Lakers' allegations [that the presence of COVID-19 physically alters and damages property] are merely legal conclusions couched as factual allegations.").

Indeed, many courts applying California law have held that "the presence of the virus itself, or of individuals infected [by] the virus, at plaintiffs' business premises or elsewhere do[es] not constitute direct physical losses of or damage to property."  *Tralom*, 2020 WL 8620224, at *5 (quoting *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, 491 F. Supp. 3d 738, 740 (S.D. Cal. 2020), *denying motion for leave to file amended complaint and dismissing complaint with prejudice*, 491 F. Supp. 3d 738 (S.D. Cal. 2020)); *see also Inns by the Sea*, 71 Cal. App. 5th at 705 ("[D]espite Inns' allegation that the COVID-19 virus was present on its premises, it has not identified any direct physical damage to property that caused it to suspend its operations."); *Out W. Rest. Grp. Inc. v. Affiliated FM Ins. Co.*, 527 F. Supp. 3d 1142, 1148 (N.D. Cal. 2021) (agreeing with "[t]he overwhelming majority of courts [that] have concluded that neither COVID-19 nor the governmental orders associated with it cause or constitute property loss or damage for purposes of insurance coverage"); *Unmasked Mgmt., Inc.*, 514 F. Supp. 3d at 1225-26 ("alleged presence of COVID-19 in or on the covered property," and "employees test[ing] positive for COVID-19," are

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

---

Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1    not "direct physical loss or damage").  "As such, the presence of the virus does not cause direct

2    physical loss of or damage to property as a matter of law." *Tralom*, 2020 WL 8620224, at *5.[8]

3    JRK's conclusory allegations that the COVID-19 virus caused "direct physical loss or

4    damage" to its property are not sufficient to meet it burden of showing it is entitled to coverage for

5    its business losses under the Policies.

6    JRK's conclusory allegations suffer from the added infirmity that, like the plaintiff in *Inns*

7    *by the Sea*, JRK "cannot reasonably allege that the presence of the COVID-19 virus on its premises

8    is what *caused* the premises to be uninhabitable or unsuitable for their intended purpose." 71 Cal.

9    App. 5th at 703.  For one thing, JRK's own admission that the government orders required tenants

10   to stay at home except when engaging in certain limited activities, "such as getting groceries or

11   medicine, or to perform essential jobs," Compl. ¶ 5, refutes any suggestion that its properties

12   became "uninhabitable" or "unusable for their intended purpose."  Its conclusory allegation that

13   "[t]he ubiquitous presence of the virus damaged the properties and rendered them unusable for their

14   intended purpose," Compl. ¶ 3, simply cannot be credited.

15       **3.    Temporary loss of use does not constitute "direct physical loss or damage"
                 under California law.**

16

17   JRK alternatively contends that the pandemic rendered its properties temporarily "unusable

18   for their intended purpose." Compl. ¶ 70.  This too is not sufficient to show entitlement to coverage

19   under the Policies.  It is well settled that, under California law, a temporary inability to use one's

20   property is a detrimental economic impact—not a direct physical loss of property. *MRI Healthcare*,

21   _____

22   [8] The overwhelming majority of courts in other jurisdictions have held the same. *See, e.g.*, *Ascent*,
     2022 WL 130722, at 3* (COVID-19 cannot cause "an actual physical change to property" so as to

23   trigger coverage "because a contaminated location can be immediately restored to its previous state
     by cleaning and disinfection—no repair or replacement required"); *Dakota Girls*, 17 F.4th at 649

24   & n.1 (rejecting argument "that COVID-19, merely through its supposed presence, was somehow
     'damaging surfaces' within [the insured's] properties"); *Santo's Italian Café*, 15 F.4th at 402 ("The

25   novel coronavirus did not physically affect the property in the way, say, fire or water damage
     would."); *Gilreath*, 2021 WL 3870697, at *2 ("Gilreath finds it problematic that its office is an

26   enclosed space where viral particles tend to linger . . . . Even so, we do not see how the presence of
     those particles would cause physical damage or loss to the property."); *Nguyen v. Travelers Cas.*

27   *Ins. Co. of Am.*, No. 20-cv-597, 2021 WL 2184878, at *10 (W.D. Wash. May 28, 2021) ,
     *reconsideration denied sub nom. Vita Coffee LLC v. Fireman's Fund Ins. Co.*, No. 2:20-CV-01079-

28   BJR, 2021 WL 3077922 (W.D. Wash. July 21, 2021) (holding "COVID-19 does not cause direct
     physical damage to property" because it harms people rather than property).

Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment                    **Page 1726 of 2921**

187 Cal. App. 4th at 779-80; *accord Caribe Restaurant & Nightclub, Inc. v. Topa Ins. Co.*, 533 F. Supp. 3d 938, 944 (C.D. Cal. 2021) ("[E]conomic business impairment does not qualify as a physical loss or damage to the premises.").

The California Court of Appeal, the Ninth Circuit, and many other courts applying California law have concluded that the inability to use property as a result of the presence of COVID-19 or government orders does not constitute direct physical loss.  In *Inns by the Sea*, the California Court of Appeal concluded that an insured's inability to use its premises because of pandemic-related orders did not constitute "direct physical loss" in the absence of a tangible injury or *physical* loss of property. 71 Cal. App. 5th at 705-08.  Similarly, in *Mudpie*, the Ninth Circuit rejected plaintiff's argument that loss of use from government orders qualified as physical loss or damage, explaining that "California courts have carefully distinguished 'intangible,' 'incorporeal,' and 'economic' losses from 'physical' ones." 15 F.4th at 892 (citing *MRI Healthcare*, 187 Cal. App. 4th at 779); *see also 10E*, 483 F. Supp. 3d at 836 ("Plaintiff only plausibly alleges that in-person dining restrictions interfered with the use or value of its property—not that the restrictions caused direct physical loss or damage."); *MGA Ent., Inc. v. Affiliated FM Ins. Co.*, No. 20-cv-10499-MWF, 2021 WL 2840456, at *2-3 (C.D. Cal. July 2, 2021) (rejecting insured's argument that loss of the full range of rights and advantages of using one's property amounts to physical loss).[9] Like the plaintiff in *Tralom*, JRK "'cannot recover by attempting to artfully plead temporary impairment to economically valuable use of property as physical loss or damage.'" 2020 WL 8620224, at *3 (quoting *10E*, 483 F. Supp. 3d at 836).

---

[9] The overwhelming majority of courts in other jurisdictions have held the same. *See, e.g., Sandy Point Dental*, 20 F.4th at 331 ("Without any physical alteration to accompany it, this partial loss of use does not amount to a "direct physical loss."); *Dakota Girls, LLC*, 17 F.4th at 649 ("Physical loss or damage" "excludes from coverage the mere economic injury and loss of use that result from a shutdown order" because "[a] loss of use simply is not the same as a physical loss.") (internal quotation marks and citations omitted); *Santo's Italian Café*, 15 F.4th at 402 ("The Governor's shut-down orders also did not create a direct physical loss of property or direct physical damage to it.  They simply prohibited one use of the property . . . [and] did not remotely cause direct physical damage to the property."); *Oral Surgeons*, 2 F. 4th at 1145 ( "The policy clearly does not provide coverage for Oral Surgeons's partial loss of use of its offices, absent a showing of direct physical loss or physical damage.").

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**                    **Page 1727 of 2921**

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

Even under a more expansive reading of "direct physical loss" to include the "permanent dispossession of" covered property, JRK's allegations fall short because JRK did not permanently lose physical possession of its properties. *See Caribe*, 533 F. Supp. 3d at 943 ("[E]ven if the Policy covered permanent dispossession, which it does not, Caribe has not alleged permanent dispossession, nor could it, as COVID-19 safety orders only temporarily restricted Caribe's use of its premises."); *Hair Perfect Int'l, Inc. v. Sentinel Ins. Co.*, No. 20-cv-3729-JAK, 2021 WL 2143459, at *6 (C.D. Cal. May 20, 2021) ("The closure orders temporarily restricted Plaintiff's use of the Salon. They did not physically alter the Salon or permanently dispossess Plaintiff. Accordingly, the closure orders are not a sufficient basis for coverage.") (internal citation omitted). JRK has alleged only temporary restrictions on its property that impacted its "ability to operate its insured properties." *See* Compl. ¶ 65. JRK did not lose physical possession of its property for any period, much less permanently, and thus its inability to use its property for its full range of business operations does not constitute direct physical loss.

