# EXHIBIT 144

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 32

| | |
|---|---:|
| **21STCV19983** | April 18, 2022 |
| **JRK PROPERTY HOLDINGS, INC. vs COLONY INSURANCE COMPANY, et al.** | 10:26 AM |

Judge: Honorable Daniel S. Murphy         CSR: None
Judicial Assistant: D. Haro                        ERM: None
Courtroom Assistant: N. Avalos              Deputy Sheriff: None

---

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

---

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter

The Court, having taken the matter under submission on 04/06/2022 for Hearing on Motion for Judgment on the Pleadings, now rules as follows:
The Court issues its separately signed and filed Order, which is filed this day and incorporated by reference herein which addresses the following:

BACKGROUND

On May 27, 2021, JRK Property Holdings, Inc. ("Plaintiff") filed this action against various insurance companies ("Defendants"), asserting breach of contract and declaratory relief for Defendants' refusal to pay out insurance policies. JRK is a real estate investment company that owns various hotel and apartment properties. Defendants contend that COVID-related business losses are not covered by the policies. Defendants presently move for judgment on the pleadings on the grounds that the language of the policies precludes Plaintiff's recovery.

LEGAL STANDARD

A motion for judgment on the pleadings may be made on the same grounds as those supporting a general demurrer, i.e., that the complaint fails to state facts sufficient to constitute a legally cognizable claim. (Stoops v. Abbassi (2002) 100 Cal.App.4th 644, 650.) A motion for judgment on the pleadings performs the same function as a general demurrer, and hence attacks only defects disclosed on the face of the pleadings or by matters that can be judicially noticed. (Cloud v. Northrop Grumman Corp. (1999) 67 Cal.App.4th 995, 999.) Judgment on the pleadings must be denied where there are material factual issues that require evidentiary resolution. (Schabarum

Minute Order                                                                                                              Page 1 of 5

Exhibit 144 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment                                  Page 2051 of 2921

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 32

| | |
|---|---|
| **21STCV19983** | April 18, 2022 |
| **JRK PROPERTY HOLDINGS, INC. vs COLONY INSURANCE COMPANY, et al.** | 10:26 AM |

Judge: Honorable Daniel S. Murphy     CSR: None
Judicial Assistant: D. Haro     ERM: None
Courtroom Assistant: N. Avalos     Deputy Sheriff: None

---

v. Calif. Legislature (1998) 60 Cal.App.4th 1205, 1216.)

DISCUSSION

a. Direct Physical Loss or Damage

The policy at issue here contains the following provision: "This Policy insures against all risks of direct physical loss or damage to Insured Property, except as excluded." (Compl., Ex. A, § VIII.) Defendants argue that "direct physical loss or damage" does not include the presence of coronavirus particles on Plaintiff's properties. (Mtn. 6:18-7:6.) Defendants rely on Inns-by-the-Sea v. California Mutual Ins. Co. (2021) 71 Cal.App.5th 688, 704, which affirmed the dismissal of a similar claim because the actual cause of the plaintiff's business losses was government restrictions rather than the presence of COVID at the particular premises. The court held that there was no causal connection between the presence of COVID at the plaintiff's premises and the plaintiff's losses because the government orders would have continued to cause a suspension of operations even had the plaintiff thoroughly sanitized the premises. (Ibid.) Under California law, physical loss or damage is "widely held to exclude alleged losses that are intangible or incorporeal, and, thereby, to preclude any claim against the property insurer when the insured merely suffers a detrimental economic impact unaccompanied by a distinct, demonstrable, physical alteration of the property." (MRI Healthcare Center of Glendale, Inc. v. State Farm General Ins. Co. (2010) 187 Cal.App.4th 766, 779.)

Here too, Plaintiff alleges that its business operations were suspended or hindered as a result of government orders. (See Compl., ¶¶ 5-6, 11, 63-67, 73, 76-78.) In opposition, Plaintiff refers to a portion of Inns where the court acknowledged that a claim could theoretically be pled if an invisible airborne agent caused the plaintiff to suspend operations due to direct physical damage. (Inns, supra, 71 Cal.App.5th at p. 704-05.) For example, a claim could be stated if a restaurant shut down for sanitization after exposure to a virus. (Ibid.) The plaintiff in Inns failed to plead such a claim because the allegations revealed that the actual cause of the business suspension was government orders, not the physical presence of COVID at the premises. (Ibid.)

