# EXHIBIT 153

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>24 HOUR FITNESS WORLDWIDE, INC., *et al.*,<br><br>　　　　　　　　　Debtors.<br>_____<br><br>24 HOUR FITNESS WORLDWIDE, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CONTINENTAL CASUALTY COMPANY; ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY; STARR SURPLUS LINES INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; BEAZLEY-LLOYD'S SYNDICATES 2623/623; ALLIED WORLD NATIONAL ASSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA,<br><br>　　　　　　　　　Defendants. | Chapter 11<br><br>Case No. 20-11558 (KBO)<br><br>(Jointly Administered)<br><br><br><br><br><br><br><br><br><br>Adv. Pro. No. 20-51051 (KBO) |

**DEFENDANT CONTINENTAL CASUALTY COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, made applicable to this proceeding by Bankruptcy Court Rules 7026 and 7033, defendant Continental Casualty Company ("Continental") submits the following responses and objections to 24 Hour Fitness Worldwide, Inc.'s ("Plaintiff's") First Set of Interrogatories.

1

Exhibit 153 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2171 of 2921

## **GENERAL OBJECTIONS**

Continental objects to the Plaintiff's Interrogatories on the following grounds, each of which is incorporated by reference in the individual Responses. All responses stated herein, including all individual Responses to, are subject to and without waiver of any of these General Objections. No incidental or implied admissions are intended by these General Objections.

1. Continental objects to Plaintiff's Interrogatories, including Definitions and Instructions, to the extent that they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the District of Delaware Local Rules, and any Order of this Court.

2. Continental objects to the Plaintiff's Interrogatories to the extent that they seek information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Any inadvertent disclosure of information protected from discovery under the attorney-client privilege, work product doctrine, or any other applicable privilege or protection is not intended and should not be construed as a waiver of such privilege, immunity, or protection.

3. Continental objects to the Instructions accompanying the Plaintiff's Interrogatories to the extent that they suggest that any inferences or admissions result from any omission in Continental's responses.

4. Continental reserves the right to supplement its responses. However, Continental objects to the Instructions accompanying the Plaintiff's Interrogatories to the extent that they suggest that Continental has any obligation to supplement its responses beyond that imposed by Fed. R. Civ. P. 26(e).

2

Exhibit 153 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2172 of 2921

5. Continental objects to the Plaintiff's Interrogatories to the extent that words, phrases, or terms are not defined or are defined in a manner inconsistent with their commonly understood meaning.

6. Continental objects to the Plaintiff's Interrogatories to the extent that they seek information relating to insureds other than the Plaintiff and/or to policies other than the Continental policy issued to the Plaintiff.

7. Continental objects to the Plaintiff's Interrogatories to the extent that they seek disclosure of confidential and/or proprietary information.

8. Continental objects to the Plaintiff's Interrogatories to the extent that they are vague, ambiguous, confusing, overly broad, unduly burdensome, and/or seek information that is not relevant to the Plaintiff's claims and proportional to the needs of the case, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

9. These objections are made without waiver of any objections to relevancy, materiality, privilege, or admissibility of any documents.

## OBJECTIONS TO PLAINTIFF'S DEFINITIONS

1. Continental objects to Definition No. 13 ("You" or "your") because it is (i) overly broad, (ii) unduly burdensome, and (iii) seeks information from non-parties or third parties not under Continental's control. For purposes of these requests, Continental will interpret "You" and "Your" to refer to Continental Casualty Company.

2. Continental objects to Definition No. 7 ("Employee') as as (i) overly broad, (ii) unduly burdensome, (iii) imposing obligations beyond those imposed by the Federal Rules of Civil

3

Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Delaware.

3. Continental objects to Definition No. 8 ("Identify"), as (i) overly broad, (ii) unduly burdensome, (iii) imposing obligations beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Delaware.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**: IDENTIFY each PERSON, employed or retained by YOU or on YOUR behalf, who was involved in any way with reviewing or handling PLAINTIFF's CLAIM for insurance coverage under the POLICY.

**ANSWER:** Pursuant to Fed. R. Civ. P. 30(d), Continental states that the answer to this interrogatory may be determined by examining documents that have already been produced by Continental in this litigation, and that the burden of deriving the information will be the same for the plaintiff and Continental. In addition to this response, Continental states that Odell Bradley, Christopher Weisel, Justin Hewitt, and personnel at McLaren's LLC were among those involved on Continental Casualty's behalf in the handling of the Plaintiff's Claim.

