# EXHIBIT 154

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) |
| | ) Chapter 11 |
| 24 HOUR FITNESS WORLDWIDE, INC., *et al.*, | ) |
| | ) Case No.: 20-11558 (KBO) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |
| 24 HOUR FITNESS WORLDWIDE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CONTINENTAL CASUALTY COMPANY; ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY; STARR SURPLUS LINES INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; BEAZLEY-LLOYD'S SYNDICATES 2623/623; ALLIED WORLD NATIONAL ASSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, | ) Adv. Proc. No. 20-51051 (KBO) |
| | ) |
| Defendants. | ) |
| | ) |

## ALLIED WORLD NATIONAL ASSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, Allied World National Assurance Company ("Defendant"), by and through its attorneys of record, hereby serves the following Objections and Responses to Plaintiff's Interrogatories.

## GENERAL OBJECTIONS

Discovery is continuing and will continue as long as permitted by rule, statute, court order or stipulation of the parties. Defendant's responses and objections to the Interrogatories as

set forth below are based on the documents and information known or reasonably available to Defendant at the time of these responses and objections. Without assuming the duty to do so, Defendant reserves the right to amend or supplement its objections and answers if it learns of new information through discovery or otherwise. The following answers are, therefore, provided without prejudice to Defendant's rights to rely on facts or documents that may subsequently be discovered or recalled in the future, and to raise contentions and arguments based thereon. No answer contained herein shall be deemed to constitute an agreement or concession that the subject matter thereof is relevant to this action, and all answers are provided without waiving, or intending to waive, any objection as to relevance, privilege or admissibility. Any witnesses identified below can be contacted via the undersigned counsel.

Defendant makes the following General Objections to the Interrogatories. These General Objections are part of the answers to each and every Interrogatory, as if set forth in full therein. The assertion of the same, similar, or additional objections in the individual objections to these Interrogatories, or the failure to assert any additional objections, does not waive any of Defendant's General Objections as set forth below.

1.      Defendant's answers herein represent a good faith effort to comply with Plaintiff's Interrogatories. Defendant responds to the Interrogatories based upon its present knowledge.

2.      Defendant objects to the Interrogatories to the extent that they are inconsistent with, or seek to impose obligations or burdens upon Defendant beyond those required and/or permitted by, the applicable provisions of the Fed. R. Civ. P. 26 and 33, made applicable to this adversary proceeding by Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court for the District of Delaware, and/or any order of this Court.

**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its Opposition to Defendants' Motions for Summary Judgment**

3.      Defendant objects to the Interrogatories to the extent they seek information that is not relevant or material to the subject matter of this action, or necessary or proportional to the needs of the case.

4.      Defendant objects to the Interrogatories to the extent they are overly broad, oppressive, or would require an undue burden or expense to respond, which would greatly exceed the value of the information in the context of this litigation.

5.      Defendant objects to the Interrogatories to the extent they lack geographic and temporal limitations and/or seek information pertaining to a time period other than a period reasonably related to the alleged business income losses Plaintiff incurred from COVID-19, because such discovery is overly broad, unduly burdensome, irrelevant, and not necessary or proportional to the needs of the case.

6.      Defendant objects to the Interrogatories to the extent they seek information that was prepared, generated, or received in anticipation of or after the commencement of this litigation, and to the extent they seek information that is subject to the attorney-client privilege, attorney work-product doctrine, common interest or joint interest privilege, or any other applicable privilege, legal protection, or rule of confidentiality.

7.      Defendant objects to the Interrogatories to the extent they seek information regarding trade or business secrets or other confidential, proprietary, or sensitive business information.

8.      Defendant objects to the "Definitions" contained in the Interrogatories to the extent they seek to impose obligations greater than those imposed by the applicable provisions of the Fed. R. Civ. P. 26 and 33, made applicable to this adversary proceeding by Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court for the District of Delaware, and/or any order of this Court.

**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

9.      In answering the Interrogatories, Defendant does not in any way waive or intend to waive, but rather reserves and intends to reserve, the following:

(a)      All objections as to competency, relevancy, materiality and admissibility;

(b)      All rights to object on any ground to the use of any of the responses herein and documents in any subsequent proceeding, including trial of any other action;

(c)      All objections as to vagueness and ambiguity; and

(d)      All rights to object on any ground to any further discovery requests involving or relating to these Interrogatories.

