# EXHIBIT 155

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| 24 HOUR FITNESS WORLDWIDE, INC., *et al.*, | Case No.: 20-11558 (KBO) |
| Debtors. | (Jointly Administered) |
| 24 HOUR FITNESS WORLDWIDE, INC., | |
| Plaintiff, | |
| v. | |
| CONTINENTAL CASUALTY COMPANY; ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY; STARR SURPLUS LINES INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; BEAZLEY-LLOYD'S SYNDICATES 2623/623; ALLIED WORLD NATIONAL ASSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, | Adv. Proc. No. 20-51051 (KBO) |
| Defendants. | |

**DEFENDANT ALLIED WORLD NATIONAL ASSURANCE COMPANY'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Defendant, Allied World National Assurance Company ("Allied World"), by and through its undersigned counsel, for its Answers and Objections to Plaintiff's Second Set of Interrogatories to Defendant Allied World National Assurance Company (collectively, the "Interrogatories," and each, individually, an "Interrogatory"), states as follows:

Exhibit 155 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2208 of 2921

**GENERAL OBJECTIONS**

Discovery in this adversary proceeding is continuing. Allied World's answers and objections to the Interrogatories as set forth below are based on the documents and information known or reasonably available to Allied World at the time of these answers and objections. Without assuming any duty to do so, Allied World reserves the right to amend or supplement its answers and objections if it learns of new information through discovery or otherwise. The following answers are, therefore, provided without prejudice to Allied World's rights to rely on facts or documents that may subsequently be discovered or recalled, and to raise contentions and arguments based thereon. No answer contained herein shall be deemed to constitute an agreement or concession that the subject matter thereof is relevant to this adversary proceeding, and all answers are provided without waiving, or intending to waive, any objection as to relevance, privilege or admissibility.

Allied World makes the following General Objections to the Interrogatories. These General Objections are part of the answer to each and every Interrogatory, as if set forth in full therein. The assertion of the same, similar, or additional objections in the individual objections to the Interrogatories, or the failure to assert any additional objections, does not waive any of Allied World's General Objections as set forth below.

1.     Allied World's answers herein represent a good faith effort to comply with Plaintiff's Interrogatories. Allied World responds to the Interrogatories based upon its present knowledge.

2.     Allied World objects to the Interrogatories to the extent that they are inconsistent with, or seek to impose obligations or burdens upon Allied World beyond those required and/or permitted by, the applicable provisions of the Fed. R. Civ. P. 26 and 33, made applicable to this adversary proceeding by Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, the

Page 2 of 10

Exhibit 155 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2209 of 2921

Local Rules for the United States Bankruptcy Court for the District of Delaware, and/or any order of this Court.

3. Allied World objects to the Interrogatories to the extent they seek information that is not relevant or material to the subject matter of this adversary proceeding, or necessary or proportional to the needs of this adversary proceeding.

4. Allied World objects to the Interrogatories to the extent they are overly broad, oppressive, or would require an undue burden or expense to respond to that would greatly exceed the value of the information in the context of this adversary proceeding.

5. Allied World objects to the Interrogatories to the extent they lack geographic and temporal limitations and/or seek information pertaining to a time period other than a period reasonably related to the alleged business income losses Plaintiff allegedly incurred from COVID-19, because such discovery is overly broad, unduly burdensome, irrelevant, and not necessary or proportional to the needs of this adversary proceeding.

6. Allied World objects to the Interrogatories to the extent they seek information that was prepared, generated, or received in anticipation of or after the commencement of this adversary proceeding, and to the extent they seek information that is subject to the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, legal protection, or rule of confidentiality.

7. Allied World objects to the Interrogatories to the extent they seek information regarding trade or business secrets or other confidential, proprietary, or sensitive business information.

8. Allied World objects to the "Definitions" contained in the Interrogatories to the extent they seek to impose obligations greater than those imposed by the applicable provisions of the Fed. R. Civ. P. 26 and 33, made applicable to this adversary proceeding by Rules 7026 and

Page 3 of 10

Exhibit 155 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2210 of 2921

7033 of the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and/or any order of this Court.

9. In answering the Interrogatories, Allied World does not in any way waive or intend to waive, but rather reserves and intends to reserve, the following:

(a) All objections as to competency, relevancy, materiality and admissibility;

(b) All rights to object on any ground to the use of any of the responses herein and the documents referred to herein in any subsequent proceeding, including trial of any other action;

(c) All objections as to vagueness and ambiguity; and

(d) All rights to object on any ground to any further discovery requests involving or relating to the Interrogatories.

10. Allied World objects to the Interrogatories to the extent they call for the disclosure of information or documents protected by the attorney-client privilege, the work product doctrine, or any other privilege or rule of confidentiality. Allied World further objects to the Interrogatories insofar as they seek information related to mental impressions, legal conclusions, opinions, or theories of any attorney or other representative of Allied World. Privileged and/or confidential information and/or documents will not be produced.

