EXHIBIT 161

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| 24 HOUR FITNESS WORLDWIDE, INC., *et al.*, | ) | Case No.: 20-11558 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

| | | |
|---|---|---|
| 24 HOUR FITNESS WORLDWIDE, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| CONTINENTAL CASUALTY COMPANY; ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY; STARR SURPLUS LINES INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; BEAZLEY-LLOYD'S SYNDICATES 2623/623; ALLIED WORLD NATIONAL ASSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, | ) | Adv. Proc. No. 20-51051 (KBO) |
| Defendants. | ) | |

## DEFENDANT ALLIANZ GLOBAL RISKS US INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, hereby provides

the following responses to Plaintiff's First Set of Interrogatories to Defendant Allianz Global Risks

US Insurance Company ("AGR US") in accordance with Federal Rule of Civil Procedure 33.[1]

---

[1] AGR US has moved, together with the other Defendants in this action, to withdraw the reference to the United States Bankruptcy Court for the District of Delaware of this adversary proceeding. Accordingly, AGR US's Objections and Responses to Plaintiff's First Set of Interrogatories does not reflect its consent to this Court's jurisdiction and is subject to the arguments contained in the motion to withdraw the reference.

## GENERAL OBJECTIONS

The following General Objections shall be considered as made, to the extent applicable, in response to each of the Interrogatories, as if the General Objections were fully set forth in each such response, including those responses which also set forth specific objections.

1.      AGR US objects to each Interrogatory to the extent that it seeks to impose obligations beyond those set forth by the Federal Rules of Civil Procedure.

2.      AGR US objects to each Interrogatory to the extent it seeks discovery of information that contains trade secrets, proprietary information, confidential information and other competitively sensitive business or commercial information.

3.      AGR US objects to each Interrogatory to the extent that it seeks privileged information, including, without limitation, information that was prepared, generated, or received for or in anticipation of litigation; information that constitutes attorney work product; or information that is protected by a claim of privilege or immunity, including, without limitation, the attorney-client privilege, common interest or joint defense privilege, or any other applicable privilege or immunity.  Such information shall not be provided in response hereto, and inadvertent disclosure shall not be deemed a waiver of any privilege, immunity or protection.

4.      AGR US objects to each Interrogatory to the extent it is vague, ambiguous, lacks particularity, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  AGR US also objects to each Interrogatory to the extent that it seeks information or requires investigation not proportional to the needs of the case.

5.      AGR US objects to each Interrogatory to the extent that it is not limited to time or scope.

6.      AGR US objects to each Interrogatory to the extent that it seeks information and/or

2

documents outside the relevant time period alleged in this case.

7.     AGR US objects to each Interrogatory to the extent it requires disclosure of information or documents that are not known to AGR US or are not available to AGR US at this time.

8.     AGR US objects to each Interrogatory to the extent it is premature and reserves the right to file supplemental information, amended responses, and/or documents necessary to rebut any potential argument or legal theory pursued by Plaintiff.

9.     AGR US objects to each Interrogatory to the extent that it seeks to have AGR US furnish information and identify documents that are a matter of public record, and, therefore, are equally available to Plaintiff as they are to AGR US.

10.     AGR US's responses to these Interrogatories are based on information presently available to AGR US.  AGR US reserves the right to supplement and/or amend these responses at a later time, if further information becomes available in the course of AGR US's diligent inquiries, through discovery or otherwise.  These responses should not be construed as, and do not constitute a waiver of AGR US's rights to provide additional facts at trial.

## OBJECTIONS TO PLAINTIFF'S DEFINITIONS

1.      AGR US objects to Definition No. 2, which defines the term "CLAIM," as vague and ambiguous, as it purports to define such term "as referenced in the allegations in the COMPLAINT" and such term is not defined in the Complaint.

2.     AGR US objects to Definition No. 7, which defines the term "EMPLOYEE," as overly broad, unduly burdensome and without proper limitation of scope or time.

3.     AGR US objects to Definition No. 8, which defines the term "IDENTIFY," because it is (i) overly broad, (ii) unduly burdensome, and (iii) imposes obligations beyond those imposed

3

**Exhibit 161 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 2321 of 2921**

by the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Delaware.

