# EXHIBIT 162

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) |
| 24 HOUR FITNESS WORLDWIDE, INC., *et al.*, | ) Chapter 11 |
| | ) |
| | ) Case No.: 20-11558 (KBO) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

|  |  |
|---|---|
| 24 HOUR FITNESS WORLDWIDE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No. 20-51051 |
| | ) (KBO) |
| CONTINENTAL CASUALTY COMPANY; ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY; STARR SURPLUS LINES INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; BEAZLEYLLOYD'S SYNDICATES 2623/623; ALLIED WORLD NATIONAL ASSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, made

applicable to this adversary proceeding by Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual" or "Defendant"), misnamed in the caption of the Complaint as Liberty Mutual Insurance Company, hereby submits its Objections and Answers to Plaintiff's First Set of Interrogatories.

## PRELIMINARY STATEMENT

Liberty Mutual has not completed its investigation in this action. Liberty Mutual has not completed its trial preparation. Pursuant to the scheduling order in this matter, discovery is ongoing. Accordingly, all responses below are based only upon the information and documents that are presently available and specifically known to Liberty Mutual. The following discovery responses are provided without prejudice to Liberty Mutual's rights: (a) to supplement the responses with additional documents or information at a later date; (b) to present evidence of any facts subsequently identified during the course of discovery; (c) to present any analyses not yet obtained or completed; and (d) to amend or withdraw any responses. Liberty Mutual makes no implied admissions regarding the contents of the following responses. The fact that Liberty Mutual has responded or objected to a discovery request in whole or in part should not be taken as an admission that Liberty Mutual admits the existence of any facts stated or assumed by that request or that such response or objection constitutes evidence admissible against Liberty Mutual.

Liberty Mutual's identification of a document in response to any Interrogatory

does not qualify the document as a business record under applicable law and is not a representation that any identified document is a business record or is in any other way relevant or admissible evidence. Liberty Mutual expressly reserves all further objections to the discoverability, relevance, authenticity or admissibility of the information and documents referenced herein, as well as the right to object to further discovery concerning the subject matter of these Interrogatories.

## GENERAL OBJECTIONS

Liberty Mutual makes the following general objections (hereinafter referred to as "General Objections") to the Interrogatories propounded by Plaintiff. The General Objections are incorporated into each of Liberty Mutual's individual answers and responses where indicated.

1.      In responding to the Interrogatories, Liberty Mutual does not waive, but instead expressly reserves, all defenses and objections to each of the claims alleged in the Complaint filed by Plaintiff on December 22, 2020.

2.      In responding to the Interrogatories, Liberty Mutual does not waive, but instead expressly reserves, any objections to the proper scope of discovery in this action.

3.      Liberty Mutual is providing this response and is undertaking to produce documents pursuant thereto without waiver or prejudice to its rights, at any later time, to raise objections to (a) any further demand or discovery involving or relating to the matters raised in the Interrogatories, or (b) the authenticity, relevance,

materiality, or admissibility of (i) the Interrogatories or any part thereof, (ii) statements made in these responses to the Interrogatories or any part thereof, or (iii) any document produced pursuant to these responses. Liberty Mutual's response to a particular request shall in no way constitute a waiver of the objections asserted or an admission or acknowledgement of Plaintiff's characterization of the information, facts, circumstances, and/or legal obligations.

4.      Liberty Mutual undertakes to respond to the Interrogatories only to the extent called for by Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules, and the Orders of this Court. Liberty Mutual objects to the Interrogatories to the extent that they call for it to undertake to respond to or provide information or documents in any manner inconsistent with or beyond the terms of those Rules, the Local Rules, and the Orders of this Court.

5.      Any answer to the Interrogatories are based on information now available to Liberty Mutual after having made a diligent search of files in its possession, custody, or control that reasonably relate to one or more of the specific Interrogatories. Liberty Mutual objects to the Interrogatories insofar as they seek information not within its possession, custody, or control, or to require a search of files that do not reasonably relate to one or more of the specific Interrogatories.

