# EXHIBIT 177

```
 1              IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF DELAWARE
 2

 3   IN RE:                      *
                                 *
 4   RS FIT NW LLC,              *    Chapter 11
             Debtors.            *
 5                               *    Case No.: 20-11558 (KBO)
     _____ *
 6   24 HOUR FITNESS             *    (Jointly Administered)
     WORLDWIDE, INC.,            *
 7          Plaintiff,           *
                                 *
 8   VS.                         * Adv. Proc. No. 20-51051 (KBO)
                                 *
 9   CONTINENTAL CASUALTY        *
     COMPANY, ET AL.,            *
10          Defendants.          *

11

12

13

14   *****************************************************

15      ORAL AND VIDEOTAPED 30(b)(6) DEPOSITION OF

16      STARR SURPLUS LINES INSURANCE COMPANY

17        THROUGH DOLORES RAMIREZ VARELA

18                  VOLUME 1

19              OCTOBER 4, 2022

20             (Reported Remotely)

21   *****************************************************

22

23

24

25
```

Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.                Page 2487 of 2921

1        ORAL AND VIDEOTAPED 30(b)(6) DEPOSITION of STARR

2    SURPLUS LINES INSURANCE COMPANY through DOLORES RAMIREZ

3    VARELA, produced as a witness at the instance of the

4    Plaintiff, and remotely duly sworn, was taken in the

5    above-styled and numbered cause on October 4, 2022, from

6    11:04 a.m. to 4:47 p.m., before Carol Jenkins, CSR, RPR,

7    CRR, in and for the State of Texas, reported by machine

8    shorthand, with the Witness in Houston, Texas, pursuant

9    to the Federal Rules of Civil Procedure, the Emergency

10   Order Regarding the COVID-19 State of Disaster, and the

11   provisions stated on the record or attached hereto.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.                Page 2488 of 2921

```
 1           R E M O T E   A P P E A R A N C E S :

 2

 3    FOR THE PLAINTIFF:
          Ms. Elizabeth Bowman
 4        Mr. Connor O'Carroll
          Ms. Nat Ochoa
 5        Reed Smith LLP
          101 Second Street, Suite 1800
 6        San Francisco, California 94105
          415.543.8700
 7        ebowman@reedsmith.com

 8    FOR THE DEFENDANT, CONTINENTAL CASUALTY COMPANY:
          Mr. Matt Denn
 9        DLA Piper LLP
          6225 Smith Avenue
10        Baltimore, Maryland 21209
          410.580.3000
11        matt.denn@us.dlapiper.com

12    FOR THE STARR SURPLUS DEFENDANT:
          Ms. Courtney Murphy
13        Hinshaw & Culbertson
          800 Third Avenue, Suite 1300
14        New York, New York 10022
          212.471.6200
15        cmurphy@hinshawlaw.com

16    FOR THE ALLIED WORLD DEFENDANT:
          Mr. Austin Westergom
17        Mound Cotton
          3 Greenway Plaza, Suite 1300
18        Houston, Texas 77056
          281.572.8350
19        bwestergom@moundcotton.com

20    FOR THE ALLIANZ DEFENDANT:
          Ms. Marlie McDonnell
21        Clyde & Co
          271 17th Street NW, Suite 1720
22        Atlanta, Georgia 30363
          404.410.3150
23        marlie.mcdonnell@clydeco.us

24

25
```

Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.          Page 2489 of 2921

1

FOR THE LIBERTY MUTUAL FIRE DEFENDANT:
2       Mr. Joel L. McNabney
        Robinson & Cole LLP
3       777 Brickell Avenue, Suite 680
        Miami, Florida 33131
4       786.725.4119
        jmcnabney@rc.com
5


6           ALSO PRESENT:
        The Videographer, Ms. Jessica Rawls
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.          Page 2490 of 2921

1                          INDEX

2                                                    PAGE

3    Appearances                                     02

4    Stipulations                                    01

5    DOLORES RAMIREZ VARELA

6        Examination by Ms. Bowman                   07

7        Examination by Ms. Murphy                  170

8        Further Examination by Ms. Bowman          186

9    Signature and Jurat                            195

10   Reporter's Certificate                         196

11

12                         EXHIBITS

13

14   NO.   DESCRIPTION                               PAGE

15       Exhibit A                                   13
         Plaintiff's Amended Notice of 30(b)(6)
16       Deposition to Starr Surplus Lines Insurance Company

