EXHIBIT 181

```
 1            IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF DELAWARE
 2

 3   IN RE:                      *
                                 *
 4   24 HOUR FITNESS             *   Chapter 11
     WORLDWIDE, INC., ET AL.,    *
 5           Debtors.            *   Case No.: 20-11558 (KBO)
                                 *
 6   _____ *   (Jointly Administered)
                                 *
 7   24 HOUR FITNESS             *
     WORLDWIDE, INC.,            *
 8           Plaintiff,          *
                                 *
 9   VS.                         * Adv. Proc. No. 20-51051 (KBO)
                                 *
10   CONTINENTAL CASUALTY        *
     COMPANY, ET AL.,            *
11           Defendants.         *

12

13

14

15      ********************************************

16       ORAL AND VIDEOTAPED DEPOSITION OF MIKE ALLEN

17                     VOLUME 1

18                SEPTEMBER 21, 2022

19                (Reported Remotely)

20      ********************************************

21

22

23

24

25
```

Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its
Opposition to Defendants' Motions for Summary Judgment

NELL McCALLUM & ASSOCIATES, INC.

1    ORAL AND VIDEOTAPED DEPOSITION of MIKE ALLEN,

2   produced as a witness at the instance of the Plaintiff,

3   and remotely duly sworn, was taken in the above-styled

4   and numbered cause on September 21, 2022, from 11:04

5   a.m. to 2:02 p.m. Central Time, before Carol Jenkins,

6   CSR, RPR, CRR, in and for the State of Texas, reported

7   by machine shorthand, with the Witness in California,

8   pursuant to the Federal Rules of Civil Procedure, the

9   Emergency Order Regarding the COVID-19 State of

10  Disaster, and the provisions stated on the record or

11  attached hereto.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.        Page 2532 of 2921

```
 1           R E M O T E   A P P E A R A N C E S :

 2

 3    FOR THE PLAINTIFF:
           Mr. Connor O'Carroll
 4         Reed Smith LLP
           101 Second Street, Suite 1800
 5         San Francisco, California 94105
           415.543.8700
 6         cocarroll@reedsmith.com

 7    FOR THE DEFENDANT, CONTINENTAL CASUALTY COMPANY:
           Mr. Brett Ingerman
 8         Mr. Matthew Denn
           Ms. Jacqueline Matyszczyk (Paul Weiss)
 9         DLA Piper LLP
           6225 Smith Avenue
10         Baltimore, Maryland 21209
           410.580.3000
11         matthew.denn@us.dlapiper.com

12    FOR THE STARR SURPLUS DEFENDANT:
           Ms. Courtney Murphy
13         Hinshaw & Culbertson
           800 Third Avenue, Suite 1300
14         New York, New York 10022
           212.471.6200
15         cmurphy@hinshawlaw.com

16    FOR THE ALLIED WORLD DEFENDANT:
           Ms. Elizabeth M. Brockman
17         Mr. Austin Westergom (Mound Cotton)
           Selman Breitman LP
18         11766 Wilshire Boulevard, Suite 600
           Los Angeles, California 90025
19         310.445.0800
           ebrockman@selmanlaw.com
20
      FOR THE ALLIANZ DEFENDANT:
21         Ms. Marlie McDonnell
           Clyde & Co
22         271 17th Street NW, Suite 1720
           Atlanta, Georgia 30363
23         404.410.3150
           marlie.mcdonnell@clydeco.us
24

25
```

Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment

```
1   FOR THE LIBERTY MUTUAL FIRE DEFENDANT:
        Mr. Joel L. McNabney
2       Robinson & Cole LLP
        777 Brickell Avenue, Suite 680
3       Miami, Florida 33131
        786.725.4119
4       jmcnabney@rc.com

5

6           ALSO PRESENT:
        The Videographer, Ms. Jessica Rawls
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its**
**Oppositions to Defendants' Motions for Summary Judgment**
NELL McCALLUM & ASSOCIATES, INC.          **Page 2534 of 2921**

```
 1                          INDEX

 2                                                  PAGE

 3   Appearances                                    03

 4   Stipulations                                   02

 5   MIKE ALLEN

 6        Examination by Mr. O'Carroll              07

 7   Signature and Jurat                            131

 8   Reporter's Certificate                         132

 9

10                        EXHIBITS

11

12   NO.   DESCRIPTION                              PAGE

13        Allen Exhibit 1                           21
          McLarens Coronavirus 3/28/20 Claim Report No. 1
14        for 24 Hour Fitness

15        Allen Exhibit 2                           25
          Handwritten Notes and Email String Bates MCL
16        306-344

