**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| RS FIT NW LLC, ) | |
| ) | Case No. 20-11568 (TMH) |
| Debtor. ) | |
| ) | (Jointly Administered) |
| ) | |
| ) | |
| 24 HOUR FITNESS WORLDWIDE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CONTINENTAL CASUALTY COMPANY; ) | Adv. Pro. No. 20-51051 (TMH) |
| ENDURANCE AMERICAN SPECIALTY ) | |
| INSURANCE COMPANY; STARR SURPLUS ) | |
| LINES INSURANCE COMPANY; ALLIANZ ) | |
| GLOBAL RISKS US INSURANCE COMPANY; ) | |
| LIBERTY MUTUAL INSURANCE COMPANY; ) | |
| BEAZLEY-LLOYD'S SYNDICATES 2623/623; ) | |
| ALLIED WORLD NATIONAL ASSURANCE ) | |
| COMPANY; QBE SPECIALTY INSURANCE ) | |
| COMPANY; and GENERAL SECURITY ) | |
| INDEMNITY COMPANY OF ARIZONA, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PROPERTY INSURER DEFENDANTS' STATEMENTS OF FACTS IN SUPPORT OF PROPERTY INSURERS' MOTION FOR SUMMARY JUDGMENT**

David E. Weiss (admitted *pro hac vice*)
T. Connor O'Carroll (admitted *pro hac vice*)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: (415) 543-8700
E-mail: dweiss@reedsmith.com
E-mail: cocarroll@reedsmith.com

Mark W. Eckard (No. 4542)
REED SMITH LLP
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
E-mail: meckard@reedsmith.com

Counsel for Plaintiff 24 HOUR FITNESS WORLDWIDE, INC.

1

Pursuant to Federal Rule of Civil Procedure 56, made applicable herein by Federal Rule of Bankruptcy Procedure 7056, Plaintiff 24 Hour Fitness Worldwide, Inc. ("Plaintiff" or "24 Hour") hereby submits the following evidentiary objections to Defendants Continental Casualty Company's ("Continental"), Starr Surplus Lines Insurance Company's ("Starr Surplus"), Allianz Global Risks US Insurance Company's ("Allianz"), Liberty Mutual Fire Insurance Company's ("Liberty"), Certain Underwriters at Lloyd's, London ("Underwriters"), Allied World National Assurance Company's ("Allied World"), QBE Specialty Insurance Company's, and General Security Indemnity of Arizona's ("QBE" and, together with Continental, Starr Surplus, Allianz, Liberty, Underwriters, and Allied World, the "Property Insurers") Statements of Facts in the Property Insurers' Memorandums of Points and Authorities in support of their Motion for Summary Judgment ("Mot.").

## EVIDENTIARY OBJECTIONS

**PURPORTED FACT 1:** "disinfected surfaces do not transmit the COVID virus." Mot. at 4.

**OBJECTION 1:** inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403); misstates testimony; hearsay (Fed. R. Evid. 801). Property Insurers cite to an expert report which is an out-of-court statement offered to prove the truth of the matter asserted. This constitutes inadmissible hearsay. Property Insurers' assertion is also misleading and misstates testimony because it fails to contemplate the possibility that a virus can be reintroduced to a surface after disinfecting.

**PURPORTED FACT 2:** "The COVID virus does not physically alter the air or surfaces with which it comes into contact." Mot. at 4.

**OBJECTION 2:** lack of relevance (Fed. R. Evid. 401, 402); inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403); misstates testimony; hearsay (Fed. R. Evid. 801); calls for legal conclusion (Fed. R. Evid. 703). Whether the COVID-19 virus alters air or surfaces is not relevant because there is no requirement in the Property Insurers' policies for physical alteration. Property Insurers cite to an expert report which is an out-of-court statement offered to

prove the truth of the matter asserted. This constitutes inadmissible hearsay. Property Insurers' assertion is also misleading and misstates testimony because the presence of the virus itself can be a physical alteration.  Property Insurers' assertion also calls for a legal conclusion, as this issue has been widely contested across jurisdictions.

**PURPORTED FACT 3:** "the Property Policies reinforce that *physical* loss or damage is required for there to be Time Element coverage . . .." Mot. at 5.

**OBJECTION 3:**  lacks foundation (Fed. R. Evid. 601, 602); calls for legal conclusion (Fed. R. Evid. 703); legal argument rather than factual statement.  The language in the Property Insurers' policies speaks for itself. Property Insurers impermissibly assert argument into this alleged-factual statement.

**PURPORTED FACT 4:**  "24 Hour has made the conclusory allegations that the presence of individuals who contracted or suffered from COVID-19, coupled with prevalence of the disease in the community, caused physical loss of or damage to 24 Hour's business location and, as a result, its operations were suspended." Mot. at 7.

**OBJECTION 4:**  lacks foundation (Fed. R. Evid. 601, 602); inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403); misstates testimony; calls for legal conclusion (Fed. R. Evid. 703); legal argument rather than factual statement.  Property Insurers' statement that 24 Hour has made "conclusory allegations" is a legal argument rather than a factual statement. Further, the presence of COVID-19 at 24 Hours' insured locations includes, but are not solely limited to, "allegations that the presence of individuals who contracted or suffered from COVID-19, coupled with prevalence of the disease in the community." Property Insurers also misstate the requirements 24 Hour must demonstrate to afford coverage under the communicable disease endorsement in their policies.

