# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| RS FIT NW LLC, ) | |
| ) | Case No. 20-11568 (TMH) |
| Debtor. ) | |
| ) | (Jointly Administered) |
| ) | |
| _____ ) | |
| ) | |
| 24 HOUR FITNESS WORLDWIDE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CONTINENTAL CASUALTY COMPANY; ) | Adv. Pro. No. 20-51051 (TMH) |
| ENDURANCE AMERICAN SPECIALTY ) | |
| INSURANCE COMPANY; STARR SURPLUS ) | |
| LINES INSURANCE COMPANY; ALLIANZ ) | |
| GLOBAL RISKS US INSURANCE COMPANY; ) | |
| LIBERTY MUTUAL INSURANCE COMPANY; ) | |
| BEAZLEY-LLOYD'S SYNDICATES 2623/623; ) | |
| ALLIED WORLD NATIONAL ASSURANCE ) | |
| COMPANY; QBE SPECIALTY INSURANCE ) | |
| COMPANY; and GENERAL SECURITY ) | |
| INDEMNITY COMPANY OF ARIZONA, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO ALLIED WORLD'S STATEMENTS OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT RE ITS POLLUTION POLICY**

David E. Weiss (admitted *pro hac vice*)  
T. Connor O'Carroll (admitted *pro hac vice*)  
REED SMITH LLP  
101 Second Street, Suite 1800  
San Francisco, CA 94105-3659  
Telephone: (415) 543-8700  
E-mail: dweiss@reedsmith.com  
E-mail: cocarroll@reedsmith.com  

Mark W. Eckard (No. 4542)  
REED SMITH LLP  
1201 North Market Street, Suite 1500  
Wilmington, DE 19801  
Telephone: (302) 778-7500  
E-mail: meckard@reedsmith.com  

Counsel for Plaintiff 24 HOUR FITNESS WORLDWIDE, INC.

1

Pursuant to Federal Rule of Civil Procedure 56, made applicable herein by Federal Rule of Bankruptcy Procedure 7056, Plaintiff 24 Hour Fitness Worldwide, Inc. ("Plaintiff" or "24 Hour") hereby submits the following evidentiary objections to Defendant Allied World National Assurance Company's ("Allied World") Statements of Facts in Allied World's Memorandum of Points and Authorities in support of its Motion for Summary Judgment concerning its Pollution Policy.[1] ("Mot.")

**EVIDENTIARY OBJECTIONS**

**PURPORTED FACT 1:** "On March 16, 2020, 24 Hour issued a corporate-wide order to close all of its facilities effective at midnight. (Complaint ¶ 40). The 24 Hour facilities remained closed until 24 Hour was permitted to re-open the facilities by government authorities. (Complaint ¶ 40)." Mot. at 3.

**OBJECTION 1:** inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403). 24 Hour's facilities did not only remain closed until they were "permitted to re-open" by "government authorities." 24 Hour identified several factors, both in its Complaint and in discovery, that impacted its reopening of its facilities.

**PURPORTED FACT 2:** "certain 24 Hour facilities were temporarily re-closed due to orders of local governments requiring the closure of non-essential businesses due to further outbreaks of COVID-19. (Complaint ¶ 34). The facilities that were forced to re-close temporarily due to local governmental orders were again re-opened when the orders were lifted, unless otherwise prohibited to re-open due to 'lease rejection.' (Supp. Appendix at AW0190) (Larson30(b)(6) Dep. 92:4-23)." Mot. at 4.

**OBJECTION 2:** misstates testimony; inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403). 24 Hour's facilities did not only re-close due to "order of local governments" 24 Hour identified several factors, both in its Complaint and in discovery, that impacted its closing

---

[1] "Pollution Policy" refers to Allied World's Pollution Policy No. 0309-1873 for the period from September 3, 2017 to September 3, 2020.

2

of its facilities. Moreover, Allied World misstates Mr. Larson's testimony because Mr. Larson actually testified that he lacked knowledge regarding the re-opening of certain clubs.

**PURPORTED FACT 3:** "The COVID virus does not physically alter the air or surfaces with which it comes into contact." Mot. at 5.

