**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| RS FIT NW LLC, ) | |
| ) | Case No. 20-11568 (TMH) |
| Debtor. ) | |
| ) | (Jointly Administered) |
| _____ ) | |
| ) | |
| 24 HOUR FITNESS WORLDWIDE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CONTINENTAL CASUALTY COMPANY; ) | Adv. Pro. No. 20-51051 (TMH) |
| ENDURANCE AMERICAN SPECIALTY ) | |
| INSURANCE COMPANY; STARR SURPLUS ) | |
| LINES INSURANCE COMPANY; ALLIANZ ) | |
| GLOBAL RISKS US INSURANCE COMPANY; ) | |
| LIBERTY MUTUAL INSURANCE COMPANY; ) | |
| BEAZLEY-LLOYD'S SYNDICATES 2623/623; ) | |
| ALLIED WORLD NATIONAL ASSURANCE ) | |
| COMPANY; QBE SPECIALTY INSURANCE ) | |
| COMPANY; and GENERAL SECURITY ) | |
| INDEMNITY COMPANY OF ARIZONA, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**OBJECTION OF DEFENDANT ALLIED WORLD TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITIONS TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendant Allied World National Assurance Company ("Allied World"), by and through its undersigned counsel, hereby submits this Objection ("Objection")[1] to Plaintiff 24 Hour Fitness

---

[1] This Adversary Proceeding is a non-core proceeding within the meaning of 28 U.S.C. § 157(b). (*See* Adv. D.I. 68). Allied World has not consented to this Court's entry of final judgments in this Adversary Proceeding. (*See* Adv. D.I. 37 at ¶ 15; Adv. D.I. 40 at ¶ 15; Adv. D.I. 43 at ¶ 15; Adv. D.I. 49 at ¶ 15; Adv. D.I. 53 at ¶ 15; and Adv. D.I. 56 at ¶ 15). By filing this Objection, Allied World does not consent to entry of final judgments by this Court in this Adversary Proceeding or otherwise waive any rights with respect to withdrawal of the reference, all of which rights are reserved.

7824747.1

Worldwide, Inc.'s *Request for Judicial Notice in Support of Plaintiff's Oppositions to Defendants' Motion for Summary Judgment* [Adv. D.I. 256] (the "Request for Judicial Notice"). In support of this Objection, Allied World respectfully states as follows:

## ARGUMENT

### A. The Court Should Not Take Judicial Notice of Irrelevant Materials.

1. This Court should not take judicial notice of irrelevant materials. *See, e.g., Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1019 n.5 (9th Cir. 2018) (questioning the relevance of a cited fact and quoting 21B Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure § 5104, at 156 (2d ed. 2005) ("An irrelevant fact could hardly be an 'adjudicative fact' ….")); *see also Al-Hasani v. Sec. of U.S. Dep't of Homeland Security*, 81 F.4th 291, 301 (3d Cir. 2023) (declining to notice judgment irrelevant to the court's decision).

2. Exhibits 135–145, 191 and 192 referred to in the Request for Judicial Notice are irrelevant to the threshold issues of coverage under the Pollution Policy. Consequently, the Court should not take judicial notice of these documents.

3. Exhibits 135–145 are various filings from *JRK Property Holdings, Inc. v. Colony Insurance Co.*, Case No. 21STCV19983, pending in the Superior Court of the State of California in the County of Los Angeles. In support, 24 Hour cites to two cases from the Third Circuit, *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410 (3d Cir. 1999) and *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3d Cir. 1988) for the proposition that "[t]he Third Circuit has found that the record and filings in a court case are all subject to judicial notice." (Amended Req. for Jud. Not. at ¶ 42). Allied World notes that the Third Circuit in *Wah Kwong Shipping* explained, "Specifically, on a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Id.*

2

7824747.1

at 427 (citing, *inter alia*, *Funk v. Commissioner*, 163 F.2d 796, 800–01 (3d Cir. 1947). Allied World does not contest the authenticity of any of the *JRK Property Holdings* pleadings and orders. However, given that 24 Hour fails to cite to any of these pleadings or orders in its Opposition to Allied World's Motion for Summary Judgment on the Pollution Policy, it is wholly unclear how 24 Hour intends to rely upon these documents. Allied World assumes that they are included in the Request for Judicial Notice for the truth of the facts and arguments therein, as opposed to the mere existence of such documents. Accordingly, this Court should not take judicial notice of Exhibits 135–145.