### 4. Other policy provisions confirm JRK's pandemic-related business income losses are not covered.

The Policies' Period of Recovery confirms that the loss or damage to property must be physical in nature. The section entitled "Provisions Applicable to Business Interruption, Extra Expense, and Rental Value" provides that "[t]he length of time for which loss may be claimed" "[s]hall not exceed such length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair, or replace such part of the property as has been destroyed or damaged." Joint Stipulation, Exhibit 1, at GENERALSTAR00000061. The California Court of Appeal found a similar provision significant, reasoning that it implies that "loss" or "damage" must have "a *physical* nature that can be *physically* fixed, or if incapable of being *physically* fixed because it is so heavily destroyed, requires a complete move to a new location," and thus, "mere loss of use, without any other physical impact to [the insured's] property, is not sufficient to trigger Business Income coverage." *Inns by the Sea*, 71 Cal. App. 5th at 707; *see also Mudpie*, 15 F.4th at 892 ("That this coverage extends only until covered property is repaired, rebuilt, or replaced, or the business moves to a new permanent location suggests the Policy contemplates providing coverage

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 1728 of 2921**

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1   only if there are physical alterations to the property."); *W. Coast Hotel Mgmt., LLC v. Berkshire*

2   *Hathaway Guard Ins. Cos.*, 498 F. Supp. 3d 1233, 1238 (C.D. Cal. 2020) ("While 'direct physical

3   loss of or damage to property' is not defined in the Policy, it plainly requires, at minimum, that the

4   loss or damage be physical in nature. Indeed, the Policy contemplates a 'period of restoration' after

5   such loss or damage during which property is 'repaired, rebuilt, or replaced.'").

6        Here, no amount of rebuilding, repair, or replacement will help JRK because JRK has not

7   physically lost anything and has suffered no physical damage. Rather, JRK was able to resume

8   normal operations after government restrictions were lifted.  Thus, JRK has failed to meet its burden

9   of bringing itself within the provisions of the Policies that require some "direct physical loss or

10  damage" before coverage may be invoked.

11       Additionally, the Policies unambiguously "do[] not insure . . . . Loss of Market, Loss of

12  Use." *See* Joint Stipulation, Exhibit 1, at GENERALSTAR00000076-78. This means that

13  temporary government restrictions on JRK's business operations or on the use of its properties, or

14  a lowered demand for its properties, are not "Peril[s] Insured Against" by the Policies. As such,

15  JRK's allegations that its "hotels lost virtually all travelers, and thus revenue, overnight" and that

16  its apartment buildings lost tenants because of job losses, Compl. ¶¶ 66, 78,  fall squarely within

17  the Policies' Loss of Market and Loss of Use exclusions.

18       These exclusions do double duty.  They not only preclude recovery for business losses

19  sustained as a result of loss of market or loss of use in their own right.  They also support the

20  interpretation of "direct physical loss or damage" in commercial property insurance policies

21  reached by the California Court of Appeal and by most courts applying California law—namely

22  that, there is no coverage for mere loss of use in the absence of any demonstrable injury to or

23  permanent dispossession of property. *See, e.g.*, *Mudpie*, 487 F. Supp. 3d at 842 ("The separate

24  provision for loss of use suggests that the 'direct physical loss of . . . property' clause was not

25  intended to encompass a loss where the property was rendered unusable without an intervening

26  physical force."); *Selane Prods., Inc. v. Cont'l Cas. Co.*, No. 20-cv-7834-MCS, 2020 WL 7253378,

27  at *6 (C.D. Cal. Nov. 24, 2020) (similar).  As a court in another jurisdiction explained: "construing

28  the Policy's requirement of 'direct physical loss of or damage to property' to include the mere loss

---

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
12
Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
Page 1729 of 2921

1  of use of the insured property with nothing more would negate the 'loss of use exclusion." *LDWB*

2  *#2 LLC v. FCCI Ins. Co.*, No. 20-cv-425-LY, 2021 WL 2744568, at *4 (W.D. Tex. July 1, 2021)

3  (internal quotation marks and citation omitted); *see also Ballas Nails & Spa, LLC v. Travelers Cas.*

4  *Ins. Co. of Am.*, 511 F. Supp. 3d 978, 984–85 (E.D. Mo. 2021) (same); *Accents of Sterling, Inc. v.*

5  *Ohio Sec. Ins. Co.*, No. 20-CV-11005-DJC, 2021 WL 2117180, at *3 (D. Mass. May 25, 2021)

6  ("[Plaintiff's] asserted interpretation would fail to give meaning to all the Policy's terms and render

7  the 'loss of use' exclusion superfluous."); *Biltrite Furniture, Inc. v. Ohio Sec. Ins. Co.*, No. 20-CV-

8  656-JPS-JPS, 2021 WL 3056191, at *5 (E.D. Wis. July 20, 2021) (same).

9
10    **B.    JRK further fails to meet its burden of alleging facts sufficient to establish coverage under the Policies' Civil Authority, Ingress/Egress, and Communicable Disease provisions because JRK's access to its property was not "impaired."**

11
12    The Civil Authority provision is satisfied only "when[,] as a direct result of a peril insured

13  against, access to real or personal property is impaired by order of civil or military authority." *See*

14  Joint Stipulation, Exhibit 1, at GENERALSTAR00000062.  Similarly, coverage under the Policies'

15  Ingress/Egress provision requires that, "as a direct result of a peril insured against, ingress to or

16  egress from the Insured's premises is thereby impaired." *Id.*  As discussed above, the "peril insured

17  against" under the Policies is "direct physical loss or damage" to property, and the Civil Authority

18  and Ingress/Egress coverages fail for that reason alone.  In addition, JRK's inability to allege that

19  "access" or "ingress to or egress from" its property was impaired is a separate, independent basis

20  for dismissing JRK's claims for Civil Authority and Ingress/Egress coverage.

21    While the COVID-19 orders may have "suspend[ed] or severely curtail[ed] [JRK's]

22  operations," Compl. ¶ 63, they did not impair "access" to its premises. Rather, the COVID-19

23  orders had the *opposite* effect on JRK's properties because they forced JRK's tenants to "stay at

24  home except for essential purposes." *Id.* ¶ 62; *see also id.* ¶ 5 ("The Orders . . . permitted residents

25  to leave their homes only for limited purposes such as getting groceries or medicine, or to perform

26  essential jobs.").  Indeed, JRK alleges that "countless employees, tenants, and visitors enter[ed] and

27  inhabit[ed] the nearly 100 properties JRK owned at the start of the pandemic." *See id.* ¶ 73.  A

28  limitation on an insured's *business operations*, as JRK alleges, does not constitute impaired

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

1  *physical access* to covered property. *See, e.g.*, *Menominee Indian Tribe of Wis. v. Lexington Ins.*

2  *Co.*, No. 21-cv-231-WHO, 2021 WL 3727070, at *13 (N.D. Cal. Aug. 23, 2021) (where premises

3  were closed to patrons but remained accessible to employees, no ingress/egress prevention);

4  *Westside Head & Neck v. Hartford Fin. Servs. Grp., Inc.*, 526 F. Supp. 3d 727, 736 (C.D. Cal.

5  2021) (concluding that insured "failed to allege that access to its premises was prohibited" when it

6  "continue[d] to operate minimally"); *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, 487 F.

7  Supp. 3d 937, 945 (S.D. Cal. 2020) (no civil authority coverage if plaintiffs "are simply prohibited

8  from operating their business").

9       There is no Civil Authority or Ingress/Egress coverage for the added reason that JRK does

10  not and cannot allege a causal nexus between physical loss or damage to property and subsequent

11  government orders. *See, e.g.*, *644 Broadway LLC v. Falls Lake Fire & Cas. Co.*, No. 20-cv-8421-

12  JST, 2021 WL 3008309, at *4 (N.D. Cal. May 21, 2021) ("Without physical damage, 'the requisite

13  causal link' to trigger coverage is absent, and the [civil authority and ingress/egress] provisions do

14  not apply.") (quoting *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 487 F. Supp. 3d 834, 844

15  (N.D. Cal. 2020), *aff'd*,15 F.4th 885 (9th Cir. 2021), 487 F. Supp. 3d at 844); *see also Inns by the*

16  *Sea*, 71 Cal. App. 5th at 710-12 (no civil authority coverage because the government orders "make

17  clear that they were issued in an attempt to prevent the spread of the COVID-19 virus [and] give

18  no indication that they were issued 'due to direct physical loss of or damage to' any property").

19       JRK also fails to allege any facts showing it is entitled to coverage under the limited

20  Communicable Disease provision.[10]  Although the Policies' Communicable Disease provision does

21  not require direct physical loss or damage, it provides coverage only if "access to a Location . . . is

22  limited, restricted, or prohibited as a result of" an order responding to the actual presence of a

23

24

---

25  [10] The Policies' Communicable Disease provision is subject to a program sublimit of $2.5 million.
Joint Stipulation, Exhibit 1, at GENERALSTAR00000054.  The Insurers identified in Appendix A
26  as "Excess Insurers" participate in JRK's insurance program by providing coverage beginning at
attachment points of $5 million or more.  Therefore, even if JRK could otherwise allege facts
27  establishing an entitlement to coverage under the Communicable Disease provision, the program
sublimit for the Communicable Disease provision precludes any possibility of recovery against the
28  Excess Insurers under that provision.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

communicable disease. Joint Stipulation, Exhibit 1, at GENERALSTAR00000062.[11] JRK itself

conceded that it does not meet these requirements in the federal complaint it filed at the outset of

this litigation when it expressly alleged: "The limited or prohibited access to JRK properties was a

result of the global pandemic and government responses to it, *not due to an order by a governmental*

*agency or JRK officer arising from the actual not suspected presence of the virus*." Churan Decl.