The allegations here suffer from the same defect. Even in the portions of the complaint cited by Plaintiff in its opposition, there is no indication that Plaintiff suspended its operations because of the presence of the virus within its premises. (See Opp. 12:6-19.) Indeed, the allegations reveal that any temporary closure of the insured properties resulted from government orders. (See, e.g., Compl. ¶ 63 [states and counties "issued orders suspending or severely curtailing the operations of all non-essential or high-risk businesses . . ."].) As in Inns, it appears from the allegations that

---

Minute Order     Page 2 of 5

Exhibit 144 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment     Page 2052 of 2921

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 32

| | |
|---|---|
| **21STCV19983** | April 18, 2022 |
| **JRK PROPERTY HOLDINGS, INC. vs COLONY INSURANCE COMPANY, et al.** | 10:26 AM |

Judge: Honorable Daniel S. Murphy  CSR: None
Judicial Assistant: D. Haro  ERM: None
Courtroom Assistant: N. Avalos  Deputy Sheriff: None

---

the business suspensions and corresponding loss of income would have continued even if Plaintiff eradicated the virus from its premises. (See Inns, supra, 71 Cal.App.5th at p. 704.)

Plaintiff also argues that a Safer at Home Order issued by Los Angeles Mayor Eric Garcetti expressly recognized that "the COVID-19 virus . . . is physically causing property loss or damage due to its tendency to attach to surfaces for prolonged periods of time." (Opp. 17:13-22, citing Compl. ¶ 64.) However, "the purpose of the Safer at Home Order was to address the presence of the Virus and the resulting conditions in all of Los Angeles," not just at Plaintiff's premises. (See L.A. Lakers v. Fed. Ins. Co. (C.D. Cal. Mar. 17, 2022) 2022 U.S. Dist. LEXIS 51563, at *13.) The clear purpose of this and other orders was to protect health, not property. (Id. at pp. 13-14.)

Ultimately, "[t]he closure of the Covered Properties, here, originated in, and flowed from, the governmental orders, and not from any alterations to the Covered Properties. Even if the Virus had never been present at the [premises], the applicable governmental orders would have closed it and, then, dictated when it could reopen." (L.A. Lakers, supra, 2022 U.S. Dist. LEXIS 51563, at *14-15, emphasis in original.) As a result, any claim stemming from direct physical loss or damage would be barred, including claims based on the Civil Order and Ingress/Egress provisions. (See Compl., Ex. A, §§ VI(E)(5), (6).)

b. Exclusions

Additionally, the policy excludes coverage for "[p]ollution caused directly or indirectly by the release, discharge, dispersal, seepage, migration, or escape of Pollutants or Contaminants . . . ." (Compl., Ex. A, § X(I).) "Pollutants or contaminants" are defined as, inter alia, bacteria or virus. (Id., § XII(I).) Plaintiff argues that pollutant exclusions should be narrowly construed as applying to traditional environmental pollutants. (Opp. 22:14-21.) However, no such interpretation is warranted here because the policy expressly includes "virus" as part of the definition of pollutants or contaminants. (Compl., Ex. A, § XII(I).) In the case Plaintiff relies on, the policy did not expressly include "virus" as part of such definition. (See MacKinnon v. Truck Ins. Exchange (2003) 31 Cal.4th 635, 639.) Similarly, the pathogen exclusion defines pathogen as a virus. (Joint Stip., Ex. 2.) Thus, the express exclusions under the policies also preclude Plaintiff's claims.

c. Communicable Disease Provision

The policy includes a provision covering losses sustained if access to an insured location is

---

Minute Order   Page 3 of 5

Exhibit 144 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2053 of 2921

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 32

| | |
|---|---|
| **21STCV19983** | April 18, 2022 |
| **JRK PROPERTY HOLDINGS, INC. vs COLONY INSURANCE COMPANY, et al.** | 10:26 AM |

Judge: Honorable Daniel S. Murphy         CSR: None
Judicial Assistant: D. Haro                          ERM: None
Courtroom Assistant: N. Avalos                Deputy Sheriff: None

---

"limited, restricted, or prohibited as a result of: a) [a]n order of an authorized governmental agency regulating the actual not suspected presence of communicable disease; or b) [a] decision of an Officer of the Insured as a result of the actual not suspected presence of communicable disease." (Compl., Ex. A, § VI(E)(8).)

Plaintiff has alleged the actual presence of COVID at plaintiff's properties. (Compl. ¶¶ 4, 52, 71 & 72.) Plaintiff has also alleged that access to its properties had been limited, restricted, or prohibited. (Compl. ¶¶ 64, 75 & 111.) Plaintiff alleges that its losses were, in part, the result of various orders and decisions by JRK personnel. (Compl. ¶¶ 5, 62.) Accordingly, there are factual issues that are presented that preclude judgment on the pleadings as to the applicability of the Communicable Disease provision.