**INTERROGATORY NO. 2**: IDENTIFY each PERSON who was involved in any way with any investigation conducted by YOU or on YOUR behalf in connection with PLAINTIFF's CLAIM for insurance coverage under the POLICY.

**ANSWER:** Pursuant to Fed. R. Civ. P. 30(d), Continental states that the answer to this interrogatory may be determined by examining documents that have already been produced by Continental in this litigation, and that the burden of deriving the information will be the same for

4

Exhibit 153 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2174 of 2921

the plaintiff and Continental. In addition to this response, Continental states that Odell Bradley, Christopher Weisel, Justin Hewitt, and personnel at McLaren's LLC were among those involved on Continental Casualty's behalf in the handling of the Plaintiff's Claim.

**INTERROGATORY NO. 3**: IDENTIFY each PERSON, employed by YOU or on YOUR behalf, who participated in making a coverage decision relating to PLAINTIFF's CLAIM for insurance coverage under the POLICY.

**ANSWER:** In addition to general objections stated above, Continental objects that this interrogatory assumes facts that have not been established. Subject to this objection, and pursuant to Fed. R. Civ. P. 30(d), Continental states that the answer to this interrogatory may be determined by examining documents that have already been produced by Continental in this litigation, and that the burden of deriving the information will be the same for the plaintiff and Continental. In addition to this response, Continental states that Odell Bradley, Christopher Weisel, Justin Hewitt, and personnel at McLaren's LLC were among those involved on Continental Casualty's behalf in the handling of the Plaintiff's Claim.

**INTERROGATORY NO. 4**: IDENTIFY each PERSON, employed by YOU or on YOUR behalf, who reviewed or analyzed YOUR coverage decisions concerning PLAINTIFF's CLAIM.

**ANSWER:** Pursuant to Fed. R. Civ. P. 30(d), Continental states that the answer to this interrogatory may be determined by examining documents that have already been produced by Continental in this litigation, and that the burden of deriving the information will be the same for the plaintiff and Continental.

**INTERROGATORY NO. 5**: IDENTIFY any and all third parties, including but not limited to investigators, consultants, scientists, researchers, doctors, or experts, who are likely to

Exhibit 153 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2175 of 2921

have knowledge of PLAINTIFF's CLAIM, including those YOU have hired, retained, or otherwise directed with respect to PLAINTIFF's CLAIM.

**ANSWER:** To the extent that this interrogatory requests the identification of testifying experts, Continental objects that the interrogatory is premature under the scheduling order for this case. Subject to this objection and general objections, and pursuant to Fed. R. Civ. P. 30(d), Continental states that the answer to this interrogatory may be determined by examining documents that have already been produced by Continental in this litigation, and that the burden of deriving the information will be the same for the plaintiff and Continental. In addition to this response, Continental states that personnel at McLaren's LLC were among those involved on Continental Casualty's behalf in the handling of the Plaintiff's Claim.

**INTERROGATORY NO. 6**: If YOU contend that any POLICY exclusion(s) applies to bar coverage of PLAINTIFF's CLAIM, IDENTIFY all such exclusion(s).

**ANSWER:** Continental refers the plaintiff to and incorporates by reference the Answer and Affirmative Defenses filed by Continental in this litigation, in addition to the Reservation of Rights correspondence communicated to the plaintiff. Subject to and without waiving any objections, Defendant further states that, as neither the Policy's insuring provision nor the conditions of coverage contained in Endorsement 2 have been triggered, no exclusions are necessary to preclude coverage for Plaintiff's Claim.

**INTERROGATORY NO. 7**: For any POLICY exclusion(s) that YOU IDENTIFIED in response to Interrogatory No. 6, state all facts supporting YOUR contention that such exclusion(s) applies to bar coverage for PLAINTIFF's CLAIM.