10.      Defendant objects to the Interrogatories to the extent that they call for the disclosure of information or documents protected by the attorney-client privilege, work product doctrine, joint interest or common interest privilege, or any other privilege or rule of confidentiality. Defendant further objects to the Interrogatories insofar as they seek information related to mental impressions, legal conclusions, opinions, or theories of any attorney or other representative of Defendant. Privileged and/or confidential documents or information will not be produced.

11.      Defendant objects to the Interrogatories to the extent they seek confidential, proprietary or otherwise protected business or commercial information, including but not limited to information relating to reinsurance and/or reserves, which is not relevant to any claims or defenses, is privileged and confidential, contains trade or business secrets or other confidential, proprietary, or sensitive business information, and is not necessary or proportional to the needs of the case.

12.      Defendant objects to the Interrogatories to the extent they seek information about policyholders other than Plaintiff. Such information is confidential; is not relevant to any issue in

**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its
Opposition to Defendants' Motions for Summary Judgment**

this case; is not proportional to the needs of the case; may be subject to a protective order, confidentiality agreement or other prohibition against disclosure; and would create an undue burden on Defendant to identify, locate, and provide.

13. Defendant objects to the definitions of "Plaintiff," on the basis that the definition is overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it would require Defendant to make an evaluation of various unknown entities agents or individuals or entities purporting to work on their behalf as well as to identify potential predecessors, successors, divisions, or representatives.  Unless stated otherwise, Defendant interprets the term "Plaintiff" to mean Plaintiff 24 Hour Fitness Worldwide, Inc.

14. Defendant objects to the definition of "Person" on the basis that the definition is overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it would require Defendant to make an evaluation of various unknown entities agents or employees.

15. Defendant objects to the definition of "You" and "Your" on the basis that the definition is overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it would include within the definition entities on behalf of whom Allied World is not obligated to respond and to whose information Defendant would not have access. Unless otherwise stated, Allied World interprets "You" and "Your" to refer to Defendant Allied World.

14. All answers and objections are based on information currently available to Defendant and Defendant reserves the right to amend or supplement these responses as discovery is ongoing.

**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

## SPECIFIC OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 1:** IDENTIFY each PERSON, employed or retained by YOU or on YOUR behalf, who was involved in any way with reviewing or handling PLAINTIFF's CLAIMS for insurance coverage.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to the use of the phrase "involved in any way with reviewing or handling PLAINTIFF's CLAIMS" on the grounds that this phrase makes this Interrogatory unintelligible. Defendant also objects on the grounds that the phrase makes the request vague, ambiguous and needlessly overly broad. Defendant also objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents.

Subject to and without waiving any objections, Defendant states that Ronald Keleman and Paul Aviles of Defendant and Mike Allen of McLarens have knowledge of the investigation conducted on behalf of Defendant following Plaintiff's notice of loss with respect to the Property Policy. Glenn Serrano and Zeesie Pertain reviewed and handled the claim made under the Pollution Policy on behalf of Defendant. In answering further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 2:** IDENTIFY each PERSON who was involved in any way with any investigation conducted by YOU or on YOUR behalf in connection with PLAINTIFF's CLAIMS for insurance coverage.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to the use of the phrase "involved in any way with any investigation" on the grounds that this phrase makes this Interrogatory unintelligible. Defendant also objects on the grounds that the phrase makes the request vague, ambiguous and needlessly overly broad. Defendant also objects on the grounds that the word "investigation," which is not defined, may have multiple legal and/or ordinary meanings. Defendant also objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-

**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents.

Subject to and without waiving any objections, Defendant states that Ronald Keleman and Paul Aviles of Defendant and Mike Allen of McLarens have knowledge of the investigation conducted on behalf of Defendant following Plaintiff's notice of loss with respect to the Property Policy. Glenn Serrano and Zeesie Pertain reviewed and handled the claim made under the Pollution Policy on behalf of Defendant.  In answering further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 3:**  IDENTIFY each PERSON, employed or retained by YOU or on YOUR behalf, who participated in making a coverage decision relating to PLAINTIFF's CLAIMS for insurance coverage.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to the use of the phrase "participated in making a coverage decision relating to PLAINTIFF's CLAIMS" on the grounds that this phrase makes this Interrogatory unintelligible.  Defendant also objects on the grounds that the phrase makes the request vague, ambiguous and needlessly overly broad.  Defendant also objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents.