11. Allied World objects to the Interrogatories to the extent they seek confidential, proprietary or otherwise protected business or commercial information, including but not limited to information relating to reinsurance and/or reserves, which is not relevant to any claims or defenses, is privileged and confidential, contains trade or business secrets or other confidential, proprietary, or sensitive business information, or is not necessary or proportional to the needs of this adversary proceeding.

12. Allied World objects to the Interrogatories to the extent they seek information about policyholders other than Plaintiff. Such information is confidential; is not relevant to any issue in

Page 4 of 10

Exhibit 155 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2211 of 2921

this adversary proceeding; is not proportional to the needs of this adversary proceeding; may be subject to a protective order, confidentiality agreement or other prohibition against disclosure; and would create an undue burden on Allied World to identify, locate, and provide.

13. All answers and objections herein are based on information currently available to Allied World and Allied World reserves the right to amend or supplement these responses as discovery is ongoing.

**INTERROGATORY NO. 23:** If YOU contend that the presence of COVID-19 on, at, or within buildings or structures does not constitute a "pollution incident," state all facts that support YOUR contention.

**RESPONSE TO INTERROGATORY NO. 23:**

Allied World objects to this Interrogatory as overly broad and unduly burdensome. Allied World also objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege and/or which constitutes the work product of its attorneys and/or their agents. In addition, Allied World incorporates by reference its General Objections. Without waiving the foregoing objections and subject to Allied World's right to supplement its responses as it investigates, and discovery proceeds regarding, plaintiff's claims and Allied World's defenses, Allied World responds to this Interrogatory as follows:

The burden is on Plaintiff, not Allied World, to establish and prove that its claim falls within the insuring agreements of the Pollution Policy. To date, Plaintiff has failed to establish or prove that its claim falls within the insuring agreements of the Pollution Policy. Allied World will not speculate about theoretical evidence which Plaintiff has failed to provide and/or identify to Allied World that Plaintiff may assert sets forth a prima facie claim. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Allied World refers Plaintiff to the Pollution Policy and the non-

Page 5 of 10

Exhibit 155 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2212 of 2921

privileged portions of Allied World's claims file with respect to the Pollution Policy produced by Allied World in this adversary proceeding.

**INTERROGATORY NO. 24**: If YOU contend that PLAINTIFF did not sustain "business interruption" and "business interruption costs" caused "solely and directly by a pollution incident," state all facts that support YOUR contention.

**RESPONSE TO INTERROGATORY NO. 24**:

Allied World objects to this Interrogatory as overly broad and unduly burdensome to the extent that it seeks information that is within Plaintiff's possession. Allied World also objects to this Interrogatory to the extent it omits a portion of the language in paragraph 5 of Section I of the Pollution Policy, entitled "Business Interruption Coverage," which, subject to the other terms, conditions, provisions, exclusions of the Policy, provides, in pertinent part, that "We [*i.e.*, Allied World] will pay **business interruption costs** resulting from **business interruption** caused solely and directly by a **pollution incident** on, at or under a **scheduled location** …." [Boldface in original text.] Allied World further objects to this Interrogatory to the extent that it may be construed as seeking disclosure of information protected by the attorney-client privilege and/or which constitutes the work product of its attorneys and/or their agents. In addition, Allied World incorporates by reference its General Objections. Without waiving the foregoing objections and subject to Allied World's right to supplement its responses as it investigates, and discovery proceeds regarding, Plaintiff's claims and Allied World's defenses, Allied World responds to this Interrogatory as follows:

The burden is on Plaintiff, not Allied World, to establish and prove that its claim is within the insuring agreements of the Pollution Policy, including, as relevant to this Interrogatory, that any alleged "**business interruption costs** result[ed] from **business interruption** caused solely and directly by a **pollution incident** on, at or under a **scheduled location**" referred to in the Pollution

Page 6 of 10

Exhibit 155 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2213 of 2921

Policy. [Boldface in original text.] To date, Plaintiff has failed to establish or prove that its claim falls within the insuring agreements of the Pollution Policy, including that any alleged "**business interruption costs** result[ed] from **business interruption** caused solely and directly by a **pollution incident** on, at or under" any "scheduled location" referred to in the Pollution Policy. [Boldface in original text.] Allied World will not speculate about theoretical evidence that Plaintiff has failed to provide and/or identify to Allied World that Plaintiff may assert sets forth a prima facie claim.