4. AGR US objects to Definition No. 11, which defines the term "PERSON," as overly broad, unduly burdensome and without proper limitation of scope or time.

5. AGR US objects to Definition No. 13, which defines the terms "YOU" and "YOUR" to the extent the definition includes "Allianz Global Risks US Insurance Company and its present and former corporate affiliates, divisions, parent companies, subsidiaries, predecessors in interest, successors, assignees, officers, employees, agents, directors, representatives, and counsel" because it is (i) overly broad, (ii) unduly burdensome, (iii) seeks information from non-parties or third parties not under AGR US's control, (iv) seeks information or documents that are not relevant to Plaintiff's claim or proportional to the needs of the case, and (v) seeks information protected under the attorney-client privilege or any other applicable privilege. For purposes of these Interrogatories, AGR US will interpret "YOU" and "YOUR" to refer to the legal entity responsible for issuing Plaintiff's insurance policy, Allianz Global Risks US Insurance Company.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** IDENTIFY each PERSON, employed or retained by YOU or on YOUR behalf, who was involved in any way with reviewing or handling PLAINTIFF's CLAIM for insurance coverage under the POLICY.

**RESPONSE TO INTERROGATORY NO. 1:**

AGR US objects to this Interrogatory as it is vague and ambiguous, including but not limited to Plaintiff's use of the phrases "reviewing or handling" and/or "PLAINTIFF'S CLAIM," neither of which is defined with sufficient specificity. AGR US further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. AGR US further objects to the

**Exhibit 161 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

extent the Interrogatory seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine and/or seeks information prepared in anticipation of litigation.

Subject to and without waiving these objections, AGR US states that (1) Lourdes Reyes, Executive General Adjuster, Allianz Global Corporate & Specialty[2]; (2) Stephen Cersine, Director Property Claims, Allianz Global Corporate & Specialty; and (3) Mike Allen of McLarens have knowledge of the investigation conducted on behalf of AGR US following Plaintiff's notice of loss.  In answering further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, AGR US refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with AGR US's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 2:**  IDENTIFY each PERSON who was involved in any way with any investigation conducted by YOU or on YOUR behalf in connection with PLAINTIFF's CLAIM for insurance coverage under the POLICY.

**RESPONSE TO INTERROGATORY NO. 2:**

AGR US objects to this Interrogatory as it is vague and ambiguous, including but not limited to Plaintiff's use of the terms "investigation" and/or "PLAINTIFF'S CLAIM," neither of which is defined with sufficient specificity.  AGR US further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome.  AGR US further objects to the extent the Interrogatory seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine and/or seeks information prepared in anticipation of litigation.

Subject to and without waiving these objections, AGR US states that (1) Lourdes Reyes,

---

[2] As disclosed in AGR US's Rule 7007.1 Corporate Ownership Statement filed on February 18, 2021, Allianz Global Corporate & Specialty owns AGCS International Holding BV, whin in turn owns twenty percent (20%) of AGR US's voting shares.

**Exhibit 161 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

Executive General Adjuster, Allianz Global Corporate & Specialty; (2) Stephen Cersine, Director Property Claims, Allianz Global Corporate & Specialty; and (3) Mike Allen of McLarens have knowledge of the investigation conducted on behalf of AGR US following Plaintiff's notice of loss. In answering further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, AGR US refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with AGR US's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 3**:  IDENTIFY each PERSON, employed by YOU or on YOUR behalf, who participated in making a coverage decision relating to PLAINTIFF's CLAIM for insurance coverage under the POLICY.

**RESPONSE TO INTERROGATORY NO. 3:**

AGR US objects to this Interrogatory as it is vague and ambiguous, including but not limited to Plaintiff's use of the terms "coverage decision" and/or "PLAINTIFF'S CLAIM," neither of which is defined with sufficient specificity. AGR US further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. AGR US further objects to the extent the Interrogatory seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine and/or seeks information prepared in anticipation of litigation.

Subject to and without waiving these objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, AGR US refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with AGR US's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 4:**  IDENTIFY each PERSON, employed by YOU or on YOUR behalf, who reviewed or analyzed YOUR coverage decisions concerning PLAINTIFF's CLAIM.