6.      Liberty Mutual objects to the Interrogatories to the extent they purport to require Liberty Mutual to search through an unduly large quantity of data or to search for information that is not accessible, available or locatable without imposing

an undue burden upon them.  Liberty Mutual objects to the Interrogatories as unduly burdensome to the extent they seek information that is available, in a way that would be less burdensome or less expensive, from either a public source or some other source available to Plaintiff, or for which the burden of deriving or ascertaining the answer is substantially the same for Liberty Mutual as for Plaintiff.

7.    Liberty Mutual objects to the Interrogatories to the extent they seek discovery of information that is protected from disclosure by attorney-client privilege, the common interest privilege, the work product doctrine, consulting expert exemptions, and/or any other applicable privilege or immunity from discovery under the applicable law.  In the event that any privileged or otherwise protected document is disclosed, the disclosure is inadvertent and does not constitute a waiver of any privilege or protection.

8.    Liberty Mutual objects to the Interrogatories to the extent they are harassing, vague, ambiguous, lack particularity, onerous, overly broad, unduly burdensome, and/or seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Liberty Mutual also objects to the Interrogatories to the extent that they seek information or require investigation not proportional to the needs of the case.

9.    Liberty Mutual objects to the Interrogatories to the extent they seek discovery of information and/or disclosure of trade secrets or information that is proprietary, confidential, or commercially sensitive to Liberty Mutual and/or its

employees, clients and/or customers.

10.    Liberty Mutual objects to the Interrogatories to the extent that they are not limited to time or scope or seek information and/or documents outside the relevant time period alleged in this case.

11.    Liberty Mutual objects to the Interrogatories to the extent they impose discovery requirements beyond those permitted under Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules, and the Orders of this Court.

12.    Liberty Mutual objects to the Interrogatories to the extent that they seek information regarding issues other than those to be addressed in Phase I of this litigation per the Stipulated Scheduling Order entered by the Court on March 17, 2021.

13.    Liberty Mutual objects to the Interrogatories to the extent that they call for scientific opinion or legal conclusions.

14.    Liberty Mutual objects to providing any information falling within the General Objections or Objections to the Definitions set forth herein.

15.    Liberty Mutual reserves the right to file supplemental information, amended responses and objections necessary to rebut any potential argument or legal theory pursued by Plaintiff.

## OBJECTIONS TO THE DEFINITIONS

Liberty Mutual makes the following objections to the Definitions set forth in the Interrogatories (hereinafter referred to as "Objections to the Definitions").  These

Objections to the Definitions are incorporated into each of Liberty Mutual's individual answers and responses, where indicated.

1.    Liberty Mutual objects to the Definitions to the extent that they broaden the obligations required by, or are otherwise inconsistent with, Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules, the Orders of this Court and/or the discovery protocols agreed upon by the Parties, including those set forth in any future agreement reached between the Parties concerning discovery.

2.    Liberty Mutual objects to the term "COMMUNICATION" as defined in Definition No. 3 of the Interrogatories on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.

3.    Liberty Mutual objects to the term "DOCUMENT" as defined in Definition No. 6 of the Interrogatories on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.

4.    Liberty Mutual objects to the term "IDENTIFY" as defined in Definition No. 8 of the Interrogatories on the grounds that it is overly broad, not relevant to Plaintiff's claim, unduly burdensome, and purports to impose obligations upon Liberty Mutual inconsistent with and/or beyond the terms of Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules, and the Orders of this Court.

5.    Liberty Mutual object to the terms "YOU" and "YOUR" as defined in Definition No. 13 of the Interrogatories to the extent that the definition includes

"Liberty Mutual Fire Insurance Company and its present and former corporate affiliates, divisions, parent companies, subsidiaries, predecessors in interest, successors, assignees, officers, employees, agents, directors, representatives, and counsel" because it is (i) overly broad; (ii) unduly burdensome; (iii) seeks information from non-parties or third parties not under Liberty Mutual's control; (iv) seeks information or documents that are not relevant to Plaintiff's claim or proportional to the needs of the case; and (v) seeks information protected under the attorney-client privilege or any other applicable privilege. For the purposes of these Interrogatories, Liberty Mutual will interpret "You" and "Your" to refer to the legal entity responsible for issuing Plaintiff's insurance policy, Liberty Mutual Fire Insurance Company.