17       Exhibit B                                   48
         Email String Bates StarrCl 154-156
18
         Exhibit C                                   61
19       Starr's Insurance Policy

20       Exhibit D                                   87
         McLarens First Coronavirus Claim Report
21
         Exhibit E                                   96
22       Email String Bates StarrCl 205-206

23       Exhibit F                                   98
         Email String Bates StarrCl 191-193
24
         Exhibit G                                   99
25       Email Bates StarrCl 232

**Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its**
**Oppositions to Defendants' Motions for Summary Judgment**
**NELL McCALLUM & ASSOCIATES, INC.**

1    Exhibit H                                              100
     Email String Bates StarrCl 171-172
2
     Exhibit I                                              104
3    Email String Bates StarrCl 198-201

4    Exhibit J                                              114
     McLarens Second Coronavirus Claim Report
5
     Exhibit K                                              117
6    ROR Draft Letter

7    Exhibit L                                              119
     McLarens Third COVID-19 Pandemic Report
8
     Exhibit M                                              130
9    McLarens Fourth COVID-19 Pandemic Report

10   Exhibit N                                              137
     McLarens Fifth COVID-19 Pandemic Report
11
     Exhibit O                                              138
12   McLarens Sixth COVID-19 Pandemic Report

13   Exhibit P                                              144
     McLarens Seventh COVID-19 Pandemic Report
14
     Exhibit Q                                              153
15   Market Call Emails

16   Exhibit R                                              158
     McLarens Eighth COVID-19 Pandemic Report
17

18

19

20

21

22

23

24

25

**Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**
NELL McCALLUM & ASSOCIATES, INC.          Page 2492 of 2921

```
1              THE VIDEOGRAPHER:  Good morning.  Today is
2    October 4th, 2022.  The time is 11:04 a.m., and we are
3    now on the record.
4              Madam Court Reporter, would you please
5    swear in the witness.
6              THE REPORTER:  Good morning.  My name is
7    Carol Jenkins reporting this remotely from Chambers
8    County, Texas, and the witness is located in Houston,
9    Texas.
10             DOLORES RAMIREZ VARELA,
11   having been first remotely duly sworn, testified as
12   follows:
13                    EXAMINATION
14   BY MS. BOWMAN:
15       Q.   Good morning.  My name is --
16       A.   Good morning.
17       Q.   -- Elizabeth Bowman.  I'm representing 24 Hour
18   Fitness.
19             Would you please state your full name for
20   the record?
21       A.   Dolores Ramirez Varela.
22       Q.   Dolores Ramirez Varela.
23       A.   Right.
24       Q.   Do you mind if I call you Ms. Varela?
25       A.   That's fine.
```

**Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**
**NELL McCALLUM & ASSOCIATES, INC.**          **Page 2493 of 2921**

1    Q.   "And."  Okay.  But let's --

2    A.   There's the "and."  You can't just look at one.

3  You gotta look at the whole paragraph.

4            You can't hypothetically say, oh, well, it

5  had this; but, no, you have to meet that whole paragraph

6  requirement.

7    Q.   Yes.

8    A.   Which is three parts.

9    Q.   Absolutely.  So --

10   A.   Okay.

11   Q.   -- we've got the -- the multipart paragraph,

12  but you need to -- you need to meet each one separately,

13  correct, and then together meet all of them; is that

14  correct?

15   A.   Yes, all of them.

16   Q.   So let's just talk about this one right now.

17  Due to the actual presence and spread of a -- of

18  communicable diseases, what is the actual presence and

19  spread of communicable diseases?  What does that mean?

20   A.   That they can prove that the disease was on the

21  location.

22   Q.   And how would they do that?

23   A.   Or at the location.  I'm sorry.

24   Q.   And how -- how would a policyholder do that?

25   A.   Many forms.  I could say -- I could not say,

**Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its**
**Oppositions to Defendants' Motions for Summary Judgment**
**NELL McCALLUM & ASSOCIATES, INC.**                    **Page 2494 of 2921**

1   hypothetically speaking, was that person that tested

2   positive for COVID actually at the facility at the day

3   they tested COVID?  Were they wearing their mask, were

4   they not wearing their mask, hypothetically speaking.