17        Allen Exhibit 3                           34
          McLarens Coronavirus 4/24/20 Claim Report No. 2
18        for 24 Hour Fitness

19        Allen Exhibit 4                           37
          McLarens Coronavirus 4/27/20 Claim Report No. 3
20        for 24 Hour Fitness

21        Allen Exhibit 5                           44
          McLarens Coronavirus 5/15/20 Claim Report No. 4
22        for 24 Hour Fitness

23        Allen Exhibit 6                           70
          McLarens Coronavirus 6/4/20 Claim Report No. 5
24        for 24 Hour Fitness

25
```

**Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**
**NELL McCALLUM & ASSOCIATES, INC.**          **Page 2535 of 2921**

1        Allen Exhibit 7                              74
         McLarens Coronavirus 4/24/20 Claim Report No. 2
2        for 24 Hour Fitness

3        Allen Exhibit 8                              79
         Handwritten Notes Bates MCL 334
4
         Allen Exhibit 9                              81
5        McLarens Coronavirus 6/19/20 Claim Report No. 6
         for 24 Hour Fitness
6
         Allen Exhibit 10                             86
7        McLarens Coronavirus 6/22/20 Claim Report No. 7
         for 24 Hour Fitness
8
         Allen Exhibit 11                             95
9        Email String Bates AGRUS 536-38

10       Allen Exhibit 12                            106
         McLarens Coronavirus 9/3/20 Claim Report No. 8
11       for 24 Hour Fitness

12       Allen Exhibit 13                            124
         Ms. Suarez's Email with Attachments Bates
13       Liberty 1515-19

14       Allen Exhibit 14                            127
         Ms. Suarez's Email with Attachments Bates
15       Liberty 1520-23

16       Allen Exhibit 15                            128
         Ms. Suarez's Email with Attachments Bates
17       Liberty 1524-28

18

19

20

21

22

23

24

25

Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.          Page 2536 of 2921

1          THE VIDEOGRAPHER:  Good morning.  Today is

2  Wednesday, September 21st, 2022.  The time is

3  11:04 a.m., and we are now on the record.

4          THE REPORTER:  Good morning.  My name is

5  Carol Jenkins reporting this remotely from Chambers

6  County, Texas; and the witness is located in California.

7                    MIKE ALLEN,

8  having been first remotely duly sworn, testified as

9  follows:

10          MR. O'CARROLL:  Good morning.  This is

11  Connor O'Carroll on behalf of plaintiffs, 24 Hour

12  Fitness.

13          MS. MURPHY:  Good morning.  This is

14  Courtney Murphy representing certain of the insureds,

15  and also representing Mike Allen in today's deposition.

16                   EXAMINATION

17  BY MR. O'CARROLL:

18      Q.   All right.  Mr. Allen, good morning.

19      A.   Good morning.

20      Q.   My name -- like I said, my name is Connor

21  O'Carroll.  I'm counsel for plaintiffs here, and I'm

22  going to be taking your deposition today.

23          Mr. Allen, I assume you've had a

24  deposition before.

25      A.   I have.

**Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**
**NELL McCALLUM & ASSOCIATES, INC.**          **Page 2537 of 2921**

1          One of the prerequisites to this coverage,

2    you would agree, is showing the actual presence and

3    spread of a communicable disease at an insured location,

4    correct?

5        A.    Let's go through that again.

6        Q.    So it says:  All coverage must be directly

7    resulting from access being prohibited to a described

8    location or any portion thereof.

9          And then it has two subparts.  And the

10   first subpart, so one of the conditions is due to the

11   actual spread -- or due to the actual presence of and

12   spread of a communicable disease at the described

13   location.

14         Do you agree?

15       A.    That's -- that's what it says, yeah.

16       Q.    Okay.  And so as the adjuster investigating

17   this claim, what type of information would you be

18   interest -- would you -- what type of information would

19   you need to determine if that -- that provision of this

20   endorsement was satisfied?

21       A.    I'd want some evidence that there was a

22   communicable disease there at the described location.

23   And if -- however they would be able to determine it was

24   spread to the -- to the property.  I'm not sure how they

25   would do that, but that's what I would request.

**Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its**
**Oppositions to Defendants' Motions for Summary Judgment**
**NELL McCALLUM & ASSOCIATES, INC.**                    **Page 2538 of 2921**

1    Q.   Okay.  And so would evidence of a person

2    confirmed to have COVID-19 being at an insured location,

3    would that -- would that be sufficient to satisfy this

4    prong in your opinion?

5         MS. MURPHY:  Objection.

6    A.   Connor, I would have to go to the insurers and