**PURPORTED FACT 5:** "Dr. Carnethon also had no opinion as to whether COVID-19 was spreading at any 24 Hour location." Mot. at 8.

**OBJECTION 5:** misstates testimony; inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403). Dr. Carnethon has a justified opinion that there is a probability that COVID-

19 was present and spreading at 24 Hour's insured locations. Property Insurers attempt to portray that Dr. Carnethon has not offered such opinion.

**PURPORTED FACT 6:** "24 Hour has offered no evidence of any direct physical loss of or damage to property at any of the facilities and, in fact, its witnesses have conceded that the COVID-19 virus did not cause any physical damage to any of its property." Mot. at 8.

**OBJECTION 6:** lack of relevance (Fed. R. Evid. 401, 402); misstates testimony; inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403); lacks foundation (Fed. R. Evid. 601, 602); calls for legal conclusion (Fed. R. Evid. 703); legal argument rather than factual statement. Property Insurers fail to contemplate that the presence of COVID-19 itself may cause physical damage to property. Whether the COVID-19 cause any physical damage is not relevant because there is no requirement in the Property Insurers' policies for physical alteration. Property Insurers' assertion also calls for a legal conclusion, as this issue has been widely contested across jurisdictions.

**PURPORTED FACT 7:** "Nor has 24 Hour offered expert testimony to rebut that of Dr. Alexis-Sauer Budge, an expert in the interaction between biology (e.g., viruses) and materials, that the COVID virus does not damage the air or surfaces with which it comes into contact." Mot. at 9.

**OBJECTION 7:** lack of relevance (Fed. R. Evid. 401, 402); inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403); misstates testimony; calls for legal conclusion (Fed. R. Evid. 703). Whether the COVID-19 virus damages the air or surfaces is not relevant because there is no requirement in the Property Insurers' policies for physical alteration. Property Insurers' assertion is also misleading and misstates testimony because the presence of the virus itself can be a physical alteration and fails to contemplate the evidence and testimony presented by Dr. Carnethon. Property Insurers' assertion also calls for a legal conclusion, as this issue has been widely contested across jurisdictions.

**PURPORTED FACT 8:** "24 Hour undertook no effort to clean or remove virus from its facilities after the national closure on March 16, 2020." Mot. at 9–10.

**OBJECTION 8:** lacks foundation (Fed. R. Evid. 601, 602); inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403); misstates testimony. Property Insurers offer no evidence that this deponent speaks on behalf of Plaintiff. Further, the deponent agreed that he was "not aware" and "did not recall" specific efforts to remove or clean COVID-19 from inside the clubs, not that there were *no efforts*.

**PURPORTED FACT 9:** "24 Hour has offered no evidence that it experienced any physical loss or damage to its property." Mot. at 12.

**OBJECTION 9:** lack of relevance (Fed. R. Evid. 401, 402); misstates testimony; inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403); lacks foundation (Fed. R. Evid. 601, 602); calls for legal conclusion (Fed. R. Evid. 703); legal argument rather than factual statement. Property Insurers fail to contemplate that the presence of COVID-19 itself may cause physical damage to property. Whether COVID-19 causes any physical damage is not relevant because there is no requirement in the Property Insurers' policies for physical alteration. Property Insurers' assertion also calls for a legal conclusion, as this issue has been widely contested across jurisdictions

**PURPORTED FACT 10:** "24 Hour Fitness has offered no such evidence here, but rather instead relies upon unsubstantiated allegations that it experienced physical loss or damage because of the actual presence of COVID-19 and the virus causing it at 24 Hour's property and in the vicinity, because of government orders that prevented 24 Hour's use of its properties, and because of a need to institute social distancing and undertake other efforts to mitigate the effects of COVID-19." Mot. at 15.

**OBJECTION 10:** lack of relevance (Fed. R. Evid. 401, 402); misstates testimony; inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403); lacks foundation (Fed. R. Evid. 601, 602); calls for legal conclusion (Fed. R. Evid. 703); legal argument rather than factual statement. Property Insurers fail to contemplate that the presence of COVID-19 itself may cause physical damage to property. Whether COVID-19 causes any physical damage is not relevant because there is no requirement in the Property Insurers' policies for physical alteration. Property

Insurers' assertion also calls for a legal conclusion, as this issue has been widely contested across jurisdictions.

**PURPORTED FACT 11:** "In fact, the 24 Hour witnesses identified by 24 Hour as having knowledge of 'any direct physical loss or damage to Your Property due to COVID-19' have testified that COVID virus did not damage 24 Hour's property." Mot. at 18.

**OBJECTION 11:** lack of relevance (Fed. R. Evid. 401, 402); misstates testimony; inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403); lacks foundation (Fed. R. Evid. 601, 602); calls for legal conclusion (Fed. R. Evid. 703); legal argument rather than factual statement. Property Insurers fail to contemplate that the presence of COVID-19 itself may cause physical damage to property. Whether COVID-19 causes any physical damage is not relevant because there is no requirement in the Property Insurers' policies for physical alteration. Property Insurers' assertion also calls for a legal conclusion, as this issue has been widely contested across jurisdictions.