**OBJECTION 3:** lack of relevance (Fed. R. Evid. 401, 402); inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403); misstates testimony; hearsay (Fed. R. Evid. 801); calls for legal conclusion (Fed. R. Evid. 703). Whether the COVID-19 virus alters air or surfaces is not relevant because there is no requirement in the Pollution Policy for physical alteration. Allied World cites to an expert report which is an out-of-court statement offered to prove the truth of the matter asserted. This constitutes inadmissible hearsay. Allied World's assertion is also misleading and misstates testimony because the presence of the virus itself can be a physical alteration. Allied World's assertion also calls for a legal conclusion, as this issue has been widely contested across jurisdictions.

**PURPORTED FACT 4:** "24 Hour has made the conclusory allegations that the presence of individuals who contracted or suffered from COVID-19, coupled with prevalence of the disease in the community, caused physical loss of or damage to 24 Hour's business location and, as a result, its operations were suspended." Mot. at 5.

**OBJECTION 4:** lacks foundation (Fed. R. Evid. 601, 602); inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403); misstates testimony; calls for legal conclusion (Fed. R. Evid. 703); legal argument rather than factual statement. Allied World's statement that 24 Hour has made "conclusory allegations" is a legal argument rather than a factual statement. Further, the presence of COVID-19 at 24 Hours' insured locations includes, but are not solely limited to, "allegations that the presence of individuals who contracted or suffered from COVID-19, coupled with prevalence of the disease in the community."

**PURPORTED FACT 5:** "after an extensive discovery process, 24 Hour has offered no evidence to support [its] allegations. 24 Hour has offered no evidence of a confirmed case of the COVID virus at any 24 Hour facility prior to their closing on March 16, 2020." Mot. at 5.

3

**OBJECTION 5:** lack of relevance (Fed. R. Evid. 401, 402); misstates testimony; inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403); lacks foundation (Fed. R. Evid. 601, 602); calls for legal conclusion (Fed. R. Evid. 703); legal argument rather than factual statement. Allied World also ignores that coverage under the Pollution Policy does not require a "confirmed case" of COVID-19 to trigger coverage, and therefore, such contentions are not relevant.

**PURPORTED FACT 6:** "24 Hour has no evidence of positive COVID-19 tests for any employee, guest or other visitor while on the premises of any 24 Hour facility prior to or throughout the closure period. Moreover, 24 Hour has no evidence of any employee or member with a confirmed COVID-19 infection being present at any 24 Hour location. Nor did 24 Hour conduct any "contact tracing" in response to the few reports they received of possible or suspected exposure of employees or guests to COVID-19." Mot. at 6.

**OBJECTION 6:** lack of relevance (Fed. R. Evid. 401, 402); misstates testimony; inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403); lacks foundation (Fed. R. Evid. 601, 602); calls for legal conclusion (Fed. R. Evid. 703); legal argument rather than factual statement. Allied World also ignores that coverage under the Pollution Policy does not require a "positive COVID-19 tests" or "contract tracing" to trigger coverage, and therefore, such contentions are not relevant.

**PURPORTED FACT 7:** "24 Hour's 30(b)(6) witness with respect to the Pollution Policy, confirmed at his 30(b)(6) deposition that 24 Hour has no evidence that the COVID virus was present at any particular facility at the time of its closure." Mot. at 6.

**OBJECTION 7:** misstates testimony; inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403); lacks foundation (Fed. R. Evid. 601, 602); calls for legal conclusion (Fed. R. Evid. 703). The deponent's testimony speaks for itself and does not reflect that 24 Hour "has no evidence that the COVID virus" was not present at 24 Hour's locations.

**PURPORTED FACT 8:** "Dr. Mercedes R. Carnethon, the sole expert retained by 24 Hour in this case, testified on behalf of 24 Hour that she has not done any work related to the presence

4

of the COVID virus in any location. Dr. Carnethon relied on little more than the aforementioned unsubstantiated "incidents" reported by 24 Hour and in support of her opinion that it was "reasonable" for 24 Hour to "assume" that the COVID virus was present in their facilities." Mot. at 7.