4. This Court should not take judicial notice of Exhibits 191 and 192, each of which are statements purportedly made by Governor Sisolak and Governor Cuomo. First, Allied World notes that 24 Hour has failed to provide the link to the publications in question, forcing Allied World to rely upon screenshots of webpages without identifying links. Second, neither of these statements made are from Delaware Governor John Carey—there is no basis to conclude that this information is known in Delaware, the Court's territorial jurisdiction. Accordingly, this Court should not take judicial notice of these two irrelevant statements.

**B. The Court Should Not Take Judicial Notice of Exhibits 38, 122 and 131-134.**

5. Exhibit 38 is an article from *The Atlantic* titled, "America Isn't Testing for the Most Alarming Coronavirus Cases," published on March 13, 2020. 24 Hour's expert witness, Dr. Carnethon, purports to rely on this article for the first time in the Second Carnethon Declaration to draw conclusions regarding testing capabilities. However, Dr. Carnethon failed to list this article in her expert disclosure. In addition, Allied World submits that this information is not generally known in Delaware, the Court's territorial jurisdiction. *See* Fed. R. Evid. 201(b)(1). Consequently, the Court should not take judicial notice of Exhibit 38.

6. Exhibit 122 is a "visitor traffic data for Long Beach Airport published by *Visit Anaheim*." Request for Jud. Not. at ¶ 3. 24 Hour includes Exhibit 122 within "data gathered by regulated industries (insurance, air travel, and international shipping) and then reported to the public," and further states that it "reflect[s] data and information from public airports' websites reporting information about the number of flights and passengers at those airports." The website does not state the source of its data nor does it state the period of time for which the reported monthly data cited by 24 Hour applies. This is not the sort of source from which judicial notice of statistics should be taken, particularly where the statistics relate to a third party and the source of such statistics is not provided. *See, e.g.*, *Freed v. St. Jude Medical, Inc.*, 2017 WL 4102583, at *2 (D. Del. Sept. 15, 2017) (declining to take judicial notice of a limited warranty where, unlike a government website, there is no information to determine the source of the document and "whether its accuracy 'cannot be reasonably questioned'"). Further, these are not facts that are generally known within the jurisdiction of the trial court located in Delaware.

7. Allied World also objects to the Court taking judicial notice of Exhibit 131. 24 Hour states in the Request for Judicial Notice that Exhibit 131 is "[a] copy of data collected by the National Association of Insurance Commissioners regarding Business Interruption/Businessowner's Policies…" Request for Jud. Not. at ¶ 12. Allied World submits that the information contained therein is not generally known in Delaware. *See* Fed. R. Evid. 201(b)(1). Even if certain information on NAIC's website can reasonably be susceptible to judicial notice, in this particular circumstance, the information provided does not contain the necessary detail to make the proposed Exhibit 131 not subject to reasonable dispute. Further, participation in this NAIC data call appears to have been on a voluntary basis and excluded non-domestic insurers. Allied World submits that there remains a significant question as to the conclusion drawn

by the NAIC and it remains in reasonable dispute. Accordingly, under Fed. R. Evid. 201(b), the Court should not take judicial notice of this exhibit.

8.  Exhibit 132 is an article titled, "Epidemic, Endemic, Pandemic: What are the Differences?" published by Columbia University Mailman School of Public Health on February 19, 2021, which "compil[es] definitions by the CDC and the World Health Organization for Epidemic, Endemic, and Pandemic." Request for Jud. Not. at ¶ 13. Allied World cannot determine whether the information on the Columbia University website is actually quoting the World Health Organization or paraphrasing it, in which case 24 Hour's quote and description of the data is inaccurate. *See, e.g.*, *Balanced Body Univ., LLC v. Zahourek Sys., Inc.*, 2014 WL 66722, at *2 (E.D. Cal. Jan. 7, 2014 ("The court cannot take judicial notice of statements which paraphrase or summarize allegations, as such statements are arguably inaccurate, and therefore, 'subject to reasonable dispute.'") (citations omitted). Judicial notice is not appropriate when the underlying source is not readily available. *See* Fed. R. Evid. 201(b)(2). Furthermore, Allied World submits that this information is not generally known in Delaware, the Court's territorial jurisdiction. *See* Fed. R. Evid. 201(b)(1).