Exhibit 1 ¶ 81 (emphasis added). And, as noted above, JRK alleges that tenants were directed to

*remain* at its properties except when performing essential activities. Compl. ¶¶ 5, 62. Indeed, what

JRK complains of is not that access to its properties was "limited or prohibited," but rather that it

was "prohibited" from evicting tenants for non-payment, or from increasing their rent. Compl. ¶ 77

("Other governmental restrictions, specifically affecting companies in the business or owning and

managing properties, have prohibited residential evictions, allowed tenants to defer rent payments,

prohibited the charging of late fees or interest on unpaid rent, and prohibited otherwise normal rent

increases during the pandemic."). To the extent JRK alleges in other parts of its Complaint—albeit

in conclusory and contradictory fashion—that access to its properties was limited, those allegations

are properly disregarded. *Manti*, 5 Cal. App. 3d at 450 (when plaintiff makes inconsistent factual

allegations, the court "is required to take as true" those allegations "which bear most strongly

against the pleader").

> Accordingly, JRK fails to meet its burden to plead a legally cognizable theory that its losses

are covered under the Civil Authority, Ingress/Egress, or Communicable Disease provisions.

> **C.    The Policies Preclude Coverage for Losses Caused By any Virus.**

> Independent of JRK's failure to alleged facts sufficient to establish "direct physical loss or

damage," the Policies' Pollutants-or-Contaminants Exclusion also bars coverage, as does the

Pathogens Exclusion in two of the Policies.

___

[11] The Ironshore Policy contains an endorsement removing the Communicable Disease coverage
provision. *See* Joint Stipulation, Exhibit 4, at IRONSHORE_000058, Endorsement No. 10.

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**                                                      **Page 1732 of 2921**

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2

**1.    JRK's losses, which it alleges were caused by the COVID-19 virus, fall squarely within the Policies' Pollutants-or-Contaminants Exclusion.**

JRK alleges that its losses were "caused by the virus, the resulting disease, the pandemic, or the Orders."  Compl. ¶ 109.  The Complaint makes clear that the latter three causes are themselves caused by the virus.  *Id.* ¶¶ 37-40 (alleging that the novel coronavirus caused COVID-19 and the global pandemic), ¶ 63 (alleging that governments issued orders limiting non-essential businesses and directing residents to stay at home to limit the spread of the virus).  The Policies' "Perils Excluded" section states: "This policy does not insure . . . Pollution caused directly or indirectly by the release, discharge, dispersal, seepage, migration, or escape of Pollutants or Contaminants . . . ."  Joint Stipulation, Exhibit 1, at GENERALSTAR00000076-77.  The Policies unambiguously define "Pollutants or Contaminants" to include "any . . . virus." *Id.* at GENERALSTAR00000081.  Accordingly, the novel coronavirus was the cause—direct or indirect—of the losses of which JRK complains. Contending otherwise is "[n]onsense." *Franklin EWC, Inc. v. Hartford Fin. Servs. Grp., Inc.*, 488 F. Supp. 3d 904, 908 (N.D. Cal. 2020).

Courts applying California law hold that similar exclusions preclude coverage for COVID-19 business interruption losses like JRK's. *See, e.g.*, *W. Coast Hotel*, 498 F. Supp. 3d at 1242 (rejecting argument that similar virus exclusion does not apply to "pandemics" because "Plaintiffs' interpretation defies the plain and unambiguous text of the Policy and is 'akin to arguing that a coverage exclusion for damage caused by fire does not apply to damage caused by a very large fire'"); *Travelers Cas. Ins. Co. of Am. v. Geragos & Geragos*, 495 F. Supp. 3d 848, 852-53 (C.D. Cal. 2020) (exclusion for "any virus, bacterium or other microorganism that induces or is capable o[f] inducing physical distress, illness or disease" precluded business interruption coverage).

An exclusion for pollutants and contaminants that, like the one here, applies to "any . . . virus," "expressly excludes damage or loss of value and even loss of use of property caused by a virus." *Zwillo V, Corp. v. Lexington Ins. Co.*, 504 F. Supp. 3d 1034, 1041-42 (W.D. Mo. 2020), *appeal dismissed*, No. 21-1015, 2021 WL 2792962 (8th Cir. Mar. 18, 2021); *id.* at 1041-42 (pollution and contamination exclusion unambiguously barred coverage for plaintiff's claims for COVID-related business interruption); *Circus Circus LV, LP v. AIG Specialty Ins. Co.*, 525 F. Supp.

---

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

6

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 1733 of 2921**

3d 1269, 1278 (D. Nev. 2021) (pollutants-or-contaminants exclusion that encompassed health-harming viruses was not limited to traditional pollution and precluded coverage for COVID-19-related business interruption losses); *10012 Holdings, Inc. v. Sentinel Ins. Co., Ltd.*, 507 F. Supp. 3d 482, 489 (S.D.N.Y. 2020) (pollutant exclusion that included viruses and materials that threaten human health or welfare "explicitly exclude[s] coverage for any costs associated with containing the presence of harmful substances similar to COVID-19 on Plaintiff's own premises").

Here, JRK's claimed losses are alleged to have resulted from the release, discharge, dispersal or escape of the COVID-19 virus and thus "fall[] squarely within the policy's pollutants-or-contaminants exclusion." *Circus Circus* 525 F. Supp. 3d at 1278. Thus, the Policies' Pollutants or Contaminants Exclusion bars coverage under provisions that condition coverage on the existence of a "Peril Insured Against."

### 2. The Pathogens Exclusions in the Policies issued by defendants Evanston and RSUI bar JRK's claims against them.

JRK's claims against defendants Evanston Insurance Company ("Evanston) and RSUI Indemnity Company ("RSUI") are further barred by the plain language of pathogens exclusions in those companies' policies. Evanston's Organic Pathogens Exclusion bars coverage for "loss or damage caused directly or indirectly" by the "[p]resence, growth, proliferation, spread or any activity of 'organic pathogens'." Joint Stipulation, Exhibit 2, Evanston Policy at EIC029 § A. "Organic pathogen" is defined to mean any "organic irritant or contaminant including, but not limited to . . . virus or other microorganisms of any type," and the exclusion applies "regardless of whether there is any: (1) Direct physical loss or damage to Covered Property; [or] (2) Loss of use, occupancy or functionality or decreased valuation of Covered Property or loss of Business Income." *Id.* § A, B(2). RSUI's Exclusion of Pathogenic or Poisonous Biological or Chemical Materials similarly bars coverage for losses caused by any "pathogenic . . . biological . . . material." Joint Stipulation, Exhibit 3, RSUI Policy at RSUI_000060.

Several courts applying California law have held that similar exclusions bar coronavirus-related business-interruption claims like those JRK alleges here. *See, e.g., L&L Logistics and Warehousing Inc. v. Evanston Ins. Co.*, 2021 WL 1396280, at *4, 6 (E.D. Va. Apr. 13, 2021)

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 1734 of 2921**

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1    (applying California law, the "Organic Pathogen Exclusion quite clearly excludes viruses from the

2    realm of 'covered causes,' even where the loss or damage was only indirectly caused by a virus");

3    *Boxed Foods Co., LLC v. California Capital Ins. Co.*, 2020 WL 6271021 (N.D. Cal. Oct. 26, 2020)

4    (applying pathogens exclusion and dismissing complaint with prejudice).[12]

5          **D.    Dismissal With Prejudice is Proper Because JRK Cannot State a Claim for Either of Its Causes of Action.**

6          As discussed above, JRK has not met its burden of pleading facts establishing that there is

7    any coverage for its alleged losses under the Policies. Further, the Policies' Pollutants or

8    Contaminants, Loss of Market and Loss of Use exclusions all bar coverage. As such, JRK has

9    alleged no cognizable legal theory or set of facts to sustain its claims for breach of contract and

10   declaratory judgment. "Courts are not required to grant leave to amend if a complaint lacks merit

11   entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, the Complaint's

12   deficiencies do not simply result "from poor drafting or insufficient detail but from an incurably

13   flawed legal theory." *L.A. Cty. Museum of Nat. Hist. Found. v. Travelers Indem. Co. of Conn.*, No.

14   21-cv-1497-SVW, 2021 WL 1851028, at *6 (C.D. Cal. Apr. 15, 2021), *appeal dismissed*, No. 21-

15   55497, 2021 WL 3579537 (9th Cir. July 13, 2021). No artful pleading can alter this conclusion.

16   Any request for leave to amend in response to this motion should, therefore, be denied.

17   **V.    CONCLUSION**

18         For the above reasons, the Moving Insurers respectfully request the Court grant judgment

19   on the pleadings as to JRK's entire Complaint without leave to amend.