Spirit Realty v. Westport Insurance 2021 WL 4926016 (S.D.N.Y.), which Defendants cited in oral argument, is distinguishable from the present case. Unlike the present case, the plaintiff in Spirit did not allege decisions by its officers. Also, in the present case, the Defendants concede that the Communicable Diseases provisions do not require a showing of physical loss or damage (MJOP p. 14.), while in Spirit, the parties agreed that the Communicable Diseases provisions require a showing of physical loss or damage.

With regards to the Defendant's argument that there are no damages as a matter of law from restricting access to a premises in response to the presence of COVID, the language in either Inns by the Sea or L.A. Lakers are not appliable. In Inns, the court did state that "the presence of COVID-19 on Plaintiff's property did not cause damage to the property," but only in the context of explaining that the presence of COVID does not constitute direct physical loss. (See, Inns 71 Cal.App.5th at p. 704.) However, the Communicable Disease provision at issue here is based on losses sustained from restricting access to a property, not from direct physical loss. If the parties included this provision in the policy, they must have contemplated that losses are indeed possible from restricting access to property in response to the presence of a disease.

Plaintiff has alleged that "JRK also incurred substantial costs and financial losses directly responding to documented onsite cases," including having to shut down common areas, which caused "JRK to reduce anticipated rental growth and impair[ed] JRK's ability to attract new tenants." (Compl. ¶ 75.) Thus, Plaintiff has alleged that it was responding to the actual not suspected presence of COVID on the premises, and shutting down common areas can be considered a decision by an officer to restrict access to the property. The court in Inns held that loss of ability to generate business income does not constitute direct physical loss, but did not hold that lost business income is unrecoverable as a matter of law under other policy provisions.

---

Minute Order                                                                                                    Page 4 of 5

Exhibit 144 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment                    Page 2054 of 2921

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
Civil Division
Central District, Stanley Mosk Courthouse, Department 32

| | |
|---|---|
| **21STCV19983** | April 18, 2022 |
| **JRK PROPERTY HOLDINGS, INC. vs COLONY INSURANCE COMPANY, et al.** | 10:26 AM |

| | |
|---|---|
| Judge: Honorable Daniel S. Murphy | CSR: None |
| Judicial Assistant: D. Haro | ERM: None |
| Courtroom Assistant: N. Avalos | Deputy Sheriff: None |

(Inns 71 Cal.App.5th at pp. 705-06.)

Defendants point out that Plaintiff filed a similar claim back in February 2021 in federal district court. In that complaint, Plaintiff alleged that Defendant improperly attempted to limit recovery to the communicable disease provision. (Churan Decl., Ex. 1, ¶ 80.) Plaintiff alleged that this limit was improper because "JRK's significant costs and losses are not limited solely to recovery under the Communicable Disease provisions." (Id., ¶ 81.) Defendants rely on the admission that "[t]he limited or prohibited access to JRK properties was a result of the global pandemic and government responses to it, not due to an order by a governmental agency or JRK officer arising from the actual not suspected presence of the virus." (Ibid.) However, when the allegations are read together, it appears Plaintiff was merely claiming that coverage should not be limited "solely" to the communicable disease provision, and as such, this is not an admission that the communicable disease provision is inapplicable.

It is undisputed that coverage under the Communicable Disease provision is subject to a sublimit of $2.5 million. (See, Joint Stipulation, Exhibit 1.) As such, the insurers identified as "Excess Insurers" are entitled to judgment on the pleadings, since the excess insurers' coverage begins at attachment points above $2.5 million.
It is also undisputed that coverage under the Ironshore Policy contains an endorsement removing the Communicable Disease provision. (See, Joint Stipulation, Exhibit 4.) As such, the Ironshore is entitled to judgment on the pleadings.

CONCLUSION
Defendants' motion for judgment on the pleadings is GRANTED as to the insurers identified as "Excess Insurers" with attachment points above $2.5 million.
Defendants' motion for judgment on the pleadings is GRANTED as to Ironshore.
The court finds that there are factual issues presented that preclude judgment on the pleadings as to the applicability of the Communicative Disease provision, and as such, Defendants' motion for judgment on the pleadings is DENIED as to the remaining Defendants.

Certificate of Mailing is attached.

Minute Order    Page 5 of 5

Exhibit 144 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment    Page 2055 of 2921