**ANSWER:** Continental incorporates its general objections and further objects that the plaintiff has failed to properly respond to discovery requests that have sought information that

could be responsive to this interrogatory. Subject to these objections, Continental refers the plaintiff to and incorporates by reference the Answer and Affirmative Defenses filed by Continental in this litigation, in addition to the Reservation of Rights correspondence communicated to the plaintiff. Subject to and without waiving any objections, Defendant further states that, as neither the Policy's insuring provision nor the conditions of coverage contained in Endorsement 2 have been triggered, no exclusions are necessary to preclude coverage for Plaintiff's Claim.

**INTERROGATORY NO. 8**: If YOU contend that COVID-19 does not constitute a risk of direct physical loss or damage to property under the POLICY, state all facts that support YOUR contention.

**ANSWER:** Continental incorporates by reference each of its general objections as though fully set forth herein. Continental further objects that Interrogatory 8 improperly seeks a legal conclusion. Continental further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Continental objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Continental to assess coverage. Continental further objects to the request to "state all facts that support" as overly broad, unduly burdensome and premature.

Subject to and without waiving the above general and specific objections, Continental states that, based on the limited information provided by Plaintiff regarding its claim, COVID-19 does not present a risk of direct physical loss or damage to its property. Continental further states that COVID-19 presents a risk to the health of persons, not a risk of physical loss or damage to Plaintiff's property. Continental further states that COVID-19 does not physically alter or change

7

Exhibit 153 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment     Page 2177 of 2921

surfaces or any other property at issue in this action or result in permanent loss or dispossession of Plaintiff's property.

**INTERROGATORY NO. 9**: If YOU contend that Executive Order N-33-20, issued by the Governor of California on or about March 19, 2020, does not constitute an order by a civil authority that prohibited access to real or personal property issued in connection with or following a peril insured against within five (5) statute miles of an insured premises, as set forth in the POLICY, state all facts that support YOUR contention.

**ANSWER:** In addition to its general objections, Continental objects that this interrogatory asks Continental to characterize a document that speaks for itself. Continental further incorporates Paragraph 95 of its Answer. Continental further states that Executive Order N-33-20 does not prohibit access to real or personal property and was not issued in connection with or following a peril insured against within five (5) statute miles of an insured premises. Further, the Order does not prohibit access to any specific location or address within the parameters identified by the Policy.

**INTERROGATORY NO. 10**: If YOU contend that the March 16, 2020 Order of the Health Officer of the County of Alameda directing all individuals living in the county to shelter at their places of residence and all businesses and governmental agencies to cease non-essential operations at physical locations in the county, does not constitute an order by a civil authority that prohibited access to real or personal property issued in connection with or following a peril insured against within five (5) statute miles of an insured premises, as set forth in the POLICY, state all facts that support YOUR contention.

**ANSWER:** In addition to its general objections, Continental objects that this interrogatory asks Continental to characterize a document that speaks for itself. Continental further incorporates

8

Exhibit 153 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2178 of 2921

Paragraph 95 of its Answer. Continental further states that the referenced order does not prohibit access to real or personal property and was not issued in connection with or following a peril insured against within five (5) statute miles of an insured premises. Further, the Order does not prohibit access to any specific location or address within the parameters identified by the Policy.

**INTERROGATORY NO. 11**: If YOU contend that COVID-19 does not constitute a "communicable disease" as that term is used in the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY, state all facts that support YOUR contention.

**ANSWER:** Continental does not contend that Covid-19 is not a communicable disease, but does contend that the plaintiff is not entitled to coverage under the Interruption by Communicable Disease endorsement in the policy.

**INTERROGATORY NO. 12**: Describe in detail what evidence YOU contend is required to establish the "actual presence of and spread of communicable diseases" at a described location as set forth in the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY.

**ANSWER:** Continental incorporates its general objections, and further objects that it is not the defendant's burden to establish the plaintiff's case. The plaintiff is required to, and has not, produced evidence that allows for coverage under the policy. Continental further states that extrinsic information sought in this Interrogatory is not relevant to interpret the provisions of the policy, which have not been found to be ambiguous. Subject to and without waiving any objections, Continental refers Plaintiff to the Policy, which is the best evidence of its terms, conditions, provisions, exclusions, and limitations. Continental further affirmatively states that the conditions of coverage of Endorsement 2, from which the quoted language is taken, necessitate "access being prohibited to a described location or any portion thereof." As this coverage condition

9

Exhibit 153 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2179 of 2921

has not been met, the inquiry as to any alleged "actual presence of and spread of communicable diseases" is not reached.