Subject to and without waiving any objections, Defendant states that Glenn Serrano and Zeesie Pertain reviewed and handled the claim made under the Pollution Policy on behalf of Defendant. In answering further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 4:**  IDENTIFY each PERSON, employed or retained by YOU or on YOUR behalf, who reviewed or analyzed YOUR coverage decisions concerning PLAINTIFF's CLAIMS.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to the use of the phrase "reviewed or analyzed" on the grounds that this phrase makes this Interrogatory unintelligible.  Defendant also objects on the grounds that

Page 7 of 22
**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**                    **Page 2191 of 2921**

the phrase makes the request vague, ambiguous and needlessly overly broad. Defendant also objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents.

Subject to and without waiving any objections, Defendant states that Glenn Serrano and Zeesie Pertain reviewed and handled the claim made under the Pollution Policy on behalf of Defendant. In answering further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 5:** IDENTIFY any and all third parties, including but not limited to, investigators, consultants, scientists, researchers, doctors, or experts, who are likely to have knowledge of PLAINTIFF's CLAIMS, including those YOU have hired, retained, or otherwise directed with respect to PLAINTIFF's CLAIMS.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant also objects to this Interrogatory to the extent that the information sought is in the possession of Plaintiff. Defendant also objects on the grounds that the Interrogatory assumes facts not in evidence and it is vague, ambiguous, overly broad, and unduly burdensome.

Subject to and without waiving any objections, Defendant states Mike Allen of McLarens has knowledge of the investigation conducted on behalf of Defendant following Plaintiff's notice of loss with respect to the Property Policy. In answering further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 6:** If YOU contend that any POLICY exclusion(s) applies to bar coverage of PLAINTIFF's CLAIM, IDENTIFY all such exclusion(s).

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Defendant to assess coverage. Defendant further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided

Page 8 of 22
**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**
**Page 2192 of 2921**

sufficient information for Defendant to fully assess its claim. Defendant objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents.

Subject to and without waiving any objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents, along with Defendant's Answer filed in this action and the Property Policy, which is the best evidence of its terms, conditions, provisions, exclusions, and limitations.

Subject to and without waiving any objections, Defendant affirmatively states that, as neither the Property Policy's insuring provision nor the conditions of coverage contained in Endorsement 2 have been triggered, no exclusions are necessary to preclude coverage for Plaintiff's Claim. Subject to and without waiving any objections, to the extent the insuring provisions of the Property Policy or conditions of coverage within Endorsement 2 have been met – which is disputed – Defendant states that the following exclusions may be applicable to portions of Plaintiff's Claim under the Property Policy:

### G. Provisions Applicable To Business Interruption, Extra Expense, Rental Value And Royalties Coverages

* * *

(2) Special Exclusions: This section of the policy does not insure against any increase of loss which may be occasioned by the suspension, lapse, or cancellation of any lease, license, contract, or order; nor for any increase of loss due to interference at the Insured's premises by strikers or other persons with rebuilding, repairing, or replacing the property damaged or destroyed, or with the resumption or continuation of business, or with the reoccupancy of the premises.

* * *

### 10. PERILS EXCLUDED

This policy does not insure:

* * *

N. Loss of Market Share

* * *

### POLLUTION, CONTAMINATION, DEBRIS REMOVAL EXCLUSION ENDORSEMENT

* * *

2. Pollution and Contamination Exclusion.

This policy does not cover loss or damage caused by, resulting from, contributed to or made worse by actual, alleged or threatened release, discharge, escape or dispersal of CONTAMINANTS or POLLUTANTS, all whether direct or indirect, proximate or remote or in whole or in part caused by, contributed to or aggravated by any physical damage insured by this policy.

* * *

CONTAMINANTS OR POLLUTANTS means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste, which after its release can cause or threaten damage to human health or human welfare or causes or threatens damage, deterioration, loss of value, marketability or loss of use to property insured hereunder, including, but not limited to, bacteria, fungi, virus, or hazardous substances as listed in the Federal Water, Pollution Control Act, Clean Air Act, Resource Conservation and Recovery Act of 1976, and Toxic Substances Control Act or as designated by the U. S. Environmental Protection Agency. Waste includes materials to be recycled, reconditioned or reclaimed.