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Allied World refers Plaintiff to the Pollution Policy, the non-privileged portions of Allied World's claims file with respect to the Pollution Policy produced by Allied World in this adversary proceeding, Allied World's Opening Brief and its Reply filed in support of its Motion for Judgment on the Pleadings, Plaintiff's Complaint insofar as it alleges or admits that closures of Plaintiff's business locations were caused by the governmental orders referred to in Plaintiff's Complaint, the transcript of the 30(b)(6) deposition of Plaintiff taken by Allied World on April 28, 2022, the exhibits marked at that deposition, the transcripts of the other depositions of present and former representatives of Plaintiff taken in this adversary proceeding, and the exhibits marked at those depositions.

**INTERROGATORY NO. 25:** If YOU contend that there can be no covered "business interruption" where the "business interruption" is the result of a "pollution incident" that occurred when there was a governmental order issued in conjunction with or following a "pollution incident" that placed limitations on the use of a covered location, state all facts that support YOUR contention.

**RESPONSE TO INTERROGATORY NO. 25:**

Allied World objects to this Interrogatory as overly broad, unduly burdensome and vague. Allied World further objects to this Interrogatory to the extent that it may be construed as seeking

Page 7 of 10

Exhibit 155 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2214 of 2921

disclosure of information protected by the attorney-client privilege and/or which constitutes the work product of its attorneys and/or their agents. In addition, Allied World incorporates by reference its General Objections. Without waiving the foregoing objections and subject to Allied World's right to supplement its responses as it investigates, and discovery proceeds regarding, Plaintiff's claims and Allied World's defenses, Allied World responds to this Interrogatory as follows:

The burden is on Plaintiff, not Allied World, to establish and prove that its claim falls within the insuring agreements of the Pollution Policy. To date, Plaintiff has failed to establish or prove that its claim falls within the insuring agreements of the Pollution Policy. Allied World will not speculate about theoretical evidence that Plaintiff has failed to provide and/or identify to Allied World that Plaintiff may assert sets forth a prima facie claim.

Paragraph 5 of Section I of the Pollution Policy, entitled "Business Interruption Coverage," provides, in pertinent part, that, "We [*i.e.*, Allied World] will pay **business interruption costs** resulting from **business interruption** caused solely and directly by a **pollution incident** on, at or under a **scheduled location** …." [Boldface in original text.] Under this provision, if a closure of a "scheduled location" of Plaintiff was caused in whole or in part by a governmental order such as those referred to in the Complaint, then any "**business interruption costs**" for that closure did not "result[] from **business interruption** caused solely and directly by a **pollution incident** on, at or under [the] **scheduled location**," and there is no "Business Interruption Coverage" under the Pollution Policy for that closure. [Boldface in original text.]

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Allied World also refers Plaintiff to the Pollution Policy, the non-privileged portions of Allied World's claims file with respect to the Pollution Policy produced by Allied World in this adversary proceeding, Allied World's Opening Brief and its Reply filed in support of its Motion for Judgment on the Pleadings,

Page 8 of 10

Exhibit 155 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2215 of 2921

Plaintiff's Complaint insofar as it alleges or admits that closures of Plaintiff's business locations were caused by the governmental orders referred to in Plaintiff's Complaint, the governmental orders referred to in Plaintiff's Complaint, the transcript of the 30(b)(6) deposition of Plaintiff taken by Allied World on April 28, 2022, the exhibits marked at that deposition, the transcripts of the other depositions of present and former representatives of Plaintiff taken in this adversary proceeding, and the exhibits marked at those depositions.

Dated: July 21, 2022

**GELLERT, SCALI, BUSENKELL & BROWN, LLC**

By: /s/ *Michael Busenkell*
    MICHAEL BUSENKELL

1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801
Tel: (302) 425-5812
Email: mbusenkell@gsbblaw.com

**SELMAN BREITMAN LLP**

By: /s/ *Elizabeth M. Brockman*
    ELIZABETH M. BROCKMAN
    CALVIN S. WHANG

11766 Wilshire Blvd., Suite 600
Los Angeles, CA 90025
Tel: (310) 389-7043
E-mail: ebrockman@selmanlaw.com

**OTTERBOURG P.C.**

By: /s/ *Richard G. Haddad*
    RICHARD G. HADDAD
    ANDREW S. HALPERN

230 Park Avenue
New York, New York 10169
Tel: (212) 661-9100
E-mail: rhaddad@otterbourg.com

Attorneys for Defendant Allied World National Assurance Company

Page 9 of 10

Exhibit 155 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2216 of 2921

## VERIFICATION

I, Glenn Serrano, on behalf of Allied World National Assurance Company ("Allied World"), have reviewed Defendant Allied World's Answers and Objections to Plaintiff's Second Set of Interrogatories. I hereby verify under penalty of perjury that the answers contained herein are true and correct to the best of my knowledge, information and belief.

Executed on July 28, 2022, at New York, New York

*/s/ Glenn Serrano*
Glenn Serrano

Page 10 of 10

Exhibit 155 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment

Page 2217 of 2921