**Exhibit 161 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**RESPONSE TO INTERROGATORY NO. 4:**

AGR US objects to this Interrogatory as it is vague and ambiguous, including but not limited to Plaintiff's use of the terms "coverage decisions" and/or "PLAINTIFF'S CLAIM," neither of which is defined with sufficient specificity. AGR US further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. AGR US further objects to the extent the Interrogatory seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine and/or seeks information prepared in anticipation of litigation.

Subject to and without waiving these objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, AGR US refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with AGR US' Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 5:** IDENTIFY any and all third parties, including but not limited to investigators, consultants, scientists, researchers, doctors, or experts, who are likely to have knowledge of PLAINTIFF's CLAIM, including those YOU have hired, retained, or otherwise directed with respect to PLAINTIFF's CLAIM.

**RESPONSE TO INTERROGATORY NO. 5:**

AGR US objects to this Interrogatory as it is vague and ambiguous, including but not limited to Plaintiff's use of the term "PLAINTIFF'S CLAIM," which is defined without sufficient specificity. AGR US further objects to this Interrogatory on the grounds that it is overly broad, and unduly burdensome. AGR US further objects to the extent the Interrogatory seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine and/or seeks information prepared in anticipation of litigation.

7

Subject to and without waiving any objections, AGR US states Mike Allen of McLarens has knowledge of the investigation conducted on behalf of AGR US following Plaintiff's notice of loss. In answering further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, AGR US refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with AGR US's Responses to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 6:** If YOU contend that any POLICY exclusion(s) applies to bar coverage of PLAINTIFF's CLAIM, IDENTIFY all such exclusion(s).

**RESPONSE TO INTERROGATORY NO. 6:**

AGR US objects to this Interrogatory as it is vague and ambiguous, including but not limited to Plaintiff's use of the term "PLAINTIFF'S CLAIM," which is defined without sufficient specificity. AGR US further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. AGR US further objects to the extent the Interrogatory seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine and/or seeks information prepared in anticipation of litigation. AGR US also objects to this Interrogatory to the extent it seeks legal conclusions and/or legal contentions.

Subject to and without waiving any objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, AGR US refers Plaintiff to the non-privileged portions of its claim file which have been produced in connection with AGR US's Responses to Plaintiff's Requests for Production of Documents, along with AGR US's Answer filed in this action and the Policy, which is the best evidence of its terms, conditions, provisions, exclusions, and limitations.

AGR US further states that, as neither the Policy's insuring provision nor the conditions of coverage contained in Endorsement 2 have been triggered, no exclusions are necessary to preclude coverage for Plaintiff's Claim. AGR US further states to the extent the insuring provisions of the

8

Policy or conditions of coverage within Endorsement 2 have been met – which is disputed – AGR

US states that the following exclusion may be applicable to portions of Plaintiff's Claim:

**10. PERILS EXCLUDED**

This policy does not insure:

\*\*\*

N. loss of Market Share

AGR US further states that the following exclusion endorsement in AGR US's Policy may

be applicable to portions of Plaintiff's Claim:

### POLLUTION AND CONTAMINATION EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

24 Hour Holdings I Corp. Manuscript Property Form

\*\*\*

A. Notwithstanding any other provision, this policy, including its endorsements, does not cover:

\*\*\*

2.    Loss, damage, costs or expenses in connection with any kind of description of seepage and/or "pollution" and/or "contamination", direct or indirect, arising from any cause whatsoever.

\*\*\*

B. DEFINITION

"Pollution" and/or "Contamination"

The terms "pollution" and/or "contamination" shall mean the presence of any material which after its release or discharge can cause or threaten damage to human health and/or human welfare, or causes or threatens damage, deterioration, loss of value, marketability and/or loss of use to insured property, including, but not limited to, bacteria, virus, or hazardous substances as listed in the Federal Water Pollution Control Act, Clean Air Act, Resource

9

Conservation and Recovery Act of 1976, and/or Toxic Substances
Control Act, or as designated by the US Environmental Protection
Agency.