## OBJECTIONS AND ANSWERS TO SPECIFIC INTERROGATORIES

## INTERROGATORY NO. 1:

IDENTIFY each PERSON, employed or retained by YOU or on YOUR behalf, who was involved in any way with reviewing or handling PLAINTIFF's CLAIM for insurance coverage under the POLICY.

## OBJECTIONS AND ANSWER TO INTERROGATORY NO. 1:

Liberty Mutual objects to this Interrogatory on the grounds that it is vague and ambiguous and overly broad, including but not limited to its use of the phrase "involved in any way with reviewing or handling." Liberty Mutual also objects to this Interrogatory to the extent that it calls for disclosure of information protected by

the attorney-client privilege, the work product doctrine, the joint defense privilege and any other applicable privilege.

Subject to and without waiving the above general and specific objections, Liberty Mutual states that the persons primarily responsible for the handling of the claim for Liberty Mutual have been Cynthia Sarver and James Preston.  Answering further, Liberty Mutual states that the independent adjuster for the claim is Mike Allen of McLarens.

## INTERROGATORY NO. 2:

IDENTIFY each PERSON who was involved in any way with any investigation conducted by YOU or on YOUR behalf in connection with PLAINTIFF's CLAIM for insurance coverage under the POLICY.

## OBJECTIONS AND ANSWER TO INTERROGATORY NO. 2:

Liberty Mutual incorporates herein by reference its objections and answer to Interrogatory No. 1.

## INTERROGATORY NO. 3:

IDENTIFY each PERSON, employed by YOU or on YOUR behalf, who participated in making a coverage decision relating to PLAINTIFF's CLAIM for insurance coverage under the POLICY.

## OBJECTIONS AND ANSWER TO INTERROGATORY NO. 3:

Liberty Mutual objects to this Interrogatory on the grounds that Plaintiff filed this action prior to the completion of the adjustment process, without complying with

its obligations under the Policy to provide information and cooperate in the adjustment of the claim, and before any coverage decision was made.  Answering further, Liberty Mutual incorporates herein by reference its objections and answer to Interrogatory No. 1.

## INTERROGATORY NO. 4:

IDENTIFY each PERSON, employed by YOU or on YOUR behalf, who reviewed or analyzed YOUR coverage decisions concerning PLAINTIFF's CLAIM.

## OBJECTIONS AND ANSWER TO INTERROGATORY NO. 4:

Liberty Mutual incorporates herein by reference its objections and answer to Interrogatory No. 3.

## INTERROGATORY NO. 5:

IDENTIFY any and all third parties, including but not limited to investigators, consultants, scientists, researchers, doctors, or experts, who are likely to have knowledge of PLAINTIFF's CLAIM, including those YOU have hired, retained, or otherwise directed with respect to PLAINTIFF's CLAIM.

## OBJECTIONS AND ANSWER TO INTERROGATORY NO. 5:

Liberty Mutual objects to this Interrogatory on the grounds that it is vague and ambiguous, overly broad an unduly burdensome to the extent it seeks the identity of "any and all third parties … who are likely to have knowledge of PLAINTIFF's CLAIM."  Any number of persons unknown to Liberty Mutual may have knowledge of Plaintiff's Claim.  Liberty Mutual further objects to this interrogatory as improper

and premature to the extent it seeks the identity of any experts who may be retained in this action.  Liberty Mutual also objects to this Interrogatory to the extent that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege and any other applicable privilege.

Subject to and without waiving the above general and specific objections, Liberty Mutual states Mike Allen of McLarens.

## INTERROGATORY NO. 6:

If YOU contend that any POLICY exclusion(s) applies to bar coverage of PLAINTIFF's CLAIM, IDENTIFY all such exclusion(s).

## OBJECTIONS AND ANSWER TO INTERROGATORY NO. 6:

Liberty Mutual objects to the extent that this Interrogatory relies on the false premise that Liberty Mutual has made a coverage decision with respect to Plaintiff's claim. Plaintiff failed to provide adequate information to permit Liberty Mutual to assess coverage and the application of any exclusions in the Policy.  Liberty Mutual further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Liberty Mutual to fully assess its claim.  Liberty Mutual further objects to this Interrogatory on the grounds that any discovery regarding any exclusion that limits or excludes any of the damages to which Plaintiff claims that it is entitled is premature because the Case Management Order in this action bifurcates liability and damages.  Liberty Mutual also objects to this Interrogatory to the extent that it calls for disclosure of

information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege and any other applicable privilege.