5        Q.   So if you were to get a COVID claim right now,

6   what are the questions you would ask to determine if

7   they're --

8        A.   Well, to clarify, I would not get a COVID claim

9   right now.

10       Q.   Why is that?

11       A.   Because the majority of the policy -- this is a

12   property policy.

13       Q.   Uh-huh.

14       A.   We have exclusion on there.

15       Q.   Okay.  But a COVID claim where there's an

16   endorsement for a communicable disease.

17       A.   Okay.

18       Q.   I'm saying if you -- you get a similar to 24

19   Hour Fitness, when that policy crosses your desk or when

20   that claim crosses your desk, what are the --

21       A.   Hypothetically speaking.

22       Q.   Hypothetically speaking, what are the questions

23   you are asking to determine if there's the presence and

24   spread of communicable diseases?

25       A.   Well, if it had this particular endorsement,

Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.          Page 2495 of 2921

1      A.    CDC guidelines.

2      Q.    So what about for the time while -- while

3  COVID-19 is present, the microorganism is present for

4  those few days right after access has been prohibited,

5  how would the insurer -- or sorry, how would the insured

6  show the insurer that there was the actual presence and

7  spread?  What would -- what would the policyholder need

8  to show you?

9      A.    Okay.  On that note, I'm not --

10     Q.    Uh-huh.

11     A.    -- putting to the side the wording here is

12  spread of communicable disease.

13     Q.    Yes.

14     A.    Okay.  It doesn't say COVID, okay?  There are

15  communicable diseases that can be tested for the actual

16  presence.

17     Q.    So are you saying that a virus that spreads

18  from person to person cannot be a communicable disease

19  under this policy?

20             MS. MURPHY:   Objection.

21     A.    Yes, but this policy and this endorsement is

22  directed to a communicable disease that can actually be

23  tested due to the actual presence and spread.

24     Q.    (By Ms. Bowman)  So you're saying there's no

25  way since COVID --

**Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**
**NELL McCALLUM & ASSOCIATES, INC.**    **Page 2496 of 2921**

1    A.   I'm not saying there's no way.  You're putting

2  words in my mouth.

3    Q.   Well, I'm just understanding when COVID -- when

4  a policyholder could show the actual presence and spread

5  of COVID-19 under this endorsement.

6    A.   That's the insured's burden of proof to prove

7  that.  So they have to present that proof.

8    Q.   And what would they have to present?  What

9  would the proof look like?

10   A.   The insured would have to investigate and prove

11 that there was presence of COVID.

12   Q.   Yes.  But so we understand that there is the

13 responsibility --

14   A.   And in order to get to A --

15   Q.   Uh-huh.

16   A.   -- like I said, access needed to be prohibited.

17 So I, hypothetically speaking, if we're doing this

18 hypothetically, it would be a test proving that that

19 disease was on the premises.  Hypothetically speaking,

20 there's a test out there that proves that COVID is on

21 the premises.

22   Q.   Are you aware of from March 2020 any tests that

23 would show COVID-19 in a location as opposed to in a

24 person?

25   A.   Are we still speaking hypothetically?

Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.          Page 2497 of 2921

1   answered completely at this time?

2       A.   Well, there were several.  Let's start with

3   this 10 since it's on the screen.

4       Q.   Uh-huh.

5       A.   Our loss is ongoing, but we will provide

6   estimates as soon as practical.  Okay.  For the -- we

7   never received estimates.  Move forward up.

8               And here it says:  We are still

9   investigating this item.  We'll respond after our

10  investigation is complete.  Keep going down.

11      Q.   Down?

12      A.   Scroll up, scroll up, sorry.

13      Q.   Okay.

14      A.   Quite a few.  Keep going.  Right here.  Any

15  costs that were incurred, we didn't receive any special

16  cleaning.  I mean, we didn't receive anything from the

17  insured on that note.

18      Q.   So --

19      A.   They were just answered.  Questions were

20  answered, that is correct.  But they were still going to

21  have to provide some form of additional information.

22      Q.   And did anybody relay that?

23      A.   Well, they were still -- it was ongoing.  The

24  insured itself -- the insured and the responses

25  themselves said they were still investigating, and it

**Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**
**NELL McCALLUM & ASSOCIATES, INC.**                    **Page 2498 of 2921**

1    was ongoing.