7    give them the information and leave it up to them.

8    Q.   (By Mr. O'Carroll)  Okay.  Let's talk about the

9    second prong here.  It talks about the second prong here

10   of access being prohibited is as a direct result of a

11   declaration by civil authority enforcing any law or

12   ordinance regulating any communicable disease.

13        Did I read that right?

14   A.   Yes.

15   Q.   Okay.  How would you understand that provision

16   to be met when you're in -- or strike that.

17        When you're investigating this claim, what

18   information, if any, are you interested in to try and

19   assess this prong of the communicable disease

20   endorsement?

21   A.   Well, let's see.  As a direct result of

22   declaration by a civil authority, so I would want to see

23   the declaration by the civil authority enforcing any law

24   or ordinance.  So there -- if there's a declaration by

25   civil authority, I'd want to see it.

Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.          Page 2539 of 2921

1    A.    Uh-huh.

2    Q.    But that may have been a little later.

3          Do you recall, do you -- do you recall if

4    any of the insurers assisted with these April 16th, 2020

5    questions?

6    A.    I can't tell you right now.  I don't remember.

7    Q.    Okay.  I want to -- I want to ask you about

8    question No. 5.

9          Do you see it there?

10   A.    Yeah.

11   Q.    Okay.  And it says:  Have the properties been

12   tested for the presence of the COVID-19 virus?

13         Mr. Allen, are you aware of any tests that

14   can be performed to test a property for the presence of

15   COVID-19?

16   A.    Personally, no.

17   Q.    Okay.  What -- what -- what were you or the

18   insurers trying to get at with question No. 5?

19   A.    The first report that we had from Jeremy said

20   we had a COVID-19 situation at the Portland location.

21   So somehow he determined that they had an issue.

22         So if there was some test results they

23   had, we'd like to see those.  How did he determine that

24   the building had COVID-19, if there were positive tests,

25   have you done any type of special cleaning.

Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.          Page 2540 of 2921

1   along with that.

2        Q.   And, Mr. Allen, in your course of investigating

3   this claim, did you find any orders that restricted

4   access to any of the insureds' locations?

5        A.   And I'll tell --

6             MS. MURPHY:   Objection.

7        A.   -- you what.   I'm going to go back and say off

8   the top of my head, I think the orders I saw were

9   closing businesses so that people didn't gather.   But I

10  don't think I saw anything that said we prohibit you

11  from going into a location.

12       Q.   (By Mr. O'Carroll)  Okay.   And so you mentioned

13  orders.   Were you also interested in investigating

14  whether or not COVID-19 was present in any of the

15  insureds' locations?

16       A.   We requested that the insured provide us with

17  any evidence they have.   You know, if they know it was

18  there, just send us the documentation you have that

19  establishes that.

20       Q.   And what's your opinion of what type of

21  evidence may constitute the presence of COVID-19 at an

22  insured location?

23       A.   Well, if they knew it was there, I would ask

24  them how did you determine that.

25       Q.   Okay.   And what type of response could the

Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.          Page 2541 of 2921

1  insured give that would satisfy you that COVID-19 was

2  present at an insured location?

3      A.   If -- if there was an event with an individual,

4  if there was some testing that was done.  If you cleaned

5  up something, how did you know there was COVID there.

6  And if it was -- if your cleanup was confined to a

7  certain area, how did you establish that.

8      Q.   Okay.  And when you say an event with a certain

9  individual, does that mean an individual that is

10  confirmed to have COVID-19 being at the location?

11     A.   Yeah, that would at least establish that

12  somebody -- somebody that had it was there.

13     Q.   Okay.

14     A.   So I would take -- Connor, I would take

15  whatever they could give me to establish that we have

16  COVID there, and that could be anything.

17     Q.   Okay.  Mr. Allen, I appreciate that.

18          If you want to go back to Exhibit Q, this

19  is your report, your May 15 report.

20     A.   Okay.

21     Q.   And if you go to PDF page 4 -- well, it starts

22  on PDF page 3, but there's a response from 24 Hour

23  Fitness that you quoted here.  And it's talking about

24  the communicable disease endorsement.  This -- this

25  is -- and ending our email, we also asked the insured if

Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.

Page 2542 of 2921