**PURPORTED FACT 12:** "Nor has 24 Hour offered any evidence to show any physical alteration to its property. The Property Insurers' expert witness, Dr. Alexis Sauer-Budge, a biomedical engineer whose professional focus is on the interaction of biology and materials, opined in her expert report that 'SARS-CoV-2 does not physically alter, change, or damage the air that surrounds respiratory droplets that contain infectious virus or the surface on which these droplets settle, thereby allowing for easy disinfection of the surface.'" Mot. at 19.

**OBJECTION 12:** lack of relevance (Fed. R. Evid. 401, 402); misstates testimony; inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403); lacks foundation (Fed. R. Evid. 601, 602); calls for legal conclusion (Fed. R. Evid. 703); legal argument rather than factual statement. Property Insurers fail to contemplate that the presence of COVID-19 itself may cause physical damage to property. Whether COVID-19 causes any physical damage is not relevant because there is no requirement in the Property Insurers' policies for physical alteration. Property Insurers' assertion also calls for a legal conclusion, as this issue has been widely contested across jurisdictions.

**PURPORTED FACT 13:** "In contrast, 24 Hour's only designated expert witness—Dr. Carnethon, gives no opinion on whether the COVID virus damages property, and, in her deposition, stated that she did not disagree with anything in Dr. Sauer-Budge's report. Instead, she testified that she 'learned a lot' from Dr. Sauer-Budge's report and found it 'very interesting.'" Mot. at 19.

**OBJECTION 13:** lack of relevance (Fed. R. Evid. 401, 402); misstates testimony; inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403). Dr. Carnethon has a justified opinion that there is a probability that COVID-19 was present and spreading at 24 Hour's insured locations. Property Insurers attempt to portray that Dr. Carnethon has not offered such opinion. Whether Dr. Carnethon "learned" from or found Dr. Sauer-Budge's report "interesting" does not have any tendency to make a fact of consequence more or less probable.

**PURPORTED FACT 14:** "As noted, Dr. Carnethon testified on behalf of 24 Hour that she has not done any work related to the presence of COVID-19 virus in any location and that she has 'no opinion' on whether COVID-19 was, in fact, actually present at any 24 Hour location." Mot. at 23.

**OBJECTION 14:** misstates testimony; inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403). Dr. Carnethon has a justified opinion that there is a probability that COVID-19 was present and spreading at 24 Hour's insured locations. Property Insurers attempt to portray that Dr. Carnethon has not offered such opinion. Further, Dr. Carnethon testified that she had not done a "research study" regarding the presence of COVID-19 in particular locations not that she had done *no work* related to such.

**PURPORTED FACT 15:** "It is undisputed that 24 Hour made no effort to conduct even minimal 'contact tracing' when it received such reports in order to determine if (1) any individual with a COVID-19 infection was actually at a 24 Hour location, or (2) even if that were the case, where such an individual may have been in the building or with whom they may have made contact while there. Information such as this would have been readily available to 24 Hour at the time and was regularly gathered by other businesses." Mot. at 23–24.

**OBJECTION 15:** lack of relevance (Fed. R. Evid. 401, 402); calls for speculation (Fed. R. Evid. 701); misstates testimony; inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403). Property Insurers' assertion that "[i]t is undisputed" is very much disputed by the evidence and testimony that 24 Hour attempted to track cases of COVID-19 in its clubs. Moreover, Property Insurers only speculate that other businesses were conducting contact tracing and that information to perform contact tracing was readily available to 24 Hour. Finally, whether 24 Hour performed contact tracing is not relevant because there is no requirement in the Property Insurers' policies for such actions by the insured.

**EXHIBIT A-10:** Exhibit A to Dr. Sauer-Budge's declaration is her expert report.

**OBJECTION TO EXHIBIT A-10:** Hearsay (Fed. R. Evid. 801). Property Insurers cite to an expert report which is an out-of-court statement offered to prove the truth of the matter asserted. This constitutes inadmissible hearsay.

**EXHIBIT A-8:** Exhibit A to Dr. Stock's declaration is her expert report.

**OBJECTION TO EXHIBIT A-8:** hearsay (Fed. R. Evid. 801). Property Insurers cite to an expert report which is an out-of-court statement offered to prove the truth of the matter asserted. This constitutes inadmissible hearsay.

Dated: January 12, 2024

Respectfully submitted,

**REED SMITH LLP**

*/s/ Mark W. Eckard*
Mark W. Eckard (No. 4542)
1201 North Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500
(302) 778-7575 (Fax)
meckard@reedsmith.com

David E. Weiss (admitted *pro hac vice*)
T. Connor O'Carroll (admitted *pro hac vice*)
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
(415) 543-8700

(415) 391-8269 (Fax)
dweiss@reedsmith.com
cocarroll@reedsmith.com

*Counsel for Plaintiff 24 HOUR FITNESS WORLDWIDE, INC.*