**OBJECTION 8:** misstates testimony; inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403). Dr. Carnethon has a justified opinion that there is a probability that COVID-19 was present and spreading at 24 Hour's insured locations. Allied World attempts to portray that Dr. Carnethon has not offered such opinion. Further, Dr. Carnethon testified that she had not done a "research study" regarding the presence of COVID-19 in particular locations not that she had done *no work* related to such.

**PURPORTED FACT 9:** "Dr. Carnethon specifically testified that she was never asked by 24 Hour to determine whether the COVID virus was present at any of 24 Hour's facilities. She further testified that she had no opinion as to whether the COVID virus was actually present at any of 24 Hour's facilities." Mot. at 7.

**OBJECTION 9:** misstates testimony; inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403). Dr. Carnethon has a justified opinion that there is a probability that COVID-19 was present and spreading at 24 Hour's insured locations. Allied World attempts to portray that Dr. Carnethon has not offered such opinion.

**PURPORTED FACT 10:** "No governmental authority has confirmed the presence of COVID-19 at any 24 Hour facility or issued any orders directly to 24 Hour regarding the operation of its facilities as a result of the COVID outbreak." Mot. at 8.

**OBJECTION 10:** lack of relevance (Fed. R. Evid. 401, 402); inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403); misstates testimony; calls for legal conclusion (Fed. R. Evid. 703). Whether a government authority has confirmed the presence of COVID-19 at 24 Hour's locations is not relevant because there is no requirement in the Pollution Policy requiring such confirmation.

**PURPORTED FACT 11**: "24 Hour has offered no evidence to demonstrate that it undertook any cleaning at any facility to dispose of and/or remove virus from its premises from the time that it closed its facilities on March 16, 2020 until it reopened its facilities beginning in May of 2020. . . 24 Hour undertook no effort to clean or remove virus from its facilities after the national closure on March 16, 2020." Mot. at 9.

**OBJECTION 11:** lacks foundation (Fed. R. Evid. 601, 602); inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403); misstates testimony. Allied World offers no evidence that this deponent speaks on behalf of Plaintiff. Further, the deponent agreed that he was "not aware" and "did not recall" specific efforts to remove or clean COVID-19 from inside the clubs, not that there were *no efforts*.

**PURPORTED FACT 12:** "24 Hour has not produced evidence indicating that any cleaning costs or economic losses during the period necessary to clean or remove the COVID virus from its locations, if any, exceeded $250,000 at any one location during the closure period."

**OBJECTION 12:** lack of relevance (Fed. R. Evid. 401, 402); inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403); misstates testimony; calls for legal conclusion (Fed. R. Evid. 703). 24 Hour's monetary damages are issues reserved for Phase II of this litigation.

**PURPORTED FACT 13:** "24 Hour agreed [at a hearing on September 7, 2021], that to establish a claim for business interruption under the Pollution Policy, 24 Hour must prove the presence of COVID-19 on, at or under a scheduled location." Mot. at 12.

**OBJECTION 13:** inaccurate, misleading, or causing unfair prejudice (Fed. R. Evid. 403). Allied world also misstates testimony because 24 Hour agreed only that a "virus" has to be on, at or under its locations—not just COVID-19. *See* Adv. DE 108, Motion Tr., at pp. 25:22–26:4.

Dated: January 12, 2024                Respectfully submitted,

                                                       **REED SMITH LLP**

                                                       */s/ Mark W. Eckard*
                                                       Mark W. Eckard (No. 4542)
                                                       1201 North Market Street, Suite 1500

Wilmington, DE 19801
(302) 778-7500
(302) 778-7575 (Fax)
meckard@reedsmith.com

David E. Weiss (admitted *pro hac vice*)
T. Connor O'Carroll (admitted *pro hac vice*)
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
(415) 543-8700
(415) 391-8269 (Fax)
dweiss@reedsmith.com
cocarroll@reedsmith.com

*Counsel for Plaintiff 24 HOUR FITNESS WORLDWIDE, INC.*