9.  Exhibit 133 appears to be link to a webpage from Worldometers.info. The first active link on the exhibit goes to what appears to have been a tracker of COVID-related information, which tracking was paused in December 2022. Further, the website is maintained by IHME, the Institute for Health Metrics and Evaluation. *See* https://www.healthdata.org/. Judicial notice is not appropriate when the underlying source is not readily available. *See* Fed. R. Evid. 201(b)(2). Furthermore, Allied World submits that this information is not generally known in Delaware. *See* Fed. R. Evid. 201(b)(1).

10. Exhibit 134 is an article titled, "U.S. surgeon general says coronavirus outbreak 'to get bad' this week," written by Susan Heavey on March 23, 2020 at 9:49 a.m. (EDT) and published by Reuters. Allied World objects to the Court taking judicial notice of this article because this exhibit is not referenced or relied upon in the 24 Hour Motion. For the avoidance of doubt, even if relied upon, absent further discovery, Allied World would object to judicial notice to the extent 24 Hour argues that 24 Hour (or its witnesses) specifically relied upon the statements made by the U.S. Surgeon General reflected in this article.

**C. The Court Should Not Take Judicial Notice of Exhibits 29 and 41-119 to the Extent They Are Introduced for the Truth of the Matter Asserted Therein, But May Take Judicial Notice of Those Documents for Other Non-Hearsay, Relevant Purposes.**

11. Exhibits 41–119 are purportedly governmental orders from various counties throughout the States of California, Colorado, Florida, Hawaii, Maryland, New Jersey, Nevada, New York, Oregon, Texas, Utah, Virginia, and Washington issued on various dates in 2020. In her expert disclosure, Dr. Carnethon references a compendium of 2021-2022 executive orders. It would be improper for the Court to take judicial notice of Exhibits 29 and 41–119 to the extent they are introduced for the truth of the statements made therein, as they constitute inadmissible hearsay to the extent used for that purpose. However, as to the issues relating to the Pollution Policy, they may be relevant if used for other purposes, such as to show the prohibitions under the various orders and purported basis of those orders. Consequently, Allied World objects to the request to take judicial notice of these documents to the extent that any party intends to rely on hearsay statements in these documents for the truth of the matter asserted, but not to the extent they are used for other purposes, such as to show the prohibitions in various stay-at-home orders and the purported basis of those orders.

**WHEREFORE**, Allied World respectfully requests that this Court deny 24 Hour's Request for Judicial Notice.

Dated: Wilmington, Delaware
February 12, 2024

| | |
|---|---|
| GELLERT, SCALI, BUSENKELL & BROWN, LLC<br>By:  /s/ Michael Busenkell<br>Michael Busenkell (DE 3933)<br>1201 N. Orange Street, Suite 300<br>Wilmington, Delaware 19801<br>Tel: (302) 425-5812<br>Email:  mbusenkell@gsbblaw.com | OTTERBOURG P.C.<br>Richard G. Haddad (admitted *pro hac vice*)<br>Andrew S. Halpern (admitted *pro hac vice*)<br>230 Park Avenue<br>New York, New York 10169<br>Tel.: (212) 661-9100<br>Email:  rhaddad@otterbourg.com<br>          ahalpern@otterbourg.com |

SELMAN LEICHENGER EDSON HSU NEWMAN MOORE LLP
Elizabeth M. Brockman (admitted *pro hac vice*)
Calvin S. Whang (*pro hac vice* admission pending)
10880 Wilshire Boulevard, Suite 1200
Los Angeles, California 90024
Tel.: (310) 445-0800
ebrockman@selmanlaw.com
cwhang@selmanlaw.com

7824747.1