20

21

22

23

24   [12] Courts in other jurisdictions have held likewise. *See, e.g.*, *Graspa Consulting, Inc. v. United Nat'l Ins. Co.*, 2021 WL 1540907, at *14 (S.D. Fla. Apr. 16, 2021) (Organic Pathogens Exclusion barred coverage); *Glynn Hosp. Grp., Inc. v. RSUI Indem. Co.*, 2021 WL 5281616, at *7 (D. Mass.

25   Nov. 12, 2021) (finding that RSUI Policy's Pathogen Exclusion's "plain language applies to loss or damage caused by COVID-19"); *Cibus LLC v. Cap. Ins. Grp.*, 2021 WL 1100376, at *2 (D.

26   Ariz. Mar. 23, 2021) (similar pathogens exclusion "sufficient to grant dismissal"); *Savage City Strength, LLC v. Covington Specialty Ins. Co.*, No. SOM-L-831-20, Hr'g Tr. at 8–10, 17–19 (N.J.

27   Super. Apr. 8, 2021) (Churan Decl. Exhibit. 2) (holding that policy's Exclusion of Pathogenic or Poisonous Biological or Chemical Materials precludes coverage for COVID-19-related business

28   income losses).

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
18

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**                **Page 1735 of 2921**

1

DATED: January 21, 2022

**ROBINS KAPLAN LLP**

2

By: *Amy Churan*

3

Amy M. Churan
Melissa M. D'Alelio

4

5

Attorneys For Defendants Ironshore Specialty
Insurance Company; Certain Underwriters at
Lloyd's, London and London market companies

6

Subscribing to Policy No. (UMR)
B0180PG1902606; Certain Underwriters at
Lloyd's, London and London market companies

7

Subscribing to Policy No. (UMR)
B0180PG1902611; Certain Underwriters at

8

Lloyd's, London Subscribing to Policy No. (UMR)
B0180PG1902610; Certain Underwriters at

9

Lloyd's, London Subscribing to Policy No. (UMR)
B0180PG1903066; Certain Underwriters at

10

Lloyd's, London Subscribing to Policy No. (UMR)
B0180PG1902622; Ategrity Specialty Insurance

11

Company; and RSUI Indemnity Company

12

13

DENTONS US LLP

14

*/s/ Julia M. Beckley*

15

Attorneys for Defendant
American International Group UK Limited

16

as Subscriber to Policy No. (UMR)
BO180PG1902606

17

Julia M. Beckley (Bar No. 247493)
2000 McKinney Avenue, Suite 1900

18

Dallas, Texas 75201
Tel (214) 259-1854

19

Fax (214) 259-0910
julia.beckley@dentons.com

20

21

G. Richard Dodge , Jr. (*pro hac vice* application
pending)

22

1900 K Street NW
Washington, DC 20006
Tel (202)496-7500

23

Fax (202) 496-7756
rich.dodge@dentons.com

24

25

Keith Moskowitz (*pro hac vice* application pending)
233 South Wacker Drive, Suite 5900

26

Chicago, IL 60606-6361
Tel (312) 876-8220

27

Fax (312) 876 7934
keith.moskowitz@dentons.com

28

---

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

19

Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

Page 1736 of 2921

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CUMMINS & WHITE, LLP

*/s/ Larry M. Arnold*
Attorneys for Defendant
Colony Insurance Company
Larry M. Arnold (Bar No. 060459)
Margaret R. Miglietta (Bar No. 116026)
Noura K. Rizzuto (Bar No. 291455)
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660-0757
Tel (949) 852-1800
Fax (949) 852-8510
larnold@cwlawyers.com
mmiglietta@cwlawyers.com
nrizzuto@cwlawyers.com

STEWART SMITH
William F. Stewart (admitted *pro hac vice*)
300 Four Falls Corporate Center
300 Conshohocken Road, Suite 670
West Conshohocken, PA 19428
Tel (484) 344-5296
Fax (484) 534-9470
WStewart@stewartsmithlaw.com

KENNEDYS CMK LLP

*/s/ Susan Frances Dent*
Attorneys for Defendant
Crum & Forster Specialty Insurance Company
Susan Frances Dent (Bar No. 292900)
101 California Street, Suite 1225
San Francisco, CA 94111
Tel (415) 323-4460
Fax (415) 323-4445
Susan.Dent@kennedyslaw.com

Gary S. Kull (*pro hac vice* application pending)
120 Mountain View Boulevard
Basking Ridge, NJ 07920
Tel (908) 848-6300
Fax (908) 647-8390
Gary.Kull@kennedyslaw.corn

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

20

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 1737 of 2921**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

CLYDE & CO US LLP

*/s/ Susan Koehler Sullivan*
Attorneys for Defendants
Endurance American Specialty Insurance Company;
and Maxum Indemnity Company
Susan Koehler Sullivan (Bar No. 156418)
Brett Charles Safford  (Bar No. 292048)
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: (213) 358-7600
Facsimile: (213) 358-7650
susan.sullivan@clydeco.us
brett.safford@clydeco.us


DICKINSON WRIGHT RLLP

*/s/ Bennet Evan Cooper*
Attorneys for Defendant
Evanston Insurance Company
Bennett Evan Cooper (Bar No. 128544)
800 W. California Avenue, Suite 110
Sunnyvale, California 94086
Tel: (602) 285-5044
Fax: (844) 670-6009
bcooper@dickinsonwright.com


MUSICK, PEELER & GARRETT LLP

*/s/ David A. Tartaglio*
Attorneys for Defendant
General Star Indemnity Company
David A. Tartaglio (Bar No. 117232)
624 South Grand Avenue, Suite 2000
Los Angeles, CA 90017-3383
Tel (213) 629-7600
Fax (213) 624-1376
d.tartaglio@musickpeeler.com

WILEY REIN LLP
Benjamin C. Eggert (*pro hac vice* forthcoming)
Joseph W. Gross (*pro hac vice* forthcoming)
2050 M Street NW
Washington, DC  20036
Tel (202) 719-7000
Fax (202) 719-7049
BEggert@wiley.law
JGross@wiley.law

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

21

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 1738 of 2921**

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN, LLP

*/s/ Michael R. Weiss*
Attorneys for Defendants
Homeland Insurance Company; and Hallmark
Specialty Insurance Company
Michael R. Weiss (Bar No. 180946)
601 West Fifth Street, Suite 300
Los Angeles, CA 90071
Tel (213) 688-9500
Fax (213) 627-6342
Michael.Weiss@akerman.com

Bryan G. Scott (*pro hac vice* forthcoming)
100 North Main Street, Suite 2425
Winston-Salem, NC 27101
Tel (336) 296-7104
Fax (336) 296-7010
Bryan.Scott@akerman.com

LEWIS BRISBOIS BISGAARD
& SMITH LLP
Seth I. Weinstein (*pro hac vice* forthcoming)
77 Water Street, 21st Floor
New York, NY 10005
Tel (212) 232-1300
Fax (212) 232-1399
Seth.Weinstein@lewisbrisbois.com


FAEGRE DRINKER BIDDLE & REATH LLP

*/s/ Kristopher S. Davis*
Attorneys for Defendant
Mitsui Sumitomo Insurance Company of America
Kristopher S. Davis (Bar No. 193452)
1800 Century Park East Suite 1500
Los Angeles, CA 90067-1517
Tel (310) 203-4000
Fax (310) 229-1285
kristopher.davis@faegredrinker.com

RIKER DANZIG SCHERER HYLAND
& PERRETTI LLP
Brian E. O'Donnell (*pro hac vice* application
pending)
Maura C. Smith (*pro hac vice* application pending)
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
Tel (973) 538-0800
Fax (973) 538-1984
bodonnell@riker.com
msmith@RIKER.com

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

22

1

2      PHELPS DUNBAR LLP

3      */s/ Jay R. Sever*
      Attorneys for Defendant
4      Scottsdale Insurance Company
      Jay R. Sever  (SBN 165859)
5      365 Canal Street, Suite 2000
      New Orleans, LA 70130-6534
6      Tel (504) 566-1311
      Fax (504) 568-9130
7      jay.sever@phelps.com

8      SELMAN BREITMAN LLP
      Meka Moore  (SBN 180017)
9      Damian L. Palombi (SBN 311252)
      11766 Wilshire Boulevard, 6th Floor
10     Los Angeles, CA 90025-6538
      Tel (310) 445-0800
11     Fax (310) 473-2525
      mmoore@selmanlaw.com
12     dpalombi@selmanlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
23

## Appendix A – "Moving Insurers" and "Excess Insurers"

The "Moving Insurers" comprise all the defendants named in the complaint filed by JRK Property Holdings, Inc.:

1. Ironshore Specialty Insurance Company;

2. Certain Underwriters at Lloyd's, London and London market companies Subscribing To Policy No. (UMR) B0180PG1902606;

3. Certain Underwriters at Lloyd's, London and London market companies Subscribing To Policy No. (UMR) B0180PG1902611;

4. Certain Underwriters at Lloyd's, London Subscribing To Policy No. (UMR) B0180PG1902610;

5. Certain Underwriters at Lloyd's, London Subscribing To Policy No. (UMR) B0180PG1903066;

6. Certain Underwriters at Lloyd's, London Subscribing To Policy No. (UMR) B0180PG1902622;

7. Ategrity Specialty Insurance Company;

8. RSUI Indemnity Company;

9. American International Group UK Limited as Subscriber to Policy No. (UMR) BO180PG1902606;

10. Colony Insurance Company;

11. Crum & Forster Specialty Insurance Company;

12. Endurance American Specialty Insurance Company;

13. Evanston Insurance Company;

14. Hallmark Insurance Company;

15. Homeland Insurance Company of New York;

16. Maxum Indemnity Company;

17. Mitsui Sumitomo Insurance Company of America;

18. Scottsdale Insurance Company.

1

The **Excess Insurers**, with their respective attachment points indicated parenthetically, are as follows:

1. Ategrity Insurance Company ($25 million);

2. Colony Insurance Company ($5 million and $25 million);

3. Crum & Forster Specialty Insurance Company ($25 million);

4. Endurance American Specialty Insurance Company ($10 million);

5. Evanston Insurance Company ($10 million);

6. Hallmark Insurance Company ($100 million);

7. Homeland Insurance Company of New York ($100 million);

8. Lloyd's of London [Argo Line] ($10 million);

9. Lloyd's of London [Hardy Line] ($5 million);

10. Maxum Indemnity Company ($10 million);

11. Mitsui Sumitomo Insurance Company of America ($150 million);

12. RSUI Indemnity Company ($150 million); and

13. Scottsdale Insurance Company ($50 million).

2

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 1742 of 2921**

## Appendix B

### Decisions issued by California federal and state courts dismissing claims for coverage for pandemic-related business interruption losses

#### Ninth Circuit Decisions

1. *Chattanooga Professional Baseball LLC v. National Casualty Co.*, No. 20-17422, 2021 WL 4493920 (9th Cir. Oct. 1, 2021)

2. *Mudpie Inc. v. Travelers Casualty Insurance Company of America*, 15 F.4th 885 (9th Cir. 2021)

3. *Selane Products, Inc. v. Continental Casualty Co.*, No. 21-55123, 2021 WL 4496471 (9th Cir. Oct. 1, 2021)

#### California Court of Appeal Decision

4. *Inns by the Sea v. California Mutual Insurance Co.*, 71 Cal. App. 5th 688 (2021)

#### Federal Trial Court Decisions

1. *Plan Check Downtown III, LLC v. AmGuard Insurance Co.*, 485 F. Supp. 3d 1225 (C.D. Cal. 2020), *dismissed with prejudice*, No. CV 20-6954-GW-SKx, 2020 WL 5742713 (C.D. Cal. Sept. 16, 2020)

2. *Pappy's Barber Shops, Inc. v. Farmers Group, Inc.*, 487 F. Supp. 3d 937 (S.D. Cal. 2020), *denying motion for leave to file amended complaint and dismissing complaint with prejudice*, 491 F. Supp. 3d 738 (S.D. Cal. 2020)

3. *Mortar & Pestle Corp. v. Atain Specialty Insurance Co.*, 508 F. Supp. 3d 575 (N.D. Cal. 2020)

4. *Franklin EWC, Inc. v. Hartford Financial Services Group, Inc.*, 488 F. Supp. 3d 904 (N.D. Cal. 2020), *dismissed with prejudice*, 506 F. Supp. 3d 854 (N.D. Cal. 2020)

5. *Mark's Engine Co. No. 28 Restaurant, LLC v. Travelers Indemnity Company of Connecticut*, 492 F. Supp. 3d 1051 (C.D. Cal. 2020)

6. *O'Brien Sales & Marketing, Inc. v. Transportation Insurance Co.*, No. 20-cv-02951-MMC, slip op. (N.D. Cal. Oct. 9, 2020), *dismissed with prejudice*, 512 F. Supp. 3d 1019 (N.D. Cal. Jan. 12, 2021)

7. *Travelers Casualty Insurance Company of America v. Geragos & Geragos*, 495 F. Supp. 3d 848 (C.D. Cal. 2020), *dismissed with prejudice*, No. CV 20-3619 PSG (EX), 2021 WL 1659844 (C.D. Cal. Apr. 27, 2021)

8. *Founder Institute Inc. v. Hartford Fire Insurance Co.*, 497 F. Supp. 3d 678 (N.D. Cal. 2020), *dismissed with prejudice*, No. 20-CV-04466-VC, 2021 WL 869637 (N.D. Cal. Feb. 12, 2021)

1

9.   *Boxed Foods Co., LLC v. California Capital Insurance Co.*, 497 F. Supp. 3d 516 (N.D. Cal. 2020)

10.  *West Coast Hotel Management, LLC v. Berkshire Hathaway Guard Insurance Cos.*, 498 F. Supp. 3d 1233 (C.D. Cal. 2020)

11.  *Water Sports Kauai, Inc. v. Fireman's Fund Insurance Co.*, 499 F. Supp. 3d 670 (N.D. Cal. 2020), *dismissed with prejudice*, No. 20-CV-03750-WHO, 2021 WL 775397 (N.D. Cal. Feb. 1, 2021)

12.  *Long Affair Carpet & Rug, Inc. v. Liberty Mutual Insurance Co.*, 500 F. Supp. 3d 1075 (C.D. Cal. 2020)

13.  *10E, LLC v. Travelers Indemnity Company of Connecticut*, 500 F. Supp. 3d 1070 (C.D. Cal. 2020)

14.  *Geragos & Geragos Engine Co. No. 28, LLC v. Hartford Fire Insurance Co.*, No. CV 20-4647-GW-MAAx, 2020 WL7350413 (C.D. Cal. Dec. 3, 2020)

15.  *Out West Restaurant Group Inc. v. Affiliated FM Insurance Co.*, No. 20-cv-06786-TSH, 2020 WL 7122512 (N.D. Cal. Dec. 4, 2020), *dismissed with prejudice*, 527 F. Supp. 3d 1142 (N.D. Cal. 2021)

16.  *Robert W. Fountain, Inc. v. Citizens Insurance Company of America*, 506 F. Supp. 3d 847 (N.D. Cal. 2020)

17.  *Healthnow Med. Ctr., Inc. v. State Farm General Insurance Co.*, 506 F. Supp. 3d 864 (N.D. Cal. 2020)

18.  *Karen Trinh, DDS, Inc. v. State Farm General Insurance Co.*, No. 5:20-cv-04265-BLF, 2020 WL 7696080 (N.D. Cal. Dec. 18, 2020)

19.  *Posh Café Inc. v. AmGUARD Insurance Co.*, No. CV 20-8037 FMO (PVCx), 2020 WL 8184062 (C.D. Cal. Dec. 21, 2020)

20.  *Tralom, Inc. v. Beazley USA Services, Inc.*, No. 2:20-cv-08344-JFW (RAOx), 2020 WL 8620224 (C.D. Cal. Dec. 29, 2020)

21.  *Jonathan Oheb MD, Inc. v. Travelers Casualty Insurance Company of America*, No. 2:20-cv-08478-JWH-RAOx, 2020 WL 7769880 (C.D. Cal. Dec. 30, 2020)

22.  *Baker v. Oregon Mutual Insurance Co.*, No. 3:20-cv-05467-LB, 2021 WL 24841 (N.D. Cal. Jan. 4, 2021), *dismissed with prejudice*, 2021 WL 1145882 (N.D. Cal. Mar. 25, 2021)

23.  *Palmdale Estates, Inc. v. Blackboard Insurance Co.*, 510 F. Supp. 3d 874 (N.D. Cal. 2021)

24.  *Rialto Pockets, Inc. v. Certain Underwriters at Lloyd's, Including Beazley Furlonge Ltd.*, No. CV 20-7709 DSF (JPRx), 2021 WL 267850 (C.D. Cal. Jan. 7, 2021)

25.  *BA LAX, LLC v. Hartford Fire Insurance Co.*, 519 F. Supp. 3d 711  (C.D. Cal. 2021)

26.  *Kevin Barry Fine Art Associates v. Sentinel Insurance Co.*, 513 F. Supp. 3d 1163 (N.D. Cal. 2021)

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**                     **Page 1744 of 2921**

27.  *Roundin3rd Sports Bar LLC v. Hartford*, No. 2:20-cv-05159-SVW-PLA, 2021 WL 647379 (C.D. Cal. Jan. 14, 2021)

28.  *Pez Seafood DTLA, LLC v. Travelers Indemnity Co.*, 514 F. Supp. 3d 1197 (C.D. Cal. 2021)

29.  *Unmasked Management, Inc. v. Century-National Insurance Co.*, 514 F. Supp. 3d 1217 (S.D. Cal. 2021)

30.  *Fink v. Hanover Insurance Group, Inc.*, No. 20-cv-03907-JST, 2021 WL 647374 (N.D. Cal. Jan. 25, 2021)