**INTERROGATORY NO. 13**: Describe in detail all instances where YOU confirmed the "actual presence of and spread of" COVID-19 at a location insured under any of YOUR policies, including how YOU confirmed such "actual presence of and spread of" COVID-19.

**ANSWER:**  Continental incorporates its general objections, and specifically objects that coverage under other policies is not reasonably related to the discovery of relevant evidence in this case.  Continental further maintains that the Policy only provides coverage where there has been a prohibition of access "to a described location or any portion thereof: a) Due to the actual presence of and the spread of communicable diseases at the described location; and b) As a direct result of a declaration by a civil authority enforcing any law or ordinance regulating communicable disease." As these terms have not been met, Continental maintains that there is no coverage for Plaintiff's claim.

**INTERROGATORY NO. 14**: Describe in detail all instances where YOU tested for the "actual presence of and spread of" COVID-19 at a location insured under any of YOUR policies, including the nature of the testing YOU performed.

**ANSWER:**  Continental incorporates its general objections, and specifically objects that any testing that Continental may have done for the presence of and spread of Covid-19 at locations other than those that are the subject of this litigation is not reasonably related to the discovery of evidence in this case.  Continental further maintains that the Policy only provides coverage where there has been a prohibition of access "to a described location or any portion thereof: a) Due to the actual presence of and the spread of communicable diseases at the described location; and b) As a direct result of a declaration by a civil authority enforcing any law or ordinance regulating

communicable disease." As these terms have not been met, Continental maintains that there is no coverage for Plaintiff's claim.

**INTERROGATORY NO. 15**: If YOU contend that, prior to June 30, 2020, there was testing available to detect the "actual presence of and spread of" COVID-19 at a described location as set forth in the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY, state all facts that support YOUR contention, including the IDENTIFICATION of every test YOU contend was available, and when such test became available.

**ANSWER:** Continental incorporates by reference each of its general objections as though fully set forth herein. Continental objects to this Interrogatory as overly broad and unduly burdensome. Continental further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Continental contends that the terms of Endorsement 2 have not been met or satisfied in that any expenses incurred were not directly or indirectly caused by or resulting from access being prohibited to a described location or any portion thereof.

**INTERROGATORY NO. 16**: If YOU contend that there can be no coverage under the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY based on the "actual presence of and spread of" COVID-19, in the absence of an available test for COVID-19 at a given time, state all facts that support YOUR contention.

**ANSWER:** Continental incorporates by reference each of its general objections as though fully set forth herein. Continental objects to this Interrogatory as overly broad and unduly burdensome. Continental further objects to this Interrogatory because it seeks information that is not relevant to

11

Exhibit 153 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2181 of 2921

the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Continental contends that the insuring provision of Endorsement 2 has not been met or satisfied in that any expenses incurred were not directly or indirectly caused by or resulting from access being prohibited to a described location or any portion thereof.

**INTERROGATORY NO. 17**: IDENTIFY all policies, procedures, guidance, or training materials that concern the method, scope, or analysis to be used for administering coverage claims relating to COVID-19 that YOU have provided to YOUR EMPLOYEES or any PERSON reviewing or handling claims under the POLICY or insurance policies that YOU have issued.

**ANSWER:** Continental incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Dated: December 22, 2021    **DLA PIPER LLP (US)**

*/s/ Matthew P. Denn*
Matthew P. Denn (#2985)
Matthew S. Sarna (#6578)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5629
matthew.denn@dlapiper.com
matthew.sarna@dlapiper.com

-and-

Garvan F. McDaniel (#4167)

12

Exhibit 153 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment    Page 2182 of 2921

HOGAN MCDANIEL
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone 302-656-7540
gmcdaniel@dkhogan.com

-and-

Benjamin W. Loveland
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6641
benjamin.loveland@wilmerhale.com

-and-

Lauren R. Lifland
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 295-6305
lauren.lifland@wilmerhale.com

*Counsel to Continental Casualty Company*

13

14

**VERIFICATION UNDER 28 U.S.C. § 1746**

I declare under penalty of perjury that the foregoing Interrogatory responses are true and correct to the best of my knowledge.

Executed on this 21 day of December 2021.

_____
CHRISTOPHER WEISEL

Exhibit 153 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2184 of 2921