**INTERROGATORY NO. 7:**  For any POLICY exclusion(s) that YOU IDENTIFIED in response to Interrogatory No. 6, state all facts supporting YOUR contention that such exclusion(s) applies to bar coverage for PLAINTIFF's CLAIM.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Defendant to assess coverage. Defendant further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Defendant to fully assess its claim. Defendant further objects to the request to "state all facts that support" as overly broad, unduly burdensome and premature. Defendant objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents.

Page 10 of 22
**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**                    **Page 2194 of 2921**

Subject to and without waiving any objections, Defendant affirmatively states that, as neither the Property Policy's insuring provision nor the conditions of coverage contained in Endorsement 2 have been triggered, no exclusions are necessary to preclude coverage for Plaintiff's Claim. Subject to and without waiving any objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents, along with Defendant's Answer filed in this action and the Property Policy, which is the best evidence of its terms, conditions, provisions, exclusions, and limitations.

**INTERROGATORY NO. 8:**  If YOU contend that COVID-19 does not constitute a risk of direct physical loss or damage to property under the PROPERTY POLICY, state all facts that support YOUR contention.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Defendant to assess coverage. Defendant further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Defendant to fully assess its claim. Defendant further objects to the request to "state all facts that support" as overly broad, unduly burdensome and premature. Defendant objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents.

Subject to and without waiving the above general and specific objections, Defendant states that, based on the limited information provided by Plaintiff regarding its claim, COVID-19 does not present a risk of direct physical loss or damage to its property. Defendant further states that COVID-19 presents a risk to the health of persons, not a risk of physical loss or damage to Plaintiff's property. Defendant further states that COVID-19 does not physically alter or change surfaces or any other property at issue in this action or result in permanent loss or dispossession of Plaintiff's property.

**INTERROGATORY NO. 9:**  If YOU contend that Executive Order N-33-20, issued by the Governor of California on or about March 19, 2020, does not constitute an order by a civil authority that prohibited access to real or personal property issued in connection with or

**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

following a peril insured against within five (5) statute miles of an insured premises, as set forth in the PROPERTY POLICY, state all facts that support YOUR contention.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Defendant to assess coverage. Defendant further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Defendant to fully assess its claim. Defendant further objects to the request to "state all facts that support" as overly broad, unduly burdensome and premature. Defendant objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents.

Subject to and without waiving any objections, Defendant states that the order referred to in this Interrogatory does not prohibit access to real or personal property and was not issued in connection with or following a peril insured against within five (5) statute miles of an insured premises. Further, the Order does not prohibit access to any specific location or address within the parameters identified by the Property Policy.

**INTERROGATORY NO. 10:** If YOU contend that the March 16, 2020 Order of the Health Officer of the County of Alameda directing all individuals living in the county to shelter at their places of residence and all businesses and governmental agencies to cease non-essential operations at physical locations in the county, does not constitute an order by a civil authority that prohibited access to real or personal property issued in connection with or following a peril insured against within five (5) statute miles of an insured premises, as set forth in the PROPERTY POLICY, state all facts that support YOUR contention.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Defendant to assess coverage. Defendant further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Defendant to fully assess its claim. Defendant further objects to the request to "state all facts that support" as overly broad, unduly burdensome and premature. Defendant objects to this Interrogatory to the extent that it may be construed as seeking

**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**                **Page 2196 of 2921**

disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents.

Subject to and without waiving any objections, Defendant states that the referenced order does not prohibit access to real or personal property and was not issued in connection with or following a peril insured against within five (5) statute miles of an insured premises. Further, the Order does not prohibit access to any specific location or address within the parameters identified by the Property Policy.

**INTERROGATORY NO. 11:**  If YOU contend that COVID-19 does not constitute a

"communicable disease" as that term is used in the INTERRUPTION BY COMMUNICABLE

DISEASE ENDORSEMENT in the PROPERTY POLICY, state all facts that support YOUR

contention.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Defendant to assess coverage. Defendant further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Defendant to fully assess its claim. Defendant further objects to the request to "state all facts that support" as overly broad, unduly burdensome and premature. Defendant objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any objections, Defendant does not refute that COVID-19/SARS-CoV-2 is a communicable disease, but affirmatively states that Endorsement 2 requires that any coverage under the endorsement " must be directly resulting from access being prohibited to a described location or any portion thereof: (a) Due to the actual presence of and the spread of communicable diseases at that described location; and (b) As a direct result of a declaration by a civil authority enforcing any law or ordinance regulating communicable diseases." As the coverage conditions set forth in Endorsement 2 has not been met, there is no coverage under the Property Policy.