**INTERROGATORY NO. 7:** For any POLICY exclusion(s) that YOU IDENTIFIED in response

to Interrogatory No. 6, state all facts supporting YOUR contention that such exclusion(s) applies

to bar coverage for PLAINTIFF's CLAIM.

**RESPONSE TO INTERROGATORY NO. 7:**

AGR US objects to this Interrogatory as it is vague and ambiguous, including but not

limited to Plaintiff's use of the term "PLAINTIFF'S CLAIM," which is defined without sufficient

specificity. AGR US further objects to the extent the Interrogatory seeks information protected by

the attorney-client privilege, the joint defense privilege, the work product doctrine and/or seeks

information prepared in anticipation of litigation. AGR US also objects to this Interrogatory to the

extent it seeks legal conclusions and/or legal contentions.

Subject to and without waiving any objections, pursuant to Rule 33(d) of the Federal Rules

of Civil Procedure, AGR US refers Plaintiff to the non-privileged portions of its claim file which

have been produced in connection with AGR US's Responses to Plaintiff's Requests for

Production of Documents, along with AGR US's Answer filed in this action and the Policy, which

is the best evidence of its terms, conditions, provisions, exclusions, and limitations. AGR US

further states that, as neither the Policy's insuring provision nor the conditions of coverage

contained in Endorsement 2 have been triggered, no exclusions are necessary to preclude coverage

for Plaintiff's Claim.

**INTERROGATORY NO. 8:** If YOU contend that COVID-19 does not constitute a risk of direct

physical loss or damage to property under the POLICY, state all facts that support YOUR

contention.

**Exhibit 161 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**RESPONSE TO INTERROGATORY NO. 8:**

AGR US objects to this Interrogatory as it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible information as it seeks information that is outside the scope of this dispute or irrelevant to this dispute.  AGR US further objects to this Interrogatory as it is overly broad, unduly burdensome, vague, and ambiguous regarding the information sought and the requested time period.  AGR US further objects to the extent the Interrogatory seeks information protected by attorney-client privilege, the joint defense privilege, work-product doctrine and/or seeks information prepared in anticipation of litigation.  AGR US also objects to this Interrogatory to the extent it seeks legal conclusions and/or legal contentions.

Subject to and without waiving any objections, AGR US states that, based on the limited information provided by Plaintiff regarding its claim, COVID-19 does not present a risk of direct physical loss or damage to its property.

**INTERROGATORY NO. 9:**  If YOU contend that Executive Order N-33-20, issued by the Governor of California on or about March 19, 2020, does not constitute an order by a civil authority that prohibited access to real or personal property issued in connection with or following a peril insured against within five (5) statute miles of an insured premises, as set forth in the POLICY, state all facts that support YOUR contention.

**RESPONSE TO INTERROGATORY NO. 9:**

AGR US objects to this Interrogatory as it is vague and ambiguous regarding the information sought and the requested time period.  AGR US further objects to the extent the Interrogatory seeks information protected by attorney-client privilege, the joint defense privilege, work-product doctrine and/or seeks information prepared in anticipation of litigation.  AGR US also objects to this Interrogatory to the extent it seeks legal conclusions and/or legal contentions.

11

Subject to and without waiving any objections, AGR US states that Executive Order N-33-20 does not prohibit access to real or personal property and was not issued in connection with or following a peril insured against within five (5) statute miles of an insured premises. Further, the Order does not prohibit access to any specific location or address within the parameters identified by the Policy.

**INTERROGATORY NO. 10:** If YOU contend that the March 16, 2020 Order of the Health Officer of the County of Alameda directing all individuals living in the county to shelter at their places of residence and all businesses and governmental agencies to cease non-essential operations at physical locations in the county, does not constitute an order by a civil authority that prohibited access to real or personal property issued in connection with or following a peril insured against within five (5) statute miles of an insured premises, as set forth in the POLICY, state all facts that support YOUR contention.

**RESPONSE TO INTERROGATORY NO. 10:**

AGR US objects to this Interrogatory as it is vague and ambiguous regarding the information sought and the requested time period. AGR US further objects to the extent the Interrogatory seeks information protected by attorney-client privilege, the joint defense privilege, work-product doctrine and/or seeks information prepared in anticipation of litigation. AGR US also objects to this Interrogatory to the extent it seeks legal conclusions and/or legal contentions.