Subject to and without waiving the above general and specific objections, Liberty Mutual states that, based on the information provided by Plaintiff regarding its claim, the following exclusions may apply to Plaintiff's claim:

## POLLUTION AMENDATORY

. . .

The italicized term *pollutant(s)* as used in this endorsement means any solid, liquid, gaseous or thermal irritant or contaminant, including, but not limited to, fiber, smoke, vapor, soot, fumes, acids, alkalis, chemicals, biological, organic or bacterial agents and waste. Waste includes, but is not limited to, materials to be recycled, reconditioned or reclaimed. However, pollutant(s) does not include ammonia.

POLLUTION EXCLUSION

The following exclusion is added or supersedes any pollution exclusion of the policy to which this endorsement is attached:

This policy does not insure under this form against loss caused by the presence, discharge, dispersal, seepage, migration, release or escape of any pollutant(s) unless the presence, discharge, dispersal, seepage, migration, release or escape is itself caused by fire, lightning, aircraft, explosion, riot, civil commotion, smoke, vehicles, windstorm or hail to property contained in any building, vandalism, malicious mischief or leakage or accidental discharge from automatic fire protective systems. But if loss by any of the above twelve (12) perils ensues, then this Company shall be liable for only loss caused by the ensuing peril.

. . .

## PERILS EXCLUDED

This policy does not insure:
. . .
loss of Market Share.
. . .

Answering further, Liberty Mutual states that this answer is not, and should not be construed as, a waiver of any terms, conditions, exclusions or other provisions of the Policy or any other policies of insurance. Other terms, conditions and exclusions in the Policy may apply.

## INTERROGATORY NO. 7:

For any POLICY exclusion(s) that YOU IDENTIFIED in response to Interrogatory No. 6, state all facts supporting YOUR contention that such exclusion(s) applies to bar coverage for PLAINTIFF's CLAIM.

## OBJECTIONS AND ANSWER TO INTERROGATORY NO. 7:

Liberty Mutual objects to the extent that this Interrogatory relies on the false premise that Liberty Mutual has made a coverage decision with respect to Plaintiff's claim. Plaintiff failed to provide adequate information to permit Liberty Mutual to assess coverage and the application of any exclusions in the Policy. Liberty Mutual further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Liberty Mutual to fully assess its claim. Liberty Mutual further objects to this Interrogatory on the grounds that any discovery regarding any exclusion that limits or excludes any of the damages to which Plaintiff claims that it is entitled is premature because the Case Management Order in this action bifurcates liability and damages. Liberty Mutual also objects to this Interrogatory to the extent that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the

joint defense privilege and any other applicable privilege.

Subject to and without waiving the above general and specific objections, Liberty Mutual states as follows:

Pollution Exclusion:  COVID-19 is a liquid contaminant per the definition of Pollutant(s) in the Liberty Mutual Policy.  Plaintiff alleges that COVID-19 is or was present, discharged, dispersed, or released at its locations.

Loss of Market Share Exclusion:  Liberty Mutual states that Plaintiff provided no information regarding its potential damages during the adjustment of the claim and that the Case Management Order in this action bifurcates liability and damages such that Liberty Mutual has not been provided any information regarding potential damages and thus is not in a position to state all facts supporting the application of this exclusion to Plaintiff's claim.  Liberty Mutual will supplement this portion of the interrogatory answer once Plaintiff provides information regarding the damages it claims.

Answering further, Liberty Mutual states that this answer is not a waiver of any terms, conditions, exclusions or other provisions of the Policy or any other policies of insurance. Other terms, conditions and exclusions in the Policy may apply.

## INTERROGATORY NO. 8:

If YOU contend that COVID-19 does not constitute a risk of direct physical loss or damage to property under the POLICY, state all facts that support YOUR

contention.

## OBJECTIONS AND ANSWER TO INTERROGATORY NO. 8:

Liberty Mutual objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Liberty Mutual to assess coverage. Liberty Mutual further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Liberty Mutual to fully assess its claim. Liberty Mutual further objects to the request to "state all facts that support" as overly broad, unduly burdensome and premature. Liberty Mutual also objects to this Interrogatory to the extent that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege and any other applicable privilege.