2         Q.   And so did anybody ever follow up with 24 Hour

3    Fitness regarding the --

4         A.   We were still in investigation.  So at this

5    point, we were giving them time.

6         Q.   And at what point would you -- at what point

7    were you or Mike Allen planning on following up on any

8    of these questions?

9         A.   We were still investigating.  We didn't have a

10   time frame of when we were going to do that yet.

11        Q.   Okay.  And the specific questions that you

12   pointed out that hadn't been answered, say, No. 10 or, I

13   guess, what was the --

14        A.   There was quite a few --

15        Q.   Okay.

16        A.   -- that we could pick and choose.  There were

17   quite a few.

18        Q.   So, okay, No. 8:  Has ingress or egress to any

19   of the clubs been physically prevented fully or

20   partially?  If so, please provide an explanation as to

21   how and why.

22             We're still investigating this item and

23   will respond after our investigation is complete.

24        A.   Yes, we were still waiting responses for

25   information.

Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
**NELL McCALLUM & ASSOCIATES, INC.**          Page 2499 of 2921

1  weren't in a position, so we needed more information.

2  Hence why we revised a reservation of rights letter and

3  sent it to the insured requesting more inquiries, which

4  the insured was open to answering per their statement.

5      Q.   Okay.  So let's then go to the additional ROR.

6           Or actually, first, let's go to an email

7  from the market or with the market.

8           MS. BOWMAN:  So for the court reporter,

9  this was marked Exhibit Q for the market call.

10          (Exhibit Q marked.)

11     Q.   (By Ms. Bowman)  Okay.  Can you see my screen?

12     A.   Yes, I can.

13     Q.   And can you see that there is an email from

14  Odell Bradley on March 25th, 2020?

15     A.   Yes, I can see that.

16     Q.   And can you see that you were a recipient of

17  this email?

18     A.   Correct.

19     Q.   Okay.  Let's go ahead and read this paragraph.

20          There seems to be a good chance business

21  interruption coverage will be triggered.  I think we all

22  agree.

23          Do you agree with Mr. Bradley's assertion

24  here?

25     A.   No, I did not agree, but that was his email to

Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.          Page 2500 of 2921

1  the market, not mine.

2      Q.   And did you ever express that you did not

3  agree?

4      A.   I didn't respond, no.

5      Q.   Why?

6      A.   Because I did not agree.  Why was I going to

7  respond?

8      Q.   So your response --

9      A.   And it -- and it said market thoughts at the

10 end.

11     Q.   And you are a part of the market, correct?

12     A.   Correct.  But that doesn't mean I need to

13 respond.

14     Q.   So let's think back to earlier when you revised

15 the ROR, the first one, you posed questions for the

16 initial RFI.

17     A.   Uh-huh.

18     Q.   Correct?

19     A.   (Nods head affirmatively.)

20     Q.   You participated in email exchanges with the

21 market in the past, correct?

22     A.   On some occasions, correct.

23     Q.   But in this situation when Mr. Bradley made the

24 assertion that the whole market agrees that business

25 interruption coverage will be triggered, you did not

Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.

Page 2501 of 2921

1    feel the need to respond to that?

2       A.   No, I did not.

3                MS. MURPHY:   Objection.

4                Go ahead.

5       Q.   (By Ms. Bowman)   Were you worried at any point

6    that you and the market were interpreting the policy

7    language differently then?

8       A.   No.   The only thing that I want to say, if I

9    can recall correctly, the -- this email triggered a

10   market call, and I think that's when we retained

11   counsel.   Can I see the date of the email?

12      Q.   Yeah.

13      A.   Yes, that's --

14      Q.   Okay.   So you remember the market call?

15      A.   I remember the market call.

16      Q.   And did you participate in the market call?

17      A.   I participated.

18      Q.   How so?

19      A.   I called in.

20      Q.   And did -- do you remember what was discussed

21   on the market call?

22      A.   Outside counsel was suggested.

23      Q.   At this point, do you recall, had you retained

24   the outside counsel?

25      A.   No, I had not.

Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.          Page 2502 of 2921

1    this is the seventh report.

2        A.    Okay.  Okay.

3        Q.    And so I just want to ask about this last

4    little bit that Mr. Gottlieb from 24 Hour Fitness said:

5    We look forward to receiving a preliminary indication as

6    to the insurer's coverage position.