```
 1   know what number we're on.  The court reporter may help
 2   me.
 3                  THE REPORTER:  8.
 4                  MR. O'CARROLL:  8.  Thank you.
 5                  (Allen Exhibit 8 marked.)
 6       A.   Okay.  One page, that makes it easy.
 7       Q.   (By Mr. O'Carroll)  Yes.  So, Mr. Allen, do you
 8   recognize this?
 9       A.   These are some notes I took.
10       Q.   Okay.  And for the record, it's MCL 000334 is
11   the Bates number.
12                  And, Mr. -- Mr. Allen, we'll just go
13   through them here.  It says endorsement 2.  That's the
14   communicable disease endorsement, right?
15       A.   Correct.
16       Q.   And you wrote here that the sublimit -- or you
17   wrote 2 -- $2.5 million.  Was that the sublimit?  Is
18   that what you were indicating there?
19       A.   Yes.
20       Q.   Okay.  And then endorsement 4 excludes
21   communicable disease.
22                  Did I read that right for your notes?
23       A.   Yeah.  And that -- that refers to Endurance.
24   So it --
25       Q.   Okay.
```

Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.

Page 2543 of 2921

1   A.   -- says Endurance No. 4.

2   Q.   Okay.  And then we have here policy and there's

3   a semicolon and you have A and B for civil authority and

4   ingress and egress.

5            And can you explain to me what these notes

6   mean here?

7   A.   It's just a -- a notation that there is --

8   there is coverage for civil authority.  There is

9   coverage for ingress/egress and some of the limitations

10  and so forth.

11  Q.   And then --

12  A.   It's just -- it's just an acknowledgment that

13  there's coverage there for those two things.

14  Q.   Okay.  I appreciate that.  Thank you.

15           And, Mr. Allen, at the -- at the bottom of

16  these notes, you say:  Addresses peril, not physical

17  damage.

18           Did I read that right?

19  A.   Yes.

20  Q.   And what were you meaning to say when you made

21  this note, addresses peril, not physical damage?

22  A.   Well, in the discussion, it just talks about

23  insured -- right, the insured peril --

24  Q.   Uh-huh.

25  A.   -- as opposed to an uninsured peril.  And it

Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.                    Page 2544 of 2921

1   doesn't -- it doesn't specifically talk about physical

2   damage, but physical damage is noted because that's what

3   you have the insured peril for.

4        Q.   Why was it important to you that it said

5   insured peril and not physical damage?

6        A.   It wasn't one way or another.  I'm just noting

7   what the policy says.

8        Q.   Okay.  So you're just noting that it says an

9   insured peril as opposed to some other coverage

10  provisions.  It may say physical loss or damage or

11  physical damage?

12       A.   Yeah, I'm just --

13            MS. MURPHY:  Objection.

14            THE WITNESS:  I'm sorry.

15       A.   I'm just kind of doing a review of the policy

16  and what it said.

17       Q.   (By Mr. O'Carroll)  Okay.  And so, okay, thank

18  you, Mr. Allen.

19       A.   Uh-huh.

20       Q.   So I believe we talked about your last report

21  was No. -- was 5.  If we want to pull up J as in joker,

22  and we can mark this next in line.  I think it's 9.

23            (Allen Exhibit 9 marked.)

24       A.   Yeah, report No. 6?

25       Q.   (By Mr. O'Carroll)  Yes.

Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.          Page 2545 of 2921

1    A.    Not specifically as I recall.

2    Q.    Did you ever follow up specifically about any

3 of the 24 incidents that 24 Hour Fitness provided to you

4 about COVID-19?

5    A.    Yeah.  I think in a general way, we asked for

6 copies of any of the cleanup invoicing and so forth or

7 any of the testing that might have been done to confirm

8 not only those 28 but any others they may have had.

9    Q.    And, Mr. Allen, what is your understanding of

10 what type of confirmation 24 Hour could have -- 24 Hour

11 Fitness could have provided to establish the actual

12 presence of COVID-19 in an insured location?

13    A.    Yeah, I don't know of -- I don't know of what

14 tests are available.  So I have to plead ignorance on

15 that one.

16    Q.    Sure.

17    A.    If -- if there was a situation where a

18 jurisdiction civil authority came in and said, hey,

19 you've got a problem here such as you might see in a

20 Legionaire's disease type claim, there may be something

21 from a civil authority that says, you know, there's

22 COVID here.

23    Q.    Okay.  So I appreciate that answer.

24          So one -- one example that 24 Hour Fitness

25 could have provided would have been a specific order or

Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.          Page 2546 of 2921

1   government edict saying, like you mentioned

2   Legionaire's, is there anything else that the 24 Hour

3   Fitness could have provided that would have, in your

4   understanding, confirmed the actual presence of COVID-19

5   in its insured locations?

6       A.   You know, specifically, I don't know.

7       Q.   Okay.  Do you think that that -- knowing that

8   would help inform your investigation under the policy?

9                MS. MURPHY:  Knowing what?  Objection.

10      Q.   (By Mr. O'Carroll)  Knowing -- knowing exactly

11  what information that you're looking for to confirm the

12  presence of COVID-19 at the insured locations.

13      A.   If there was a common test, for instance, mold,

14  you can test; asbestos, you can test.  I don't know if

15  there's a COVID test.

16                So we would ask them if you know or you

17  think you have COVID there, if you've cleaned it up, you

18  must have had something that indicates there's COVID

19  there.  So whatever you can provide, and if you can't

20  provide anything, then -- then you can't provide

21  anything.

22      Q.   Okay.

23      A.   But if you have something, you know, please

24  send it to us.

25      Q.   And you agree there's -- you're not aware they

**Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**
**NELL McCALLUM & ASSOCIATES, INC.**
**Page 2547 of 2921**

1    test for -- testing property for COVID-19?

2        A.   I have no idea.

3        Q.   Okay.  And is your under -- so the 24 incidents

4    that 24 Hour provided, is your -- do you -- is your

5    opinion that that's sufficient to establish the actual

6    presence of COVID-19 in an insured location?

7                    MS. MURPHY:  Objection.

8        A.   Yeah, I think, Connor, if you go back to the

9    28, it talks about a member that reported they had

10   COVID.  It doesn't say the member reported he had COVID

11   and was in our facility.  It's just a member reporting

12   it.

13                   It doesn't -- it doesn't give you a lot of

14   information.  When's the last time he was there?  Was it

15   six months ago or was he there yesterday?

16       Q.   (By Mr. O'Carroll)  So, Mr. Allen, we can -- we

17   can pull them back up.  And I don't -- I don't

18   necessarily want to fuss with you about what each of

19   them say.

20                   Really what I'm getting at here is you're

21   investigating this claim.  A part of coverage is the

22   actual presence and spread of a communicable disease at

23   the insured location.

24                   Do you agree with that?  A part of this

25   claim is your investigation into the actual presence and

**Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**
**NELL McCALLUM & ASSOCIATES, INC.**                    **Page 2548 of 2921**