31.  *Colgan v. Sentinel Insurance Co.*, 515 F. Supp. 3d 1082 (N.D. Cal. 2021)

32.  *Gym Management Services, Inc. v. Vantapro Spec. Insurance Co.*, No. CV 20-9541-GW-KSx, 2021 WL 647528 (C.D. Cal. Feb. 1, 2021)

33.  *Phan v. Nationwide Genenral Insurance Co.*, No. CV 20-7616-MWF (JPRx), 2021 WL 609845 (C.D. Cal. Feb. 1, 2021)

34.  *Wellness Eatery La Jolla LLC v. Hanover Insurance Group*, 517 F. Supp. 3d 1096 (S.D. Cal. 2021)

35.  *Protégé Restaurant Partners LLC v. Sentinel Insurance Co.*, No. 20-cv-03674-BLF, 517 F. Supp. 3d 981 (N.D. Cal. 2021), *dismissed with prejudice*, 2021 WL 4442652 (N.D. Cal. Sept. 28, 2021)

36.  *FlorExpo LLC v. Travelers Property Casualty Company of America*, 524 F. Supp. 3d 1051 (S.D. Cal. 2021)

37.  *Daneli Shoe Co. v. Valley Forge Insurance Co.*, No. 20-cv-1195 TWR (WVG), 2021 WL 1112710 (S.D. Cal. Mar. 17, 2021)

38.  *Monarch Ballroom, LLC v. Farmers Insurance Co.*, No. 2:20-cv-5493-ODW (KKx), 2021 WL 4472694 (C.D. Cal. Mar. 18, 2021)

39.  *Westside Head & Neck v. Hartford Financial Services Group Inc.*, 526 F. Supp. 3d 727 (C.D. Cal. 2021)

40.  *Sky Flowers, Inc. v. Hiscox Insurance Co, Inc.*, No. 2:20-cv-05411-ODW (MAAx), 2021 WL 1164473 (C.D. Cal. Mar. 26, 2021)

41.  *Mayssami Diamond, Inc. v. Travelers Casualty Insurance Company of America*, No. 3:20-cv-01230-AJB-RBB, 2021 WL 1226447 (S.D. Cal. Mar. 30, 2021)

42.  *Barbizon School of San Francisco, Inc. v. Sentinel Insurance Co.*, 530 F. Supp. 3d 879 (N.D. Cal. 2021), *dismissed with prejudice*, 2021 WL 5758890 (N.D. Cal. Dec. 3, 2021)

43.  *Motiv Group, Inc. v. Continental Casualty Co.*, No. 2:20-cv-09368-ODW (Ex), 2021 WL 1240779 (C.D. Cal. Apr. 1, 2021)

44.  *Islands Restaurants, LP v. Affiliated FM Insurance Co.*, 532 F. Supp. 3d 948 (S.D. Cal. 2021)

45.  *Caribe Restaurant & Nightclub, Inc. v. Topa Insurance Co.*, 533 F. Supp. 3d 938 (C.D. Cal. 2021)

3

46. *Los Angeles County Museum of Natural History Found. v. Travelers Indemnity Company of Connecticut*, No. 2:21-cv-01497-SVW-JPR, 2021 WL 1851028 (C.D. Cal. Apr. 15, 2021)

47. *Varel, Inc. v. Hiscox Insurance Co.*, No. CV 20-9530-DMG (JPRx), 2021 WL 4472838 (C.D. Cal. Apr. 16, 2021)

48. *G & P Hospitality, LLC v. Travelers Casualty Insurance Company of America*, No. 20-5148-DMG (ASx), slip op. (C.D. Cal. May 19, 2021)

49. *French Laundry Partners, LP v. Hartford Fire Insurance Co.*, 535 F. Supp. 3d 897 (N.D. Cal. 2021)

50. *Garces v. Sentinel Insurance Co.*, No. 5:21-cv-00189-JWH-SPx, 2021 WL 2010357 (C.D. Cal. May 18, 2021)

51. *Flower Sisters LLC v. Great America Insurance Co.*, No. ED CV 20-1294-DMG (SPx), 2021 WL 4472904 (C.D. Cal. May 20, 2021)

52. *Hair Perfect International, Inc. v. Sentinel Insurance Co.*, No. LA CV20-03729 JAK (KSx), 2021 WL 2143459 (C.D. Cal. May 20, 2021)

53. *644 Broadway LLC v. Falls Lake Fire and Casualty Co.*, No. 20-cv-08421-JST, 2021 WL 3008309 (N.D. Cal. May 21, 2021)

54. *Another Planet Entertainment, LLC v. Vigilant Insurance Co.*, No. 20-cv-07476-VC, 2021 WL 774141 (N.D. Cal. Feb. 25, 2021), *dismissed with prejudice*, 2021 WL 2670743 (N.D. Cal. June 21, 2021)

55. *Madera Group, LLC v. Mitsui Sumitomo Insurance USA, Inc.*, No. LA CV20-07132 JAK (AFMx), 2021 WL 2658498 (C.D. Cal. June 25, 2021)

56. *Park 101 LLC v. American Fire & Casualty Co.*, No. 3:20-cv-00972-AJB-BLM, 2021 WL 2685188 (S.D. Cal. June 30, 2021)

57. *CTT Comedy v. Nautilus Insurance Co.*, No. 21-CV-03064-SK, 2021 WL 3123898 (N.D. Cal. July 13, 2021), *judgment entered sub nom. CTT Comedy v. Nautilis Insurance Co.*, No. 21-CV-03064-SK, 2021 WL 3122891 (N.D. Cal. July 13, 2021)

58. *MGA Entertainment, Inc. v. Affiliated FM Insurance Co.*, No. CV20-10499-MWF(JPRx), 2021 WL 2840456 (C.D. Cal. July 2, 2021)

59. *In-N-Out Burgers v. Zurich American Insurance Co.*, No. 8:20-cv-01000-JLS-ADS, 2021 WL 4472695 (C.D. Cal. July 7, 2021)

60. *Shouthouse Apparel, Inc. v. Travelers Indemnity Company of Connecticut*, No. 2:20-cv-11439, 2021 WL 447290 (C.D. Cal. July 20, 2021)

61. *Los Angeles Lakers, Inc. v. Federal Insurance Co.*, No. CV2102281TJHMRWX, 2021 WL 4488591 (C.D. Cal. Aug. 11, 2021)

62. *Typewritorium Company v. Travelers Property Casualty Company of America*, No. 4:20-cv-04816, 2021 WL 4472906 (N.D. Cal. Aug. 16, 2021), *dismissed with prejudice*, 2021 WL 4979034 (N.D. Cal. Sept. 17, 2021)

4

63. *Gadi v. Nationwide Mutual Insurance Co.*, No. 2:21-cv-04591-SVW-JC, 2021 WL 4472842 (C.D. Cal. Aug. 17, 2021)

64. *Menominee Indian Tribe of Wisconsin v. Lexington Insurance Co.*, No. 21-cv-00231-WHO, 2021 WL 3727070 (N.D. Cal. Aug. 23, 2021) (applying Wisconsin law)

65. *Ets-Hokin v. Sentinel Insurance Co.*, No. 4:20-cv-06518-JST, 2021 WL 4472692 (N.D. Cal. Aug. 27, 2021)

66. *Palomar Health v. American Guarantee & Liability Insurance Co.*, No. 3:21-cv-00490-BEN-BGS, 2021 WL 4035005 (S.D. Cal. Sept. 3, 2021)

67. *7020 Van Nuys Blvd LLC v. Nationwide Mutual Insurance Co.*, No. 21-5657 DS (ADSx), 2021 WL 4186688 (C.D. Cal. Sept. 9, 2021)

68. *Ragged Point Inn v. State National Insurance Co.*, No. 2:21-cv-05386-RGK-JPR, 2021 WL 4391208 (C.D. Cal. Sept. 24, 2021)

69. *Federal Insurance Co. v. Simon Wiesenthal Center, Inc.*, No. 2:21-cv-04069-ODW (JEMx), 2021 WL 5370751 (C.D. Cal. Oct. 14, 2021)

70. *Mostre Exhibits, LLC v. Sentinel Insurance Co.*, No. 20-cv-1332-BAS-BLM, 2021 WL 4819411 (S.D. Cal. Oct. 15, 2021)

71. *HP Tower Investments, LLC v. Nationwide Mutual Insurance Co.*, No. SACV-21-01369-CJC(KESx), 2021 WL 4841054 (C.D. Cal. Oct. 12, 2021)

72. *Create Advertising Group, LLC v. Federal Insurance Co.*, No. 2:21-cv-05975-DSF-E, 2021 WL 5002416 (C.D. Cal. Oct. 27, 2021)

73. *Kuhen v. Hartford Financial Services Group, Inc.*, No. 8:21-cv-00773-JLS-ADS, 2021 WL 5577012 (C.D. Cal. Nov. 10, 2021)

74. *AECOM v. Zurich American Insurance Co.*, No. LA CV21-00237 JAK (MRWx), 2021 WL 6425546 (C.D. Cal. Dec. 1, 2021)