**INTERROGATORY NO. 12:**  Describe in detail what evidence YOU contend is required to

establish the "actual presence of and spread of communicable diseases" at a described location as

Page 13 of 22
**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**                    **Page 2197 of 2921**

set forth in the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the

PROPERTY POLICY.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Defendant to assess coverage. Defendant further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Defendant to fully assess its claim. Defendant objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects as the extrinsic information sought in this Interrogatory is not relevant to interpret the provisions of the Property Policy, which have not been found to be ambiguous.

Subject to and without waiving any objections, Defendant states that the burden is on Plaintiff, not the Defendant, to establish and prove that its claim falls within the insuring agreement of the Property Policy.  To date, Plaintiff has failed to establish or prove that its claim falls within the insuring agreement of the Pollution Policy.  Defendant will not speculate about theoretical evidence that Plaintiff has failed to provide the Defendant to set forth a prima facie claim. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

More specifically, Defendant refers Plaintiff to the Property Policy, which is the best evidence of its terms, conditions, provisions, exclusions, and limitations. Defendant further affirmatively states that the conditions of coverage of Endorsement 2, from which the quoted language is taken, necessitate "access being prohibited to a described location or any portion thereof." As this coverage condition has not been met, the inquiry as to any alleged "actual presence of and spread of communicable diseases" is not reached.

**INTERROGATORY NO. 13:**  Describe in detail all instances where YOU confirmed the

"actual presence of and spread of" COVID-19 at a location insured under any of YOUR policies,

including how YOU confirmed such "actual presence and spread of" COVID-19.

Page 14 of 22
**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**          **Page 2198 of 2921**

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant also objects to the Interrogatory on the grounds that is overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it quotes specific wording from Endorsement 2 to the Property Policy and then refers to "YOUR policies," which, as defined, could include any policy issued by Defendant or one of its various affiliates or associated entities, which would have no relevance to this matter.  Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the extent this Interrogatory seeks information and documents about claims by other insureds or claimants that are not at issue in this action, and which may contain or reflect their private, personal, confidential, and/or proprietary information.

Subject to and without waiving any objections, Defendant interprets this Interrogatory as applying to the Property Policy which contains the quoted wording.  Defendant further states that it maintains that the Property Policy provides coverage only where there has been a prohibition of access "to a described location or any portion thereof: a) Due to the actual presence of and the spread of communicable diseases at the described location; and b) As a direct result of a declaration by a civil authority enforcing any law or ordinance regulating communicable disease." As these terms have not been met, Defendant maintains that there is no coverage for Plaintiff's claim under the Property Policy.

**INTERROGATORY NO. 14:**    Describe in detail all instances where YOU tested for the

"actual presence and spread of" COVID-19 at a location insured under any of YOUR policies,

including the nature of the testing YOU performed.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant also objects to the Interrogatory on the grounds that is overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it quotes specific wording from Endorsement 2 to the Property Policy and then refers to "YOUR policies," which, as defined, could include any policy issued by Defendant or one of its various affiliates or associated entities, which would have no relevance to this matter.  Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of

Page 15 of 22
**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**                    **Page 2199 of 2921**

any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this Interrogatory seeks information and documents about claims by other insureds or claimants that are not at issue in this action, and which may contain or reflect their private, personal, confidential, and/or proprietary information.

Subject to and without waiving any objections, Defendant interprets this Interrogatory as applying to the Property Policy which contains the quoted wording. Defendant maintains that the Property Policy provides coverage only where there has been a prohibition of access "to a described location or any portion thereof: a) Due to the actual presence and the spread of communicable diseases at the described location; and b) As a direct result of a declaration by a civil authority enforcing any law or ordinance regulating communicable disease." As these terms have not been met, Defendant maintains that there is no coverage for Plaintiff's claim under the Property Policy.