Subject to and without waiving any objections, AGR US states that the referenced order does not prohibit access to real or personal property and was not issued in connection with or following a peril insured against within five (5) statute miles of an insured premises. Further, the Order does not prohibit access to any specific location or address within the parameters identified by the Policy.

**Exhibit 161 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**INTERROGATORY NO. 11:** If YOU contend that COVID-19 does not constitute a "communicable disease" as that term is used in the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY, state all facts that support YOUR contention.

**RESPONSE TO INTERROGATORY NO. 11:**

AGR US objects to the extent the Interrogatory seeks information protected by attorney-client privilege, the joint defense privilege, work-product doctrine and/or seeks information prepared in anticipation of litigation. AGR US also objects to this Interrogatory to the extent it seeks legal conclusions and/or legal contentions.

Subject to and without waiving any objections, AGR US does not refute that COVID-19/SARS-CoV-2 is a communicable disease, but affirmatively states that Endorsement 2 requires that any coverage under the endorsement "must be directly resulting from access being prohibited to a described location or any portion thereof: (a) Due to the actual presence of and the spread of communicable diseases at that described location; and (b) As a direct result of a declaration by a civil authority enforcing any law or ordinance regulating communicable diseases." As the coverage conditions set forth in Endorsement 2 has not been met, there is no coverage under the Policy.

**INTERROGATORY NO. 12:** Describe in detail what evidence YOU contend is required to establish the "actual presence of and spread of communicable diseases" at a described location as set forth in the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY.

**RESPONSE TO INTERROGATORY NO. 12:**

AGR US objects to this Interrogatory as it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible information as it seeks information that is outside the scope of this dispute or irrelevant to this dispute. AGR US further objects to

**Exhibit 161 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

this Interrogatory as it is overly broad and unduly burdensome.  AGR US further objects to the

extent the Interrogatory seeks information protected by attorney-client privilege, the joint defense

privilege, work-product doctrine and/or seeks information prepared in anticipation of litigation.

AGR US also objects to this Interrogatory to the extent it seeks legal conclusions and/or legal

contentions.  AGR US further objects as the extrinsic information sought in this Interrogatory is

not relevant to interpret the provisions of the Policy, which have not been found to be ambiguous.

Subject to and without waiving any objections, AGR US states that the burden is on

Plaintiff, not AGR US, to establish and prove that its claim falls within the insuring agreement of

the Policy.  To date, Plaintiff has failed to establish or prove that its claim falls within the insuring

agreement of the Policy.  AGR US will not speculate about theoretical evidence that Plaintiff has

failed to provide AGR US to set forth a prima facie claim.  Pursuant to Rule 33(d) of the Federal

Rules of Civil Procedure, AGR US refers Plaintiff to the non-privileged portions of its claim file

which have been produced in connection with AGR US's Responses to Plaintiff's Requests for

Production of Documents.

More specifically, AGR US refers Plaintiff to the Policy, which is the best evidence of its

terms, conditions, provisions, exclusions, and limitations.  AGR US further affirmatively states

that the conditions of coverage of Endorsement 2, from which the quoted language is taken,

necessitate "access being prohibited to a described location or any portion thereof." As this

coverage condition has not been met, the inquiry as to any alleged "actual presence of and spread

of communicable diseases" is not reached.

**INTERROGATORY NO. 13:** Describe in detail all instances where YOU confirmed the "actual

presence of and spread of" COVID-19 at a location insured under any of YOUR policies, including

how YOU confirmed such "actual presence of and spread of" COVID-19.

14

**Exhibit 161 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**<u>RESPONSE TO INTERROGATORY NO. 13</u>:**

AGR US objects to this Interrogatory as it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible information as it seeks information that is outside the scope of this dispute or irrelevant to this dispute.  AGR US further objects to the extent the Interrogatory seeks information protected by attorney-client privilege, the joint defense privilege, work-product doctrine and/or seeks information prepared in anticipation of litigation.