Subject to and without waiving the above general and specific objections, Liberty Mutual states that, based on the limited information provided by Plaintiff regarding its claim, COVID-19 does not present a risk of direct physical loss or damage to its property. Liberty Mutual further states that COVID-19 presents a risk to the health of persons, not a risk of physical loss or damage to Plaintiff's property. Liberty Mutual further states that COVID-19 does not physically alter or change surfaces or any other property at issue in this action or result in permanent loss or dispossession of Plaintiff's property.

## INTERROGATORY NO. 9:

If YOU contend that Executive Order N-33-20, issued by the Governor of

California on or about March 19, 2020, does not constitute an order by a civil authority that prohibited access to real or personal property issued in connection with or following a peril insured against within five (5) statute miles of an insured premises, as set forth in the POLICY, state all facts that support YOUR contention.

## OBJECTIONS AND ANSWER TO INTERROGATORY NO. 9:

Liberty Mutual objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Liberty Mutual to assess coverage. Liberty Mutual further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Liberty Mutual to fully assess its claim. Liberty Mutual further objects to the request to "state all facts that support" as overly broad, unduly burdensome and premature. Liberty Mutual also objects to this Interrogatory to the extent that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege and any other applicable privilege.

Subject to and without waiving the above general and specific objections, Liberty Mutual states that, based on the limited information provided by Plaintiff regarding its claim, Executive Order N-33-20 did not prohibit access to the property of any insured and was not issued in connection with or following a peril insured against. As to the prohibition of access requirement, Executive Order N-33-20 did not preclude all persons from entering insured property. As to the peril insured against requirement, Liberty Mutual incorporates herein by reference its answer to

Interrogatory No. 8.

## INTERROGATORY NO. 10:

If YOU contend that the March 16, 2020 Order of the Health Officer of the County of Alameda directing all individuals living in the county to shelter at their places of residence and all businesses and governmental agencies to cease non-essential operations at physical locations in the county, does not constitute an order by a civil authority that prohibited access to real or personal property issued in connection with or following a peril insured against within five (5) statute miles of an insured premises, as set forth in the POLICY, state all facts that support YOUR contention.

## OBJECTIONS AND ANSWER TO INTERROGATORY NO. 10:

Liberty Mutual objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Liberty Mutual to assess coverage. Liberty Mutual further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Liberty Mutual to fully assess its claim. Liberty Mutual further objects to the request to "state all facts that support" as overly broad, unduly burdensome and premature. Liberty Mutual also objects to this Interrogatory to the extent that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege and any other applicable privilege.

Subject to and without waiving the above general and specific objections,

Liberty Mutual states that, based on the limited information provided by Plaintiff regarding its claim, the March 16, 2020 Order of the Health Officer of the County of Alameda did not prohibit access to the property of any insured and was not issued in connection with or following a peril insured against.  As to the prohibition of access requirement, the Alameda County Order did not preclude all persons from entering insured property.  As to the peril insured against requirement, Liberty Mutual incorporates herein by reference its answer to Interrogatory No. 8.

## INTERROGATORY NO. 11:

If YOU contend that COVID-19 does not constitute a "communicable disease" as that term is used in the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY, state all facts that support YOUR contention.

## OBJECTIONS AND ANSWER TO INTERROGATORY NO. 11:

Liberty Mutual objects to this Interrogatory on the grounds that Plaintiff failed to provide adequate information to permit Liberty Mutual to assess coverage. Liberty Mutual further objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Liberty Mutual to fully assess its claim.  Liberty Mutual further objects to the request to "state all facts that support" as overly broad, unduly burdensome and premature. Liberty Mutual also objects to this Interrogatory to the extent that it calls for disclosure of information protected by the attorney-client privilege, the work product

doctrine, the joint defense privilege and any other applicable privilege.

Subject to and without waiving the above general and specific objections, Liberty Mutual states that this Interrogatory does not apply to Liberty Mutual and thus does not require a response.

## INTERROGATORY NO. 12:

Describe in detail what evidence YOU contend is required to establish the "actual presence of and spread of communicable diseases" at a described location as set forth in the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY.