7                At this time, you did not provide a

8    preliminary indication as to your position, correct?

9        A.    No.  At this time, he was requesting one.

10       Q.    Okay.  And at this time, you still needed

11   information to provide any sort of indication as to

12   what, how coverage would fall?

13       A.    We needed documentation.

14       Q.    Okay.

15       A.    Going back to your "what proof," I don't know

16   what -- where the list of people, some of those

17   individuals didn't list what day or what location or

18   when they were at the facility.

19       Q.    Okay.  And at this time, you did not or Mike

20   Allen did not explain that that was some of the

21   information you were waiting for to --

22       A.    Or at this -- at this time, we were waiting for

23   the insured to provide that, because in one of their

24   responses, they said they were going to be providing

25   that.

Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.                    Page 2503 of 2921

1  thorough investigation.

2      Q.   Is there anything else that you can think of

3  other than what you just listed just for part A?

4      A.   If the individual wanted to give us, you know,

5  any other documentation showing.  But we could say that

6  with that information, there was actual presence.  The

7  insured, you know, cleaned up that same day, if we had

8  costs of cleanup that same day.  But to get to A, the

9  insured would have had an order to prohibit access to

10  their location.

11     Q.   Okay.

12     A.   Okay.

13     Q.   So for the presence and spread, we need a

14  positive test, we need some -- someone with the positive

15  test in the club, we need to know if they were wearing a

16  mask, we need to know the places they went to before or

17  after they tested positive.  Anything else?

18              MS. MURPHY:   Objection.

19              Go ahead.

20     A.   At the time, that's it.

21     Q.   (By Ms. Bowman)  Okay.

22     A.   But without that information and not having an

23  order prohibiting access to the insured's location and

24  as a direct result of the declaration, like I said, we

25  needed the three parts in order to trigger coverage.

Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.

Page 2504 of 2921

```
1              IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF DELAWARE
2

3    IN RE:                   *
                              *
4    RS FIT NW LLC,           *   Chapter 11
              Debtors.        *
5                             *   Case No.: 20-11558 (KBO)
                              *
     _____*
6    24 HOUR FITNESS          *   (Jointly Administered)
     WORLDWIDE, INC.,         *
7              Plaintiff,     *
                              *
8    VS.                      * Adv. Proc. No. 20-51051 (KBO)
                              *
9    CONTINENTAL CASUALTY     *
     COMPANY, ET AL.,         *
10             Defendants.    *

11

12                 REPORTER'S CERTIFICATE

          DEPOSITION OF DOLORES RAMIREZ VARELA
13
                     OCTOBER 4, 2022
14

15             I, CAROL JENKINS, Certified Shorthand

16   Reporter in and for the State of Texas, hereby certify

17   that this transcript is a true record of the testimony

18   given by the witness named herein, after said witness

19   was duly sworn by me.

20             I further certify that the deposition

21   transcript was submitted on _____,

22   _____ to the witness or to the attorney for the

23   witness for examination, signature, and return to me by

24   _____, _____.

25             I further certify the amount of time used
```

**Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**
**NELL McCALLUM & ASSOCIATES, INC.**          **Page 2505 of 2921**

1    by each party at the deposition is as follows:

2                  Ms. Elizabeth Bowman - (04h03m)

3                  Mr. Matt Denn - (00h00m)

4                  Ms. Courtney Murphy - (00h16m)

5                  Mr. Austin Westergom - (00h00m)

6                  Ms. Marlie McDonnell - (00h00m)

7                  Mr. Joel L. McNabney - (00h00m)

8                  I further certify that I am neither

9    attorney nor counsel for, related to, nor employed by

10   any of the parties to the action in which this testimony

11   was taken.  Further, I am not a relative or employee of

12   any attorney of record in this cause, nor do I have a

13   financial interest in the action.

14                  SUBSCRIBED AND SWORN TO by the undersigned

15   on this the 11th day of October, 2022.

16

17   _____
     CAROL JENKINS, CSR, RPR, CRR
18   Certificate No. 2660
     Date of Expiration:  8/31/2023
19   Nell McCallum & Associates, Inc.
     Firm Registration No. 10095
20   718 Westcott Street
     Houston, Texas 77007
21   713.861.0203

22

23

24

25

Exhibit 177 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.            Page 2506 of 2921