```
 1            IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF DELAWARE
 2

 3   IN RE:                    *
                               *
 4   24 HOUR FITNESS           *   Chapter 11
     WORLDWIDE, INC., ET AL.,  *
 5            Debtors.         *   Case No.: 20-11558 (KBO)
                               *
 6   _____ *   (Jointly Administered)
                               *
 7   24 HOUR FITNESS           *
     WORLDWIDE, INC.,          *
 8            Plaintiff,       *
                               *
 9   VS.                       * Adv. Proc. No. 20-51051 (KBO)
                               *
10   CONTINENTAL CASUALTY      *
     COMPANY, ET AL.,          *
11            Defendants.      *

12                    REPORTER'S CERTIFICATE

13                   DEPOSITION OF MIKE ALLEN

14                     SEPTEMBER 21, 2022

15

16            I, CAROL JENKINS, Certified Shorthand

17   Reporter in and for the State of Texas, hereby certify

18   that this transcript is a true record of the testimony

19   given by the witness named herein, after said witness

20   was duly sworn by me.

21            I further certify that the deposition

22   transcript was submitted on _____,

23   _____ to the witness or to the attorney for the

24   witness for examination, signature, and return to me by

25   _____, _____.
```

Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment
NELL McCALLUM & ASSOCIATES, INC.                    Page 2549 of 2921

1            I further certify the amount of time used

2     by each party at the deposition is as follows:

3                Mr. Connor O'Carroll - (02h28m)

4                Mr. Matt Denn - (00h00m)

5                Ms. Courtney Murphy - (00h00m)

6                Ms. Elizabeth Brockman - (00h00m)

7                Ms. Marlie McDonnell - (00h00m)

8                Mr. Joel L. McNabney - (00h00m)

9            I further certify that I am neither

10    attorney nor counsel for, related to, nor employed by

11    any of the parties to the action in which this testimony

12    was taken.  Further, I am not a relative or employee of

13    any attorney of record in this cause, nor do I have a

14    financial interest in the action.

15            SUBSCRIBED AND SWORN TO by the undersigned

16    on this the 26th day of September, 2022.

17

18

19    _____
      CAROL JENKINS, CSR, RPR, CRR
20    Certificate No. 2660
      Date of Expiration:  8/31/2023
21    Nell McCallum & Associates, Inc.
      Firm Registration No. 10095
22    718 Westcott Street
      Houston, Texas 77007
23    713.861.0203

24

25

**Exhibit 181 to Plaintiff's Omnibus Appendix of Evidence in support of its
Oppositions to Defendants' Motions for Summary Judgment**
**NELL McCALLUM & ASSOCIATES, INC.**                    **Page 2550 of 2921**