75. *Baldwin Academy, Inc. v. Markel Insurance Co.*, No. 3:20-cv-02004-H-AGS, 2021 WL 5989969 (S.D. Cal. Dec. 17, 2021)

76. *Walter Family Partnership v. American Automobile Insurance Company*, No. 0-1926-GW-KKx, 2021 WL 6062637 (C.D. Cal. Dec. 20, 2021)

77. *Discount Electronics, Inc. v. Wesco Insurance Co.,* No. 2:21-cv-08155-SVW-MAA, 2022 WL 123114 (C.D. Cal. Jan. 10, 2022)

78. *Madison International v. Valley Forge Insurance Co.,* No. 2:21-cv-08246-GW-KK, slip. op. (C.D. Cal. Jan. 18, 2022) (tentative ruling)

5

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 1747 of 2921**

**State Trial Court Decisions**[1]

1. *Stanislaus Funding, Inc. v. State of California*, No. 20STCV26162, slip. op. (Los Angeles Cnty. Sup. Ct. Mar. 1, 2021)

2. *Musso & Frank Grill Co. v. Mitsui Sumitomo Insurance USA Inc.*, No. 20STCV16681, 2020 WL 7346569 (Cal. Super. Ct. Nov. 9, 2020)

3. *VStyles Inc. v. Continental Casualty Co.*, No. RIC2003415, 2020 WL 10895579 (Cal. Super. Ct. Dec. 23, 2020), *dismissed with prejudice*, No. RIC2003415, slip. op. (Cal. Super. Ct. Apr. 8, 2021)

4. *Butter Nails and Waxing, Inc. v. Underwriters at Lloyd's of London*, No. 20STCV22288, 2021 WL 4477690 (Cal. Super. Ct. Jan. 21, 2021)

5. *837 Foothill Blvd., LLC v. Travelers Indemnity Company of Connecticut*, No. 20STCV13929, slip op. (Cal. Super. Ct. Feb. 2, 2021)

6. *Saddle Ranch Sunset, LLC v. Fireman's Fund Insurance Co.*, No. 20STCV36531, slip op. (Cal. Super. Ct. Feb. 8, 2021)

7. *John's Grill, Inc. v. Hartford Financial Services Group Inc.*, No. CGC-20-584184, 2021 WL 1392096 (Cal. Super. Ct. Feb. 10, 2021)

8. *Shusha, Inc. v. Century-National Insurance Co.*, No. 20STCV25769, 2021 WL 3834761 (Cal. Super. Ct. Feb. 19, 2021), *dismissed with prejudice*, slip op. (Cal. Super. Ct. June 16, 2021)

9. *Tarrar Enterprises, Inc. v. Associated Indemnity Corp.*, No. MSC20-01776, slip op. (Cal. Super. Ct. Mar. 5, 20210)

10. *Starlight Cinemas, Inc. v. Massachusetts Bay Insurance Co.*, No. 20SMCV01181, 2021 WL 3834760 (Cal. Super. Ct. Mar. 12, 2021)

11. *Nature's Produce Co. v. Chubb Agribusiness*, No. 20STCV17267, slip op. (Cal. Super. Ct. Mar. 23, 2021), *demurrer sustained with prejudice*, No. 20STCV17267, 2021 WL 4197669 (Cal. Super. Ct. June 30, 2021)

12. *Peanut Wagon, Inc. v. Allianz Global Corp. & Specialty*, No. CGC-20-585661, 2021 WL 5411850 (Cal. Super. Ct. Apr. 26, 2021), *judgment entered*, 2021 WL 5411849 (Cal. Super. Ct. June 23, 2021)

13. *George Gordon Enterprises, Inc. v. AGCS Marine Insurance Co.*, No. 21STCV02950, 2021 WL 2388958 (Cal. Super. Ct. June 1, 2021)

14. *2420 Honolulu Avenue, LLC v. Travelers Indemnity Company of Connecticut*, No. 20STCV14000, 2021 WL 4477688 (Cal. Super. Ct. June 10, 2021), *judgment entered*, 2021 WL 4523212 (Cal. Super. Ct. June 10, 2021)

---

[1] In keeping with Rule 8.1115 of the California Rules of Court, the Moving Insurers are not citing or relying on any unpublished state court decisions in their Motion for Judgment on the Pleadings. The state court decisions dismissing claims for coverage for pandemic-related business income losses listed in this Appendix are included only for informational purposes.

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

15. *Apple Annie, LLC v. Oregon Mutual Insurance Co.,* No. CGC-20-585712, 2021 WL 3878410 (Cal. Super. Ct. June 16, 2021)

16. *United Talent Agency, LLC v. Vigilant Insurance Co.*, No. 20STCV43745, 2021 WL 5238422 (Cal. Super. Ct. Mar. 18, 2021), *demurrer sustained with prejudice*, 2021 WL 4197670 (Cal. Super. Ct. June 23, 2021)

17. *Metro Fitness, Inc. v. Vantapro Spec. Insurance Co.*, No. 20STCV27654, 2021 WL 3834764 (Cal. Super. Ct. July 1, 2021)

18. *Ross Stores Inc. v. Zurich American Insurance Co.*, No. RG20084158, 2021 WL 3700659 (Cal. Super. Ct. July 13, 2021)

19. *Occidental Grill Cigar Club LLC v. Crusader Insurance Co.*, No. CGC-21-590411, 2021 WL 5229641 (Cal. Super. Ct. July 15, 2021)

20. *Child & Marton LLP v. Sentinel Insurance Co.*, No. 20STCV33799, 2021 WL 3834763 (Cal. Super. Ct. Feb. 18, 2021) *demurrer sustained with prejudice*, 2021 WL 5769818 (Cal. Super. Ct. Oct. 1 2021)

21. *Crunch Holdings, LLC v. Zurich American Insurance Co.*, No. CGC-20-587340, slip. op. (Cal. Super. Ct. July 29, 2021)

22. *Geragos, Mark J. v. Travelers Indemnity Company of Connecticut*, No. 20STCV14073, 2021 WL 5492834 (Cal. Super. Ct. Aug. 12, 2021)

23. *Pacific Lodging Group LP v. Sequoia Insurance Co.*, No. 21CV376099, 2021 WL 4932693 (Cal. Super. Ct. Sept. 10, 2021)

24. *Marina Pacific Hotel & Suites, LLC v. Fireman's Fund Insurance Co.*, No. 20SMCV00952, slip. op. (Cal. Super. Ct. Oct. 5, 2021)

25. *Yurok Tribe v. Lexington Insurance Co.*, No. CV2100805, slip. op. (Cal. Super. Ct. Oct. 18, 2021)

26. *Best Rest Motel Inc. v. Sequoia Insurance Co.*, No. 37-2020-00015679-CU-IC-CTL, slip. op. (Cal. Super. Ct. Nov. 1, 2021), *judgment entered*, (Cal. Super. Ct. Nov. 19, 2021)

27. *Showa Hospitality LLC v. Sentinel Ins. Co.*, No. 37-2020-00018311-CU-IC-CTL, slip. op. (Cal. Super. Ct. Dec. 3, 2021)

7

## Appendix C

### RELEVANT POLICY PROVISIONS

<u>PROVISIONS COMMON TO ALL POLICIES</u>

[Citations are to the bates-numbered pages of the General Star Policy, attached as Exhibit 1 to the Parties' Joint Stipulation, adopted as an Order of the Court on January 18, 2022.]

"This Policy insures against all risks of direct physical loss or damage to Insured Property, except as excluded." [Joint Stipulation, Exhibit 1, General Star Policy at GENERALSTAR00000075]

\*\*\*

Except as hereinafter excluded, this policy covers: [*Id.* at GENERALSTAR00000058]

\*\*\*

B.    <u>Business Interruption</u>

1.    This policy covers loss resulting from necessary interruption of business conducted by the Insured and caused by ***direct physical loss, damage, or destruction by any of the perils covered herein*** during the term of this policy to property insured herein. [*Id.* at GENERALSTAR00000059 (emphasis added).]

\*\*\*

C.    <u>Extra Expense</u>

This policy covers Extra Expense necessarily incurred resulting from ***direct physical loss or damage*** to property insured herein ***by any of the perils covered herein*** during the term of this policy. [*Id.* at GENERALSTAR00000060 (emphasis added).]

\*\*\*

D.    <u>Rental Value/Rental Income</u>

1.    This policy covers Rental Value loss sustained by the Insured resulting directly from the necessary untenantability caused by ***direct physical loss, damage, or destruction by any of the perils covered herein*** during the term of this policy to Real and Personal Property as insured herein, but not exceeding the reduction in rental value less charges and expenses which do not necessarily continue during the period of untenantability. [*Id.* (emphasis added).]