**INTERROGATORY NO. 15:** If YOU contend that, prior to June 30, 2020, there was testing available to detect the "actual presence and spread of" COVID-19 at a described location as set forth in the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the PROPERTY POLICY, state all facts that support YOUR contention, including the IDENTIFICATION of every test YOU contend was available, and when such tests became available.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Defendant to assess coverage. Defendant further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Defendant to fully assess its claim. Defendant further objects to the request to "state all facts that support" as overly broad, unduly burdensome and premature. Defendant objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the extent that the Interrogatory assumes facts not in evidence and purports to shift the burden of proof to Defendant

Page 16 of 22
**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**                    **Page 2200 of 2921**

Subject to and without waiving any objections, Defendant contends that the terms of Endorsement 2 of the Property Policy have not been met or satisfied in that any expenses incurred were not directly or indirectly caused by or resulting from access being prohibited to a described location or any portion thereof.

**INTERROGATORY NO. 16:**    If YOU contend that there can be no coverage under the

INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the PROPERTY

POLICY based on the "actual presence and spread of" COVID-19, in the absence of an available

test for COVID-19 at a given time, state all facts that support YOUR contention.


**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Defendant to assess coverage. Defendant further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Defendant to fully assess its claim. Defendant further objects to the request to "state all facts that support" as overly broad, unduly burdensome and premature. Defendant objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the extent that the Interrogatory assumes facts not in evidence and purports to shift the burden of proof to Defendant.

Subject to and without waiving any objections, Defendant contends that the insuring provision of Endorsement 2 of the Property Policy has not been met or satisfied in that any expenses incurred were not directly or indirectly caused by or resulting from access being prohibited to a described location or any portion thereof.


**INTERROGATORY NO. 17:**    IDENTIFY all policies, procedures, guidance, or training

materials that concern the method, scope, or analysis to be used for administering coverage

claims relating to COVID-19 that YOU have provided to YOUR EMPLOYEES or any PERSON

reviewing or handling claims under the POLICY or insurance policies that YOU have issued.

**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant objects to this Interrogatory as it is vague, ambiguous, overly broad, and unduly burdensome. Defendant further objects to this Interrogatory to the extent it seeks information about insureds other than Plaintiff and is not proportional to the needs of the case.

**INTERROGATORY NO. 18:** Describe in detail what evidence YOU contend is required to

establish "business interruption costs resulting from business interruption caused solely and

directly by a pollution incident in, at or under a scheduled location under the POLLUTION

POLICY.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Defendant to assess coverage. Defendant further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Defendant to fully assess its claim. Defendant objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant objects to this Interrogatory on the grounds that the information is in the possession of Plaintiff. Defendant objects to this Interrogatory on the grounds that it calls for speculation. Defendant objects to this Interrogatory as overly broad and unduly burdensome.

Subject to and without waiving any objections, Defendant states that the burden is on Plaintiff, not the Defendant, to establish and prove that its claim falls within the insuring agreement of the Pollution Policy. To date, Plaintiff has failed to establish or prove that its claim falls within the insuring agreement of the Pollution Policy. Defendant will not speculate about theoretical evidence that Plaintiff has failed to provide the Defendant to set forth a prima facie claim. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 19:** Describe in detail what evidence YOU contend is required to

establish the "presence of microbial matter on, at or within buildings or structures" under the

POLLUTION POLICY.

Page 18 of 22
**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**          **Page 2202 of 2921**

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Defendant to assess coverage. Defendant further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Defendant to fully assess its claim. Defendant objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant objects to this Interrogatory on the grounds that the information is in the possession of Plaintiff.  Defendant objects to this Interrogatory on the grounds that it calls for speculation.  Defendant objects to this Interrogatory as overly broad and unduly burdensome.

Subject to and without waiving any objections, Defendant states that the burden is on Plaintiff, not the Defendant, to establish and prove that its claim falls within the insuring agreement of the Pollution Policy.  To date, Plaintiff has failed to establish or prove that its claim falls within the insuring agreement of the Pollution Policy.  Defendant will not speculate about theoretical evidence that Plaintiff has failed to provide the Defendant to set forth a prima facie claim. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 20:**   Describe in detail all instances where YOU tested for the presence of COVID-19 "on, at or within buildings or structures" insured under any of YOUR policies, including the nature of the testing YOU performed.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant objects to this Interrogatory on the grounds that the information is in the possession of Plaintiff.  Defendant also objects to the Interrogatory on the grounds that is overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it quotes specific wording from the Pollution Policy and then refers to "YOUR policies," which as defined could include any policy issued by Defendant or one of its various affiliates or associated entities, which would have no relevance to this matter.  Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the extent this Interrogatory seeks information

Page 19 of 22
**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**                    **Page 2203 of 2921**

and documents about claims by other insureds or claimants that are not at issue in this action, and which may contain or reflect their private, personal, confidential, and/or proprietary information. Defendant also objects on the grounds that the Interrogatory assumes facts not in evidence.

**INTERROGATORY NO. 21:**  If YOU contend that, prior to September 3, 2020, there was testing available to detect the presence of COVID-19 "on, at or within buildings or structures" insured any of YOUR policies, state all facts that support YOUR contention, including the IDENTIFICATION of every test YOU contend was available, and when such tests became available.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant objects to this Interrogatory on the grounds that the information is in the possession of Plaintiff.  Defendant objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Defendant to assess coverage. Defendant further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Defendant to fully assess its claim. Defendant also objects to the Interrogatory on the grounds that is overly broad, unduly burdensome, vague, ambiguous, and premature, particularly to the extent that it requests to "state all facts that support" and quotes specific wording from the Pollution Policy and then refers to "YOUR policies," which as defined could include any policy issued by Defendant or one of its various affiliates or associated entities, which would have no relevance to this matter.  Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the extent this Interrogatory seeks information and documents about claims by other insureds or claimants that are not at issue in this action, and which may contain or reflect their private, personal, confidential, and/or proprietary information. Defendant also objects on the grounds that the Interrogatory assumes facts not in evidence.

**INTERROGATORY NO. 22:**  If YOU contend that there can be no insurance coverage under the POLLUTION POLICY based on the presence of COVID-19 "on, at or within buildings or

**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

structures" insured under any of YOUR policies in the absence of an available test for COVID-19 at a given time, state all facts that support YOUR contention.

**ANSWER:**

Defendant incorporates by reference each of its general objections as though fully set forth herein. Defendant objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege, joint interest or common interest privilege, and/or which constitutes the work product of its attorneys and/or their agents. Defendant objects to this Interrogatory on the grounds that the information is in the possession of Plaintiff.  Defendant objects to this Interrogatory on the grounds that it calls for speculation. Defendant also objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Defendant to assess coverage. Defendant further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Defendant to fully assess its claim. Defendant further objects to the request to "state all facts that support" as overly broad, unduly burdensome and premature.

Subject to and without waiving any objections, Defendant states that the burden is on Plaintiff, not the Defendant, to establish and prove that its claim falls within the insuring agreement of the Pollution Policy.  To date, Plaintiff has failed to establish or prove that its claim falls within the insuring agreement of the Pollution Policy.  Defendant will not speculate about theoretical evidence that Plaintiff has failed to provide the Defendant to set forth a prima facie claim. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with Defendant's Responses to Plaintiff's Requests for Production of Documents.

Dated: December 22, 2021

**GELLERT, SCALI, BUSENKELL & BROWN, LLC**

By: _/s/ Michael Busenkell_
    MICHAEL BUSENKELL

1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801
Tel: (302) 425-5812
Email: mbusenkell@gsbblaw.com

-and-

**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**OTTERBOURG P.C.**
Richard G. Haddad (admitted *pro hac vice*)
Andrew S. Halpern
230 Park Avenue
New York, New York 10169
Tel: (212) 661-9100
E-mail: rhaddad@otterbourg.com

*Attorneys for Defendant Allied World National
Assurance Company*

Page 22 of 22
**Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 2206 of 2921**

## <u>VERIFICATION</u>

I, Ronald Keleman, Vice President., hereby declares and acknowledges, under penalty of perjury, that I have read the foregoing Interrogatories and the answers to these Interrogatories are true and correct to the best of my information, knowledge, and belief.

Ronald Keleman

Digitally signed by: Ronald Keleman
DN: CN = Ronald Keleman email = ronald.Keleman@awac.com C = US O = Allied World Assurannce OU = Property Claims
Date: 2021.12.24 06:38:19 -05'00'

_____

Ronald Keleman

Exhibit 154 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2207 of 2921