AGR US further objects to the Interrogatory on the grounds that is overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it quotes specific wording from Endorsement 2 to the Policy and then refers to "YOUR policies," which, as defined, could include any policy issued by AGR US or one of its various affiliates or associated entities, which would have no relevance to this matter.  AGR US further objects to the extent this Interrogatory seeks information and documents about claims by other insureds or claimants that are not at issue in this action, and which may contain or reflect their private, personal, confidential, and/or proprietary information.

Subject to and without waiving any objections, AGR US interprets this Interrogatory as applying to the Policy which contains the quoted wording.  AGR US further states that it maintains that the Policy provides coverage only where there has been a prohibition of access "to a described location or any portion thereof: a) Due to the actual presence of and the spread of communicable diseases at the described location; and b) As a direct result of a declaration by a civil authority enforcing any law or ordinance regulating communicable disease." As these terms have not been met, AGR US maintains that there is no coverage for Plaintiff's claim under the Property Policy.

**Exhibit 161 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**INTERROGATORY NO. 14:** Describe in detail all instances where YOU tested for the "actual presence of and spread of" COVID-19 at a location insured under any of YOUR policies, including the nature of the testing YOU performed.

**RESPONSE TO INTERROGATORY NO. 14:**

AGR US objects to this Interrogatory as it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible information as it seeks information that is outside the scope of this dispute or irrelevant to this dispute.  AGR US further objects to the extent the Interrogatory seeks information protected by attorney-client privilege, the joint defense privilege, work-product doctrine and/or seeks information prepared in anticipation of litigation. AGR US also objects to this Interrogatory to the extent it seeks legal conclusions and/or legal contentions.

AGR US further objects to the Interrogatory on the grounds that is overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it quotes specific wording from Endorsement 2 to the Policy and then refers to "YOUR policies," which, as defined, could include any policy issued by AGR US or one of its various affiliates or associated entities, which would have no relevance to this matter.  AGR US further objects to the extent this Interrogatory seeks information and documents about claims by other insureds or claimants that are not at issue in this action, and which may contain or reflect their private, personal, confidential, and/or proprietary information.

Subject to and without waiving any objections, AGR US interprets this Interrogatory as applying to the Policy which contains the quoted wording.  AGR US further states that it maintains that the Policy provides coverage only where there has been a prohibition of access "to a described location or any portion thereof: a) Due to the actual presence of and the spread of communicable

16

**Exhibit 161 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 2334 of 2921**

diseases at the described location; and b) As a direct result of a declaration by a civil authority enforcing any law or ordinance regulating communicable disease." As these terms have not been met, AGR maintains that there is no coverage for Plaintiff's claim under the Policy.

**INTERROGATORY NO. 15:** If YOU contend that, prior to June 30, 2020, there was testing available to detect the "actual presence of and spread of" COVID-19 at a described location as set forth in the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY, state all facts that support YOUR contention, including the IDENTIFICATION of every test YOU contend was available, and when such test became available.

**RESPONSE TO INTERROGATORY NO. 15:**

AGR US objects to this Interrogatory as it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible information as it seeks information that is outside the scope of this dispute or irrelevant to this dispute. AGR US further objects to this Interrogatory as it is overly broad and unduly burdensome. AGR US further objects to the extent the Interrogatory seeks information protected by attorney-client privilege, the joint defense privilege, work-product doctrine and/or seeks information prepared in anticipation of litigation.

Subject to and without waiving any objections, AGR US contends that the terms of Endorsement 2 have not been met or satisfied in that any expenses incurred were not directly or indirectly caused by or resulting from access being prohibited to a described location or any portion thereof.

**INTERROGATORY NO. 16:** If YOU contend that there can be no coverage under the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY based on the "actual presence of and spread of" COVID-19, in the absence of an available test for COVID-19 at a given time, state all facts that support YOUR contention.

**Exhibit 161 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

**Page 2335 of 2921**

**RESPONSE TO INTERROGATORY NO. 16:**

AGR US objects to this Interrogatory as it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible information as it seeks information that is outside the scope of this dispute or irrelevant to this dispute. AGR US further objects to this Interrogatory as it is overly broad and unduly burdensome. AGR US further objects to the extent the Interrogatory seeks information protected by attorney-client privilege, the joint defense privilege, work-product doctrine and/or seeks information prepared in anticipation of litigation.

Subject to and without waiving any objections, AGR US contends that the terms of Endorsement 2 have not been met or satisfied in that any expenses incurred were not directly or indirectly caused by or resulting from access being prohibited to a described location or any portion thereof.

**INTERROGATORY NO. 17:** IDENTIFY all policies, procedures, guidance, or training materials that concern the method, scope, or analysis to be used for administering coverage claims relating to COVID-19 that YOU have provided to YOUR EMPLOYEES or any PERSON reviewing or handling claims under the POLICY or insurance policies that YOU have issued.

**RESPONSE TO INTERROGATORY NO. 17:**

AGR US objects to this Interrogatory as it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible information as it seeks information that is outside the scope of this dispute or irrelevant to this dispute. AGR US also objects to the Interrogatory on the grounds that is overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that the Interrogatory seeks information regarding "the POLICY or insurance policies YOU have issued," which could include any policy issued by AGR US or one

18

of its various affiliates or associated entities, which would have no relevance to this matter.  AGR US further objects to the extent the Interrogatory seeks information protected by attorney-client privilege, the joint defense privilege, work-product doctrine and/or seeks information prepared in anticipation of litigation.

Dated:  December 22, 2021                                   Respectfully submitted,

                                                            /s/ Garvan F. McDaniel
                                                            **HOGAN♦McDANIEL**
                                                            Garvan F. McDaniel (Del. Bar. No. 4167)
                                                            1311 Delaware Avenue
                                                            Wilmington, Delaware  19806
                                                            Telephone: 302-656-7540
                                                            gmcdaniel@dkhogan.com

                                                            -and-

                                                            **WILMER CUTLER PICKERING HALE AND DORR LLP**

                                                            Benjamin W. Loveland
                                                            60 State Street
                                                            Boston, MA 02109
                                                            Telephone: 617-526-6000
                                                            Benjamin.Loveland@wilmerhale.com

                                                            -and-

                                                            Lauren R. Lifland
                                                            **WILMER CUTLER PICKERING HALE AND DORR LLP**
                                                            7 World Trade Center
                                                            250 Greenwich Street
                                                            New York, NY 10007
                                                            Telephone: (212) 295-6305
                                                            lauren.lifland@wilmerhale.com

                                                            -and-

                                                            Stacey S. Farrell (admitted *pro hac vice*)
                                                            Marlie McDonnell (admitted *pro hac vice*)
                                                            **CLYDE & CO US LLP**
                                                            271 17th Street NW, Suite 1720

19

**Exhibit 161 to Plaintiff's Omnibus Appendix of Evidence in support of its Oppositions to Defendants' Motions for Summary Judgment**

Atlanta, Georgia 30363
Telephone: (404) 410-3150
stacey.farrell@clydeco.us
marlie.mcdonnell@clydeco.us

*Counsel to Allianz Global Risks US Insurance*
*Company*

**Exhibit 161 to Plaintiff's Omnibus Appendix of Evidence in support of its**
**Oppositions to Defendants' Motions for Summary Judgment**          **Page 2338 of 2921**

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served this document on Plaintiff's counsel and all other counsel of record by email on December 22, 2021.

/s/ Garvan F. McDaniel
**HOGAN♦McDANIEL**
Garvan F. McDaniel (Del. Bar. No. 4167)
1311 Delaware Avenue
Wilmington, Delaware  19806
Telephone: 302-656-7540
gmcdaniel@dkhogan.com

-and-

**WILMER CUTLER PICKERING HALE AND DORR LLP**

Benjamin W. Loveland
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
Benjamin.Loveland@wilmerhale.com

-and-

Lauren R. Lifland
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 295-6305
lauren.lifland@wilmerhale.com

-and-

Stacey S. Farrell (admitted *pro hac vice*)
Marlie McDonnell (admitted *pro hac vice*)
**CLYDE & CO US LLP**
271 17th Street NW, Suite 1720
Atlanta, Georgia 30363
Telephone:  (404) 410-3150
stacey.farrell@clydeco.us
marlie.mcdonnell@clydeco.us

21

*Counsel to Allianz Global Risks US Insurance Company*

22

**Exhibit 161 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**

**Page 2340 of 2921**