## OBJECTIONS AND ANSWER TO INTERROGATORY NO. 12:

Liberty Mutual objects to this Interrogatory as a premature contention interrogatory given that Plaintiff has not provided sufficient information for Liberty Mutual to fully assess its claim.  Liberty Mutual also objects to this Interrogatory to the extent that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege and any other applicable privilege.

Subject to and without waiving the above general and specific objections, Liberty Mutual states that the Interruption by Communicable Disease Endorsement must be read and applied in its entirety and the insured has the burden to provide evidence establishing the "the actual presence of and the spread of communicable disease."  By its plain terms, this Endorsement requires, as one condition to

establishing coverage, the presence and spread of communicable disease.  Proof of

the presence and spread of communicable disease depends on the facts and

circumstances presented by the insured as to each location at which it is making a

claim under this Endorsement, which the insured has the burden to do to establish

coverage.

## INTERROGATORY NO. 13:

Describe in detail all instances where YOU confirmed the "actual presence of

and spread of" COVID-19 at a location insured under any of YOUR policies,

including how YOU confirmed such "actual presence of and spread of" COVID-19.

## OBJECTIONS AND ANSWER TO INTERROGATORY NO. 13:

Liberty Mutual objects to this Interrogatory on the grounds that it is vague,

ambiguous, overly broad and unduly burdensome including, but not limited to in its

use of the term or phrase "all instances" and "any of YOUR policies." Liberty

Mutual further objects to this Interrogatory because it seeks information that is not

relevant to the claims or defenses of any party in this action or proportional to the

needs of the case and because the Interrogatory is not reasonably calculated to lead

to the discovery of admissible evidence. Liberty Mutual further objects to the term

"YOU confirmed" as the insured has the burden to provide evidence establishing the

"the actual presence of and the spread of communicable disease."  Liberty Mutual

also objects to this Interrogatory to the extent that it calls for disclosure of

information protected by the attorney-client privilege, the work product doctrine, the

joint defense privilege and any other applicable privilege. Liberty Mutual also objects to this Interrogatory to the extent that it calls for the disclosure of confidential information relating to other insureds.

Subject to and without waiving the above general and specific objections, Liberty Mutual states that the Interruption by Communicable Disease Endorsement must be read and applied in its entirety and the insured has the burden to provide evidence establishing the "the actual presence of and the spread of communicable disease."  By its plain terms, this Endorsement requires, as one condition to establishing coverage, the presence and spread of communicable disease.  Proof of the presence and spread of communicable disease depends on the facts and circumstances presented by the insured as to each location at which it is making a claim under this Endorsement, which the insured has the burden to do to establish coverage. Plaintiff filed this action before the completion of the adjustment of the claim.  Thus, Liberty Mutual was not given the opportunity to assess any evidence of the presence and spread of communicable disease at any insured location and, if appropriate, confirm such presence and spread.  To the extent Plaintiff seeks by this interrogatory any information regarding any other insured, Liberty Mutual declines to respond to this Interrogatory.

**<u>INTERROGATORY NO. 14:</u>**

Describe in detail all instances where YOU tested for the "actual presence of and spread of" COVID-19 at a location insured under any of YOUR policies,

including the nature of the testing YOU performed.

## OBJECTIONS AND ANSWER TO INTERROGATORY NO. 14:

Liberty Mutual objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome including, but not limited to in its use of the term or phrase "all instances" and "any of YOUR policies." Liberty Mutual further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party in this action or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Liberty Mutual also objects to this Interrogatory to the extent that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege and any other applicable privilege. Liberty Mutual also objects to this Interrogatory to the extent that it calls for the disclosure of confidential information relating to other insureds.

Subject to and without waiving the above general and specific objections, Liberty Mutual states that the Interruption by Communicable Disease Endorsement must be read and applied in its entirety and the insured has the burden to provide evidence establishing the "the actual presence of and the spread of communicable disease." By its plain terms, this Endorsement requires, as one condition to establishing coverage, the presence and spread of communicable disease. Proof of the presence and spread of communicable disease depends on the facts and

circumstances presented by the insured as to each location at which it is making a claim under this Endorsement, which the insured has the burden to do to establish coverage.    It is Plaintiff's burden to establish the presence and spread of communicable disease, whether through testing or otherwise.    Answering further, Liberty Mutual states that it has not performed testing at any of Plaintiff's locations. To the extent Plaintiff seeks by this Interrogatory any information regarding any other insured, Liberty Mutual declines to respond to this Interrogatory.

## INTERROGATORY NO. 15:

If YOU contend that, prior to June 30, 2020, there was testing available to detect the "actual presence of and spread of" COVID-19 at a described location as set forth in the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY, state all facts that support YOUR contention, including the IDENTIFICATION of every test YOU contend was available, and when such test became available.

## OBJECTIONS AND ANSWER TO INTERROGATORY NO. 15:

Liberty Mutual objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.    Liberty Mutual further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party in this action or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.    Liberty Mutual also objects to this Interrogatory to the extent

that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege and any other applicable privilege.

Subject to and without waiving the above general and specific objections, Liberty Mutual states that the Interruption by Communicable Disease Endorsement does not refer to or require testing with respect to communicable disease. Answering further, Liberty Mutual states that proof of the presence and spread of communicable disease depends on the facts and circumstances presented by the insured as to each location at which it is making a claim under this Endorsement, which the insured has the burden to do to establish coverage. It is Plaintiff's burden to establish the presence and spread of communicable disease, whether through testing or otherwise.

**INTERROGATORY NO. 16:**

If YOU contend that there can be no coverage under the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY based on the "actual presence of and spread of" COVID-19, in the absence of an available test for COVID-19 at a given time, state all facts that support YOUR contention.

**OBJECTIONS AND ANSWER TO INTERROGATORY NO. 16:**

Liberty Mutual objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. Liberty Mutual further objects to this Interrogatory to the extent that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege

and any other applicable privilege.

Subject to and without waiving the above general and specific objections, Liberty Mutual states that it does not make the contention that there can be no coverage under the INTERRUPTION BY COMMUNICABLE DISEASE ENDORSEMENT in the POLICY based on the "actual presence of and spread of" COVID-19.

## INTERROGATORY NO. 17:

IDENTIFY all policies, procedures, guidance, or training materials that concern the method, scope, or analysis to be used for administering coverage claims relating to COVID-19 that YOU have provided to YOUR EMPLOYEES or any PERSON reviewing or handling claims under the POLICY or insurance policies that YOU have issued.

## OBJECTIONS AND ANSWER TO REQUEST NO. 17:

Liberty Mutual objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome and without proper limitation of scope or time, including but not limited to in its use of the phrase "all policies, procedures, guidance, or training materials that concern the method, scope or analysis to be used for administering coverage claims relating to COVID-19." Liberty Mutual further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of any party or proportional to the needs of the case and because the Interrogatory is not reasonably calculated to lead to the

discovery of admissible evidence. Liberty Mutual further objects to this Interrogatory to the extent that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege and any other applicable privilege.

Based on the foregoing objections, Liberty Mutual declines to answer this Interrogatory.

Dated: December 22, 2021

LIBERTY MUTUAL FIRE
INSURANCE COMPANY


/s/ Garvan F. McDaniel
Garvan F. McDaniel (DE #4167)
HOGAN McDANIEL
1311 Delaware Avenue
Wilmington, DE 19806
Telephone:  (302) 656-7596
gfmcdaniel@dkhogan.com

Douglas R. Gooding
(admitted *pro hac vice*)
Jonathan D. Marshall
(admitted *pro hac vice*)
CHOATE HALL & STEWART LLP
Two International Place
Boston, MA 02110
dgooding@choate.com
jmarshall@choate.com

Matthew M. Burke
(admitted *pro hac vice*)
ROBINS KAPLAN LLP
800 Boylston Street, Suite 2500
Boston, MA 02199
mburke@robinskaplan.com

***Attorneys for Defendant***
***Liberty Mutual Fire Insurance Company***

## VERIFICATION

I, James Preston, on behalf of Liberty Mutual Fire Insurance Company, have read Defendant Liberty Mutual Fire Insurance Company's Objections and Answers to Plaintiff's First Set of Interrogatories. I hereby verify under penalty of perjury that answers contained herein are true and correct, to the best of my knowledge, information and belief.

Executed on December ⟶2⟵, 2021

_____

James Preston