1

\*\*\*

E.   <u>Provisions Applicable to Business Interruption, Extra Expense, and Rental Value</u>

1.   Period of Recovery: The length of time for which loss may be claimed:

   a)   Shall not exceed such length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair, or replace such part of the property as has been destroyed or damaged.

   b)   With respect to alterations, additions and property while in the course of construction, erection, installation, or assembly shall be determined as provided in a) above, but such determined length of time shall be applied to the experience of the business after the business has reached its planned level of production/occupancy of business operations;

   [*Id.* at GENERALSTAR00000061 (emphasis added).]

\*\*\*

4.   CONTINGENT TIME ELEMENT: If ***direct physical loss or damage*** to the real or personal property of a direct or indirect supplier or customer of the Insured is damaged by a Covered Cause of Loss under this Policy ….
   [*Id.* (emphasis added).]

\*\*\*

5.   Interruption by Civil or Military Authority: This policy is extended to cover the loss sustained during the period of time specified in the sublimits, when as a ***direct result of a peril insured against***, access to real or personal property is impaired by order of civil or military authority.

6.   Ingress/Egress: This policy is extended to cover the loss sustained during the period of time specified in the sublimits, when as a ***direct result of a peril insured against***, ingress to or egress from the Insured's premises is thereby impaired.

   [*Id.* at GENERALSTAR00000062 (emphasis added).]

\*\*\*

2

8.      Interruption by **Communicable Disease**: This Policy covers the Actual Loss Sustained and Extra Expense incurred by the Insured during the PERIOD OF LIABILITY if access to a **Location** owned, leased or rented by the Insured is limited, restricted, or prohibited as a result of:

a)      An order of an authorized governmental agency regulating the actual not suspected presence of **communicable disease**; or

b)      A decision of an Officer of the Insured as a result of the actual not suspected presence of **communicable disease**.

[*Id.*]

\*\*\*

VII.   <u>Coverage Extensions</u> [*Id.* at GENERALSTAR00000063.]

\*\*\*

C.     <u>Building Ordinance Law</u>

In the event of ***physical loss or damage*** covered under this policy that causes the enforcement of any law, ordinance, governmental directive or standard in effect at the time of such loss or damage regulating the construction, repair or use and occupancy of the property, Insurers shall be liable for ….
[*Id.* at GENERALSTAR00000064 (emphasis added).]

\*\*\*

D.     <u>Decontamination Costs</u>

If insured property is contaminated as a ***direct result of physical damage*** insured by this policy and there is in force at the time of the loss any law or ordinance regulating contamination due to the actual, not suspected, presence of contaminants, then this policy covers, as a direct result of enforcement of such law or ordinance, the increased cost of decontamination and/or removal of such contaminated insured property in a manner to satisfy such law or ordinance.
[*Id.* (emphasis added).]

\*\*\*

3

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 1752 of 2921**

O.    Professional Fees

This policy is extended to include reasonable and necessary expenses incurred by the insured, or by the insured's representatives, including the cost of using the Insured's employees (but excluding salaries of such employees), for preparing and certifying details of a claim resulting from a loss which is payable under this policy ….
[*Id.* at GENERALSTAR00000067.]

***

R.    Tenant Relocation and Move Back Expense

This policy is extended to cover relocation expenses incurred by the Insured to relocate:

1.    Residents; tenants; patients or

2.    Lawful occupants;

To other quarters in the shortest possible time when rented space or living quarter(s) at an insured **Location** are made uninhabitable as a result of direct physical loss or damage insured by this policy.

[*Id.* at GENERALSTAR00000069.]

***

VIII.    PERILS INSURED AGAINST

This Policy insures against all risks of direct physical loss or damage to Insured Property, except as excluded.
[*Id.* at GENERALSTAR00000075.]

***

X.    PERILS EXCLUDED

This policy does not insure: [*Id.* at GENERALSTAR00000076.]

***

I.    Pollution caused directly or indirectly by the release, discharge, dispersal, seepage, migration, or escape of **Pollutants or Contaminants** unless the release, discharge, dispersal, seepage, migration, or escape is caused by a peril not otherwise excluded herein. However, if a peril not otherwise excluded herein ensues due to the release, discharge, dispersal, seepage, migration, or escape of **Pollutants or Contaminants**, such ensuing loss or damage shall be covered. [*Id.* at GENERALSTAR00000077.]

4

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 1753 of 2921**

*** 

O.   Delay, Loss of Market, Loss of Use [*Id.* at GENERALSTAR00000078.]

***

XII.   <u>DEFINITIONS</u> [*Id.* at GENERALSTAR00000080.]

***

I.   **"Pollutants or Contaminants"** means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste, which after its release can cause or threaten damage to human health or human welfare or causes or threatens damage, deterioration, loss of value, marketability or loss of use to property insured hereunder, including, but not limited to, bacteria, virus, or hazardous substances as listed in the Federal Water, Pollution Control Act, Clean Air Act, Resource Conservation and Recovery Act of 1976, and Toxic Substances Control Act or as designated by the U.S. Environmental Protection Agency. Waste includes materials to be recycled, reconditioned or reclaimed.
[*Id.* at GENERALSTAR00000081.]

5

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 1754 of 2921**

<u>PROVISIONS UNIQUE TO EVANSTON INSURANCE COMPANY POLICY</u>

**A.** The following exclusion is added and is therefore not a Covered Cause Of Loss:

We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless or any other cause or event that contributes concurrently or in any sequence to the loss.

**Organic Pathogens**

Presence, growth, proliferation, spread or any activity of "organic pathogens".

This exclusion applies regardless of whether there is any:

**1.** Direct physical loss or damage to Covered Property;

**2.** Loss of use, occupancy or functionality or decreased valuation of Covered Property or loss of Business Income;

**3.** Action required, including but not limited to, testing, repair, replacement, removal, clean-up, abatement, disposal, relocation, or actions taken to address medical or legal concerns; or

**4.** Suit or administrative proceeding, or action involving the insured.

This exclusion replaces any "Fungus", Wet Rot, Dry Rot And Bacteria exclusion or other similar exclusion in this policy.

**B.** With respect to this exclusion, the following definitions are added and replace any similar definitions in this policy:

**1.** "Fungus" means any type or form of fungus, including mold or mildew, and any mycotoxins, spores, scents or by-products produced or released by fungi.

**2.** "Organic pathogen" means:

**a.** Any organic irritant or contaminant including, but not limited to, "fungus", wet or dry rot, bacteria, virus or other microorganisms of any type, and their by-products such as spores or mycotoxins; or

**b.** Any disease-causing agent as classified by the Environmental Protection Agency.

All other terms and conditions remain unchanged.

[Joint Stipulation, Exhibit 2, Evanston Policy at EIC029.]

6

<u>PROVISIONS UNIQUE TO RSUI INDEMNITY COMPANY POLICY</u>

EXCLUSION OF PATHOGENIC OR POISONOUS BIOLOGICAL
OR CHEMICAL MATERIALS

This endorsement modifies insurance provided under the following:

ALL COVERAGE PARTS

The following exclusion is added:

We will not pay for loss or damage caused directly or indirectly by the discharge, dispersal, seepage, migration, release, escape or application of any pathogenic or poisonous biological or chemical materials. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

[Joint Stipulation, Exhibit 3, RSUI Policy at RSUI_000060.]

7

<u>PROVISIONS UNIQUE TO IRONSHORE SPECIALTY INSURANCE COMPANY POLICY</u>

Endorsement # 10

\*\*\*

ADDITIONAL TERMS AND CONDITIONS

In consideration of the premium charge at inception, it is understood and agreed that the following Terms and Conditions hereby amend this policy.

- Communicable Disease is Excluded

[Joint Stipulation, Exhibit 4, at IRONSHORE_000058.]

8

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA )

3                                                    ) ss.

COUNTY OF LOS ANGELES )

4

5        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, Suite 3400, Los Angeles, California 90067-3208.

6

7        On January 21, 2022, I served the foregoing document **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS; APPENDIX A – MOVING INSURERS AND EXCESS INSURERS; APPENDIX B – DECISIONS ISSUED BY CALIFORNIA FEDERAL AND STATE COURTS DISMISSING CLAIMS FOR COVERAGE FOR PANDEMIC-RELATED BUSINESS INTERRUPTION LOSSES; AND APPENDIX C – RELEVANT POLICY PROVISIONS** on the interested parties in this action as follows:

8

9

10

11

| Kevin J. Minnick | Attorney for Plaintiff |
|---|---|
| Sperstus, Landes & Umhofer LLP | JRK PROPERTY HOLDINGS, INC. |
| 617 West 7th Street, Suite 200 | |
| Los Angeles, CA 90017 | |
| Tel.:  213.205.6520 | |
| kminnick@spertuslaw.com | |

12

13

14

15

16

17   **[X]**     **(BY ELECTRONIC SERVICE ):** I caused each document to be sent by electronic transmission through One Legal through the user interface at www.onelegal.com to all email addresses on the list maintained by One Legal.

18

19        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20

21        Executed on January 21, 2022 at Los Angeles, California.

22

23                                                    Jwana Harrold

24

25

26

27

28

**Exhibit 136 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES